UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano | : |
| | : |
| v. | :     Civil Action No. 22-cv-00326-LM |
| | : |
| The City of Nashua, et al. | : |
| | : |

## ANSWER OF DEFENDANT MICHAEL CARIGNAN

NOW COMES the Defendant, Michael Carignan and answers the Plaintiff's Complaint in the above captioned matter as follows:

## JURY TRIAL DEMANDED

**I.  Preliminary Statement**

This section is a statement of the case to which no response is required.  Defendant denies all allegations of misconduct.

**II.  The Parties**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted, except that Defendant is uncertain as to Mr. Griffin's current town of residence.

6. Denied.

7. Admitted, except that Defendant is uncertain as to Mr. Bolton's current town of residence.

8. Admitted, except that Defendant is uncertain as to Ms. Leonard's current town of

residence.

9. Defendant admits the allegations of the first sentence of this paragraph. As to the second sentence, Defendant admits that he was Chief of Police through December 31, 2021

10. Admitted.

11. Defendant lacks sufficient information to admit or deny the allegations of ¶11.

12. Defendant lacks sufficient information to admit or deny the allegations of ¶12.

### III. Jurisdiction and Venue

13. This paragraph is a statement of jurisdiction to which no response is required. Defendant does not contest jurisdiction in this matter.

14. This paragraph is a statement of venue to which no response is required. Defendant does not contest venue in this matter.

### IV. Facts Common to All Counts

15-61. Defendant lacks sufficient information to admit or deny the allegations set forth in of these paragraphs. To the extent, if any, that Plaintiff intended to include Defendant in allegations of wrongdoing in these paragraphs, Defendant denies same.

62. Defendant admits that in late June 2019 Plaintiff and another Nashua resident went to the Nashua Police Department and requested that a criminal investigation of the Assessing Department, Greg Turgiss and Kim Kleiner be undertaken. Defendant lacks sufficient information to admit or deny the remaining allegations of ¶62 and therefore denies same.

63. Defendant admits that within days of Plaintiff's June 2019 visit to the police station, he, Capt. Leto, Mayor Donchess and Ms. Kleiner met at City Hall. Defendant denies that the purpose of the meeting was to discuss how to handle Plaintiff's claims, nor was there such a discussion. To the contrary, the Defendant and Capt. Leto merely informed the Mayor and Ms.

Kleiner that the police had received a complaint and that they would be investigating allegations of potential criminal conduct at the Assessing Department. They did not discuss at the meeting or otherwise that Ms. Kleiner was named in the allegations.

Defendant denies that "the Mayor's group determined" that the investigation would proceed, but admits that neither the Mayor nor Ms. Kleiner made any attempt to prevent, obstruct, or deter a full investigation into the allegation. Rather, each expressed their willingness to let the police conduct their investigation as the police saw fit. Defendant lacks sufficient information to admit or deny all further allegations of this paragraph.

64. Defendant denies that "the Mayor's group had immediately decided" that the NPD would commence an investigation of Greg Turgiss and Ms. Kleiner. Rather, as noted above, the meeting was held for the sole purpose of informing the Mayor and Ms. Kleiner that officers would be conducting an investigation in their building which would include interviews with City employees in the Assessing Department. Defendant further denies that NPD personnel told the Plaintiff that her complaint was too vague or that she would have to provide more specific information before they could decide whether to proceed. The Department did, however, continue to receive and review additional information offered by the Plaintiff. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

65-69. Defendant lacks sufficient information to admit or deny the allegations of these paragraphs.

70. Defendant admits that in mid-September, 2019 Detective Frank Lombardi was conducting an investigation into the allegations raised by the Plaintiff. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

71-80. Defendant was not directly involved in Sgt. Lombardi's investigation and therefore lacks sufficient information to admit or deny the allegations contained in paragraphs 71 through 80. Defendant denies the allegation that Ms. Kleiner had organized and implemented a "concerted effort to cause the Nashua PD to become involved in a concerted effort to stifle [her] rights of free speech and petition of the government."

81-83. Defendant lacks sufficient information to admit or deny the specific allegations contained in paragraphs 81-83 but was generally aware that, consistent with NPD practice, Sgt. Lombardi had conveyed to the Plaintiff the desire of certain witnesses not to be contacted by her outside of work.

84. Denied.

85. Defendant admits that the communication by Sgt. Lombardi, while lawful, did not carry any special legal consequence. Defendant lacks sufficient information to admit or deny the further allegations of this paragraph.

