UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Laurie Ortolano | : | |
| | : | |
| v. | : | Civil Action No. 22-cv-00326-LM |
| | : | |
| The City of Nashua, et al. | : | |

# ANSWER OF DEFENDANT FRANK LOMBARDI

NOW COMES the Defendant, Frank Lombardi and answers the Plaintiff's Complaint in the above captioned matter as follows:

## JURY TRIAL DEMANDED

**I.     Preliminary Statement**

This section is a statement of the case to which no response is required. Defendant denies all allegations of misconduct.

**II.    The Parties**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted, except that Defendant is uncertain as to Mr. Griffin's current town of residence.

6. Denied.

7. Admitted, except that Defendant is uncertain as to Mr. Bolton's current town of residence.

8. Admitted, except that Defendant is uncertain as to Ms. Leonard's current town of

residence.

9. Admitted, except that Defendant is uncertain as to Mr. Carignan's current town of residence. Chief Carignan resigned effective December 31, 2021.

10. Admitted.

11. Defendant lacks sufficient information to admit or deny the allegations of ¶11.

12. Defendant lacks sufficient information to admit or deny the allegations of ¶12.

### III. Jurisdiction and Venue

13. This paragraph is a statement of jurisdiction to which no response is required. Defendant does not contest jurisdiction in this matter.

14. This paragraph is a statement of venue to which no response is required. Defendant does not contest venue in this matter.

### IV. Facts Common to All Counts

15-45. Defendant lacks sufficient information to admit or deny the allegations set forth in paragraphs 15 through 45 of the Complaint, other than that Plaintiff complained about the assessment of her home.

46. Defendant denies that he took any steps to restrict Plaintiff's access to City Hall or prevent her from obtaining documents and information to which she was entitled to under municipal and state law. Defendant admits the allegations in the second and third sentences of this paragraph. Defendant lacks sufficient information to admit or deny any further allegations within this paragraph.

47-61. Defendant lacks sufficient information to admit or deny the allegations set forth in paragraphs 47 through 61, except that Defendant was aware that Attorney Mark Broth had been retained to conduct an investigation into the activities of Greg Turgiss.

62. Defendant admits that in late June 2019 Plaintiff and another Nashua resident went to the Nashua Police Department and requested that a criminal investigation of the Assessing Department, Greg Turgiss and Kim Kleiner be undertaken. Defendant lacks sufficient information to admit or deny the remaining allegations of ¶62 and therefore denies same

63. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, but admit that ultimately he was asked to conduct an investigation into both Mr. Turgiss and Ms. Kleiner as alleged.

64. Defendant lacks sufficient information to admit or deny the allegations of ¶64.

65-69. Defendant lacks sufficient information to admit or deny the allegations set forth in paragraphs 65 through 69 of the Complaint.

70. Defendant admits that in September 2019 he visited the Assessing Department as part of his investigations of Ms. Kleiner and Mr. Turgiss. Defendant further admits that, while there, Louise Brown told him that Lynn Cameron, an Assessing Department clerk, was upset because Plaintiff had approached her in the City Hall parking lot and asked about Ms. Kleiner's instructions on how clerks should deal with the Plaintiff when she visits the Department. Ms. Cameron personally confirmed her concerns and discomfort in a meeting with Defendant, worried that Plaintiff had been waiting for her outside City Hall and had followed her to her car. Indeed, Defendant admits that he did not believe any criminal conduct had occurred during that encounter, but provided Ms. Cameron with alternatives to the pursuit of criminal charges that she could consider, including those listed in his paragraph.

71. Admitted.

72. Defendant admits that Ms. Kleiner conveyed to him that the other employees in the Assessing Department did not want Plaintiff approaching them outside their work, as

3

Plaintiff had done to Ms. Cameron.

73. Defendant admits that he did not ask each member of the Assessing Department individually whether that employee wanted him to issue a warning to the Plaintiff, doing so based on the representations of Ms. Kleiner.  Defendant lacks sufficient information to admit or deny remaining allegations of this paragraph, but denies that he was aware of any "concerted effort to cause the Nashua PD to become involved in the concerted effort to stifle Ortolano's rights of free speech and petitioning government" and denies he was either involved or solicited to become involved with was any such effort.

74. Defendant admits that no Assessing Department employee or anyone else told him that the Plaintiff has physically threatened them or complained that she had made inquiries about their private lives.  Defendant lacks sufficient information to admit or deny whether employees made such complaints to other persons.

75. Defendant admits that Ms. Cameron stated that she was uncomfortable and concerned about Plaintiff's behavior, including because it appeared to her that Plaintiff had waited outside City Hall for Ms. Cameron to leave work before approaching her and following her to her car.  Defendant admits that the statements attributed to him from the deposition are accurate if incomplete excerpts of his testimony.

