**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **Laurie Ortolano,** | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:22-cv-00326-LM** |
| | ) | |
| **The City of Nashua,** *et al.*, | ) | |
| *Defendants*. | ) | |
| | ) | |

## ANSWER, DEFENSES AND JURY DEMAND OF KIMBERLY KLEINER

Kleiner Kimberly Kleiner, by and through her undersigned counsel by way of answer to the complaint says:

### I.     Preliminary Statement

The statements in this paragraph are contrary to the provisions of Fed. R. Civ. P. 8, set forth legal conclusions, and no response is required.

### II.     Parties

1.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

2.     The allegations of this paragraph do not pertain to Kleiner and accordingly no response is required.

3.     The allegations of this paragraph do not pertain to Kleiner and accordingly no response is required.

4.     Admitted.

5.     The allegations of this paragraph do not pertain to Kleiner and accordingly no response is required.

6.     The allegations of this paragraph do not pertain to Kleiner and accordingly no response is required.

7.      The allegations of this paragraph do not pertain to Kleiner and accordingly no response is required.

8.      The allegations of this paragraph do not pertain to Kleiner and accordingly no response is required.

9.      The allegations of this paragraph do not pertain to Kleiner and accordingly no response is required.

10.     The allegations of this paragraph do not pertain to Kleiner and accordingly no response is required.

11.     The allegations of this paragraph do not pertain to Kleiner and accordingly no response is required.

12.     The allegations of this paragraph do not pertain to Kleiner and accordingly no response is required.

### III.     Jurisdiction and Venue

13.      The allegations of this paragraph are a conclusion of law and no response is required.

14.      The allegations of this paragraph are a conclusion of law and no response is required.

### IV.     Facts Common to All Counts

15.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

16.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

17.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

18.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

19.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

20.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

21.     Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

22.     Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

23.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

24.     Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

25.     Except to state that her presence at a public meeting would be noted in the record, Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

26.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

27.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

28.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

29.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

30.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

31.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

32.     Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

33.     Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

34.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

35.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

36.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

37.     With regard to the first sentence, admit in part denied in part. Kleiner admits there was a meeting of the Board of Aldermen held on April 30, 2019, for which there is a video which video speaks for itself. See https://www.youtube.com/watch?v=ic1SYR3lEJs .  At the meeting, while describing the ongoing review of assessment policies of the City as a result of a management audit, and answering questions from various Board members, Kleiner referred to and held up, the current binder of City policies, along with other materials the City was in the process of reviewing.  Kleiner denies any allegations in the second sentence that may be construed to pertain to her. Kleiner lacks knowledge as to the remainder of the allegations of this paragraph and therefore denies same.

38.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

39.     Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

40.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

41.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

42.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

43.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

44.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

45.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

46.     Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

47.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

48.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

49.     Admit in part; deny in part. Kleiner admits that she and CFO Griffin conducted an investigation of the performance of the Assessing Department. Kleiner admits at the time she was the Mayor's Chief of Staff. Kleiner and Griffin presented the findings of their report to the Aldermen. Kleiner denies the allegation that she and the Mayor presented the findings. Kleiner denies that there was a discussion at that meeting where the results of the investigation were presented, about the elimination of the position of Chief assessor. Kleiner denies the allegations that she single-handedly reorganized the Assessing Department. Kleiner admits that as a result of the report, the position of Chief Assessor was ultimately eliminated and the Assessing Department reorganized. Subsequently the BOA confirmed the Mayor's appointment of Kleiner to the position of Administrative Services Director and her duties included overseeing the Assessing Department. Kleiner denies the remainder of the allegations of this paragraph.

50.     Kleiner admits the allegations of the first sentence.  Kleiner denies the allegations of the last sentence.

51.     Kleiner denies the allegations of the first, second, fourth sentences of this paragraph. Kleiner admits in part and denies in part the allegations of the third and fifth sentences. By way of further response that clerks were permitted to answer some questions, however, Kleiner did not want clerks to answer questions about values set by the assessors. When staff inquired what they should do if they could not answer a question, they were told to bring their questions to either Kleiner or John Griffin. Kleiner admits the allegations of the sixth sentence. Kleiner admits that there were weekly staff meetings. The remainder of the allegations of this paragraph are denied.

