# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,** ) | |
| *Plaintiff,* ) | |
| ) | |
| **v.** ) | **Civil Action No. 1:22-cv-00326-LM** |
| ) | |
| **The City of Nashua,** *et al.,* ) | |
| *Defendants.* ) | |
| ) | |

## MAYOR JAMES DONCHESS'S ANSWER TO VERIFIED COMPLAINT AND JURY TRIAL DEMAND

Defendant James Donchess, Mayor of the City of Nashua, New Hampshire ("Defendant"), by counsel and pursuant to Rule 8 of the Federal Rules of Civil Procedure ("FRCP"), respectfully submits as follows:

### I.    Preliminary Statement (No Response Expected).

To the extent that these paragraphs set forth legal conclusions, no response is required. To the extent that a response is required, Defendant denies all allegations contained in these paragraphs.

### II.    The Parties.

1. Admitted.

2. Admitted except that whether the City of Nashua has the capacity to be sued is a legal conclusion to which no response is required. To the extent that a response is required, Defendant lacks sufficient knowledge or information as to whether the City of Nashua has the capacity to be sued and, therefore, denies the same.

3. Admitted.

4. Defendant admits that Ms. Kleiner previously worked as the Mayor's Chief of Staff and Administrative Services Director of the City of Nashua. Defendant lacks sufficient

knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

5.  Admitted.

6.  Defendant admits that Mr. Duhamel previously worked as the Chief Assessor of the Assessing Department of the City of Nashua until approximately March 2019.  Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

7.  Defendant admits that Attorney Bolton works as the Corporation Counsel of the City of Nashua.  Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

8.  Defendant admits that Attorney Leonard works as the Deputy Corporation Counsel of the City of Nashua.  Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

9.  Defendant admits that Chief Carignan previously worked as the Chief of Police of the City of Nashua.  Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

10. Defendant admits that Sergeant Lombardi works as a Sergeant of the City of Nashua Police Department.  Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

11. Defendant admits that Inception Technologies, Inc. has contracted with the City of Nashua.  The contract referenced in this paragraph speaks for itself.  Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

12. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

### III.     Jurisdiction and Venue.

13. This paragraph contains a legal conclusion to which no response is required.

14. This paragraph contains a legal conclusion to which no response is required.

### IV.     Facts Common to All Counts.

15. to 18. The allegations in these paragraphs do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in these paragraphs and, therefore, denies the same.

19. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

20. to 23. The allegations in these paragraphs do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in these paragraphs and, therefore, denies the same.

24. Defendant denies taking "offense to comments critical" of job performances.  The emails referenced in this paragraph speak for themselves.  Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

25. Defendant admits Ms. Ortolano criticized the Assessing Department and that she attended various Board of Alderman meetings at which she expressed her criticisms.  Defendant lacks knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

26. Defendant generally denies the allegations in this paragraph except that Defendant admits that Ms. Ortolano attended "coffees with the Mayor" and they had various interactions.

Defendant avers that it would inappropriate for him to intervene in the assessing process for any specific resident. Defendant further avers that Ms. Ortolano's prior assessment occurred before he became Mayor.

27. Defendant admits that Ms. Ortolano continued to speak publicly. Defendant denies that he told Ms. Ortolano that she was wasting the City's time. Defendant avers that the CFO's time was being used by Ms. Ortolano even before she may have met him. Defendant denies that he stopped fielding questions from the public.

28. Defendant admits that Ms. Ortolano examined his residential property card. Defendant denies any impropriety related to any permit or that his assessment was inappropriate or wrong or embarrassing. Defendant avers that the work and the building permit predated his time as Mayor and that others were responsible for opening and closing the permit, and does not know if they closed the permit, but Defendant admits significant work was done on his house.

29. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

30. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

31. Defendant admits that he may have received a letter from Ms. Ortolano and that Defendant's wife responded. Defendant avers that the assessment occurred before he became Mayor, and denies any impropriety of the assessment of his home. Defendant admits that Ms. Ortolano publicly criticized him.

32. to 38. The allegations in these paragraphs do not mention Defendant. To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the

allegations in these paragraphs and, therefore, denies the same.

39. As to the first sentence in this paragraph, denied.  Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

40. to 45. Defendant lacks sufficient knowledge or information regarding the allegations in these paragraphs and, therefore, denies the same, except for quotations cited in the Court Order.

46. The allegations in these paragraphs do not mention Defendant.  To the extent a response is required, Defendant avers that he did not limit Ms. Ortolano's access to City Hall. Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

47. to 48. The allegations in these paragraphs do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the other allegations in these paragraphs and, therefore, denies the same.

