# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **Laurie Ortolano,** | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:22-cv-00326-LM** |
| | ) | |
| **The City of Nashua,** *et al.*, | ) | |
| *Defendants*. | ) | |
| | ) | |

### CHIEF FINANCIAL OFFICER JOHN GRIFFIN'S
### ANSWER TO VERIFIED COMPLAINT
### <u>AND JURY TRIAL DEMAND</u>

Defendant John Griffin, Chief Financial Officer of the City of Nashua, New Hampshire

("Defendant"), by counsel and pursuant to Rule 8 of the Federal Rules of Civil Procedure

("FRCP"), respectfully submits as follows:

**I.       Preliminary Statement (No Response Expected).**

To the extent that these paragraphs set forth legal conclusions, no response is required.

To the extent that a response is required, Defendant denies all allegations contained in these

paragraphs.

**II.      The Parties.**

1. Admitted.

2. Admitted except that whether the City of Nashua has the capacity to be sued is a legal

   conclusion to which no response is required.  To the extent that a response is required,

   Defendant lacks sufficient knowledge or information as to whether the City of Nashua

   has the capacity to be sued and, therefore, denies the same.

3. Admitted.

4. Defendant admits that Ms. Kleiner previously worked as the Mayor's Chief of Staff and

Administrative Services Director of the City of Nashua.  Defendant lacks sufficient

knowledge or information regarding the other allegations in this paragraph and, therefore,

denies the same.

5. Admitted.

6. Defendant admits that Mr. Duhamel previously worked as the Chief Assessor of the

Assessing Department of the City of Nashua until approximately March 2019.  Defendant

lacks sufficient knowledge or information regarding the other allegations in this

paragraph and, therefore, denies the same.

7. Defendant admits that Attorney Bolton works as the Corporation Counsel of the City of

Nashua.  Defendant lacks sufficient knowledge or information regarding the other

allegations in this paragraph and, therefore, denies the same.

8. Defendant admits that Attorney Leonard works as the Deputy Corporation Counsel of the

City of Nashua.  Defendant lacks sufficient knowledge or information regarding the other

allegations in this paragraph and, therefore, denies the same.

9. Defendant admits that Chief Carignan previously worked as the Chief of Police of the

City of Nashua.  Defendant lacks sufficient knowledge or information regarding the other

allegations in this paragraph and, therefore, denies the same.

10. Defendant admits that Sergeant Lombardi works as a Sergeant of the City of Nashua

Police Department.  Defendant lacks sufficient knowledge or information regarding the

other allegations in this paragraph and, therefore, denies the same.

11. Defendant admits that Inception Technologies, Inc. has contracted with the City of

Nashua.  The contract referenced in this paragraph speaks for itself.  Defendant lacks

sufficient knowledge or information regarding the other allegations in this paragraph and,

therefore, denies the same.

12. Defendant lacks sufficient knowledge or information regarding the allegations in this

paragraph and, therefore, denies the same.

**III.     Jurisdiction and Venue.**

13. This paragraph contains a legal conclusion to which no response is required.

14. This paragraph contains a legal conclusion to which no response is required.

**IV.     Facts Common to All Counts.**

15. to 20.  The allegations in these paragraphs do not mention Defendant.  To the extent a

response is required, Defendant lacks sufficient knowledge or information regarding the

allegations in these paragraphs and, therefore, denies the same.

21. Defendant admits to exchanging emails related to Ms. Ortolano's many requests.  The

emails referenced by this paragraph speak for themselves.  Defendant lacks sufficient

knowledge or information regarding the other allegations in this paragraph and, therefore,

denies the same.

22. Defendant admits to exchanging emails related to Ms. Ortolano's many requests.  The

emails referenced by this paragraph speak for themselves.  Defendant lacks sufficient

knowledge or information regarding the other allegations in this paragraph and, therefore,

denies the same.

23. to 26. The allegations in these paragraphs do not mention Defendant.  To the extent a

response is required, Defendant lacks sufficient knowledge or information regarding the

allegations in these paragraphs and, therefore, denies the same.

