UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

---

Laurie Ortolano                      :
                                     :
v.                                   :            Civil Action No. 22-cv-00326-LM
                                     :
The City of Nashua, et al.           :
                                     :

---

**AMENDED ANSWER OF DEFENDANT CITY OF NASHUA**

NOW COMES the Defendant, City of Nashua and answers the Plaintiff's Complaint in the
above captioned matter as follows:

**JURY TRIAL DEMANDED**

I.      **Preliminary Statement**

This section is a statement of the case to which no response is required.  Defendant denies
all allegations of misconduct.

II.     **The Parties**

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Denied.

7.      Admitted.

8.      Admitted.

9.      Defendant admits the allegations in the first sentence of this paragraph and further
admits that Michael Carignan served as Chief of Police for the City until December 31, 2021.

10.     Admitted.

11.     Defendant admits that Inception Technologies contracted with the City to provide services related to document retention and was contacted directly by Plaintiff on at least one occasion.  Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

12.     Defendant admits that Mr. Feoli was President of Inception for some period of time. Defendant lacks sufficient information to admit or deny the remaining allegations of ¶12.

**III.     Jurisdiction and Venue**

13.     This paragraph is a statement of jurisdiction to which no response is required. Defendant does not contest jurisdiction in this matter.

14.     This paragraph is a statement of venue to which no response is required.  Defendant does not contest venue in this matter.

**IV.     Facts Common to All Counts**

15.     Defendant admits that the City of Nashua conducted a revaluation for tax year 2013 which resulted in an assessed value of $469,800 for the property located at 41 Berkeley Street, a property purchased by the Laurie A. Ortolano Trust in January.  Defendant lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

16.     Defendant admits Plaintiff contracted the Assessing Department and that Gary Turgiss responded, ultimately assessing the property at $699,400.  Defendant lacks sufficient information to admit or deny what was disclosed by sellers to the Ortolanos, but admits that in 2015 the property taxes on their home exceeded $16,800.

17.     Defendant admits that the City conducted a City-wide re-evaluation of assessments for the tax year 2018.  Defendant further admits that the property tax in 2018 exceeded $18,000.

2

Defendant lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

18.     Defendant admits that in July 2017 Plaintiff called Mr. Duhamel regarding her assessment.  Defendant admits that the parties to the call became terse.  Defendant denies all other allegations in this paragraph.

19.     Defendant lacks sufficient knowledge to admit or deny the allegations of ¶19.

20.     Denied.

21.     Defendant admits that at times Mr. Duhamel reported Plaintiff's activities to his supervisors to document the resources she was consuming.   Defendant denies all further allegations of this paragraph.

22.     Defendant admits that various employees exchanged correspondence regarding Plaintiff, including those named, including the language excerpted from such emails contained in this paragraph.  Defendant denies all further allegations of this paragraph.

23.     Defendant lacks sufficient knowledge to admit or deny the allegations of ¶23.

24.     Denied.

25.     Defendant admits Plaintiff was publicly critical of the Assessing Department and sent correspondence to the Board of Alderman concerning same.  Defendant denies that the Ortolanos spoke and the Board meeting on October 2, 2018, but admits that Plaintiff was critical of the Assessing Department and various City officials at numerous other meetings.  See, e.g., meeting of October 23, 2018.

26.     Defendant admits Plaintiff attended various "Coffees with the Mayor" and interacted with him at such events.  Defendant denies the remaining allegations of this paragraph.

27.     Defendant admits that Ms. Ortolano continued to speak publicly.  Defendant denies that the Mayor told Ms. Ortolano that she was wasting the City's time.  Defendant avers that the

CFO's time was being used by Ms. Ortolano even before she may have met him. Defendant denies that the Mayor stopped fielding questions from the public

28.     Defendant admits that Ms. Ortolano examined the Mayor's residential property card. Defendant further admits that prior to becoming Mayor, renovations were performed on his property. Defendant admits that building permits should be closed out in a timely manner but denies that the Mayor's assessment was improper and refers Plaintiff to the Mayor's answer regarding his reaction to Plaintiff's accusations. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

29.     Defendant lacks sufficient knowledge to admit or deny the allegations of ¶29.

30.     Defendant admits Mr. Duhamel emailed Mr. Griffin from time to time regarding Plaintiff's activities in the Assessing Department, including the excerpted language. Defendant further admits that the referenced file was removed from the Assessing Department and unavailable to the public for over a month. Defendant denies all further allegations of this paragraph.

