UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

|   |   |   |
|---|---|---|
| Laurie Ortolano | : | |
| | : | |
| v. | : | Civil Action No. 22-cv-00326-LM |
| | : | |
| The City of Nashua, et al. | : | |

**DEFENDANT CARIGNAN'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Now comes Defendant Michael Carignan, through counsel, and pursuant to Fed. R. Civ. P. 12(c) moves for Judgment on Pleadings on all claims brought against him in Plaintiff's Complaint. In support hereof, Defendant relies upon the accompanying Memorandum of Law, incorporates arguments set forth (or to be set forth) in the Mayor's Motion for Judgment on the Pleadings, and further states as follows:

1. Plaintiff initiated this action with a Complaint dated August 23, 2022, in which she brought claims against the City of Nashua, its Mayor, and several of its current and former employees and vendors, including Defendant Carignan, the City's Chief of Police through December 31, 2021. *See* Complaint [Doc. 1] generally and ¶9; Carignan Answer ¶9; City Answer ¶9.

2. Therein, Plaintiff asserts generally that various Defendants violated her federal and state constitutional rights and generally conspired against her to deprive her of "her lawfully provided rights to obtain access to public records and government proceedings because they were offended by her criticism of some of them." Complaint ¶173.

3. Notwithstanding its 65 pages and nearly 200 paragraphs, however, the Complaint

is nearly completely devoid of any allegations specific to the Chief.

4. Indeed, she mentions the Chief in just five paragraphs, asserting only that: (1) he was the Chief of Police (Complaint ¶9); (2) no later than July 1, 2019, he met with the Mayor and Defendant Kleiner before the police commenced an investigation into the Assessing Department, (Complaint ¶¶62-63) ; and (3) the Chief ordered her arrest for trespass in 2021 (Complaint ¶111-12).

5. These allegations are insufficient to support any of the claims against the Chief.

6. The Conspiracy claim – the very heart of the Complaint – is a good example.

7. "Under New Hampshire law, the 'essential elements' of civil conspiracy are: (1) two or more persons; (2) an object to accomplished (i.e., an unlawful object to be achieved by lawful or unlawful means, or a lawful object to be achieved by unlawful means); (3) an agreement on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." *Drake v. Town of New Boston*, 2017 DNH 106 (June 6, 2017) at 3-4 (citing *Jay Edwards, Inc. v. Baker*, 130 N.H. 41, 47 (1987)).

8. There is, however, no specific allegation that the Chief agreed with any other person to either accomplish an unlawful object (or a lawful object by unlawful means). At most generous, Plaintiff asserts that in mid-2019 (over three years before this suit was filed) the Chief informed the Mayor and Kleiner – who supervised the Assessing Department – that the police would be conducting an investigation into the Assessing Department that Plaintiff herself asked to be pursued. That is not an unlawful act nor is it one that is directed at Plaintiff.

9. Moreover, the only asserted act by the Chief is that he supposedly ordered the Plaintiff's 2021 arrest. Plaintiff, however, pled guilty to charges arising from the arrest. *See State v. Ortolano*, Doc. No 459-2021-CR-00606 (9th Cir. Court – District Division – Nashua). *See also*

Plaintiff's Memorandum of Law in Support of Objection to Motion to Dismiss [Doc. No. 33-1] at p.9 (admitting that she was "told she would have to leave" and that instead she "sat down in the lobby area on the floor") and p.9 n.1 (discussing plea and effort to annul same).  Thus, Plaintiff's conspiracy claim fails doubly.

10. Plaintiff's claims of constitutional violations or intentional infliction of emotional distress claim fare no better.

11. Plaintiff has asserted no facts supporting her First Amendment Claim against the Chief nor sufficient facts to sustain Due Process claims against any Defendant.  She has not alleged a single act by the Chief that could be said to have chilled her exercise of First Amendment rights nor identified any due process to which she was deprived.

12. Plaintiff likewise has not demonstrated either the outrageous conduct or severe emotional distress to support her intentional infliction claim.

13. Finally, Plaintiff acknowledges that she has brought multiple suits against the City pursuant to RSA 91-A and maintains a blog in which she regularly comments on the City's actions – hardly indicative of a person who has suffered damages as a result of any Defendant, much less the Chief.

14. In short, Plaintiff has not identified improper conduct nor resulting damages that would permit her claims against the Chief to proceed, and he is therefore entitled to judgment on all counts.

WHEREFORE, Defendant respectfully requests that this Court:

    A.  Grant this Motion;

    B.  Enter Judgment on all claims against Defendant Carignan; and

    C.  Grant such further relief as justice requires

                          Respectfully submitted,

                          **MICHAEL CARIGNAN**

                          By his attorneys

                          CULLEN COLLIMORE SHIRLEY PLLC

Dated: December 16, 2022        By: /s/ Brian J.S. Cullen
                                        Brian J. S. Cullen (Bar No. 11265)
                                        37 Technology Way, Suite 3W2
                                        Nashua, NH  03060
                                        (603) 881-5500
                                        bcullen@cullencollimore.com

## **CERTIFICATE OF SERVICE**

      I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: December 16, 2022        By: /s/ Brian J.S. Cullen
                                        Brian J.S. Cullen