# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-00326-LM |
| ) | |
| **The City of Nashua,** *et al.***,** ) | |
| **Defendants.** ) | |
| ) | |

## JOINT DISCOVERY PLAN

The parties in this action, by counsel and pursuant to Fed. R. Civ. P. 26(f) submit their Joint Discovery Plan as follows:

## DATE/PLACE OF CONFERENCE

The Court has scheduled a Pretrial Conference to take place on February 6, 2023. Counsel conferred regarding this proposed Discovery Plan by email during January 2023.

## COUNSEL PRESENT/REPRESENTING

Attorneys for Plaintiff Laurie Ortolano

> Kurt S. Olson
> Peter M. Malaguti
> Olson & Olson, P.A.
> 500 Federal Street
> Andover, MA 01810
> (603) 748-1960
> kolson54@gmail.com
> malaguti@mslaw.edu

Attorneys for City of Nashua, Michael Carignan, and Frank Lombardi

> Brian J.S. Cullen
> Cullen Collimore Shirley PLLC
> 37 Technology Way, Suite 3W2
> Nashua, NH 03060
> (603) 881-5500
> bcullen@cullencollimore.com

Attorneys for Kimberly Kleiner

>Dona Feeney
>Friedman Feeney, PLLC
>95 North Street, Suite #5
>Concord, NH  03301
>(603) 783-5105
>dfeeney@friedmanfeeney.com

Attorneys for James Donchess and John Griffin

>Michael A. Pignatelli
>Adam B. Pignatelli
>Rath, Young and Pignatelli, PC
>One Capital Plaza
>Concord, NH  03302-1500
>(603) 226-2600
>apb@rathlaw.com
>map@rathlaw.com

Attorneys for Steve Bolton and Celia Leonard

>Russell F. Hilliard
>Brooke Lovett Shilo
>Upton & Hatfield, LLP
>159 Middle Street
>Portsmouth, NH  03801
>(603) 436-7046
>rhilliard@upton-hatfield.com
>bshilo@upton-hatfield.com

Attorneys for Inception Technologies and Raymond Feoli

>Brian T. Corrigan
>Corrigan Law Offices, PC
>122 Chestnut Street
>P.O. Box 1782
>Andover, MA 01810
>(978) 988-1544
>corriganlaw@gmail.com

>Danilo J. Gomez
>225 Broadway, Suite 304
>Methuen, MA 01844
>978-655-7954
>djg@danilogomez.com

# **CASE SUMMARY**

**THEORY OF LIABILITY (submitted by plaintiff)**:

      Plaintiff asserts that the City Defendants conspired to and did violate her First and Fourteenth Amendment rights in retaliation for her questioning City Official's conduct and in an effort to dissuade her from exercising her First Amendment rights to Speech and Petition. Plaintiff further asserts that certain Defendants defamed her. Finally, Plaintiff asserts that various Defendants violated her state constitutional rights and committed the tort of Intentional Infliction of Emotional Distress. In recapping her theory of liability here Plaintiff does not waive any other claims or theories contained within the Complaint.

**THEORY OF DEFENSE (submitted by defendants)**:

      Defendants deny Plaintiff's allegations of liability, causation, and damages. Defendants assert various forms of immunity and other affirmative defenses in their Answers and add that Plaintiff's continued public statements, demonstrated in many video recordings of City public meetings and by her website postings, undercut her argument that her rights were chilled.

      Finally, certain defendants have filed dispositive motions.

**DAMAGES (submitted by plaintiff)**: $2 million

**DEMAND**:    April 1, 2023

**OFFER**:    May 1, 2023 (if any offer is made)

**JURISDICTIONAL QUESTIONS**: None at this time.

**QUESTIONS OF LAW:**

1. All legal issues raised by the dispositive motions filed to date.
2. Whether Plaintiff's First Amendment rights were infringed under the tests established by case law.
3. Whether Plaintiff's Fourteenth Amendment rights were infringed under the tests established by case law.
4. Whether Plaintiff can establish a civil conspiracy given the intra-corporate conspiracy doctrine and the requirements of *Ashcroft v. Iqbal*, 566 U.S. 662 (20090.
5. Whether Plaintiff's claims are barred by state and federal immunities and privileges.
6. Whether Plaintiff is entitled to attorneys' fees and costs.

