## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Civil Action No. 1:22-cv-00326-LM |
| | ) |
| The City of Nashua, *et al.*, | ) |
| Defendants. | ) |
| | ) |

### DEFENDANTS BOLTON AND LEONARD'S REPLY TO PLAINTIFF'S OBJECTION TO THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Steven A. Bolton, Corporation Counsel for the City of Nashua, New Hampshire, and Celia K. Leonard, a Deputy Corporation Counsel for the City of Nashua, New Hampshire, by counsel and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Rule 7.1(e)(2) of the Local Rules of the United States District Court for the District of New Hampshire, respectfully submit as follows:

### First Amendment Claims

In her objection, Plaintiff claims that Defendants' incorporation and adoption of Section I of Carignan's Memorandum of Law in Support of Judgment on the Pleadings, Doc. no. 36-1 ("Carignan Memorandum") and Section II of Donchess and Griffin's Memorandum of Law in Support of Judgment on the Pleadings, Doc. no. 42-1 ("Donchess Memorandum") do not support Defendants' position.  Pl.'s Obj. to Defs.' Mem. in Supp.  Defs.' Mot. J. on the Pleadings, Doc. no. 54-1 at 4.  However, the Donchess Memorandum and the Carignan Memorandum support the same conclusion: nowhere in her Complaint does Plaintiff allege plausible facts that rise to violations of her First Amendment rights.  Plaintiff's claim that "Bolton and Leonard's conduct caused her arrest and additional efforts to have her arrested," even if true, has no bearing on

1

Plaintiff's First Amendment rights – Plaintiff was not arrested for exercising free speech, but rather for criminally trespassing.  Further, there is no allegation that Plaintiff's ability to speak critically about the City and its employees publicly was hindered by Bolton or Leonard, and Plaintiff did so frequently.

### Conspiracy Claim

Plaintiff attempts to argue that "there is no requirement that each participant in a conspiracy interact directly with every other participant in the conspiracy," to counter Defendants' argument that Plaintiff failed to mention in her Complaint how Defendants allegedly conspired with Mr. Feoli and Mr. Tozier.  Doc. no 54-1 at 10.  However, not only did Plaintiff fail to allege that the Defendants conspired with Mr. Feoli and Mr. Tozier, but Plaintiff failed to plead in her Complaint that Mr. Feoli and Mr. Tozier were part of the alleged conspiracy in *any* capacity.  Specifically, she alleges: "Defendants Donchess, Kleiner, Griffin, Duhamel, Bolton, Leonard, Carignan, and/or Lombardi have engaged in a civil conspiracy."  Compl., Doc. no. 1, ¶ 175.  Plaintiff does not claim within her Complaint that Mr. Feoli and Mr. Tozier were coconspirators, and thus cannot attempt to supplement her claims with a new allegation that they were a part of the conspiracy in an effort to avoid the Intracorporate Conspiracy Doctrine.

### Abuse of Process

Plaintiff claims in her Objection that "[p]lausible evidence exists that Bolton and Leonard misused the legal process for someone to be arrested at City Hall for a sit-on-the-floor protest although far more troubling and potentially violent incidents at City Hall had not been prosecuted for some seven years before."  Doc. no. 54-1 at 13.  Further, Plaintiff claims that there is "plenty of evidence to suggest that the arrest was made to punish Ortolano for her protected free speech activities."  *Id.*  However, the only evidence that Plaintiff points to is that:

(1) she went to the Legal Department without an appointment; (2) was asked to leave for a first time; (3) instead of leaving, she sat on the floor in the lobby area and did not leave when she was asked a second time; (4) the Nashua Police Department was called; and (5) Plaintiff was later arrested for, and pled guilty to, criminal trespass. *See* Exhibit A to Donchess Memorandum, Doc. no. 42-2 at 3.

