UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Laurie Ortolano,　　　　　　　　　　　　　)
Plaintiff,　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　)　　Civil Action No. 1:22-cv-00326-LM
　　　　　　　　　　　　　　　　　　　　　　)
The City of Nashua, *et al.*,　　　　　　　　　)
Defendants.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)

## AFFIDAVIT OF STEVEN A. BOLTON

Steven A. Bolton hereby deposes and says:

1. I am Corporation Counsel for the City of Nashua and an attorney in good standing admitted to the bar of the State of New Hampshire.

2. Our office has assisted the City of Nashua with responses to over 1,000 right-to-know requests from the Plaintiff over the last few years, producing over 40,000 pages of documents, and defended more than one dozen NH RSA 91-A claims in, to date, sixteen lawsuits filed by Plaintiff in state superior court.

3. After learning what occurred at City Hall on January 22, 2021, and believing a criminal trespass charge would be appropriate for anyone so conducting themselves in such a manner, I expressed an opinion to the Nashua Police Department that they should interview witnesses before they made a decision regarding a criminal trespass charge against the Plaintiff.

4. On July 22, 2022, I encountered the Plaintiff in City Hall, around noon.

5. Attorney Celia Leonard was not present during this incident.

6. I opened the Legal Department door and saw Plaintiff in the hallway. I directed Plaintiff to leave the narrow corridor providing access to the entrance to and egress from the

Legal Department as I was attempting to leave and Plaintiff was interfering with my passage and refusing to move.

7. I did not call the police department in connection with this incident. Rather, Plaintiff called the Nashua Police Department saying I was assaulting her.

8. Plaintiff was not present when I spoke with the Nashua Police Department.

9. I answered the Nashua Police Department's questions, telling them I had asked and then directed Plaintiff to leave the hallway so I could pass.

10. The Nashua Legal Department has no authority over the Nashua Police Department, as it is controlled by an independent police commission.

11. No arrest was made as a result of this incident.

12. Plaintiff cannot show that her speech has been chilled, as she presently continues to exercise her First Amendment rights.

13. On August 17, 2022, the Plaintiff sent an email stating that she filed another RTK lawsuit against the City, calling me a "moron" and Attorney Leonard a "nitwit," and discussing how, on numerous occasions, she publicly criticized City officials, even after her arrest in 2021. Plaintiff also stated that Attorney Leonard had the "cuntiest behavior" Plaintiff had ever seen. *See* Exhibit A-1.

14. Additionally, on numerous occasions after her arrest in January 2021, as well as after the July 2022 incident, Plaintiff was publicly critical of City Officials at public meetings, through her blog posts, and in emails to City Officials, including, but not nearly limited to, the following statements:

   a. In her August 27, 2022 blog post, titled *"The Colossal Stupidity of the Nashua Legal Office,"* Plaintiff wrote: "Like the Assessing Office, the Mayor has promoted

incompetent leadership and lawyers who ignore their professional conduct codes and disregard citizen's rights. Who are the major offenders? Attorney Bolton and Attorney Leonard." *See* Exhibit A-2.

b. In her December 18, 2022 blog post titled "The Police Records of Attorney Bolton," Plaintiff wrote: "[The records] depict a very angry, hostile, out-of-control man who lacks self-awareness and self-control," and "But of course, with the Mayor not staffing an ethics committee for four years, the county attorney's office being incompetent, no municipal division of the AG's office, and a PCC (which stands for Protect Corrupt Counselors), all dodging the problem, how is justice delivered?" *See* Exhibit A-3.

c. In a November 28, 2022 email to City Officials, Plaintiff wrote, among many other things: "I found the Mayor's remarks to lack credibility and take ownership for the budget and tax increase, and the need for the assessment revaluation" and "[The Mayor] is the master of blame and always the virtuous victim. These are serious character flaws that do not exemplify leadership." *See* Exhibit A-4.

d. At a July 18, 2022 Board of Alderman meeting, the Plaintiff stated: "I've noticed this individual is a fairly young person and he's coming to a City that I think is very corrupted and working for a Mayor that I think is really unethical, unscrupulous, a liar and I've had to put in a lot of law suits involving records and the lack of openness for records." *See* Exhibit A-5.

e. At a July 20, 2022 Finance Committee meeting, the Plaintiff stated:

> I want to express my concerns with [Cummings] as an employee of the City and maintaining and performing any work on any of these projects. He is unfit to do that kind of work. He is over assigned. He is deeply in violation of the law when it comes to Right-to-Know and open access to

    meetings and information. He shares an office adjoining to the Mayor and the door is always locked and closed. He does not consider himself a public servant and he will not make himself accessible to citizens at all.

*See* Exhibit A-6.

f. At the same meeting, Plaintiff said to the Mayor: "You need to shut your mouth. Shut your pie hole Mr. Mayor. This is my public comment and I'm addressing not every employee." *See* Exhibit A-6.

g. At an August 16, 2022 Planning and Economic Development meeting, Plaintiff stated: "Attorney Leonard would not define that. She didn't carry her duty to disclose far enough to say what those entities were and then they played the game the Legal office we're going to hide behind attorney/client privilege. We can't tell the public." *See* Exhibit A-7.

h. At an August 17, 2022 Finance Committee meeting, Plaintiff said the following: "I tried to address this in the budget hearing and I pretty much got run over by you Mr. Mayor. You did a pretty good job demolishing me up there for my Right-to-Knows but I really feel that there should be a central location where Right-to-Knows are handled." As the same meeting, Plaintiff said:

> I am very concerned with your Legal Office. I feel two of the attorneys should be disbarred. I've filed complaints with the Professional Conduct Committee at the Supreme Court and I'm going to continue filing up there. Attorney Bolton tried to have me arrest on the 22nd of July wrongfully, I believe, and the City isn't going to stop until they arrest me in City Hall and you're going to succeed at it because all it takes is one Officer who is not well-trained who turns around.

*See* Exhibit A-8.

i. Additionally, Plaintiff claimed: "Attorney Leonard I feel really violated her oath and her duties to disclose what was going on with the Arts Center." *See* Exhibit A-8.

4

j.  At an October 12, 2022 Planning and Economic Development meeting, Plaintiff said to Chairman Moran: "You made a judgment that was horrendous and you are a very poor example to your own children." *See* Exhibit A-9.

k.  In a March 4, 2024 email to Nashua City Officials titled "The Notable Moronic Response from the Nashua's Premier Attorney – Leonard," Plaintiff stated: "It is time the Nashua attorneys stop blowing sunshine up the asses of the Judges and get real in producing a viable and cost effective system for public records and requests." *See* Exhibit A-10.

**EXHIBIT A**

Date: March 28, 2024

_____
Steven A. Bolton

STATE OF NEW HAMPSHIRE
COUNTY OF HILLSBOROUGH

Subscribed and sworn to before me by Steven A. Bolton, this 28 day of March, 2024.

_____
Notary Public/ Justice of the Peace
Print Name:
My Commission Expires:

[Notary Seal: MANUELA PERRY, STATE OF NEW HAMPSHIRE, NOTARY PUBLIC, MY COMMISSION EXPIRES MARCH 9, 2027]

6