86. Defendant denies that Ms. Kleiner refocused the NPD's attention from Greg Turgiss and Ms. Kleiner to the Plaintiff or that Ms. Kleiner had "effectively enlisted" the NPD as a "operative in the concerted effort to deprive [her] of her First Amendment rights." Defendant lacks sufficient to admit of deny the remaining allegations of this paragraph.

87. Defendant lacks sufficient information to admit or deny the allegations of ¶87.

88. Defendant denies that the NPD ever stonewalled Plaintiff's request for records. Defendant admits that the NPD would not (and was not required to) provide documents that relate to an ongoing investigation nor generally predict when an investigation might be concluded. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

4

89.     Defendant lacks sufficient information to admit or deny the allegations of ¶89.

90.     Defendant denies that the NPD report can be construed as an "exoneration" of Greg Turgiss, but admits that the conclusion of the investigation included a finding that there was no evidence that Mr. Turgiss had purposely misrepresented his mileage and may in fact have underrepresented it.  Defendant lacks sufficient information to admit or deny the remaining allegations of paragraph and therefore denies same.

91.     Defendant denies that the NPD report of January 8, 2020 was an "exoneration" of Greg Turgiss as opposed to a finding that there were no grounds to bring criminal charges.  Defendant further denies that the NPD's investigation had been manipulated to focus on the Plaintiff or that Assessing Department employees were not questioned about witness tampering concerns.  Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

92.     Defendant lacks sufficient information to admit or deny the allegations of ¶92.

93.     Defendant lacks sufficient information to admit or deny the allegations of ¶93.

94.     Defendant admits that at some stage the Legal Department became involved with responding to right-to-know requests submitted by the Plaintiff to the NPD.  Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

95-108. Defendant lacks sufficient information to admit or deny the allegations of these paragraphs.  Defendant denies any allegations of personal misconduct.

109.    Based upon Plaintiff's own statements, Defendant admits that Plaintiff sat down in the lobby area on the floor of the Legal Department.  Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefor denies same.

110.    Defendant admits that the NPD were called and responded to the City Hall,

eventually escorting the Plaintiff out the building. Defendant further admits that, although the officers originally considered giving the Plaintiff a no trespass order, they did not do so at that time and were uncertain as to whether they would issue a no trespass order. Defendant lacks sufficient information to admit or deny the remaining allegations of paragraph and therefore denies same.

111. Defendant lacks sufficient information to admit or deny the allegations ¶111.

112. Denied, except that Defendant admits that Plaintiff was arrested on or about February 17, 2021, for misdemeanor trespass.

113. Defendant lacks sufficient information to admit or deny the allegations of ¶113. Defendant denies any personal misconduct, if alleged.

114. Denied as to this Defendant.

115. Defendant lacks sufficient information to admit or deny the allegations of ¶115.

116. Defendant lacks sufficient information to admit or deny the allegations of ¶116

117. Denied as this this Defendant.

118-139. Defendant lacks sufficient information to admit or deny the allegations of these paragraphs. Further answering, Defendant notes that he was not acting in the capacity of Chief of Police in 2022.

**IV [sic]  Causes of Action**

**<u>Count One</u>**

**(42 U.S.C. § 1983 – First Amendment – The Government
Actors' Restrictions, Suppression, and Chilling of
Ortolano's Right to Free Speech**

*Laurie Ortolano
v.
The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin,
Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, &
Frank Lombardi*

140. Defendant repeats the answers set forth in paragraphs 1-139 as if fully set forth herein.

141. This paragraph is a statement of law to which no response is required.

142. Defendant admits that he was a state actor and acting under the color of state law at all relevant times.

143. This paragraph is a statement of law to which no response is required.

144. Denied as to this Defendant.

145. Denied as to this Defendant.

146. Denied as to this Defendant.

147. Denied as to this Defendant.

148. Denied as to this Defendant.

149. Denied as to this Defendant.

## Count Two

**(42 U.S.C. § 1983 – First Amendment – The Government of Actors' Violations Of Ortolano's Right to Petition Government for Redress of Grievances)**

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin, Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, & Frank Lombardi*

150. Defendant repeats the answers set forth in paragraphs 1-149 as if fully set forth herein.

151. This paragraph is a statement of law to which no response is required.

152. This paragraph is a statement of law to which no response is required.

153. Denied as to this Defendant.

154. Denied as to this Defendant.

155. Denied as to this Defendant.

156. Denied as to this Defendant.

## Count Three

**(42 U.S.C. § 1983 – Fourteenth Amendment – The Government of Actors' Violations Of Ortolano's Rights to Substantive Due Process)**