76. Admitted.

77. Admitted.

78. Defendant has no knowledge as to what Plaintiff may have told Mr. Tozier regarding KRT's performance of its duties, but admits that Mr. Tozier did not discuss that issue with him at the time.  Defendant denies the allegations in the second sentence of this paragraph. Defendant lacks sufficient information to admit or deny the remaining allegations of this

4

paragraph.

79. Defendant lacks sufficient information to admit or deny the allegations of ¶79.

80. The first sentence of this paragraph is a statement of law to which no response is required. Defendant denies the remaining allegations in this paragraph.

81. Defendant admits that on September 22, 2019, he and another officer drove separately to Plaintiff's home (one in a marked cruiser and one in an unmarked car), where they were met by Plaintiff's husband. Defendant admits that Plaintiff's husband stated that the Plaintiff was not at home, at which time they left. Defendant admits that he later met the Plaintiff at the police station, but otherwise lacks sufficient information to admit or deny the allegations in the last sentence of paragraph 81. Defendant denies all further allegations contained in this paragraph.

82. Admitted.

83. Defendant admits that he discussed his warning with the Plaintiff and his action in issuing the warning was lawful and was commonly done when requested in an attempt to de-escalate conflicts and avert confrontations that could become harassing, threatening, or even assaultive. Defendant admits that he explained to Plaintiff that under certain circumstances her contacts with Assessing Department staff could result in criminal charges and that he did not give examples of the circumstances that could do so. Defendant lacks sufficient information to admit or deny what the Plaintiff came to believe as a result of that conversation, but notes that she clearly could have consulted an attorney about her options had she had concerns. Defendant lacks sufficient information to admit or deny the further allegations of this paragraph.

84. Defendant denies the allegations in the first sentence of this paragraph. Defendant lacks sufficient information to admit or deny the further allegations of this paragraph

85. Defendant believes he was clear as to the scope of his warning to the Plaintiff. Defendant admits that the warning in and of itself did not carry specific legal consequences. Defendant admits the second and third sentences of this paragraph.

86. Defendant admits that after advising Plaintiff that the various members of the Assessing Department preferred not to have contact with her outside of their employment, he advised Ms. Kleiner that he had done sone. Defendant denies all further allegations of this paragraph.

87. Defendant denies the allegations contained in the first sentence of his paragraph. Defendant further denies that he brought (or displayed) any bias in the investigation, but admits that he agreed that the Plaintiff would make speculations and insinuate things based on limited information which she would then present as facts. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

88. Defendant admits that Plaintiff requested copies of police reports and interview of the Assessing Department staff related to the investigation of her complaint and that Defendant responded that he could not provide documents while the investigation was ongoing and did not know at the time when it would end. Defendant denies that he or the Department stonewalled such requests. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

89. Admitted.

90. Defendant lacks sufficient information to admit or deny the allegations of the first sentence of this paragraph. Defendant admits that the conclusion of his investigation of Greg Turgiss, he determined that Turgiss may have actually under estimated his mileage on his reimbursement reports. Defendant concluded that because Mr. Turgiss was a salaried employee

sleeping at lunch – even an extended lunch – was not a crime. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

91. Defendant lacks sufficient information to admit or deny the allegations contained in the first two sentences of this paragraph. Defendant denies that his investigation of Mr. Turgiss or Ms. Kleiner had been manipulated to focus on the Plaintiff. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

92. Admitted.

93. Defendant lacks sufficient information to admit or deny the allegations ¶93.

94. Defendant lacks sufficient information to admit or deny the allegations in this paragraph. Further answering, by January 23, 2020 the Defendant had transferred to the Department's Legal Bureau. Defendant does not believe the transcripts of the witness interview had been completed at that time.

95-116. Defendant lacks sufficient information to admit or deny the allegations contained in paragraphs 95 through 116, other than he was aware at some point that the Plaintiff was arrested for trespass.

117. Defendant denies that he was involved in any effort to get the Plaintiff arrested in 2022 or at any other time. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

118-139. Defendant lacks sufficient information to admit or deny the allegations contained in paragraphs 118 through 139 and therefor denies same. Further answering Defendant notes that he was no longer involved in any matters involving the Plaintiff during the events at issue.

**Causes of Action**

### Count One

**(42 U.S.C. § 1983 – First Amendment – The Government Actors' Restrictions, Suppression, and Chilling of Ortolano's Right to Free Speech**

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin, Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, & Frank Lombardi*

140.    Defendant repeats the answers set forth in paragraphs 1-139 as if fully set forth herein.

141.    This paragraph is a statement of law to which no response is required.

142.    Defendant admits that he was a state actor and acting under the color of state law at all relevant times.

143.    This paragraph is a statement of law to which no response is required.

144.    Denied as to this Defendant.

145.    Denied as to this Defendant.

146.    Denied as to this Defendant.

147.    Denied as to this Defendant.

148.    Denied as to this Defendant.

149.    Denied as to this Defendant.

### Count Two

**(42 U.S.C. § 1983 – First Amendment – The Government of Actors' Violations Of Ortolano's Right to Petition Government for Redress of Grievances)**