52.     Kleiner admits in part and denies in part the allegations of this paragraph. Kleiner admits there were regular staff meetings, usually weekly. Kleiner denies she instructed anyone not to speak to Plaintiff. Kleiner admits that she asked that questions be written out so they could be answered in writing. Kleiner admits Mike, Gary and Greg were the three assessors in the Department who performed residential assessments, and that Doug Dame exclusively performed commercial assessments. Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations of this paragraph and therefore denies same.

53.     Kleiner denies the allegations of the first sentence as alleged against her. Kleiner lacks knowledge sufficient to admit or deny the allegations of the second sentence and therefore denies same. Kleiner admits the allegations of the third sentence which refers to her education, training or background, but lacks knowledge as to the remainder of the allegations and therefore denies same.

54.     Kleiner denies the allegations of the first sentence of this paragraph. Kleiner admits in part and denies in part the allegations of the second sentence of this paragraph. The staff complained they could not get their core work done so if requests were made for multiple documents not immediately accessible, Kleiner allowed them to take up to five days to fill the request. The last sentence of this paragraph is a statement of law for which no response is required.

55.     Kleiner admits the allegations of the first sentence of this paragraph and further states that this process was applicable to all requestors, not limited to Plaintiff.  Kleiner admits the allegations of the second sentence of this paragraph and further adds that if requests were made for multiple documents not immediately accessible, they would take up to five days

to fill the request, to minimize the disruption to the staff's ability to do their work. The allegations of the third sentence of this paragraph are a statement of law for which no response is required. Kleiner denies the allegations of the fourth sentence of this paragraph.

56.    Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

57.    Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

58.    Kleiner denies the allegations of the first sentence of this paragraph. Kleiner admits only that the area was redesigned due to Covid concerns and otherwise denies the allegations of the second sentence of this paragraph. Kleiner denies the allegations of restrictive policies and denies the allegation that citizens were in any way restricted as alleged in the last sentence of this paragraph. With regard to the remainder of the last sentence, the allegations are a statement of law for which no response is required.

59.    Kleiner denies the allegations of the first, second, fifth, sixth and seventh sentences of this paragraph. Kleiner denies the allegations of the third sentence as it is phrased. The meeting referenced was a round table discussion of a variety of topics, including how to make sure that specific questions regarding assessment were directed to the assessors so they could discuss the questions at the weekly meetings. Kleiner admits the allegations of the fourth sentence of this paragraph.

60.    Kleiner lacks knowledge sufficient to admit or deny the allegations of the first sentence and therefore denies same.  Kleiner admits the allegations of the second sentence of this paragraph. Kleiner lacks knowledge sufficient to admit or deny the allegations of the third, fourth and fifth sentences this paragraph and therefore denies same.

61.   Kleiner lacks knowledge sufficient to admit or deny the allegations of the first sentence
      and therefore denies same. Kleiner denies the allegations of the second sentence. Kleiner
      admits she told a story to her staff about her experience in a prior employment setting and
      her belief that her actions adversely impacted her career. Kleiner denies the allegations of
      the third sentence.  Kleiner lacks knowledge sufficient to admit or deny the allegations of
      the fourth sentence and therefore denies same.

62.   Except to deny that she attempted to cover for Greg Turgiss's job performance, and deny
      that she engaged in any witness tampering, and admit there was a request made to the
      Nashua P.D. to conduct an investigation, Kleiner lacks knowledge sufficient to admit or
      deny the remainder of the allegations of this paragraph and therefore denies same. By
      way of further answer, during the above-referenced investigation by the Nashua P.D.,
      upon information and belief, Cheryl Walley recanted her recall of the "story-telling" by
      Kleiner, and admitted she may have gotten the "story" wrong.

63.   Kleiner admits that within days of Plaintiff's June 2019 visit to the police station, she,
      Chief Carignan, Capt. Lehto, and Mayor Donchess met.  Kleiner denies the purpose of
      the meeting was to discuss how to handle Plaintiff's claims nor was there any such
      discussion. Kleiner denies that there was any discussion that she, Kleiner, was named in
      any allegations or complaint. By way of further answer, the meeting lasted approximately
      15 minutes during which Capt. Lehto informed the group that the police department
      received a complaint and the police department was going to conduct an investigation
      regarding allegations of potential criminal conduct at the Assessing Department, and
      needed access to files.

64.     Kleiner denies the allegations of this paragraph to the extent directed against her; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations of this paragraph and therefore denies same.