49. Defendant admits the first sentence of this paragraph.  Defendant admits that Ms. Kleiner became the Director of Administrative Services and her duties included overseeing the Assessing Department, following approval by the Board of Aldermen.

50. to 59. The allegations in these paragraphs do not mention Defendant.  Defendant avers that the redesign was mandated by COVID-19.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the other allegations in these paragraphs and, therefore, denies the same.

60. Defendant admits that Attorney Broth performed an investigation.  Defendant avers that the redesign was mandated by COVID-19.  The other allegations in these paragraphs do not

mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the other allegations in these paragraphs and, therefore, denies the same.

61 to 62. The allegations in these paragraphs do not mention Defendant.  Defendant avers that the redesign was mandated by COVID-19.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the other allegations in these paragraphs and, therefore, denies the same.

63. Defendant admits that the police department notified him of its investigation.  Defendant denies any direction of or interference with the investigation.  Defendant otherwise denies the allegations in this paragraph.

64. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

65. to 78. The allegations in these paragraphs do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in these paragraphs and, therefore, denies the same.  Further, defendants in this case attempted to respond to numerous requests made by Ms. Ortolano.

79. Defendant admits that no lawsuit was filed against KRT.  Defendant denies the other allegations in this paragraph.

80. Denied.

81. to 89. The allegations in these paragraphs do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in these paragraphs and, therefore, denies the same.

90. Defendant admits that Attorney Broth issued a report.  The report referenced in this

paragraph speaks for itself.

91. to 96. The allegations in these paragraphs do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in these paragraphs and, therefore, denies the same.

97. Defendant admits that Ms. Ortolano continued to be publicly vocal.  Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

98. The allegations in this paragraph do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

99. As to the first four sentences of this paragraph, Defendant admits that he publicly discussed the volume of Right to Know requests and described the burden those requests presented to the City.  Defendant denies naming Ms. Ortolano publicly related to the volume of her Right to Know requests.  As to the remainder of the allegations in this paragraph, Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

100.  Defendant denies the allegations in the first sentence.  Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

101. The allegations in this paragraph are vague and ambiguous.  Defendant denies that there were undue delays in responding to the Right to Know requests.

102. Defendant admits Ms. Ortolano made multiple requests for the same information and that some City employees quit their jobs.  Otherwise, denied.

103. Defendant denies the allegations in the first sentence of this paragraph. Defendant admits the second and third sentences of this paragraph. Defendant denies the fourth sentence of this paragraph. Defendant denies the last sentence of this paragraph, and any avers that the total number of requests by Ms. Ortolano included those present on the list cited by this paragraph and other requests by Ms. Ortolano that were not included on the list.

104. to 113. The allegations in these paragraphs do not mention Defendant. To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in these paragraphs and, therefore, denies the same.

114. To the extent that this paragraph contains allegations against Defendant, denied.

115. The allegations in this paragraph do not mention Defendant. To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

116. Defendant admits that the Court issued a decision against the City but denies Plaintiff's characterization of that decision. Otherwise, denied.

117. Defendant denies the allegations in the first sentence. Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

118. The allegations in these paragraphs do not mention Defendant. To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in these paragraphs and, therefore, denies the same.

119. Defendant denies the allegations in this paragraph, except that Defendant admits that he is aware that Ms. Ortolano yelled at "Jen."

120. Admitted.

121. Defendant admits that Inception Technologies, Inc. has contracted with the City of Nashua.  The contract referenced by this paragraph speaks for itself.  Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

122. to 123. The allegations in these paragraphs do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in these paragraphs and, therefore, denies the same.

124. to 125. Defendant admits that the Superior Court issued Orders involving the City and Ms. Ortolano.  The Orders referenced by this paragraph speak for themselves.

126. The allegations in this paragraph do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

127. Defendant admits that Ms. Ortolano issued public comments related to Mr. Cummings. The video of the meeting referenced in this paragraph speaks for itself and Defendant denies Ms. Ortolano's characterization of the exchange.  Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same. Defendant avers that this exchange took place on July 20, 2022.

128. Defendant admits that he made comments about Ms. Ortolano's comments.  The video of the meeting referenced in this paragraph speaks for itself and Defendant denies Ms. Ortolano's characterization of the exchange.  Defendant avers that this exchange took place on July 20, 2022.