27. Defendant lacks sufficient knowledge or information regarding the allegations in this

paragraph and, therefore, denies the same.  Defendant avers that Ms. Ortolano's requests in

the time period leading up to the date in this paragraph required his time even though they had not met.

28. to 29. The allegations in these paragraphs do not mention Defendant. To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

30. Defendant admits receiving an email regarding Ms. Ortolano's viewing of the Mayor's residential property card. The email referenced in this paragraph speaks for itself. Defendant admits the last sentence of this paragraph. Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

31. The allegations in this paragraph do not mention Defendant. To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

32. Defendant denies any collusion. The other allegations in this paragraph do not mention Defendant. To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

33. Defendant denies the first sentence of this paragraph. Defendant admits that he sent an email to Mr. Duhamel regarding Ms. Ortolano's many requests but denies any inappropriate limiting of Ms. Ortolano's access to public information. The emails refenced in this paragraph speak for themselves.

34. Defendant admits the first sentence of this paragraph. The news article referenced in this paragraph speaks for itself. Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

35. The allegations in this paragraph do not mention Defendant. To the extent a response is

required, Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

36. Defendant partially admits the first sentence of this paragraph.  Defendant lacks sufficient knowledge or information regarding whether two weeks passed and, therefore, denies that portion of this paragraph.  The emails referenced in this paragraph speak for themselves. Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

37. The allegations in this paragraph do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

38. Defendant lacks sufficient knowledge or information regarding whether eight and a half months passed before polices were provided to Ms. Ortolano and as to the timing of adoption of any specific polices and, therefore, denies that portion of this paragraph.  Otherwise, admitted.

39. to 45. The allegations in these paragraphs do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same, except for quotations cited in the Court Order.

46. The allegations in these paragraphs do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.  Defendant avers that he did not limit Ms. Ortolano's access to City Hall.

47. The allegations in this paragraph do not mention Defendant.  To the extent a response is

required, Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

48. Defendant admits to providing guidance on how to respond to Ms. Ortolano's many requests.  Defendant avers that the emails and other documents referenced by this paragraph speak for themselves.

49. Defendant admits the first two sentences of this paragraph.  Defendant partially admits the third sentence of this paragraph, to the extent that Ms. Kleiner became the Director of Administrative Services following approval by the Board of Aldermen and that her duties included overseeing the Assessing Department.  Defendant lacks sufficient knowledge or information as to the other allegations in this paragraph and, therefore, denies the same.

50. The allegations in this paragraph do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

51. To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

52. to 96. The allegations in these paragraphs do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in these paragraphs and, therefore, denies the same.

97. Defendant admits that Ms. Ortolano continued to be publicly vocal.  Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

98. to 113. The allegations in these paragraphs do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the

6

allegations in these paragraphs and, therefore, denies the same.

114. To the extent that this paragraph contains allegations against Defendant, Defendant

lacks sufficient knowledge or information regarding the allegations the last sentence of this

paragraph and, therefore, denies the same.

115. to 116. The allegations in these paragraphs do not mention Defendant.  To the extent a

response is required, Defendant lacks sufficient knowledge or information regarding the

allegations in these paragraphs and, therefore, denies the same.

117. To the extent that this paragraph contains allegations against Defendant, Defendant

denies the allegations in the first sentence and lacks sufficient knowledge or information

regarding the other allegations in this paragraph and, therefore, denies the same.

118. to 120. The allegations in these paragraphs do not mention Defendant.  To the extent a

response is required, Defendant lacks sufficient knowledge or information regarding the

allegations in these paragraphs and, therefore, denies the same.

121. Defendant admits that Inception Technologies, Inc. has contracted with the City of

Nashua.  The contract referenced by this paragraph speaks for itself.  Defendant lacks

sufficient knowledge or information regarding the other allegations in this paragraph and,

therefore, denies the same.

122. to 123. The allegations in these paragraphs do not mention Defendant.  To the extent

Defendant lacks sufficient knowledge or information regarding the allegations in these

paragraphs and, therefore, denies the same.