31.     Defendant admits Plaintiff may have sent a letter to the Mayor to which the Mayor's wife responded. Defendant further admits Plaintiff later publicly criticized the Mayor at a Board of Alderman meeting. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

32.     Defendant admits that the various named persons exchanged correspondence concerning the Plaintiff, including those excerpted herein. Defendant denies all further allegations of this paragraph.

33.     Defendants admits that Mr. Griffin wrote an email to Mr. Duhamel including the excerpted language, and that further emails were exchanged between the two men, with Mr. Griffin

being Mr. Duhamel's direct supervisor.  Defendant denies all further allegations of this paragraph.

34.     Defendant admits that the Union Leader published an article in which Mr. Griffin was quoted.  Defendant further admits that Mr. Duhamel told Plaintiff that there was no specific policy manual detailing the Department's practices.  Defendant lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

35.     Defendant admits that Plaintiff and Mr. Duhamel exchanged emails concerning policies and practices of the Assessing Department, including those excerpted here.  Defendant denies all further allegations of this paragraph.

36.     Defendant admits Mr. Griffin emailed Plaintiff on or about October 24, 2018, which email speaks for itself, after which Plaintiff continued to insist on viewing a "book" of policies.  Defendant lacks sufficient information admit or deny the remaining allegations of this paragraph and therefor denies same.

37.     Defendant admits that Ms. Kleiner attend a meeting of the Board of Aldermen on April 30, 2019, at which she held up a binder of current City policies.  Defendant denies the remaining allegations of this paragraph.

38.     Defendant admits that Plaintiff was provided access to policies and procedures for the assessing department, which are updated from time to time.

39.     Denied.

40.     Denied.

41.     Defendant admits that two abatement appeals for the Property were filed at the BTLA and that Plaintiff has filed at least three lawsuits pursuant to RSA 91-A against the City in superior court.  Defendant further admits that two abatements for the property were filed with the City for tax year 2018 and 2019 respectively and that an abatement was granted in 2019.

Defendant denies all further factual allegations of this paragraph.

42.     Defendant admits that two abatement appeals for the Property were filed at the BTLA, one *pro se*, and that petitioner has filed lawsuits under RSA 91-A against the City in superior court, some *pro se*. Defendant denies all further factual allegations of this paragraph.

43.     Defendant admits the allegations in the first and second sentences of this paragraph of the complaint.  Defendant denies the remaining allegations of this paragraph to the extent it is inconsistent with the November 16, 2020, filing of the City in both BTLA Docket Nos. 29472-18PT and 29699-19PT entitled "City of Nashua's Motion for Supplementary Order Regarding Settlement Meeting," which was sent via the same email to Petitioner, *pro se* in Docket No. 29699-19-PT, and to petitioner's counsel in BTLA Docket No. 29472-18PT.

44.     Defendant admits that the City has judicial actions involving Plaintiff and that Attorney Bolton deposed her in one of the RTK actions, including the question cited.  Defendant admits that Bolton is the Corporation Counsel to the second largest City in New Hampshire. Defendant denies the remaining allegations of this paragraph.

45.     Defendant admits that a judge issued an order on or about July 14, 2021, containing the excerpted language.  Defendant denies all further allegations of this paragraph.

46.     Defendant admits the allegations in the second and third sentences of this paragraph.  Defendant denies all further allegations of this paragraph.

47.     Defendant admits that Mr. Duhamel entered into an agreed resolution with the NHAAO and DRA following complaints filed by Plaintiff.  Defendant denies all other allegations in this paragraph.

48.     Defendant admits that Mr. Griffin provided guidance to Mr. Duhamel in how to respond to Plaintiff's numerous requests.   Defendant denies all further allegations of this

paragraph.

49.     Defendant admits the first sentence of this paragraph.  Defendant denies that the report was presented to the Board by Ms. Kleiner and the Mayor.  Defendant admits that Ms. Kleiner became the Director of Administrative Services following approval by the Board of Aldermen and that her duties included overseeing the Assessing Department.  Defendant denies the remaining allegations in this paragraph.