**TYPE OF TRIAL**: Jury

## SCHEDULE

**TRACK ASSIGNMENT:** STANDARD – 12 MONTHS

**TRIAL DATE:** 5/21/24

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** 6/1/23

**AMENDMENT OF PLEADINGS:**

Subject to leave of Court and the requirements of Fed. R. Civ P. 15:

Plaintiff: 7/1/23     Defendant: 8/1/23

**JOINDER OF ADDITIONAL PARTIES:**

Plaintiff: 7/1/23     Defendant: 8/1/23

**THIRD-PARTY ACTIONS:** 8/1/23

**MOTIONS TO DISMISS:** 5/1/23

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

Plaintiff: 8/1/23     Defendant: 11/1/23

Supplementations under Rule 26(e) due: 12/1/23

**COMPLETION OF DISCOVERY:**

(1) Date all discovery complete: 1/5/24
(2) Date for completion of discovery on issues for early discovery, if any: None

**MOTIONS FOR SUMMARY JUDGMENT:** 1/20/24

**CHALLENGES TO EXPERT TESTIMONY:** 45 days prior to Trial

## DISCOVERY

**DISCOVERY NEEDED:**

1. Deposition of parties
2. Depositions of witnesses to events alleged in Complaint
3. All writings by Plaintiff regarding, referring, or relating to any of the defendants, any

4

      interactions with City employees or officials, any of Plaintiff's allegations, her public comments, and this case.
4. All communications between the parties.
5. Plaintiff's medical, psychological, and psychiatric records, related to her claim for intentional infliction of emotional distress.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**

      The later of 3/1/23 or 30 days after the resolution of pending dispositive motions.

**INTERROGATORIES**:

      A maximum of 25 interrogatories by each party to any other party. Responses due 45 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:**

      A maximum of 25 requests for admission by each party to any other party. Responses due 45 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:**

      A maximum of 10 depositions by plaintiff and 5 per defendant. Each deposition limited to a maximum of 7 hours unless extended by agreement of the parties, except that given the number of parties and length of the Complaint, Plaintiff's deposition is limited to 14 hours total.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

      Plaintiff served a document preservation latter that has been provided to all Defendants.

      Defendants' electronic documents are stored on City computers. To the extent readily accessible, responsive documents will located using the keyword "Ortolano." Other keywords may be derived from documents exchanged during discovery, to be agreed by the parties.

      Defendants anticipate requesting electronic records from Plaintiff including but not limited to her email, text messages, other communications, and other documents. Responsive documents will be located by searching email accounts, computers, and any other readily accessible devices for each of Defendants' names, including common misspellings, and any email, text message, or other communication exchanged with anyone regarding, referring, or relating to any of the defendants, any interactions with City employees or officials, any of Plaintiff's allegations, her public comments, and this case.

      Given the broad scope of the allegations, the parties have agreed that neither side need produce any of the documents already produced in response to Plaintiff's RTK requests.

      The parties will exchange PDFs of all documents. To the extent any spreadsheet is

produced, it would be produced in both PDF and native format.  If extensive email production is required, it may be produced in native PST format.

The parties agree that the following language shall govern the inadvertent production of privileged documents:

Documents that contain privileged information or attorney work product shall be returned immediately to the producing party and/or deleted from the requesting party's electronic document review and/or repository facility, system, or tool if the documents appear on their face to have been inadvertently produced or timely notice is given of inadvertent production.  The requesting party shall provide prompt notice of its discovery of such documents and shall provide notice of the return and/or deletion of such documents to the parties.  If a receiving party wishes to challenge whether the documents are in fact privileged, it shall treat the documents in question as privileged until the parties agree otherwise, or the Court so orders.  This section is in addition and supplementary to the requirements of Federal Rule of Civil Procedure 26(b)(5)(B).