Plaintiff fails to provide any evidence of how Defendants did or could "overrule[] the five police personnel," aside from mere speculation. Further, Plaintiff fails to allege how calling the police in this situation is a process that is contemplated by an abuse of process claim. Even if the Court were to find that engaging the help of police is considered a "legal process" that could be abused, the Plaintiff has failed to show any evidence that the Defendant engaged the police for any other purpose than what such action was designed to accomplish. Defendant Leonard called the Nashua Police Department because Plaintiff was trespassing; as noted in Defendants' Memorandum of Law in Support of Motion for Judgment on the Pleadings, Doc. no. 52-1 ("Defendants' Memorandum"), an abuse of process only exists when (1) a person used (2) legal process, whether criminal or civil, (3) against the party (4) primarily to accomplish a purpose for which it is not designed, and (5) caused harm to the party (6) by the abuse of process. *Long v. Long*, 136 N.H. 25, 29 (1992). Usually, calling the police department to deal with an individual who will not leave a locked office when asked is a purpose for which the process Defendant Leonard used is designed.

Defendant Leonard did not call the Nashua Police Department to accomplish any purpose other than what engaging the police is designed for – regardless of whether the Plaintiff believes she was trespassing, and Defendants will argue she was, Defendant Leonard identified what she believed to be criminal trespass, and engaged the Nashua Police for assistance. Further, it is not

an abuse of process to "speak[] with the police further," as Plaintiff claims Defendant Leonard stated she would be doing, nor has Plaintiff provided any plausible evidence that Defendant Leonard or the Legal Department did in fact speak further with the police.  Plaintiff merely speculates that "[o]n information and belief, Bolton, Leonard, and other city officials cajoled pushed, and pressured" the Chief to "order" Plaintiff be arrested "until he finally caved." Compl. ¶ 112.  This allegation by Plaintiff provides zero "plausible evidence," as Plaintiff claims exists, that there was any interference by Defendants in Plaintiff's justified arrest.

### Litigation Privilege

Plaintiff asserts that "Bolton and Leonard have suggested a blanket litigation immunity that does not consider whether their statements was [sic] relevant to any particular litigation." Doc. no. 54-1 at 6.  However, the Defendants do not point out *particular* litigation, because *all* litigation that the Plaintiff has initiated against the Defendants and City of Nashua is related to either tax abatement and assessment, or right-to-know matters that frequently end up in court. As such, the statements and actions listed in the Defendants' Memorandum are protected by the litigation privilege because they are each relevant to all of her litigation.

For example, Plaintiff asserts that "[n]one of the right to know actions or tax abatement cases has anything to do with [Plaintiff's] ability to speak with Doug Dame."  Doc. no. 54-1 at 6. However, given that Doug Dame is one of the City's assessors, and the Plaintiff had initiated litigation against the City with claims stemming from the City's assessment of her property, the Plaintiff's ability to speak with Doug Dame had *everything* to do with her right-to-know actions and tax abatement cases.  Plaintiff goes on to dispute that each of the statements and actions Defendants claim as privileged have "nothing to do with any of the right to know litigations or

tax abatement applications" and that some of the actions are not "within the purview of the litigation immunity."  Doc. no. 54-1 at 7-8.

However, as noted in Defendants' Memorandum, each statement and action alleged by Plaintiff relate to her right-to-know requests, and her interactions with the Defendants, during ongoing litigation where the Defendants were defending the City, and contemplating further litigation initiated by the Plaintiff.

### Conclusion

For the reasons set forth in their motion and this reply, Defendants Bolton and Leonard respectfully request that judgment be entered on their behalf.

Respectfully submitted,

**Steven A. Bolton and Celia K. Leonard,**

By their Counsel,

**UPTON & HATFIELD, LLP,**

Date:  April 14, 2023

/s/ Russell F. Hilliard
Russell F. Hilliard
NHBA #1159
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

Brooke Lovett Shilo
NHBA #20794
10 Centre Street; PO Box 1090
Concord, NH 03302-1090
(603) 224-7791
bshilo@uptonhatfield.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day forwarded to all counsel of record through the Court's E-filing system.


/s/ Russell F. Hilliard
Russell F. Hilliard