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin, Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, & Frank Lombardi*

157. Defendant repeats the answers set forth in paragraphs 1-156 as if fully set forth herein.

158. This paragraph is a statement of law to which no response is required.

159. Denied as to this Defendant.

160. Denied as to this Defendant.

161. Denied as to this Defendant.

## Count Four

### (42 U.S.C. § 1983 – Fourteenth Amendment – The Government of Actors' Violations Of Ortolano's Rights to Procedural Due Process)

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin, Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, & Frank Lombardi*

162. Defendant repeats the answers set forth in paragraphs 1-161 as if fully set forth herein.

163. Denied as to this Defendant.

164. Denied as to this Defendant.

165. Denied as to this Defendant.

## Count Five

### (Part 1, Article 8 of the New Hampshire Constitution – Right to Access Governmental Proceedings and Records)

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin, Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, & Frank Lombardi*

166. Defendants repeat the answers set forth in paragraphs 1-165 as if fully set forth herein

167. This paragraph is a statement of law to which no response is required.

168. Denied as to this Defendant.

169. Denied as to this Defendant.

170. Denied as to this Defendant.

171. Denied as to this Defendant.

### Count Six

### (Civil Conspiracy)

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin,*
*Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, &*
*Frank Lombardi*

172. Defendant repeats the answers set forth in paragraphs 1-171 as if fully set forth herein.

173. Denied as to this Defendant.

174. Denied as to this Defendant.

175. Denied as to this Defendant.

### Count Seven

### Violation of NH RSA 91-A:3,(c), which Prohibits the Conduct of Public Municipal Sessions in which a Person's Reputation is Adversely Affected

*Laurie Ortolano*
*v.*
*Kleiner*

176.-180. This Count is not brought against this Defendant. Defendant lacks sufficient knowledge to admit or deny the allegations herein except as otherwise stated above.

### Count Eight

### (Defamation)

*Laurie Ortolano*
*v.*
*Kleiner, Inception, & Feoli*

182.-189. This Count is not brought against this Defendant. Defendant lacks sufficient knowledge to admit or deny the allegations herein except as otherwise stated above.

## Count Nine

### (Abuse of Process)

*Laurie Ortolano*
*v.*
*City of Nashua, Bolton, & Leonard*

190.-193. This Count is not brought against this Defendant. Defendant lacks sufficient knowledge to admit or deny the allegations herein except as otherwise stated above.

## Count Ten

### (Intentional Infliction of Emotional Distress)

*Ortolano*
*v.*
*All Defendants*

194. Defendant repeats the answers set forth in paragraphs 1-193 as if fully set forth herein.

195. Denied as to this Defendant.

196. Denied as to this Defendant.

197. Denied as to this Defendant.

198. Denied as to this Defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants is immune from liability on all federal claims pursuant to the doctrine of qualified immunity. *See Harlow v. Fitzgerald*, 475 U.S. 800 (1982).

### SECOND AFFIRMATIVE DEFENSE

Defendants is immune from liability for state law claims, if any, pursuant to Official Immunity. *See Everitt v. General Electric, Co.*, 156 N.H. 202 (2007).

11

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's state law claims are barred by RSA 507-B, and any recovery thereon is limited to the amounts specified therein.

## FOURTH AFFIRMATIVE DEFENSE

The allegations stated in the Complaint fail to sufficiently state a cause of action to which recovery may be had. Although this Affirmative Defense applies to all Counts, Defendant specifically notes that there are insufficient allegations to support Plaintiff's claims of conspiracy and intentional infliction of emotional distress.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's state constitutional claims are brought in the wrong forum and this Court lacks jurisdiction to resolve same.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

Defendant reserves the right to raise any additional defenses available to him based upon any information discovered as this matter progresses toward trial and given reasonable notice to the Plaintiff.

Respectfully submitted,

**MICHAEL CARIGNAN**

By his attorneys

CULLEN COLLIMORE SHIRLEY PLLC

Dated: November 14, 2022  By: /s/ Brian J.S. Cullen
Brian J. S. Cullen (Bar No. 11265)
37 Technology Way, Suite 3W2
Nashua, NH 03060
(603) 881-5500
bcullen@cullencollimore.com

## **CERTIFICATE OF SERVICE**

    I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: November 14, 2022        By: /s/ Brian J.S. Cullen
                                              Brian J.S. Cullen