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin,*

*Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, &*
*Frank Lombardi*

150. Defendant repeats the answers set forth in paragraphs 1-149 as if fully set forth herein.

151. This paragraph is a statement of law to which no response is required.

152. This paragraph is a statement of law to which no response is required.

153. Denied as to this Defendant.

154. Denied as to this Defendant.

155. Denied as to this Defendant.

156. Denied as to this Defendant.

### Count Three

**(42 U.S.C. § 1983 – Fourteenth Amendment – The Government of Actors'**
**Violations Of Ortolano's Rights to Substantive Due Process)**

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin,*
*Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, &*
*Frank Lombardi*

157. Defendant repeats the answers set forth in paragraphs 1-156 as if fully set forth herein.

158. This paragraph is a statement of law to which no response is required.

159. Denied as to this Defendant.

160. Denied as to this Defendant.

161. Denied as to this Defendant.

## Count Four

**(42 U.S.C. § 1983 – Fourteenth Amendment – The Government of Actors' Violations Of Ortolano's Rights to Procedural Due Process)**

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin, Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, & Frank Lombardi*

162. Defendant repeats the answers set forth in paragraphs 1-161 as if fully set forth herein.

163. Denied as to this Defendant.

164. Denied as to this Defendant.

165. Denied as to this Defendant.

## Count Five

**(Part 1, Article 8 of the New Hampshire Constitution – Right to Access Governmental Proceedings and Records)**

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin, Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, & Frank Lombardi*

166. Defendants repeat the answers set forth in paragraphs 1-165 as if fully set forth herein

167. This paragraph is a statement of law to which no response is required.

168. Denied as to this Defendant.

169. Denied as to this Defendant.

170. Denied as to this Defendant.

171. Denied as to this Defendant.

### Count Six

### (Civil Conspiracy)

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin,*
*Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, &*
*Frank Lombardi*

172. Defendant repeats the answers set forth in paragraphs 1-171 as if fully set forth herein.

173. Denied as to this Defendant.

174. Denied as to this Defendant.

175. Denied as to this Defendant.

### Count Seven

### Violation of NH RSA 91-A:3,(c), which Prohibits the Conduct of Public Municipal Sessions in which a Person's Reputation is Adversely Affected

*Laurie Ortolano*
*v.*
*Kleiner*

176.-180. This Count is not brought against this Defendant. Defendant lacks sufficient knowledge to admit or deny the allegations herein except as otherwise stated above

### Count Eight

### (Defamation)

*Laurie Ortolano*
*v.*
*Kleiner, Inception, & Feoli*

181.-189. This Count is not brought against this Defendant. Defendant lacks sufficient knowledge to admit or deny the allegations herein except as otherwise stated above

11

### Count Nine

### (Abuse of Process)

*Laurie Ortolano*
*v.*
*City of Nashua, Bolton, & Leonard*

190.-193. This Count is not brought against this Defendant. Defendant lacks sufficient knowledge to admit or deny the allegations herein except as otherwise stated above.

### Count Ten

### (Intentional Infliction of Emotional Distress)

*Ortolano*
*v.*
*All Defendants*

194. Defendant repeats the answers set forth in paragraphs 1-193 as if fully set forth herein.

195. Denied as to this Defendant.

196. Denied as to this Defendant.

197. Denied as to this Defendant.

198. Denied as to this Defendant.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Individual Defendants are immune from liability on all federal claims pursuant to the doctrine of qualified immunity. *See Harlow v. Fitzgerald*, 475 U.S. 800 (1982).

### SECOND AFFIRMATIVE DEFENSE

The Defendants are immune from liability for state law claims, if any, pursuant to Official Immunity. *See Everitt v. General Electric, Co.*, 156 N.H. 202 (2007).

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's state law claims are barred by RSA 507-B, and any recovery thereon is limited to the amounts specified therein

### FOURTH AFFIRMATIVE DEFENSE

The allegations stated in the Complaint fail to sufficiently state a cause of action to which recovery may be had. This applies to all Counts, although Defendant specifically notes that there are insufficient allegations to support Plaintiff's claims of conspiracy and intentional infliction of emotional distress.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's state constitutional claims are brought in the wrong forum and this Court lacks jurisdiction to resolve same.

Defendant reserves the right to raise any additional defenses available to him based upon any information discovered as this matter progresses toward trial and given reasonable notice to the Plaintiff.

> Respectfully submitted,
>
> **FRANK LOMBARDI**
>
> By his attorneys
>
> CULLEN COLLIMORE SHIRLEY PLLC

Dated: November 14, 2022     By: /s/ Brian J.S. Cullen
                                Brian J. S. Cullen (Bar No. 11265)
                                37 Technology Way, Suite 3W2
                                Nashua, NH  03060
                                (603) 881-5500
                                bcullen@cullencollimore.com

## **CERTIFICATE OF SERVICE**

    I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: November 14, 2022        By: /s/ Brian J.S. Cullen
                                            Brian J.S. Cullen