65.     Kleiner denies the allegations of this paragraph to the extent directed against her; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations of this paragraph, and therefore denies same.

66.     Kleiner denies the allegations of the first sentence of this paragraph. Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations of this paragraph, and therefore denies same.

67.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

68.     The statements in this paragraph purport to be Plaintiff's analysis of a court order and accordingly no response is required. Kleiner lacks knowledge sufficient to admit or deny the remainder and therefore denies same.

69.     The statements in this paragraph purporting to be Plaintiff's analysis of court order(s), are statements of her opinion on the law, not compliant with Fed. R. Civ. P. 8 , and accordingly no response is required.

70.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

71.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

72.     Kleiner lacks knowledge sufficient to admit or deny as phrased and therefore denies same. By way of further response, Kleiner recalls that one of the staff in the Assessing Dept., Ms. Cameron, told Kleiner that she, Cameron, was confronted by Plaintiff in the parking lot as she was returning to work from lunch.  Cameron believed that Plaintiff had been waiting for Cameron in the parking lot.  Cameron was very upset by this, in tears.

Cameron relayed this information to Det. Lombardi. Kleiner understood that Det. Lombardi offered to tell Plaintiff not to have contact with Cameron outside of the department. Upon learning this, and because other staff (except Cheryl Walley) had expressed to Kleiner that they wanted to limit contact with Plaintiff, Kleiner asked Det. Lombardi if he could relay the same/similar message to Plaintiff not to have contact with other staff outside of work.

73. Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

74. Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

75. Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

76. Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

77. Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

78. Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

79. Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

80. Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

81. Kleiner denies the allegations against her made in the first sentence and lacks knowledge sufficient to admit or deny the remainder and therefore denies same.  Kleiner lacks knowledge sufficient to admit or deny the allegations of the remainder of the sentences, and therefore denies same.

82. Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

83. Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

84.     Kleiner lacks knowledge sufficient to admit or deny the allegations of the first and third sentences of this paragraph and therefore denies same. Kleiner denies the allegations of the second sentence of this paragraph.

85.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

86.     Kleiner admits that Det. Lombardi told Kleiner that he advised Plaintiff that various staff in the Assessing Department preferred not to have contact with her outside of their employment. Kleiner denies the remainder of the allegations of this paragraph.

87.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

88.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

89.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

90.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

91.     Kleiner denies any allegation in this paragraph that she manipulated anything at any time or that she participated in any tampering of any witness. Kleiner admits that Plaintiff posted about the investigation on Facebook and that Kleiner's husband posted his opinion regarding that post. Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

92.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

93.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

94.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

95.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

96.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

97.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

98.     Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

99.    Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

100.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

101.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

102.   Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

103.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

104.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

105.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

106.   Except to admit that the office was closed during the period of renovations, Kleiner denies the remainder of the allegations of this paragraph that are directed at her. By way of further response, during this time frame, the requests mentioned were going directly to the Chief Assessor, not to Kleiner.

107.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

108.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

109.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

110.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

111.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

112.   Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

113.   Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

114.    Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

115.    Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

116.    The statement in this paragraph does not require a response.

117.    Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

118.    Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

119.    Kleiner admits the first sentence of this paragraph but further answers by stating that when she saw Plaintiff, Plaintiff was screaming at the Chair. Kleiner denies the allegations of the second sentence and responds that she, Kleiner, approached Plaintiff and informed her that she, Plaintiff could not go down to the Assessing Department and scream at assessing staff. Kleiner denies she made any threats to call the police. Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

120.    The statements in this paragraph do not require a response.

121.    Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

122.    Except to admit there was a meeting held on February 8, 2022, and that Kleiner was present at same, Kleiner denies the allegations made against her in this paragraph. The allegations regarding RSA 91-A are a conclusion of law for which no response is required.  Kleiner lacks knowledge sufficient to admit or deny what Counsel Bolton did or did not do and therefore denies the allegation referable to same.