129. Defendant admits that Ms. Ortolano continued her public comments.  Defendant admits that he advised Ms. Ortolano consistent with the public comment rules.  The video of the

meeting referenced in this paragraph speaks for itself and Defendant denies Ms. Ortolano's characterization of the exchange.  Defendant avers that this exchange took place on July 20, 2022, and further states that Ms. Ortolano took the opportunity to speak again at the end of the meeting.

130. to 135. The allegations in this paragraph do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in these paragraphs and, therefore, denies the same.

136. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

137. The allegations in this paragraph do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

138. Defendant admits that Ms. Ortolano continued making public comments.  Defendant admits that he advised Ms. Ortolano consistent with the public comment rules.  The video of the meeting referenced in this paragraph speaks for itself and Defendant denies Ms. Ortolano's characterization of the exchange.  Defendant denies the other allegations in this paragraph.

139. To the extent that this paragraph contains allegations against Defendant, denied.

**IV. Causes of Action**

**Count One**

140. Defendant incorporates the foregoing paragraphs by reference.

141. The allegations in this paragraph contain legal conclusions to which no response is required.

142. The allegations in this paragraph contain legal conclusions to which no response is required.  Defendant admits that he was a City employee.  Defendant denies Ms. Ortolano's rights were violated.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

## Count Two

150. Defendant incorporates the foregoing paragraphs by reference.

151. The allegations in this paragraph contain legal conclusions to which no response is required.

152. The allegations in this paragraph contain legal conclusions to which no response is required.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

## Count Three

157. Defendant incorporates the forgoing paragraphs by reference.

158. The allegations in this paragraph contain legal conclusions to which no response is

required.

159. Denied.

160. Denied.

161. Denied.

### Count Four

162. Defendant incorporates the foregoing paragraphs by reference.

163. Denied.

164. Denied.

165. Denied.

### Count Five

166. Defendant incorporates the foregoing paragraphs by reference.

167. The allegations in this paragraph contain legal conclusions to which no response is required.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

### Count Six

172. Defendant incorporates the foregoing paragraphs by reference.

173. Denied.

174. Denied.

175. Denied.

### Count Seven

This count is not asserted against Defendant.  To the extent a response is required to paragraphs 176 to 180, Defendant lacks sufficient knowledge or information regarding the allegations and, therefore, denies the same.

### Count Eight

This count is not asserted against Defendant.  To the extent a response is required to paragraphs 181 to 189, Defendant lacks sufficient knowledge or information regarding the allegations and, therefore, denies the same.

### Count Nine

This count is not asserted against Defendant.  To the extent a response is required to paragraphs 190 to 193, Defendant lacks sufficient knowledge or information regarding the allegations and, therefore, denies the same.

### Count Ten

194. Defendant incorporates the foregoing paragraphs by reference.

195. Denied.

196. Denied.

197. Denied.

198. Denied.

## V.      Demand for Relief

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief requested.

## VI.     Jury Demand

Defendant demands a Trial by Jury on all issues triable by Jury.

### AFFIRMATIVE DEFENSES

1.  Assumption of risk.

2. Comparative negligence.

3. Estoppel.

4. Fraud.

5. Illegality.

6. Laches.

7. License.

8. Accord and satisfaction.

9. Payment.

10. Res judicata and/or collateral estoppel.

11. Statute of limitations.

12. Waiver.

13. Immunity including but not limited to municipal immunity, legislative immunity, discretionary function immunity, qualified immunity, and official immunity.

14. Unclean hands.

15. Good faith of Defendant.

16. The Complaint fails to state claims upon which relief may be granted.

17. First Amendment rights of Defendant.

18. Lack of allegations against Defendant in his individual, personal capacity.

19. Defendant incorporates the affirmative defenses asserted by every other defendant in this case.

20. Defendant reserves the right to raise any additional defenses available based upon any information discovered as this matter progresses.

Respectfully submitted,

**JAMES DONCHESS, MAYOR OF THE**
**CITY OF NASHUA, NEW HAMPSHIRE**
By His Attorneys,

**RATH, YOUNG AND PIGNATELLI, PC**
One Capital Plaza
Concord, NH 03301
(603) 226-2600

Dated: 11/16/22                    /s/ Adam B. Pignatelli
                                   Michael A. Pignatelli, NH Bar #2026
                                   map@rathlaw.com
                                   Adam B. Pignatelli, NH Bar #20211
                                   abp@rathlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on all counsel of record through the Court's

electronic filing system.


Dated: 11/16/22                    /s/ Adam B. Pignatelli
                                   Adam Pignatelli

15