124. to 125. Defendant admits that the Superior Court issued Orders involving the City and

Ms. Ortolano but lacks sufficient knowledge or information regarding the details of those

Orders and, therefore, denies the same.  The Orders referenced by this paragraph speak for

themselves.

126. The allegations in this paragraph do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

127. to 138. The allegations in these paragraphs do not mention Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in these paragraphs and, therefore, denies the same.

139. To the extent that this paragraph contains allegations against Defendant, denied.

**IV. Causes of Action**

### Count One

140. Defendant incorporates the foregoing paragraphs by reference.

141. The allegations in this paragraph contain legal conclusions to which no response is required.

142. The allegations in this paragraph contain legal conclusions to which no response is required.  Defendant admits that he was a City employee.  Defendant denies Ms. Ortolano's rights were violated.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

**Count Two**

150. Defendant incorporates the foregoing paragraphs by reference.

151. The allegations in this paragraph contain legal conclusions to which no response is required.

152. The allegations in this paragraph contain legal conclusions to which no response is required.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

**Count Three**

157. Defendant incorporates the forgoing paragraphs by reference.

158. The allegations in this paragraph contain legal conclusions to which no response is required.

159. Denied.

160. Denied.

161. Denied.

**Count Four**

162. Defendant incorporates the foregoing paragraphs by reference.

163. Denied.

164. Denied.

165. Denied.

**Count Five**

166. Defendant incorporates the foregoing paragraphs by reference.

167. The allegations in this paragraph contain legal conclusions to which no response is

required.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

## Count Six

172. Defendant incorporates the foregoing paragraphs by reference.

173. Denied.

174. Denied.

175. Denied.

## Count Seven

This count is not asserted against Defendant.  To the extent a response is required to

paragraphs 176 to 180, Defendant lacks sufficient knowledge or information regarding the

allegations and, therefore, denies the same.

## Count Eight

This count is not asserted against Defendant.  To the extent a response is required to

paragraphs 181 to 189, Defendant lacks sufficient knowledge or information regarding the

allegations and, therefore, denies the same.

## Count Nine

This count is not asserted against Defendant.  To the extent a response is required to

paragraphs 190 to 193, Defendant lacks sufficient knowledge or information regarding the

allegations and, therefore, denies the same.

## Count Ten

194. Defendant incorporates the foregoing paragraphs by reference.

195. Denied.

196. Denied.

197. Denied.

198. Denied.

## V.      Demand for Relief

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief requested.

## VI.     Jury Demand

Defendant demands a Trial by Jury on all issues triable by Jury.

## AFFIRMATIVE DEFENSES

1. Assumption of risk.

2. Comparative negligence.

3. Estoppel.

4. Fraud.

5. Illegality.

6. Laches.

7. License.

8. Accord and satisfaction.

9. Payment.

10. Res judicata and/or collateral estoppel.

11. Statute of limitations.

12. Waiver.

13. Immunity including but not limited to municipal immunity, legislative immunity, discretionary function immunity, qualified immunity, and official immunity.

14. Unclean hands.

15. Good faith of Defendant.

16. The Complaint fails to state claims upon which relief may be granted.

17. First Amendment rights of Defendant.

18. Lack of allegations against Defendant in his individual, personal capacity.

19. Defendant incorporates the affirmative defenses asserted by every other defendant in this case.

20. Defendant reserves the right to raise any additional defenses available based upon any information discovered as this matter progresses.

Respectfully submitted,

**JOHN GRIFFIN, CHIEF FINANCIAL OFFICER OF THE CITY OF NASHUA, NEW HAMPSHIRE**
By His Attorneys,

**RATH, YOUNG AND PIGNATELLI, PC**
One Capital Plaza
Concord, NH 03301
(603) 226-2600

Dated: 11/16/22

/s/ Adam B. Pignatelli
Michael A. Pignatelli, NH Bar #2026
map@rathlaw.com
Adam B. Pignatelli, NH Bar #20211
abp@rathlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on all counsel of record through the Court's electronic filing system.


Dated: 11/16/22                                   /s/ Adam B. Pignatelli
                                                  Adam Pignatelli