50.     Defendant admits the first sentence of this paragraph and denies the remainder.

51.     Defendant admits that Ms. Kleiner sought to have assessors respond to questions regarding valuation.  Defendant denies that clerks were not permitted to answer other questions but admits that, where the clerks did not know the answer, they were asked to consult with Ms. Kleiner or Mr. Griffin.  Defendant denies all further allegations of this paragraph.

52.     Defendant admits the second, third and fourth sentences in this paragraph. Defendant denies the further allegations of this paragraph.

53.     Defendant admits that neither Mr. Griffin nor Ms. Kleiner had previously worked in the Assessing Department or had education, training or experience in professional assessing. Defendant denies all further allegations of this paragraph.

54.     Defendant admits that to allow staff to perform their core work Ms. Kleiner allowed them additional time (up to five days) to respond to requests for multiple documents that were not immediately accessible.  Defendant denies all further factual allegations of this paragraph.

55.     Defendant admits the allegations of the first two sentences of this paragraph. Defendant denies all further factual allegations of this paragraph.

56.     Denied.

57.     Defendant lacks sufficient knowledge to admit or deny the allegations of ¶57.

58.     Defendant admits that in 2020 the Assessing Department was redesigned to address Covid-19 concerns.  Defendant denies all further factual allegations of this paragraph.

59.     Defendant admits that Ms. Kleiner held a round table meeting in which ways of handling assessment questions were addressed.  Defendant admits that "Assesshelp" was an email platform through which the public could submit questions.  Defendant denies all further factual allegations of this paragraph.

60.     Defendant admits that Plaintiff complained about Greg Turgiss' job performance and hired a private investigator to investigate same.  Defendant further admits that Mr. Turgiss on occasion napped off premises during his lunch break and was not always accurate in recording his mileage.  Defendant admits that the City engaged Attorney Broth to review Mr. Turgiss' actions and issue a report on his findings.  Defendant denies all further allegations of this paragraph.

61.     Defendant admits Ms. Kleiner cautioned the Assessing Department staff not to jump to conclusions simply because a team member was being investigated and used an anecdote from her own experience to underscore her advice.  Defendant denies all further allegations of this paragraph.

62.     Defendant admits that in late June 2019 Plaintiff and another Nashua resident went to the Nashua Police Department and requested that a criminal investigation of the Assessing Department, Greg Turgiss and Kim Kleiner be undertaken.  Defendant lacks sufficient information to admit or deny the remaining allegations of ¶62 and therefore denies same

63.     Defendant admits that within days of Plaintiff's June 2019 visit to the police station, Chief Carignan, Capt. Lehto, Mayor Donchess and Ms. Kleiner met at City Hall for approximately 15 minutes.  Defendant denies that the purpose of the meeting was to discuss how to handle Plaintiff's claims, nor was there such a discussion.  To the contrary, the Chief and Capt. Lehto

merely informed the Mayor and Ms. Kleiner that the police had received a complaint and that they would be investigating allegations of potential criminal conduct at the Assessing Department. They did not discuss at the meeting or otherwise that Ms. Kleiner was named in the allegations. Defendant denies that "the Mayor's group determined" that the investigation would proceed, but admits that neither the Mayor nor Ms. Kleiner made any attempt to prevent, obstruct, or deter a full investigation into the allegation.  Rather, each expressed their willingness to let the police conduct their investigation as the police saw fit.  Defendant denies all further allegations in this paragraph.

64.     Defendant denies that "the Mayor's group had immediately decided" that the NPD would commence an investigation of Greg Turgiss and Ms. Kleiner.  Rather, as noted above, the meeting was held for the sole purpose of informing the Mayor and Ms. Kleiner that officers would be conducting an investigation in their building which would include interviews with City employees in the Assessing Department.  Defendant further denies that NPD personnel told the Plaintiff that her complaint was too vague or that she would have to provide more specific information before they could decide whether to proceed.  The Department did, however, continue to receive and review additional information offered by the Plaintiff.  Defendant denies all further allegations of this paragraph.

65.     Defendant admits that Plaintiff began requesting documents pursuant to RSA 91-A in 2019.  Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

66.     Denied, except that some 91-A requests addressed to the Assessing Department were referred to the Legal Department.