Any medical information, trademark, copyright, patent, workers' compensation, identifiers such as social security, numbers, taxpayer identification numbers, entries into personnel files containing personal information which may constitute an invasion of privacy, that are produced in this case may be shared with only counsel, co-counsel, their agents, employees, and clients along with any expert or potential expert who may be retained or employed by counsel.  No such information will be otherwise shared with anyone, except by leave of the Court or by mutual agreement of all parties.  All such information shall be returned to the source, without copies, duplicates, in any format, retained; upon the completion or final disposition of this action.  Notwithstanding the foregoing, such information may be withheld subject to usual discovery privileges and other applicable law.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

If needed, the parties anticipate agreeing to a confidentiality agreement, stipulation, or protective order as to confidential materials.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:**

Settlement cannot be evaluated prior to discovery and resolution of preliminary motions..

**JOINT STATEMENT RE: MEDIATION:**

It is too early to determine whether the parties will agree to mediate.  If agreement to mediate is reached, the parties currently anticipate private mediation.  The parties propose updating the Court as to the status of mediation 90 days prior to Trial.

**TRIAL ESTIMATE:**        7 to 10 days

**WITNESSES AND EXHIBITS:**

- Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.

- Objections are due 14 days after filing of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:**

The parties do not request a preliminary pretrial conference with the Court before entry of the scheduling order.

**OTHER MATTERS:**

None at this time.

Respectfully submitted,

| | |
|---|---|
| **Laurie Ortolano**<br>By counsel, | **City of Nashua, Michael Carignan, and Frank Lombardi**<br>By counsel, |
| **OLSON & OLSON, PA** | **CULLEN COLLIMORE SHIRLEY, PLLC** |
| /s/ Kurt S. Olson<br>Kurt S. Olson<br>Peter M. Malaguti<br>500 Federal Street<br>Andover, MA 01810<br>(603) 748-1960<br>kolson54@gmail.com | /s/ Brian Cullen<br>Brian J.S. Cullen<br>37 Technology Way, Suite 3W2<br>Nashua, NH 03060<br>(603) 881-5500<br>bcullen@cullencollimore.com |
| **James Donchess and John Griffin**<br>By counsel, | **Steve Bolton and Celia Leonard**<br>By counsel, |
| **RATH YOUNG & PIGNATELLI, PC** | **UPTON & HATFIELD, LLP** |
| /s/ Adam Pignatelli<br>Michael A. Pignatelli<br>Adam B. Pignatelli<br>One Capital Plaza<br>P.O. Box 1500<br>Concord, NH 03302-1500<br>(603) 226-2600<br>apb@rathlaw.com<br>map@rathlaw.com | /s/ Russell Hilliard<br>Russell F. Hilliard<br>Brooke Lovett Shilo<br>159 Middle Street<br>Portsmouth, NH 03801<br>(603) 436-7046<br>rhilliard@upton-hatfield.com<br>bshilo@upton-hatfield.com |
| **Inception Technologies and Raymond Feoli**<br>By counsel, | **Kimberly Kleiner**<br>By counsel, |
| **CORRIGAN LAW OFFICES, PC** | **FRIEDMAN FEENEY, PLLC** |
| /s/ Brian Corrigan<br>Brian Corrigan<br>122 Chestnut Street<br>P.O. Box 1782<br>Andover, MA 01810<br>(978) 988-1544<br>corriganlaw@gmail.com | /s/ Dona Feeney<br>Dona Feeney<br>95 North Street, Suite #5<br>Concord, NH 03301<br>(603) 783-5105<br>dfeeney@friedmanfeeney.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on all counsel of record through the Court's electronic filing system.


Dated: 1/30/23                                                           /s/ Adam Pignatelli
                                                                                      Adam Pignatelli