123.   Kleiner denies the allegations directed at her in this paragraph. By way of further answer, Kleiner states that it was expected that Chief Assessor Vincent would directly respond to Ortolano. Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

124.   The statements in this paragraph are not directed at Kleiner and therefore do not require a response.

125.   The statements in this paragraph are not directed at Kleiner and therefore do not require a response.

126.   Admitted in part; denied in part. Kleiner admits that on the date referenced, while out of town in Vermont, she was contacted by her staff who informed her that Plaintiff had an appointment at City Hall, and the staff were afraid of an altercation because they did not have the information requested by Plaintiff. Therefore Kleiner contacted the Chief. The Deputy Chief called Kleiner back and she relayed to him what her staff told her in addition to the fact that previously Plaintiff sent emails to Tim Cummings, Director of Economic Development, that were highly critical of him. Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same

127.   Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

128.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

129.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

130.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

131.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

132.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

133.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

134.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

135.   Except to admit the email referenced looks familiar to Kleiner, Kleiner states she was still away in Vermont at the time and did not respond to the email, Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

136.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

137.   Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

138.   Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

139.   Denied as to the allegations against Kleiner; Kleiner lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

## IV. [sic] Causes of Action

### Count One

**(42 U.S.C. § 1983 – First Amendment – The Government
Actors' Restrictions, Suppression, and Chilling of
Ortolano's Right to Free Speech**

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin,
Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, &
Frank Lombardi*

140.    Kleiner repeats and reincorporates her prior responses as though set forth at length herein.

141.   The statements in this paragraph are a statement of law for which no response is required.

142.    Except to admit Kleiner was employed by the City, the remainder of the allegations in this paragraph are conclusions of law for which no response is required.

143.    The allegations of this paragraph are conclusions of law for which no response is required.

144.    Denied as to Kleiner.

145.    Denied as to Kleiner.

146.    Denied as to Kleiner.

147.    Denied as to Kleiner.

148.    Denied as to Kleiner.

149.    Denied as to Kleiner.

WHEREFORE Kleiner demands dismissal of this count with interest and costs thereon.


### Count Two

**(42 U.S.C. § 1983 – First Amendment – The Government of Actors' Violations Of Ortolano's Right to Petition Government for Redress of Grievances)**

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin, Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, & Frank Lombardi*

150.    Kleiner repeats and reincorporates her prior responses as though set forth at length herein.

151.    The statements in this paragraph are statements of law for which no response is required.

152.    The statements in this paragraph are statements of law for which no response is required.

153.    Denied as to Kleiner.

154.    Denied as to Kleiner.

155.    Denied as to Kleiner.

156.    Denied as to Kleiner.

WHEREFORE Kleiner demands dismissal of this count with interest and costs thereon.

## Count Three

### (42 U.S.C. § 1983 – Fourteenth Amendment – The Government of Actors' Violations Of Ortolano's Rights to Substantive Due Process)

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin, Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, & Frank Lombardi*

157.    Kleiner repeats and reincorporates her prior responses as though set forth at length herein.

158.    The statements in this paragraph are statements of law for which no response is required.

159.    Denied as to Kleiner.

160.    Denied as to Kleiner.

161.    Denied as to Kleiner.

WHEREFORE Kleiner demands dismissal of this count with interest and costs thereon.

## Count Four

### (42 U.S.C. § 1983 – Fourteenth Amendment – The Government of Actors' Violations Of Ortolano's Rights to Procedural Due Process)

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin, Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, & Frank Lombardi*

162.    Kleiner repeats and reincorporates her prior responses as though set forth at length herein.

163.    The statements in this paragraph are statements of law for which no response is required.

164.    Denied as to Kleiner.

165.    Denied as to Kleiner.

WHEREFORE Kleiner demands dismissal of this count with interest and costs thereon.

## Count Five

### (Part 1, Article 8 of the New Hampshire Constitution – Right to Access Governmental Proceedings and Records)

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin, Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, & Frank Lombardi*

166.   Kleiner repeats and reincorporates her prior responses as though set forth at length herein.

167.   The statements in this paragraph are statements of law for which no response is required.

168.   Denied as to Kleiner.

169.   Denied as to Kleiner.

170.   Denied as to Kleiner.

171.   Denied as to Kleiner.

WHEREFORE Kleiner demands dismissal of this count with interest and costs thereon.

## Count Six

### (Civil Conspiracy)

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin, Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, & Frank Lombardi*

172.   Kleiner repeats and reincorporates her prior responses as though set forth at length herein.

173.   Denied as to Kleiner.

174.   Denied as to Kleiner.

175.   Denied as to Kleiner.

WHEREFORE Kleiner demands dismissal of this count with interest and costs thereon.