67.     Defendant admits that the Court issued orders in Plaintiff's 91-A litigation to

include the excerpted language.  Defendant denies all further factual allegations of this paragraph.

68.      Defendant admits that the Court issued orders in Plaintiff's 91-A litigation to include the excerpted language.  Defendant denies all further factual allegations of this paragraph.

69.      Defendant admits the Superior Court has frequently found in favor of Plaintiff in her 91-litigation and employed some of the excerpted language.  Defendant admits that such orders have been appealed.  Defendant denies all further allegations of this paragraph.

70.      Defendant admits that in September 2019 Det. Lombardi visited the Assessing Department as part of his investigations of Ms. Kleiner and Mr. Turgiss.  Defendant further admits that, while there, Louise Brown told the Detective that Lynn Cameron, an Assessing Department clerk, was upset because Plaintiff had approached her in the City Hall parking lot and asked about Ms. Kleiner's instructions on how clerks should deal with the Plaintiff when she visits the Department.  Ms. Cameron personally confirmed her concerns and discomfort in a meeting with Det. Lombardi, worried that Plaintiff had been waiting for her outside City Hall and had followed her to her car.  Indeed, Defendant admits that the Detective did not believe any criminal conduct had occurred during that encounter but provided Ms. Cameron with alternatives to the pursuit of criminal charges that she could consider, including those listed in this paragraph.

71.      Admitted.

72.      Defendant admits that Ms. Kleiner conveyed to Det. Lombardi that the other employees in the Assessing Department did not want Plaintiff approaching them outside their work, as Plaintiff had done to Ms. Cameron.

73.      Defendant admits that Det. Lombardi did not ask each member of the Assessing Department individually whether that employee wanted him to issue a warning to the Plaintiff, doing so based on the representations of Ms. Kleiner.  Defendant denies all further allegations of

this paragraph.

74.     Defendant admits that no Assessing Department employee or anyone else told Det. Lombardi that the Plaintiff has physically threatened them or complained that she had made inquiries about their private lives.

75.     Defendant admits that Ms. Cameron stated that she was uncomfortable and concerned about Plaintiff's behavior, including because it appeared to her that Plaintiff had waited outside City Hall for Ms. Cameron to leave work before approaching her and following her to her car.  Defendant admits that the statements attributed to Det. Lombardi from the deposition are accurate if incomplete excerpts of his testimony.

76.     Admitted.

77.     Admitted.

78.     Defendant has no knowledge as to what Plaintiff may have told Mr. Tozier regarding KRT's performance of its duties but admits that Mr. Tozier did not discuss that issue with Det. Lombardi at the time.  Defendant denies the allegations in the second sentence of this paragraph.  Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

79.     Defendant admits the City has not sued KRT.  Defendant denies all other allegations in this paragraph.

80.     The first sentence of this paragraph is a statement of law to which no response is required.  Defendant denies the remaining allegations in this paragraph.

81.     Defendant admits that on September 22, 2019, Det. Lombardi and another officer drove separately to Plaintiff's home (one in a marked cruiser and one in an unmarked car), where they were met by Plaintiff's husband.  Defendant admits that Plaintiff's husband stated that the

Plaintiff was not at home, at which time they left.  Defendant admits that Det. Lombardi later met the Plaintiff at the police station, but otherwise lacks sufficient information to admit or deny the allegations in the last sentence of paragraph 81.  Defendant denies all further allegations contained in this paragraph.

82.     Admitted.

83.     Defendant admits that Det. Lombardi discussed his warning with the Plaintiff and his action in issuing the warning was lawful and was commonly done when requested in an attempt to de-escalate conflicts and avert confrontations that could become harassing, threatening, or even assaultive.  Defendant admits that the Detective explained to Plaintiff that under certain circumstances her contacts with Assessing Department staff could result in criminal charges and that he did not give examples of the circumstances that could do so.  Defendant lacks sufficient information to admit or deny what the Plaintiff came to believe as a result of that conversation, but notes that she clearly could have consulted an attorney about her options had she had concerns. Defendant denies all further allegations of this paragraph.

84.     Denied.

85.     Defendant believes Det. Lombardi was clear as to the scope of his warning to the Plaintiff.  Defendant admits that the warning in and of itself did not carry specific legal consequences.  Defendant admits the second and third sentences of this paragraph.