## Count Seven

### Violation of NH RSA 91-A:3,(c), which Prohibits the Conduct of Public Municipal Sessions in which a Person's Reputation is Adversely Affected

### *Laurie Ortolano*
### *v.*
### *Kleiner*

176.   Kleiner repeats and reincorporates her prior responses as though set forth at length herein.

177.   The statements of this paragraph are conclusions of law for which no response is required.

178.   Denied.

179.   The allegations of this paragraph purporting to interpret what is or isn't a violation of law, are conclusions of law for which no response is required. Kleiner denies the remainder of the allegations of this paragraph.

180.   Denied.

WHEREFORE Kleiner demands dismissal of this count with interest and costs thereon.

## Count Eight

### (Defamation)

### *Laurie Ortolano*
### *v.*
### *Kleiner, Inception, & Feoli*

181.   Kleiner repeats and reincorporates her prior responses as though set forth at length herein.

182.    Except to admit that Kleiner learned from Feoli that he received a call or calls from

Ortolano, Kleiner lacks knowledge sufficient to admit or deny the remainder and

therefore denies same.

183.    Kleiner lacks knowledge sufficient to admit or deny the remainder and therefore denies

same.

184.    Kleiner lacks knowledge sufficient to admit or deny and therefore denies same.

185.    Except to admit Kleiner knew that Plaintiff was not employed by the City, Kleiner lacks

knowledge sufficient to admit or deny the remainder of the allegations and therefore

denies same.

186.    Denied.

187.    Denied as to Kleiner.

188.    Denied as to Kleiner.

189.    Denied as to Kleiner.

WHEREFORE Kleiner demands dismissal of this count with interest and costs thereon.

## Count Nine

### (Abuse of Process)

### *Laurie Ortolano*
### *v.*
### *City of Nashua, Bolton, & Leonard*

190.    Kleiner repeats and reincorporates her prior responses as though set forth at length herein.

191.    The allegations of this paragraph do not pertain to Kleiner. Kleiner lacks sufficient

knowledge to admit or deny the allegations herein except as otherwise stated above.

192.    The allegations of this paragraph do not pertain to Kleiner. Kleiner lacks sufficient

knowledge to admit or deny the allegations herein except as otherwise stated above.

193.    The allegations of this paragraph do not pertain to Kleiner. Kleiner lacks sufficient

knowledge to admit or deny the allegations herein except as otherwise stated above.

**Count Ten**

**(Intentional Infliction of Emotional Distress)**

*Ortolano*
*v.*
*All Defendants*

194.    Kleiner repeats and reincorporates her prior responses as though set forth at length herein.

195.    Denied as to Kleiner.

196.    Denied as to Kleiner.

197.    Denied as to Kleiner.

198.    Denied as to Kleiner.

WHEREFORE Kleiner demands dismissal of this count with interest and costs thereon.

**DEFENSES**

1.    The Defendant denies all claims of liability and damages.

2.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3.    The actions and/or statements of Defendant did not defame plaintiff and were at all times

truthful.

4.    All statements made by Defendant were made in the course and scope of her duties.

5.    Plaintiff's claims are barred in whole or in part by municipal immunity, official

immunity, discretionary function immunity, qualified immunity, and by RSA 507-B.

6.    RSA 507-B bars/limits recovery to amounts specified within that statute.

7.    Plaintiffs suffered no damages as a result of any actions by the Defendant.

8. Plaintiff has failed to mitigate her damages, if any.

9. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

10. Plaintiff's state constitutional claims are brought in the wrong forum and this Court lacks jurisdiction to resolve same.

11. Defendant incorporates the affirmative defense asserted by every other defendant in this case.

Defendant reserves the right to raise any additional defenses available to him based upon any information discovered as this matter progresses toward trial and given reasonable notice to the Plaintiff.

## JURY DEMAND

Defendant demands a jury trial on all issues so triable.

Respectfully submitted,

Kimberly Kleiner

by her Attorneys,
FRIEDMAN FEENEY, PLLC

Date:  November 15, 2022          By:      */s/ Dona Feeney*
                                         Dona Feeney, Esq. (NH Bar No. 12854)
                                         95 North State Street, Suite 5
                                         Concord, NH 03301
                                         dfeeney@friedmanfeeney.com
                                         (603) 783-5105

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically served to all counsel of record through the ECF system.

Date:  November 15, 2022                    By:  _*/s/ Dona Feeney*_____
                                                  Dona Feeney, Esq.