86.     Defendant admits that after advising Plaintiff that the various members of the Assessing Department preferred not to have contact with her outside of their employment, Det. Lombardi advised Ms. Kleiner that he had done sone.  Defendant denies all further allegations of this paragraph.

87.     Defendant denies the allegations contained in the first sentence of his paragraph.

Defendant further denies that Det. Lombardi brought (or displayed) any bias in the investigation but admits that he agreed that the Plaintiff would make speculations and insinuate things based on limited information which she would then present as facts.  Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

88.     Defendant admits that Plaintiff requested copies of police reports and interview of the Assessing Department staff related to the investigation of her complaint and that Det. Lombardi correctly responded that he could not provide documents while the investigation was ongoing and did not know at the time when it would end.  Defendant denies that the Department stonewalled such requests.

89.     Admitted.

90.     Defendant admits Attorney Broth issued his report on or about January 2020, which document has been determined to be exempt from disclosure under RSA 91-A.  Defendant admits that the conclusion of the investigation of Greg Turgiss, Det. Lombardi determined that Turgiss may have actually underestimated his mileage on his reimbursement reports.  The Detective concluded that because Mr. Turgiss was a salaried employee sleeping at lunch – even an extended lunch – was not a crime.  Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

91.     Defendant admits that Plaintiff posted information about the investigation on Facebook and that Ms. Kleiner's husband responded.  Defendant denies that the Detective's investigation of Mr. Turgiss or Ms. Kleiner had been manipulated to focus on the Plaintiff. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

92.     Admitted.

93.    Admitted.

94.    Defendant admits the Police Department responded to Plaintiff's 91-A request on or about January 23, 2020, and provided responsive documents at that time, but did not send videos or transcripts.  Defendant admits that Plaintiff has not yet been provided with certain transcripts and video that are subject to ongoing litigation but otherwise denies the allegations set forth in the third sentence of this paragraph.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

95.    Defendant admits the Legal Department corresponded with Plaintiff's counsel on or about July 10, 2020.  Defendant denies all further allegations inconsistent with the contents of that letter.  *See also* Answer of Defendants Bolton and Leonard.

96.    Defendant admits the Legal Department corresponded with Plaintiff's counsel on or about the referenced dates.  Defendant denies all further allegations inconsistent with the contents of that letter.  *See also* Answer of Defendants Bolton and Leonard.

97.    Defendant admits that Plaintiff was publicly vocal about her perception of the Assessing Department in 202 and, at some point, began posting on a website entitled "good.gov.org" that included at least some of the articles referenced.  Defendant denies all further allegations of this paragraph.

98.    Defendant admits Plaintiff sought out and secured a significant public profile on social media, including her blog.  Defendant lacks sufficient knowledge to admit or deny the allegations of ¶98.

99.    As to the first four sentences of this paragraph, Defendant admits that the Mayor publicly discussed the volume of Right to Know requests and described the burden those requests presented to the City.  Defendant denies that the Mayor named Ms. Ortolano publicly in that

regard.  Defendant admits Plaintiff sought out and secured a significant public profile on social media, including her blog.  Defendant denies the remaining allegations in this paragraph.

100.    Defendant denies the allegations in the first sentence.  Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same.

101.    Defendant lacks sufficient knowledge to admit or deny the allegations of ¶101.

102.    Defendant admits Ms. Ortolano made multiple requests for the same information and that some City employees quit their jobs.  Otherwise, denied.

103.    Defendant denies the allegations in the first sentence of this paragraph.  Defendant admits the second and third sentences.  Defendant denies the allegations in the last sentence of this paragraph.

104.    Defendant denies that Plaintiff was treated differently on the basis of personal dislike of her by any City official.

105.    Defendant admits that from time to time Plaintiff filed documents on behalf of other residents.  Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefor denies same.

106.    Defendant denies that a purpose of the renovations was to eliminate public space. Defendant lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

107.    Defendant lacks sufficient knowledge to admit or deny the allegations of ¶107.

108.    Defendant denies the allegations in the first sentence of this paragraph.  Further answering, most departments were open by appointment.  The Legal Department is not open to the public and does not provide "date stamps" for abatement applications.  Defendant lacks sufficient information to admit or deny Plaintiff's assumptions and therefore denies the allegations

in the second sentence of this paragraph.

109.    Defendant admits Plaintiff walked past an employee of the Legal Department, refused to leave when asked to do so, and instead sat down in the Legal Department refusing to leave. *See also* Answer of Defendants Bolton and Leonard, incorporated herein by reference.

110.    Defendant admits that the NPD were called by Ms. Lloyd and responded to the City Hall after Attorney Leonard arrived and observed Plaintiff sitting on the floor, eventually escorting the Plaintiff out the building. Defendant further admits that, although the officers originally considered giving the Plaintiff a no trespass order, they did not do so at that time and were uncertain as to whether they would issue a no trespass order. Defendant admits that the police informed Plaintiff shortly after that the incident needed no further action and that no trespass order would issue. Defendant denies all further allegations of this paragraph.

111.    Defendant admits the Union leader published the referenced quote. Defendant denies all other allegations in this paragraph.

112.    Denied, except that Defendant admits that Plaintiff was arrested on or about February 17, 2021, for misdemeanor trespass.

113.    Defendant admits Attorney Bolton as not present on the date in question. Defendant further admits that Attorney Bolton was quoted in the Union Leader on January 27, 2021, regarding Plaintiff's trespass, to which she later pled guilty. Defendant denies all further allegations of this paragraph.

114.    Denied.

115.    *See* Answer of Defendants Bolton and Leonard, incorporated herein.

116.    Defendant admits the Superior Court assessed fees against the City in a 91-A action brought by Plaintiff. Otherwise, denied.

117.     Defendant denies the allegations in the first sentence of this paragraph.  Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies same.

118.     Defendant admits the City Clerk and Plaintiff exchanged correspondence. Defendant lacks sufficient information to admit or deny Plaintiff's state of mind.  Defendant denies all further allegations of this paragraph.

119.     Defendant admits that Ms. Kleiner saw Plaintiff screaming at the Assessing Board chair in the third floor auditorium.  Defendant admits that Ms. Kleiner approached Plaintiff and informed her not to scream at assessing staff.  Defendant denies all further allegations of this paragraph.

120.     Admitted.

121.     Defendant admits that it contracted with Inception to improve its document retention and access.  Defendant further admits that Plaintiff left Mr. Feoli with the impression that she was a City employee which he conveyed to Ms. Kleiner, although he would later state that she did not expressly claim to be such.  Defendant denies all further allegations of this paragraph.

122.     Defendant denies the first sentence of this paragraph.   Defendant admits the Superior Court issued an Order in one of Plaintiff's 91-A actions on February 7, 2022, which Order speaks for itself.  Defendant admits that at an Aldermanic meeting on February 8, 2022, Ms. Kleiner read an email from Feoli expressing his impression of Plaintiff's actions and that, as corporation counsel, Attorney Bolton was present at the meeting.  Defendant denies all further allegations of this paragraph.

123.     The referenced hearing was in case 2021-cv-0036, not 2020-cv-133. Defendant admits that Ms. Mazerrolle testified at some length at that trial on March 24, 2022, including that

she would refer requests received through Assess Help from Plaintiff to Ms. Kleiner, Rick Vincent or Louise Brown.  Defendant denies the remaining characterization of her testimony.

124.    Admitted that the Court issued an order on May 3, 2022, which Order speaks for itself.  Defendant admits that the City appealed that Order.

125.    Admitted that the Court issued an order on June 20, 2022, which Order speaks for itself.  Defendant admits that the City appealed that Order.

126.    Defendant admits that Ms. Kleiner contacted the police after the assessing staff called her to express concerns about Plaintiff.

127.    Defendant admits that Ms. Ortolano issued public comments related to Mr. Cummings.  The video of the meeting referenced in this paragraph speaks for itself and Defendant denies Ms. Ortolano's characterization of the exchange.  Defendant lacks sufficient knowledge or information regarding the other allegations in this paragraph and, therefore, denies the same. Defendant avers that this exchange took place on July 20, 2022.

128.    Defendant admits that the Mayor made comments about Ms. Ortolano's comments. The video of the Mayor meeting referenced in this paragraph speaks for itself and Defendant denies Ms. Ortolano's characterization of the exchange.  Defendant avers that this exchange took place on July 20, 2022.

129.    Defendant admits that Ms. Ortolano continued her public comments.  Defendant admits that the Mayor advised Ms. Ortolano consistent with the public comment rules.  The video of the meeting referenced in this paragraph speaks for itself and Defendant denies Ms. Ortolano's characterization of the exchange.  Defendant avers that this exchange took place on July 20, 2022, and further states that Ms. Ortolano took the opportunity to speak again at the end of the meeting.

130.    Defendant admits that Attorney Bolton encountered Plaintiff in City Hall at the time

and date referenced.  Defendant admits the IT Department is located on the third floor of City Hall, as is the Legal Department.  Defendant admits that Plaintiff called the Legal Department. Defendant lacks sufficient information to admit or deny Plaintiff's rational or purpose and otherwise denies that remaining allegations of this paragraph.

131.    Defendant admits Plaintiff called the Legal Department and that Ms. Perry answered.  Defendant admits that Attorney Bolton opened the door and observed Plaintiff in the hallway and that Ms. Perry subsequently ended her call with Plaintiff, after which Attorney Bolton returned to his office, closing the door behind him.  Defendant admits that Plaintiff then called the Legal Department again and left a voicemail message.  Defendant admits that the police concluded that Plaintiff has been in the hallway for approximately two minutes.  Defendant lacks sufficient information to admit or deny Plaintiff's mental process.  Defendant denies all further allegations of this paragraph.

132.    Defendant admits that Plaintiff called the police and that Officers Earnshaw and Abrams responded within minutes, met with Plaintiff and took her statement before speaking with people in the legal department.  Defendant denies all further allegations of this paragraph.

133.    Defendant admits that Sgt. Gilbert and Officers Abrams and Earnshaw met each other and spoke with Attorney Bolton.  Defendant further admits that Attorney Bolton asked that Plaintiff be arrested for trespassing and, in Sgt. Gilbert's view, became upset when the officers did not arrest her at that time.  Defendant generally admits the remaining allegations of this paragraph except denies the characterization at the end of the final sentence of this paragraph.

134.    Defendant denies the allegations of the first sentence of this paragraph and denies that Attorney Bolton "insisted" that Plaintiff be arrested.  Defendant otherwise generally admits the remaining allegations.

135.    Defendant lacks sufficient information to admit or deny what Plaintiff assumed. Defendant admits that Plaintiff sent an email to Ms. Kleiner as excerpted.

136.    Defendant denies that Attorney Bolton "insisted" that Plaintiff be arrested or that he was untruthful in his response.  Defendant otherwise generally admits the remaining allegations.

137.    Admitted.

138.    Defendant admits that the Mayor advised Plaintiff consistent with the public comment rules, as demonstrated by the video of the meeting.  Defendant denies that Plaintiff's ability to speak publicly was improperly limited and denies all other allegations of this paragraph to the extent that they are inconsistent with the video.

139.    Denied.

**Causes of Action**

**Count One**

**(42 U.S.C. § 1983 – First Amendment – The Government
Actors' Restrictions, Suppression, and Chilling of
Ortolano's Right to Free Speech**

***Laurie Ortolano***
***v.***
***The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin,
Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, &
Frank Lombardi***

140.    Defendant repeats the answers set forth in paragraphs 1-139 as if fully set forth herein.

141.    This paragraph is a statement of law to which no response is required.

142.    Defendant admits that the individual Defendants were state actors and acting under the color of state law at all relevant times.  Defendant denies all further allegations in this paragraph.

143.    This paragraph is a statement of law to which no response is required.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

## Count Two

### (42 U.S.C. § 1983 – First Amendment – The Government of Actors' Violations Of Ortolano's Right to Petition Government for Redress of Grievances)

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin, Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, & Frank Lombardi*

140.    Defendant repeats the answers set forth in paragraphs 1-149 as if fully set forth

herein.

141.    This paragraph is a statement of law to which no response is required.

142.    This paragraph is a statement of law to which no response is required.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

## Count Three

**(42 U.S.C. § 1983 – Fourteenth Amendment – The Government of Actors'
Violations Of Ortolano's Rights to Substantive Due Process)**

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin,
Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, &
Frank Lombardi*

147.    Defendant repeats the answers set forth in paragraphs 1-146 as if fully set forth

herein.

148.    This paragraph is a statement of law to which no response is required.

149.    Denied.

150.    Denied.

151.    Denied.

## Count Four

**(42 U.S.C. § 1983 – Fourteenth Amendment – The Government of Actors'
Violations Of Ortolano's Rights to Procedural Due Process)**

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin,
Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, &
Frank Lombardi*

152.    Defendant repeats the answers set forth in paragraphs 1-151 as if fully set forth

herein.

153.    Denied.

154.    Denied

155.    Denied.

**Count Five**

**(Part 1, Article 8 of the New Hampshire Constitution – Right
to Access Governmental Proceedings and Records)**

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin,
Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, &
Frank Lombardi*

156.    Defendants repeat the answers set forth in paragraphs 1-155 as if fully set forth

herein

157.    This paragraph is a statement of law to which no response is required.

158.    Denied.

159.    Denied.

160.    Denied

161.    Denied.

**Count Six**

**(Civil Conspiracy)**

*Laurie Ortolano*
*v.*
*The City of Nashua, James Donchess, Kimberly Kleiner, John Griffin,
Jonathan Duhamel, Steven A. Bolton, Celia K. Leonard, Michael Carignan, &
Frank Lombardi*

162.    Defendant repeats the answers set forth in paragraphs 1-161 as if fully set forth

herein.

163.    Denied.

164.    Denied.

165.    Denied.

## Count Seven

### Violation of NH RSA 91-A:3,(c), which Prohibits the Conduct of Public Municipal Sessions in which a Person's Reputation is Adversely Affected

#### *Laurie Ortolano*
#### *v.*
#### *Kleiner*

176.-180. This Count is not brought against this Defendant.  Defendant denies Ms. Kleiner violated RSA 91-A.

## Count Eight

### (Defamation)

#### *Laurie Ortolano*
#### *v.*
#### *Kleiner, Inception, & Feoli*

181.-189. This Count is not brought against this Defendant.  Defendant denies Ms. Kleiner violated RSA 91-A.

## Count Nine

### (Abuse of Process)

#### *Laurie Ortolano*
#### *v.*
#### *City of Nashua, Bolton, & Leonard*

190.    This Count is not brought against this Defendant.  Defendant denies Ms. Kleiner violated RSA 91-A.

191.    Denied.

192.    Denied.

193.    Denied.

## Count Ten

### (Intentional Infliction of Emotional Distress)

*Ortolano*
*v.*
*All Defendants*

194.    Defendant repeats the answers set forth in paragraphs 1-193 as if fully set forth herein.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The City is immune from liability on all federal claims pursuant *Monell v. Dept. of Social Services of New York*, 436 U.S. 658 (1978) and its progeny.

### SECOND AFFIRMATIVE DEFENSE

The Defendant is immune from liability for state law claims, pursuant to Official Immunity. *See Everitt v. General Electric, Co.*, 156 N.H. 202 (2007).

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's state law claims are barred by RSA 507-B, and any recovery thereon is limited to the amounts specified therein**.**

### FOURTH AFFIRMATIVE DEFENSE

The allegations stated in the Complaint fail to sufficiently state a cause of action to which recovery may be had.  Although this defense applies to all Counts, Defendant specifically notes that there are insufficient allegations to support Plaintiff's claims of conspiracy and intentional

inflction of emotional distress.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's state constitutional claims are brought in the wrong forum and this Court lacks jurisdiction to resolve same.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of the claims may be barred by doctrines of collateral estoppel and res judicata.

Defendant incorporates by reference all defenses raised by other Defendants and reserves the right to raise any additional defenses available based upon any information discovered as this matter progresses toward trial and given reasonable notice to the Plaintiff.

Respectfully submitted,

**CITY OF NASHUA**

By its attorneys

CULLEN COLLIMORE SHIRLEY PLLC

Dated:  December 16, 2022          By: /s/ Brian J.S. Cullen
                                   Brian J. S. Cullen (Bar No. 11265)
                                   37 Technology Way, Suite 3W2
                                   Nashua, NH  03060
                                   (603) 881-5500
                                   bcullen@cullencollimore.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:  December 16, 2022          By: /s/ Brian J.S. Cullen
                                   Brian J.S. Cullen