Exhibit A-1

# Jim Donchess

Mayor • City of Nashua

May 23, 2022

TO: Budget Committee

FROM: Mayor Jim Donchess

Attached are more than 300 pages of partial logs kept by the Legal Department and the Administrative Services Division of Right to Know (RTK) request since 2019.

The attached logs do not include RTK requests received and responded to by Public Works, Economic Development, Community Development, the Building Department, the City Clerk's Office, Finance, and the City Treasurer. Those departments, divisions and individuals have not kept RTK logs, because of the extra time involved in keeping logs.

The attached logs also do not include the RTK requests that have been and are being made verbally and to which the City departments and divisions have provided or are providing documents immediately.

Under the RTK law, a request for documents does not need to be identified as a RTK request – any form of request for one or more documents is sufficient. A request can be anywhere in an email, so a City employee needs to review each email sent to them, to see whether a request for documents is include somewhere within the email.

Each request for documents sent to any City employee may include a demand for the production of multiple categories of documents, and each request can require the production of any number of documents – from a single page up to thousands of pages. The RTK law requires that a City employee responds to each RTK request within 5 business days, with either the production of the documents requested, or with a specific deadline by which the documents will be produced. Any deviation from these deadlines can results in a lawsuit.

Responding to a single RTK request can take a City employee from a few minutes up to hours, days or weeks. Depending on the nature of the RTK request, a City employee may be required to draft one or more responses, to search for a copy or save one or more categories of documents, to review the documents in question, to make any necessary redactions to eliminate any private information (such as email addresses or phone numbers of residents), and to forward the documents to the person making the RTK request.

City employees respond diligently and in good faith to each RTK request, but completing these tasks is burdensome and can make fulfilling important job duties difficult.

229 Main Street • PO Box 2019 • Nashua, New Hampshire 03061-2019
603.589.3260 • fax 603.594.3450 • NashuaMayor@NashuaNH.gov
www.NashuaNH.gov



**Steven A. Bolton**
Corporation Counsel
*BoltonS@nashuanh.gov*

**Celia K. Leonard**
Deputy Corporation Counsel
*LeonardC@nashuanh.gov*

**229 Main Street**
**P.O. Box 2019**
**Nashua, NH 03061-2019**

**CITY OF NASHUA**
OFFICE OF
CORPORATION COUNSEL

**Dorothy Clarke**
Deputy Corporation Counsel
*ClarkeD@nashuanh.gov*

**Nicole Clay**
Attorney RTK Coordinator
*ClayN@nashuanh.gov*

**T: (603) 589-3250**
**F: (603) 589-3259**
***Legal@nashuanh.gov***

# MEMORANDUM

TO: Mayor Jim Donchess

FROM: Office of Corporation Counsel

DATE: May 9, 2022

*RE:* ***RTK Litigation Update***

---

Background: Since the Fall of 2018, based on requests responded to by or with the assistance of this Office and the many verbal requests through the years, it is believed that Ms. Laurie Ortolano has submitted over one thousand written and verbal Right-to-Know Requests under NH RSA 91-A to the City. In response, the City has produced tens of thousands of documents and, with less than a handful of exceptions, done so within the statutory timeframe. The legal department has supported these significant City efforts by providing legal advice and counsel for a great number of those requests. Further, while 91-A does not require that the City answer questions, the City has, in good faith and in the spirit of cooperation, answered many of her questions contained in her voluminous correspondence to the City both in writing and in oral discussions with her.

While the vast majority of Ms. Ortolano's requests were not subject to exceptions from disclosure under 91-A, some were and, where appropriate, the City occasionally choose to utilize those statutory exceptions and not produce certain exempt documents, or to redact certain portions of documents provided.

Against a backdrop of over one thousand requests, Ms. Ortolano decided to pursue legal action on four occasions in the NH Superior Court. Following is a summary of those matters and their procedural posture. This is not meant as an exhaustive listing of all the issues and pleadings that have been litigated in each case, but rather an overview.

In addition, Ms. Laura Colquhoun has also submitted Right-to-Know requests to the City, one of which has resulted in a lawsuit. As such, her one lawsuit is included in this summary as well.

Laurie Ortolano v. City of Nashua (226-2020-CV-00133) (LO-1)

- February 17, 2020 – Complaint filed
- June 22, 2020 – 1st Amended Complaint filed
- October 28, 2020 – 2nd Amended Complaint filed
- November 4, 2020 – 3rd Amended Complaint filed
  - All told, Plaintiff alleged 10 different RTK violations pertaining to the following records:

  A) Assessing Department Security Camera Footage

  B) Police Investigation

  C) Assessing Department tracking of Plaintiff's Activities

  D) Unredacted Informal Hearing Sheets from KRT Assessment

  E) Supporting documents for $24 million reduction in assessment value

  F) Assessing Department Meeting Notes

  G) Field Review Cards from KRT Appraisal

  G-2) Assessing policy and procedure documents

  H) Broth Investigation Report

  I) Audio/Video Recordings & Transcripts of witness interviews as part of police investigation
- Plaintiff filed motions for summary judgment as to claims A, C, D, F, G, G-2, H; the City prevailed on three of those claims:
  - Claim C: Court found City was correct in determining that Plaintiff's request was not reasonably described, finding that the request "makes no sense."
  - Claim F: Court found City was correct in determining that Plaintiff's original RTK request did not reasonably describe meeting notes.
  - Claim H: After conducting in-camera review, Court found the City was correct in withholding the Broth Report as it was protected by the attorney-client privilege.

- Prior to trial, Plaintiff chose not to litigate claim E, after the City provided documentation establishing the request had been satisfied.
- December 13, 14, & 16, 2021 – Bench Trial on the remaining issues:
  - A) Assessing Department Security Camera Footage
  - B) Police Investigation
  - D) Unredacted Informal Hearing Sheets from KRT Assessment
  - G) Field Review Cards from KRT Appraisal
  - G-2) Assessing policy and procedure documents
  - I) Audio/Video Recordings & Transcripts of witness interviews as part of police investigation
- February 18, 2022 – City of Nashua Post-Trial Memorandum filed
- May 3, 2022 – Trial Court's Final Order resulting in following rulings:
  - A) Assessing Department Security Camera Footage
    - Plaintiff claimed City's response was unreasonably delayed. The Court disagreed.
    - City violated RTK Law – must release footage
    - No NH or 1st Circuit precedent cited by Court for finding
    - Attorneys fees awarded
  - B) Police Investigation
    - Plaintiff claimed City's response was unreasonably delayed. The Court disagreed.
    - City did not violate RTK Law in not providing video recordings of witness statements in response to first RTK request
  - D) Unredacted Informal Hearing Sheets from KRT Assessment
    - Plaintiff claimed City's response was unreasonably delayed. The Court disagreed.
    - City, in part, violated RTK Law – must release hearing sheets with modified redactions
    - No NH or 1st Circuit precedent cited by Court for finding
    - No attorneys fees awarded

G) Field Review Cards from KRT Appraisal

- Plaintiff claimed City's response was unreasonably delayed. The Court disagreed.
- City violated RTK Law – must release Field Review Cards with appropriate redactions
- No NH or 1st Circuit precedent cited by Court for finding
- Attorney fees awarded

G-2) Assessing policy and procedure documents

- City did not violate RTK Law

I) Audio/Video Recordings & Transcripts of witness interviews as part of police investigation

- Plaintiff claimed City's response was unreasonably delayed. The Court disagreed.
- City violated RTK Law – must release audio/video recordings and transcripts of witness interviews
- Trial Court cited factually distinguishable NH law, but failed to consider federal case law presented by City
- Attorneys fees awarded

- Motion to Reconsider, if filing, due 10 days after date of order.

---

Laurie Ortolano v. City of Nashua (226-2021-CV-00218) (LO-2)

- April 26, 2021 – Complaint filed
  - RTK Request: emails for K. Kleiner, J. Duhamel & J. Griffin for specified periods of time
  - Allegations: City violated RTK Law in considering requests to be overly broad and not be reasonably described
- No trial held
- May 25, 2021 – Joint Stipulation filed requiring City to search for responsive records – so ordered May 26, 2021
- September 10, 2021 – City's last communication to opposing counsel, providing second batch of records in compliance with the Stipulation

- April 6, 2022 – Plaintiff emailed City advising she is *pro se* and asking for additional records, otherwise she will "re-open" lawsuit
- April 15, 2022 – City responded asserting stipulation complied with and City not required to conduct any additional searches per stipulation
- Docket remains open with the Court – Plaintiff has not filed anything additional to move case forward. Stipulation as ordered did not contemplate what, if any, resolution would result if stipulation was complied with.

---

Laurie Ortolano v. City of Nashua (226-2021-CV-00306) (LO-3)

- June 16, 2021 – Complaint filed
  - RTK Request: AssessHelp emails for Jan 1, 2021 – Mar 5, 2021
  - Allegation: City failed to conduct reasonable search for responsive emails because responsive records did not include Plaintiff's own email sent to AssessHelp.
- Bench Trial held February 28, 2022 and March 24, 2022
- April 25, 2022 – City of Nashua Post-trial Memorandum filed
- Awaiting final trial court order

---

Laurie Ortolano v. City of Nashua (226-2021-CV-00354) (LO-4)

- July 19, 2021- Complaint filed
  - RTK Request: Louise Brown's emails for Nov 1 – Dec 25, 2021
  - Allegation: City failed to conduct reasonable search because it did not restore Ms. Brown's emails from backup tapes.
- December 6, 2021 – Bench trial
- December 16, 2021 – City Post-trial Memorandum filed
- February 7, 2022 – Trial Court's Final Order resulting in following rulings:
  - City must restore emails from backup tapes for requested time frame
  - City must participate in remedial training
  - Parties are to submit proposals for what that remedial training will be
- February 25, 2022 – City's Motion for Reconsideration
- March 25, 2022 – Court Order on City's Motion for Reconsideration: Denied

- April 27, 2022 – City filed Notice of Appeal
- May 2, 2022 – City filed motion to stay Superior Court Orders (producing records and submitting training proposal) pending appeal – awaiting ruling
- Awaiting acceptance and briefing order from Supreme Court

---

Laura Colquhoun v. City of Nashua (226-2021-CV-00163)

- March 25, 2021 – Complaint filed
    - RTK Request: K. Kleiner and R. Vincent emails for Jan 1 – Mar 1, 2021
    - Allegation: City violated RTK Law by determining request was unreasonably described
- May 12, 2021 – Trial Court's Final Order resulting in following rulings:
    - City violated RTK Law and must produce responsive records
    - No attorneys fees awarded because case law unclear on what constitutes reasonably described request
- August 26, 2021 – Appellant Brief filed
    - Issue: Trial court erred in not awarding attorneys fees
- September 27, 2021 – City's Memo of Law in Lieu of Brief filed
- January 27, 2022 – Oral Arguments held
- Awaiting Supreme Court order

| RTK E-mails | | | | |
|---|---|---|---|---|
| | | | | |
| Date Requested | What was Requested | Who Requested | # of Documents Requested | |
| | | | | |
| 02.24.20 | *Property Record Cad | LO | 1 | |
| 02.18.20 | *Property record cards | LO | 4 | |
| 02.17.20 | *E-mail question | LO | 1 | |
| 02.10.20 | *Full & complete list of all influence factors given out on land by City | LC | 1 | |
| 02.10.20 | *Full & complete list of all depreciation factors given out on land by City | LC | 1 | |
| 02.07.20 | *List of residential properties w/ swimming pools | LO | 1 | |
| 02.07.20 | *NPD Statement- Salaried employees regarding hours worked/ wk | LO | 1 | |
| 01.29.20 | *Audit Logs, Activity Logs, Assesshelp Emails, Greg & Gary emails, any documentation outside property file for 67, 68, 72 and 74 Concod St | LO | 5 | |
| 01.28.20 | *Document that shows what code 30 stands for | LO | 1 | |
| 01.27.20 | *Property Record Cards | LO | 4 | |
| 01.24.20 | *Complete list of Elderly Exemption properties | LO | 1 | |
| 01.24.20 | *Complete list of Solor Exemption properties | LO | 1 | |
| 01.14.20 | *Hard copy of everything City has on LO Abatement file | LO | 1 | |
| 01.10.20 | *Property Cards | LO | 3 | |
| 01.10.20 | *Property Cards | LC | 2 | |
| 01.07.20 | *Property Card & Complete lst by st/# and what type of exemption | LO | 2 | |
| 12.29.19 | *Property Record Cards | LC | 4 | |
| 12.20.19 | *Property Record Card | LO | 1 | |
| 12.06.19 | *Copy 2018 KRT Hearing sheet on 30 Greenwood Dr | LC | 1 | |
| 12.03.19 | *All emails received/sent by Gary Turgiss 9/1/18-3/31/19 | LC | 1 | |
| 12.03.19 | *Questions | LC | 1 | |
| 11.11.19 | *Electronic Copy of contract signed for List & Measure | LO | 1 | |
| 11.11.19 | *Electronic work lofs for all assessors | LO | 16 | |
| 11.11.19 | *Electronic copies of video recording | LO | | |
| 11.6.19 | *Property Record cards | LO | 1900 | about, if not more or less |
| 10.23.19 | *Property Cards | LO | 10 | |
| 10.21.19 | *Electronic copies of Property Cards | LO | 8 | |
| 10.20.19 | *Electronic copies of Property Cards | LC | 8 | |
| 10.15.19 | *View Property Record Cards | L.O | 25 | |
| 10.07.19 | *All 4 Assessors mileage/field logs for June 2019- Sept 2019 and and monthly Audit Log | L.O | 5 | |
| 10.07.19 | *Property Cards | L.C | 7 | |
| 9.23.19 | *Property Cards | L.C | 6 | |
| 9.23.19 | *Property Card | L.O | 1 | |
| 9.9.19 | *E-mails sent from Alderman, Mayor, BOAssessors, All assessing staff and Kim from 8.21.19-9.6.19 | L.O | | |
| 9.9.19 | *Request to view video surveillence in Assessing | L.O | | |
| 9.9.19 | *Copy of MLS photos of her property | L.O | | |
| 9.9.19 | *Copy of draft minutes for last Board of Assessor meeting | L.O | 1 | |
| 9.6.19 | *Request for Kim's e-mails from 8/6/19-8/9/19 | L.O | | |
| 9.3.19 | *Request to view files | L.O | 3 | |
| 8.29.29 | *Request to review monthly report by Lynn on Permits | L.O | | |

| | | | | |
|---|---|---|---|---|
| 8.27.19 | *Copy of the Request for Proposal (RFP) for the Property Revaluation for 1.3 million dollars | L.C | | |
| 8.14.19 | *E-mail copy of entire BOA packet from 10/18/18-typed record of 10/11/18 meeting w/KRT & Assessing, John G, & Dan Hansberry | L.O | 1 | |
| 8.13.19 | *List of all Building Permit & Inspection results codes | L.C | 1 | |
| 8.13.19 | *Information on KRT **(PENDING)** | L.O | 31000 | |
| 8.13.19 | *1 Massasoitt Rd-Permit info only | L.O | 1 | |
| 8.13.19 | *Binder of AssessHelp questions filed by Cheryl Walley July 23, 2018-Current **(PENDING)** | L.O | 500 | + w/ redactions |
| 8.12.19 | *Question on Michael Duran's Abatement | L.O | 1 | |
| 8.11.19 | *Question identifying KLEEN | L.O | 1 | |
| 8.9.19 | *Assessing Policy Manual | L.O | 1 | |
| 8.8.19 | *Copies of forms signed off by an Assessing Official 3/1/19-8/8/19 **(PENDING)** | L.O | 1200 | |
| 8.7.19 | *Review letters sent to property owners from sales data report & any responses received.<br>*Copies of the form letter & Questionnaire | L.O | 658 | |
| 7.31.19 | *Property Card | L.O | 1 | |
| 7.30.19 | *Electronic copy of contract & scope of work for David Cornell | L.O | 2 | |
| 7.25.19 | *GIS question | L.O | 1 | |
| 7.22.19 | *Proptery Cards | L.C | 7 | |
| 7.22.19 | *Property Card | L.O | 1 | |
| 7.17.19 | *Property Cards | L.O | 11 | |
| 7.15.19 | *Permit Capture & MLS Protocol Questions | L.O | 1 | |
| 7.12.19 | *Qustions on 24 pg PDF Report by Lynn | L.O | 1 | |
| 7.11.19 | *Property Cards | L.O | 2 | |
| 7.8.19 | *Questions | L.O | 1 | |
| 6.28.19 | *Assessors Dept. Assess Audit Log 1/1/17-10/1/18 | L.O | 4 | |
| 6.26.19 | *Property cards | L.O | 43 | |
| 6.25.19 | *Question for Celia | L.O | 1 | |
| 6.25.19 | *Policy & Procedure Manual | L.O | 1 | |
| 6.24.19 | *Deliquent Taxpayers | L.C | 1 | |
| 6.24.19 | *Material for Board of Assessor's Meeting | L.O | 4 | |
| 6.24.19 | *Assess Pro report from 5/20/19-current | L.O | 1 | |
| 6.23.19 | *All of tax exempted properties for 2017-2019 | L.C | 5 | |
| 6.20.19 | *Review Lot Files | L.O | 2 | |
| 6.19.19 | *AssessPro report w/ all open & check back permits | L.O | 1 | |
| 6.19.19 | *Questions on property cards | L.O | 1 | |
| 6.19.19 | *KRT response to email | L.O | 1 | |
| 6.18.19 | *Written details on mileage Greg covered | L.O | 1 | |
| 6.18.19 | *Property Cards | L.O | 61 | |
| 6.17.19 | *Abatement file for 295 W Hollis St<br>*Abatement report for tax year 2017 (all assessors) | L.O | 2 | |
| 6.16.19 | *Questions on Augit Logs | L.O | 1 | |
| 6.16.19 | *Question on Abatements | L.O | 1 | |
| 6.16.19 | *Copies of all emails Jon Duhamel created/ responded from 9/1/18-10/31/18 | L.O | 326 | |
| 6.15.19 | *Draft minutes of BoA meeting 6/6<br>*Sample abatement package to KRT | L.O | 2 | |

| | | | | |
|---|---|---|---|---|
| 6.14.19 | *Property cards | L.O | 3 | |
| 6.13.19 | *Qustions | L.O | 1 | |
| 6.13.19 | *Mileage reimbursement forms & field logs<br>*Assessors Mileage reimbursements & field logs for month of May | L.O | 3 | |
| 6.12.19 | *Read into the record at the BOA Meeting 6.10.19 | L.O | 1 | |
| 6.12.19 | *Questions of codes & rates | L.C | 1 | |
| 6.12.19 | *Question on Property | L.C | 1 | |
| 6.12.19 | *Question base rate | L.C | 1 | |
| 6.12.19 | *Question of Property Tax Exemption | L.C | 1 | |
| 6.7.19 | *KRT Questions<br>*Assessor Questions | L.O | 2 | |
| 6.6.19 | *AssessPro Activities Report from 1/1/18-12/31/18 | L.O | 1 | |
| 6.03.19 | *Copies of all emails Greg Turgiss responded from 10/1/18-1/1/19<br>*Data from week 12/4-12/6 of property cards to determine possible comps for abatements, data contained Audit Log<br>*Data from week 12/10-12/14 of property cards to determine possible comps for abatements, data contained Audit Log<br>*AssessPro, Reports, etc. | L.O | 6 | |
| 6.1.19 | *Mileage Reimbursement for Assessors-'15,'16,'17 & '18 | L.O | 4 | |
| 5.28.19 | *Work Logs for Assessors *Audit Logs | L.O | 24 | |
| 5.25.19 | *Review all "Application for Current Use" form A-10 filed by 4.15.19<br>*Including current map/ drawing of entire parcel<br>*Show current & non-current use of land<br>*Any forest type of land, SPI percentage for farmland (if applicable), Stewardship documentation (if applicable), & any information regarding, class, grade, location and site quality | L.C | 86 | |
| 5.22.19 | *Listing of all public property records that show all discounts that the City of Nashua gives out to all property owners on land.<br>*Listing should include Owner of Property of record, what percentage of discount is being given & explanation of what the discount represents<br>***Delivered by hand not E-mail*** | L.C | 1 | |
| 5.21.19 | *Request to review files | L.O | 6 | |
| 5.21.19 | *Request Property cards | L.C | 20 | |
| 5.20.19 | *Questions | L.O | 1 | |
| 5.20.19 | *Owner of Property on Record<br>*What percentage of discount is being given<br>*What does discount represent & acutal meaning of what the variance is Ex: FT PSNH, TOPO, CU, PL, and Shared Dr. etc.<br>*Property Cards | L.C | 12 | |
| 5.20.19 | *Abatement reports for 2018 | L.O | 1 | |
| 5.20.19 | *Abatement status | L.O | 1 | |
| 5.19.19 | *Request to review files | L.C | 5 | |
| 5.15.2019 | *Field collection Data logs from 9.1.18 to 3.31.19 for Greg Turgiss<br>*Report brought by you to the Friday, 5.10.19 meeting cover sales data<br>*Name of all assessment related reports & copies created to include but not limited to data collection, work performance, abatement completion, etc. | L.O | 3 | |

| | | | | |
|---|---|---|---|---|
| 5.7.19 | *Expense reports & Mileage reimbursements for Assessors | L.O | 4 | |
| 5.05.19 | *Request Property cards | L.C | 13 | |
| 4.30.19 | *Property cards | L.C | 11 | |
| 4.29.19 | *Property Cards | L.C | 11 | |
| 4.22.19 | *Review property files | L.O | 59 | |
| 4.22.19 | *Questions | L.O | 1 | |
| 4.22.19 | *Policy Questions | L.O | 1 | |
| 4.20.19 | *Questions | L.C | 1 | |
| 4.17.19 | *Coffee with the Mayor | L.O | 1 | |
| 4.09.19 | *Property Record card | L.C | 2 | |
| 4.05.19 | *Question to Gary | L.O | 1 | |
| 4.05.19 | *Question | L.O | 1 | |
| 4.05.19 | *Rates, Condos, New Card | L.C | 3 | |
| 3.29.19 | *Use of Ratio | L.O | 1 | |
| 3.29.19 | *Information Request | L.O | 3 | |
| 3.28.19 | *Questions | L.O | 1 | |
| 3.25.19 | *Phone Call converstaion with Larry | L.O | 0 | |
| 3.21.19 | *Nepotism Policy | L.O | 1 | |
| 3.19.19 | *Questions AssessPro/ Patriot Software | L.O | 2 | |
| 3.19.19 | *Exposure Report | L.O | 1 | |
| 3.14.19 | *Abatement & Appraiser | L.O | 1 | |
| 3.12.19 | *City of Nashua Employee's/Position/Salary | L.O | 1 | |
| 3.11.19 | *Questions on Maywood Dr | L.C | 2 | |
| 3.10.19 | *Questions | L.C | 1 | |
| 3.10.19 | *Questions on land values | L.C | 1 | |
| 3.4.19 | *Questions on Angelo | L.O | 1 | |
| 3.4.19 | *Expand Request | L.O | 1 | |
| 2.26.19 | *Question | L.O | 2 | |
| 2.25.19 | *Information | L.O | 1 | |
| 2.21.19 | *Whistleblower/ list of employee's & titles in Assessing | L.O | 1 | |
| 1.31.19 | *EYB Questions | L.O | 1 | |
| 1.23.19 | *Property cards on a stick | L.O | 250 | |
| 1.23.19 | *Denial of Veteran Credit to a Nashua Citizen | L.O | 1 | |
| 1.16.19 | *Abatement reports for 2015 & 2016 | L.O | 2 | |
| 12.27.18 | *Abatement reports for 2017 & 2018 | L.O | 2 | |
| 12.20.18 | *Get on Distribution List | L.O | 1 | |
| 12.19.18 | *Questions | L.O | 1 | |
| 12.12.18 | *Questions | L.O | 1 | |
| 11.16.18 | *Stark St | L.O | 1 | |
| 11.14.18 | ***Please see RTK Request for 11.14.18 to Mr. Duhamel*** | Fojo | 9 | Very lengthy reports |
| 11.13.18 | *Questions | L.O | 1 | |
| 11.8.18 | *Questions on Mayor's Property | L.O | 1 | |
| 11.7.18 | *Mayor's Property | L.O | 1 | |
| 10.31.18 | *Permit Questions | L.O | 1 | |
| 10.31.18 | *Questions/ Assessing Office | L.O | 40 | |
| 10.29.18 | *Berkley St Assessment | L.O | 1 | |
| 10.26.18 | *Questions | L.O | 6 | |
| 10.22.18 | *Monthly Expense Reports on Assessors | L.O | 4 | |
| 10.19.18 | *Assessing Policy & Procedures | L.O | 1 | |

| | | | | |
|---|---|---|---|---|
| 9.27.18 | *Questions | L.O | 1 | |
| 9.12.18 | *Property Cards | L.O | 47 | |
| 9.11.18 | Questions | L.O | 1 | |
| 9.1.18 | *Abatement reports for 2012 | L.O | 1 | |
| 9.1.18 | *Building Permits for Indian Rock Rd homes | L.C | 49 | |
| | | | | |
| | | **Total:** | **36619** | |
| | | | | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | Open or Closed | specific request | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 2021-605 | L. Ortolano | | 16-Jun-21 | 6.23.2021 | 6.23.2021 | 9:3.2021 | Closed | [1] All emails sent by and received by Louise Brown for November 1, 2020 through her last day of work.<br>[2] All emails sent by and received by Amanda Mazerolle from November 1, 2020 through March 7, 2021.<br>[3] All emails sent by and received by Karina Ochoa from November 1, 2020 through March 7, 2021 | 09.03.2021 Sent Amanda Mazerolle emails and extension until 09.17.2021 |
| 2021-607 | L. Ortolano | | 06.14.2021 | 06.21.2021 | 06.21.2021 | DENIED | CLOSED | Please provide the disciplinary action imposed by Ms. Kleiner for Mr. Turgiss' mileage reimbursement record keeping.<br>Additionally, the Public identified incomplete record keeping that has happened with Property Record Files. [ . . . ]<br>Please provide any disciplinary action imposed by the city for incomplete assessment documentation. | |
| 2021-611 | B. Scaer | | 6.14.2021 | 06.21.2021 | 06.21.2021 | 02-Nov-21 | CLOSED | Please provide me with all email communications sent by Director Megan Caron for the time period of June 1, 2020 through May 30, 2021. These records can be provided in electronic format.<br>Please provide me with all letters, documents, and reports created by Director Megan Caron for the time period of June 1, 2020 through May 30, 2021.<br>Please provide me with all Arlington Street Community Center meeting minutes available for the time period of June 1, 2019 to June 1, 2021. | |
| 2021-612 | L. Ortolano | | 6.15.2021 | 6.22.2021 | 06.25.2021 | | CLOSED | The Appointment sheets for scheduling a meeting in Assessing for the time period of April 1, 2021 to current.<br>Additionally, I have asked for the assessor abatement list weeks ago. Please send the assessor abatement list.<br>This will show who is assigned to what abatement. | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | Open or Closed | specific request | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 2021-613 | L. Ortolano | | 06.20.2021 | 06.25.2021 | 06.23.2021 | DENIED | CLOSED | nonpublic Board of Assessors meeting minutes from January 1, 2018 through June 20, 2021 | |
| 2021-614 | L. Colquhoun | | 06.14.2021 | 06.21.2021 | | | CLOSED | PRC on 11 Gilboa Lane (Acct #:48412) | |
| 2021-615 | L. Colquhoun | | 06.12.2021 | 06.18.2021 | | | CLOSED | | |
| 2021-616 | L. Colquhoun | | 07.06.2021 | 7.13.2021 | | | CLOSED | 2017, 2018, & 2019 property cards for #4560- L Camp Ave #51244- L Camp Ave | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | Open or Closed | specific request | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 2021-617 | L. Ortolano | | 07.06.2021 | 7.13.2021 | | CLOSED | CLOSED | a list of all the employees in the IT department or paystubs new hire packet- send unaffiliated packet with and email | Kim responded to her on 07.06.2021 send email that request was fullfilled |
| 2021-618 | L. Ortolano | | 07.08.2021 | 07.15.2021 | | CLOSED | CLOSED | Does the City have a third party business we contract to for email or other digital storage and is it cloud based? What is the name of the company(s) If you are unwilling or unable to answer the question, please provide me with all contracts to vendors for IT services along with an invoice from each contractor. | responded to her via email |
| AS-2021-619 | V. Espi | | 07.12.2021 | 07.19.2021 | | | CLOSED | 1.Information and reports containing any contracts, donations, or grants from the Center for Tech and Civic Life (https://www.techandciviclife.org/) including dollar amounts received and date grants awarded.<br>2.Any preliminary grant reports showing how and where this money was spent. | |
| 2021-626 | L. Ortolano | | 07.28.2021 | 08.02.2021 | | CLOSED | CLOSED | Redacted resume supplied | |
| 2021-627AS | L. Ortolano | | 07.27.2021 | 08.03.2021 | | | CLOSED | 08.02.2021 documents pertaining to request #1, #2 and #3. Additional documents by 08.10.21 08.06.2021 - sent logs pertaining to request #2, no records show to S. Prince | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | Open or Closed | specific request | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 2021-670AS | L. Ortolano | | 09.14.2021 | 09.21.2021 | 09.15.2021 | DENIED | CLOSED | Provide the video surveillance camera video for September 14, 2021 for the time period of 8:00 am to 10:30 am for the following cameras: [a] the camera video in the customer service area of the Clerk's Office, [b] the camera video in the employee area of the clerk's office. | |
| 2021-673AS | L. Ortolano Legal | | 09.17.2021 | 09.24.2021 | 09.22.2021 | | | Are the Outlook accounts for both Mike and Gary still accessible? Still active? Are the U-drives for both Mike and Gary still accessible? Still active? Without going to backup tapes, how can Mike and Gary's outlook accounts be searched for "all emails to Louise Brown from 11/21/2020 - 12/25/2020"? | |
| 2021-674AS | L. Ortolano | | 09.17.2021 | 09.24.2021 | 09.22.2021 | | CLOSED | Does the Clerical workers union still have enough membership to be active. I remember several years ago that they only had membership by 1 person. Quite a few people have left city hall and I am wondering if the union still exists. | |
| 2021-677AS | L. Ortolano | | 10.07.2021 | 10.15.2021 | 10.12.2021 | 10.22.2021 | CLOSED | For Assessing, Staff should do the following: -Search for all communications with Vision Appraisal for the requested time frame (4/1/2021 - 10/7/2021). -Review those communications and determine whether they relate to: Commercial property assessments, or Shift in value between commercial and residential properties, or estimates of the aforementioned shift. All emails, communications, etc that meet these criteria will be responsive to the below request. | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | Open or Closed | specific request | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 2021-678AS | L. Ortolano | | 10.07.2021 | 10.15.2021 | 10.07.2021 | | CLOSED | Pursuant to the Right to Know Law RSA 91-A, I am requesting public access, within 5 business days to the governmental records reasonably described as follows: [1] The third floor hallway surveillance camera video from the time of 9:15 to 9:40. You can narrow the window to reduce the burden. I am looking for the video of Ms. Kleiner and I engaged in a conversation in the hallway after the public session of the board of Assessor meeting on October 7, 2021 at 9:00 am. | |
| 2021-679AS | L. Ortolano | | 10.17.2021 | 10.22.2021 | 10.22.2021 | 10.22.2021 | CLOSED | Can you send me the sales data spreadsheet from October 1, 2020 through September 30, 2021. I want all the sales data that can be used for 2021 abatements. | |
| 2021-681AS | L. Ortolano | | 10.20.2021 | 10.27.2021 11.03.2021 | 10.27.2021 11.01.2021 | 01.07.2022 | CLOSED | She wants to know who is active and who has left. She asked "how can I find out who is working here and who has left". She said that she wants to understand the turnover. I don't think it's because of me. I want to track it. She did reference that Litchfield School Board included a list of employees and mentioned something about lists being part of budgets. She wants a list of employee by department: current. Also past list for 2019, 2020 and 2021: a list of active employees in those years each. She is looking for the easiest way possible. She said she could ask for employees' paychecks. 10.27.2021 Clarification response from Laurie Ortolano. | |

| Req # | Requester | CC attny | Dated | 5 day letter due | 5 day delivered date | "promise" date | Open or Closed | specific request | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 2021-685AS | L. Ortolano | | 11.08.2021 | 11.15.2021 | 11.15.2021 | | CLOSED | Laurie O came to see you and you thought IT was handling it. You stated that you would check your email to see when you sent information and who you sent information to regarding the downloading of the 2021 cards. Please forward me the emails you located with information on the downloading of the 2021 cards. I would appreciate it if you would tell me when the cards will be available. | |
| 2021-688AS | L. Ortolano | | 11.19.2021 | 11.29.2021 | 11.22.2021 | | CLOSED | I would like to inspect the resumes for the last 2 hires in the Assessing office. I am looking for the Assessor I position, Jessica Marchant, hired and the Clerical Supervisor position, Jennifer Zinns hire. I only need to inspect the records. If redactions are required, please photocopy the documents and I will pay for the records. | |
| 2021-691AS | L. Ortolano | | 11.29.2021 | 12.06.2021 | 11.29.2021 | 02.18.2022 | CLOSED | Could you please tell me the last day of employment for Louise Brown. I don't think it productive to make this a document request, but I believe it is a right-to-know. If you will simply not provide her last day of employment, please provide a record that shows her last day of employment. Additionally, if no HR record exists, please provide a copy of the last regular paycheck sent to Louise Brown. I realize there might be additional payout associated with sick time, etc., but I am interested in obtaining her las day of employment. | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | Open or Closed | specific request | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 2021-698AS | L. Ortolano | | 12.20.2021<br>12.22.2021 | 12.28.2021<br>12.30.2021 | 01.31.2022<br>01.25.2022 | | CLOSED | I am inquiring about the contractual obligation for Vision Government Solutions to return data to the City once the revaluation contract is completed. Will these returned records be available for public inspection? Obviously, the income and expense data will be exempt. Below are the sections of the contract that reference returned data or a list to be provided. Based on the 5 day response from the City, We need more clarification on which documents and/or information that you are requesting. Could you please reference to a specific section of the contract? Attached you will find the contract in case you may not have it. here are the sections:<br>Based on the 5 day response from the City,<br>We need more clarification on which documents and/or information that you are requesting. Could you please reference to a specific section of the contract? Attached you will find the contract in case you may not have it.<br>here are the sections:<br>Section 2.3.3 - Vision will provide a list...<br>Section 3.1.7 - This was section denied by the City in the RTK | |
| 2021-699AS | L. Ortolano | | 12.19.2021<br>01.24.2022 | 12.27.2021<br>01.31.2022 | 12.22.2021<br>01.26.2022 | | CLOSED | Pursuant to the Right to Know Law (RSA. 91-A), I am requesting public access, within 5 business days, to the governmental records reasonably described as follows:<br>1. all records, as electronic documents regarding Property appeal settlement agreements finalized for the months of November through December 2021.<br>Per RSA 91-A:4 IV(c) If you deny any portion of this request, please cite the specific exemption used to justify the denial to make each record, or part thereof, available for inspection along with a brief explanation of how the exemption applies to the information withheld.<br>I sent this RTK request in on December 19, 2021 and did not receive a response or reason for denial. I spoke with you several weeks ago about disclosing these settlements, once negotiations are completed, after coming out of a nonpublic session. This had been done in the past. I asked you to address this with the Board. I watched last week's meeting and it is clear, you have no interest in this type of disclosure. Given that, you have a legal obligation to respond to my right to know | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | Open or Closed | specific request | Notes |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| 2021-001AS | L. Ortolano | | 08.02.2021 | 08.09.2021 | | | CLOSED | Job Description and salary for RTK coordinator Requested as followup to 2021-626<br>REQUEST SATISFIED 08.06.2021 | Began numbering over - labeing all new requests AS at end for Admn Services division |
| 2021-002AS | L. Ortolano | | 08.02.2021 | 08.13.2021 | | | CLOSED | Requesting a report for 2021 that would include any type of third party liability and risk exposure carried by the City. Would like the 2022 report as well. Lets go with fiscal year 2021 and 2022, anything with the data loss for those fiscal years. | |
| 2021-003AS | L. Ortolano | | 08.21.2021 | 08.26.2021 | 08.23.2021 | | CLOSED | Did Kim Kleiner's assistant Karina stay within the City or did she leave the City? Can you provide me with her departure data and a copy of her resume when she was hired? | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | Open or Closed | specific request | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 2021-004AS | L. Ortolano | | 08.23.2021 | 08.28.2021 | 08.23.2021 | | CLOSED | 1. "The CAFR report – listing of city employees and salaries." 2. "Do you have a listing of employees that have left the city." | |
| 2021-005AS | L. Colquhoun | | 08.21.2021 | 08.26.2021 | 08.23.2021 | | CLOSED | Kindly send me an update on both the abatements that have been done through today and also please update the Overlay Schedule. | 8.23.2021 Both documents sent in pdf form. 8/25/2021 abatements resent in excel form. |

| Req # | Requester | CC attny | Dated | 5 day letter due | 5 day delivered date | "promise" date | Open or Closed | specific request | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 2021-006AS | L. Ortolano | | 08.25.2021 | 09.01.2021 | | | | 1. Please provide all communications, including emails sent to Attorney Bolton from anyone who received the Capt Kinney email sent by Bolton to City Hall personnel and Board members. | 08.25.2021 - sent to legal |
| 2021-007AS | L. Ortolano | | 08.25.2021 | 09.01.2021 | | | | 1. Please provide all communications, including emails sent to Attorney Bolton from anyone who received the Capt Kinney email sent by Bolton to City Hall personnel and Board members. | 08.25.2021 - sent to legal |
| 2021-008AS-Legal | L. Ortolano | | 08.25.2021 | 09.01.2021 | | | CLOSED | 1. any email communication responding to or forwarding the July 23, 2021 email sent by attorney Bolton to you regarding my plea deal. Please search your records to determine if you sent this email to Sonia Prince. The time frame for the search is July 23, 2021. | 8/25/2021 Email from Legal they will respond - see folder |
| 2021-009AS | L. Ortolano | | 08.28.2021 | 09.07.2021 | | DENIED | CLOSED | Provide video surveillance camera video for August 27, 2021 for the time period of 2:30 to 3:30 for the following cameras: Elm St. entry camera, Customer service area of the Clerk's Office and the camera video in the employee area of the Clerk's Office. | Denial Sent 9/7/21 |
| 2021-010AS | L. Ortolano | | 8.28.2021 | 09.07.2021 | | | CLOSED | Provide copies of property settlements that have been approved since June 1, 2021. | Request was received via email. Response was sent via email. |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | Open or Closed | specific request | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 2021-011AS | L. Ortolano | | 09.08.2021 | 09.15.2021 | | | CLOSED | Provide a copy of the 2020 Abatement application list and the document scanning project tracking sheet. | Request was received verbally at the Assessing counter. Response was sent via email. An updated version of the list was sent on 09.10.2021 via email. An updated version of the scanning project tracking sheet was also sent on 09.10.2021 via email. |
| 2021-012AS | Daniel Richardson | | 09.14.2021 | 09.21.2021 | 09.17.2021 | | CLOSED | Provide for my inspection of complete fiscal year 2021 wage compensation public record for all city employees. The records sought includes figures for all "PAY TYPE". | |
| 2021-013AS | Cheryl Walley | | 09.29.2021 | 10.05.2021 | | | CLOSED | Would you please send me the last 5 year's of invoices for the Assessing Department subscription to any of Lexis Nexis or Matthew Bender services. Would you also send me the past 5 years of invoices for services of outside attorneys. | Rose was asked to respond to Ms. Walley |
| 2021-014AS | Daniel Richardson | | 09.19.2021 | 09.24.2021 | 09.21.2021 | | CLOSED | In accordance with NH-RSA 91-A, please provide for my inspection of all FY2021 expenses records concerning: - Physical upgrades to Nashua City property at 14 Court Street. - Maintenance to Nashua City property at 14 Court Street. | |
| 2021-015AS | Daniel Connell | | 10.17.2021 | 10.22.2021 | 10.20.2021 | | CLOSED | All Property Tax assessment records for 2020 and 2021. Have not received a response from Mr. Connell for clarification since 10.20.2021. | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | Open or Closed | specific request | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 2021-016AS | Megan Murphy | | 11.12.2021 | 11.19.2021 | | | CLOSED | I would like to request an environmental file review for information indicating the presence of oil or hazardous materials, which may include the following: 1. Historical ownership records (the older the better!) and/or records or prior structures at the proptery; 2. Underground storage tanks (USTs) and/or aboveground storage tanks (ASTs); 3. Oil/Chemical Spills; 4. Hazardous chemicals or wastes stored or generated at the property; 5. Illegal dumping activities; 6. Leaad and/or asbestor reports; and 7. Other information of an environmental nature you may have on hand. | |
| 2021-017AS | Cheryl Walley | | 11.26.2021 | 12.03.2021 | 12.03.2021 | 12.10.2021 | CLOSED | Please send me electronically a copy of the agreement/contracts for he last 5 years, between Lexis Nexis and the City of Nashua for any subscriptions between the Assessing Department and Lexis Nexis, specifically agreements/contracts for subscriptions used for the puppose of verification of information received on applications for property tax exemptions and/or credits. Please also send me the final MS-1 filed with the State of NH for 2021. I did not find it on the City's website with all the prior years. "From what your email indicated, there is no signed agreement with Lexis Nexis for this service within the past 5 years. Please send me the most recent signed agreement/contract with Lexis Nexis for the subscription with them used to verify information submitted by property tax exemption/credit applicants." | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | Open or Closed | specific request | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 2021-018AS | Fred Teeboom | | 11.12.2021 | 11.19.2021 | 11.19.2021 | | CLOSED | Ya, this is Fred Teeboom, 603-889-2316, I'd like to get a copy of the City of Nashua telephone directory. Which has a detailed listing of staff of the different departments of the city at least the main people in the various departments. How do I get a hold of this city of Nashua phone directory? Can I get a copy? My copy is a number of years old and not current. Again, 889-2316. Thank you. | |
| 2021-019AS | Alderwoman Elizabeth Lu | | 12.02.2021 | 12.09.2021 | | | CLOSED | Alderwoman Elizabeth Lu stopped into the HR office today 12/2 at 9:48am and asked for copies of the all the new assessing department employees. She said she understood that we would need to discuss this with Director Kleiner and asked that we email them to her after speaking with Director Kleiner. | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-706AS | L. Ortolano | | 01.05. 2022 | 01.12.2 022 | 01.19. 2022 | | | | CLOSED | I heard the the Mayor hired a PR person named Ms. Palmer. Could you please send the person's resume and also tell me if this is a position that has existed. I am wondering who last filled the position prior to Ms. Palmer and when they left the position.<br><br>If I need to have those questions answered through a records request because the City is unwilling or unable to answer questions, then please provide the resume of the person prior to Ms. Palmer serving in the PR position for the Mayor and please provide a copy of exit paperwork signed off or the last paycheck provided to this person. | |
| 2022-712AS | L. Ortolano | | 01.25. 2022<br>02.03. 2022 | 02.01.2 022<br>02.10.2 022 | 01.27. 2022<br>02.10. 2022 | | | | CLOSED#1<br>CLOSED#2 | #1 I am looking for a December and January sick time report that would track and show the impact of the ordinance passed by the Board to allow those vaccinated to not have to use sick time if they contracted covid.<br><br>Any explainable reports or documents you could send my way would be appreciated and I would like to know if this includes schools, fire, and police.<br>#2 I received the responsive records for the cost for the paid leave for the Covid sick time and it is very much appreciated. But It doesn't contain enough information to determine the cost impact of the Board's legislation to pay for sick time for vaccinated employees. | |
| 2022-715AS | L. Ortolano | | 01.28. 2022 | 02.04.2 022 | 02.04. 2022 | | | | CLOSED | Please send me the resumes for the 3 board of Health officials, Tony Storace, Dr. Capetta, and Dr. Wolf-Rosenblam. I may have the spelling incorrect. | |
| 2022-716AS | L. Colqauhoun | | 01.31. 2022 | 02.07.2 022 | 02.07. 2022 | | | | CLOSED | Under the New Hampshire Right to Know Law R.S.A. Ch. 91-A et seq., please provide me with the 2020-2021 excel spreadsheet of raw data that was sent to the DRA for the ratio study for 2020-2021.<br><br>There should be no fees for copying these records because this information should be readily available to the public. This information is not being sought for commercial purposes.<br><br>The New Hampshire Right to Know Law requires a response time of five business days. If access to the records I am requesting will take longer than this amount of time, please contact me with information about when I might expect copies or the ability to inspect the requested records. | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-719CC, AS | L. Ortolano | | 02.02.2022 | 02.09.2022 | 02.09.2022 | | | | CLOSED | Ms. Lovering,<br>(attorney Bolton and Ms. Deshaies will need to respond to some of these requests.)<br><br>This threatening posturing from you and the Nashua Legal Office of disruptive behavior, health hazards, refusal to leave and future arrests is unfounded and I believe is an expression of the ineptitude of the city to handle information requests. I am concerned that once again Attorney's Bolton's stroke a year ago had left him unfit for duty. It is clear, based on the writing that the legal office contributed to this response. This type of response representing City opinions of the delivery of public service reinforces my concerns that the Nashua legal office is in disarray resulting from unstable and incompetent leadership.<br><br>Below is your response redlined with my remarks. The bolded | |
| 2022-721AS | L. Ortolano | | 02.03.2022 | 02.10.2022<br>02.17.2021<br>Word - Citrix | 02.07.2022<br>02.17.2022 | 02.17.2022 | | | CLOSED | This is a formal complaint regarding the conduct of Kim Kleiner<br><br>At my request, the police showed up at City Hall and I gave a statement regarding the verbal assault of Ms. Kleiner against me at the end of the Board of Assessors Meeting.<br><br>I was in a conversation with Dan Hansberry and at some point, Ms. Kleiner entered the space of the discussion.<br><br>When I finished, she pointed her finger at my face and shouted, "you listen to me". I told her I was not entering into a discussion with a woman yelling at me. She then shouted that she could have me removed from City Hall because I shouted [illegible] | |
| 2022-722AS | L. Colqauhoun | | 02.03.2022 | 02.10.2022 | 02.04.2022 | | | | CLOSED | Please send me a current property card for 78-87 West Pearl St (also known as the PAC). | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-723AS | L. Colqauhoun | | 02.03.2022 | 02.10.2022 | 02.10.2022 | | | | CLOSED | I find it very difficult to believe that a company would do demolition on a building that was still functioning. It is also unbelievable that the Assessing Department would still list this building as a store/apts when in fact it has not been used that way in years.<br><br>By Right To Know I would like the report from the Assessing Department on the last visit in 2021 on the Performing Arts Center stating that this building was still being used as a store/Apts.<br><br>I also find that if a residential home has a fire after April 1 the assessing department would go in and adjust the assessment to show a percentage of the building that was destroyed, however with the Performing Arts Center either the assessing department and/or the DRA could care less. Well maybe the city and/or the DRA could care less however the Nashua taxpayers' do care. Why should the Nashua taxpayers pay | |
| 2022-724AS | L. Ortolano | | 02.04.2022 | 02.11.2022 | 02.11.2022 | | | | CLOSED | Good Morning,<br><br>This request is being sent to City divisions that would be administering the newly adopted Covid sick time policy to allow vaccinated employees to not be required to use their sick time in the event the catch covid. Unvaccinated employees who catch covid are required to use their sick time to pay to cover their days off. As many of you know, I was opposed to this ordinance.<br><br>Pursuant to the Right to Know Law (RSA. 91-A), I am requesting public access, within 5 business days, to the governmental records reasonably described as follows:<br><br>[1] Please provide any records for any grievance(s) filed | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-725AS | L. Ortolano | | 02.04.2022 | 02.11.2022<br>02.25.2021 | 02.11.2022 | 02.25.2021 | | | CLOSED | Ms. Kleiner,<br><br>Pursuant to the Right to Know Law (RSA. 91-A), I am requesting public access, within 5 business days, to the governmental records reasonably described as follows:<br>1. Any quote(s) sent to you, any other agency or the City of Nashua from Inception Technologies to cost the completion of the property record card and/or assessing data scanning project.<br>2. Please provide any documents, including emails, as to where this quote is being handled. In other words, I am trying to determine who is responsible for this quote as of this time and when the quote will go to the board of Aldermen.<br>Per RSA 91-A:4 IV(c) If you deny any portion of this request, please cite the specific exemption used to justify the denial to make each record, or part thereof, available for inspection along with a brief explanation of how the exemption applies to the information withheld.<br>Thank you for your lawful attention to this matter. | |
| 2022-726AS(DRA)-Non RTK - No Response | L. Ortolano | | 02.04.2022 | 02.11.2022 | 02.11.2022 | | | | CLOSED Non RTK No Response Needed | Mr. Vincent,<br><br>Under the DRA certification requirement regarding assessing questions, please provide answers to these important questions on public records.<br><br>I have some questions for you regarding the property record card scanning project. I have recently learned that when Inception Technologies completes a scanning job, they upload the files into the cloud and that Ms. Kleiner has access to these files through Docuware.<br><br>[1] Do you have access to these property record files and who else has access to these files?<br><br>[2] Can you tell me why the public has not been allowed to access these cloud based files through a computer terminal in City Hall. | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-729AS | L. Ortolano | | 02.09.2022 | 02.17.2022 | 02.17.2022 | | | | #2 Closed #1 CLOSED | 1. Please provide all emails and text messages regarding this inception communication issue regarding Laurie Ortolano. Please provide any emals that alerted Alderwoman Wilshire or Donna Graham that this item was going to be addressed on the agenda. 2. Please provide all documents provided to the Board of Alderman for the Board meeting of February 8th regarding Inception Technologies along with and records involving Laurie Ortolano. 3. Ms. Kleiner I would like to clarify my request for emails and text messages. I would like all emails and text messages sent by or received by you regarding the Inception Technology matter and Laurie Ortolano. These emails would include the timeframe of February 3, 2022 to February 14, 2022 | |
| 2022-732AS | L. Ortolano | | 02.13.2022 | 02.22.2022 | | | | | CLOSED | Mr. Vincent,<br><br>Pursuant to the Right to Know Law (RSA. 91-A), I am requesting public access, within 5 business days, to the governmental records reasonably described as follows:<br>1. Ms. Kleiner stated in the Board of Alderman meeting February 8, 2022, that boxes of property record files sent or received for the Inception Technology scanning project are signed in and out. Please provide a copy of the record that shows the sign in and out for all files sent to Inception Technologies since July 2020.<br>Should any part of this request be unreasonably described, please contact me this specific area of confusion so clarification can be provided prior to the search being conducted.<br><br>Please offer a brief explanation of how the search was conducted. | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-734AS | L. Ortolano | | 02.14.2022 | 02.22.2022 | 02.22.2022 04.08.2022 | | | | CLOSED | Mr. Vincent,<br><br>I requested the marked up property record cards for the permit inspections done by Vision on the new art center building at 78-84 West Pearl St. Ms. Perry did not not respond to my RTK request and it was copied to you and Mr. Gerry. Can you please follow up on this. I called the DRA over a week ago and asked about filing an abatement on the Art Center property. Mr. Gerry was going to look into this for me and get back to me. He did not respond.<br><br>I want to investigate this property and because Vision does not document out cards the way we do in-house, in that the comments are left blank, I need the actual marked up card to see the notes. | |
| 2022-735AS | L. Ortolano | | 02.14.2022 | 02.22.2022 03.01.2022 | 02.22.2022 03.01.2022 | 03.01.2022 | | | CLOSED | Pursuant to the Right to Know Law (RSA. 91-A), I am requesting public access, within 5 business days, to the governmental records reasonably described as follows:<br><br>1. Notwithstanding the forgoing clarifying information above, please provide the complete EAP training materials. I would assume that this is a customer service training program and as part of the program, addressing frustrated or ornery citizens is included.<br><br>Should any part of this request be unreasonably described, please contact me this specific area of confusion so clarification can be provided prior to the search being conducted. | Needed additional time for response. March 1, 2022 - If Ms. Ortolano would like to get the training material, she will have to sign the letter and return it. |
| 2022-738AS | L. Ortolano | | 02.15.2022 | 02.23.2022 03.04.2022 | 03.04.2022 | | | | CLOSED | Ms. Kleiner,<br><br>I am aware that the email storage and retention policy was changed at the beginning of covid to extend the purging of emails from 45 days to 90 days. I don't believe the policy was actually revised. In the event the policy was actually revised, could you please forward the revised and amended policy.<br><br>In the event that the policy was not changed, could you please forward any communication(s) from you authorizing this change from 45 days to 90 days. If the change was never memorialized in writing through letter or email, please specify that in the denial.<br><br>Thank you for your attention to this matter. | |

| Req # | Requester | CC att ny | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-740AS | L. Colquhoun | | 02.15.2022 | 02.23.2022 | 02.23.2022 | | | | CLOSED | Dear Mr. Vincent:<br>Under the New Hampshire Right to Know Law R.S.A. Ch. 91-A et seq., please provide me with the current listing of all files that have been scanned via Inception and all files that have not been scanned within the assessing department as of today. The assessing department has stated that they are keeping a current list in order to know what files have been done and what files still need to be done.<br><br>There should be no fees for copying these records because this information should be readily available to the public. This information is not being sought for commercial purposes.<br><br>The New Hampshire Right to Know Law requires a response | |
| 2022-743AS | L. Ortolano | | 02.15.2022 | 02.23.2022 | 02.23.2022 | | | | CLOSED | As I recall you were able to provide me with a record that showed when a posting for a meeting was made on the city digital calendar.<br><br>I am looking for the date and the person who posted the Downtown Improvement Committee meetings which are scheduled monthly, currently on the Calendar, from March to December for the second Friday of the month.<br><br>I am guessing they were all posted at the same time, because the meetings are currently scheduled through December 2022. | |
| 2022-744AS | L. Ortolano | | 02.04.2022<br>02.14.2022<br>02.16.2022 | 02.11.2022<br>02.17.2022<br>02.25.2022 | 02.25.2022 | | | | CLOSED | I am requesting that the spreadsheet for the tracking of the scanned property record files sent out and received by Inception Technologies be placed on line and updated as your office updates the spreadsheet. If online access is too cumbersome, then please place a binder at the counter with the updated spreadsheet in it so citizens can determine what records are available.<br><br>The public is given no information on the status of this project. I was authorized in July 2020 and has been ongoing for 17 months. This information allows us to determine the publicly open records available and subject to immediate inspection under RSA 91-A. | Rick was not sure if it was an RTK. Brought it up to him on 02.16.2022 he said he will respond. Asked for a file number and will send out a response on 02.16.2022. I received this from Rick on 02.14.2022 |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-746AS | L. Ortolano | | 02.17.2022 | 02.25.2022 | 02.24.2022 | | | | CLOSED | Under RSA 91-A please provide the video surveillance footage from the time of 3:45 pm to 4:40 pm. The camera(s) I need covered are the second floor hallway (I was sitting at a table) and at 3:30 to 3:40 pm, the cameras in the stairwell of second floor to the first floor, the camera in the hall by the tax office and Ms. Kleiner's office, and the camera down the HR hallway and the exit to Elm St. | |
| 2022-747AS | L. Ortolano | | 02.17.2022 | 02.25.2022 | 02.25.2022 | | | | CLOSED | I received yesterday email from the Administrative Services Division informing me that the file is now back in the office and ready for inspection.<br><br>Given the hostile and harrassing environment, you and the City have created for me, please obtain the scanned file and send that to me electronically. Also, can you tell me, where the file was located when it was missing from your office. I believe citizens are entitled to know the whereabouts of our public records. I have played the game of battleship long enough.<br><br>Please tell me when the file left the office, where the file went to, and when the file came back. If you are unable or unwilling to answer these simple questions, then let me rephrase this as a | |
| 2022-748AS | L. Ortolano | | 02.18.2022 | 02.28.2022 | 02.28.2022 | | | | CLOSED | Based on information and belief, I was informed that a person removed all the meeting postings off the open bulletin Board in the entryway on the Elm Street Side of City Hall on or about February 11, 2022.<br><br>Given the concerns I had about the positing of the February 11, 2022 meeting of the DIC, I went to City Hall on Monday to check out the bulletin Board and identified only two postings on the entire board. The weekly log, that I learned about that day, was not posted.<br><br>On Tuesday, I went back to City Hall and checked the entryway again. There were only about 8 postings on the bulletin board and again, no weekly log. The meeting of the Board of Alderman that evening was not posted on the Board.<br><br>I dug into the matter and learned about this mystery person | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-754AS | L. Colquhoun | | 02.18.2022<br>02.25.2022 | 02.28.2022<br>03.04.2022 | 02.25.2022<br>03.04.2022 | | | | CLOSED #1<br>CLOSED #2 | Can you please send me the actual property card that Vision marked up on this property. Thank you.<br><br>PS please accept this email as a Right To Know. Thanks<br>Ms. Kleiner and Mr. Vincent<br>On February 25, 2022, your Division responded to my RTK request dated February 18, 2022. I requested the marked-up property record card for the visit by a Nashua Assessor in 2021 as stated by Chairman Hansberry, Nashua Board of Assessors, at the February 3, 2022 public board meeting. I followed up with a second request to obtain the Vision 12/29/2021 markup PRC that was noted in the activity section of the card.<br>The Administrative Services Division responded:<br>City Response: It is understood that the above request is referring to marked up property cards for 78-84 West Pearl Street. The City conducted a reasonable search for available records matching your request. The responsive records are being withheld as draft documents, pursuant to RSA 91-A:5, IX. Additionally, the City is not in possession of similar | 2nd request came in on 02.25.2022 |
| 2022-757AS | L. Colquhoun | | 03.02.2022 | 03.09.2022 | 03.09.2022 | | | | CLOSED | Under the New Hampshire Right to Know Law R.S.A. Ch. 91-A et seq., please provide me with either a copy and/or screen shot of the memo going out on the Electronic Board for employees to review information about the change in the retention time period that had been done by the City of Nashua in 2020. This information was made by Ms. Kleiner on the stand in court the other day, while under oath. | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-762AS | L. Ortolano | | 03.05.2022 | 03.11.2022 | 03.10.2022 | | | | CLOSED | During the December 6, 2021 merit hearing regarding the RTK request for Louise Brown's emails, your testimony was capture by transcription (Laurie Ortolano v City of Nashua, 226-2021-CV-00354, December 6, 2021 at 9:04 am) on pages 20-21 L 20-4, the following:<br><br>Q So what was the basis for the city to determine that the emails on Ms.Brown's computer were not reasonably accessible?<br>A By the time that the request was made, they were no longer within her computer. Her computer had actually been repurposed by that point.<br>Q Okay. Is there any policy by which a citizen would know that this is happening with records when an employee leaves?<br>A There is a policy.<br><br>On April 27, 2021, I submitted a Right to Know request for all | |
| 2022-763AS | L. Ortolano | | 03.08.2022 | 03.15.2022<br>03.28.2022 | 03.11.2022<br>03.28.2022 | | | | CLOSED | This is a Right to Know request under RSA 91-A.<br><br>In reviewing the Change Management Policy provided to me by the CIty, it states,<br><br>All actions that meet the City of Nashua definition of a change must be identified and authorized by generating a Change Request through Change Gear.<br><br>No change may be implemented without documented approval from the assigned approvers<br>All changes must have documented back out procedures<br>All changes must have documentation of how they have been tested in development...<br>All Exceptions to this policy must be documented and approved by Change Management | On 03.11.2022 question 1 and 4 answered and sent documents. No response to question 3. Question number 2 will be answered by 3/28/2022 |
| 2022-764AS | L. Colquhoun | | 03.09.2022 | 03.16.2022 | | | | | CLOSED | Under the New Hampshire Right to Know Law R.S.A. Ch. 91-A et seq., please provide me with a copy of the presentation that you supplied the Board of Aldermen on the 14 Court St property. This was the information that you stated in the Budget Committee that you would forward to them.<br><br>There should be no fees for copying these records because this information should be readily available to the public. This information is not being sought for -CV-commercial purposes.<br><br>The New Hampshire Right to Know Law requires a response time of five business days. If access to the records I am requesting will take longer than this amount of time, please contact me with information about when I might expect copies | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-767AS | L. Ortolano | | 03.10. 2022 | 03.17.2022 | 03.10. 2022 04.11. 2022 | 04.11. 22 Batch 1 | | | | In speaking with Ms. Veino today regarding your input to my RTK requests, I was informed that she gathers information from, legal, you and Kleiner on these responses.Then she writes the letter.<br><br>The reason I called for clarification on how requests are being processed, is because the responses come unsigned with people CC'd at the bottom.<br><br>Ms. Kleiner stated in Court that if you want to find out who is responsible for the correspondence, to call the person who emailed the communication. That would be Ms. Veino and that is who I called today.<br><br>Under RSA 91-A: | Sent 5 day letter extending due date to 4/11/2022 |
| 2022-768AS | L. Ortolano | | 03.10. 2022 | 03.17.2022 | 03.11. 2022 | | | | CLOSED | Laurie Ortolano stopped at the Assessing Dept counter yesterday with several comments and complaints. I listened but did not respond to anything. At the end, she verbally requested a copy of the date-stamped page (only) for every 2020 Tax Year abatement application.<br><br>This may have been provided to her already in full abatement application form, some time last year. It would have been handled by Jesse. I cannot find the full file of redacted abatement applications in the Assessing-Legal folder. Perhaps they are in your folders somewhere.<br><br>This a simple request but it may be related to the current litigation. We have the full list of redacted abatement applications. We can turn those over quickly. She asked for the date-stamped page only, but that is creating new documents and is time-consuming, probably at least two hours. I don't see the need for creating new documents. | |
| 2022-769AS | L. Ortolano | | 03.13. 2022 | 03.21.2022 | Batch 1 - 03.22. 2022 Batch 2 - 03.23. 2022 | | | | CLOSED | 1. All documents, records, emails, policies, website postings, communications, etc. that address the posting of public meetings and the access to meeting minutes as required by RSA 91-A. I am seeking recent documents that would pertain to the recent record access issues addressed by the public. The timeframe for this search is December 1, 2021 to March 13, 2022. Please note, I have never used "etc" in a request, but since the legal office uses it in my response, I am incorporating it into my request.<br>Per RSA 91-A:4 IV(c) If you deny any portion of this request, please cite the specific exemption used to justify the denial to make each record, or part thereof, available for inspection along with a brief explanation of how the exemption applies to the information withheld | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-772AS | L. Ortolano | | 03.05.2022<br>03.17.2022 | 03.14.2022<br>03.18.2022 | 03.18.2022 | | | | CLOSED | Mr. Miseirvitch,<br><br>Under RSA 91-A, please provide me with all emails sent to or from you regarding your May 27, 2021, 10:05 am log and email of Assesshelp emails sent by Laurie Ortolano in the month of January 2021.<br><br>I would like the search to start May 26, 2021. | |
| 2022-773AS | L. Ortolano | | 03.22.2022 | 03.29.2022 | | | | | CLOSED | Nick,<br><br>The City's email storage and retention policies or practices are unclear to me. The 45 day policy is in writing but is not adhered to as COVID changed this to 120 days. The city over a period of 6 months was denying records based on a 45 day retention period that was not being adhered to. I learned in the trial that the assesshelp emails are purged after 60 days. Who knew? Not Ms. Kleiner according to her testimony. And not the public because the trial revealed that this is not a written policy.<br><br>I am looking for all the storage and retention practices for all the categories of emails received by the City. It appears that your department sets the system program to perform the purging. Does the building department have a different retention policy based on the permit technician website that receives requests for permit records? | |
| 2022-775AS | L. Ortolano | | 03.27.2022 | 04.04.2022 | | | | | CLOSED | I received a set of documents on IT policies and procedures last summer from Ms. Kleiner through a RTK request. You may have assisted with this. There was no information on backup procedures because Ms. Kleiner said those are confidential for data security reasons. Understood. Attached are the policies I received.<br><br>Based on information and belief, written documentation would be required to remove tapes and return tapes to the storage facility. I am requesting any type of documentation, report, email or communication, that shows the date when the tape was retrieved in May 2021 to search for January Assesshelp emails and returned to the confidential storage facility. I would also like any record(s) that would document when the emails | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| 2022-020AS | Teamsters | | 01.12.2022 | 01.20.2022 | 01.20.2022 | | | | CLOSED | Please see the Teamsters Information Request. | |
| 2022-001AS | Joshua Faherty, TRC Companies | | 01.13.2022 Rec'd from City Clerk on | 01.18.2022 01.25.2022 | 01.28.2022 | | | | CLOSED | TRC requests information on municipal liens, property cards, asbestos abatement project permits, environmental hazard inspections, violations, enforcement activity, case files, development records, storage tanks, or DEP correspondence for Parcel #00001-000028. | |
| 2022-002AS | Paula Johnson | | 02.04.2022 | 02.11.2022 02.15.2022 | 02.09.2022 | 02.15.2022 | | | CLOSED | Please provide me with any and ALL accidents plus costs concerning Mayor Donchess city vehicle. | |
| 2022-003AS | L. Colquhoun | | 04.01.2022 | 04.08.2022 | 04.08.2022 | | | | CLOSED | Under the New Hampshire Right to Know Law R.S.A. Ch. 91-A et seq., please provide me with copies of all deeds processed through Hillsborough County Registry of Deeds for the property located at 78-84 West Pearl St. by the City of Nashua for the assessing department. This information is posted on the property card for 78-84 West Pearl St.<br><br>There should be no fees for copying these records because this information should be readily available to the public. This information is not being sought for commercial purposes.<br><br>The New Hampshire Right to Know Law requires a response time of five business days. If access to the records I am requesting will take longer than this amount of time, please contact me with information about when I might expect copies or the ability to inspect the requested records.<br>If you deny any or all of this request, please cite each specific exemption you feel justifies the refusal to release the information and notify me of the appeal procedures available to | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-004AS | L. Ortolano | | 04.04.2022 | 04.11.2022 | | | | | CLOSED | I am requesting that Ms. Kleiner search her paper file on Laurie Ortolano and locate this printed document of the January 17, 2021 email from Laurie Ortolano to Assesshelp and Rick Vincent's Lebanon's address. I am also requesting that she search her computer records to see if this abatement application was forwarded to her by Ms. Mazerolle. It appears Amanda references my January 17, 2021 email, on January 20, 2021 when she receives another Baltimore Rd abatement. Amanda emails (either Vincent and/or Kleiner) that it appears to be the one Laurie sent in a few days ago. She was incorrect about this assumption. | |
| 2022-005AS | L. Ortolano | | 04.06.2022 | 04.13.2022<br>04.27.2022 | 04.13.2022<br>04.27.2022 | | | | CLOSED | Ms. Kleiner,<br><br>In speaking with you at the end of the finance meeting, you stated that one of the reasons you pursued this new software interface is because people complained about abatements and how difficult it was to find sales data.<br><br>I am aware that I complained when the $25,000 Cornell Dashboard was brought online to the public. I am aware Ms. Colquhoun complained.<br><br>Under RSA 91-A, please provide all records of any complaint related to the abatement process in Nashua August 2020 to current, including all complaints memorialized regarding the Cornell Dashboard added to the assessing website. Please specify how the search was done and how records have been retained. | 04.13.2022 firt response went out by Kim K. 2nd response due on 04.27.2022 |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-006AS | L. Ortolano | | 04.07.2022 | 02.14.2022 | 02.14.2022 | | | | CLOSED | Under RSA 91-A, please provide me all records for the RFP and bid contracts for the proposal to integrate the Nashua GIS system and the Assessing database. This $82,040 contract for ESRI consulting services was presented at last evening's finance committee meeting and I would like to understand if this was competitively bid and how the proposal was written for bidding.<br><br>Thank you for your lawful assistance in this matter. Please | |
| 2022-007AS | L. Colquhoun | | 04.09.2022 | 04.15.2022 | 04.13.2022 | | | | CLOSED | Under the New Hampshire Right to Know Law R.S.A. Ch. 91-A et seq., please provide me with copies of all PA-34 forms filed with the State of New Hampshire DRA for 78-84 West Pearl Street from 2018 to 2022. | |
| 2022-008AS | L. Ortolano | | 04.15.2022 | 04.22.2022 | 04.22.2022 | | | | CLOSED | Pursuant to the Right to Know Law (RSA. 91-A), I am requesting public access, within 5 business days, to the governmental records reasonably described as follows:<br>1. The list of all meetings held in nonpublic sessions to include the list of minutes and decisions that identify the items required by the RSA 91-A:3 III provided above. These records are to cover all nonpublic sessions of all Nashua City Boards or Committees for the first quarter of 2022, January 1, 2022 through March 31, 2022.<br>Per RSA 91-A:4 IV(c) If you deny any portion of this request, please cite the specific exemption used to justify the denial to make each record, or part thereof, available for inspection along with a brief explanation of how the exemption applies to the information withheld. | |
| 2022-009AS | L. Ortolano | | 04.19.2022 | 04.26.2022 | 04.26.2022 | | | | CLOSED | I reviewed the data provided by Vision regarding the equalization level for various 1400 properties and condos; I have several questions that I hope to receive answers to. I spoke with Rick Vincent over at City Hall and discussed my concerns. He provided some answers but I would like to expand on my questions. I would appreciate it if the Board of Assessor would request and/or discuss this information.<br><br>The sales data used to perform this analysis is based on April 2021 to January 2022 data. We have now passed the April first collection date for sales data. What is the cutoff date for Vision to collect sales data?<br><br>Vision did not provide any information on the resetting of the | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-010AS | L. Ortolano | | 04.24.2022 | 04.29.2022 | 04.29.2022 | | | | CLOSED | In the February 8, 2022 Board of Aldermen meeting, you stated, ""Last week Chief Vincent and I received several e-mails on the project from a resident who also coped the State DRA and the Nashua Police Department. Information and misinformation in those e-mails caused me to reach out to the vendor."<br><br>I have two emails I sent on February 4, 2022 regarding the scanning project:<br><br>[1] Friday, February 4, 2022 @ 2:52 pm - To Rick Vincent cc - Kleiner, Donchess and James Gerry<br><br>[2] Friday, February 4, 2022 @ 2"34 pm to Kim Kleiner cc: Parkinson and Diane Viana | |
| 2022-011AS | L. Ortolano | | 04.27.2022 | 05.04.2022 | 05.03.2022 | | | | CLOSED | It has come to my attention that the CIty received a document regarding the new contract for the cable TV Nashua. Information circulating is that a letter was sent in by an attorney. Under RSA 91-A, please forward an electronic copy of the communication received regarding this matter. If there are numerous communications, please explain what documents exist and I will do my best to assist you. | |
| 2022-012AS | L. Ortolano | | 04.27.2022 | 05.04.2022 | 04.28.2022 | | | | CLOSED | I am requesting information regarding the city's movement towards cloud based email storage to eliminate the issue with email storage and retention. In August 2021, Ms. Kleiner told me the City was exploring cloud based email storage.<br><br>Shortly after, I had a conversation with you and you indicating this was being explored. I would like an update on when cloud based email storage will be used for emails and folders. Has the City purchased cloud storage to move emails to this form of storage? Will this be presented in the budget for 2023? Can you explain the tradeoff of eliminating back up tapes being used to save emails and folders and storing all this public information on the cloud. I really am not interested in making this a RTK request, but if you have any documents that discuss the use and cost of cloud storage for Nashua, I would | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-013AS | L. Ortolano | | 04.29.2022 | 05.06.2022 | 05.06.2022 | | | | CLOSED | I am looking for clarification of the email storage and retention policy. The City provided me last June 2021 with an updated signed copy of the 45 day email retention policy by Mayor Donchess. It was later discovered that the city had internally changed the policy to 120 days due to COVID.<br>Can you tell me why 366 days was picked for the retention for emails now stored on the cloud? I did address with you the need for longer retention for assessing department emails and I would like to understand how the city wide 366 days was determined.<br><br>Is the City still maintaining the 45 day email storage and retention policy (now a 120 day policy, if this has not been changed)? Or is the city operating under a different email storage and retention policy? If that policy exists as a record, could you please provide the record. | |
| 2022-014AS | L. Ortolano | | 05.02.2022 | 05.09.2022 | 05.06.2022 | | | | CLOSED | Attorney Bolton appears to be absent from City Hall for several weeks. I want to know if his employment status has changed and if he is collecting disability or no longer serving in the position of Corporation Counsel.<br><br>If you are unable to respond to the question, please provide me with pay stubs for employment for February through April 2022. | |
| 2022-015AS | L. Ortolano | | 05.05.2022 | 05.12.2022 | 5.11.2022 | | 5.11.2022 | | CLOSED | The Citizens flagpole information and sign up authorization seems to have disappeared from the City website. Could you please provide any records that authorized IT or anyone in City Hall to remove that information from the website. The timeframe for the records search probably is very recent, but do the search from January 1, 2022 to current. | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-016AS | L. Ortolano | | 05.10.2022 | 05.17.2022 | | | | | CLOSED | Can you direct me to the youtube video for the September 16, 2021 board of Assessor meeting. There is a live broadcast link but it cuts out and keeps repeating from the beginning after about 5 minutes of recording. I would to listen to the complete meeting as Mr. Hansberry spoke specifically to my comments at public input on August 26, 2021. I would like to listen to the complete recording and /or review the tape recording of the meeting, if no youtube was recorded for that meeting, I would like to know why as all the other BOA meetings for 2021 are on youtube. | Cancel this request |
| 2022-017AS | L. Ortolano | | 05.10.2022 | 05.17.2022 | | | | | | Any records regarding the contract with mimecast for cloud based email storage signed to begin cloud based storage of emails in September 2021. I would like any record of the dates the contract signed as well as the signed contract.<br><br>Any public documents from the work performed by the Information Technology Committee formed by R-20-021. I understand Ms. Kleiner or IT maintains a paper file. I would like to inspect this file to determine what documents exist and are of interest to me.n This committee was formed on or about April 2020.<br><br>Any email communications regarding the investigation into cloud based email storage and all emails on mimecast cloud based email storage. This search should be from August 1, 2021 to December 31, 2021. Based on the testimony of | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-018AS | Bobby Jones | | 05.16.2022 | 05.23.2022 | | | | | | As the duly appointed Exclusive Representative of the AFSCME Bargaining Unit, I am requesting the following information be provided to the Union:<br><br>Regarding the Bargaining Unit:<br>1. A list of dues paying members by name in the bargaining unit; and<br>2. The number of funded positions in the bargaining unit; and<br>3. The number of funded vacancies in the bargaining unit.<br><br>For the all employees covered by the bargaining unit:<br>1. first name, middle initial, and last name<br>2. effective date;<br>3. home address<br>4. mobile phone number;<br>5. home phone number;<br>6. work phone number;<br>7. personal e-mail address; | |

| Req # | Requester | CC atty | Dated | 5 day letter due | 5 day delivered date | "promise" date | request delivered date | review/ redact heavy | Open or Closed | Specific Request | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022-019AS | Elizabeth Lu | | 05.16.2022 | 05.23.2022 | | | | | | I wonder if you could forward to me the Job Descriptions of the positions below that are members of the Mayor's staff. Additionally, could I please obtain the job description of the Treasurer and additionally, the position of Treasury Management Officer? Thank you for your assistance.<br>Sincerely,<br><br>Elizabeth Lu<br>603.508.0058<br><br>ADMINISTRATIVE ASSISTANT II<br>CHIEF OF STAFF<br>COMMUNICATIONS & SPECIAL PROJECT COORDINATOR<br>CONSTITUENT SERVICES COORDINATOR | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | | |
| 2019-1 | June 4, 2019 | Ortolano | Kim Kleiner | | 6/11/19 & 6/26/19 - City's response sent<br>***Request Satisfied*** | Emails responded to by Greg Turgiss from 10/1/18 thru 1/1/19, data from week of 12/4/18 thru 12/6/18 & 12/10/14 thru 12/14/19, Audit Logs |
| 2019-2 | June 13, 2019 | Ortolano | Kim Kleiner | June 20, 2019 | ***Request Satisfied*** | May mileage reimbursement reports & field logs |
| 2019-3 | June 16, 2019 | Ortolano | Kim Kleiner | ~~July 26, 2019~~<br>~~(originally due July 12, 2019)~~<br>~~Aug. 15, 2019~~<br>~~Ongoing~~<br>~~**(Open ended)**~~ | ~~6/19/19 - Letter sent from Kim to Ortolano on stating City would answer her request by 7/12/19~~<br>~~7/1/19 sent letter to LO extending response to 7/26/19~~<br>~~7/26/19 letter sent extending time to Aug. 15, 2016~~<br>~~8/13/19 - Batch 1 & 2 JD emails sent~~<br>~~8/29/19 Batch 3 of JD emails sent~~<br>~~10/11/19 Batch 4 of JD Emails sent~~ | Emails Jon Duhamel created or responded to from 9/1/18 thru 10/31/18<br>972 pages |

Update 4/13/2022 - MP

# Right-to-Know Requests Fileu by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | (5-day letters need a reason as to the delay or the time needed for a response) | | | | |
| | | | | | ~~**10/22/19 Batch 5 of JD Emails sent**~~<br><br>**11/13/19 – 6th and final batch sent** | |
| 2019-4 (See also 2019-17) | June 18, 2019 | Colquhoun | BMcK | July 12, 2019<br><br>(originally due June 28, 2019) | 7/12/19 - City's response sent<br><br>6/28/19 - Letter sent from McKinney to Colquhoun stating City would answer her request by 7/12/19 due to technical issue exporting report<br><br>7/15/19 - Colquhoun sent email stating city sent incorrect info<br><br>***Request Satisfied*** | Report of open building permits |
| 2019-5 | June 18, 2019 | Ortolano | Kim Kleiner | | Kim originally responded to this request on 6/4/19 in response to a RTK request filed by Ortolano on _______?<br><br>(This request was dated June 19, 2019 but was | AssessPro reports showing all open and check back permits with dollar values |

# Right-to-Know Requests Fileu by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | received by the City via email on June 18, 2019)<br><br>***Request Satisfied*** | |
| 2019-6 | June 20, 2019 | Ortolano | Kim Kleiner | June 26, 2019 | 6/26/19 - City's response sent<br><br>***Request Satisfied*** | Value letters sent out by KRT |
| 2019-7 | June 20, 2019 | Ortolano | Kim Kleiner | June 26, 2019 | 6/26/19 - City's response sent<br><br>***Request Satisfied*** | AssessPro report for Greg Turgiss for Feb., March & April |
| 2019-8 | June 21, 2019 | Colquhoun | Kim Kleiner &<br><br>David Fredette | July 3, 2019 | 7/3/19 - City's response sent<br><br>6/28/19 - Letter sent to Colquhoun stating City would answer her request by 7/3/19<br><br>One response sent for 2019-8, 2019-9 & 2019-10<br><br>***Request Satisfied*** | Complete list of all property tax bills written off and policies regarding tax liens and change records |
| 2019-9 | June 23, 2019 | Colquhoun | Kim Kleiner &<br><br>David | July 3, 2019 | 7/3/19 - City's response sent<br><br>***Request Satisfied*** | Complete list of all property tax bills written off and policies regarding tax liens and change records |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | Fredette | | | |
| 2019-10 | June 23, 2019 | Ortolano | David Fredette | July 3, 2019 | 7/3/19 - City's response sent<br>***Request Satisfied*** | Policies on writing off property taxes |
| 2019-11 | June 24, 2019 | Colquhoun | Kim Kleiner | July 1, 2019 | 6/26/19 - City's response sent<br>***Request Satisfied*** | AssessPro report from 5/20/19 thru current |
| 2019-12 | June 28, 2019 | Ortolano | Kim Kleiner | July 19, 2019<br>(originally due July 9, 2019) | 7/23/19 - City's response sent<br>7/1/19 - Letter sent from CKL to Ortolano stating City would answer her request by 7/19/19<br>***Request Satisfied*** | Assessing Audit Logs from 1/1/17 thru 10/1/18 |
| 2019-13 | July 12, 2019 | Ortolano | Mayor<br>(Kim Kleiner) | July 19, 2019 | 7/19/19 - City's response sent<br>***Request Satisfied*** | Request for email regarding removal of white board and agenda for staff meeting on June 21, 2019 – Transparency, Deception & run around |
| 2019-14 | July 12, 2019 | Ortolano | Kim Kleiner | July 19, 2019 | 7/19/19 - City's response sent | Font size on prev. report sent – Nov. & Dec. mileage reimbur. For Greg T. – Letter of sales data report - list of |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | (5-day letters need a reason as to the delay or the time needed for a response) | | | |
| | | | | | ***Request Satisfied*** **See also 2019-27** | prop. Owners who rec'd ltr & responses sent from Prop. Owners – copy of table data for commercial prop. – review paperwork that requires to be signed off on. |
| 2019-15 | July 15, 2019 | Ortolano | Question to AssessHelp (Kim Kleiner) | July 22, 2019 | 7/19/19 - City's response sent<br>7/17/19 email from LO – no doc request – no response needed<br>***Request Satisfied*** | Ques. Re: permit Capture & MLS Verification and protocol for closing & assessing permits |
| 2019-16 | July 15, 2019 | Ortolano | Question to AssessHelp (Kim Kleiner) | July 22, 2019 | 7/19/19 - City's response sent<br>7/17/19 email from LO – Per CKL (no doc request – no response needed)<br>***Request Satisfied*** | Ques. MLS and ratio |
| 2019-17 (see also 2019-4) | July 15, 2019 | Colquhoun | Bill McKinney | July 22, 2019 | 7/19/19 - City's response sent<br>***Request Satisfied*** | States that documents sent 7/12/19 are not what was asked for – Bill disagrees<br>Also see 2019-4 |
| 2019-18 | July 17, 2019 | Ortolano | Kim Kleiner | August 6, 2019 | Doc request – sales pictures for 11 Burnside Street | Question about market value/permit values<br>Titles on Business cards |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | |
| | | | | (originally due July 24, 2019) | Letter sent from CKL to Ortolano stating City would answer request by August 6, 2019<br><br>8/1/19 City's Response sent<br><br>***Request Satisfied*** | |
| 2019-19 Corr | July 22, 2019 | Ortolano | Kim Kleiner | n/a | 7/22/19 – Per CKL - **No document request – no action required** | |
| 2019-20 | July 22, 2019 | Colquhoun | Kim Kleiner Bill McKinne y | July 29, 2019 | 7/29/19 – City Response sent<br><br>***Request Satisfied*** | Written policy for the closing of permits<br><br>Report of all closed permits |
| 2019-21 | July 19, 2019 | Colquhoun | Board of Assessor s/Kim Kleiner | July 26, 2019 | 7/25/19 – City's Response sent<br><br>***Request Satisfied*** | Definition of Accessory Dwelling – look at ordinance as amended and RSA |
| 2019-22 | July 19, 2019 | Colquhoun | Board of Assessor s & Kim Kleiner & Dave Fredette | July 26, 2019 | 7/24/19 – City's Response sent<br><br>***Request Satisfied*** | 591 West Hollis Street – |
| 2019-23 | July 25, 2019 | Colquhoun | Board of Assessor | July 31, 2019 | 7/31/19 – City's Response sent | Questions – L White Oak Acct #49560 & #49561 – Real Estate Taxes |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | (5-day letters need a reason as to the delay or the time needed for a response) | | | |
| | | | s & Kim Kleiner | | ***Request Satisfied*** | |
| 2019-24 Corr | July 23, 2019 | Ortolano | Board of Aldermen, Board of Assessors, Kim Kleiner, Louise Brown, Cheryl Walley & Mayor | n/a | 7/24/19 – Per CKL - Correspondence – ***no documents request no action required*** | Deception & run around – Part 3 |
| 2019-25 Corr | July 30, 2019 | Ortolano | Kim Kleiner, Mayor & Board of Assessor | n/a | 8/1/19 City's response to email sent<br><br>***Corr. Satisfied*** | Questions about 2 Columbia Ave. & refused entry to Assessors (by KK) |
| 2019-26 | July 30, 2019 | Ortolano | Kim Kleiner, Mayor & Board of Assessor | August 2, 2019 | 7/31/19 – City's Response sent<br><br>***Request Satisfied*** | Request for electronic copy of contract & scope of work for David Cornell |
| 2019-27 | August 7, 2019 | Ortolano | Walked into legal | Aug. 26, 2019 | 8/14/19 – City's Response sent<br><br>***Request Satisfied*** | Requested review of letters sent to property owners from sales data report and responses if any<br><br>8/8/19 – came to legal – was handed templates of letter & questionnaire |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | (5-day letters need a reason as to the delay or the time needed for a response) | |
| | | | | | **See also 2019-14** | |
| 2019-28 | August 8, 2019 | Ortolano | Kim Kleiner Mayor Board of Assessor CKL | ~~5-day response 8/15/19~~<br><br>~~Due Sept. 9, 2019~~<br><br>~~Due Nov. 5, 2019~~<br><br>**Due Jan. 5, 2019** | ~~8/9/19 – sent letter to LO time required 9/9/19~~<br><br>~~9/5/19 sent letter to LO with the PA-7's attached and explaining the PA-29's & PA-35's would be available November 5, 2019~~<br><br>~~Rec'd 1st batch to scan and mark for redaction~~<br><br>11/5/19 – sent letter extending response date<br><br>11/6/19 Response sent ***Request Satisfied*** | Requested forms signed off by assessing officials between March 1, 2019 to August 8, 2019<br>1. **PA-29 Permanent App of prop. Tax credits/exemp**<br>2. **PA-35 assessing officials reponse to exemp/tax/credit/deferral app**<br>**(NOTE: Per LO's 9/18/19 8:54pm email, she only wants the PA-29's and PA-35's that are signed by anyone other than Greg Turgiss. If they are all signed by Greg, she does not want them. This modification to her request still requires review of each PA-29 and PA-35.)**<br>~~3. CU-12 Summery of forest stewardship plan for current use assessment~~<br>~~4. PA-7 intent to cut wood or timber~~<br>~~5. PA-38 notice of intent to excavate~~<br>~~6. A-10 app. For current use~~ |
| 2019-29 | August 7, 2019 | Ortolano | ML | August 14, 2019(5 days) | 8/9/19 City's response sent ***Request Satisfied*** | NEREN contract – we need to add by-laws to that |
| 2019-30 | August 8, 2019 | Ortolano | Kim Kleiner CKL Louise Brown Fojo Lindsey | August 15, 2019 (5 days) | 8/9/19 City's response sent ***Request Satisfied*** | Assessing Policy Manual |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | Stepp BOA Board of Assessor | | | |
| 2019-31 | August 9, 2019 | Ortolano | Kim Kleiner Mayor Fojo Heather Heline (Telegraph) | N/A | 8/9/19 City's response sent<br>***Request Satisfied*** | Draft forms documents of the assessing manual |
| 2019-32 Corr | August 11, 2019 | Ortolano | Mayor's office email L. Budreau SAB CKL | N/A | 8/13/19 Correspondence – ***no documents request no action required*** | Deception and Run Around – Part 4 |
| 2019-33 | August 10, 2019 | Colquhoun | John Griffin | August 16, 2019 (5 days) | 8/16/19 City's response sent<br>***Request Satisfied*** | Copy of info supplied to KRT for their Full Statistical Revaluation in ref. to properties that are exempt from taxation |
| 2019-34 | August 9, 2019 | Colquhoun | John Griffin | August 16, 2019 (5 days) | 8/16/19 City's response sent<br>***Request Satisfied*** | Complete listing of all residential and commercial/industrial properties that sold btw 4/1/17 to 3/31/18 (visited by KRT) |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | | |
| 2019-35<br>Corr | August 12, 2019 | Colquhoun | Peter Roth<br>DRA<br>John Griffin<br>Mayor<br>Lindsey Stepp<br>SAB | N/A | 8/13/19<br>Correspondence – ***no documents request no action required*** | Contract compliance issues with the 2018 KRT Statistical Update for the City of Nashua etc. |
| 2019-36<br><br>**Also see 2019-59, 2019-95 2020-292**<br>**KRT - Reval PRC's** | August 13, 2019 | Ortolano | Kim Kleiner<br>CKL<br>Mayor<br>Board of Assessor<br>Fojo | ~~August 20, 2019 (5 days)~~<br>~~August 27, 2019~~<br>~~9/10/19 – Will update letter due November 5, 2019~~<br>~~Dec. 12, 2019~~<br>As more are completed they will be sent | ~~8/20/19 City's sent letter to LO that city will grant or deny by 8/27/19~~<br><br>~~9/10/19 – City sent letter explaining exemptions and deadline for 1 & 4~~<br><br>~~11/12/19 – sent letter extending response date~~<br><br>12/13/19 – Batch 1 of responsive docs sent<br><br>Per email from L. Ortolano request withdrawn<br><br>***Request Satisfied*** | KRT Contract – compliance<br>1. Info from review process -docs used/obtained by KRT<br>~~2. data collection manual~~<br>~~3. field data collection cards, worksheets, docs used for valuation process, deeds collected on sales~~ **Notes exempt**<br>4. Informal reviews (property cards & market analysis to new Prop. Values) **same as 1**<br>~~5. Spreadsheet of final values from KRT~~<br>~~Over 30,000 documents~~ **does not exist** |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| 2019-37 | August 13, 2019 | Ortolano | Assessing Dept. | ~~August 20, 2019 (5 days)~~ ~~October 15, 2019~~ Dec. 15, 2019 | 8/20/19 – city's response sent (timeframe)<br><br>10/15/19 – Sent Letter extending time to Dec. 15, 2019<br><br>11/14/19 - Batch 1 of AssessHelp email sent<br><br>12/6/19 Final Batch sent<br>***Request Satisfied*** | Review of Binder of Assesshelp question maintained by Cheryl Walley (actually maintained by Louise) – 454 pages |
| 2019-38 | August 14, 2019 | Ortolano | Kim Kleiner CKL Mayor Fojo | ~~August 21, 2019 (5 days)~~ Sept. 4, 2019 | 9/4/19 City's response sent<br><br>***Request Satisfied*** | Email copy of packet given to Board of Assessors for 10/18/18 meeting<br><br>Any emails btw KRT & city re: EYB |
| 2019-39 | August 15, 2019 | Ortolano | Kim K. CKL Mayor Fojo | August 22, 2019 (5 days) | **Withdrawn by L. Ortolano 8/22/19**<br><br>***Request Satisfied*** | Letters sent to sellers/buyers & Real estate brokers – phone logs or calling list |
| 2019-40 | August 14, 2019 | Ortolano | Trish Klee Board of Assessor | August 23, 2019 (5 days) | 8/23/19 City's response sent | Email invitation to assessing staff to attend Board of Aldermen August 13, 2019 |

# Right-to-Know Requests Fileu by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | |
| | | | Mayor KK CKL Lori Wilshire | | ***Request Satisfied*** | |
| 2019-41 | August 18, 2019 | Colquhoun | CKL Mayor KK John Griffin Lindsey Stepp Peter Roth Dianne Martin | August 23, 2019 (5 days) | 8/21/19 City's response sent<br><br>***Request Satisfied*** | Complete listing of all residential and commercial/industrial properties that sold btw 4/1/17 to 3/31/18 (visited by KRT) – believes we holding it back |
| 2019-42 | August 16, 2019 | Ortolano | KK CKL Mayor BOA Board of Assessor Heather Henline & Kim Houghto n | August 23, 2019 (5 days) | 8/23/19 City's response sent<br><br>***Request Satisfied*** | Email forwards of LO emails to Board of Assessors dated 6/13/19 @ 4:54PM<br>8/14/19 @ 12:34PM &<br>8/14/19 @ 1:24PM |
| 2019-43 | August 22, 2019 | Colquhoun | CKL Mayor | August 29, 2019 (5 | 8/29/19 City's response sent | Listing and/or files of the "actual" inspections that were on by KRT |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | J. Griffin KK Lindsey Stepp Peter Roth Diane Martin | days) | ***Request Satisfied*** | |
| 2019-44 Corr | August 26, 2019 | Ortolano | CKL KK | Sept. 5, 2019 | 8/29/19 City's response sent – by email ***Request Satisfied*** | NEREN - MLS Photos "PDF's can be shared (Jill said so) Using NEREN illegally |
| 2019-45 Corr | August 27, 2019 | Ortolano | L. Budreau Board of Assessors BOA Fojo Lindsey Stepp Peter Roth James Gerry Matt Plamondon | | 8/27/19 Correspondence – ***no documents request no action required*** | Malicious Compliance |

# Right-to-Know Requests Fileu by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| 2019-46 | August 27, 2019 | Colquhoun | KK | Sept. 4, 2019 | 8/28/19 City's response sent – by email<br><br>***Request Satisfied*** | Copy of RFP for property revaluation for 1.3 million |
| 2019-47 | August 28, 2019 | Ortolano | Sent only to CKL<br>———<br>Was fwd to KK C. Linder Mayor BOA S. Lovering Legal L. Brown | ~~Sept. 5, 2019 (5 days)~~<br><br>~~**Due Sept. 19, 2019**~~ | 9/5/19 sent letter time required 2 wks until Sept. 19, 2019<br><br>9/13/19 – Response sent<br><br>***Request Satisfied*** | 1. All emails or docs regarding changes being authorized by KRT<br>2. Emails or letters to BOA, Mayor or KK regarding telegraph article<br>~~3. Electronic copy of BTLA minutes (transcript of hearing)~~ |
| 2019-48 | August 29, 2019 | Ortolano | Phone call to legal | ~~Sept. 5, 2019 (5 days)~~<br><br>~~9/12/19~~ | ~~9/4/19 City's response sent – asked what month~~<br><br>9/12/19 City's response sent<br><br>***Request Satisfied*** | Review of monthly report generated by Lynn on Building permits issued summary<br><br>LO emailed 9/5/19 re: 7/12/19 request she asked for latest report – MP emailed back 9/5/19 should we assume by email you want Aug. report –let us know<br><br>Wants August report |
| 2019-49 | August 29, 2019 | Ortolano | KK CKL Board of Assessor | ~~Sept. 5, 2019 (5 days)~~ | 9/5/19 sent response – asked to clarify 1 & 2 and for 3 attached to the response | 1. Restored version of AssessPro before the $24,000,000 change was made to the 13 properties on 10/10/18<br>2. Property cards "changed" 10/8/18 & 10/9/18 – 285 |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | (5-day letters need a reason as to the delay or the time needed for a response) | | | |
| | | | s<br>Fojo<br>L. Stepp<br>J. Gerry | | ***Request Satisfied*** | W. Hollis, 713 A-B W. Hollis & 68-75 Main St.<br>~~3. Electronic copies of all agendas of Assessing staff meetings since 4/1/19~~ |
| 2019-50 | Sept. 3, 2019 | Ortolano | Assessing Dept.<br>KK<br>Fojo | Sept. 11, 2019<br>(5 days) | 9/10/19 – City's response sent<br><br>***Request Satisfied*** | Review files Assessing files<br>41 Berkley St.<br>13 Ryan Way<br>12 Briarcliff |
| 2019-51<br><br>Correspondence | Sept. 3, 2019 | Ortolano | Larry B.<br>KK<br>Board of Assessors<br>Fojo | **N/A** | **N/A** | Letter to HR about not getting 3 property files right away and not being able to speak to Greg T. |
| 2019-52 | Sept. 3, 2019 | Ortolano | CKL<br>Fojo<br>Board of Assessors<br>KK<br>LB | ~~Sept. 13,2019 (5 days)~~<br><br>~~**Due 11/15/19**~~ | 9/13/19 – sent letter extending deadline to 11/15/19<br><br>***Per LO email on 9/13/19, 5:00pm, this request is cancelled*** | All emails sent to Ms. Kleiner from any Assessing personnel for the dates of August 6 thru August 9, 2019 |
| 2019-53 | Sept. 9, 2019 | Ortolano | KK<br>CKL<br>LB<br>Fojo | Sept. 16, 2019 | 9/9/19 – City's response sent<br><br>***Request Satisfied*** | Draft Copy of the last Board of Assessors meeting – 8/29/19 |
| 2019-54 | Sept. 9, 2019 | Ortolano | Gary Turgiss | Sept. 16, 2019 | 9/16/19 – City's response sent | MLS photo's of 41 Berkeley St. make available in assessing |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | (5-day letters need a reason as to the delay or the time needed for a response) | | | |
| | | | KK<br>CKL<br>LB<br>Fojo | | ***Request Satisfied*** | |
| 2019-55 | Sept. 9, 2019 | Ortolano | CKL<br>Mayors office email<br>KK | Sept. 16, 2019 | 9/16/19 – City's response sent<br><br>***Request Satisfied*** | 1. All emails correspondence and documents From aldermen, mayor, Board of assessor all assessing staff and KK<br>2. Meetings mayor had with citizens – all written records from Aug. 21, 2019 thru Sept. 6, 2019 |
| 2019-56<br><br>Correspondence | Sept. 9, 2019 | Ortolano | KK<br>CKL<br>Board of Assessor<br>James<br>Gerry<br>Lindsey<br>Stepp<br>Peter<br>Roth | N/A | 9/9/19<br>Correspondence – ***no documents request no action required*** | Questions to AssessHelp regarding Building Cod 72 properties |
| 2019-57 | Sept. 9, 2019 | Ortolano | KK<br>CKL<br>Fojo | Sept. 16, 2019 | 9/13/19 – City's response sent<br><br>***Request Satisfied*** | Video of CW working with LO for an hour – no date or time given |
| 2019-58 | Sept. 9, 2019 | Ortolano | CKL<br>KK<br>MP<br>LB | N/A | 9/9/19<br>Correspondence – ***no documents request no action required*** | Phone call to Pam A. re: GIS & Datadisk – scanning Assessing policy manual |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | | |
| | | | Pam A. Fojo | | | |
| 2019-59<br>**Also see 2019-36, 2019-95 2020-292**<br>**KRT - Reval PRC's** | Sept. 9, 2019 | Ortolano | CKL<br>MP<br>Fojo<br>J. Gerry<br>KK<br>LB | Sept. 17, 2019 | 9/17/19 – City's response sent<br><br>***Request Satisfied*** | 1. Hearing sheet for 41 Berkley St. & data package LO provided at 9-16-19 hearing<br>2. Data collection cards, worksheet etc. – **asked & answered 9/10/19**<br>3. Any property card for Acct#'s 10848, 29226, 36764, 39446, 40019, 40085, 40086, 45007, 49245, 49246, 51418, 52033 **are online**<br>4. **KRT contract 3.3.3** – Assessing provide to company a copy of all property transfers for a minimum of 2 years immediately preceding the effective date of stat reval of 4-1-18 – provide this data for inspection – **what is LO asking for not clear** |
| 2019-60 | Sept. 11, 2019 | Colquhoun | CKL<br>KK<br>LB | Sept. 18, 2019 | 9/18/19 – City's response sent<br><br>***Request Satisfied*** | 1. Any written Amendments to KRT contract<br>2. Payment Authorization and date of last payments |
| 2019-61 | Sept. 11, 2019 | Colquhoun | CKL<br>KK<br>LB | Sept. 18, 2019 | 9/18/19 – City's response sent<br><br>***Request Satisfied*** | Public records of my property card where KRT Appraisal made the market analysis related to my newly established property value |
| 2019-62 | Sept. 11, 2019 | Ortolano | CKL<br>KK<br>Fojo | Sept. 18, 2019 | 9/18/19 – City's response sent | 1. Copies of multi-property requests made to Assessing from 4/8/19 to current (9/11/19)<br>2. Copy of C. Walley memo to herself |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | Board of Assessors Scott Painter (parks & rec) | | ***Request Satisfied*** | |
| 2019-63 | Sept. 11, 2019 | Ortolano | CKL KK Fojo Board of Assessors Scott Painter (parks & rec) | Sept. 18, 2019 | 9/18/19 – City's response sent ***Request Satisfied*** | Please add to this request the timeframe for the documents created by Ms. Walley. Use the April 15, 2019 to July 31, 2019 – "I believe the correct month is May but search a wider window to be sure of capture" |
| 2016-64 **Correspondence** | Sept. 12, 2019 | Ortolano | CKL KK LB KO Fojo | Sept. 19, 2019 | **Got her questions answered** | 1. When is the MS-1 due 2. When will WEB-Pro be updated |
| 2019-65 | Sept. 13, 2019 | Ortolano | Came to legal CKL KK LB Fojo | ~~Sept. 20, 2019~~ | ***Per LO email on 9/18/19, 3:58pm, this request is cancelled*** | Wants a standing RTK request for monthly permit report – denied, will need a letter |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | (5-day letters need a reason as to the delay or the time needed for a response) | | | | |
| 2019-66 | Sept. 13, 2019 | Ortolano | CKL<br>MP<br>KK<br>LB<br>Fojo | ~~Sept. 20, 2019~~ | ***Per LO email on 9/16/19, 9:28am, this request is cancelled*** | Assessing office sign-in sheets from August |
| 2019-67<br><br>**ALSO SEE 2019-69, 2019-73 & 2019-88** | Sept. 13, 2019 | Ortolano | CKL<br>MP<br>KK<br>LB<br>Fojo | ~~Sept. 20, 2019~~<br><br>~~Oct. 11, 2019~~<br><br>**Oct. 25, 2019** | 9/20/19 – City's response sent stating time necessary to grant or deny request: by Oct. 11, 2019<br><br>10/10/19 sent letter extending deadline to 10/25/19<br><br>***10/11/19 – per LO email – No need to capture hrs/mins – do the whole day***<br>***Request Satisfied*** | Video footage of Assessing office on 9/13/19 11:45am – 1pm |
| 2019-68 (see also 2019-70) | Sept. 13, 2019 | Ortolano | CKL<br>MP<br>KK<br>LB<br>Fojo | Sept. 20, 2019 | 9/20/19 – City's response sent<br><br>***Request Satisfied*** | Email from Cheryl Walley to KK that has PDF of Board of Assessors packet for 10/18/18 meeting |
| 2019-69 | Sept. 16, 2019 | Ortolano | CKL<br>MP | ~~Sept. 23, 2019~~ | 9/20/19 – City's response sent stating | Video footage of Assessing office for day of 8/7/19 |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | (5-day letters need a reason as to the delay or the time needed for a response) | | |
| ALSO SEE 2019-67, 2019-73 & 2019-88 | | | KK<br>LB<br>Fojo | ~~Oct. 11, 2019~~<br><br>**Oct. 25, 2019** | time necessary to grant or deny request: by Oct. 11, 2019<br><br>10/10/19 – sent letter extending deadline to 10/25/19<br><br>***10/11/19 – per LO email – No need to capture hrs/mins – do the whole day***<br>***Request Satisfied*** | |
| 2019-70 (see also 2019-68) | Sept. 16, 2019 (LO sent email on 9/15/19 9:13pm) | Ortolano | CKL<br>KK<br>LB<br>Assessing staff<br>Mayor's office<br>Peter Roth<br>BOAlder men<br>BOAssessors<br>Mat Plamondon<br>Scott | Sept. 23, 2019 | 9/20/19 – City's response sent<br><br>***Request Satisfied*** | Email from Cheryl Walley to KK that has PDF of Board of Assessors packet for 10/18/18 meeting – **to be answered under request #2019-68**<br><br>List of communications from LO to be closed<br><br>~~New job descriptions for clerical staff of Assessing office~~<br>**Per LO email of 9/18/19, 3:58pm, her request for this item is cancelled** |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | Painter | | | |
| 2019-71 | Sept. 17, 2019 | Ortolano | CKL<br>MP<br>ML<br>Mayor Donchess<br>KK<br>LB<br>Fojo | Sept. 24, 2019 | 9/18/19 – City's response sent<br><br>***Request Satisfied*** | Looking for confirmation/list of LO's large outstanding requests |
| 2019-72 | Sept. 17, 2019 + Sept. 18, 2019 | Ortolano | CKL<br>Mayor Donchess<br>KK<br>LB<br>Fojo | Sept. 24, 2019 | 9/20/19 – City's response sent<br><br>***Request Satisfied*** | "document with Right to Know request referenced by Ms. Kleiner that you have in legal" |
| 2019-73<br><br>**ALSO SEE 2019-67, 2019-69 & 2019-88** | Sept. 18, 2019 | Ortolano | CKL<br>MP<br>KK<br>LB | ~~Sept. 25, 2019~~<br><br>~~Oct. 11, 2019~~<br><br>**Oct. 25, 2019** | 9/20/19 – City's response sent stating time necessary to grant or deny request: by Oct. 11, 2019<br><br>10/10/19 – sent letter extending deadline to 10/25/19<br><br>***10/11/19 – per LO email – No need to capture hrs/mins – do the whole day*** | Electronic copy of Assessing Dept. video footage of 9/18/19 10:20am to 11:05am. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | ***Request Satisfied*** | |
| 2019-74 | Sept. 19, 2019 (LO comment s at Board of Assessor s meeting) | Ortolano | CKL<br>MP<br>KK<br>LB | Sept. 26, 2019 | 9/22/19 – City's response sent<br><br>***Request Satisfied*** | Requests made during her comment period at Board of Assessors meeting on 9/19/19<br><br>S drive – Assessing/Comm. Dev. – spreadsheet of potential permit violations |
| 2019-75 | Sept. 24, 2019 | Ortolano | CKL<br>KK<br>LB<br>Board of Assessor s | Oct. 1, 2019 | 10/1/19 – response sent (included the request sent to Board od Assessor for exact info)<br><br>***Request Satisfied*** | Pages cited in the Assessor Manual & Procedures<br>1. EYB matrix pgs. 27, 28<br>2. Bathroom, total room, kitchen documentation pg. 32<br>3. Depreciation material pgs. 33, 34<br>4. If docs are undergoing revisions – provide docs that were in manual as of 8/29/19<br>5. Appendices A – D |
| 2019-76 | Sept. 26, 2019 | Ortolano | CKL<br>KK<br>LB | Oct. 3, 2019 | 9/27/19 – City's response sent<br><br>***Request Satisfied*** | Copies of mileage reimbursement policy approved by the union |
| 2019-77 | Sept. 26, 2019 | Ortolano | CKL<br>KK<br>LB | Oct. 3, 2019 | 10/3/19 – City's response sent | Wants to reopen Multi-property records requests |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | (5-day letters need a reason as to the delay or the time needed for a response) | | | | |
| | | | | | ***Request Satisfied*** | |
| 2019-78 | Sept. 27, 2019 | Ortolano | CKL KK LB | Oct. 4, 2019 | 10/3/19 – City's response sent<br><br>***Request Satisfied*** | Electronic copies of packet of home comps LO gave to Gary Turgiss at the Assessing Office on 9/4/18 |
| 2019-79 | Oct. 3, 2019 | Ortolano | CKL KK LB | Oct. 10, 2019 | 10/3/19 – City's response sent<br><br>***Request Satisfied*** | Letter sent out by the mayor to open Management Audit of assessing |
| 2019-80 | Oct. 3, 2019 | Ortolano | 10-3-19 Board of Assessor meeting | ~~Oct. 10, 2019~~<br><br>Oct, 17, 2019 | 10/3/19 sent letter pages for manual will be ready on 10/17/19<br><br>10/10/19 – City's response sent<br><br>***Request Satisfied*** | Pages being added to board members assessing manual |
| 2019-81<br><br>Correspondence | Oct. 4, 2019 | Ortolano | CKL KK LB | Oct. 4, 2019 | 10/10/19 – City's response sent for 2019-80<br><br>***Request Satisfied*** | Email about assessing manual missing pages – sent a letter on 10/3/19 they will be ready on 10/17/19 |
| 2019-82 | Oct. 7, 2019 | Ortolano | CKL KK | Oct. 14, 2019 | 10/10/19 – City's response sent | Mileage/field logs associated mileage reimbursement documents for all 4 assessors for months of June 2019 thru |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | LB | | ***Request Satisfied*** | Sept. 2019<br><br>Periodic audit reports (discussed at 8/24/19 BOA meeting) |
| 2019-83 | Oct. 9, 2019 | Ortolano | CKL<br>KK<br>LB | ~~Oct. 16, 2019~~<br><br>**Nov. 1, 2019** | 10/16/19 sent response letter extending time to 11/1/19<br><br>10/31/19 – City's response sent<br><br>***Request Satisfied*** | 1. So, I would like electronic copies of all the multi-parcel property request submitted between April 8, 2019 to current."<br>2. Under right to Know, please check Louise Brown's email for the given time period to obtain all multi-property file requests. |
| 2019-84 | Oct. 9, 2019 | Ortolano | CKL<br>KK<br>LB | ~~Oct. 16, 2019~~<br><br>~~Oct. 30, 2019~~<br><br>**Nov. 12, 2019** | ~~10/16/19 sent letter time needed until 10/30/19~~<br><br>10/29/19 Sent letter extending response time to 11/12/19<br><br>10/31/19 – City's response sent<br><br>***Request Satisfied*** | 1. Electronic copies of all properties listed below PRC prior to 10-10-18<br>**52322 - 39 Orchard**<br>**38558 - 14 Court**<br>**16074 - 15 Charron**<br>**46776 - 2 Rcedean U-A308 8522 - 34 Buckmeadow**<br>**41795 - 12 Lamb Rd**<br>**27654 – 13 Greatstone Dr**<br>**3594 - 69-75 –Main**<br>**27476 – 713 A-B West Hollis 36764 – 2 Strawberry bank 39448 – 505 Amherst**<br>**40019 – 435 South Main**<br>**40085 – 591 West Hollis**<br>**40089 – 5 Raymond**<br>**45007 – 79 Parimeter**<br>**47854 -**<br>**49245 – 90 Concord**<br>**49246 – 6 Bartlett**<br>**51418 – 4 Henry David** |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

*(5-day letters need a reason as to the delay or the time needed for a response)*

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | **52033 – 10 Groton**<br>**29226 – 138 Spit Brook**<br>**4416 – 1 Dublin**<br>**40015 – 3 Pine St Ext**<br>**40017 – 34 Pine Hill**<br>**40025 – L Robinson**<br>**40026 – 10-12 Robinson**<br>**40034 – 220 Lund**<br>**40055 – 311 Broad**<br>**40094 – 1 Jackson sq**<br>**40101 – 2 Shakespeare**<br>**44581 – 27 Columbia**<br>**47725 – 81 DW Hwy**<br>**47835 – 8 Timberline**<br>**50068 – 150 Burke**<br>**51777 – 190 Concord**<br><br>2. Electronic copies of PRC 713 A-B W. Hollis, 285 W. Hollis & 68-75 Main St prior to 10-8-18<br>3. Copies of PRC – prior to 10-4-18 for<br>**5248 – 21 Maurice**<br>**9918 – 6 Woodward**<br>**20242 – 22 Burnette**<br>**30822 – 70-72 Blosson**<br>**35520 – 1080 West Hollis**<br>**45948 – 2 Autumn Leaf**<br>**51490 – 29 Donna** |
| 2019-85 | Oct. 9, 2019 | Ortolano | CKL<br>KK | ~~Oct. 16, 2019~~ | ~~10/16/19 sent letter time needed until~~ | **Information of the Agenda's**<br>1. Directive that all requests by LO a 2nd copy be |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | *(5-day letters need a reason as to the delay or the time needed for a response)* |
| ALSO SEE 2019-107 | | | LB | ~~Oct. 30, 2019~~<br>~~Nov. 12, 2019~~<br>~~Dec. 12, 2019~~<br>**Jan. 31, 2020** | ~~10/30/19~~<br>10/29/19 Sent letter extending response time to 11/12/19<br>11/12/19 – sent letter extending response time<br>12/12/19 – sent letter extending time<br>1/31/20 – sent response letter and batch one of responsive docs<br>2/6/20 – sent second and final batch<br>***Request Satisfied*** | made for paper trail – electronic copies of all 2nd copies made by staff of LO material<br>2. If directive was applied to anyone else provide copies of materials created for members of the public and the names of same<br>3. **4/1/19 Agenda** - going forward Mike, Gary and Greg will not speak with Ms. Ortolano. Please write down any questions and they will be answered in writing. Please create a call log — date, item requested, information needed etc<br>4. **4/8/19 Agenda** - going forward Mike, Gary and Greg will not speak with residents with large multiple requests on properties not owned by the individual. Please write down any questions and they will be answered in writing. What has been the reaction ??? Concerns????<br>5. **5/23/19 agenda** - Send Right to Know requests! and sign in Logs to Karma( she means Karina)<br>6. **5/31/19 Agenda** - Right to Know requests and Multi -Informational Requests Send copies to Karma Logging of Work Time<br>7. **7/19/19 agenda** - Right to Know requests and Multi -Informational Requests Send copies to Karma — sign in sheets, Property cards requested Assesshelp questions regarding assessments will be forwarded to me, if an assessor needs to answer we will discuss on Mondays and share with Legal. |
| 2019-86 | Oct. 11, 2019 | Ortolano | CKL KK | Oct. 18, 2019 | 10/14/19 response sent | Electronic copy of the David Cornell |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | Board of Assessors<br>LB | | ***Request Satisfied*** | |
| 2019-87 | Oct. 11, 2019 | Ortolano | CKL<br>KK<br>Board of Assessors<br>James Gerry<br>Mayor | Oct. 18, 2019 | 10/15/19 response sent<br><br>***Request Satisfied*** | 1. "I would like you to produce a report that shows the EYB before KRT ran the update and after the update<br>2. Greg Turgiss' property cards in 2005-2007 "I would like a list of those property cards he adjusted over that 3 year period" |
| 2019-88<br><br>**ALSO SEE 2019-67, 2019-69 & 2019-73** | Oct. 11, 2019 | Ortolano | CKL<br>KK<br>LB | ~~Oct. 18, 2019~~<br><br>~~Oct. 25, 2019~~<br><br>**Nov. 8, 2019** | ~~10/15/19 response sent – time reasonably needed~~<br><br>10/24/19 sent letter extending time to 11/8/19<br><br>11/13/19 response sent<br><br>***Request Satisfied*** | Email from LO – need not capture the times specified in the RTK for the video footage for August 7, 2019, September 13, 2019 and September 18, 2019 – provide the video footage for the entire day<br>____________<br>**11/6/19 – RTK request from Laura Colquhoun –** Video/audio footage from assessing om 8-7-19 from 1:15 pm to 3:00 pm<br><br>And for 9-13-19 from 11:45 am to 1:00 pm<br>____________<br>**11/7/19 – RTK request from Karen Corazzini** Video/audio footage from assessing om 8-7-19 from 1:15 pm to 3:00 pm<br><br>And for 9-13-19 from 11:45 am to 1:00 pm<br>____________<br>**11/7/19 – RTK request from Mary Robbins** |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | |
| | | | | | | Video/audio footage from assessing om 8-7-19 from 1:15 pm to 3:00 pm<br><br>And for 9-13-19 from 11:45 am to 1:00 pm<br><br>**11/7/19 – RTK request from Kathleen O'Connor**<br>Video/audio footage from assessing om 8-7-19 from 1:15 pm to 3:00 pm<br><br>And for 9-13-19 from 11:45 am to 1:00 pm<br><br>**11/7/19 – RTK request from Monica Chaput**<br>Video/audio footage from assessing om 8-7-19 from 1:15 pm to 3:00 pm<br><br>And for 9-13-19 from 11:45 am to 1:00 pm<br><br>**11/7/19 – RTK request from Kelly Friedman**<br>Video/audio footage from assessing om 8-7-19 from 1:15 pm to 3:00 pm<br><br>And for 9-13-19 from 11:45 am to 1:00 pm |
| 2019-89 | Oct/ 12, 2019 | Ortolano | CKL<br>KK<br>LB | Oct. 18, 2019 | 10/16/19 – response sent<br><br>***Request Satisfied*** | Documents for the "Donchess Timeline" that Jon Duhamal had Gary Turgiss put together referenced in the Oct. 25, 2018 email |
| 2019-90<br><br>Correspondence | Oct. 12, 2019 | Ortolano | CKL<br>SAB<br>KK<br>LB | N/A | 10/14/19 – response sent<br>***Questions Satisfied*** | How many emails left to redact – why are batches coming in non-sequential dates |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | (5-day letters need a reason as to the delay or the time needed for a response) | | |
| 2019-91 | Oct. 14, 2019 | Ortolano | CKL<br>KK<br>LB<br>Gary | **Oct. 21, 2019** | 10/21/19 – Response sent<br><br>***Request Satisfied*** | 1. Any documentation for the **"quick research"** done by Greg Turgiss to reduce the base rate on schools and college from $174. & $110 on Oct. 10, 2018<br>2. **"quick research"** written documentation was provided in an email exchange btw J. Duhamel and Greg Turgiss on 10/10/18<br>3. Any documentation from KRT that would validate the reduction done by Greg for the Schools and colleges group<br>4. Any documentation from Doug to justify the base rate change for schools and colleges done 10/10/18<br>5. Any documentation from J. Duhamel to justify the base rate change to schools and colleges made 10/10/18 |
| 2019-92<br><br>Correspondence | Oct. 14, 2019 | Ortolano | CKL<br>KK<br>Board of Assessors<br>LB | Oct. 21, 2019 | 10-15-19 response sent<br><br>***Questions Satisfied*** | Questions – can the public attend the meeting for the review of the RFP<br>Who is on the panel<br>Will board members be there |
| 2019-93 | Oct. 12, 2019 | Ortolano | To webmaster "Bruce" | N/A | 10/15/19 response sent<br><br>***Questions Satisfied*** | Question – JD emails –why not in sequential order |
| 2019-94<br><br>also see | Oct. 17, 2019 | Ortolano | MP<br>SAB<br>CKL | Oct. 24, 2019 | 10/24/19 – Response sent | 1. Donchess Timeline that outlined the history of the permit work done on the mayors property.<br>2. Provide all written and email documentation |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | (5-day letters need a reason as to the delay or the time needed for a response) |
| 2019-97 | | | KK | | ***Request Satisfied*** | generated by Gary Turgiss btw the dates for 10/23/18 to 11/15/18 |
| 2019-95<br><br>Also see 2019-36, 2019-59 2020-292<br>**KRT - Reval PRC's** | Oct. 18, 2019 | Ortolano | CKL<br>KK | Oct. 24, 2019 | 10/24/19 – Response sent<br><br>***Request Satisfied*** | Request access to the KRT documentation returned to the City to check property cards that appear to have been changed by KRT |
| 2019-96 | Oct. 21, 2018 | Colquhoun | SAB<br>CKL<br>KK<br>LB | Oct. 28, 2019 | 10/22/19 – Response sent<br><br>***Request Satisfied*** | 1. "inspect or obtain copies of public records that was used for the City of Nashua Assessment Audit done by Cornell Consultants"<br>2. "A complete listing of all of the 100 randomly selected properties for treatment of property transfer. The listing should include property address with account numbers." |
| 2019-97<br><br>also see 2019-94 | Oct. 18, 2019 | Ortolano | Gary<br>CKL<br>KK<br>LB | Oct. 25, 2019 | 10/24/19 – Response sent<br><br>***Request Satisfied*** | Timeline for Mayor Donchess' property and permit work |
| 2019-98 | Oct. 29, 2019 | Ortolano | CKL<br>KK<br>John Griffin<br>Jen Deshaine | Nov. 5, 2019 | 11/5/19 – Response sent<br><br>***Request Satisfied*** | Electronic copies of all invoices & payments to Drummond Woodsum re: Mark Broth investigation – Assessing and Greg Turgiss – Time period May 1, 2019 to Current |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | | |
| | | | s<br>Larry Budreau | | | |
| 2019-99 | Oct. 31, 2019 | Ortolano | CKL<br>KK<br>Mayor<br>BOA<br>BOAssessors | Nov. 7, 2019 | 10/31/19 – Response sent<br><br>***Request Satisfied*** | City's response to taxpayers' submittals at the 8/6/19 BTLA hearing |
| 2019-100 | Oct. 31, 2019 | Ortolano | CKL<br>KK | Nov. 7, 2019 | 11/1/19 – Response sent<br><br>***Request Satisfied*** | Electronic copy of contract signed for List & Measure for 2020 update |
| 2019-101 | Nov. 1, 2019 | Colquhoun | CKL<br>KK | Nov. 8, 2019<br><br>Nov. 18, 2019 | 11/8/19 – sent letter extending response time<br><br>11/13/19 response sent<br><br>***Request Satisfied*** | "public records that are used in order to identify what taxable property are for Rivier College and/or Rivier University and how the City of Nashua taxes them" |
| 2019-102<br><br>Correspondence | Nov. 4, 2019 | Ortolano | Mayor | N/A | N/A | "Undocumented EYB changes to 2018 Property Cards"<br><br>Comments & questions |
| 2019-103 | Nov. 6, 2019 | Ortolano | CKL<br>KK<br>JG | Nov. 13, 2019 | 11/13/19 response sent<br><br>***Request Satisfied*** | Electronic documents of insurance payments, health and others, along with sick leave and earned time payments for Jon Duhamel after 3-1-19, include cobra payments |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | (5-day letters need a reason as to the delay or the time needed for a response) | | | | | |
| | | | | | | Any severance payments or settlement payment documentation for Jon Duhamel after 3-1-19 – I am only requesting the dollar amounts and bills |
| 2019-104 | Nov. 6, 2019 | Ortolano | KK CKL | Nov. 13, 2019 | 11/13/19 – Response sent<br>***Request Satisfied*** | Send me the property addresses of the 5 properties that filed abatements (BTLA) |
| 2019-105 | Nov. 11, 2019 | Ortolano | CKL KK | | 11/12/19 – Response sent<br>***Request Satisfied*** | Electronic copy of signed contract for List & Measure |
| 2019-106 | Nov. 11, 2019 | Ortolano | CKL KK | Nov. 19, 2019 | 11/15/19 – Response sent<br>***Request Satisfied*** | Electronic copies of work logs for all assessors for the time period July – October 2019 |
| 2019-107<br>ALSO SEE 2019-85 | Nov. 11,2019 | Ortolano | CKL KK Doug Dame M. Mandile Greg Turgiss Gary Turgiss L. Brown A. Mazerolle | ~~Nov. 19, 2019~~<br>**~~Dec. 12, 2019~~**<br>**Jan. 31, 2020** | 11/13/19 – sent letter extending response time<br>12/12/19 – sent letter extending time<br>1/31/20 – sent response letter and batch one of responsive docs<br>2/6/20 – sent second and final batch | **Information of the Agenda's**<br>1. Directive that all requests by LO a 2nd copy be made for paper trail – electronic copies of all 2nd copies made by staff of LO material<br>2. If directive was applied to anyone else provide copies of materials created for members of the public and the names of same<br>3. **4/1/19 Agenda** - going forward Mike, Gary and Greg will not speak with Ms. Ortolano. Please write down any questions and they will be answered in writing. Please create a call log — date, item requested, information needed etc<br>4. **4/8/19 Agenda** - going forward Mike, Gary and Greg will not speak with residents with large |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | L. Cameron | | ***Request Satisfied*** | multiple requests on properties not owned by the individual. Please write down any questions and they will be answered in writing. What has been the reaction ??? Concerns????<br>5. **5/23/19 agenda** - Send Right to Know requests! and sign in Logs to Karma( she means Karina)<br>6. **5/31/19 Agenda** - Right to Know requests and Multi -Informational Requests Send copies to Karma Logging of Work Time<br>7. **7/19/19 agenda** - Right to Know requests and Multi -Informational Requests Send copies to Karma — sign in sheets, Property cards requested Assesshelp<br>8. questions regarding assessments will be forwarded to me, if an assessor needs to answer we will discuss on Mondays and share with Legal. |
| 2019-108 | Sent Nov. 6, 2019 – **not rec'd until Nov. 12, 2019** | Ortolano | Louise Brown<br><br>CKL<br>KK | ~~Nov. 19, 2019~~<br><br>**Dec. 27, 2019** | 11/13/19 – sent letter extending response to 12/27/19<br><br>***Per LO email on 11/15/19, this request is cancelled*** | **SEE LIST OF PROPERTIES** |
| 2019-109 | Nov. 14, 2019 | Ortolano | CKL | N/A | 11/15/19 – sent response | Can you check the original RTK request in June (2019-3 JD email) for the dates I asked for data |
| 2019-110 | Nov. 14, 2019 | Ortolano | Mayor<br>BOA<br>Board of | N/A | No response | Letter about data transparency |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | Assessor | | | |
| 2019-111 | Nov. 18, 2019 | Ortolano | KK<br>L. Brown<br>Board of Assessor s | | ***Per LO email on 11/20/19, this request is cancelled*** | List of all 2019 abatements filed |
| 2019-112 | Nov. 20, 2019 | Ortolano | CKL<br>KK | Nov. 27, 2019 | 11/27/19 – Response sent<br><br>***Request Satisfied*** | Electronic copy of Mark Broth Investigation in Greg Turgiss |
| 2019-113 | Nov. 22, 2019 | Ortolano | L. Brown<br>CKL<br>KK | Nov. 29, 2019 | 11/27/19 – Response sent<br><br>***Request Satisfied*** | Electronic copy of 2018 Ratio Study sent to (Linda Kennedy) for the calculation of Equalization Ratio for Nashua |
| 2019-114 | Nov. 26, 2019 | Colquhoun | KK<br>CKL<br>LB | ~~Dec. 5, 2019~~<br><br>**Dec. 12, 2019** | Sent letter extending response time to 12/19/19<br><br>12/5/19 sent letter extending response time to 12/19/19<br>12/9/19 Response sent<br>***Request Satisfied*** | Inspect or obtain copies of Assess Audit Logs for Gary Turgiss and Jon Duhamel for period of 9/1/18 thru 4/1/19 |
| 2019-115 | Dec. 3, 2019 | Colquhoun | KK<br>CKL<br>LB | ~~Dec. 10, 2019~~<br><br>**Dec. 24, 2019** | 12/10/19 sent letter extending response date<br><br>12/18/19 Response sent<br>***Request Satisfied*** | All emails rec'd by or sent by Gary Turgiss during the period of 9/1/18 thru 3/31/19 |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | (5-day letters need a reason as to the delay or the time needed for a response) | | | |
| 2019-116 | Dec. 3, 2019 | Ortolano | Dan Hansberry<br>CKL<br>KK<br>LB | **Dec. 11, 2019** | 12/6/19 response sent<br>***Request Satisfied*** | Copy of operating guidelines for the Board of Assessors |
| 2019-117 | Dec. 6, 2019 | Colquhoun | CKL<br>KK<br>LB | **Dec. 13, 2019** | 12/13/19 response sent<br>***Request Satisfied*** | Copy of Sept. 2018 KRT Hearing sheet for the property at 30 Greenwood Drive |
| 2019-118 | Dec. 9,2019 | Ortolano | CKL<br>KK<br>Board of Assessors<br>LB | ~~Dec. 16, 2019~~<br>**Jan. 16, 2020** | 12/16/19 letter extending response date<br>1/16/20 – Response sent<br>***Request Satisfied*** | Electronic copies of sales spreadsheets used for the ratio study for 2014 thru 2017 and 2019. And the ratio study submitted to the state for 2019 |
| 2019-119 | Dec. 9, 2019 | Ortolano by Phone | By phone to MP | **Dec. 16, 2019** | 12/10/19 – Response sent<br>***Request Satisfied*** | Settlement document for C. Walley and where such documents are kept |
| 2019-120<br>Correspondence | Dec. 9, 2019 | Ortolano | Board of Assessors<br>LB<br>CKL<br>KK | ~~Dec. 12, 2019~~<br>~~Dec. 30, 2019~~<br>**1/10/20** | 12/16/19 letter extending response date<br>12/30/19 – Letter sent extending response date<br>1/10/20 – Response sent<br>***Request Satisfied*** | Questions & Comments<br>Potential document requests<br>1. list of all Management reports with descriptions of what those reports represent documented in the Manual<br>2. Do we generate a monthly report on permit/sales report |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| 2019-121 | Dec. 10, 2019 | Ortolano | KK Board of Assessors Mayors office | ~~Dec. 17, 2019~~ **Jan. 22, 2020** | 12/17/19 – Sent letter extending response time<br><br>1/22/20 – Response sent<br>***Request Satisfied*** | 1. Any reports for the timeframe of the last 12 months that track open and closed permits<br>2. Any reports for sales adjusted properties<br>3. Electronic reports that allows you to verify that the work is being done in a timely manner, permits are being captured for the April 1 inventory date and sales adjustments are being captured |
| 2019-122 | Dec. 12, 2019 | Ortolano | CKL KK | **Dec, 19, 2019** | 12/17/19 – Sent letter extending response time<br><br>12/18/19 Response sent<br>***Request Satisfied*** | Would like to speak with the assessor that reviewed my report re: inconsistencies, mistaken conclusions and discrepancies<br>Documentation of this information or emails |
| 2019-123 | Dec. 13, 2019 | Ortolano | Sue Lovering CKL MP | **Dec. 20, 2019** | **Email from Sue Lovering to L. Ortolano on 12/13/19 – all settlement agreements pulled for the past 10 years – Ms. Ortolano can view/inspect and review any of these documents during normal business hours M-F 8am to 5pm**<br><br>***Request Satisfied*** | 1. By phone to MP – a list of settlement agreements filed with the city clerk<br>2. **by email later that day** – inspect every agreement to settle a lawsuit against a governmental unit, threatened lawsuit or other claim entered into by any political subdivision or its insurer<br>3. all documents for Mayor Donchess' term from 2015 through 2019<br>4. written policy whereby a member of the public must submit a RTK request in writing |
| 2019-124 | Dec. 17, 2019 | Ortolano | CKL KK | **12/25/19** | 12/18/19 Response sent<br>***Request Satisfied*** | Any documents used to verify the data for 2015, 2016 & 2017 – LO's reports/document |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | (5-day letters need a reason as to the delay or the time needed for a response) | | | |
| | | | Mayor's office<br>Board of Assessors | | | |
| 2019-125 | Dec. 16, 2019 | Ortolano | CKL<br>KK | **12/23/2019** | 12/20/19 Response sent<br>***Request Satisfied*** | Electronic copies of hearing sheet for 41 Berkeley St. along with associated documents given to KRT |
| 2019-126 | Dec. 18, 2019 | Colquhoun | CKL<br>KK<br>P. Roth<br>L. Stepp<br>LB<br>KL<br>ML | ~~12/26/2019~~<br>~~Jan. 7, 2020~~<br>**Jan. 24, 2020** | 12/23/19 sent letter extending response time<br>1/14/20 Response sent<br>***Request Satisfied*** | All emails that are currently have for Gary Turgiss |
| 2019-127 | Dec. 20, 2019 | Ortolano | CKL<br>KK<br>Board of Assessors | **12/27/19** | 12/27/19 response sent<br>***Request Satisfied*** | Provide me with the documents that shows the hearing dates that were scheduled in all wards<br>Copy of the packet provided to Ken Rodgers by LO for informal hearing |
| 2019-128 | Dec. 23, 2019 | Ortolano | CKL<br>KK<br>Mayor's office<br>Board of Assessors | **12/30/19** | 12/31/19 – response sent<br>***Request Satisfied*** | Electronic form of the 2019 property cards please let me know the media choice<br>If you are unable to provide electronic data |
| 2019-129 | Dec. 28, 2019 | Colquhoun | Online submittal | | 1/2/20 – Response sent<br>***Request Satisfied*** | Condo documents for 21 Arlington and 23 Arlington Street |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| 2020-130 | Jan. 14, 2020 | Ortolano | KK<br>LB | **Jan. 21, 2020** | 1/15/20 – Response sent to Atty R. Lehmann<br><br>***Request Satisfied*** | "a hard copy of everything the City has in my abatement file" |
| 2020-131 | Jan. 15, 2020 | Ortolano | NPD | **~~Feb. 29, 2020~~**<br><br>**May 31, 2020** | 3/30/20 – sent letter extending response time to 5/31/20<br><br>5/29/20 – Response sent to Atty R. Lehmann<br><br>***Request Satisfied*** | 9/22/19 - L. Ortolano made a RTK request to the NPD for copies of reports from the NPD investigation involving Assessing – was told would not be avail. Until invest. Is completed<br>9/23/19 – L. Ortolano emailed NPD and requested reports of interviews with Assessing - responded would be avail. Once completed |
| 2020-132 | Jan. 7, 2020 | Colquhoun | LB<br>CKL<br>KK | | 1/27/20 – Response sent<br>***Request Satisfied*** | A complete listing by street/number and what type of exemption on the property |
| 2020-133 | Jan. 24, 2020 | Colquhoun | KK<br>CKL | **Jan. 31, 2020 – 5-day letter due** | 1/27/20 – Response sent<br>***Request Satisfied*** | A complete listing of all Solar Exemption properties that were submitted to the DRA |
| 2020-134 | Jan. 24, 2020 | Colquhoun | KK<br>CKL | **Jan. 31, 2020 – 5-day letter due** | 1/27/20 – Response sent<br>***Request Satisfied*** | A complete listing of all Elderly Exemption properties that were submitted to the DRA |
| 2020-135 | Jan. 29, 2020 | Ortolano | KK<br>CKL | **Feb. 5, 2020 – 5 day letter due** | 2/4/20 – Response sent<br>***Request Satisfied*** | 1. AssessPro activity log for all 4 assessors from 8-1-19 thru 11-1-19<br>2. Audit log for all 4 assessors from 8-1-19 thru 11-1-19<br>3. All assesshelp questions for Sept. 2019 thru Oct. 2019<br>4. All Greg's & Gary's emails from Sept. and Oct. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | (5-day letters need a reason as to the delay or the time needed for a response) | | |
| | | | | | | 2019<br>5. Any documentation outside of the property record files that involve the properties of 67, 68, 72, & 74 Concord St |
| 2020-136 | Jan, 28, 2020 | Ortolano | Greg Turgiss KK Board of Assessors | **Feb. 4, 2020** | 2/4/20 – Response sent<br>***Request Satisfied*** | Document that shows what a code 30 review stands for<br>1/27/20 – Response sent<br>***Request Satisfied*** |
| 2020-137 | Feb. 7, 2020 | Ortolano | KK LB | **Feb 14, 2020 – 5 day response** | 2/14/20 – Response sent<br>***Request Satisfied*** | A list of all residential Nashua Properties with Swimming pools – in excel format w/owners names and addresses |
| 2020-138 | Feb. 10, 2020 | Colquhoun | KK Lindsey Stepp Peter Roth | **Feb. 18, 2020 – 5 day response due – because of weekend & holiday** | 2/14/20 – Response sent<br>***Request Satisfied*** | A full and complete listing of additional depreciation factors given out by the city for all residential and commercial properties within the City of Nashua |
| 2020-139 | Feb. 10, 2020 | Colquhoun | KK Lindsey Stepp Peter Roth | **Feb. 18, 2020 – 5 day response due – because of weekend & holiday** | 2/14/20 – Response sent<br>***Request Satisfied*** | A full and complete listing of all Influence factors given out on land by the city for all residential and commercial properties within the City of Nashua |
| 2020-140 | Feb. 7, 2020 | Ortolano | Larry Budreau | | 2/12/20 – L. Budreau responded directly to | NPD Statement – salaried employees regarding hours worked per week |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | Ms. Ortolano<br>***Request Satisfied*** | |
| 2020-141<br>Correspondence | Feb. 20, 2020 | Ortolano | Assessors | | | I am trying to understand how GIS is used to verify property data. |
| 2020-142 | March 3, 2020 | Ortolano | CKL<br>Mayor's office<br>Board of Assessors<br>KK<br>James<br>Gerry<br>Peter<br>Roth | | 3/6/20 – CKL responded to Atty Lehmann directly regarding communications | Paper property record cards used by Vision in the field and data collected returned to the City<br><br>Will these documents be made available for public inspection and review |
| 2020-143<br>Correspondence | March 6, 2020 | Colquhoun | CKL<br>KK<br>Board of Assessors | **March 13, 2020** | 3/12/20 – Response sent<br>***Request Satisfied*** | Marked-up paper copies of PCR and all data returned to the city |
| 2020-144<br>Correspondence | March 6, 2020 | Colquhoun | KK | **March 13, 2020** | KK responded 3/12/20 –<br>***Corr. Satisfied*** | Progress reports to the BTLA every 3 months – do I need to file a RTK |
| 2020-145 | Feb. 28, 2020<br>March 7, 2020 | Ortolano | KK | **March 16, 2020** | KK responded 3/12/20 –<br>***Corr. Satisfied*** | Progress reports sent to BTLA every 3 months |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2020-146 | March 11, 2020 | Ortolano | CKL<br>KK<br>Atty Lehmann | **March 16, 2020** | 3/13/20 – Response sent<br>***Request Satisfied*** | Provide me with all communications referenced in the 1st paragraph of the letter rec'd from BTLA dated stamped 2/5/20 |
| 2020-147 | March 12, 2020 | Ortolano | KK<br>CKL<br>Atty Lehmann | **March 19, 2020** | 3/13/20 – Response sent<br>***Request Satisfied*** | Copy of the contract and scope of work for David Cornell – development of the "dashboard" |
| 2020-148 | March 26, 2020 | Peter Roth | Legal | **April 16, 2020** | 4/17/20 – Response sent<br>***Request Satisfied*** | Request for 2018 reval PRC given to KRT |
| 2020-149 | April 15, 2020 | Ortolano | Lisa Fauteux<br>Tim Cummings<br>CKL<br>SAB | ~~April 22, 2020 – 5 day deadline~~<br><br>**5/18/20 – Response Due** | 4/16/20 – letter sent extending response time to 5/18/20<br><br>Response sent 5/18/20<br><br>***Request satisfied*** | 141-143 Burke Street Sale documents<br>1. Any purchase & sale agreement or other contract related to the transfer of property<br>2. Any letter, email, phone messages or any other communication concerning the sale of the property<br>3. Any letter, email, phone message or any other communication canceling or withdrawing from and agreement to purchase the property |
| 2020-150 | April 16, 2020 | Ortolano | LB<br>KK | | 4/16/20 – Response sent<br>***Request Satisfied*** | Copies of Info to Board of Assessors is receiving from KK & Assessing |
| 2020-151<br><br>ALSO SEE 2020-152 | April 17, 2020 | Ortolano | KK<br>Board of Assessors | ~~April 24, 2020 – 5 day deadline~~<br><br>**5/29/20 – Response Due** | 4/23/20 – letter sent extending response time to 5/29/20<br><br>Response sent 5/28/20<br><br>***Request satisfied*** | 1. Copies of all emails and communications to Board of Assessors email – btw 8/1/19 – current<br>2. Emails to individual email addresses – btw 8/1/19 to current<br>3. Any documents given to Board of Assessors – btw 8/1/19 to current |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2020-152<br><br>ALSO SEE 2020-151 | April 17, 2020 | Ortolano | KK Board of Assessors | ~~April 24, 2020 – 5 day deadline~~<br><br>**5/29/20 – Response Due** | 4/23/20 – letter sent extending response time to 5/29/20<br><br>Response sent 5/28/20<br>***Request satisfied*** | LO's RTK request to Dan Hansberry – 7 Southgate |
| 2020-153 | April 27, 2020 | Ortolano | Mayor's Office Lisa F.<br><br>Legal responded | **5/4/20 – 5-day letter due** | 4/27/20 – response sent<br>***Request Satisfied*** | Copy of April 20 email from Tracy Pappas to Mayor and "Board Commissioners" re: stop withholding information from this board |
| 2020-154 | April 20,2020 | Ortolano (Lehmann) | Lisa Fauteux | | 4/21/20 – response sent by Lisa Fauteux "no document provided to me or commissioners"<br>***Request Satisfied*** | Can you tell me what his (TC) presentation is in reference and can you forward in advance of the meeting any documents that have been provided to the commissioners prior to the meeting |
| 2020-155<br><br>Correspondence | April 23, 2020 | Colquhoun | Mayor SAB | | | Email to Mayor and SAB – DPW board meeting of 4/23/20 was illegal because the public could not listen or call in. **Advise when meeting will be rescheduled** |
| 2020-156<br><br>Correspondence | April 24, 2020 | Ortolano | Lisa Fauteux Mayors office BPW Board | | ***NO RESPONSE REQUIRED*** | Email from LO<br>Violated RTK law – failed to provide a mechanism for the public body during the meeting if there problems with access<br><br>Adjourn the meeting if the public is unable to access and |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | (5-day letters need a reason as to the delay or the time needed for a response) | | | |
| | | | | | | Requesting the meeting be rescheduled and held as a public meeting |
| 2020-157<br><br>Correspondence<br><br>ALSO SEE 2020-159 | April 23, 2020 | Ortolano | Mayor's Office Lisa Fauteux Tim Cummings SAB | | Response sent 5/1/20<br><br>***Request satisfied*** | Could someone tell me where the city posts its 2 public notice for all meetings<br><br>Are the board members allowed to accept texts or text back the public during the meeting.<br><br>How is the public suppose(d) to let the Board know that they cannot access the meeting if they do not have a contact number to a board member<br><br>What software was used for this meeting and is there a tape that I can watch to see the Board in action. |
| 2020-158<br><br>Correspondence/Questions<br><br>ALSO SEE 2020-161 | April 30, 2020 | Ortolano | David Fredette | | Response sent 5/7/20<br><br>***Request satisfied*** | Can you tell me if the City executed the $6M bond for the DPW office facility<br><br>Have questions and concerns about the bond funding<br><br>**David will prepare a response** |
| 2020-159<br><br>ALSO SEE 2020-157 | April 27, 2020 | Ortolano | Lisa F./Diane Thibodeau BPW Mayor's | May 4, 2020 - | Response sent 5/1/20<br><br>***Request satisfied*** | "a copy of the agenda posted at City Hall for the April 23, 2020 [Board of Public Works] meeting." |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date (5-day letters need a reason as to the delay or the time needed for a response) | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | Office CKL SAB | | | |
| 2020-160 | April 30, 2020 | Colquhoun | Dave Fredette | **May 7, 2020 – 5-day letter due** | Response sent 5/6/20 ***Request satisfied*** | Opportunity to inspect or obtain a listing of Public records that detail all accounts receivable due the City of Nashua thru April 30,2020 |
| 2020-161 ALSO SEE 2020-158 | May 1, 2020 | Ortolano | John Griffin | **May 8, 2020 – 5-day letter due** | Response sent 5/7/20 ***Request satisfied*** | Looking for information on the $6M bond appropriation for the DPW office facility - wants to speck with JG – claims Sonia Prince got info from city official |
| 2020-162 | May 5, 2020 | Ortolano | Mayor's office C. Linder Lori Wilshire | | Response sent 5/6/20 ***Request satisfied*** | Phone number for CFO (John Griffin) and where to find it on the website |
| 2020-163 | April 30, 2020 | Colquhoun | David Fredette | | Response sent 5/6/20 ***Request satisfied*** | Complete listing of all refunds on property tax bills that have been written off by the city from Jan. 2019 to Dec. 2019 |
| 2020-164 | May 7, 2020 | Ortolano | Lisa Fauteux Diane Thibodea u | **5 day letter due 5-14-20** | Response sent 5/8/20 ***Request satisfied*** | Forward a copy of the minutes from the DPW meeting on April 29, 2020 |
| 2020-165 | May 8, 2020 | Colquhoun | David Fredette | **5 day letter due 5-15-20** | Response sent 5/15/20 ***Request satisfied*** | Complete listing of all property tax bills that have been written off by the city from June 2019 – April 30, 2020 |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2020-166 | May 12, 2020 | Ortolano | Lisa Fauteux | | Response sent 5/8/20<br>***Request satisfied*** | Question – Phone list from April 29, 2020 DPW remote meeting – did you run it by legal |
| 2020-167 | May 13, 2020 | Ortolano | Lisa Fauteux | **5 day letter due 5-20-20** | Response sent 5/15/20<br>***Request satisfied*** | Send me any communication documents regarding the phone log provided[d] by IT for the remote call line for access to the DPW April 29, 2020 meeting<br><br>Looking for all written communications that occurred before May 11, 2020, 4:26PM<br><br>Any written communications with the legal office to verify that this information was reviewed and is considered public prior to releasing this to the public through and email sent to a resident |
| 2020-168 | May 18, 2020 | Colquhoun | Lisa Fauteux | 5-day letter due 5-28-20 | Response sent 5/18/20<br>***Request satisfied*** | Can you send me the agenda and the package that actually went to the board members. |
| 2020-169 | May 16, 2020 | Colquhoun | KK | 5-Day letter due 5/22/20 | Response sent 5/21/20<br>***Request satisfied*** | A copy of the Assessor Dept. Assess Audit Log for the period of Jan. 1, 2020 to May 15, 2020 on all Assessors |
| 2020-170 | May 18, 2020 | Colquhoun | KK | 5-day letter due 5/25/20 | Response sent 5/21/20<br>***Request satisfied*** | A listing of all exception application rec'd but not processed by the Assessing Dept. as of April 15, 2020. This list should include all exceptions for Veterans, Blind, Elderly and Disabled |
| 2020-171 | May 21, 2020 | Ortolano | KK | 5-day letter due 5/28/20 | Response sent 5/28/20<br>***Request satisfied*** | Provide all documentation relative to the scanning of records for the time period from October 18, 2020 to Current<br>1. A copy of the survey and any written data provided from this summary<br>2. Any communication regarding costs. Data |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | |
| | | | | | | management software, storage requirements, security etc. <br>3. Any communication with your IT dept. regarding capacity of our servers, needed equipment upgrades and all other hardware and software related items to permit the scanning and storage of city paper data as digital data <br>4. Any documents from requests from other city dept. interested in moving their dept. to digital records <br>5. Any documents involving the study of files from other city functions, such as the city clerks office <br>6. All emails related to every aspect of the effort to scan records <br>7. Any documentation on the companies you are working with, please provide all documentation |
| 2020-172 | May 21, 2020 | Ortolano | CKL KK | 5-day letter due 5/28/20 | Response sent 5/28/20 <br><br>***Request satisfied*** | F/U to 2019-85 & 2019-107 <br><br>1. Ms. Kleiner directed the clerical staff to make double copies of any material that the clerical staff was copying for me on the office copy machine. I witnessed double copies being made , so I believe they exist – **make these copies available for review** <br>2. documentation for this part was not provided – Correspondence and citizens requests going forward Mike, Gary & Greg will no speak with Ms. Ortolano. Please write down any questions and they will be answered in writing, create a call log, date item requested, info needed – **please provide the documentation for any questions** |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | **recorded by Mike, Gary & Greg.**<br>3. Correspondence & Citizens requests – going forward Mike, Greg & Gary will not speak with residents with large multiple requests on properties not owned by the individual. Please write down any questions and they will be answered in writing – **provide any written questions recorded by Mike, Gary & Greg**<br>4. **Provide these work logs that were maintained by staff** |
| 2020-173 | May 21, 2020 | Ortolano | KK | 5-day letter due 5/28/20 | Response sent 5/28/20<br><br>***Request satisfied*** | Provide me with the list of positions in the budget that are considered that are considered to be non-essential for hiring in 2021 as well as those positions to considered essential to hire in 2021 |
| 2020-174 | May 26, 2020 (request is dated May 24, 2020) | Colquhoun | KK | ~~5-day letter due 6/2/20~~<br><br>~~Response due 7/27/20~~<br><br>**Response due 9/9/20** | ~~6/2/20 – sent letter with response date of July 7, 2020~~<br><br>~~F/U on 6/16/20~~<br><br>~~6/23/20 – F/U WITH ASSESSING~~<br><br>~~6/30/20 – Sent letter with response time July 27, 2020~~<br><br>7/27/20 – sent letter with response date | Copies of the actual exception applications submitted to the City of Nashua on all Exception Applications received but not processed by the Assessing Department as of April 15, 2020. These applications should have been applied to the first installment for the tax year 2020. These copies should include all exceptions for Veterans, Blind, Elderly and Disabled. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | 8/26/20<br><br>8/26/20 – sent letter with response date 9/9/20<br><br>9/9/20 – response sent<br><br>***Request satisfied*** | |
| 2020-175 | May 26, 2020 (request is dated May 25, 2020) | Colquhoun | KK | 5-day letter due 6/2/20 | Response sent 6/2/20<br><br>***Request satisfied*** | A copy of the Assessors Department Assess Audit Log for the period of January 1, 2018 to August 31, 2018 on all assessors. |
| 2020-176 | May 26, 2020 | Ortolano | KK | 5-day letter due 6/2/20 | Response sent 6/2/20<br><br>***Request satisfied*** | Please provide me with a document which I believe summarized the RTK requests that was provided to Matt Plamondon for the Aug. 21, 2019 story titled "Officials say they are overwhelmed by requests |
| 2020-177 | May 27, 2020 | Ortolano | CKL | 5-day letter due 6/3/20 | Response sent 6/2/20<br><br>***Request satisfied*** | 1. Provide me with the copy of chapter five of the code and the code book<br>2. Provide any documents provided to new BOA members that cover RTK<br>3. Documents or policies regarding the use of emails as public information |
| 2020-178 (See also 2020-151 and | May 27, 2020 | Ortolano | CKL | 5-day letter due 6/3/20 | Response sent 5/28/20<br>***Request satisfied*** | Please request that Chairman Hansberry forward the email and any information sent regarding the 7 Southgate property. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| 2020-152) | | | | | | |
| 2020-179 | May 28, 2020 | Ortolano | CKL | 5-day letter due 6/4/20 | Response sent 6/2/20<br><br>***Request satisfied*** | Request to unseal may 2, 2019 non-public minutes in which I attended and discussed the 7 Auburn St. property be unsealed and be unsealed and be made available to the public |
| 2020-180 | 5/29/20 | Ortolano | CKL | 5-day letter due 6/5/20 | Response sent 6/2/20<br><br>***Request satisfied*** | Request for a copy of the Broth Report into the Turgiss mileage issue. |
| 2020-181 **– follow up to 2020-131 – NPD invest.**<br><br>**Also see 2020-221 2020-222 2020-224**<br><br>**NPD Video & Audio files** | 6/1/20 | Rick Lehmann | CKL NPD | ~~**5-day letter due 6/8/20**~~<br><br>~~**Follow-up with Lehmann 8/15/20**~~ ~~**Follow-up with Lehmann 9/30/20**~~<br><br>~~**Follow-up on 10/30/20**~~ | ~~6/8/20 – sent letter with a follow-up date of June 29, 2020~~<br><br>~~7/10/20 – sent update letter with follow-up on 8/15/20~~ ~~8/14/20 – f/u letter to RL sent with another f/u on 9/30/20~~<br><br>~~9/30/20 – letter sent with a response a follow-up date of 10/30/20~~<br><br>10/30/20 – letter sent; request denied<br><br>***Request*** | Request for Audio & Video recorded interviews of employees made during the investigation |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | (5-day letters need a reason as to the delay or the time needed for a response) | | |
| | | | | | ***satisfied*** | |
| 2020-181-A<br><br>Also see 2020-229 2020-230 2020-231<br><br>NPD Transcripts | 8/6/20 | Rick Lehmann | CKL | ~~**Follow-up with Lehmann 9/30/20**~~<br><br>**Follow-up on 10/30/20** | ~~8/14/20 – f/u letter to RL sent with another f/u on 8/31/20~~<br><br>9/30/20 letter sent with follow up date of 10/30/20<br><br>10/30/20 – letter sent; request denied<br><br>***Request satisfied*** | Request to be provided with copies of the transcripts as soon as the redaction process of the transcripts is complete |
| JUNE 4, NHDRA REQUEST – PETER ROTH<br><br>INVESTIGATION – CW ABATEMENTS | 06/04/20 | Peter Roth | KK | **5-day letter due 6/11/20**<br><br>**Response due 6/18/20** | Response sent 6/23/20<br><br>***Request satisfied*** | Request from Peter Roth NHDRA investigation<br>1. Abatement files for 2018 and 2019 concerning the abatement or appeal of Cheryl Walley<br>2. Non-Privileged internal communications concerning the abatement<br>3. Documents concerning those abatement requests are not considered of the abatement file |
| 2020-182 | 6/5/20 | Colquhoun | KK | **5-day letter 6/12/20** | 6/8/20 response sent<br><br>***Request satisfied*** | Copy of the Assessors Dept. Assess Audit Log for the period of Jan. 1, 2019 to Aug. 31, 2019 on all Assessors |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | (5-day letters need a reason as to the delay or the time needed for a response) | | | |
| 2020-183 | 6/5/20 | Ortolano | Dan Hansberry | 5-day letter 6/12/20 | 6/11/20 response sent<br>***Request satisfied*** | Copy of the by-laws currently used by the Board. Provide any other Board if Assessor Board policies that describe the operation and function of the board |
| 2020-184<br>**Also see 2020-185** | June 8, 2020 | Colquhoun | KK | **June 15, 2020** | 6/15/20 – response sent<br>***Request satisfied*** | Copy of all building permits from Jan. 1, 2015 thru Dec. 31, 2019 that have been issued to 7 Warner St. Nashua NH<br>Also the inspections, inspection images listing run by the building dept. for this property |
| 2020-185<br>Correspondence/Questions<br>**Also see 2020-185** | June 8, 2020 | Colquhoun | SM<br>CL<br>Mayor | | 6/15/20 – response sent by Nelson Ortega<br>***Request satisfied*** | Requesting code enforcement go and do their job and enforce the original complaint against the property owner of 7 Warner St. |
| 2020-186 | Rec'd May 29, 2020 – Fwd to Legal by KK 6/9/2020 | Colquhoun | KK | | 6/9/20 response sent<br>***Request satisfied*** | Copy of the minutes of the Board of Aldermen meeting where they made a motion in regards to not reading the emails rec'd by Nashua residents into the minutes |
| 2020-187 | June 9, 2020 | Colquhoun | Larry Budreau | **5-day letter due June 16, 2020** | 6/15/20 – response sent<br>***Request satisfied*** | Copy of the current policy on mileage reimbursement |
| 2020-188<br>**Also see 2020-191** | June 4, 2020 Fwd to Legal by | Ortolano | Greg Turgiss<br>KK<br>Board of | **5-day letter due 6/11/20** | 6/15/20 – response sent<br>***Request satisfied*** | Provide me with the written notification submitted to the DRA for the authorized certified assessor or assessor supervisor responsible for overseeing the training of Mike |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date (5-day letters need a reason as to the delay or the time needed for a response) | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | KK 6/11/20 | | Aldermen Mayors office | | | Mandile |
| 2020-189<br><br>Correspondence/ comments | June 4, 2020 | Ortolano | Board of Assessor | | Sent by-laws 6/11/20 (2020-183) No document request – no response needed | Email to Dan Hansberry regarding community input/emails of comments not being acknowledged by the board.<br><br>Potential document request "do you have a policy for public input whereby you do not acknowledge the individual email" |
| 2020-190 | June 15, 2020 | Ortolano | KK | **5-day letter due 6/22/20** | 6/18/20 – Response Sent<br><br>***Request satisfied*** | Email Ms. Walley sent to you on Aug. 9, 2018, that included the screen shot of the file listing on the S drive showing the date the PDF file was saved, which was Oct. 12, 2018<br><br>Complete email(s) attachments relative to the Oct. 11, 2018 notes that were sent to you Aug. 9, 2019 from Ms. Walley |
| 2020-191<br><br>**Also see 2020-188** | June 15, 2020 | Ortolano | KK | **5-day letter due 6/22/20** | Response sent 6/22/20<br><br>***Request satisfied*** | Document that fulfills the Asb 302.02 requirements for training once Mr. Duhamel left Nashua<br><br>Additionally, provide that document while Mr. Duhamel was the Nashua Chief that meets the Asb requirements |
| 2020-192 | June 16, 2020 | Colquhoun | KK | **5-day letter due 6/23/20** | Response sent 6/23/20<br><br>***Request satisfied*** | A copy of the Assessing Work Log for the period of Jan. 1, 2018 to Dec. 31, 2018 on all assessors. This report is used to reimburse assessor for mileage that they use. |
| 2020-193 | June 17, 2020 | Ortolano | LB<br>KK | **5-day letter due** | Response sent 6/23/20 | Scan and send me the entire property record file 1 Bishop |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | |
| | | | | 6/24/20 | ***Request satisfied*** | Lane |
| 2020-194 | June 18, 2020 | Ortolano | KK CKL Board of Assessors | **5-day letter due 6/26/20** | Response sent 6/23/20<br>***Request satisfied*** | Question: Is the Data Collection Manual the same document as the Assessor Manual and Procedure.<br>Provide me with an electronic copy of the first 10 pages of the Data Collection Manual provided to the BTLA |
| 2020-195 | June 18, 2018 | Ortolano | KK | **5-day letter due June 25, 2020** | 6/25/20 Response sent<br>***Request satisfied*** | Copies of all mileage reimbursement documents for Greg Turgiss for years 2009 and 2010 |
| 2020-196<br>ALSO SEE 2020-131 | June 18, 2020 | Ortolano | CKL | | 6/25/20 – sent letter to LO requesting that a list be made of all unreadable and/or missing pages<br>No response rec'd from LO as of 12/29/20 – file closed | Going through Police Investigation data and some pages are missing – will be sending emails to get readable copies and missing pages |
| 2020-197<br>**Correspondence/ comments** | June 21, 2020 | Ortolano | D. Hansberry | | 6/25/20 - Correspondence – ***no documents request no action required*** | Emails to Dan Hansberry – Request placement on the agenda for 2019 abatement for 41 Berkeley – I want to present new evidence |
| 2020-198 | June 22, 2020 | Ortolano | SAB | ~~5-day letter due 6/29/20~~ | 6/30/20 – Sent letter with response time July 17, 2020<br>7/17/20 Response sent | Provide me with an email copy of back to back residential abatement application where the first abatement has become a State appeal and the second abatement was based on new evidence and sales data. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| (5-day letters need a reason as to the delay or the time needed for a response) | | | | | | |
| | | | | | ***Request satisfied*** | |
| 2020-199<br><br>**Correspondence/comments** | June 22, 2020 | Ortolano | Board of Assessors<br>Assessing Dept. | | 6/25/20 - Correspondence – ***no documents request no action required*** | Would like placement on all Board of Assessor meetings until Sept. 1, 2020, as this the deadline for filing an appeal with the BTLA should the BOA deny my 2019 abatement |
| 2020-200 | June 22 | Ortolano | Board of Assessors<br>L. Cameron<br>KK<br>CKL | ~~5-day letter due 6/29/20~~ | 5/26/20 – followed up with KK for any responsive documents<br><br>6/30/20 – Sent letter with response time July 31, 2020<br><br>7/9/20 Response sent<br>***Request satisfied*** | Questions/Requests<br>1. Can the public submit an email as input on how will the BOA handle those emails<br>2. Questions about the Tablets for the BOA<br><br>Provide examples and screen shots of what the audit trial will look like<br><br>Direct us to a website to read the technical specs on the device and provide model numbers |
| 2020-201 | June 22, 2020 | Ortolano | Mayor's office<br>CKL<br>SAB | **5-day letter due 6/29/20** | 6/30/20 Response sent<br><br>***Request satisfied*** | Policy or some sort document that will define this<br><br>"plan on visiting assessing for property record files |
| 2020-202 | June 22, 2020 | Ortolano | KK<br>CKL<br>Legal<br>L. Cameron<br>LB | ~~5-day letter due 6/29/20~~<br><br>Due 7/31/20 | ~~6/30/20 – Sent letter with response time July 17, 2020~~<br><br>**7/17/20 sent letter with response day of** | Fwd email copies of all residential abatement applications – my recollection is that there are about 45 residential abatements – it's only applications no documents attached |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | KO | | 7/30/20<br>**f/u with LB on 7/28/20 re: attachments to apps**<br>**7/30/20 Response sent**<br>***Request satisfied*** | |
| 2020-203 | June 23, 2020 | Colquhoun | KK<br>SM | **5-day letter due 6/30/20** | **6/30/20 – Sent letter with response time July 17, 2020**<br>**7/9/20 Response sent**<br>***Request satisfied*** | Copies of any documents from the US Gov't, State of NH, and/or the City pertaining to the upgrade on the Transit Center Project – including proposed contracts with vendors doing the project – they will include anything that was rec'd and/or used to get funds to do the project |
| 2020-204 | June 23, 2020 | Ortolano | PR<br>CKL<br>KK | | 6/25/20 – response sent to LO<br>***Request satisfied*** | Letter sent to Peter Roth re: city's response to RTK request 2020-188 & 2020-191 – DRA certification of Mike Mandile |
| 2020-205 | June 23, 2020 | Ortolano | KK<br>Board of Assessor s<br>CKL<br>Derek Kline<br>RL | **5-day letter due 6/30/20** | 6/30/20 – response sent to LO<br>***Request satisfied*** | Email by Jeff Gropman sent to AssessHelp<br>Provide all communications Greg Turgiss generated re: Jeff Gropman's property 9-91/2 Nevada St. I would like the information captured from April 23, 2020 to when the RTK request was filed (6/23/20) |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2020-206 | June 23, 2020 | Colquhoun | KK | **5-day letter due 6/30/20** | **6/30/20 – Sent letter with response time July 17, 2020**<br><br>**7/6/20 – LC withdrew the request** | Requesting all copies of worksheets used by Mr. Turgiss when making his abatements to the Board of Assessors **"what was actually done by Gary Turgiss in order to come up with his conclusions"** |
| 2020-207 | June 24, 2020 | Ortolano | Mayor's Office Board of Assessor s | **5-day letter due 7/1/20** | 6/24/20 – response sent by KK | PRC's printed by the city for prior years contain the current photo but do not appear to maintain the old photos<br><br>Found a new problem old photos is lost, sketch is incorrect as well<br><br>Put in RTK's from now on and ask for the restored backups for all prior PCR's<br><br>**SAB – might be productive to discuss her concerns – I could meet with her**<br><br>**KK – working on a response** |
| 2020-208 | June 24, 2020 | Ortolano | KK | **5-day letter due 7/1/20** | **6/30/20 – Sent letter with response time July 15, 2020**<br><br>**7/15/20 – response sent**<br>***Request satisfied*** | Electronic copies of the inspection field reports for Greg Turgiss, Gary Turgiss and Mike Mandile for Jan. 2019 thru Dec. 2019 |
| 2020-209 | June 24, 2020 | Colquhoun | KK | **5-day letter due 7/1/20** | 7/1/20 Response sent<br><br>***Request satisfied*** | Copies of all the progress reports that have been submitted to the BTLA since the order for Reassessment issued Docket No. 29261-19RA |
| 2020-210 | June 24, 2020 | Colquhoun | KK | **5-day letter due** | **6/30/20 – Sent letter with response time** | Copies of the Inspection Field Reports on all assessors for the period of Jan. 1, 2018 to Dec. 31, 2018. "These |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| (5-day letters need a reason as to the delay or the time needed for a response) | | | | | | |
| | | | | **7/1/20** | **July 28, 2020**<br>**7/15/20 – response sent**<br>***Request satisfied*** | reports will show each individual trip that the assessors reported on their mileage reimbursement form" |
| 2020-211 | June 24, 2020 | Colquhoun | KK | **5-day letter due 7/1/20** | 7/1/20 Response sent<br>***Request satisfied*** | Copy of the AssessPro Activity/Work logs for the period of Jan. 1, 2018 to Dec. 31, 2018 on all assessors "this report will show each individual trip that assessors reported on their mileage reimbursement form by month" |
| 2020-212 | June 26, 2020 | Ortolano | Bill McKinney | Bill McKinney emailed LO – said response by 7/10/20 | 7/1/20 Response sent<br>***Request satisfied*** | Scanned copy of the building permit file for 1 Bishop Lane – 8.5" x 11" pages to be scanned |
| 2020-213<br>**Correspondence/ comments** | June 26, 2020 | Ortolano | BOA Board of Assessors Dean Salhoup Kim Hougton Jerry James | | Correspondence – ***no documents request no action required*** | Letter submitted to Board of Aldermen for Public Comment Disciplinary actions RE: PA-71 complaints to NH DRA |
| 2020-214 | June 26, 2020 | Colquhoun | KK | ~~5-day letter due 7/6/20~~<br>**Response due** | 7/6/20 sent letter with response date of 8/14/20<br>8/14/20 – response sent | Copies of any documents from either the US Gov., State of NH, and/or City pertaining to the new Boat Ramp. Also include should be contract with the vendor who did the project, the documents should include anything that |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | (5-day letters need a reason as to the delay or the time needed for a response) | | | |
| | | | | **8/14/20** | ***Request satisfied*** | was rec'd and/or used to get funds to do the project |
| 2020-215 | June 29,2020 | Ortolano | KK | ~~5-Day letter due 7/7/20~~<br><br>**Response due 8/7/20** | 7/7/20 sent letter with response date of 8/7/20<br><br>7/17/20 – CKL followed up with KK regarding responsive documents<br><br>**Follow-up with KK for responsive documents**<br><br>**8/7/20 – response sent**<br><br>***Request satisfied*** | Provide me with the time clock documents that record when an assessing employees comes and out of work<br><br>The time period for this information is 3/13/20 to 6/29/20 |
| 2020-216<br><br>Correspondence/ comments | July 1, 2020 | Ortolano | KK<br>Mayor's Office<br>CKL<br>SAB<br>BOA | | 7/1/20 - Correspondence – ***no documents request no action required*** | Comments regarding the public and employee access to City Hall |
| 2020-217<br><br>ALSO SEE 2020-242 & 246 | July 1, 2020 | Ortolano | CKL<br>Dan Hansberry | ~~5-day letter due 7/7/20~~<br><br>**Response due 8/12/20** | 7/7/20 sent letter with response date of 8/12/20<br><br>7/10/20 – MP followed up with KK | Provide the technical guide or any documentation that came with the tablets purchased for the Assessors.<br><br>Also provide a copy of the purchase order, the invoice and the payment for such tablets |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | 8/4/20 Response sent<br>***Request satisfied*** | |
| 2020-218 | July 1, 2020 | Ortolano | KK | ~~5-day letter due 7/7/20~~<br>**Response due 8/12/20** | 7/7/20 sent letter with response date of 8/12/20<br>8/11/20 Response sent<br>***Request satisfied*** | 1. Communications regarding the sanctions or disciplinary action issued by the DRA against Greg Turgiss<br>2. Communications btw Greg Turgiss and the City regarding the sanctions or disciplinary actions issued by the DRA<br>3. Any communications btw the city and DRA regarding sanctions – interested in any documentations that would have the effective date the sanctions were enacted<br>4. Documents from the City regarding the current certification of each assessor<br>5. Provide any documents that would contain the current certification levels for all 4 assessor in the Nashua Assessing Office |
| 2020-219<br>**Correspondence/comments** | July 2, 2020 | Ortolano | KK | | No document request no response needed | Comments regarding the Board of Assessors and public comments – talks about KK, D. Hansberry, SAB & CKL |
| 2020-220 | July 6, 2020 | Colquhoun | KK | **5-day letter due 7/14/20** | 7/15/20 – CKL sent email to KK – waiting for response | Copies of all Kim Kleiner communications going to/or received from the DRA, Mayor Donchess and the Board's |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | 7/17/20 – response sent<br>***Request satisfied*** | within the City from 1/1/20 to 6/30/20<br>All documents regarding the disciplinary action against the Nashua Assessors charged with sanctions by the DRA |
| 2020-221<br>Also see 2020-222 2020-224 2020-181-A<br>NPD Video & Audio files | July 7, 2020 | Colquhoun David Lavoie Capt Craig Allard | CKL | ~~5-day letter due 7/14/20~~<br>~~f/u on 7/31/20~~<br>~~f/u on 8/31/20~~<br>~~**f/u on 9/30/20**~~<br>~~**f/u on 10/30/20**~~ | ~~7/15/20 – letter sent – follow up on 7/31/20~~<br>~~7/28/20 – letter sent – follow up on 8/31/20~~<br>~~8/31/20 – letter sent – follow up on 9/30/20~~<br>~~9/30/20 – letter sent – follow up on 10/30/20~~<br>10/30/20 – letter sent; request denied<br>***Request satisfied*** | Provide copies of all audio and video files generated for the police investigation concerning assessing dept. employees |
| 2020-222<br>Also see 2020-221 2020-224 2020-181-A<br>NPD | July 7, 2020 | Kathleen O'Connor | CKL | ~~5-day letter due 7/14/20~~<br>~~f/u on 7/31/20~~<br>~~**f/u on 8/31/20**~~ | ~~7/15/20 – letter sent – follow up on 7/31/20~~<br>~~7/28/20 – letter sent – follow up on 8/31/20~~<br>~~8/31/20 – letter sent – follow up on 9/30/20~~ | Provide copies of all audio and video files generated for the police investigation concerning assessing dept. employees |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| Video & Audio files | | | | ~~f/u on 9/30/20~~<br>~~f/u on 10/30/20~~ | ~~9/30/20 – letter sent – follow up on 10/30/20~~<br>10/30/20 – letter sent; request denied<br>***Request satisfied*** | |
| 2020-223 | July 7, 2020 | Ortolano | KK | **5-day letter due 7/14/20** | 7/15/20 response sent<br>***Request satisfied*** | Weekly copies of the sign in sheets for the Assessing Office.<br>Email copies of the sign in sheets for the week of July 6 through July 10 the following I would like the sign in sheet for July 13 through 17 |
| 2020-224<br>Also see 2020-221 2020-222 2020-181-A<br>NPD Video & Audio files | July 9, 2020 | Mary Robbins | KK | ~~5-day letter due 7/16/20~~<br>~~f/u on 7/31/20~~<br>~~f/u on 8/31/20~~<br>~~f/u on 9/30/20~~<br>~~f/u on 10/30/20~~ | ~~7/15/20 – letter sent – follow up on 7/31/20~~<br>~~7/28/20 – letter sent – follow up on 8/31/20~~<br>~~8/31/20 – letter sent – follow up on 9/30/20~~<br>~~9/30/20 – letter sent – follow up on 10/30/20~~<br>10/30/20 – letter sent; request denied | Provide copies of all audio and video files generated for the police investigation concerning assessing dept. employees |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | (5-day letters need a reason as to the delay or the time needed for a response) | | |
| | | | | | ***Request satisfied*** | |
| 2020-225 | July 8, 2020 | Ortolano | CKL | **5-day letter due 7/15/20** | 7/15/20 response sent ***Request satisfied*** | Any communications regarding redacting or rescinding confidential information from public documents |
| 2020-226 Correspondence/comments | July 8, 2020 | Ortolano | Board of Assessors BOA Mayors office | | No document request no response needed | Communication problems in the assessing regarding the email and questions sent to assessing by Mr. Gropman |
| 2020-227 | July 10, 2020 | Ortolano | Lynn Cameron | ~~5-day letter due 7/17/20~~ **Response due 7/31/20** | 7/17/20 – letter sent with response date of 7/31/20 7/28/20 response sent ***Request satisfied*** | Complete Board of Assessor Packets for Aug. 16 and Aug. 20, 2020 "subject line says Aug. 16 2018 & Aug 20, 2018 |
| 2020-228 Correspondence/comments | July 8, 2020 | Ortolano | Lynn Cameron | | No document request no response needed | Request placement on the Agenda for the July Board of Assessor Meeting |
| 2020-229 Also see 2020-230 2020-231 | 7/14/20 | Colquhoun | CKL | ~~5-day response due 7-21-20~~ | ~~7/20/20 – response sent with response date of 8/31/20~~ ~~8/31/20 – letter sent –~~ | Forward the redacted transcript as soon as available – if the city is modifying the audio and video recordings and this requires more time, I would like the transcripts delivered first |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2020-181A-1<br><br>NPD Transcripts (2020-263) RL | | | | ~~Response due 8/31/20~~<br><br>~~f/u on 9/30/20~~<br><br>~~f/u on 10/30/20~~ | ~~follow up on 9/30/20~~<br><br>~~9/30/20 – letter sent – follow up on 10/30/20~~<br><br>10/30/20 – letter sent; request denied<br><br>***Request satisfied*** | |
| 2020-230<br><br>Also see 2020-229 2020-231 2020-181A-1<br><br>NPD Transcript (2020-263) RL | 7/14/20 | Robbins | CKL | ~~5-day response due 7-21-20~~<br><br>~~Response due 8/31/20~~<br><br>~~f/u on 9/30/20~~<br><br>~~f/u on 10/30/20~~ | ~~7/20/20 – response sent with response date of 8/31/20~~<br><br>~~8/31/20 – letter sent – follow up on 9/30/20~~<br><br>~~9/30/20 – letter sent – follow up on 10/30/20~~<br><br>10/30/20 – letter sent; request denied<br><br>***Request satisfied*** | Forward the redacted transcript as soon as available – if the city is modifying the audio and video recordings and this requires more time, I would like the transcripts delivered first |
| 2020-231<br><br>Also see 2020-229 | 7/14/20 | Ortolano | CKL | ~~5-day response due 7-21-20~~ | ~~7/20/20 – response sent with response date of 8/31/20~~ | Provide the redacted transcripts as soon as they become available **(which should be before Aug 15, 2020)** |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | (5-day letters need a reason as to the delay or the time needed for a response) | | |
| 2020-230 2020-181A-1 NPD Transcript (2020-263) RL | | | | ~~Response due 8/31/20~~ **~~f/u on 9/30/20~~** **~~f/u on 10/30/20~~** | ~~8/31/20 – letter sent – follow up on 9/30/20~~ ~~9/30/20 – letter sent – follow up on 10/30/20~~ 10/30/20 – letter sent; request denied ***Request satisfied*** | |
| 2020-232 | 7/14/20 | Colquhoun | SAB | | SAB responded 7/14/20 | Explain to me why there is no minutes posted to the meeting held on May 6, 2020 for the Downtown Improvement Committee |
| 2020-233 | 7/14/20 | Ortolano | Assessing BOA Board of Assessors Mayor's office | **5-day response due 7/21/20** | 7/20/20 response sent ***Request satisfied*** | Phone call to assessing about time in the assessing office<br>1. Provide the policy for public access to city hall<br>2. Question: is there a maximum number of appts per day<br>3. Question: what is the policy on that<br>4. Question: is LO maxing out the policy with 1 simple request<br>I see this as a violation of my first amendment rights to have equal access to the assessing office |
| 2020-234 | 7/14/20 | Colquhoun | KK | ~~5-day response~~ | 7/20/20/ letter sent with a response date of | Copies of all documents (including applications) that were submitted by property owner of 7 Auburn Street and all |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | ~~due 7/21/20~~<br>Response due 7/28/20 | 7/28/20<br>7/28 /20 response sent<br>***Request satisfied*** | documents submitted by the Assessing Dept. to the Board of Assessors for the 2017 and 2018 abatements on 7 Auburn St. that were granted |
| 2020-235<br>Correspondence/comments | 7/15/20 | Ortolano | BOA<br>Mayor's office<br>KK<br>J. Gerry<br>P. Roth | | | Comments: regarding KK presentation to Finance Committee for scanning project for assessing records |
| 2020-236<br>Correspondence/comments | 7/9/20 | Ortolano | Board of Assessors<br>BOA<br>Mayor's Office | | | Comments: regarding emails from Mr. Gropman for answers regarding his property |
| 2020-237<br>Correspondence/comments | 7/16/20 | Ortolano | BOA<br>Board of Assessors<br>Mayors off.<br>R. Lehmann | | | Comments: regarding appointments to review assessing documents – LO research |
| 2020-238<br>Corresp | 7/17/20 | Ortolano | James Gerry<br>Board of | | | Questions: Ratio Study – PRC needs correction for 30 Summer Street |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | *(5-day letters need a reason as to the delay or the time needed for a response)* | |
| ondence/ commen ts | | | Assessor LC P. Roth Mayors office | | | |
| 2020-239 | 7/20/20 | Colquhoun | CKL | ~~5-day letter due 7/27/20~~<br>~~Due 8/31/20~~<br>**Due 11/2/20** | ~~7/27/20 – sent letter with response date of 8/10/20~~<br>~~8/10/20 – letter sent with response date od 8/31/20~~<br>8/31/20 – letter sent – with response date 11/2/20<br>11/2/20 response sent<br>***Request satisfied*** | Copies of all Mayor Donchess incoming and/or outgoing communications regarding the sanctions placed by the DRA on the Assessing department include any sent/or received by the Board of Assessors, BOA and/or Ms. Kleiner from Jan 1, 2020 to June 30, 2020 |
| 2020-240 | 7/20/20 | Colquhoun | CKL | ~~5-day letter due 7/27/20~~<br>~~Due 8/31/20~~<br>**Due 11/2/20** | ~~7/27/20 – sent letter with response date of 8/10/20~~<br>~~8/10/20 – letter sent with response date od 8/31/20~~<br>8/31/20 – letter sent with response date 11/2/20 | Copies of all Ms. Kim Kleiner communications regarding the assessing department, including polices – how was the Board of Assessors advised of disciplinary/sanctions taken against the assessing dept. and the responses by the Board on the sanctions that the DRA on the Assessing Dept. from 1/1/20 to 6/30/20 |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | 11/2/20 response sent<br>***Request satisfied*** | |
| 2020-241 | 7/20/20 | Colquhoun | CKL | ~~5-day letter due 7/27/20~~<br><br>~~Due 8/31/20~~<br><br>**Due 11/2/20** | ~~7/27/20 – sent letter with response date of 8/10/20~~<br><br>~~8/10/20 – letter sent with response date od 8/31/20~~<br><br>8/31/20 – letter sent – with response date 11/2/20<br><br>11/2/20 response sent<br>***Request satisfied*** | Copies of all the Ms. Kleiner communications regarding the disciplinary/sanctions placed on the City assessing dept. include how the BOA were advised of disciplinary/sanctions taken against assessing dept. and the responses by the BOA on the actions pertaining to the sanctions that the DRA placed on the Nashua assessing dept. from Jan. 1, 2020 to June 30, 2020 |
| 2020-242<br><br>**Also see 2020-217 & 2020-245** | 7/20/20 | Ortolano | CKL | **5-day letter due 7/27/20** | 8/4/20 Response sent<br><br>***Request satisfied*** | Provide the contract to the transcription service performing the work and please provide the purchase order if one exists |
| 2020-243<br><br>**Correspondence/comments** | 7/21/20 | Ortolano | BOA Board of Assessors Mayors Office | | | Comments: regarding policy for 15 minute appointments in the Assessing office – concerned about having to go to City Hall every day because of COVID<br><br>Asked for a copy of the sign-in sheets for wk of July 13-17 said she was refused |
| 2020-244 | 7/21/20 | Ortolano | LB Mayors | | 7/22/20 – L. Brown responded by email | Copies of the sign-in sheets for July 13-17 |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | (5-day letters need a reason as to the delay or the time needed for a response) | | | |
| | | | office | | with responsive documents<br><br>***Request satisfied*** | |
| 2020-245<br><br>**Also see 2020-217 & 2020-242** | 7/22/20 | Ortolano | Rose Evans | **5-day letter due 7/29/20** | 8/4/20 Response sent<br><br>***Request satisfied*** | Provide an email copy of the invoice, the PO and the payments for these tablets<br><br>Also provide the order or contract for the purchase of service to perform transcription of audio files for the assessing office employee police investigation |
| 2020-246 | 7/23/20 | Ortolano | Webmaster B. Codagnone Mayors office CKL R. Lehmann | **5-day letter due 7/30/20** | 7/30 /20 response sent<br><br>***Request satisfied*** | Provide video footage for the following times:<br><br>July 7 – 10:00 AM to 1:30 PM<br><br>July 10 – 11:30 AM to 2:30 PM<br><br>July 14 – 10:30 AM to 1200 PM<br><br>July 15 – 9:30 AM to 11:30 AM<br><br>July 17 – 9:00 AM to 11:30 AM |
| 2020-247<br><br>**Correspondence/comments** | 7/23/20 | Colquhoun | Nashua PD | | | Comments:<br><br>Regarding police officer posted at city hall entrance<br><br>Questions:<br><br>1. Who authorized a police office at the entrance of city hall<br>2. How much money are the taxpayers paying to have an officer monitor residents<br>3. What is the purpose of having a police officer |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes<br>(5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | present |
| 2020-248<br><br>Correspondence/comments | 7/23/20 | Ortolano | Phone call to the mayors office | | | Phone call from L. Ortolano re: residents refused access to city hall when they had an appointment in assessing |
| 2020-249<br><br>Correspondence/comments | 7/24/20 | Ortolano | Mayors office BOA T. Pappas S. Schoneman Frank Teas Fauteux, Lisa Moriarty, Kevin | | | Email to Mayors office<br><br>Comments: regarding DPW meetings and the mayors comments to Tracy Pappas, city pools and COVID 19 |
| 2020-250<br><br>Correspondence/comments | 7/26/20 | Ortolano | Dan Hansberry Mayors office | | | Request for the Board of Assessors to use zoom instead of Webex so that there can be public input |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | (5-day letters need a reason as to the delay or the time needed for a response) | | | | |
| 2020-251 | 7/27/20 | Ortolano | LB | | 7/28/20 – LB responded<br>*Request satisfied* | Email copy of the sign-up sheets for appointments in assessing for the week of July 20-24 |
| 2020-252<br>Correspondence/comments | 7/28/20 | Ortolano | Dan Hansberry<br>KK<br>Mayors office<br>BOA | | **8/2/20 – KK sent email response to LO answering the questions** | Questions for Rex Norman:<br>1. When Mr. Norman served of the Board of Assessors did he actually review the abatement application<br>2. Will Mr. Norman be reviewing Right-to-Know requests to assist the public in obtaining public information |
| 2020-253<br>Correspondence/comments | 07/29/20 | Ortolano | Dan Hansberry<br>BOA<br>Board of Assessors<br>Mayors Office<br>James Gerry<br>Lindsey Stepp<br>LC | | | Comments:<br>"more lies and the run around from Dan Hansberry" – regarding the switch from Webex to zoom to have public comments at the Board of Assessors meeting |
| 2020-254<br>Correspondence/commen | 7/30/20 | Ortolano | Dan Hansberry<br>Board of Assessor | | | Comments:<br>LO listened to the 7/30/20 Board of Assessors meeting regarding non-public to discuss Marguerite's Place – CKL opinion on non-public |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| ts | | | s<br>CKL<br>KK<br>Mayor's office | | | |
| 2020-255 | 7/30/20 | Ortolano | LB<br>KK<br>Board of Assessors<br>Gary Turgiss<br>Mayors office | | 7/31/30 – LB responded<br>***Request satisfied*** | Copy of PRC that shows the data corrections that Gary referenced in (7/30/20) board of assessor meeting |
| 2020-256 | 7/25/20 (Sat)<br>**KK was on vacation that week** – legal rec'd 8/2/20 | Ortolano | Dan Hansberry<br>Board of Assessors<br>James Gerry<br>Lindsey Stepp<br>KK | | 8/3/20 response sent<br>***Request satisfied*** | Copy of communication if it exists, regarding IT's request to switch to Zoom<br>Claims a text was fwd to her written by a dept. head who sent message to a board member (@ 7/18) regarding moving meetings to Zoom |
| 2020-257<br>Correspondence/commen | 7/29/20 | Ortolano | Donna Graham | | | How did the BOA switch to Zoom from Webex – How did it happen, how were you notified |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| ts | | | | | | |
| 2020-258 | 8/3/20 | Ortolano | Legal<br>KK<br>Board of Assessors<br>J. Gerry<br>L. Stepp<br>R. Lehmann | **5-letter due 8/10/20** | 8/10/20 Response sent<br>***Request satisfied*** | Director Fauteux sent an email to commissioner of Public Works that stated "IT has asked boards to transition to zoom because it's easier for them to manage. BOA uses Zoom"<br>1. Any written communication from IT to City Board to determine how them information to switch from webex to Zoom was conveyed<br>2. Provide any correspondence from IT to City Board requesting that they transition meetings to Zoom |
| 2020-259<br>Correspondence/comments | 8/3/20 | Ortolano | Dan Hansberry<br>Board of Aldermen<br>KK<br>Mayors Office<br>James Gerry | | | Questions to Dan Hansberry re: pool values, changes, abatements<br>12 Briarcliff<br>4 Elliot<br>39 Berekley<br>Questions regarding sales comps |
| 2020-260 | 8/5/20 | Ortolano | KK<br>Board of | | | Access to records open to inspection in the assessing office during business hours – what records are open to |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date (5-day letters need a reason as to the delay or the time needed for a response) | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| Correspondence/comments | | | Assessors Mayors office BOA James Gerry | | | public inspection |
| 2020-261<br><br>**WITHDRAWN** | 8/5/20 | Ortolano | Lisa Fauteux | **5-day response due 8/12/20** | **8/13/20 – LO withdrew request** | Info regarding the planning, design and construction of the new DPW facility<br>1. Provide all invoices, purchase order and payments for any work or items associated with the project<br>2. Provide all studies and reports for this facility as well as plans and reports for the all other DPW complex facilities that have been addressed in the 18 months<br>3. Provide all drawings for the facility<br>4. Provide all meeting minutes, notes, memorandums or documents regarding the design and construction of the facility<br>5. Provide any email communication regarding this project |
| 2020-261 – A<br><br>**Also see 2020-261 & 2020-288** | 8/14/20 | Tracy Pappas | Mayor | ~~**5-day letter due 8/21/20**~~<br><br>**Due 9/4/20** | 8/19/20 letter sent with response date of 9/4/20<br><br>9/4/20 – response sent<br><br>***Request satisfied*** | 1. Any plans/drawings Any invoices from HKT architects,<br>2. any invoice from Harvey Construction<br>3. notes and plans from any meetings with Harvey Construction<br>4. bid documents from hiring of the architects<br>5. bid documents from hiring the construction firms |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | (5-day letters need a reason as to the delay or the time needed for a response) | | |
| | | | | | | 6. requests for proposal for both/all of the architects and construction firms<br>7. notes from meetings, dates of meetings that either the committee and/or city staff had with the architects and the construction company from Dec. 12019 through Aug. 14, 2020<br>8. written traffic study |
| 2020-262 | 8/6/20 | Ortolano | KK | **5-day letter due 8/13/20** | 8/10/20 Response sent<br>***Request satisfied*** | KRT informal hearing sheets codes<br>Provide any documentation that explains what the abbreviations stand for. |
| 2020-263 | 8/6/20 | Lehmann | CKL | **5-day letter due 8/13/20** | 8/13/20 Response sent<br>***Request satisfied*** | 1. Provide me within 5 business days, all NPD policies, procedure, directives, instruction or other guidance concerning<br>a. How to respond to requests for public information under RSA… or any other request review records(or evidence) of the NPD<br>b. How completed files are to be stored and/or archived; and<br>c. The definitions to be applied to reports, evidence, or other material collected, created or found by the NPD while conducting its official statutory business |
| 2020-264<br>Also see 2020-131 – NPD file | 8/6/20 | Ortolano | David Lavoie NPD | **5-day letter due 8/13/20** | 8/11/20 Response sent<br>***Request satisfied*** | Lynn Cameron was interviewed btw 9/16/19 & 9/22/19 re: protective order – LO was issued a warning to have no contact with assessing staff outside of normal city hall hours<br>Btw 9/16/19 & 9/22/19 Det. Lombardi rec'd |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | communication whereby everyone in the assessing dept. except CW wanted no contact with LO outside of work<br>Provide the documentation of the info rec'd<br>If interviews were conducted provide interviews<br>If phone call was placed provide call log with name of who in assessing asked<br>If email or letter was sent provide the document |
| 2020-265 | 8/6/20 | Ortolano | LB | **5-day response due 8/13/20** | 8/10/20 Response sent<br>***Request satisfied*** | Request to view the abatement questionnaire for 39 Berkeley St. |
| 2020-266 | 8/6/20 | Ortolano | LB | | 8/6/20 – LB provided documents | Sign-in sheets for the week of July 27-31 |
| 2020-267 | 8/6/20 | Ortolano | LB | | 8/6/20 LB provided documents | To view the settlement agreement for the Hunt Community |
| 2020-268<br>Correspondence/comments | 8/7/20 | Ortolano | Board of Assessors<br>Gary Turgiss<br>MM | | | Questions/comments<br>2 Gilboa Lane – listed as sold Fiduciary on 7/29/19 – trying to find out what the property sold for – why isn't a sale point in the 2019 ratio study |
| 2020-269 | 8/7/20 | Ortolano | SAB<br>RL | **5-day letter due 8/14/20** | 8/13/20 response sent<br>***Request satisfied*** | Provide all communications between both Attorney Fojo and Attorney Lehmann and the City legal office regarding the topic of the burden of my RTK |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | (5-day letters need a reason as to the delay or the time needed for a response) | | | |
| 2020-270 | 8/9/20 - Sunday | Ortolano | David Lavoie<br>NPD<br>CKL<br>RL | **5-day letter due 8/17/20** | 8/17/20 response sent<br>***Request satisfied*** | 1. Provide for inspection all documents containing warning issued in 2019 by the NPD similar to warning[s] issued to myself threatening criminal cha[r]ging if I had contact with people outside of Assessing Office<br>2. I want all the 2019 records of warning issued that did not involve any threatening to alleged criminal activity I wish to understand how "commonly done" this by the NPD<br>3. I would be most interested in warning s issued to citizens who were investigating irregularities in the city office or citizens who filed complaints against a City office with State |
| 2020-271 | 8/9/20 - Sunday | Ortolano | RE<br>JG<br>CKL<br>SAB<br>RL | **5-day letter due 8/17/20** | 8/17/20 response sent<br>***Request satisfied*** | Provide me with the purchase order, invoice and payment to KRT Appraisal for work they were hired to performing the Fall of 2019 to capture permits for the Nashua Assessing Office<br><br>I sent you a RTK recently for the financial information for the Tablets purchased for the Nashua Assessors and you did not respond to my request, nor did the legal office |
| 2020-272 | 8/9/20 Sunday | Ortolano | SAB<br>RL | **5-day letter due 8/17/20** | 8/13/20 Response sent<br>***Request satisfied*** | 1. Provide all communications with Ms. Colquhoun where the City contacted her in an attempt to clarify her information requests and minimize the burden the information request placed on the City<br>2. Provide any other RTK communications with citizens where the City was attempting to clarify the request and/or minimize the burden – I would |

# Right-to-Know Requests Fileu by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | like these communications to 2018 and 2019<br>3. Provide all RTK requests or a list of RTK requests sent to legal department or through the legal department by other city divisions or offices for 2018 and 2019 |
| 2020-273<br><br>Correspondence/comments | 8/2/20 | Colquhoun | D. Fredette | | 8/10/20 – DF answered the questions | Questions:<br><br>Amount city rec'd in the CARES ACT<br><br>How long police officer will be at city hall entrance<br><br>More money spent from CARES ACT |
| 2020-274 | 8/10/20 | Ortolano | Greg Turgiss<br>KK<br>RL<br>JG | **5-day response due 8/17/20** | 8/13/20 Response sent<br><br>***Request satisfied*** | Provide me with the list of properties that KRT was given to perform permit inspections and updates – if no list exists provide me with the property record cards KRT was given to take into the field to perform corrections |
| 2020-275<br><br>Also see 2020-276 | 8/11/20 | Colquhoun | CKL<br>KK | **5-day response due 8/18/20** | 8/18/20 – response sent<br><br>***Request satisfied*** | Copy of Ms. Kleiner worksheet showing everything that is scheduled to be purchased via the GOFERR fund as of August 11, 2020 |
| 2020-276<br><br>Also see 2020-275 | 8/11/20 | Colquhoun | CKL<br>JG | **5-day response due 8/18/20** | 8/18/20 – response sent<br><br>***Request satisfied*** | Copy of Mr. Griffin worksheet showing all if the GOFERR related purchases by the finance committee as of August 11, 2020 |
| 2020-277<br><br>Correspondence/ | 8/12/20 | Ortolano | TG<br>Mayor's office<br>Kk | | | Comments – re: record keeping KRT records of permit capture etc. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| comments | | | BOA Board of Assessors James Gerry | | | |
| 2020-278 Correspondence/ comments | 8/13/20 | Ortolano | James Gerry Peter Roth Lindsey Stepp BOA Board of Assessor LC | | | LO remarks at the Tus. August 11, 2020 Board of Aldermen |
| 2020-279 | 8/13/20 | Ortolano | LB | | LO picked up the requested docs 8/13/20 in the Assessing department | Property record files for 41 Berkeley Street and 9 Gilboa Lane |
| 2020-280 | 8/13/20 | Ortolano | LB | **5-day letter due 8/20/20** | 8/18/20 – response sent ***Request satisfied*** | Provide a permit report for 2019 from July 1 to December 31 |
| 2020-281 | 8/13/20 | Ortolano | Legal | **5-day letter due 8/20/20** | 8/19/20 – response sent ***Request satisfied*** | Provide all email communication sent form the city to Atty Fojo relative to Right-to-Know requests submitted by Atty Fojo or Laurie Ortolano |
| 2020-282 | 8/13/20 | Colquhoun | DF | ~~5-day letter due 8/20/20~~ | ~~8/19/20 – letter sent with response date of 8/27/20~~ | Complete listing of all expenses that have been made on the Nashua Downtown Riverfront Project – the listing should include both payments already to vendors to date |

# Right-to-Know Requests Fileu by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | ~~Due 9/15/20~~<br><br>**Due 9/30/20** | ~~8/27/20 – letter sent with response date of 9/15/20~~<br><br>9/15/20 – letter sent with response date of 9/30/20<br><br>9/30/20 – response sent<br><br>***Request satisfied*** | and future requests from vendors that have not been approved by the committee yet<br><br>This information will give me a complete picture of what is being spent for the Nashua Downtown Riverfront Project |
| 2020-283 | 8/14/20 | Ortolano | Legal | ~~5-day letter due 8/21/20~~<br><br>~~Due 11/13/20~~<br><br>**11/25/20** | ~~8/19/20 response set for requests 1,2 & 3 and a response date for requests 4,5 & 6 of 11/13/20~~<br><br>~~Request 4 & 5 withdrawn by LO 8/26/20~~<br><br>~~**Request 6 due 11/13/20**~~<br><br>**11/13/20 sent letter with response date of 11/25/20**<br><br>**11/13/20 sent email to City Depts for RTK policies** | 1. ~~Provide the 12 page list reference in the September 2019 Budget Review Committee meeting~~<br>2. ~~If the city is maintaining an updated list of my RTK requests please provide that~~<br>3. ~~If the City is maintaining a list of Ms. Colquhoun's requests please provide that as well~~<br>4. ~~Provide all email communications from the Nashua Legal Dept. to Ms. Colquhoun recorded as a RTK~~<br>5. ~~Provide all RTK requests that do not involve pending litigation sent to the legal dept. by the requester or sent to the legal department by another city department or division for 2018 and 2019~~<br>6. Provide any policies, directives or documents that provide information to city departments or Division describing the City process to handle |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | (5-day letters need a reason as to the delay or the time needed for a response) | | |
| | | | | | **11/19/20 – Response sent** ***Request satisfied*** | RTK requests |
| 2020-284 | 8/16/20 | Colquhoun | B. McKinney | **5-day letter due 8/24/20** | 8/19/20 – response sent ***Request satisfied*** | Called building department to make an appointment to review 2 files |
| 2020-285 | 8/17/20 | Ortolano | Alderman June Caron | | June Caron responded to LO by email on 8/18/20 ***Request satisfied*** | Draft copy of the Public Comment ordinance with new draft language |
| 2020-286 | 8/14/20 | Ortolano | David Lavoie NPD | **5- day letter due 8/21/20** | 8/19/20 – response sent ***Request satisfied*** | Provide any policy of NPD for the proper care, storage and dissemination of evidence created by the NPD as part of an investigation. It is possible that this might be different S.O.P from evidence seized. Specifically I wish to understand how the audio recording and video tapes are filed and stored. Provide the written reports for all audio and video recording required under section F of S.O.P 14, if in fact it was considered evidence |
| 2020-287 | 8/17/20 | Ortolano | Greg Turgiss | **5-day letter due 8/24/20** | 8/19/20 – response sent ***Request satisfied*** | Provide the scope of work or contract that was given to KRT to perform the job. I am looking for any city documents that require KRT to perform the job using the permit recording process |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | (5-day letters need a reason as to the delay or the time needed for a response) | | |
| | | | | | | required of our assessor to document permit work completed. |
| 2020-288<br><br>**Also see 2020-261 & 2020-261-A** | 8/19/20 | Ortolano | Mayor<br>DPW commissioners<br>SAB | ~~5-day letter due 8/26/20~~<br><br>**Due 9/30/20** | Letter sent 8/26/20 with response date of 9/30/20<br><br>**LO emailed City on 8/27/20 to cancel this request** | Any on who has responded to this email, I would like copies of your responses. I believe this is a public document sent to the entire board including the mayor |
| 2020-289 | 8/19/20 | Ortolano | KK<br>Legal | ~~5-day letter due 8/26/20~~ | Response letter sent 8/26/20<br><br>***Request satisfied*** | Provide all email communications from you to any other city employees, officials or board regarding this meeting<br><br>I had set up a meeting with you on May 10, 2019 to review sales data |
| 2020-290 | 8/19/20 | Ortolano | LB | | 8/19/20 – LB sent responsive docs | Please email me the following Map/Lot 103-00330-2013 and 2017 PRC for 14 Thorndike St. |
| 2020-291 | 8/19/20 | Colquhoun | LB | | 8/19/20 – LB sent responsive doc | Email me a copy of the PRC for 14 Thorndike for 2020 |
| 2020-292<br><br>**Also see 2020-297**<br><br>**KRT – PRC permit capture** | 8/20/20 | Ortolano | KK<br>James<br>Gerry<br>Peter<br>Roth | ~~5-day letter due 8/27/20~~<br><br>**Due 9/15/20** | 8/27/20 – letter sent with response date of 9/15/20<br><br>Response letter sent 9/15/20<br><br>***Request satisfied*** | Provide email copies of all property record cards given to KRT to take into the field to mark up for permit capture |

# Right-to-Know Requests Fileu by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2020-293 | 8/19/20 | Ortolano | CKL SAB | ~~5-day letter due 8/27/20~~ **Due 11/30/20** | 11/19/20 – response sent ***Request satisfied*** | Provide all email communications sent from Nashua Legal Office to Attorney Fojo, representing Laurie Ortolano as legal counsel for the time period of 11/1/18 to 11/30/19 |
| 2020-293-A | 11/20/20 | Ortolano | Legal R. Lehmann | ~~5-day letter due 12/1/20~~ **Due 12/15/20** | 12/1/20 – sent letter with response date of 12/15/20 12/15/20 – response sent ***Request satisfied*** | email in the responsive documents should have had back and forth communications between Attorney Fojo and Attorney Leonard. Additionally, there was communication between Attorney Fojo and Attorney Leonard regarding 2018 abatement in the Fall of 2019. The City appear to have stopped the search in June, but did not continue through to November. Please provide the remaining emails. It will not be many, given that 7 months of emails generated 31 pages. |
| 2020-294 | 8/20/20 | Colquhoun | JG | 5-day letter due 8/27/20 | 8/27/20 – response sent ***Request satisfied*** | Copy of all expenditures under the Care Act the City of Nashua has submitted to the State of NH for reimbursement |
| 2020-295 | 8/20/20 | Colquhoun | JG | 5-day letter due 8/27/20 | 8/27/20 – response sent ***Request satisfied*** | Copy of the Record of Expenditures submitted for approval to the Finance committee on July 1, 2020. This Record of Expenditures would be for the period of June 1, 2020 to June 25, 2020 |
| 2020-296 | 8/21/20 | Colquhoun | JG | 5-day letter due 8/28/20 | 8/27/20 – response sent ***Request satisfied*** | Copy of Mr. Giffin's worksheet that spells out the intended recipients of the City of Nashua COVID-19 relief fund. This worksheet is the one sent out by Mr. Griffin to both the Mayor and the Members of the Finance |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | Committee as stated in the July 1, 2020 meeting |
| 2020-297<br>Also see 2020-293<br>**KRT – PRC permit capture** | 8/26/20 | Ortolano | KK | ~~5-day letter due 9/2/20~~<br>Due 9/15/20 | 9/2/20 – letter sent with response date of 9/15/20<br>Response letter sent 9/15/20<br>***Request satisfied*** | "Please provide scanned documents of all the Property record cards marked-up by KRT for the permit capture." |
| 2020-298 | 8/30/20 | Ortolano | CKL | **5-day letter due 9/8/20** | Response letter sent 9/4/20<br>***Request satisfied*** | RFPD #1 – Table RTK requests by LO & LC send the file in the format based on the software it was created with |
| 2020-299 | 8/26/20 | Ortolano | L. Brown | **5-day letter due 9/2/20** | 9/2/20 – Response sent<br>***Request satisfied*** | Email me the abatement application and supporting materials the Law's sent in for their 78 Concord Street 2019 abatement, also email the old and new PRC for the changes made to support that abatement |
| 2020-300<br>Correspondence/comments | 9/10/20 | Ortolano | L. Brown | | | Requests to Assessing be being forwarded to the legal dept – does not want legal involved |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2020-301<br><br>Correspondence/comments | 9/11/20 | Colquhoun | L. Brown | | | Does not want any of her emails to be forwarded to legal |
| 2020-302 | 9/14/20 | Ortolano | K. Miller | **5-day letter due 9/21/20** | 9/18/20 – response sent<br>***Request satisfied*** | Please provide all email communication from Laurie Ortolano that were forwarded to you in hard copy or through your email address. These documents will require no redactions as they are generated by me.<br><br>Please provide all email communications where you forwarded my emails or any information regarding my emails to another city department or individual. These should also not require redaction, but would need verifying.<br><br>Please provide the last 25 emails where you made a preliminary assessment of their importance and forwarded them as appropriate to the Chief of Staff or appropriate Director.<br><br>Please provide the information as it becomes available so that if an extended time period is required for part of this information request, you are able to respond in the most timely manner.<br><br>Please let me know if you are forwarding this to the legal department and requesting that they respond to the request. |
| 2020-303<br><br>Correspondence/comments | 9/11/20 | Ortolano | Lisa Fauteux | | No response required | Does not want any documents sent to her concerning the New DPW facility |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | |
| 2020-304<br><br>Correspondence/comments | 9/14/20 | Colquhoun | CKL | | No response required | Questions and comments – regarding her request for appt. to building dept. – legal responded has questions as to why<br>1) Why did my emails get forwarded to legal?<br>2) Why did my emails act as a Right To Know? And assigned a RTK number.<br>3) Is legal creating more Right To Know requests for their next photo op?<br>4) Why is the City of Nashua wasting taxpayers' funds on items like this?<br>5) Does the legal department not have enough work, that they are creating more work for themselves?<br>6) Is the legal department trying to tell Nashua residents that the Mayor has no plans for ever opening city hall again? |
| 2020-305<br><br>Correspondence/comments | 9/14/20 | Colquhoun | Lindsey Stepp DRA | | KK responded to Lindsey Stepp re: LC letter | Comments to Lindsey Stepp at the DRA re: data collection, Qualified / MLS reviews |
| 2020-306 | 9/16/20 | Ortolano | Webmaster (Bruce | **5-day letter due 9/23/20** | 9/23/20 – Response sent | I wrote an email to Steve Bolton on May 11, 2019 "City Investigation into "Greg Turgiss"<br>I am looking for all emails that show where Attorney Bolton |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | Codagno ne) | | ***Request satisfied*** | forwarded this email<br><br>9/18/20 revised request - provide me with the any email where attorney Bolton forwards my May 11, 2019 email to Attorney Fojo or Attorney Bolton emails Attorney Fojo separately regarding this email |
| 2020-307<br><br>ALSO SEE 2020-283 | 9/17/20 | Ortolano | L. Budreau KK W. McKinne y L. Fauteux T. Cummin gs D. Fredette J. Griffin S. Lovering Webmast er – B Codagno ne M. Carignan Emer. Oper. Center - Justin | **5-day letter due 9/24/20** | 9/24/20 – Response letter sent canceling the request for being forwarded to legal<br><br>***Request satisfied*** | Please provide any documents, policies or procedures that describe how public requests for information are handled within your department and please provide the Performance Description Form or job description of the person responsible within your department or division for this performing this task. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | B. Rhodes<br>B. Bagley<br>David Lavoie | | | |
| 2020-308 | 9/17/20 | Colquhoun | L.Brown | **5-day letter due 9/24/20** | 9/18/20 – LB responded to LC<br>***Request satisfied*** | Please send me the following property cards for 2020:<br>15648<br>6142<br>46161<br>36770<br>29658<br>20912<br>30860<br>28820<br>14214<br>6398<br>2670<br>6690<br>10460<br>46712 |
| 2020-309 | 9/18/20<br>9/21/20 | Ortolano<br>Ortolano | L. Brown<br>L. Brown | **5-day letter due 9/25/20**<br>**2nd email sent 9/21/20** | 9/24/20 – Response sent<br>***Request satisfied*** | send me the final report for approvals and denials for 2019? Will this report specifically list **deemed** denied? |
| 2020-309-A | 9/28/20 | Ortolano | Legal Mayors office | **5-day letter due 10/5/20** | 10/5/20 – response sent<br>***Request satisfied*** | send me the final report for approvals and denials for 2019? Will this report specifically list **deemed** denied? |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | RL<br>KK<br>LB<br>KO | | | **Asked legal to respond** |
| 2020-310 | 9/20/20<br>Sunday | Ortolano | Mayor<br>Alderman Klee<br>Alderman Lu<br>Alderman Gathright<br>Alderman Kelly<br>Alderman Laws<br>Alderman O'Brien | **5-day letter due 9/28/20** | 9/24/20 – **Withdrawn** by LO | Question: How much has Nashua spent on COVID upgrades in our school facilities<br>If there is a table of documents that compiles this information please forward |
| 2020-311<br>**ALSO SEE 2020-316** | 9/21/20 | Ortolano | KK | **5-day letter due 9/28/20** | 9/28/20 – Response sent<br>***Request satisfied*** | Outside consultant<br>Provide me with the invoice and payment for the consultant who worked on my 2019 abatement |
| 2020-311-A | 9/28/20 | Ortolano | KK<br>Legal<br>LB<br>OC | **5-day letter due 10/5/20** | 10/5/20 Response sent<br>***Request satisfied*** | Outside consultant<br>Provide me with the invoice and payment for the consultant who worked on my 2019 abatement<br>**Asked that legal respond** |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| 2020-312 Correspondence/comments | 9/21/20 | Ortolano | CKL | | | Comments re: RTK 2020-302<br>Cc'ing atty Lehmann on RTK requests, increasing LO's atty costs<br>Violating her rights |
| 2020-313 Correspondence/comments | 9/22/20 | Ortolano | CKL | | | Comments: to Dan Hansberry – inactions of the Board of Assessors on 2019 abatements |
| 2020-314 | 09/22/20 | Colquhoun | LB Assess help | **5-day letter due 9/29/20** | 9/23/20 – LB responded<br>***Request satisfied*** | PRC's<br>2017 – 31630, 35420<br>2018 – 11240, 32672, 18816, 34270 & 32242<br>2020 – 10614, 38395, 11252, 13574 & 32242 |
| 2020-315 Correspondence/comments To Board of Assessors | 9/24/20 | Ortolano | Board of Assessor | | No response needed | Adopting new abatement procedure<br>Deemed denied with no response<br>Procedural changes |
| 2020-316 | 9/24/20 | Ortolano | KK Legal | **5-day letter due** | 9/28/20 – Response sent | Outside Counsel<br>Provide the contract for the consultant used to address the |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | |
| **ALSO SEE 2020-311** | | | James Gerry Rose Evans | **10/1/20** | ***Request satisfied*** | 2019 abatement application for 41 Berkeley<br>Provide any invoice and payment to the consultant |
| 2020-317 | 9/21/20 | Ortolano | Kerry Miller | **5-day letter due 9/28/20** | 9/28/20 – Response sent<br>***Request satisfied*** | Clarify request #3 provide the last 25 emails where you made preliminary assessment of their importance and forwarded to the Chief of Staff or appropriate Director |
| 2020-318 | 9/25/20 | Ortolano | Officer Pearse David Lavoie | | 9/25/20 - DL responded to LO Investigation ongoing<br>12/18/20 – LO sent email to D. Mederos at the NPD to get an update of the investigation of the Board of Assessors Ongoing Police Investigation | June 25, 2020 went to NPD to investigate misdemeanor charge against the Nashua Board of Assessors for failing to perform their oversight duties.<br>Email to Officer Pearse on 9/8/20 and did not hear back<br>Provide me with the complete investigative file and any evidence that was created or gathered to investigate this matter |
| 2020-319<br>Correspondence/comments | 9/25/20 | Ortolano | Legal RL Kim Houghton | | No response required | LO response to 9/25/20 letter sent to Rick Lehmann<br>RTK requests & correspondence forwarded to legal by other city departments |
| 2020-320<br>Corresp | 9/25/20 | Ortolano | City Boards & City | | No response required | LO response to 9/25/20 letter sent to Rick Lehmann<br>RTK requests & correspondence forwarded to legal by |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | |
| ondence/ comments | | | Dept. Heads | | | other city departments |
| 2020-321<br><br>Correspondence/ comments | 9/25/20 | Ortolano | Lori Wilshire<br>CKL<br>MP | | No response required | Question:<br><br>Are the police & school dept. responding to their own RTK requests or all those NOW going to the city hall legal office |
| 2020-322 | 9/27/20 | Ortolano | KK<br>LB<br>CKL<br>MP | **5-day letter due 10/5/20** | 10/5/20 response sent<br><br>Need three more agreements from Assessing – then send as a follow-up to this response<br><br>10/21/20 – Response sent<br><br>***Request satisfied*** | 1. Provide an electronic copy of all 2018 residential settlement agreements for appeals filed with the state<br>2. Send a copy of Peter Roth's RTK request sent to the city on 6/4/20 for the investigation into CW's abatement<br>Send all responsive docs sent to Atty Roth |
| 2020-323 | 9/27/20 | Ortolano | GT<br>KK<br>RN<br>Mayor<br>Legal | **5-day letter due 10/5/20** | 10/5/20 Response sent<br><br>***Request satisfied*** | Want the name of the person that processes my 2019 abatement application |
| 2020-324 | 9/28/20 | Ortolano | KK<br>Legal | ~~**5-day letter due 10/5/20**~~ | ~~10/5/20 letter sent with a response date of Oct. 26~~ | provide all communication, letters, notes, and emails regarding the 2019 41 Berkeley Street abatement. I want to know where all emails were forwarded to and who |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | ~~**Due 10/26/20**~~ | 10/26/20 letter sent explaining that this request will be answered with LO's second set of 2019 abatement interrogatories (Due date = November 25th?)<br><br>**Responded with 2019 BTLA appeal** | provided information on this abatement. |
| 2020-325 | 10/1/20 | Ortolano | Legal Mayors Office RL David Lavoie | **5-day letter due 10/8/20** | 10/6/20 response sent<br><br>***Request satisfied*** | Provide immediately any of the completed interviews for our review<br><br>Would be helpful if you could explain what tasks the legal office can perform remotely |
| 2020-325-A<br><br>Correspondence/comments | 10/6/20 | Ortolano | SAB BOA Mayor's Office DL | **5-day letter due 10/13/20** | No response needed | Attorney Leonard responds to a Right-to-Know request #325 for the redacted transcripts is unclear and unreasonably described<br><br>in a show of good faith, please batch the transcripts out to us as soon as the redaction process for each interview is completed so we can begin the review process on our end |
| 2020-326 | 10/1/20 | Ortolano | LB KK CKL MP | **5-day letter due 10/8/20** | 10/6/20 response sent<br><br>***Request satisfied*** | If Louise will answer the question how many permits are given to the assessors to capture each year.<br>**If question is not answered** |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | Provide the complete end of year permit reports for 2017, 2018, 2019 and 2020 in excel format |
| 2020-326-A | 10/9/20 | Ortolano | Legal<br>Kk<br>LB<br>KO<br>Mayors office<br>BOA<br>Board of Assessor | **5-day letter due 10/16/20** | 1014/20 response sent<br><br>***Request satisfied*** | LO response to 2020-326 – saying that the city removed things and is hiding information – claiming malicious compliance<br><br>Provide me with the "Complete" excel spreadsheet and sheets attached with no data columns removed to comply with my request |
| 2020-327 | 10/1/20 | Colquhoun | LB | | LB responded 10/2/20 | Request for PRC's 39656 and 52342 |
| 2020-328 | 10/1/20 | Colquhoun | LB | | LB responded 10/2/20 | Request for PRC's 51111 and 23498 |
| 2020-329 | 10/2/20 | Ortolano | Rose Evans<br>John Griffin<br>CKL<br>MP | **5-day letter due10/9/20** | 10/9/20 response sent<br><br>***Request satisfied*** | Provide the PO, invoice and payment for Tina L. Hayes, a shorthand reporter hired to record the July 29, 2020 Deposition of Laurie Ortolano<br><br>Also provide any financial information regarding the costs associated with the transcription of the police interviews conducted for the assessing department investigation |
| 2020-330 | Saturday 10/3/20 | Ortolano | SAB | **5-day letter due 10/12/20** | 10/12/20 response sent<br><br>***Request satisfied*** | Provide an electronic exposure report for the 2019 tax abatement year<br><br>Provide a copy in an excel or readable format other than PDF that would be helpful, if not PDF will be fine |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | |
| 2020-331 | Sunday 10/4/20 | Ortolano | LB<br>SAB<br>CKL<br>MP<br>Board of Assessor | ~~Due 11/5/20~~ | ~~10/12/20 – Letter sent with response date of 11/5/20~~<br><br>~~11/5/20 – Response sent – once construction in Assessing is done and the files are on-site we will search for further responsive documents~~<br><br>~~Followed up with Assessing 12/5/20 if further docs were found – construction ongoing~~<br><br>**Follow-up with Kim and Rick to see if any other documents exist**<br><br>**LO CANCELLED ALL PENDING RTK REQUESTS – 1/27/21** | ~~1. Please provide me with the settlement agreement for Southern NH medical Center and/or Foundation Medical Partner. I would like the agreement reached in from a lawsuit in 2009 (this may not be the correct date, but you will have the agreement). It was a 10 year agreement that, I believe, expired in 2018.~~<br>~~2. Please provide the 2019 agreement or settlement extension that allowed this business to continue with the exemption.~~<br><br>3. Please provide me with any documentation that justifies the charitable exemption for this business.<br><br>4. "provide me with the charitable exemption and any agreement over the last 15 years, with Saint Joseph's hospital and medical buildings." |
| 2020-332 | Sunday 10/4/20 | Ortolano | LB<br>SAB<br>CKL<br>MP<br>Board of Assessor | ~~5-day letter due 10/12/20~~<br><br>Response Due | ~~10/12/20 letter sent with response date of 11/5/20~~<br><br>~~11/5/20 – Letter sent with response date of~~ | In support of my 2019 appeal, I would like all electronic copies of all letters sent out to property owners for approval or denial of that 2019 abatements.<br><br>I am trying to determine how many other residential properties received were deemed denied as of September |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | 11/5/20 | ~~11/25/20~~<br><br>~~11/25/20 – letter sent with 2 batches of the letters – LB will let us know when they are all ready~~<br><br>12/29/20 – grabbed batch 3 – need to follow-up with Kim and Rick on who took over for Louise<br><br>12/30/20 – follow-up with Kim & Rick for the rest of the letters<br>**LO CANCELLED ALL PENDING RTK REQUESTS – 1/27/21** | 1, 2020. I need this information for my 2019 appeal which will be mediated in the next few months. |
| 2020-333 | Sunday 10/4/20 | Ortolano | CKL | **5-day letter due 10/12/20** | 10/12/20 response sent<br><br>***Request satisfied*** | provide me with all policy or documents regarding the storage, retention, and culling of city email communications. |
| 2020-334 | Sunday 10/4/20 | Ortolano | MP | **5-day letter due 10/12/20** | 10/12/20 response sent<br><br>***Request satisfied*** | Please forward the attachment below that was sent to Laura Colquhoun on the noted date.<br><br>City response on 12/18/20 – file #2019-115 |

# Right-to-Know Requests Fileu by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2020-334-A | 10/13/20 | Ortolano | CKL<br>MP<br>SAB<br>Mayors office<br>BOA<br>Board of Assessor | **5-day letter due 10/20/20** | 10/20/20 response sent<br>***Request satisfied*** | provide the document that contains Gary Turgiss Emails - Redacted.pdf 33.8 MB. The screenshot below was provided to me by Ms. Colquhous. The Right-To-Know responsive documents were provided to Ms. Colquhoun on January 14, 2020. The Request was given the number 2020-126 by your legal office.<br>I am only requesting the Gary Tugiss Emails document sent in the below response |
| 2020-335 | 10/5/20 | Ortolano | Webmaster<br>(Bruce)<br>CKL<br>MP | **5-day letter due 10/12/20** | 10/12/20 response sent<br>***Request satisfied*** | Please provide all email communications for Gary Turgiss from October 1, 2019 to February 29, 2020. |
| 2020-335-A | 10/12/20 | Ortolano | Legal<br>KK<br>LB<br>KO<br>GT<br>Mayors Office<br>Board of Assessors<br>BOA<br>Rick Lehmann | ~~5-day letter due 10/19/20~~<br>~~Due 11/20/20~~<br>**Due 1/15/21** | 10/19/20 – Letter sent with a response date of 11/20/20 for request #3 – Greg's emails<br>11/19/20 – sent letter with response date of 1/15/21<br>**LO CANCELLED ALL PENDING RTK REQUESTS – 1/27/21** | ~~1) Please provide me with all documents that describe the email management practices of the City and the employee.~~<br>~~2) I would like electronic copies of all emails Gary Turgiss created or responded to from October 1, 2019 to February 29, 2020. I am wording this the exact same way I worded the request for Mr. Duhamel's email. Hopefully, this will be reasonably described.~~<br>3) I would like electronic copies of all the emails Greg Turgiss created or responded to from August 1, 2020 to October 12, 2020. |
| 2020-336 Correspondence/comments | 10/0520 | Ortolano | SAB<br>CKL<br>KK<br>Board of Assessor | | | I attempted to dial in to the Board of Assessors special meeting this morning on the SHNHMC A-9 exemption. The meeting was never open to the public. Laura Colquhoun and I were unable to dial in and get connected. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | BOA | | | CTV also had a problem and was unable to broadcast. The cable channel came on with the meeting for the last 30-60 second. The Board was making the motion to adjourn.<br><br>I planned on asking some questions and providing comments to this meeting. I wrote several RTK's yesterday about this exemption. |
| 2020-337 | 10/6/20 | Ortolano | CKL<br>MP<br>KK<br>SAB<br>RN<br>BOA<br>Board of Assessors | ~~**5-day letter due 10/13/20**~~<br><br>~~**Request 3 due 10/27/20**~~<br><br>**Request 3 due 11/10/20** | 10/13/20 response sent for request 1 & 2 Request 3 due 10/27/20<br><br>10/27/20 – letter sent with response date of 11/10/20 for request #3<br><br>**10/28/20 – LO sent email to SAB cancelling this request**<br><br>***Request satisfied*** | ~~1) Please provide the scope of work and contract provided to Horizon Associates for the work performed for the attached invoice.~~<br><br>~~2) Please provide an electronic copy of the appraisal for 12 Beasom Street.~~<br><br>3) Please provide all email communications and attachment to or from the Assessing Department to Horizon Associates regarding the 2019 abatement. ~~Also, please provide any email communication and attachments to or from the legal office to Horizon associates regarding the 2019 abatement. I don't believe that those are privileged communications as the abatement is not a legal action and was just used to offer an opinion of value for the 2019 abatement. Every other resident that submitted a 2019 abatement based on sales evidence, was given an opinion of value.~~<br><br>~~4) Please provide any documentation regarding an opinion of value produced by Horizon Associates for the 2019 abatement of 41 Berkeley Street.~~<br><br>~~5) provide the 2019 abatement work contract or scope of~~ |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | ~~work provided to the contractor hired to perform my 2019 abatement~~ |
| 2020-338<br><br>Correspondence/ comments | 10/6/20 | Ortolano | Board of Assessors<br>Mayor's office<br>BOA | | | New DRA sanctions<br>Rob Tozier, Vice President of KRT is no longer listed as a NH DRA certified property supervisor assessor<br><br>The DRA has now levelled about 20 violations against the assessing work in the Nashua office. You as a Board continue to applaud the high quality work of the department. YOU ARE ALL PART OF THE PROBLEM.<br><br>Rob Tozier did not provide opinions of value for any of the 50 properties he reviewed that were submitted by property owners as abatements. Additionally, he refused to recognize appraisals submitted by property owners and would only make data corrections for properties.<br><br>Mike Mandile performed abatement reviews and presented opinions of value when he was not a certified property assessor in violation of the DRA regulations.<br><br>Greg Turgiss did not provide the oversight as a supervisor to verify the opinions of values submitted by the assessors.<br>Finally, the Board refused and continues to refuse to review the applications submitted by property owners even though that is called out in RSA 76:16 as a duty of the Board. |
| 2020-339<br><br>Correspondence/ comments | 10/6/20 | Ortolano | SAB<br>CKL<br>Mayors Office<br>KK<br>Greg | | | I contacted Vern Gardner this afternoon<br>I made it clear to Vern that I wanted no discussion regarding the 2018 appeal as I was not interested in any information on that issue.<br><br>I explained to Mr. Gardner that my 2019 abatement was not a |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | RN<br>BOA<br>Board of Assessors | | | legal filing and that all other property owners with abatements had certified DRA assessors assigned to their properties. I explained that what I was asking for was public information and that I had sent a letter to the BTLA, the DRA, and had spoken with three well respected Chiefs in the state.<br><br>Vern was unwilling to tell me if he had a copy of my 2019 abatement application, reviewed it, and formulated an opinion of value. I let him know that I would be filing a complaint with the DRA.<br>I will be contacting the DRA to determine if the City can appoint an unqualified person to an abatement. While I understand a City can appoint no one to an abatement, hence the deemed denied status, the City informed me that a consultant was working on it and it was under review. This is very confusing. |
| 2020-340 | 10/7/20 | Ortolano | CKL<br>SAB<br>MP<br>Mayors office<br>Board of Assessors<br>BOA | ~~5-day letter due 10/14/20~~<br><br>**Due 11/16/20** | 10/14/20 letter sent with a response date of 11/16/20<br><br>11/16/20 Response sent – need to follow up with LO re: request #4<br><br>Gary's emails<br><br>11/19/20 – Response sent<br><br>***Request satisfied*** | Can you confirm that no letters were given to these properties for approval or denial<br><br>1 provide email copies of all letters regarding the 2019 abatement applications for the following properties:<br><br>67 Palm St.<br>10 St. Laurent St.<br>385 West Hollis St.<br>9 Northeastern Blvd.<br>327 Amherst ST.<br>87 Amherst St.<br>48 Cushing Ave.<br>26 East Pearly St.<br>23-25 East Pearl St.<br>124 West Pearl ST.<br>7 Graham St. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | (5-day letters need a reason as to the delay or the time needed for a response) | | | |
| | | | | | | 191 Main St.<br>4 properties on this list that are **not** on the 2019 abatement<br>2 provide an electronic copy of the following abatement applications with any attached documentation submitted: Please be sure that the date/time stamp placed on the abatement application by the City is legible.<br><br>DGT Realty LLC Acct # 1364<br>Northern NH Telephone Acct # 24976<br>Northern NH Telephone Acct # 24984<br>Nashua Tremount House LLC #2214<br><br>3 provide a 2019 electronic copy of the abatement application for 28-30 Berkeley St and all support documentation submitted.<br><br>4 provide Gary Turgiss's analysis that supported the reduction in this assessment and<br><br>5 provide a copy of the letter sent to the property owner with the approval or denial of the abatement. I cannot find any record of where this was addressed in a Board of Assessors meeting. |
| 2020-341 | 10/7/20 | Ortolano | MP<br>CKL<br>SAB | **5-day letter due 10/14/20** | 10/14/20 response sent<br><br>***Request satisfied*** | Attorney Roth sent in a Right-To Know request for PRC's for the 2018 reevaluation.<br><br>1. provide an electronic copy of Attorney Roth's Right-To-Know request on March 26, 2020, all documented responses from the city regarding this |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| (5-day letters need a reason as to the delay or the time needed for a response) | | | | | | |
| | | | | | | request and the responsive documents provided.<br><br>2. You provided Attorney Roths Right-to-know document and the response from the City on June 23, 2020. Please provide all other legal documents sent to Attorney Roth regarding this RTK. I believe the legal office sent follow-up letters and I am requesting electronic copies of these letters. |
| 2020-342 | 10/8/20 | Ortolano | CKL<br>SAB<br>LB<br>BOA<br>Board of Assessor s | ~~5-day letter due 10/15/20~~<br><br>**Due 10/29/20** | 10/15/20 – Letter sent with response date 10/29/20<br><br>10/29/20 – response letter sent<br><br>***Request satisfied***<br><br>***LO SENT EMAIL 11/1/20 RESPONED??*** | I would like to review all appraisals submitted for all 2019 abatement applications<br><br>I only want email copy of appraisals that are specifically abatement appraisals. As you know, property owners will sometimes use a financing appraisal to justify an opinion of value. This is not considered valid by the Assessing office, so you need not send financing appraisals.<br><br>LO sent email on 10/17 to "simplify" request:<br><br>To further simply this request, I only need the residential abatement appraisal submitted with the 2019 applications. There were about 40 residential abatements for 2019, so this is a small batch to review. |
| 2020-343<br><br>Correspondence/comments | 10/8/20 | Ortolano | James Gerry<br>Board of Assessor s<br>BOA | | 10/15/20 – followed-up with James Gerry<br><br>James Gerry confirmed request all set 10/16/20 | The more I look at how my 2019 abatement was handled by the Assessing Office and legal office, the more irritated I become. I am so tired of the retaliation the City levels against citizens who question a process. In this case, clearly a process with many problems.<br><br>I have sent in probably 20 Right-To-Know requests and discovery questions to the City in the last 2 weeks to try to |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | (5-day letters need a reason as to the delay or the time needed for a response) | | | | |
| | | | | | | understand why my 2019 abatement was treated the way it was.<br><br>The more I communicate with state experts, the more I believe the Nashua process is corrupt<br><br>All this being said, I would like any documentation that would educate me on the training an assessor receives to handle abatements. How are they educated by the state to understand the proper process to log, review, and settle an abatement. |
| 2020-344 | 10/9/20 | Ortolano | Board of Assessors Webmaster (BC) | ~~5-day letter due 10/16/20~~<br><br>~~Due 10/29/20~~ | 10/16/20 – Letter sent with a response date of 10/29/20<br><br>10/29/20 – Response letter sent<br><br>***Request satisfied*** | Provide all email communications and all associated attachments that involve information regarding 2019 abatements<br><br>Clarified to Bruce the time frame for this request will cover 4/1/20 to 7/31/20 – 4 months |
| 2020-344-A | 11/1/20 | Ortolano | SAB Board of Assessors Legal BOA KK R, Lehmann | ~~5-day letter due 11/10/20~~<br><br>~~Due 12/7/20~~<br><br>**Due 1/15/21** | 10/9/20 – letter sent with response date of 12/7/20<br><br>12/7/20 – letter sent with response date of 1/15/21<br><br>1/15/21 – Response letter sent<br><br>***Request*** | 1. governmental documents including emails, excluding any information provided in the public board of assessor packet and excluding privileged information, that pertain to 2019 abatements.<br><br>2. I want email copies of all the 2019 abatements applications and supporting data submitted by property owners that were emailed or mailed to the Board of Assessors prior to June 1, 2020.<br><br>3. governmental documents, including emails, from property owners, assessors or city employees that have |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | (5-day letters need a reason as to the delay or the time needed for a response) | | |
| | | | | | ***satisfied*** | any relevance to the 2019 abatements, such as requests to be placed on the agenda.<br><br>4. governmental documents sent to the Board of Assessors that are relevant to 2019 abatements, both commercial and residential. The timeframe for this request is 4/1/20 to 7/31/20. |
| 2020-345 | 10/9/20 | Ortolano | David Lavoie | ~~**5-day letter due 10/16/20**~~<br><br>**Response due 11/2/20** | 10/16/20 letter sent with response date of on or before Nov. 2<br><br>11/2/20 – Response letter sent<br><br>***Request satisfied*** | Provide any documentation on the arbitrator software and could you please explain why saving these interviews digitally using Arbitrator software is considered "evidence"<br><br>I would like to inspect all Right-To-Know requests sent to or forwarded to the records department for 1 year - September 2019 through September 2020. I would like to inspect all responses from the police department, legal office, or other department, to the requestor with all the responsive documents included for review.<br>I want to inspect every document that covers one year. |
| 2020-346 | 10/10/20 | Ortolano | CKL<br>MP<br>BOA<br>Board of Assessors Mayors office<br>KK<br>R. Lehmann | ~~**5-day letter due 10/19/20**~~<br><br>**Due 12/15/20** | 10/19/20 letter sent with response date of 12/15/20<br><br>12/15/20 – Response sent<br><br>***Request satisfied*** | 1. provide all documents that show the 13,000 permits that needed to be reviewed by the assessors. If the document exists in a readable format, like excel, please provide that format.<br><br>2. Please provide any documentation on the number of permits that were captured for the December tax bill.<br><br>3. Please provide any email communication between Ms. Kleiner and Mayor Donchess regarding Assessing office permits for the time period of September 1, 2019 to November 1, 2019. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | |
| 2020-346-A | 10/20/20 | Ortolano | Legal<br>KK<br>LB<br>OC<br>BOA<br>Board of Assessors<br>Mayor's Office<br>R. Lehmann | ~~**5-day letter due 10/27/20**~~<br><br>**Response due 12/15/20** | 10/27/20 – Letter sent with response date of 12/15/20<br><br>12/15/20 – Response sent<br><br>***Request satisfied*** | 1. Government documentation on the 31,000 building permits Ms. Kleiner referenced in the September 16, 2019 Budget review meeting.<br><br>2. If there is a document or more than one document Ms. Kleiner was referencing to state to the Board that 31,000 permits need to be captured, please provide the document(s). If it exists in an excel or other readable format, please provide that format.<br><br>3. please provide the governmental documents, should they exist, for the permits captured for the December (2019) tax bill. The time period for this request is October 10, 2019 through November 15, 2019.<br><br>4. please provide the governmental records, specifically, emails or written communication between Ms. Kleiner and Mayor Donchess regarding the assessing office permits for the time period of September 1, 2019 to November 1, 2019. |
| **2020-346-B** | 12/19/20 | Ortolano | SAB<br>Legal<br>Mators office<br>Kk<br>LB<br>BOA | **5-day letter due 12/29/20** | 12/29/20 – Response sent<br><br>***Request satisfied*** | Finally, the excel spreadsheets provided for the 2017, 2018, & 2019 permits are in the new software format that was not available at the time Ms. Kleiner would have referenced the data. The old format contained the property address associated with the permits. Please provide the excel version Ms. Kleiner referenced at the budget meeting in September 2019. Additionally, the City did not |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | BOAssessors RL | | | provide the 2016 permit data that made up the 13,000 permits. Please provide the 2016 permit data. |
| 2020-347 | 10/10/20 | Ortolano | D. Lavoie | **5-day letter due 10/19/20** | 10/19/20 response sent ***Request satisfied*** | Any documentation or explanation you can provide us as to why Ms. Kleiner's evidence binders were included in the responsive documents of May 28, 2020 but the Audio/Video files were not, would be helpful. |
| 2020-348 | 10/09/20 | Colquhoun | LB | | 10/11/20 LB responded | PRC's 2604, 44129, 40180, 33054 |
| 2020-349 | 10/12/20 | Ortolano | Bill McK. | **5-day letter due 10/19/20** | 10/16/20 response sent – by Bill McKinny ***Request satisfied*** | Can you tell me when your office will open to the public to inspect building records? I would like to inspect 10 State Street. If you are not opening soon, please email the permit records for 10 State Street. I do not need large drawings scanned or reduced. |
| 2020-350 | 10/12/20 | Colquhoun | LB | | 10/12/20 – LB responded | PCR's 40538, 28458, 6058, 31930 & 41461 |
| 2020-351 Correspondence/comments | 10/13/20 | Ortolano | Legal KK LB Board of Assessors BOA | | | provide me with a copy of the unsealed portion of the April 16, 2020 minutes. These minutes included discussion on 12 Beasom St, 77 Broad St, and 83 Broad St<br><br>I found the April 16, meeting minutes within the April minutes. I found the 7 Quinton St settlement but the sealed minutes were not unsealed.<br><br>provide the unsealed minutes for the 12 Briarcliffe settlement. You provided the unsealed minutes for 12 Beasom. There are numerous sets of sealed minutes for 12 briarcliff that I believe should be unsealed.<br><br>28-30 Berkeley st still cannot locate the settlement in |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | (5-day letters need a reason as to the delay or the time needed for a response) | | | | |
| | | | | | | public records. I would like those minutes unsealed. |
| 2020-352<br><br>Correspondence/comments | 10/14/20 | Ortolano | Board of Assessors<br>BOA<br>CKL | **5-day letter due 10/21/20** | | 1. Unsealing Non-public minutes to put to vote of the Board of Assessors on the record. This is a right to know request to unseal minutes with votes from the Board of Assessors on Settlements and actions taken for settlements.<br><br>2. On May 21, 2020, the Board voted to approve the settlement agreement for 12 Briarcliff Dr. The minutes from the non-public meetings on this property motions were not unsealed. Can you explain why they were not unsealed while the minutes for 12 Beasom, 77 and 83 Broad Street were unsealed?<br><br>3. The Board again addressed the property owner's settlement at the May 7, 2020 meeting in non-public session. In this meeting the Board voted to no longer require an inspection, but did not act on closing the settlement. This vote should be unsealed.<br><br>4. I believe the sealed minutes from February 27, 2020 and May 7, 2020 should be unsealed. Any motions made should be put on the public record. The public should<br><br>5. Please put on the record and unseal the minutes for the settlement agreement for 28-30 Berkeley Street. Also, I have located the motion for the settlement for 398 Main Street in the April 16, |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | (5-day letters need a reason as to the delay or the time needed for a response) | | | | |
| | | | | | | 2020 meeting minutes. It does not specify what year the abatement appeal is for. There are several settlement motions in these minutes but no unsealed records. |
| 2020-353 | 10/13/20 | Ortolano | SAB<br>CKL<br>RL<br>BOA<br>Board of Assessor s<br>Mayors office | **5-day letter due 10/20/20** | 10/20/20 response sent<br>***Request satisfied*** | Is this really a public policy issue? Do you have a policy? By all means, send it my way and consider that a Right-To-Know request. No need to argue. |
| 2020-354 | 10/13/20 | Ortolano | Legal<br>BOA<br>Board of Assessor s<br>Mayors office<br>James Gerry<br>KK<br>LB | | No response required | I am concerned that the Board of Assessors is in violation of the law by not recording settlement agreements on a public record. At best, the Board appears inconsistent in the public approval of these settlements.<br>Please let me know if the failure of the Board to record this in a public record is a violation RSA 91-A:3 II(e) allows non-public session |
| 2020-355 | 10/15/20 | Ortolano | Board of Assessor s<br>CKL<br>MP | ~~**5-day letter due 10/22/20**~~<br>**Response due 11/5/20** | 10/22/20 – letter sent with response date of Nov. 5, 2020<br>11/5/20 – Response letter sent | refresh and update the current by-laws."<br>provide these documents, specifically the rules and procedures of assessing departments and Board of assessor within the state. Provide the rules and procedures from other City Board that you also referenced to create the new by-laws and Board procedures for the Assessing |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | (5-day letters need a reason as to the delay or the time needed for a response) | | |
| | | | | | ***Request satisfied*** | Board. |
| 2020-356 | Email sent Saturday 10/17/20, received 10/19/20 | Ortolano | CKL MP | **5-day letter due 10/26/20** | 10/26/20 response sent ***Request satisfied*** | I am maintaining a spreadsheet and tracking the documents as you are. If you are willing to provide the number, I will not have to put in a RTK request for an updated spreadsheet from the legal office. |
| 2020-357 Correspondence/comments | 10/18/20 | Ortolano | Board of Aldermen KK | | | Who does the CERT team report to. I would believe it is the Health department. And does the Health Department report to the Mayor? Trying to figure out the chain of command. |
| 2020-358 Correspondence/comments | 10/17/20 | Ortolano | KK | | | What is the anticipated opening date for the Assessing Office? I understand that it is not a guaranteed date. I am requesting this information to determine the method least burdensome to obtain records from the Assessing Office. |
| 2020-359 | 10/19/20 LO followed up on | Ortolano | Bill McKinney | ~~**Due 10/30/20**~~ | 10/19/20 – BMcK sent email to LO with a response date of 10/30/20 | the permit information for 84 Taylor St for the 2014 permit for $30,000. The applications and associated documents with that project is all I need. Do not worry about large drawings. I only want the 8.5 x 11 papers. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

*(5-day letters need a reason as to the delay or the time needed for a response)*

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | 10/22/20 (not a new RTK request) | | | | NO RESPONSE REQUIRED (TO LO 10/22/20 FOLLOW-UP) PER CKL EMAIL TO BILL MCKINNEY ON 10/26/20 | permit information for 29 East Pearl St for the 2017 and 2019 work. Again, no large drawings are necessary. |
| 2020-360 | 10/19/20 | Ortolano | AssessHelp<br>LB | | 10/19/20 – LB responded with production of documents | Can I get the 2020 email copy of the Property record cards for 29 East Pearl Street and 84 Taylor Street |
| 2020-361 | 10/19/20 | Ortolano | KK<br>RL | ~~**5-day letter due 10/26/20**~~<br><br>~~**Due in 10-14 days (between Nov. 5 and Nov. 9)**~~ | ~~10/26/20 – letter sent with response date of 10-14 days (between Nov. 5 and Nov. 9)~~<br><br>~~11/10/20 – sent letter to LO – would $25. For the thumb drive with the 2017 PRC (data disc) she should let us know if she wants a copy.~~<br><br>~~11/19/20 – sent letter stating thumb drive is ready is LO would like one send check and we will mail it.~~ | Can you tell me if the city now has the capability with the new AssessPro software to produce a merge document that contains a printout of all of Nashua's property record cards? I am trying to find out if there is a simple way to get all this data and how to obtain it in the least burdensome manner?<br><br>If there is not a simple way, can you tell how long it would take to get 31,000 email copies of all 2017 property record cards? |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | (5-day letters need a reason as to the delay or the time needed for a response) | | |
| | | | | | As of 12/29/20 have not heard from LO – file closed | |
| 2020-362 | 10/19/20 | Ortolano | Mike Mandile | **5-day letter due 10/26/20** | 10/26/20 response sent<br><br>***Request satisfied*** | Can you tell me if you are still using the following values to create sales comparisons for 2020 abatements.<br><br>Here are the values I have pulled out of the grid sheets that are provided to the board. Please correct anything you see is wrong.<br><br>These are the costs for square foot differences as well as bathroom quantity values.<br>$15.00 for Garage<br>$50.00 for Finished Area<br>$20.00 for Basements<br>$10,300 for Full baths with ¾ baths counting as full<br>$12.00 for patio, decks and open porches<br>$5,000 for A/C for these larger homes<br>Depreciations of .7% per year based on the KRT update<br>Land – subjective |
| 2020-363 | 10/20/20 | Ortolano | MM<br>Gary T.<br>DD<br>RN | | 10/20/20 – KK responded - The assessors received a brief training on how to use the Dashboards for our internal needs. As I have communicated to you prior, we will work on instructions for the | Ms. Kleiner informed me that all of you had training on the dashboard. Could I set up an appointment with one of you to go over how to use this dashboard. Our tax dollars paid for it, it is not self explanatory, and we should be able to understand and use it. There is a lot of data in there that looks like it could be helpful.<br><br>I am available this week, except possibly on Thursday. I can work with whatever time someone has available. I would imagine 30 minutes would go a long way to |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | (5-day letters need a reason as to the delay or the time needed for a response) | | |
| | | | | | website. Since you are the only resident who has requested instructions, it would be helpful if you would send me your questions so we could make sure they are addressed in the instructions. There are many tutorials such as: https://www.youtube.com/watch?v=AuYzsfXKkbM that can also assist. | understanding this dashboard. |
| 2020-364 | 10/21/20 | Rick Lehmann | CKL | **5-day letter 10/28/20** | 10/28/20 – response letter sent<br>***Request satisfied*** | please send me all communications or documents in the possession of the City of Nashua concerning any action taken by the commissioner of the department of revenue administration to decertify, suspend, or take any other disciplinary action against any member of the Nashua assessing department, or any of its assessing contractors, pursuant to RSA 21-J, from January 1, 2019 through the present. |
| 2020-365 | 10/20/20 | Colquhoun | DF Legal | **5-day letter due 10/27/20** | David Fredette responded<br>***Request Satisfied*** | a copy of the most current listing of all Debt Service Schedules. These schedules should include City Debt, School Debt, Solid Waste, Wastewater, Special Road & Highway, Pennichuck Bond, and Pennichuck Acquisition. The format that is used within the City Budget is fine. I |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | *(5-day letters need a reason as to the delay or the time needed for a response)* |
| | | | | | | would also like to see any bonds that are in the process of being worked on and not completed yet. |
| 2020-366 | 10/21/20 | Colquhoun | SAB Legal | **5-day letter 10/28/20** | 10/28/20 – response letter sent<br>***Request satisfied*** | a copy of the email that Ms. Kim Kleiner sent out to the Board of Assessors informing them that the City of Nashua Assessing Department was hit with 12 more sanctions from the State of New Hampshire DRA. |
| 2020-367 | 10/21/20 | Ortolano | SAB Legal BOA Board of Assessor s RLehma nn Peter Roth James Gerry RN | **5-day letter due 10/28/20** | 10/28/20 – response letter sent<br>***Request satisfied*** | 1. Could you please send me the Horizon scope of work or contract to perform the 2019 abatement review and the 2018 abatement appeal appraisal.<br>2. I would like to resubmit questions #4, Please provide governmental records regarding an opinion of value produced by Horizon Associates for the 2019 abatement of 41 Berkeley Street.<br>3. Please provide the 2019 abatement work contract or scope of work provided to the contractor hired to perform my 2019 abatement. Attorney Leonard's response is unclear and unreasonably described. It is in conflict with #1 in the request, where the City is stating they will provide the scope of work as requested in the Original, September 21 & 24 request for the invoice for the 2019 abatement work for 41 Berkeley St. She sent an invoice for what appears to be billing for the appraisal for 2018 for 41 Berkeley St and 12 Beason. That invoice did not include the 2019 abatement. So the City sent the wrong documents. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | 4. Please send me the scope of work for the invoice paid on February 11, 2020 to Vern Gardner to perform the work for 41 Berkeley Street and 12 Beasom Street. Please send me the scope of work for the 2019 abatement prior to it becoming a 2019 abatement appeal. I don't understand why a scope of work for a closed matter, the abatement, is not a public document. |
| 2020-368 | 10/21/20 | Ortolano | SAB<br>CKL<br>Board of Assessors<br>BOA<br>R. Lehmann<br>RN | | 10/21/20 SAB sent a response by email – no documents conforming to your request<br><br>***Request satisfied*** | Under RSA 91-A, please provide me with the invoice, payment and scope of work for the contract with the consultant hired to perform the work for the 2019 abatement for 41 Berkeley Street. Additionally, if there is an opinion of value generated for that property in the timeframe of March 1, 2020 to June 30, 2020, please provide the governmental records that contain that information. |
| 2020-369 | 10/23/20 | Ortolano | R. Norman<br>J. Gerry<br>P. Roth<br>BoAsses<br>BOA | **5-day letter due 10/30/20** | 10/30/20 – Response letter sent<br><br>***Request satisfied*** | Not a RTK request – wants to speak to an Assessor re: how to use Cornell dashboard |
| 2020-370<br><br>Correspondence/comments | 10/13/20 – sent to Board of Assess<br><br>10/23/20 – FWD | Ortolano | BoAsses<br>BOA<br>Mayor's Office | | Correspondence – No response required | I am requesting the Board go back and review all settlement agreements addressed in non-public sessions and **release the minutes for each session with the approval or denial on the public record.**<br><br>Based on information and belief, the Board did discuss my 2019 abatement in a non-public session; if you recall such |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | to Legal | | | | | an event, **please make the record public on this discussion.** |
| 2020-371 | 10/26/20 | Ortolano | LB | **5-day letter due 11/2/20** | 11/2/20 – Response letter sent<br><br>***Request satisfied*** | Settlement agreement in the minutes for 28-30 Berkeley St. |
| 2020-372<br><br>Correspondence/ comments | 10/30/20 | Ortolano | KK<br>SAB<br>CKL<br>BOA<br>Board of Assessors<br>P. Roth<br>RM<br>RLehmann | | Correspondence – No response required | Who will be the DRA qualified Supervisor Assessor responsible for reviewing and overseeing 2020 abatement applications?<br><br>Will this individual be accessible to property owners who file abatements to address their specific abatement concerns? |
| 2020-373 | 11/2/20 | Colquhoun | SAB | ~~5-day letter due 11/10/20~~<br><br>**Due 12/1/20** | 11/10/20 sent letter with response date of 12/1/20<br><br>12/1/20 – response letter sent<br><br>***Request satisfied*** | copies of all emails that were received and sent by the City of Nashua Assessing Department employees, including both full time employees and part-time employees, to the State of New Hampshire DRA from January 1, 2020 thru October 31, 2020. |
| 2020-374 | 11/2/20 | Colquhoun | SAB | ~~5-day letter due 11/10/20~~ | 11/10/20 sent letter with response date of 12/4/20 | copies of all emails that were received and sent by the City of Nashua management, the legal office and/or the mayor's office to the State of New Hampshire DRA from January 1, 2020 thru October 31, 2020. |

# Right-to-Know Requests Fileu by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | ~~Due 12/4/20~~ | 12/4/20 response letter sent<br>***Request satisfied*** | |
| 2020-375 | 11/2/20 | Ortolano | BMcK<br>SAB<br>CKL<br>MP<br>BO A<br>R. Lehmann | ~~5-day letter due 11/10/20~~<br>~~Due 1/10/21~~<br>Due 1/26/21 | 11/10/20 sent letter with response date of 1/10/21<br>1/8/21 letter sent with a response date of 1/26/21<br>1/26/21 responded<br>***REQUEST SATISFIED*** | "provide email copies of all requests for governmental records to the building permit and safety department for the time frame of September 1, 2020 to October 31, 2020."<br>"Please include all responses that were sent to the legal department and any responses that came back from the legal department to the requester or your department."<br>"include all responsive documents that were provided to the requester. If it is less burdensome, you do not have to provide a copy of the records I requested in October 2020." |
| 2021-375-A | 1/3/21 | Ortolano | | ~~5-day letter due 1/11/21~~<br>Due 1/26/21 | 1/8/21 letter sent with a response date of 1/26/21<br>1/26/21 response letter sent<br>***Request satisfied*** | Permit documents |
| 2020-376 | 11/1/20 | Ortolano | RE<br>SAB<br>MP | **5-day letter due 11/10/20** | 11/10/20 response letter sent<br>***Request*** | Please provide me with the payment to Mr. Gardner for the services rendered for the February 11, 2020 invoice. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | (5-day letters need a reason as to the delay or the time needed for a response) | | | |
| | | | | | ***satisfied*** | |
| 2020-377 | 10/30/20 | Ortolano | Assesshelp<br>RN | **5-day letter due 11/9/20** | This has been asked and answered | send me the link to the tutorial for the Cornell dashboard on the City website. I am unable to locate it and the August 31, 2020 newsletter does not reference the link. |
| 2020-378 | 11/2/20 | Ortolano | KK<br>CKL<br>MP | **5-day letter due 11/10/20** | 11/5/20 – KK Responded<br><br>***Request satisfied*** | Please email a copy of the Directors Report presented at the Board of Assessors meeting for November 5, 2020. |
| 2020-379<br><br>ALSO SEE 2020-379-A | 11/5/20 | Ortolano | GT<br>MM<br>Board of Assessors<br>SAB<br>MP<br>RN | ~~5-day letter due 11/13/20~~<br><br>~~Response due 12/7/20~~ | 11/13/20 – response letter sent<br><br>11/23/20 – letter sent with a response date of 12/7/20<br><br>12/7/20 – letter sent with excel digital format spreadsheets<br><br>***Request satisfied*** | provide an email copy of the excel spreadsheet, titled "residential Comparable Sales Analysis" for the following three properties:<br><br>39 Berkeley Street<br>78 Concord Street<br>2 Crestwood Lane<br><br>Please provide the data in a readable and writable format. I want to be able to see the formulas used to calculate property feature differences to create the sales comparison. |
| 2020-379-A<br><br>Correspondence/ | 11/24/20 | Ortolano | P. Roth<br>CKL<br>SAB<br>RL<br>Gary T | | No response required | The assessors are not responding to basic questions and Right-To-Know requests and appear to be hiding behind the legal office to stall the release of information. I am trying to understand within the Asb guideline and the ethics rules they are to follow, whether there is anything that can be done to get the |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | (5-day letters need a reason as to the delay or the time needed for a response) | | | |
| comments | | | Greg T<br>MM<br>RN<br>KK | | | accessor to address 91-A requests.<br><br>Frustrated, I wrote to Rex Norman and copied James Gerry and Greg Turgiss on the email (20201115 LO to Rex Norman). I asked to please provide me with the information and don't make me wait 10 days. I followed up with an email yesterday to Attorney Bolton (20201112 LO to Bolton for..). I received a response yesterday from Attorney Leonard. The City now needs two weeks to decide if there is an exemption they can use to deny the data.<br><br>I am really concerned that Greg Turgiss, Gary Turgiss and Mike Mandile are deliberately not responding to RSA 91-A requests in an attempt to hide information that should be public. More importantly they are not responding to the request under the time limits of RSA 91-A with any reason not to provide the information. |
| 2020-380 | 11/6/20 | Ortolano | KK<br>SAB<br>MP<br>Board of Assessors<br>BOA<br>RN | **5-day letter due 11/16/20** | 11/6/20 – KK Responded<br><br>***Request satisfied*** | The ratio study report from the state contains a Verno number and a book page number followed by sales and assessment data, the ratio, and notes. There is no address included in this data.<br><br>I am trying to obtain the property record address for the book and pages listed in the Ratio Study report. How can I do this? |
| 2020-381 | 11/16/20 | Ortolano | SAB<br>P. Roth<br>BOA<br>Board of Assessors | **5-day letter due 11/23/20** | 11/19/20 response sent<br><br>***Request satisfied*** | On March 26, 2020, Attorney Roth sent a right to know request to you to obtain copies of all the sales property record cards used by KRT to create the statistical model. The City sent responsive documents to Attorney Roth in batches of property record cards. I understand they sent about 2500 records. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | Could you please forward those files to me. |
| 2020-382<br><br>Correspondence/comments | 11/19/20 | Ortolano | Board of Assessors<br>Mayors office<br>RN<br>KK<br>LB | | | Comments – dated stamped cover of mailed or dropped of abatement applications |
| 2020-383 | 11/19/20 | Ortolano | LB | | 11-19-20 – LB responded<br><br>***Request satisfied*** | PRC for 4 Greeley Street, Account #8576 |
| 2020-384 | 11/23/20 | Colquhoun | LB | **5-day letter due 12/2/20** | 12/2/20 – response letter sent<br><br>***Request satisfied*** | when the City of Nashua will be submitting the data collection for sales properties to the State of New Hampshire DRA in order for them to do the ratio study for the city.<br>Also, once this information is sent to the DRA kindly forward me this information in an excel format. If you feel that the City of Nashua cannot give me this information, please let me know so that I am go to the State of New Hampshire DRA to get this information. |
| 2020-385 | 11/20/20 | Lehmann | CKL | | 11/20/20 Sharon Frothingham responded to Lehmann with responsive document | Please send me at your earliest convenience, a copy of the current contract between the Nashua School District and First Student transportation services. To the extent that the current contractual agreement may an extension of an expired contract, I request that you send me both the underlying contract as well as the document establishing |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| (5-day letters need a reason as to the delay or the time needed for a response) | | | | | | |
| | | | | | | the extension |
| 2020-386<br><br>Correspondence/comments | 11/24/20 | Ortolano | P. Roth<br>SAB<br>CKL<br>RL<br>RN<br>BOA<br>Board of Assessors<br>JG<br>KK<br>Greg T<br>Gary T<br>MM | | No response required | I emailed Bob Gagne this morning and asked him for an excel copy for the sales comparison analysis they use to abate properties. In four hours, I got a response and the excel spreadsheets. He did not have to run to the legal department, he just released the electronic data to the public. When you have a well run department, you do not fear your data. **What is wrong with Nashua?** |
| 2020-387 | 11/23/20 | Colquhoun | J. Griffin | ~~5-day letter due 12/2/20~~<br><br>**Response due 12/18/20** | 12/2/20 – letter sent with response date of 12/18/20<br><br>12/18/20 – Response sent<br><br>***Request satisfied*** | requesting an updated copy of the all expenditures under the Care Act that the City of Nashua has submitted to the State the New Hampshire for reimbursement. |
| **2020-387-A** | 12/18/20 | Colquhoun | J. Griffin | ~~5-day letter due 12/29/20~~<br><br>Due 1/8/21 | 12/29/20 letter sent with response date of 1/8/21<br><br>1/6/21 response letter | I am a little confused by the information that you gave me for the expenses for Covid that were submitted to the state for reimbursement. I do not see the bill for RTM Communications for $369,504.96 (PO#159983). This bill should be part of the expenses that were submitted to the |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | (5-day letters need a reason as to the delay or the time needed for a response) | | |
| | | | | | sent<br><br>***Request satisfied*** | State of New Hampshire for reimbursement and does not appear on your schedule.<br><br>Also, the item that you are stating for Police Public Safety Payroll ($1,333,584), I would like a summary of every officer, number of hours worked and at what rate they were paid. |
| 2020-388 | 11/24/20 | Ortolano/Colquhoun | KK | | 11/24/20 - KK sent email to BOA, BoAssessors, Mayors Office, LO, LC & Legal<br><br>Issue came up with data disc KK responded 11/25/20 – issue fixed | At the end of each tax year, after the final tax bills, and the roll to the new tax year, the Assessing Department produces a spreadsheet commonly referred to as the "Data Disc". This data is provided to assist residents, real estate professionals, mortgage and deed agencies, etc. Today, this file was posted to the Assessing website. |
| 2020-389 | 11/24/20 | Ortolano | LB | | 11/25/20 – LB responded | provide me with an electronic copy of the 2020 Property Record card for 41 Berkeley Street |
| 2020-390 | 11/28/20 | Colquhoun | SAB | ~~**5-day letter due 12/4/20**~~ | 12/4/20 response letter sent<br><br>***Request satisfied*** | Please provide electronic copies for all settled residential 2018 and 2019 abatement appeal properties that the City paid an outside appraisal company to perform an appraisal. |
| 2020-391 | 11/30/20 | Ortolano | LB<br>KK<br>CKL | ~~5-day letter 12/4/20~~<br><br>**Response due 12/31/20** | 12/4/20 – response letter sent w/ follow-up dated of 12/31/20 (re: nonpublic packet information)<br><br>12/31/20 – response sent | Please provide electronic copies of the **complete** board packets for the following meetings:<br><br>June 29, 2017<br>August 31, 2017<br>June 7, 2018<br>June 28, 2018<br>July 26, 2018 |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | ***Request satisfied*** | August 30, 2018 |
| 2020-392 | 11/27/20 | Colquhoun | Mayor<br>CL<br>SAB<br>CKL | ~~5-day letter due 12/4/20~~<br><br>**Response due 12/18/20** | 12/4/20 – letter sent with response date of 12/18/20<br><br>12/18/20 response sent<br><br>***Request satisfied*** | Mayor, seeing how you called a special meeting to discuss the possibility of a curfew in Nashua, kindly forward me all documentation that is available to the public for review. |
| 2020-393 | 12/2/20 | Ortolano | LB<br>KK<br>Board of Assessor s | ~~5-day letter due 12/9/20~~<br><br>**Due 1/8/21** | 12/9/20 – letter sent with response date of 1/8/21<br><br>1/6/21 response letter sent<br><br>***Request satisfied*** | provide me with the final version of the 2019 abatement report that includes the approval/denial or deemed denied status. |
| 2020-394 | 12/2/20 | Colquhoun | SAB | ~~5-day letter due 12/9/20~~ | 12/9/20 – letter sent<br><br>***Request satisfied*** | requesting a copy of the extension filed by the City of Nashua Assessing Department in reference to the extension for the data collection for sales properties to the State of New Hampshire DRA. This information is used by the State of New Hampshire DRA to do the ratio study for the City of Nashua. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| 2020-395 | 12/3/20 | Ortolano | Larry Budreau | **5-day letter due 12/10/20** | 12/10/20 letter sent<br>***Request satisfied*** | I am looking for any documentation relative to who you provide HR services to in the City.<br>I am unsure if you provided services for the police, fire or school district or how many employees you service. I am also looking for documentation on the role with the union contracts or enforcement of the contracts. |
| 2020-396 | 12/3/20 | Colquhoun | SAB | **5-day letter due 12/10/20** | 12/10/20 – letter sent<br>***Request satisfied*** | I am requesting copies of all ReVision Energy contracts with the City of Nashua. These contracts should represent all projects for Lake Street Fire Station, the Nashua Transit Garage, Conway Arena, Dr Crisp Elementary School and Fairgrounds Middle School and any other projects that are being considered at this time. |
| 2020-397 | 12/3/20 | Colquhoun | SAB<br>KK<br>JG | ~~**5-day letter due 12/10/20**~~<br>**Due 2/1/21** | 12/10/20 – letter sent with response date of 2/1/21<br>2/1/21 – response sent<br>***Request satisfied*** | please provide all emails to or from Jon Duhamel, Kim Kleiner and John Griffin for the time period of November 1, 2018 to December 23, 2018. |
| 2020-398 | 12/5/20 (rec'd by City 12/7/20) | Colquhoun | SAB | **5-day letter due 12/14/20** | 12/14/20 – letter sent<br>***Request satisfied*** | I am requesting copies of the Authorization of the Formation of Two Voluntary Non-Profit Corporations under RSA 162-G for the Preforming Arts Center which was approved by the Board of Aldermen at the April 23, 2019 meeting. |
| 2021-398-A | 1/13/21 | Colquhoun | JN | | | Not sending what was asked for |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | (5-day letters need a reason as to the delay or the time needed for a response) | | | | |
| 2020-399 | 12/6/20 (rec'd by City 12/7/20) | Colquhoun | SAB | ~~5-day letter due 12/14/20~~<br>**Due 2/1/21** | 12/14/20 – letter sent with response date of 2/1/21<br>2/1/21 – response sent<br>***Request satisfied*** | please supply me with all emails between Mayor Donchess, Ms. Kleiner and Mr. Greg Turgiss (who was a supervisor during part of the time frame) that were received and/or sent to the State of New Hampshire DRA from January 1, 2020 thru October 31, 2020. |
| 2020-400 | 11/28/20 (rec'd by City 11/30/20 | Colquhoun | JG | **5-day letter due 12/7/20** | 12/7/20 – letter and responsive documents sent (CKL forwarded JG's email with attachments)<br>***Request satisfied*** | Can you kindly supply me with both a copy of the check and the backup for payment on the following items from October 30, 2020 to November 12, 2020 Expenditures report:<br>***(see email for details)*** |
| **2020-400-A** | 12/18/20 | Colquhoun | JG Legal | **5-day letter due 12/29/20** | 12/29/20 – Response sent<br>***Request satisfied*** | In reviewing the enclosed documents that you sent I noticed that you have not supplied the back up documents for the following:<br>1) 188 Concord St LLC - $2,864.22 - please give me copies of the 8 bills and/or leases that the city has signed for these rooms.<br>2) 188 Concords St LLC - $1,040,.36 - please give me copies of the 8 bills and/or leases that the city has signed for these rooms.<br>3) Justice Resource Institute - $56,961.80 - a complete listing of who went to this Special Education. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| 2020-400-B | 12/30/20 | Colquhoun | JN | | 1/7/21 – Response sent<br>***Request satisfied*** | have not received a full answer I requested in my Right To Know. |
| 2020-401 | Sunday 12/6/20 | Ortolano | LB | | 12/6/20 - LB responded<br>***Request satisfied*** | Please email copies of the 2020 PRC for 39 Swart Terrace, 51 Concord St., and 23 Tanglewood Dr.<br>39 Swart - 0048-000272<br>51 Concord - 0047-00010<br>23 Tanglewood Dr - 0000D-00568 |
| 2020-402 | 12/8/20 | Ortolano | LB | | 12/8/20 - LB responded<br>***Request satisfied*** | 2020 PRC's<br>39 Concord St.<br>86-88 Toelles St.<br>14 Mulberry St.<br>20 Canal St. |
| 2020-403 | 12/9/20 | Ortolano | Larry Budreau | **5-day letter due 12/16/20** | 12/16/20 – response sent<br>***Request satisfied*** | Please forward me a copy of Rick Vincent's resume (new assessing chief) |
| 2020-404<br>DRA Request<br>Correspondence/commen | 12/11/20 | Ortolano | NHDRA<br>James<br>Gerry<br>Greag<br>Gary<br>MM<br>DD | | | Questions & comments<br>Does the DRA teach a separate course for RTK training – can I get a copy of the training material |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | |
| ts | | | | | | |
| 2020-405 | 12/11/20 | Ortolano | SAB CKL | **5-day letter due 12/18/20** | 12/18/20 – Letter sent with response date of 1/8/21<br>12/30/20 response sent<br>***Request satisfied*** | Provide email copies of the attendance documentation for each Ward KRT informal hearings held in 2018. If the City has any documents that recorded the attendance for these hearings, please provide those documents |
| 2020-406 | 12/14/20 | Ortolano | BMcK | | 12/15/20 Bill sent email with response date of 12/31/20<br>12/28/20 – BMcK responded<br>***Request satisfied*** | Please send an electronic copy of the 2016 and 2017 permit records for 2 Topsfield Dr. You do not need to send large drawings. Please just forward all the records that are 8 1/2 x 11 or 8 1/2 x 14 documents. |
| 2020-407 | 12/15/20 | Colquhoun | LB | N/A | 12/15/20 LB responded<br>***Request satisfied*** | PRC's – 2 Topsfield Dr. for TY's 2016, 2017 & 2018 |
| 2020-408 | 12/15/20 | Ortolano | LB | N/A | 12/15/20 – LB responded<br>***Request satisfied*** | PRC's – 500 Candlewood Park U-23, U-38, U-37, U-11 & U-31 |
| 2020-409 | 12/15/20 | Ortolano | LB | N\A | 12/15/20 LB responded<br>***Request*** | PRC for 2 Briley Place, Unit 1 |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | ***satisfied*** | |
| 2020-410 | 12/15/20 | Ortolano | KK Assessing Mayor's Office James Gerry RN | ~~5-day letter due 12/22/20~~ **Due 1/11/21** | 12/21/20 – letter sent with responsive document for request 1 and a response date of 1/11/21 for requests 2, 3 & 4<br><br>1/8/21 response letter sent<br><br>***Request satisfied*** | ~~1. provide a list of names of abbreviation codes used in the "NAL" section of the printed property record card.~~<br>2. Please also provide any data that is used in the "verify" column as well.<br>3. provide an email copy of responsive documents that would list all qualified sales used by the assessor for the 2019 abatement process<br>4. provide a copy of the sales report produced by the Assessing Administrative Specialist 1 from October 1, 2019 to September 30, 2020. This report is referenced in the Assessor Manual in the sales review section. |
| 2020-411 | 12/14/20 | Colquhoun | LB | | 12/14/20 LB responded ***Request satisfied*** | Louise, in reviewing the agenda, I see no backup on the Clarification approval of the abatement for 1 Cardinal Cir. Kindly forward this information to me. Thank you. |
| 2020-412<br><br>Correspondence/comments | 12/14/20 | Ortolano | DD RN Board of Assessors | **N/A** | | I am looking at the 12/17/2020 board packet and the 2020 abatement request for 34 Franklin St. The documentation states that a 2018 and 2019 abatement appeal resulted in a reduction in its assessed value to $24,299.00. But the letter notes that the previous assessment of $25,064,000 was applied to the 2020 tax rate for billing. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date (5-day letters need a reason as to the delay or the time needed for a response) | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | When I look at the 2019 property record card online, the 2019 assessment level was still $25,064,000. And 2018 shows the assessment aas $18,216,700. Was a rebate given for 2018 and 2019 and why didn't the reduced assessment level get captured on the PRC? |
| 2020-413 | 12/14/20 | Ortolano | SAB<br>CKL<br>R. Lehmann | **5-day letter due 12/21/20** | 12/21/20 – response sent<br>***Request satisfied*** | please send an electronic copy of the 41 Berkeley Street property record card reviewed at the information hearing by Ken Rodgers, KRT. |
| 2020-413-A | 12/26/20 | Ortolano | CKL<br>SAB<br>BOAssessors<br>BOA<br>RLehmann | **5-day letter due 1/4/21** | 1/5/21 – response sent<br>***Request satisfied*** | 1. provide electronic copies of all KRT marked-up property record cards generated for the city contracted 2018 abatements performed by KRT.<br>2. please provide an electronic copy of the 41 Berkeley St property record card provided by me to Ken Rodgers at the September 2018 informal hearing. |
| 2020-414 | 12/17/20 | Colquhoun | SAB<br>Legal | **5-day letter due 12/28/20** | 12/21/20 – response sent<br>***Request satisfied*** | copy of the extension filed by the City of Nashua Assessing Department in reference to the extension for the data collection for sales properties to the State of New Hampshire DRA. This information is used by the State of New Hampshire DRA to do the ratio study for the City of Nashua. |
| 2020-415<br>Also See 2021-446 | 12/18/20 | Colquhoun | LB | ~~5-day response due 12/29/20~~ | 12/29/20 letter sent with response date of 1/26/21 | provide electronic copies of 2020 abatement applications and supporting documentation received by the city as of Friday December 18, 2020. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | (5-day letters need a reason as to the delay or the time needed for a response) | | | |
| | | | | **Due 1/26/21** | 1/26/21 – response sent with 2021-446<br>***Request satisfied*** | I would like weekly email copies of all 2020 abatements submitted to the Assessing Department. I should not have to submit a weekly Right-to-know to obtain this data. |
| 2020-415-A Correspondence/comments | 12/30/20 | Ortolano | Legal | | | speak with you about the best way to obtain the 2020 abatement application information. Laura Colquhoun submitted a Right-To-Know request that you responded to. I, too, am interested in these public records. |
| 2020-416<br>Correspondence/comments | 12/18/20 | Ortolano | MM<br>Gary T.<br>Webmaster<br>J. Gerry<br>RN<br>Mayors office | **N/A** | | Comments about Assessing, IT department, vision, CAMA System, |
| 2020-417 | 12/20/20 | Ortolano | Lori Wilshire<br>BOA<br>BOAssessors<br>LC<br>Mayors office | **5-day letter due 12/29/20** | 12/29/20 – Response sent<br>***Request satisfied*** | The Board of Assessors has referenced that they comply with all city ordinances for the Board of Assessors. I cannot find specific ordinances for the Board of Assessors. When I type "Board of Assessors ordinance" in the search bar, it comes up with 1008 pages. I need help pairing that down. I mentioned that I could not find ordinances in my public input at the Board of Assessors meeting on December 17, 2020. The board has not sent me any information to assist me. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | (5-day letters need a reason as to the delay or the time needed for a response) | | | | |
| 2020-418 | 12/20/20 | Ortolano | LB Mayor office BOAssessors | ~~5-day letter due 12/29/20~~<br><br>**Due 2/5/21** | 12/29/20 – letter sent with response date of 2/5/21<br><br>**LO CANCELLED ALL PENDING RTK REQUESTS – 1/27/21** | 1. Attached is a list of 2020 cards I need for abatements information. Please figure out if there is a simple way to obtain these cards, otherwise please start electronically sending them as soon as you can so I can use this data.<br><br>KK response to above<br>*Ms Ortolano,*<br><br>*The Dashboards are pulling from the 2020 CAMA system. This will change when the update of Web Pro is complete, and the new property record cards are posted. While we apologize for any inconvenience we have stated this publicly many times. This is not an issue with AP5.*<br>*The new sales tool and GIS are pointing to the 2021 file. Any changes the assessors have made after file capture are made in the 2021 file.*<br>*To state that the AP5 system is corrupt or there are problems with the CAMA is incorrect.*<br><br>*Kim*<br><br>2. What do assessors use to create evidence for an opinion of value for an abatement? Where do they get their data?<br><br>3. Please someone from the assessing office call me tomorrow so I can understand what is happening with this information. My phone number is 603-930-2853. I would really appreciate the 1200 property record cards used for abatements before Christmas.<br><br>4. Please provide me with the 2020 and the 2021 prcs for all these properties. Apparently, according to Miss Kleiner, these properties are being corrected in 2021 for the 2020 abatements. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| 2020-419 | 12/20/20 | Ortolano | LB, KK BOAssessors | **N/A** | 12/21/20 – LB responded ***Request satisfied*** | Please provide me with an electronic copy of the 2021 PRC's for 39 Swart Terrace and 23 Tanglewood Dr. |
| 2020-420 Correspondence/ comments | 12/20/20 | Ortolano | Mayors office | **N/A** | No response required | FYI, Monitor your censorship carefully. https://www.aclu-nh.org/en/cases/clay-v-town-alton-et-al Laurie |
| 2020-421 Correspondence/ comments | 12/20/20 | Ortolano | Mayors office BOAssessors BOA J. Gerry RN GT GT LB DD MM LC | **N/A** | No response required | Comments regarding Assessing dashboard, sales data, updates, qualified sales... |
| 2020-422 | Orig. 11/28/20 Sun. 12/13/20 | LC | TC SAB | **N/A** | 12/21/20 – TC sent response | requesting that you supply me with a complete listing of all exclusions with the estimated cost of each item (please see below). I realize that some of the items will be an income lost to the Nashua taxpayers while others be will a direct expense to Nashua taxpayers. It is very important that the Nashua taxpayers see both the loss of income and the actual expenses that the taxpayers will have to pay. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date (5-day letters need a reason as to the delay or the time needed for a response) | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | |
| 2020-422-A | 12/22/20 | Colquhoun | TC<br>SAB<br>Mayors office<br>CL<br>LW | 5-day letter due 12/31/20 | 12/31/20 response sent<br><br>***Request satisfied*** | In reviewing the documents, you are still missing major pieces of what that actual cost will be to have the PAC up and running. Examples:<br><br>Purchase of CADD files<br>Cable TV System<br>Computer System<br>Telephone System<br>Wood Plaza Deck Construction<br>Roof Dalits<br>These are just a few items however they can also be very pricey. Has anyone priced these items out and if so what will be the cost of these additional items? I think it only fair that the Nashua resident know the FULL AMOUNT of what it will cost the taxpayer to have this project up and running. |
| 2020-423<br><br>**Correspondence/comments** | 12/21/20 | Ortolano | DH<br>BOAssessors | N/A | No response required | Comments/questions<br>About policies, mission statement, and Board of Assessors responsibilities |
| 2020-424 | 12/22/20 | Ortolano | David Lavoie | **5-day letter due 12/31/20** | 12/29/20 – Response sent<br><br>***Request satisfied*** | please provide electronic copies of all phone records to and from the Nashua police station or any phone number within the Nashua Police Station to City Hall or from City Hall for the time period of September 16, 2019 to September 22, 2019. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | |
| 2020-425 | 12/28/20 | Ortolano | RN<br>DF<br>SL<br>BoAssessors<br>LC | **5-day letter due 1/5/21** | 1/5/21 letter sent with response date of 1/11/21<br><br>1/8/21 letter sent with response date of 1/22/21<br><br>**1/11/21 – Request cancelled** | Please provide me with electronic copies of the governmental records cited below in RSA 76:20. I have been struggling to obtain a list of abatements approved by the Nashua Assessing Office. The records are incomplete and confusing.<br><br>From what I can tell below, instead of selectmen, we have a Board of Assessors. It says the records are at the office of the town clerk, but I believe they would be in the tax collector's office or both. It says a written document exists with the name of the property owner who received the abatement, the year of the assessment, the amount of the original assessed valuation, the amount of the abated assessed value and the amount of the tax abated. It states that the document will be redlined by the town clerk.<br><br>I would like the electronic copies of these records for 2017, 2018, and 2019.<br><br>Below is a copy of RSA 76:20 which covers taxation and abatement |
| 2020-426 | 12/28/20 | Ortolano | MP | **5-day letter due 1/5/21** | 1/5/21 response sent<br><br>***Request satisfied*** | please provide an electronic copy in the city maintain useable format (word or excel) the list of RTK for Laurie Ortolano, Rick Lehmann, and Laura Colquhoun and anyone else that has been added to the list for requests starting at 2020-287. |
| 2020-427 | 12/29/20 | Ortolano | JG<br>CKL<br>SAB | **5-day letter due 1/5/21** | 1/5/21 response sent<br><br>***Request satisfied*** | reviewing the expenditures on the City website, Horizon Associates, owned by Mr. Vern Gardner was paid a check for $1000.00 for the expenditures posted for the time period of 11/27/2020 to 12/10/2020. The reference number is 389863.<br><br>1. Please provide me with the invoice Mr. Gardner |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | submitted for this work and the contract provided to Mr. Gardner to perform the work.<br><br>I am now aware that Mr. Gardner for 2020 invoiced the City for $1600 in February and was paid $1600 at the end of November. Additionally, he has now been paid $1000.<br><br>2. Please provide the governmental records for 2020 payment to Horizon Associates that exclude the $1600 and $1000 payments.<br><br>To be clear, I want to know what work the city is paying Mr. Gardner to perform. |
| 2020-427-A Correspondence/ comments | 1/7/21 | Ortolano | JN | | No response required | I require clarification for the invoice from Vern Gardner for $1000.00 for the 2019 41 Berkeley Street appraisal. Below is the information provided by the city that has created the confusion. Please feel free to call me to clarify this matter, rather than work through the 12 step process to "fulfill" a request through the legal office. I wish to minimize the burden on the employees and taxpayer to obtain public documents. |
| 2020-428 | 12/27/20 | Ortolano | David Lavoie | **5-day letter due 1/4/21** | 12/30/20 letter sent with response date od 1/10/21<br><br>1/5/21 response sent<br><br>***Request satisfied*** | 1. please provide any responsive document that would provide information on how to apply for a restraining order.<br><br>2. Please provide governmental records or SOPs that address deescalation techniques or practices used by the Nashua Police Department. If there is any training documentation on this issue, please |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | (5-day letters need a reason as to the delay or the time needed for a response) |
| | | | | | | provide those governmental records as well. |
| 2021-429 | 1/3/21 | Ortolano | Mayor | **N/A** | | Correspondence to the Mayor |
| 2021-430 | 1/3/21 | Ortolano | Assessing | **1/11/21** | 1/11/21 response sent<br>***Request satisfied*** | Documents – 11 Federal Hill road |
| 2021-431 | 1/4/21 | Colquhoun | JG | | 1/5/21 response sent<br>***Request satisfied*** | Copy of annual audit of city accounts |
| 2021-431-A | 1/6/21 | Colquhoun | JG | N/A | 1/5/21 response sent<br>***Request satisfied*** | Copy of annual audit of city accounts |
| 2021-432 | 1/5/21 | Colquhoun | LF DPW | | LF responded 1/6/21 | electronic copies of the DPW policies for COVID protocols for employees. |
| 2021-433 | 1/6/21 | Colquhoun | JG | **1/13/21** | 1/11/21 response sent<br>***Request satisfied*** | copy of the Chart of Accounts for the City of Nashua and a listing of all departments used within the City of Nashua. |
| 2021-434 | 1/6/21 | Colquhoun | JG | **1/13/21** | 1/11/21 – JG responded<br>***Request satisfied*** | copy of the bill and payment for Melanson Heath for the 2019 Annual Audit done for the City of Nashua |
| 2021-435 | 1/6/21 | Colquhoun | JG | **1/13/21** | 1/14/21 response sent<br>***Request satisfied*** | Kindly supply me with both copies of checks and invoices on the following paid items (12/11/2020-12/31/2020) |
| 2021-437 | 1/7/21 | Ortolano | SM | **1/14/21** | 1/7/21 – Sarah Marchant responded | 38 Buckmeadow Rd. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| 2021-438<br><br>Correspondence/comments | 1/8/21 | Colquhoun | N/A | | | Tax questions |
| 2021-439 | 1/8/21 | Ortolano | JG | | 1/8/21 response sent | Copies of checks paid to Vern Gardner for work performed in Nashua – 2013-2019 |
| 2021-440<br><br>Correspondence/comments | 1/8/21 | Ortolano | Legal | | | I would expect that to justify the legal workload and treat all citizens fairly, that the legal department would employ the same tracking system for all requests for information. If there exists a document that references a Right-To-Know request filed by citizens other than Laurie Ortolano or Laura Colquhoun, please include that record in this Right to Know request. |
| 2021-441 | 1/11/21 | Colquhoun | JG | ~~1/18/21~~<br><br>**DUE 2/28/21** | 1/11/21 – JG sent email with response date of 1/31/21<br><br>3/2/21 – response sent<br><br>***Request satisfied*** | Comprehensive Annual Financial Report |
| 2021-442 | 1/11/21 | Ortolano | Legal | **1/18/21** | 1/14/21 response sent<br><br>***Request satisfied*** | All residential abatement appeals handled by the legal office |
| 2021-443 | 1/11/21 | Ortolano | Legal | **1/18/21** | 1/18/21 – response sent<br><br>***Request satisfied*** | All communications to and from the Corrizzini's from legal |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| 2021-444 | 1/11/21 | Ortolano | KK | **1/18/21** | 1/15/21 – cancelled by LO | Documents submitted to the DRA for the ratio study |
| 2021-445 | 1/11/21 | Colquhoun | | | 1/15/21 - Letter sent with response date of 1/22/21<br><br>1/22/21 response sent<br><br>***Request satisfied*** | My request asked for a copy of all Current Use Lands within the City of Nashua. Per RSA 79-A:5, IV The RSA requires municipal officials to create a list of all current use lands and their owners. This list is part of the invoice that goes into the public record of taxes assessed and is subject to public inspection as provided in RSA 76:7. Therefore, this information should be released to the public upon request. |
| 2021-446 | 1/13/21 | Colquhoun | SAB | | 1/20/21 – letter sent with response date of 1/26/21<br><br>1/26/21 response sent<br><br>***Request satisfied*** | provide me with electronic copies of 2020 abatement applications and supporting documentation received by the city as of Tuesday, January 12, 2021. |
| 2021-446-A | 1/27/21 | Colquhoun | JN | | 2/3/21 – response sent<br><br>***Request satisfied*** | - You sent two copies of your letter, when only one was required<br>2- Some of these abatement are **NOT SHOWING** the date and time received which is very important to the resident in order to make sure that the city actually received the document.<br>3- Is the City of Nashua going to upload these abatements so that all Nashua residents can see them?<br>4- Ms. Kleiner stated that all these abatements would be scanned so that they could be uploaded to the website. Is this happening?<br>5- Your package did not include full applications.<br>6- I did not request the property cards be sent to me so please do not waste my time on receiving things that I did not request.<br>7- Did not request copies of any tax bills so please do not |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | send these to me.<br><br>It appears that your office does not know what it is dealing with and therefore is just sending useless information in order to make legal look good.<br><br>In the future, kindly only send me the information that I have requested. |
| 2021-446-B | 1/31/21 | Colquhoun | SAB | | | please provide me with a listing of all 2020 abatement applications received by the city as of Tuesday, January 12, 2021. Mr. Vincent has advised me that the assessing department is keeping a master list of all abatements received by assessing. This listing will be sufficient for my Right To Know request. |
| 2021-447 | 1/14/21 | Ortolano | BOAssessors Mayors office | | 1/14/21 – KK responded with responsive docs | Can someone send me the PRC for 110C for 2020 and 2019. Can you give me an update on when the cards will be back. |
| 2021-448 | 1/15/21 | Ortolano | KK | | 1/14/21 response sent<br><br>***Request satisfied*** | Want to inspect 2020 abatement application at city hall |
| 2021-449 | 12/22/20 | Colquhoun | SAB | | 1/19/21 – response sent<br><br>***Request satisfied*** | electronic copy of all City ordinances relevant to work performed by the Board of Assessors and/or the Assessing Office. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| 2021-450 | Sat 1/16/21 | Colquhoun | SAB JN LS GJ PR | | 1/26/21 – response sent ***Request satisfied*** | please provide me with a copy of the weekly list that is sent to the Legal regarding new abatements submitted for commercial properties and 5 units and above properties. Please send the weekly lists that were sent to legal for the 2018 and 2019 abatements and please include any lists that have been sent for the 2020 abatements. To assist you with the timeframe for these lists, the filing time for abatements is approximately November 15 through March 1st. |
| 2021-450-A | 1/27/21 | Colquhoun | JN | 5-day letter due 2/3/21 | 2/3/21 – Response sent ***Request satisfied*** | The current revision to the Assessors Manual should not stop the legal department from sending information from prior years. As my Right To Know request stated please send me the information for 2018 and 2019. |
| 2021-451 Correspondence/comments | 1/21/21 | Ortolano | RV | | | Come to City hall to inspect abatement applications |
| 2021-452 Correspondence/comments | 1/21/21 | Ortolano | RV | | | "Totally Unfair Abatement Process" Date stamped applications submitted why have I not rec'd them |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | *(5-day letters need a reason as to the delay or the time needed for a response)* |
| 2021-453 | 1/23/21 | Ortolano | RV | | 1/26/21 RV responded<br>***Request Satisfied*** | 2020 PRC for 45 Courtland St. |
| 2021-455 | 1/26/21 | Ortolano | LN | | 1/27/21 Response sent<br>***Request Satisfied*** | Communications with Atty Neumann<br>"Attorney Neumann's emails that I am aware of since he joined the Nashua Legal Office. Let's see what he comes up with for responses?" |
| 2021-456 | 1/27/21 | Ortolano | | | **LO CANCELLED ALL PENDING RTK REQUESTS – 1/27/21** | I have received Attorney Neumann compiled list of responses. This is not correct. Some of the emails are from Attorney Leonard with Neumann not copied on them, one of emails is Laura Colquhouns, there appear to duplicate tracking numbers in the files and the last one was received by me today |
| 2021-357 | 1/28/21 | Ortolano | JN | | 2/1/21 – response sent<br>***Request satisfied*** | Please cancel all Right-to-Know requests in the legal office for Laurie Ortolano **with the exception of the Building Permit Department request, 2020-375.** I believe that is the number and if there is an associated A or B with this request, please process those requests. |
| 2021-458<br>Correspondence/comments | 1/22/21 | Ortolano | JN | | | like to schedule a meeting to discuss the processing of the 2020 abatement applications and the public's ability to access these applications. I am trying to understand how these applications are being tracked in City Hall with the assessing office closed. I am representing some senior citizens on these applications. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| 2021-459 Correspondence/comments | 1/14/21 | Ortolano | DRA | | | Given the COVID situation and the state of our assessing office, can the City or the public make a request to extend the deadline for accepting applications for 2020 abatement? Here is the situation. |
| 2021-461 Correspondence/comments | 1/14/21 | Ortolano | Board of Assessors | | | Placement on Board Agenda<br>Topics I would like address:<br>• Policy approval and the Board mission<br>• The correction of sales data<br>• The documentation of Property record cards<br>• Abatement file access and documentation.<br>• Access to Vision Appraisal Staff<br>• Transparency and the AP5 software |
| 2021-462 | 1/17/21 | Ortolano | Mayor's office | | | While you may believe that there is no inconvenience from Nashua City Hall being closed to its citizens, the extended closure of this building has had a major impact on our citizens... |
| 2021-463 | 2/1/21 | Colquhoun | DF | | 2/11/21 – Dave Fredette responded<br>***Request satisfied*** | electronic copy of the current listing of all Debt Service Schedules. These schedules should include City Debt, School Debt, Solid Waste, Wastewater, Special Road & Highway and Pennichuck Acquisition. The format that is used within the City Budget is fine. I would also like to see any bonds that are in the process of being worked on and not completed yet. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | |
| 2021-464 | 2/1/21 | Colquhoun | RV | | 2/8/21 – letter sent with response date 2/19/21<br><br>2/19/21 – letter sent with response date of 2/26/21<br><br>3/2/21 – letter sent with response date of 3/26/21<br><br>3/15/21 – response sent<br><br>***Request satisfied*** | Requesting an electronic copy of the AssessPro Audit Log for all Nashua assessors and all personnel from Vision that made changes on any Nashua properties from August 1, 2020 to January 31, 2021. |
| 2021-465<br><br>Correspondence/comments | 2/2/21 | Ortolano | RV Mayors office | | | Date stamp for abatement applications |
| 2021-466 | 1/31/21 | Colquhoun | SAB | | 2/8/21 – letter sent with response date of 2/12/21<br><br>2/10/21 response sent<br>***Request satisfied*** | copies of the leases/amendments for all tenants at 14 Court St. in Nashua NH. This building is owned by the City of Nashua and therefore the leases should be available to the public |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | |
| 2021-467 Correspondence/comments | 2/5/21 | Ortolano | RV | | | Can I obtain the PRC's for 28 Bartemus Trail U-210; 236 Bartemus Trail U-26; and 11 Bartemus Trail U-307 to try to understand when these assessments were changed and who changed and who changed them? |
| 2021-468 | 2/7/21 | Ortolano | NPD – Lavoie | | 2/8/21 NPD responded ***Request satisfied*** | Could you please forward the final report and all associated public documents created or obtained by the NPD on the Board of Assessor issue. |
| 2021-469 | 2/8/21 | Ortolano | JN | | 2/17/21 response sent ***Request satisfied*** | I am assuming the 2020-375, the original request is still being fulfilled. The January 8, letter stated that I would receive a response on or before January 26, 2021. But I have not received a response to the original request. Etc. |
| 2021-470 Correspondence/comments | 2/8/21 | Ortolano | JN | | | I would like to speak with you about the Building department permit RTK requests<br>Attorney Bolton has stated to the press that I am a liar and potential government terrorist. While I disagree with his summary of my character, I am more than willing to allow you to tape record our discussion. |

# Right-to-Know Requests Fileu by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2021-471 | 2/8/21 | Lehmann | JN | | 2/8/21 response sent<br>***Request satisfied*** | Please consider this email as my assent and authority for you to communication with Laurie Ortolano on the subject matter of any Right-to-Know request she may file that is not the subject of litigation in either the superior court or the BTLA. |
| 2021-477 | 2/24/21 | Ortolano | JN | | No response sent | I would like to set up a phone call or zoom meeting to discuss the response to item 5. Attorney Lehmann has sent in or will send in a clarifying letter to permit such a discussion to take place. I do not understand what is considered "informal" request and I have several permit request examples I would like to review with you. |
| 2021-478 | 2/25/21 | Ortolano | JN<br>BMcK | | 3/1/21 – response sent<br>***Request satisfied*** | I take exception to the City's referral of requests for permit documents as mere transitory correspondence. Particularly when the City is using staff time to assemble permit records, redact them and scan them to be sent to the requests. The City is engaged in a RTK lawsuit and has stated that all my requests are intertwined with this lawsuit. |
| 2021-479 | 2/25/21 | Ortolano | JN | | 3/1/21 response sent<br>***Request satisfied*** | Please provide documentation for the City policy or practice for determining how records are to be stored and maintained under RSA 33-A and specifically policy or documents that describes how the city |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | categorizes "transitory" information that is deleted immediately. |
| 2021-480 | 2/25/21 | Colquhoun | SAB | | 3/1/21 response sent<br>***Request satisfied*** | provide me with a copy of the Air Right Lease for Lansing Melbourne Group, LLC with the City of Nashua. This document should have been in the Board of Aldermen's agenda for the February 23, 2021 but was not. |
| 2021-481<br>Correspondence/comments | 2/25/21 | Ortolano | RV | | | few thoughts I want to share with you about these cards. I asked for these because the 2020 cards the public has available to them through the system do not have any of these properties listed as qualified or reviewed by an assessor |
| 2021-482 | 2/25/21 | Colquhoun | SAB | | 3/1/21 – response sent<br>***Request satisfied*** | please provide me with a complete list of the Record of Expenditures on account #175 -Welfare Assistance from the period of February 1, 2020 to January 31, 2021. |
| 2021-483<br>Correspondence/comments | 2/25/21 | Colquhoun | DF | | 2/25/21 – DF responded<br>***Request satisfied*** | requesting an opportunity to inspect or obtain a listing of public records that detail all accounts receivable due the City of Nashua thru January 31, 2021. This listing should show owns name, address and what tax years and amounts due the City of Nashua. |
| 2021-485 | 2/26/21 | Ortolano | RV | | | I want to address the email response from attorney Bolton in the email chain regarding my 2020 abatement application of |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| Correspondence/comments | | | | | | February 21, 2021. I really believe that Attorney Bolont is a liar and employing very deceitful tactics to hide a flawed process in handling my 2019 abatement. |
| 2021-487 | 2/26/21 | Colquhoun | | | 3/5/21 – response sent<br>***Request satisfied*** | Kindly give me copies of checks paid to the following board members for the months of January and February 2021.<br>Daniel Hamsberry<br>Robert Earley<br>Paul Bergeron |
| 2021-489 | 3/1/21 | Colquhoun | NPD DL | | 3/4/21 – NPD responded<br>***Request satisfied*** | copies of all public records for the incident on January 22, 2021 in city hall with Ms. Laurie Ortolano and any follow up reports that were produced. These records should include both written and audio and video recordings generated. |
| 2021-490 | 3/3/21 | Ortolano | JN | | 3/10/21 – response sent<br>3/17/21 – 2nd response sent<br>***Request satisfied*** | Please do provide Ms. Kleiner's emails from June 15, 2019 to August 8, 2019. |
| 2021-491 | 3/3/21 | Colquhoun | JG | | 3/10/21 – response sent<br>3/17/21 – 2nd response sent | please provide me with copies of all leases where the City of Nashua charges $1 for the term of the lease. Examples of this would be the lease that the City of Nashua has with |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | (5-day letters need a reason as to the delay or the time needed for a response) | |
| | | | | | ***Request satisfied*** | the Nashua Airport Authority and Liquid Therapy, LLC. |
| 2021-494 | 3/7/21 | Ortolano | JN | | 3/15/21/ response sent – denied<br><br>3/24/21 – 2nd response sent<br>***Request satisfied*** | On January 14, 2021, I came to City Hall and was welcome in, without an appointment, to check on the construction project in the Assessing Office. Please provide all video surveillance of Laurie Ortolano in the parking lot and building on January 14, 2021. |
| 2021-495<br><br>Correspondence/comments | 3/8/21 | Ortolano | NPD | | No response required | In July 2020, I submitted a complaint requesting the Police investigate a misdemeanor issue regarding the Nashua Board of Assessors not complying with RSA 76:16 to review abatement applications.<br><br>The Police department accepted the complaint and "opened" the investigation, but it is pretty clear to me, that no action has been taken and police are going to let this issue expire.<br><br>I wanted to let you know, on February 14, 2021, I resubmitted a formal complaint to the Board of Tax and Land Appeals and they have responded to the issue and have requested that Attorney Bolton provide a response to my complaint by March 10, 2021. |
| 2021-496 | 3/8/21 | Colquhoun | SAB | | 3/15/21 – response sent<br><br>***Request satisfied*** | please provide me with copies of either paychecks and/or contractor invoices paying for the services of Jasmine Castro for the week of January 18 through January 22, 2021. Also include any time cards that Ms. Castro had |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | supplied to the City of Nashua in order to be paid for her time. |
| 2021-497 | 3/8/21 | Colquhoun | SAB | | 3/15/21 response sent<br><br>***Request satisfied*** | please provide a CD or memory stick format of all video recordings of anyone entering city hall on January 18 thru January 22, 2021 and January 25 thru January 29, 2021. The time frame of the video needed would be 7:00 am to 10:00AM. I would like both the main entrance to city hall and the hallway where the "greeter" is located. |
| 2021-498 | 3/10/21 | Colquhoun | RV | | 3/15/21 – Letter sent – no responsive documents<br><br>3/16/21 – revised RTK<br><br>3/23/21 response sent<br><br>***Request satisfied*** | provide me with a copy of the spreadsheet listing all the PILOTS with their taxable assessed value and what they were each taxed for 2021 (in tax dollars). |
| 2021-499<br><br>Corresp ondence/ commen ts | 3/11/21 | Ortolano | | | 3/18/21 response sent<br><br>***Request satisfied*** | I would like to speak with you about the City policy, rewritten or unwritten, regarding the retention of emails. If you are not interested in this type of communication for the clarification of this issue, please inform me. I am concerned that the City's practice of deleting emails in 45 days is not in compliance with the spirit of RSA 91-A and RSA 33-a, Retention of Records.<br><br>As such, please provide me email communications, relative to assessing sent by and received by Jon Duhamel, John Griffin |

(5-day letters need a reason as to the delay or the time needed for a response)

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | (5-day letters need a reason as to the delay or the time needed for a response) | | |
| | | | | | | and Kim Kleiner's emails between November 1, 2018 and December 23, 2018. The City has taken the that it is not required to sort communications. As such, if it is easier to provide, please provide all emails for all departments sent by and received by these three people. Please batch out the emails as they become available as the City did in my June 2019 request for Jon Duhamel's email |
| 2021-500 | 3/11/21 | Colquhoun | SAB | | 3/18/21 – response sent ***Request satisfied*** | Under NH Right-to-Know, please provide me with all email communications between Ms. Kleiner and Mr. Richard Vincent for the period of January 1, 2021 to March 1, 2021. |
| 2021-501 | 3/11/21 | Colquhoun | SAB | | 3/17/21 – response sent ***Request satisfied*** | Under NH Right-to-Know, please provide me with all text message communications between Ms. Kleiner and Mayor Donchess for the period of January 1, 2021 to March 1, 2021. |
| 2021-502 | 3/11/21 | Colquhoun | | | 3/17/21 response sent ***Request satisfied*** | Under NH Right-to-Know, please provide me with copies of all of Ms. Kleiner's emails sent to and from legal for the period of August 2019 to September 2019 that pertain to fulfillment of Right To Know requests. These emails do not constitute Attorney Client information. |
| 2021-503 | 3/12/21 | Ortolano | SAB | | LO Cancelled request 3/12/21 | Under NH Right-to-Know please provide documentation where the Board of Assessors designated, delegated or authorized subordinates to perform abatement reviews per Nashua Revised Ordinance 1-2, E, (2). |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2021-504 | 3/12/21 | Colquhoun | DF | | 3/8/21 – DF responded<br>***Request satisfied*** | outstanding taxes for calendar year 2020 |
| 2021-505 | 3/13/21 | Colquhoun | TC | | 3/14/21 – TC responded<br>***Request satisfied*** | please provide me with the most updated copy of the City of Nashua Master Plan. |
| 2021-508 | 3/16/21 | Ortolano | | | 3/17/21 – response sent<br>***Request satisfied*** | Please provide all video surveillance of Laurie Ortolano in the parking lot and building on January 14, 2021. |
| 2021-509 | 3/19/21 | Colquhoun | | | 3/26/21 M. Collins sent response<br>***Request satisfied*** | Kindly send me a copy of the building permit on 52 Raymond Road with all documentation that goes with the building permit (plans, etc). |
| 2021-510 | 3/22/21 | Colquhoun | | | 3/22/21 – email from JG will respond to the question<br>3/31/21 response sent by DF<br>***Request satisfied*** | please provide me with the General Ledger detailed listing on account #41221 (Pilot) – Payments in Lieu of Taxes) by month with all backup documentation for each item within the account for the period of July 1, 2020 to February 28, 2021. Currently the General Fund – Detail Revenues Report for Fiscal Year 201 shows a balance of $418,887.15. |
| 2021-511 | 3/21/21 | Colquhoun | NPD | | 3/22/21 – D. Lavoie responded | I am requesting copies of all public records for the incident on March 19, 2021 in city hall with Ms. Marilyn Todd and any follow up reports that were |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | ***Request satisfied*** | produced. These records should include both written and audio and video recordings generated. |
| 2021-512 | 3/22/21 | Ortolano | NPD | **Due 8/27/21** | ~~3/25/21 – DL sent letter with an update on June 25, 2021~~ ~~Follow up – 7/30/21~~ Follow up with an update by 8/27/21 8/27/21 – sent 2 batches of this request 8/30/21- remainder of request cancelled by LO ***Request satisfied*** | Please forward the complete investigative file and any available public information regarding this matter. If you need further clarification or feel that the request could be simplified, please don't hesitate to contact me. |
| 2021-514 **Correspondence/ comments** | 3/29/21 | Ortolano | RV | | | Complaint letter to James Gerry – NH DRA I am writing to address concerns that our New Assessing Chief, Mr. Rick Vincent is not performing his duties when responding to information requests as specified by Asb regulations and DRA guidance to provide assessing information to the public. Code of Ethics Standard of Professional Conduct ER 1-4 states: |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2021-515 | 3/29/21 | Ortolano | Assessin g | | 4/7/21 response sent<br>***Request satisfied*** | Assesshelp email from 1/1/21 thru 3/5/21 |
| 2021-516 | 3/31/21 | Ortolano | JN | | 4/8/21 response sent<br>***Request satisfied*** | all records, no matter what form, including but not limited to printed documents, electronic documents, e-mails, or any other form of records regarding all Right-to-Know, Freedom of Information Act or informal requests made by Alicia Houston or a party that includes Ms. Houston and the response(s) provided by the school district or City along with all responsive documents for the period from January 1, 2019 to February 28, 2021<br><br>Could you please tell me why you think this is overly broad and does not reasonably describe governmental records under RSA 91-A:4 IV? I would like to amend the request and am looking for guidance on what you feel would make it fall within the limits of 'reasonably described'.<br><br>Finally, please provide an electronic copy of the original Right-To-Know request received March 1, 2021. If the requester amended the request and resubmitted it, could you please provide the additional request(s). Please also provide the City's response(s). |
| 2021-517<br><br>ALSO SEE 2021-534 | 4/1/21 | Ortolano | RV | | 4/20/21 response sent<br>***Request satisfied*** | 1. Electronic copies of all 2020 abatement applications and supporting documentation submitted by all applicants. I understand these documents have already been redacted as a member of the public has been into the office for review. If it is quicker and easier to batch the residential abatements first as they probably have less supporting documentation, please do so. Sending the commercial abatements in a second batch would be |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | fine.<br>2. Electronic copy of the complete 2020 abatement list (exposure report) in the software format that it was created in. |
| 2021-526 | 4/6/21 | Colquhoun | JG | | JG responded 4/6/21 | Meadowbrook Links $155,628.76 ck38717<br>Sky Meadow Country Club $156,557.41 ck387172<br>Smith-Weiss Shepard $250,000.00 ck387319 |
| 2021-527<br><br>Correspondence/comments | 4/6/21 | Ortolano | RV | | | I am disappointed with your response. I asked what the retention plan was for these emails. Plans I have read from other municipalities include the time the record will be maintained. I would have expected the City to understand that. I certainly understand that they will be retained as emails. You clarified that in the initial response. How long will these assesshelp emails be retained? |
| 2021-528 | 4/6/21 | Colquhoun | JG | | 4/13/21 – response sent<br><br>***Request satisfied*** | Kindly give me copies of checks and also all documentation that applied to the checks.<br><br>See email for list |
| 2021-529 | 4/5/21 | Ortolano | | | 4/12/21 response sent<br><br>***Request satisfied***<br><br>4/15/21 – Phone call from Ms. Ortolano – email response to #8 – | I am requesting to review the box data the city provided me with a copy of for the November 14, 2018 RTK written by Attorney Robert Fojo. I don't want the City to have to do any work so I am willing to come in for this quick check on a matter.<br><br>Please let me know if this is possible and If the legal office is concerned about my presence in the legal department, I |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | docs sent | am more willing to perform the quick review in the Assessing office. |
| 2021-530 | 4/8/21 | Ortolano | | | 4/20/21 Response sent<br>***Request satisfied*** | . Please provide me with an electronic copy of the actual, current spreadsheet that is being updated for the scanning of property record files. Excel format will be perfect. Ms. Kleliner indicated that the process is about 40% complete. As you know, I addressed this issue at a recent Board of Assessor meeting but received no feedback. I am interested in following along with the process so as to minimize written communications to be sure requests for files that are out for scanning are not being requested. |
| 2021-531 | 4/8/21 | Ortolano | | | 4/16/21 Response sent<br>***Request satisfied*** | All records, no matter what form, including but not limited to printed documents, electronic documents, emails or any other form of records between you and Mr. Vern Gardner regarding the 2018 and 2019 Abatements and Abatement Appeals for 41 Berkeley Street. Specifically, I am interested in any exchange of documents, emails, or electronic documents regarding the qualifying of the sale of 45 Berkeley Street. These documents will be for the time period that you started working in Nashua to April 8, 2021. |
| 2021-532 | 4/9/21 | Ortolano | | | 4/14/21 – response sent<br>***Request satisfied*** | all records, no matter what form, including but not limited to printed documents, electronic documents, e-mails, or any other form of records regarding all Right-to- Know requests made by Alicia Houston to the City of Nashua for the period from May 1, 2020 to March 31, 2021. The subject matter will be in regards to the Nashua public schools and education. |
| 2021-533 | 4/9/21 | Ortolano | | | 4/16/21 response sent<br>***Request satisfied*** | Please send the invoice, payment and contract for Vern Gardner's services for the testimony at the BTLA hearing on April 6, 2021 for the 41 Berkeley Street abatement appeal. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | |
| 2021-534 | 4/8/21 | Ortolano | | | 4/20/21 response sent by RV<br>***Request satisfied*** | As you know, I put in a request to obtain scanned copies of the abatement applications and documentation provided by the property owners. Laura Colquhoun had been working on this since December. Unfortunately, the City would not make them available online.<br><br>Mr. Neumann stated that I would receive an update at the end of April. |
| 2021-535 | 4/7/21 | Ortolano | | | 4/15/21 – response sent<br>***Request satisfied*** | Please provide the complete set of Notes Mr. Gardner generated and maintain for the 2019 appraisal of 41 Berkeley Street. If it is simpler, an electronic copy will be fine. |
| 2021-537 | 4/12/21 | Ortolano | | | 4/13/21 response sent<br>***Request satisfied*** | Judge Temple's ruling to produce the Kleiner emails from August 9, 2019 - Sept. 30, 2019 |
| 2021-538 | 3/3/21 | Colquhoun | | | 4/12/21 response sent<br>***Request satisfied*** | Lease agreement with Pennichuck – 25 Walnut St. |
| 2021-539 | 11/24/20<br><br>4/12/21 | Colquhoun | | | 4/12/21 response sent<br>***Request satisfied*** | Purchase and Sale agreement for 55 Franklin St. |
| 2021-540 | 4/12/20 | Colquhoun | | | 4/19/21 response sent<br>***Request satisfied*** | Agreements btw Nashua Housing Assoc. (Clocktower) and City dated 11/25/98 |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

**(5-day letters need a reason as to the delay or the time needed for a response)**

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2021-541 | 4/12/21 | Ortolano | | | | Phone call from LO to JD |
| 2021-542 | 4/13/21 | Colquhoun | | | 4/13/21 response sent<br>***Request satisfied*** | Copies of Updated Debt Service Schedule |
| 2021-543 | 4/5/21 | Colquho<br>un | | ~~Due 9/3/21~~<br>~~Due 9/24/21~~<br>**Due 10/26/21** | ~~**7/30/21 – letter sent with an update response for 9/3/21**~~<br>~~**9/3/21 – response sent with update by 9/24/21**~~<br>**9/24/21 response sent with update by 10/26/21** | All emails on the computer system related to the business of the assessing office sent by or received by Ms. Kleiner for the period of August 9, 2019 to September 30, 2019.<br>All emails on the computer system related to the business of the assessing office sent by or received by Ms. Kleiner for the period of June 15, 2019 to August 8, 2019.<br>June 2019 emails were sent 7/30/21<br>July 2019 Batch 1 & 2 sent 9/3/21<br>July 2019 Batch 3 &4 sent 9/24/21<br>**F/U REGARDING SEPT. 2019 EMAILS** |
| 2021-546 | 4/21/20 | Colquhoun | | | 4/22/21 – response sent<br>***Request satisfied*** | Settlement agreements filed with the City Clerk |
| 2021-547 | 4/22/21 | Colquhoun | | | 4/27/21 response sent<br>***Request satisfied*** | List of loans from Cares Act – JG responded |
| 2021-551 | 4/22/21 | Ortolano | | | 4/22/21 response sent<br>***Request satisfied*** | Permit report to Vision |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | (5-day letters need a reason as to the delay or the time needed for a response) |
| 2021-553 | 4/22/21 | Ortolano | | | 4/29/21 – response sent<br>***Request satisfied*** | Settlement Agreements for Larry Budreau and Bruce Codagone |
| 2021-555 | 4/25/21 | Ortolano | | | 5-11/21 – response sent<br>***Request satisfied*** | Policies & Procedures or documents regarding the retention of record for Assessing required under RSA 33-a or general documents that apply to city agencies |
| 2021-556<br>Corr comments | 4/26/21 | Ortolano | | | | Comments about the legal department and comments about LO to legal |
| 2021-557 | 4/26/21 | Ortolano | | | 5/3/21 – response sent<br>***Request satisfied*** | let me know if you have all the property abatement appeal settlements in your office. Then I will put the request in through your office. |
| 2021-558<br>Correspondence/ comments | 4/27/21 | Ortolano | | | | Bolton told the Union Leader that the legal office has sensitive confidential information and my entry in the legal office on January 22, 2021 was some kind of violation of privacy.<br><br>Just so you all know, Bolton invited me into his personal City legal office repeatedly between September 2019 and March 2019, with no appointment scheduled, to address assessing issues. I had Attorney Fojo working with my on RTK request in November 2018. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | Attorney Bolton's desk was covered with legal documents, sitting there for me to view. He had no problem with that then and I wasn't interested in anything on his desk.<br><br>Additionally, it has come to my attention and it appears when Attorney Bolton represented clients in his private practice, he would meet them at bars to review their legal documents.He would discuss their case and the client would edit the writings in a public place. So much for confidentiality.<br><br>So, reporting to the newspaper that my entry to the legal office to get abatement applications stamped (and I did not spit on anyone) jeopardize attorney client privilege information is just Bolton's way of exaggerating and lying about my reasonable visit to the legal office to get City business done.<br><br>I can assure you, Attorney Lehmann has never invited me to a bar to discuss my case and review documents.<br><br>While Bolton told the Union Leader, "we know she lies", what about his ethics? |
| 2021-560 | 4/29/21 | Colquhoun | | | 5/6/21 – response sent<br><br>***Request satisfied*** | please provide me with the video surveillance of all people going into and exiting city hall, at the Elm Street entrance, on January 22, 2021. The time requested for the video would be from 9:00am to 9:45am. I do not need to see any cars that are parked in the parking lot. I only |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | | |
| | | | | | | need to see the actual people entering and/or leaving city hall during this time period. |
| 2021-561 | 4/30/21 | Ortolano | JN | | 6/8/21 – response sent<br><br>***Request satisfied*** | 1. Please provide a record of the emails subject to initial and legal deletion.<br><br>2. Please provide copies of the corrupted emails and if the emails were able to be restored, the copies of the restored emails. An email provided in the responsive document dated February 11, 2021 from Nick Meseirvitch stated "Looks like the public folder became corrupted. It has been fixed and Amanda has confirmed receipt of my test email." What does 'fixed" mean. Were the emails restored, did they remain corrupted, only from February 11, 2021 was the website properly working? (until the next identified hack)<br><br>3. Please provide the records of unintentional deleted email.<br><br>4. Please provide a copy of the Assesshelp email sent by Ortolano on January 17, 2021 at 7:20 pm to the assesshelp address and please provide all the emails associated with the thread for the forwarding of this email and response to this email.<br><br>5. Please provide the emails or other written communication containing the topic of the 18 and 28 Baltimore Rd abatement applications or the January 17, 2021 7:20pm email sent to the assesshelp address. I would expect communications between Ms. Kleiner, Mr. Vincent, the legal office and possibly the Mayor. The time period to conduct the search for these communications will be January 17, 2021 through March 5, 2021.<br><br>6. Please provide the emails or communications between Director Kleiner, Rick Vincent, and Mayor Donchess regarding |

# Right-to-Know Requests Fileu by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | my visit to the legal office on January 22, 2021 and my arrest on February 18, 2021. The time period to conduct the search for these communications will be January 22, 2021 through March 5, 2021. |
| 2021-562<br><br>Correspondence/comments | 4/30/21 | Ortolano | RV | | | I received a RTK response from the City 2021-515 for all asseshelp emails and the associated responses for January 1 through March 5, 2021. I did not get all of my information, however, what I did learn is that the responses from the City to the public's questions are largely not included.<br><br>How do you know your staff is responding if there is no auditing of this system? The method of putting the questions and answers in a binder was pretty good; the new method sucks.<br><br>Since Bolton is telling the Court that you are printing out all emails and placing them in the appropriate, which we know not to be true, maybe the old system with the binder is the best. Now, I have to resubmit a RTK to try and get more information and that will take months. I used to just be able to walk in a look at a binder.<br><br>I am asking you to request that all forwarded assesshelp questions to assessor be responded to by copying the assesshelp address so that when someone asks for these communications, they are linked. |
| 2021-563<br><br>Correspondence/comments | 4/30/21 | Ortolano | RV | | | I am concerned that there is a record deception issue in the office and Ms. Colquhoun and I have a hard time trusting the CIty when we identify these issues.<br><br>Ms. Colquhoun wrote an email in November 2019 asking that her property record card have documentation added to the |

# Right-to-Know Requests Fileu by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | comment section that she did not want an assessor on her property.<br><br>She followed up months later in 2020 and the request of the email was not added to the comment section. She has a printout of a 2020 property record card (early in the 2020 years) and the documentation was not on the card.<br><br>Several weeks ago, she came to the Assessing Office to inspect her property file and the email was never placed in her file. This was significant, because Attorney Bolton told Judge Temple that emails were being printed and placed the personal property record files. You confirmed that this was not happening when Laua and I both came to the office. We discussed that the time it would take to do that would be overwhelming and you simply don't have the staff to perform that type of filing.<br><br>Last week, when Laura and I came to the assessing counter, you provided Ms. Colquhoun with a printout of her 2021 property record card. She noticed that the note had been added to her card but there was NO DATE TO DOCUMENT WHEN THE NOTE WAS ADDED.<br><br>The method that has been used to add documentation to the comment section of a PRC is to write the change AND DOCUMENT BY WAY OF INITIALS AND YEAR DATE ABBREVIATED WITH 2 DIGITS, THE ASSESSING STAFF MEMBER WHO MADE THE CHANGE. So, the notation for the person who recorded the change would be MM19 or GT20 or DD21, etc.<br><br>On Laura's card, the initials LB are written with no year date. LB is Louise Brown and one would have thought she knew the property process but THIS IS A VERY SIGNIFICANT ISSUE.<br><br>Also, the 2021 property record card that Laura received does not |

*(5-day letters need a reason as to the delay or the time needed for a response)*

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | have the last revision date on it any longer. THIS IS VERY IMPORTANT FOR PROPERTY OWNERS AND ASSESSORS TO KNOW WHEN THE CARD WAS LAST CHANGED. I spoke to Laura about this issue yesterday and told her to just check the LAST REV date on the card and this should tell her when the comment was added, but it appears that has been removed from the card.<br><br>The 2020 Property record card available on the home computer shows the comment was added in 2020, but the tap on the webpro page that says "Comments" does not have that entry in it. Why not. Laura and I usually use the Comments tab because the comments are fully readable and on card sometimes they are not.<br><br>Also, why did we do away with the LAST REV field on the right hand side of the PRC? I had been asking Ms. Kleiner about this, since the new software update, this information was incorrect on all the cards. It appears to have been corrected through elimination.<br><br>**Is there anyway to determine when the Comment was added to the property record card?**<br><br>Eliminating the LAST REV field on the property record card and the proper comment notation totally shuts down citizens from knowing when their card was last changed.<br><br>I would like to understand the reason why we stopped this type of audit trail. I ask you to please return to the documentation with the initials and year date and this provides a vital audit trail to assist the public in when changes are made. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2021-564 | Ortolano | 5/1/21 | JN | | 5/10/21 – response sent<br>***Request satisfied*** | You wrote a letter on March 31, 2021 based on Ms. Colquhoun's March 11, 2021 request for emails, stating that the Plaintiff should expect a response or update by March 27, 2021. This was discussed in the April 5, 2021 Court hearing.<br>Please provide me with the response or update the City has provided on this matter. |
| 2021-565 | Ortolano | 5/2/21 | JN | **Due 8/13/21** | 7/9/21 – letter sent with response date of 8/13/21 for response to #2<br>8/13/21 – response sent – final batch<br>***Request satisfied*** | ~~1. Please provide all email communications relative to assessing matters between the IT department and Ms. Kleiner for the time period of January 1, 2021 through April 1, 2021.~~<br>**2. Please provide all email communications relative to assessing matters between Ms. Kleiner and Mayor Donchess or his Chief of Staff for the time period of January 1, 2021 through April 1, 2021.**<br>~~2. Please use search words assessing, abatement, Laurie, Ortolano, corrupt, important, and assesshelp. The search word "assessing" should produce broader records and I want the broadest record sweep possible for matters involving the assessing office. I do not want the search limited on the secondary words "abatement, Laurie, Ortolano, corrupt, important and assesshelp". These words are only there at assist in making sure the search is broad.~~<br>~~3. Please provide all email communications relative to file corruption matters between the IT Department and Ms. Kleiner.~~<br>~~3. If there are corrupted emails within this search, please provide electronic copies of the corrupted emails. Please note, I have no idea what this means nor would ever write such a request had you not provided the phrase in your original response to my assesshelp email request.~~<br>~~4. Please provide copies of email not subject to initial and legal deletion as you called out in your responsive email for assesshelp emails. Please note, I have no idea what this means nor would ever write such a request had you not provided the phrase in your original response to my assesshelp email request.~~ |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| 2021-566 | 4/17/21 | Colquhoun | JG | | 5/2/21 – JG responded | Kindly send me copies of checks and all documentation that pertain to the following checks and/or direct bank charges. – list in the file<br><br>1) should I go to the school and/or the city's legal department to get a copy of the settlement agreement on Elizabeth Noel?<br>2) In listening to the contract renewal on both the fire and police department it appears that both have excellent plans. Question - if the fire people have very good insurance why is the city paying the full amount of the Life Scan Wellness Centers bill in the amount of $9,350.00 for 17 Wellness Exams. Why has the individual not submitted these bills to their insurance?<br>3) In reviewing the "refund" checks that have been issued, I would like copies of all refunds given out for the last 6 months. Had I not asked for copies of checks for both Costco and Seritage ERC, I would have never known that refunds were being given out to the commercial properties for the year 2020. I also find it odd that Costco (47796) is not even on the abatement listing that I received from Mr. Vincent on April 6, 2021. So much for checks and balances. |
| 2021-567<br><br>Correspondence/comments | 5/3/21 | Colquhoun | Mayors office | | 5/3/21 – P. Klee responded | First, let me say that it is very difficult to listen to the Board of Aldermen meeting due to the fact that it appears that the members are having a love fest with themselves. One would think that the only courses these aldermen have ever taken is how far they should bend over. The board has shown their dislike to Aldermen Lu because she actually asks questions that no one wants to answer questions. And the hatred comes through when they answer her, so yes there is hatred coming from the board and it is being projected to any residents that questions our thinned skinned Mayor and any other city department.<br>Laurie Ortolano brought up the fact that city officials (the Mayor, Kleiner, Bolton and Leonard) have shown total hatred to Laurie and other residents because Laurie simply showed the |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | *(5-day letters need a reason as to the delay or the time needed for a response)* |
| | | | | | | city that they have a lot of problems. The mayor and other city officials have retaliated every step of the way. Bunch of thin skinned politicians.<br>Aldermen O'Brien quickly stated that there is no hatred coming from the board. Put down the drink and look at the YouTube videos and one can clearly see the hatred. Just look at the tone President Wilshire gives to residents. She laughs at them, likes to talk down to them, and cuts their time at public input. Well President Wilshire your crown is titled and your hatred is showing. Wilshire could be upset because it was shown that she got a nice deal from assessing. Not all residents are that lucky.<br>Aldermen Dowd is another Aldermen who will defend the city no matter what because he does not care for the little people (that are the taxpayers). One can see that he only likes to help the people he knows and the people that have influence in Nashua. Aldermen Dowd's comment to Aldermen Lu's question about the pensions was really funny because it showed that Aldermen Dowd does not have a clue as to what is going on in Nashua. If he even looked at the financials and/or asked any REAL QUESTIONS he would have known that the mayor finished spending the COVID-19 money back in August 2020. But now Dowd states that Police Overtime now is being paid with COVID-19 money. Pull your head out of your derriere so you can see the whole picture.<br>Aldermen Klee is a whole different person. She shows hate every day of her life. Most residents have blocked her because they no longer could listen to the hate. I guess no other Aldermen has ever seen any of her hate filled posts and/or maybe they blocked her also. Klee is not on the board to help any Nashua resident, she is on the board only to help her own agenda and listen to herself talk. I cannot wait until all Nashua residents wake up and see her for what she really is. A person out on a limb with not a clue to get her off the limb. Let her |

# Right-to-Know Requests Fileu by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | | |
| | | | | | | fall.<br>I find this board to be particularly funny because they go after residents who question city hall however if the resident is on their good list, they will back them all the way to court. Our mayor gave a recommendation letter for a very hate filled resident (will not give name because most residents do not want to even know that she exists). She had gone after someone that she did not like and therefore gave out confidential information that should have been private and therefore was being charged. But our mayor came to her defense because she backs him 100%. Yet the mayor, the legal office, and other city officials are going after two residents because they went to city hall in order to have city employees do their work and got arrested for it. These truth seeking residents are not considered friends of the Mayor or his loyal henchmen. So you see that the City of Nashua Board of Aldermen-see themselves as the self-serving Masters of the City. They represent only those that agree with them.<br>Wake up board, no resident (in their right mind) would kiss your feet. You were elected to help ALL RESIDENTS not just the ones you like. Start doing your jobs.<br>You only get respect when you show respect to others! |
| 2021-568<br><br>Correspondence/ comments | 5/4/21 | Ortolano | City Clerk | | | Have you seen this doc before. Do you know if the NSD releases email addresses and phone numbers. It looks like in the state of NH Personal Identifiable information that is considered sensitive does not include email addresses or phone numbers. I want that to be the case, because the legal office is redacting phone numbers and emails on assessing documents. I think this is ridiculous and it appears that the school does not consider this information confidential because the STATE DOES NOT. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | (5-day letters need a reason as to the delay or the time needed for a response) | | | | |
| 2021-570 | 5/5/21 | Colquhoun | SAB | ~~Due 9/27/21~~<br>Due 10/15/21 | Update or response by 7/13/21; 8/18/2021<br>~~Response or Update by 9/27/21~~<br>9/27/21 - Response sent<br>Response or update due 10/15/21<br>10/12/21 – response sent<br>***Request satisfied*** | please provide me with all email communications between Ms. Kleiner and Mr. Richard Vincent for the period of March 1, 2021 thru April 31, 2021.<br>9/27/21 – batch 1 sent |
| 2021-571 | 5/5/21 | Colquhoun | SAB | **Due 8/27/21** | 5/21/21 letter sent – abatement apps – update by 7/30/21 with response or update by 8/27/21<br>8/27/21 – response sent<br>***Request satisfied*** | please provide me with the complete documentation of the abatements that both Meadowbrook Links, Inc. and Sky Meadow Country Club submitted for year 2017, 2018 and 2019 that produced the refund checks of check#387172 ($156,557.41) and check #387171 ($155,628.76). |
| 2021-572 | 5/5/21 | Colquhoun | SAB | | 5/5/21 – response sent<br>***Request satisfied*** | please provide me a job description for the City of Nashua Right To Know Coordinator, Attorney Neumann. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2021-573 | 5/6/21 | Ortolano | JN | | No response required | Ms. Colquhoun provided me with a copy of your response to Attorney Lehmann's follow up request #2021-500 (Kleiner/Vincent emails dated March 11, 2021) dated May 3, 2021. The City was supposed to response to Attorney Lehmann and Ms. Colquhoun by April 27, 2021 but failed to do so. |
| 2021-574 | 5/6/21 | Colquhoun | SAB | | 6/4/21 – response sent<br>***Request satisfied*** | please provide me with copies of all full 2020 abatement applications with documentation received by the assessing department. These applications should at least include all pages of the application (page 1-4). I am requesting this information on both residential and commercial properties. |
| 2021-575 | 5/7/21 | Colquhoun | DF | | 5/7/21 – DF responded | Below you will see that you signed off on a bond release. Kindly forward me a copy of the original bond. Thanks |
| 2021-576<br>Correspondence/comments | 5/7/21 | Ortolano | Legal | | | Cancel the request the Dan Hansberry forwarded to the legal from Laurie Ortolano regarding settlement agreement and unsealed minutes.<br><br>Attorney Leonard has already disregarded my requests and enjoys removing information from requests and not responding per the Right-to-Know law. I don't need to see anymore of her unethical work.<br><br>I will seek answers elsewhere. |
| 2021-577 | Sat. 5/8/21 | Ortolano | Mayor | | No response required | Could you provide the results of the online survey sent out by James Donchess on April 22, 2021, regarding the Police Commission being appointed by the Mayor. I notice this is on the agenda for Tuesday's meeting and I would like to know how many people did the email reach, how many responded, and |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | the results of the survey. |
| 2021-579 | 5/10/21 | Ortolano | RV | | 5/20/21 – RV responded<br><br>***Request satisfied*** | Please provide me with an electronic copy of the unseal meeting minutes where the 28-30 Berkeley settlement and release agreement was made public.<br><br>Please provide me with an electronic copy of the unsealed meeting minutes where the Sky Meadow and Meadow Links Settlement and Release agreement was made public.<br><br>Please provide me with an electronic copy of all unsealed meetings for all approved settlement and release agreements signed off by the Board of Assessors in 2020.<br><br>Please provide me with any signed settlement agreements for 2021. |
| 2021-580 | 5/7/12 | Lehmann | JN | | 5/21/21 – response sent<br><br>***Request satisfied*** | I would like to set up a Zoom meeting with you to discuss your responses to recent RTK requests filed by my client, Laurie Ortolano. Your file numbers for the relevant requests are: 2021-561, 2021-564, 2021-565, and 2021-500.<br><br>Ms. Ortolano and I both intend to be on this conference call. Obviously, you are welcome to include anyone on your end that you wish to include. |
| 2021-581 | 5/12/21 | Ortolano | DH<br>EL<br>LC<br>JN | | No response | You are incorrect in your response to Ms. Colquhoun that your **"non-public minutes reflecting the actions on the settlements are sealed".** |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2021-582 | 5/11/21 | Colquhoun | BMcK | | 5/18/21 – response sent<br>***Request satisfied*** | Kindly forward me the complete documentation of all building permits and plans on 12 Ferry Rd within their file. This should include all inspection reports done by the building department. |
| 2021-583 | 5/12/21 | Colquhoun | SAB | | 6/3/21 – response sent<br>***Request satisfied*** | please provide me with an electronic copy of the records for each response to the Police Survey, "Do you Think Nashua Should Reform Our Police Commission?" distributed through email, dated April 22, 2021, by Mayor Donchess. A copy of the survey is provided below. Please provide the records from April 21, 2021 to May 12, 2021. This is before the 45 day transitory deletion period, so there should be complete responsive documents. |
| 2021-587 | 5/7/21 | Colquhoun | JG | | 5/18/21 – JG responded<br>***Request satisfied*** | Kindly give me copies of checks and back up information on checks.<br>See email |
| 2021-589 | 5/18/21 | Ortolano | JN | ~~Due 9/17/21~~<br>~~Due 10/15/21~~<br>**Due 11/15/21** | ~~7/6/21 letter sent – update 7/30/21~~<br>~~Follow-up or response due 9/17/21~~<br>~~9/17/21 response sent with the F/U 10/15/21~~<br>10/15/21 – response sent – update by 11/15/21<br>11/15/21 response sent<br>***Request satisfied*** | All emails sent by the IT department or any employee within the IT department to Kim Kleiner for the time period of April 1, 2019 to May 1, 2021. Please use the following search words: corrupt, back up, back-up, Ortolano, Laurie, internal only address, hacked, RTK, Right-To-Know, deleted, 45 day, retention. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | |
| 2021-591 | 5/20/21 | Ortolano | RV | | 5/21/21 – RV responded | provide copies of any settlements signed in the May 20, 2021 meeting. If there were orders generated for these settlements by the Court or the BTLA, please provide that document as well. |
| 2021-592<br><br>Correspondence/comments | 5/54/21 | Ortolano | JN | | | I noticed you are no longer copying Attorney Lehmann on all RTK requests. Has the City changed it's position on this yet again. I never seem to know where I stand and the format your office chooses to enforce week by week. |
| 2021-593 | 5/25/21 | Ortolano | RV | | 5/21/21 – RV responded | Please provide me with a sales report from October 1, 2020 to May 28, 2021. |
| 2021-594 | 5/25/21 | Ortolano | JN | | 6/1/21 – response sent<br><br>***Request satisfied*** | You offered an explanation in "response to #2", in the email dated May 14, 2021 but received by me on May 21, 2021 to the corrupted email records.<br><br>You stated in a prior response that IT would be responding to this request. It is unclear if this is an IT response or your interpretation of an IT response.<br><br>Your wrote:<br>*The mail enabled component of the Public Folder in question was the item that was corrupted. The IT Department had to delete the component and rebuild it. If emails did not get delivered, then they would not be in the Public Folder or any backup. If emails were not received,* |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | (5-day letters need a reason as to the delay or the time needed for a response) |
| | | | | | | *then they would not be saved in the Public Folder. The IT Department does not have a root cause for the corruption. Public Folders have always been an issue with Microsoft.*<br>Additionally, Ms. Kleiner asked Bruce on February 11, 2021 through an email:<br>*Hi Bruce,*<br>*Please see below. I know Rick is putting in a ticket - but I wanted this on your radar. This is a big issue since this email address is receiving abatement applications. Can you let us know what may have happened and do a search for any emails that may not have been received by staff?*<br>*Thank you,*<br>*Kim*<br>Your response used the words, "If emails did not get delivered, and If emails were not received." Your response is evasive, unclear, and not reasonably described.<br><br>Based on Ms. Kleiner's request of Bruce on February 11, 2021, please provide me with any emails that may have not been received by the staff. Based on your written statement above, if the emails did get delivered and the emails were received, please provide those records.<br><br>If the records do not exist, please clearly state so.<br><br>Once again, you fail to deliver clear information. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| 2021-595 | 5/24/21 | Ortolano | KK | | 6/1/21 letter sent with update by 7/30/21<br><br>~~7/27/21 – response sent~~<br><br>~~8/8/21 – LO complained that only KK's emails were searched~~<br><br>~~8/13/21 – NMC to LO – IT will conduct search, new deadline of 9/24/2021~~<br><br>~~8/23/21 – NMC to LO – IT has conducted search – no records found~~<br><br>***Request satisfied*** | All communications and records sent by the IT department or any employee within the IT department to you for the time period of March 3, 2021 to May 24, 2021 for records concerning searching for email from November 1, 2018 to December 15, 2018 received or sent by John Duhamel, and John Griffin, and Kim Kleiner. I am looking for any communications, documents, letters, or emails that would indicate the City has conducted a search for these records or has comminicationed, in any way, about these records.<br><br>**<u>8/8/21 LO sent follow up emails</u>**<br><br>All communications and records sent by the IT department or any employee within the IT department to you [Ms. Kleiner] for the time period of March 3, 2021 to May 24, 2021 for records concerning searching for email from November 1, 2018 to December 15, 2018 received or sent by John Duhamel, and John Griffin, and Kim Kleiner. I am looking for any communications, documents, letters, or emails that would indicate the City has conducted a search for these records or has comminicationed [sic], in any way, about these records.<br><br>The City had Ms. Kleiner search her records but did not have the IT department search the records and retrieve backups. This could very well yeild a different result. Please have the IT department conduct the search for these records. In the past, I have explained that, for a search to be complete, the records should be searched from both parties. The City, typically, conducts only one-sided searches. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | |
| 2021-596 | 5/25/21 | Ortolano | P. Klee<br>KK | | 6/1/21 – response sent<br><br>***Request satisfied*** | May 25, 2021,<br><br>Alderwoman Klee,<br><br>Please forward the record you received in response to the list of entities within Nashua that are part of the PiLT program that you requested from Ms. Kleiner through an email dated Tuesday, February 9, 2021.<br><br>Director Kleiner,<br><br>Please forward any existing pilot agreements sent to you from your email request to Rick Vincent dated February 9, 2021. I only want the records sent as of the email date |
| 2021-597 | 5/27/21 | Ortolano | KK | | 6/3/21 – response sent<br><br>***Request satisfied*** | After listening to last evening's meeting, I would like assistance in determining what happened to my January 17, 2021 7:20 PM email sent to Assesshelp with 2 abatement applications attached - 18 and 28 Baltimore Rd.<br><br>This email was not in the Assesshelp emails responsive document request received in April. Could Nick please determine what happened to this email. I would like to know if the City received the email and would like to know where it was forwarded to and who downloaded the applications. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| (5-day letters need a reason as to the delay or the time needed for a response) | | | | | | |
| | | | | | | Additionally, Attorney Neumann claims to have sent an email April 17, 2021 in response to a RTK request to both Attorney Lehmann and I. We did not receive that email. Could Nick search the log and see if he can find out what happened to that email.<br><br>Finally, on Friday May 21, 2021, I received a RTK response from Attorney Neumnann that was supposed to be delivered May 14, 2021. The RTK response email delivered by Neumann on April 21, 2021, was dated April 14, 2021. I never received this email on April 14, 2021. This might be another email that was not received |
| 2021-598 | 5/31/21 | Ortolano | KK | | 7/2/21 – response sent<br><br>***Request satisfied*** | 1. All weekly work logs and mileage reimbursement form submitted by Greg Turgiss, Gary Turgiss, Mike Mandile and Douglas Dame for the time period of January 2020 through April 2021.<br><br>2. In the Nashua Police Department interview in 2019, you stated, "prior to 2019 Field Reports were not required to be completed by commercial assessors. Please provide an electronic copy of the most recent field report submitted by Greg Turgiss, Gary Turgiss, Mike Mandile and Douglas Dame. |
| 2021-599 | 5/28/21 | Ortolano | DL<br>NPD | | 6/7/21 – DL responsed<br><br>***Request satisfied*** | I am trying to understand how the police determine whether an offense rises to a Class A or a Class B misdemeanor. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent (5-day letters need a reason as to the delay or the time needed for a response) | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | I have researched state law, and it seems as though violent behavior or property damage can warrant a class A offense, but it really seems as though it is up to the department to determine how it categorizes the offense. I am hoping the Police Department has written guidelines on this.<br><br>Please provide all policies, S.O.P's or procedures in place to assist an officer in determining the class of the misdemeanor. |
| 2021-600 | 6/1/21 | Ortolano | CL | | 6/2/21 – response sent<br><br>***Request satisfied*** | Please forward any press releases or documents regarding the opening of City Hall. I am looking for communications dated in the month of May 2021. I am trying to find out what the status is for the opening of City Hall. The website appears to have no update. |
| 2021-603 | 6/9/21 | Ortolano | RV | | 6/9/20 – RV responded | You requested that I put in writing my 2020 abatement request and on May 28, 2021 I did so. I am requesting that you explain, in writing, how the abatement process works when someone has a pending appeal. My 2019 abatement was considered a lawsuit as soon as I filed and even though I represented myself in the matter, I was not allowed to speak with an assessor about any abatement granted for 2019 that I believe had an affect on my 2019 abatement. 39 Berkeley St, the next door neighbor, was granted a 2019 abatement by Mr. Gary Turgiss and I had questions that I was not allowed to ask. I was not allowed to defend my property assessment at the BTLA to the fullest extent because the City shut that down. This should NEVER be allowed. Jame Gerry and Ms. Stepp, get laws written |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | (5-day letters need a reason as to the delay or the time needed for a response) |
| | | | | | | that stop this from happening.<br><br>Why are citizens denied the opportunity to speak with an assessor about an abatement that they believe affects their property values? Is it unreasonable for me to want to understand how the next door received the 2019 abatement and reduced assessment generated by the Nashuas Assessor for this property. Is there any Asb rule or regulation that requires them to respond to a citizen request?<br><br>I asked you if you would allow citizens to question abatements as you did up in Lebanon for your citizens. You never responded. In Nashua, management and legal office have believed that property owners should only be questioning their own property values, no one else's. I really believe Nashua Management does not understand what assessment is about.<br><br>Please write me a separate email that states that as of June 7, 2021, the assessing office will be open, unrestricted, without appointments. Ms. Kleiner informed me that the press release had an error and was incorrect. I have asked the Mayor's office to issue a correct press release. In the event, they are unwilling to do so, It is necessary for me to have a letter that I carry on me at all times when I am in City Hall. I cannot afford to be arrested again because some document was inaccurate or the rules changed. I think this is very bad for all citizens |
| 2021-605 | 6/16/21 | Ortolano | KK | ~~Due 9/3/21~~<br><br>~~Due 9/17/21~~<br><br>**Due** | ~~6/23/21 letter sent with update by 7/16/21~~<br><br>~~7/14/21 letter sent with an update by 9/3/21~~ | All emails sent by and received by Louise Brown for November 1, 2020 through her last day of work.<br><br>**6/23/21 – Admin. (KO) sent 5 day letter – response for LB emails (city no longer has reasonable access to Ms. Brown's emails from the time of her employment)** |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | **10/29/21** | ~~9/3/21 KK sent response with update by 9/17/21~~<br>9/17/21 letter sent – update by 10/29/21<br>11/19/21 – response sent<br>***Request satisfied*** | All emails sent by and received by Amanda Mazerolle from November 1, 2020 through March 7, 2021.<br>All emails sent by and received by Karina Ochoa from November 1, 2020 through March 7, 2021. |
| 2021-606 | 6/15/21 | Ortolano | | | | Please schedule an appointment for me to review all BTLA and Superior Court order settlements for all property appeals for the time period of 2019 to current. I am not available Friday, Monday or Tuesday, June 18, 21, or 22. |
| 2021-607 | 6/13/21 | Ortolano | | | 6/11/21 – response sent<br>***Request satisfied*** | Please provide the disciplinary action imposed by Ms. Kleiner for Mr. Turgiss' mileage reimbursement record keeping.<br>Please provide any disciplinary action imposed by the city for incomplete assessment documentation. |
| 2021-608 | 6/12/21 | Colquhoun | | | 6/21/21 – response sent<br>***Request satisfied*** | provide me with a copy of the full Purchase and Sales Agreement between the City of Nashua and 201 Main Street Realty for the land and building located at 201 Main St, also known as 78-84 West Pearl St. (Map 81, Lot 3 -#23634). |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2021-609 | 6/11/21 | Ortolano | | | 6/12/21 – RV responded<br>***Request satisfied*** | Please provide me with an electronic copy of the email sent to Mr. Latvis in response to his assesshelp email sent in on December 28, 2020 requesting confirmation for the abatement application and packet placed in the City Dropbox on December 22, 2020.<br><br>Please provide me with the emails from December 28, 2020 through December 31, 2020 concerning Mr. Latvis's abatement application. In other words the search topic will be Lats Latvis. |
| 2021-610 | 6/10/21 | Ortolano | | | 6/11/21 – NT responded<br>***Request satisfied*** | I noticed that the RTK coordinator position is listed on the HR employment website. This position was filled in December 2020. Is this new posting to replace the current coordinator who is leaving or is the City city adding a fifth attorney to the legal budget? |
| 2021-612 | 6/19/21 | Colquhoun | | | 6/28/21 – response sent<br>***Request satisfied*** | please provide me with any copies any signed contracts and copies of all checks paid during the period of January 1, 2021 thru June 15, 2021 to either Vern Garner and/or Horizon Associates with the City of Nashua. |
| 2021-614 | 6/19/21 | Ortolano | | | 6221/21 – response sent<br>***Request satisfied*** | nonpublic Board of Assessors meeting minutes from January 1, 2018 through June 20, 2021. |
| 2021-616 | 6/21/21 | Ortolano | | | 7/9/21 – response sent<br>***Request satisfied*** | In the 2020 folder, there were plenty of settlements, but no BTLA orders or Superior Court orders for property decisions. There were BTLA orders for mediation.<br>I was looking for the decisions discussed in the June 4, |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent (5-day letters need a reason as to the delay or the time needed for a response) | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | 2020 meeting. Can someone provide me with these records? I am guessing these decisions are up in the legal office.<br>This is why I am requesting that all court or BTLA orders provided to the Board of Assessors be placed in the public material. We won't have to ask questions, write RTK's and go hunting for the information. |
| 2021-617 | 6/23/21 | Ortolano | BOA | | 7/6/21 – letter sent with response date of 7/16/21<br>7/15/21 – response sent<br>***Request satisfied*** | If there are email communications between Attorney Bolton and Alderwoman Lu that are not attorney Client privilege and express apologies to Attorney Bolton, I would like copies. For Attorney Bolton to verbally deny that Ms. Lu has apologized for whatever offended Attorney Bolton is concerning. |
| 2021-617-AS | 7/6/21 | Ortolano | Admin | | 7/9/21/21 – response sent<br>***Request satisfied*** | 1. List of IT employees<br>2. Employee forms signed by IT employees<br>3. Employee packet given to new employees from April 2019 to current |
| 2021-618<br>Correspondence/comments | 6/24/21 | Ortolano | Legal | | No response required | I visited the Clerk's office today to review BTLA and superior court decisions on property appeals. I did not see any property settlements or court orders in the 2019 folder? Is this correct? Were their really none? In the June 4, 2020 meeting, Dan Hansberry said in public session that they were going to discuss the recent BTLA decisions that were handed down. Celia Leonard thought it would be a nonpublic discussion so Dan decided to wait and address the matter in a nonpublic session. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | Can someone provide me with these records? I am guessing these decisions are up in the legal office. |
| 2021-618-AS | N/A | Ortolano | KK | | 7/9/21 – response sent<br>***Request satisfied*** | To respond to the e-mail sent to Director Kleiner dated 7/7/21 on regards to if the City has a third party business contracted for email storage, the answer is that the IT Department does not currently utilize a third-party for any email or digital storage. Please consider this as a fulfilled request. |
| 2021-619 | Ortolano | | | | Unassigned number | Folder is empty |
| 2021-620 | Ortolano | CKL | | | 6/28/21 -- response sent<br>***Request satisfied*** | I have reread Ms. Walley's Separation Agreement and the document is missing the reference pages to the Claims. Paragraph 10 states, "Ms. Walley agrees that she will not make any disparaging or derogatory statements, remarks and/or comments about the City and/or its elected officials and employees relative to the Claims or the resolution of those Claims in this agreement."<br><br>Additionally, Paragraph 9 addresses Confidentiality and refers to the Claims again - "information concerning the Agreement, the Claims or the settlement of the Claims.."<br><br>The Claims are not included in the agreement. Could you please forward the "claims". This is not an issue I can address with Ms. Walley or Attorney Lehmann, and I believe as a public record, the Claims should be part of this document. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | |
| 2021-621 | 6/30/21 | Colquhoun | SAB | | 7/7/21 – response sent – report confidential<br>***Request satisfied*** | please provide me with a copy of the appraisal report done by Horizon Associates for 44 Buckmeadow Rd. This report was paid for by the City of Nashua and therefore should be made available to the public. |
| 2021-622 | 6/30/21 | Colquhoun | SAB | | 7/7/21 – response sent – Atty-work product<br>***Request satisfied*** | all public documents pertaining to Right To Know training performed by the City of Nashua for various agencies within the City of Nashua. It is my understanding that training materials were put together for employees. I am requesting copies of these documents. |
| 2021-623 | 7/3/21 | Ortolano | JN | | 7/13/21 – response sent<br>***Request satisfied*** | 1. The maintained list(s) of all Right-to-Know requests submitted to the city from December 2020 through July 1, 2020.<br><br>2. The training material(s) used by the city to provide Right-to-Know training to the City Departments and staff. |
| 2021-624 | 7/3/21 | Colquhoun | SAB | | 7/13/21 – response sent<br>***Request satisfied*** | An inspectable or email copy of the City Clerk Office research policies that are required for all Right-to-Know requesters to comply with. |
| 2021-625 | 7/6/21 | Ortolano | KK | | 7/6/21 – responded | Please provide me with a pay stub for all employees of the IT department from 2020- currentI . don't need Bruce Cadgnone or Nick M - I know them but I don't know the other employees. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2021-626<br><br>Correspondence/comments | 7/7/21 | Ortolano | | | No response required | I need clarification on who I can speak with in City Hall to have questions answered and obtain information.<br><br>I recently learned that the City conducted city-wide Right-to-Know training. This was not advertised or publicly available information.<br><br>Am I allowed to go to specific departments to obtain information on current requests or ask general questions that are not part of my lawsuit(s)? For two years now, I sent most all of my requests to the legal office as I was told I must do this.<br>So, please help me understand what I am and am not allowed to do to ask questions, receive answers or submit Right-to-Know requests. |
| 2021-627 | 6/28/21 | Ortolano | | | 7/6/21 – response sent<br><br>***Request satisfied*** | The Police investigation files sent last year do not appear to have complete information. There is a 2018 and 2019 calendar provided in the documents, that was not well labelled. It is attached for your review. I am looking for the records that support the 2018 Calendar. The police sent some of the records to support reviewing the 2019 mileage calendar but not the 2018 calendar. Greg Turgiss was not maintaining Field data logs until 2019. The requirement to maintain Field Data logs was instituted after Mr. Duhamel left as Assessing Chief in March 2019. So, I am able to understand part of the 2019 calendar but I have no idea what data was used by the Police to verify the mileage for the 2018 calendar. This was the heart of |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | the investigative work that cleared Mr. Turgiss of any wrongdoing because the police concluded that Mr. Turgiss had actually underestimated his mileage.<br><br>Could you please send only the records associated with the attached calendar that supported the 2018 and 2019 mileage review. |
| 2021-627-AS | 7/27/21 | Ortolano | KK | | 8/2/21 – SL responded<br><br>***Request satisfied*** | 1. Please forward the original email sent to Attorney Bolton from Capt. Kinney.<br>2. Please provide all communications, including emails, text messages or phone calls (through logs) or other records containing the origin of this quoted statement by Ms. Prince. Specifically, I want the email record from Capt Brian Kinney to Attorney Bolton. Please provide all public records, including emails, text messages, and phone logs, which will show the forwarding of this communication, including the quoted statement or topics relative to the Ortolano plea deal to anyone in City Hall as well as the public.<br>3. Please search the records of Attorney Bolton, Attorney Leonard, Kim Kleiner, Karina, your assistant, Mayor Donchess for any communications regarding my arrest and the email sent by Capt. Kinney.<br>4. The timeframe for this record search is July 23, 2021 to July 26, 2021. |
| 2021-628<br><br>Correspondence/comments | 7/8/21 | Ortolano | Mayor | | No response required | Last evening's meeting left me with heightened concerns over Attorney Bolton's ability to perform his job as Corporation Counsel for the City of Nashua. He clearly has been handicapped by his recent medical events and it is time to face the reality of the situation and show leadership in addressing this issue. We must have a Corporation Counsel for the City of Nashua that is in solid |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | mental and emotional health.<br><br>Last evening at the second public input, I spoke about the information corruption I see in this City. I read part of a response to a May 19, 2021 request that I received from Attorney Neumann, yesterday June 6, 2021. I read Item [1] and City response to 1, paragraphs 1 & 2. (see attached).<br><br>I expressed frustration that the legal office saw the request as overly broad because I did not identify the IT employees whose emails, regarding specific search topics, I want to access. The names of City employees in each department are not available as public information. I disclosed at the end of my conversation that "an employee tonight gave me a list of employees in the IT department. I was lucky..." |
| 2021-629 | 7/3/21 | Ortolano | SL | | 7/12/21 – SL responded<br><br>***Request satisfied*** | City convene a meeting of the Municipal Records Committee to address matters involving the retention of Nashua Records. I am requesting an answer to the specific retention requirement under RSA 33-a followed by the City of Nashua for email retention.<br><br>Additionally, I would like to address the committee on the email retention and storage policy. This policy is obsolete and ineffective in maintaining Nashua's records in a format that complies with RSA 33-a and makes them available under RSA 91-A. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | | |
| 2021-630 | 7/12/21 | Ortolano | SL | | 7/12/21 – AW responded<br>***Request satisfied*** | I am requesting to inspect the records of the Nashua voter lists for Democrats and Independents and republicans. I would like to see all Ward Lists.<br>2. If these records are available in electronic format, please provide an electronic copy.<br>3. If these records are only available in print format, please let me know the costs before printing.<br>Please feel free to contact me if you have any questions and please advise on the least burdensome way to obtain these records. |
| 2021-631<br>Correspondence/comments | 7/8/21 | Ortolano | SAB<br>LW | | 7/13/21 – response sent | Is there an ordinance or a rule that allows a City Official to refuse to respond to an alderman?<br>I have been thinking about Attorney Bolton's expressions in recent Board meetings to exclude certain members from obtaining information by refusing to provide information. Is a City Official in violation of any laws if they refuse to communicate with an Alderperson?<br>Do you as the President or does the Board have the power to vote to allow a city official to exclude communication from an Alderperson?<br>This situation seems very concerning. |
| 2021-632 | 6/23/21 | Colquhoun | | | 7/15/21 Response sent | please provide me with the complete documentation of the abatements for Lofts 34, LLC for year 2018 and 2019 that |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | (5-day letters need a reason as to the delay or the time needed for a response) | |
| | | | | | ***Request satisfied*** | produced the refund check number 388752 in the amount of $58,125.29. |
| 2021-633 | 7/18/21 | Ortolano | JS | | 7/26/21 – L. Wilshire responded<br><br>***Request satisfied*** | Please provide me with the email communication sent from Alderwoman Lu to you, on or about July 5, 2021, regarding apologizing to Attorney Bolton. Please include any records of response to Alderwoman Lu's email communication (letters, texts or emails) provided to any City official or member of the Board. |
| 2021-634 | 7/19/21 | Ortolano | | | 7/27/21 response sent<br><br>***Request satisfied*** | Laura Colquhoun is planning on filing a pro se lawsuit on the denial for the RTK City training material. I am assisting her with the writing of this suit. Is the City willing to disclose if the material exists in a digital or paper format and was the training done in person or through an online video format? Will the City assent to the *in camera* review? |
| 2021-636<br><br>**Correspondence/comments** | 7/19/21 | Ortolano | | | No response needed | February 17, 2021 arrest in City Hall.<br><br>Ms. Ortolano's ... It is because she forced her way into the locked legal office, sat in front of my office, and would not leave until the police came. It had nothing to do with time or date stamping, assessment or abatement applications. As Ms. Ortolano is well aware, the legal office does not do that.<br><br>It was a shameful, unwarranted arrest for Deputy Attorney Leonard, Attorney Bolton, Mayor Donchess and Chief Carignan to order. The arrest was made 26 days after the police escorted me from the building, |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | determining, at that time, that the "incident" required no action.<br><br>Here is what Deputy Attorney Leonard knew:<br><br>· The city website did not say the Legal office was closed or appointments were necessary.<br><br>· She was not in the office when I walked into the legal office, fabricating the "forced" entry without being present.<br><br>· The Assessing Office policy for processing abatement applications requires the office to provide an immediate date/time stamp to the property owner as proof of receipt.<br><br>· there were no provisions set up by the City to accommodate property owners to comply with city policy and provide an in-person receipt.<br><br>· We were in the midst of a pandemic and the assessing office was closed with construction delays.<br><br>· The legal office was responding to questions citizens had about the processing of the abatement applications.<br><br>· She made a choice that day to not assist a citizen with a reasonable business request.<br><br>· She made the choice to view my trip to the legal office as a matter of trespassing.<br><br>· She fabricated my actions as hostile and threatening.<br><br>I was welcomed into City Hall, as no appointment was necessary for my requested business, on January 22, 2021 by the entry person. I had no intention of going to the legal office that day, but when other city offices were closed, I knew the legal office would have the ability to provide a receipt.<br><br>That day in City Hall, I was representing two senior citizens having prepared their property abatement applications. The City was heavily overtaxing some property owners in a mobile home park. I stayed in the |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent (5-day letters need a reason as to the delay or the time needed for a response) | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | legal office, sat in the legal hallway in a quiet protest waiting for someone to help me. Rather than just stamping the applications and sending me on my way, the legal office called the police.<br><br>The City Attorney's, Mayor Donchess and Chief Carignan concocted a story and described my entry into City Hall equivalent to the insurrectionist that stormed the DC Capitol, slamming me with a felony misdemeanor A and requesting a year in jail. It was a bogus arrest that should have never happened. It is a bad look when citizens are arrested in City Hall for attempting to perform routine business. It is time for some leadership changes in this City.<br><br>By the way, the two property owners won their abatements and are saving $4,000 over the next two years - a cause worthy of a peaceful protest. |
| 2021-637 | 7/24/21 | Colquhoun | SAB | | 7/28/21 responded<br><br>***Request satisfied*** | please provide me with a copy of the actual Sales and Purchase Agreement for 141 Burke St that the City of Nashua sold on July 14, 2021. Please make sure that I am sent an executed copy, with signatures. |
| 2021-638<br><br>**Also See 2021-643** | 7/25/21 | Ortolano | SAB | | 8/2/21 – response sent with emails attached<br><br>***Request satisfied*** | Please provide all communications, including emails, text message or phone calls or other records where this quote was provided from the legal office to the public or within City offices.<br><br>Please provide all communications, phone calls, text messages, emails or other recoreds where "I" or Corporate Council was made aware that even after her plea, she is still writing emails alleging a conspiracy.<br><br>The timeframe for this record search is July 12, 2021 to |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent (5-day letters need a reason as to the delay or the time needed for a response) | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | July 25, 2021. |
| 2021-639 | 7/26/21 | Colquhoun | SAB | | 7/28/21 responded<br>***Request satisfied*** | please provide me with a copy of the Air Right Lease for Lansing Melbourne Group, LLC with the City of Nashua. This document would have been signed at closing per the Master Development Agreement and recorded at the Hillsborough County Registry of Deeds. |
| 2021-640<br>Correspondence/comments | 7/26/21 | Ortolano | NPD | | No response has been sent<br>There is no document request | Last week a post went up on social media from Sonia Prince on a page called "Gate City Politics". I have never visited this site nor am I a member, someone sent me the posting. Until last week, I was unaware the site even existed.<br>There was a post put up by Ms. Prince claiming a statement regarding my arrest and plea was released by Corporate Council. |
| 2021-641 | 7/28/21 | Colquhoun | SAB | | 8/4/21 – response sent by DF<br>***Request satisfied*** | please provide me with a copy of the actual check, certified check and/or wire payment that Burke Street Nashua, LLC. made to the City of Nashua on July 14, 2021 in the amount of $3,625,000. This would be the purchase price of $3,650,000 less the deposit of $25,000 which was already given to the City of Nashua on signing the executed copy of the Purchase and Sales Agreement. Also provide any checks that the City of Nashua had to pay for the commission for selling the property. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | |
| 2021-642 | 7/28/21 | Ortolano | NT | | 8/2/21 – response sent by KK<br>***Request satisfied*** | Please provide me with the resume of the new RTK coordinator who was hired for Nashua. |
| 2021-643 | 8/2/21 | Ortolano | SAB<br>Mayors Office<br>BOA<br>BoAsse<br>MC-NPD<br>BK-NPD<br>JT-NPD | ~~5-day letter due 8/9/21~~<br><br>Update due 8/30/21 | 8/9/21 – letter sent with a update by 8/30/21<br><br>8/30/21 – response sent<br>***Request satisfied*** | [1] Please have every Aldermen, Board of Assessor Member and the Mayor, the full legal office and Cheryl Linder check the records for the forwarding of this email and determine who sent the email to Sonia Prince. Additionally, you sent an email, dated July 23, 2021 at 9:26 AM to Capt. Kenney that you received inquiries and wanted to know if there were any new developments in the Ortolano case.<br><br>[2] Please provide the records of inquiries regarding my plea matter. Given the nature of your email, you would best know the timeframe of these inquiries so I do not want to play the game of battleship and have to guess when the inquiries came to you, but I would imagine they were in the recent past.<br><br>[3] I requested Ms. Kleiner obtain the help of the IT department to perform the search. I would like the IT department to conduct the search as well. I have been trained in Right-to-Know seminars I have attended, that searches are best done from multiple sources. This should yield the most complete set of records.<br><br>[4] Please provide any communications and/or emails from the Aldermen, Board of Assessors, legal department or Mayor (office) sent back to you on this matter along with |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | your responses.<br><br>The Aldermen and Board of Assessors had the email at 10:44 am and Ms. Prince had the communication posted by noon on the same day.<br><br>[5] Please provide me with the authorization you received from the police department to disseminate this personal email regarding my arrest and plea to public officials throughout City Hall. The email contains a disclaimer that prohibits dissemination and I want to know who, in the police department, authorized you to release this email as a public document.<br><br>[6] I am further requesting that the City retain all records regarding this matter and any communications involving Sonia Prince for the time period of July 1, 2020 through this current date, for the purpose of this investigation and future legal matters. The City appears to have a history of deleting records when investigations are being conducted or lawsuits are filed. |
| 2021-644 | 8/4/21 | Ortolano | BOA Members SAB Mayor | ~~5 day letter due 8/11/21~~<br><br>**5 day letter for audit ltrs due 8/23/21** | 8/11/21 response sent<br><br>~~***Request satisfied***~~<br><br>8-27-21 response sent<br><br>***Request satisfied*** | <u>This part is a Right-to-Know request under RSA 91-A.</u><br><br>Please provide me with a list of the lawsuits or threatened lawsuits held in the legal office along with the exposure they carry for fiscal year 2022. Does the Board have any say on the amount of risk and exposure the City should carry?<br><br>__________<br><br>**LO emailed 8/16/21 requesting the auditor letters for FY 2019, 2020 & 2021** |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | (5-day letters need a reason as to the delay or the time needed for a response) |
| 2021-645 **(2021-001AS)** | 8/2/21 | Ortolano | KK | | 8/6/21 response sent by KK<br>***Request satisfied*** | Please provide the salary for the RTK position & job description |
| 2021-646 | 8/9/21 | Colquhoun | SAB | **5-day letter due 8/13/21** | 8/6/21 response sent by KK<br>***Request satisfied*** | Attorney Bolton please be advised that you did not send me an executed copy of The Air Rights Lease. Please see below. |
| 2021-647<br>Correspondence/comments | 8/16/21 | Ortolano | Legal | | **No document request** | Going forward, please send all attachments to Right-to-Know requests from the legal office as regular attachments and not through Citrix. If you need to use Citrix, which I am not certain why this is being used by the legal office but not the other city agencies, please attach the files outside of citrix as well. It is much simpler for tracking and retrieving when I receive the files from Administrative services or any other agency as a simple attachment.<br><br>I know other citizens have been unhappy with this retrieval system.<br><br>The Citrix files used to be available for 6 months but are not any longer. Also, I cannot download citrix from my cell phone when I do not have access to my computer. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| (5-day letters need a reason as to the delay or the time needed for a response) | | | | | | |
| | | | | | | |
| 2021-648 | 8/16/21 | Ortolano | SAB<br>KK<br>SL<br>Webmaster<br>BoAssess<br>LC | ~~5-day letter due 8/23/21~~<br><br>**Update letter 9/20/21** | **8/23/21 – letter sent with update by 9/20/21**<br><br>9/8/21 – response sent<br><br>***Request satisfied*** | Comments about her visit to city hall – she called legal, she then went to Admin. Services, Assessing and IT – she spoke to RV, KK & NM<br><br>If there are any policies that explain when backups are done and emails are removed from the City server and stored on back-up only, please provide those documents as well as the schedule. Citizens will be able to structure their requests around your schedule. |
| 2021-649<br><br>Correspondence/comments | 8/17/21 | Ortolano | BOA<br>LC<br>Mayor's Office<br>BoAssess<br>Legal<br>JG<br>KK<br>JD<br>NT<br>DF<br>LF<br>BMcK<br>SL<br>DG<br>RV<br>Capt Kenny<br>BRhodes | | **No Document request** | Comments & rhetoric about the Aug. 9, 2021 Hearing at HCSC-S – 226-2021-CV-00354 – see email |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | |
| 2021-650 | 8/18/21 | Ortolano | TC<br>SL<br>LF<br>KK<br>Legal | **5-day letter due 8/25/21** | **8/20/21 – Response sent**<br><br>***Request satisfied*** | **Request sent to**<br>**CKL at 7:37 am**<br>**TC at 7:42 am**<br>**LF at 8:36 am**<br>**KK at 8:54 am**<br>**SL at 9:29 am**<br>**T. Pappas email Dory about redacting RTK docs so they can be shared**<br><br>Pursuant to the Right to Know Law (RSA. 91-A), I am requesting public access, within 5 business days, to the governmental records reasonably described as follows: an electronic copy of the training material used by Attorney Neumann to conduct Right-to-Know training on or about June 15-17, 2021.<br>Per RSA 91-A:4 IV(c) If you deny any portion of this request, please cite the specific exemption used to justify the denial to make each record, or part thereof, available for inspection along with a brief explanation of how the exemption applies to the information withheld. |
| 2021-651 | | Colquhoun | Dave Fredette | | 1. LC request sent 6/26/21 to DF – FY2021 budget – response sent 7/12/21<br>2. LC questions sent 7/16/21 to DF – PAC spending – responded 7/16/21<br>3. LC request sent 7/17/21 to DF – PAC responded 7/19/21<br>4. LC request sent 7/19/21 to DF – refunding of bonds – responded 7/24/21<br>5. LC request sent 7/27 & 28/21 to DF – accounts receivable on property tax – responded 7/29/21<br>6. LC request sent 8/3/21 to JG – PAC – responded 8/8/21 | |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | 7. LC request sent 8/6/21 to DF - Lien balances – responded 8/10/21<br>8. LC request sent 8/11/21 to DF – balance sheets & other financial in – responded 8/11/21 | |
| 2021-652 | 8/20/21 @5:30 pm | Colquhoun | SAB | **5 day letter due 8/27/21** | 8/27/21 – response sent<br>***Request satisfied*** | please provide me with a copy of the abatement application and all documents that were approved by the Board of Assessors for the property owned by Xinhua Education, located at 20 University Dr, Nashua NH. |
| 2021-653<br>**(2021-004AS)** | 8/23/21 | Ortolano | Admin S. | | 8/23/21 – KK responded<br>***Request satisfied*** | CAFR report listing of city employees and salaries<br>Do you have a listing of employees that have left the city |
| 2021-654<br>**(2021-003AS)** | 8/21/21 | Ortolano | Admin S. | | 8/23/21 – KK responded<br>***Request satisfied*** | 1. "Did Kim Kleiner's assistant Karina stay within the City or did she leave the City?."<br>2. "Can you provide me with her departure data and a copy of her resume when she was hired?." |
| 2021-655<br>**(2021-005AS)** | 8/21/21 | Colquhoun | Admin S. | | 8/23/21 – KK responded<br>***Request satisfied*** | 1. "Kindly send me an update on both the abatements that have been done through today and also please update the Overlay Schedule. |
| 2021-656 | 8/25/21 | Ortolano | Admin. S | **5-day letter due 9/1/21** | 8/31/21 response sent<br>***Request satisfied*** | any email communication responding to or forwarding the July 23, 2021 email sent by attorney Bolton to you regarding my plea deal. Please search your records to determine if you sent this email to Sonia Prince. The time frame for the search is July 23, 2021. |
| 2021-657 | 8/26/21 | Ortolano | City Clerk | **5-day letter due 9/2/21** | 8/28/21 response sent by CC<br>***Request satisfied*** | I would like all settlement agreements (only property appeals) delivered to your office signed from June 1, 2021 to current. There might be some agreements |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | brought in today. These would be for abatements that might span three years 2018, 2019, 2020.<br><br>Please scan those records and email them to me. Please contact me if you have any questions. |
| 2021-658 CC | 8/26/21 | Ortolano | City Clerk | **5-day letter due 9/2/21** | 8/28/21 response sent by CC<br>***Request satisfied*** | I came in and asked Allison if the records of the signed petitions are public records. She told me to look it up on the state website; I have not found an answer, but do know that at the Federal level they are. Well you provide those petitions as public record and then I want to discuss the quickest and best way to review those. I don't believe that they have to be verified before citizens can view them. Since they are records submitted to City Hall, I believe they are all public records. Any that don't meet the qualification as public records I would still like those records. |
| 2021-658A CC | 8/27/21 | Colquhoun | City Clerk | **5-day letter due 9/3/21** | 8/28/21 response sent by CC<br>***Request satisfied*** | Please set up an appointment for me and Laurie Ortolano to come in to review all the petitions that were submitted for the Charter Change for the Police Commissioners. |
| 2021-659 | 8/26/21 @ 9:47pm | Ortolano | NMC | ~~5-day letter due 9/3/21~~<br><br>**Due 9/30/21** | ~~8/31/21 letter sent to clarify LO's RTK request~~<br><br>9/3/21 response sent with update by 9/30/21<br><br>10/6/21 – response sent | Please provide all court orders or decisions for any cases the legal office is involved in for the years 2019, 2020, and through the current month 2021.<br>Should you need any clarification, please do not hesitate to contact me.<br><br>Please let me know when these records are available for |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | (5-day letters need a reason as to the delay or the time needed for a response) | |
| | | | | | by mail (flash drive & letter) & email to let LO know it was mailed ***Request satisfied*** | inspection. I would like to inspect the records to determine if there are any records I would like to copy. |
| 2021-660 | 8/28/21 | Ortolano | City Clerk | | 8/30/21 – SL responded ***Request satisfied*** | Please provide me with your policy or procedure regarding customer service in the Clerk's office. I want to know how your staff is trained to address customer service.<br><br>If there is no written policy, I would hope you would be willing to provide your unwritten instruction to your clerks on assisting customers at the counter. |
| 2021-661 | 8/30/21 | Ortolano | City Clerk JD | **5-day letter due 9/6/21** | 9/7/21 – response sent<br><br>***Request satisfied*** | Please provide the video surveillance camera video for August 27, 2021 for the time period of 2:30 to 3:30 for the following cameras:[a] The entry camera on the elm street side of the building coming through the double doors. [b] the camera video in the customer service area of the Clerk's Office, [c] the camera video in the employee area of the clerk's office.<br>Should you need any clarification, please do not hesitate to contact me. |
| 2021-662<br><br>Correspondence/comments | 8/31/21 | Ortolano | | | | Mayor Donchess is chartered to select Corporation Council for the City to serve at his pleasure but this should not prevent Aldermen from weighing in on the ethics and fiscal abuses occurring in the legal office.<br><br>Aldermen have been all too silent on suspect collaboration between the Mayor and the legal office. The battles the Mayor and Corporation City Council Bolton have chosen to |

# Right-to-Know Requests Fileu by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | (5-day letters need a reason as to the delay or the time needed for a response) |
| | | | | | | take on against citizens and elected officials are wasteful, irresponsible, unethical, and financially unaccountable.<br><br>The Nashua legal office should not have blatant, unrestrained spending ability in order to escalate legal matters into costly litigation. This is what has happened. The Board genuflects to Bolton and tippy toes around his caustic inflammatory personality hoping not to be the next victim of his verbal abuse.<br><br>Bolton and Donchess are thin-skinned, short tempered, and personalize issues setting up vendettas and creating a toxic work environment for all city employees. Their bruised egos open the door to litigation at any cost. Who cares, the taxpayer's foot the bill!<br><br>Bolton, as an officer of the court, is all too comfortable misrepresenting information to the Board, the public, and police agencies. A Corporation Council should not have the ability to pick and choose what Aldermen or Commissioners he is willing to serve. Aldermen Lu and Commissioner Pappas should be able to freely seek legal counsel in order to perform their duties when representing their Ward and City. An entire Ward is ignored because of the strikingly juvenile antics of a 70 year old Corporation Council who acts like a thwarted child.<br><br>The Board sits silently in meetings when the Mayor and Bolton attack seated Alderwoman, Elizabeth Lu. No decorum rules apply for those members. Ms. Kelly, the only At-large Aldermen running again, sits quietly as meetings are hijacked by these leaders' temperaments. Our Board of Aldermen, which serves as our legislative branch, is failing us at every turn. Rather than serving the citizens, they have become the |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | *(5-day letters need a reason as to the delay or the time needed for a response)* |
| | | | | | | Mayor's posse.<br><br>Women who vocalize disagreement and question the Mayor or Bolton, even those elected officials who deserve the respect of the chamber, are attacked, demeaned and verbally abused. Why would we trust this Mayor to nominate women to the Police Commission when he shows no respect for the opinions of women who were elected to serve their citizens? This simply smacks of hypocrisy.<br><br>This City is run and directed by 5 attorneys, including a Mayor who is also an attorney, which sheds some light on why it has become so screwed-up. While officers of the Court, at the same time, they are masters of deception and misrepresentation. They all seem too comfortable making it up as they go.<br><br>In 2016, City Hall had 2 Corporation attorneys who focused on municipal law and performed the citizens business. Now in 2021, this top heavy legal office seems to have forgotten their duties to the citizens and are focused on those of the Mayor. Bolton is the Mayor's "Roy Cohn." Let's bring back fiscal control to the City. Let's start with reigning in this Legal Office. This will prevent citizens and elected officials from being financially harmed, litigated, arrested, and verbally attacked, all financed by their tax dollars. |
| 2021-663<br><br>Correspondence/comments | 9/1/21 | Ortolano | Mayor<br>SL<br>BMcK<br>JG<br>KK<br>SM | | | The Million Dollar City Hall Renovation – What about customer service?<br><br>COVID, tax, and surplus dollars afforded the City of Nashua the money to remodel city hall to design Fort Knox with 2" think bullet proof glass impervious to bullets and COVID. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | (5-day letters need a reason as to the delay or the time needed for a response) | | | |
| | | | TC<br>NT<br>RV<br>DF<br>BoAsse<br>BOA<br>Legal<br>JD<br>LF JT | | | Keypad locks have been installed on virtually all doors in City Hall. Only assessing, motor vehicle, tax, and the clerk's offices are unlocked during normal business hours. The Mayor and legal office walls are 'plagued' with appointments by phone only and the legal office has informed the public that they often don't answer their phones. Throughout city hall, phones ring unanswered.<br><br>It appears all of these renovations were done ignoring customer service. Prior to the renovations, the assessing office had about 60 sq. ft of counter space and 3 computer stations for property owners to meet with staff and look up information sharing drawings and property cards. The new redesigned customer service area has 2 computer stations and about 15 sq. ft of countertop space. The space is inadequate to set up a computer or open drawings and files. There is no table or chairs for working comfort. No doubt, the Mayor wanted to shut down any research going on in the assessing office.<br><br>What about the Clerk's office? The old office had a bar height counter that could service 4-5 people, and, as soon as you entered, clerks immediately assisted those at the counter. This is no longer the case. The renovated clerk's office has 5 chair height counter customer service cubbies with the thick safety glass and no seating. They installed shades on the windows that are drawn most of the day so citizens remain unseen by clerks. The line is long and slow; customer frustration is high. Often you can hear the clerks in the back speaking.<br><br>Friday, there were 5 people waiting for customer service with 1 window in the back corner of the office open. The first customer being serviced had a time consuming matter. Not |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | their fault. The wait was too long. Citizens felt frustrated commenting on how they could hear the employees in the back while the service windows remained closed. Some left.<br><br>The motor vehicle office is well known for excellent customer service, but could use a small improvement. Paying a temp agency to oversee appointments is no longer necessary and service should be first come, first serve. The IT department no longer has a director so digital records security is unknown and the audio quality of our recorded meetings has degraded. Additionally, the TV guide for channel 16 has disappeared, so citizens no longer know when public meetings are running. For some of those meetings that replay, sometimes, the attendees cannot be heard speaking. In some cases, they never play a meeting.<br><br>Why all the locks? Our Mayor believes that no one has any business asking for financial, HR, payroll, community or economic development, purchasing or IT information. Basically, the departments that take payments are open for access; the departments that would have information to tell residents how tax money is being spent and how government is being run are now closed to the public.<br><br>The old city hall may not have been as pretty but certainly was designed to be the peoples building with accessible, timely customer service and information access. The leadership that oversaw the million dollar renovation forgot about the citizens as customers. Apparently, we are no longer the masters, we've become the servants. |
| 2021-664 | 9/2/21 | Colquhoun | Legal | ~~5-day letter due~~ | 9/2/21 letter sent with update by 9/30/21 | During a recent deposition of Ms. Kleiner, several requests were made for information that Ms. Kleiner believed was available. This information was never provided to Ms. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | ~~9/10/21~~<br>**Due 9/30/21** | 9/30/21 response sent<br>***Request satisfied*** | Ortolano or her council. This information is being requested through a RTK to save time and money. Apparently, you are unable to provide this information to Ms. Ortolano because you believe that this is somehow a violation of your ethics code. I see this as a way for the legal office to justify overspending taxpayer dollars. So, please accept my request for this information.<br>[1] A copy of the instructions as they existed when Ms. Kleiner started the audit. This was covered on pages 45-49 of the deposition. Ms. Kleiner stated that there were instructions on building permits, completing the MS-1, capturing tax bills, "a wide variety of instructions."<br>[2] Please provide a copy of the logs. Ms. Kleiner had the staff create a log, the item requested, the information needed. The information was referenced on page 107 of the Kleiner deposition. In particular, I am looking for Amanda Mazerolle's work log.<br>[3] The email document that Ms. Kleiner said she received from Rob Tozier that stated that the properties were correct. These were the properties that Greg Turgiss changed the Building code to 72 and reduced the assessments. This was covered on page 177 of the Kleiner deposition. |
| 2021-665 | 9/7/21 | Colquhoun | SAB | ~~5-day letter due 9/14/21~~ | 9/14/21 – response sent<br>***Request satisfied***<br>9/26/21 – LC sent email stating we sent wrong info | please provide me with a copy of an agreement, contract and/or any communication that outlines what the Greater American Downtown must do in order to get the $50,000 funds from the City of Nashua. This document should explain what the Greater American Downtown plans to do to promote the City of Nashua Downtown listing events and promotions. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent (5-day letters need a reason as to the delay or the time needed for a response) | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | |
| 2021-666 | 8/31/21 | Ortolano | RV | | 9/7/21 – response sent by RV<br>***Request satisfied*** | Can you send me the property settlements that have been approved since June 1, 2021. The sealed meeting minutes will tell you which ones are done. |
| 2021-667 | 9/8/21 | Ortolano | CC | | 9/8/21 – letter sent on behalf of CC<br>9/12/21 – SL sent her response<br>***Request satisfied*** | To SL - Can you retrieve the voter checklist for the 2019 election and the one prior to the 2019 Mayor election and the 2017 General Municipal Election. Of course, these are for inspection only.<br>To CL – Can someone retrieve the voter checklist for the 2019 election and the one prior to the 2019 Mayor election and the 2017 General Municipal Election. Of course, these are for inspection only. I received an email response that Ms. Lovering and Ms. Waite are out of the office until September 13, 2021. Please call and let me know when these will be available |
| 2021-668 | 9/8/21 | Ortolano | RV | | 9/9/21 – RV responded<br>***Request satisfied*** | 2020 Abatement List<br>Document Scanning Project tracking sheet |
| 2021-669 | 9/12/21 | Ortolano | SL<br>CC | | 9/13/21 – SL responded<br>***Request satisfied*** | When will a sample ballot be ready that I can get a sample copy of?<br>When are absentee ballots going out in the mail? |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | | |
| | | | | | | |
| 2021-670 | 9/14/21 | Ortolano | JD<br>SL<br>Mayors office | | 9/15/21 – Diane V. – responded | Please provide the video surveillance camera video for September 14, 2021 for the time period of 8:00 am to 10:30 for the following cameras: [a] the camera video in the customer service area of the Clerk's Office, [b] the camera video in the employee area of the clerk's office. |
| 2021-671<br><br>Correspondence/comments | 9/14/21 | Ortolano | Mayor<br>CC<br>NPD<br>DTenza<br>EJette<br>Elu | | Several weeks ago, I spoke and emailed Sue Lovering about getting copies or inspecting the 2017 and 2019 Voter marked checklists for the City. Ms. Lovering explained that her office would not be able to make copies of the information because they did not have the time. I could come in and inspect the records.<br><br>I recently learned that a ward candidate received copies of the marked checklists for 2017 & 2019 for $90 several weeks ago from the Clerk's office. This led me to believe that I should be able to obtain copies.<br><br>I received an email that I could come in today to inspect the records. I was told that I would have to be monitored and I would have to schedule multiple viewing times to inspect the records.<br><br>When I arrived at 8am at the Clerk's Office, an assistant passed a checklist through the security door in the booth. I then asked If I could go to the next booth area and sit down to review the records. She agreed. The shade was drawn on the booth I was sitting at and nobody was monitoring me.<br><br>Apparently, the Clerk relaxed her position that someone must watch a member of the public inspecting original records. I went about my business, uninterrupted for 2.5 hours and headed out. When I returned the records to the clerk, I told her I would come back this afternoon to continue gathering data.<br><br>Within an hour I received an email that I could not return to the clerk's office because no | |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | (5-day letters need a reason as to the delay or the time needed for a response) | | | | |
| | | | | | | one was available to 'monitor' me inspecting the records in the afternoon. That was a strange email because I was unaware that anyone was monitoring me in the morning.<br><br>I went to City Hall in the afternoon. The clerks were in the office, shades drawn, talking away, apparently training. I asked the only clerk working with the public, Andrea, if I could get the next set of data to review. She refused to provide it. The Deputy Clerk came to the counter and an argument ensued because she insisted that the clerks working in their booths in the morning were "monitoring" me. This was a blatant lie and a ridiculous response. I questioned the clerk repeatedly asking her if she could actually see the papers I was working with. She insisted the answer was "Yes." I am so tired of the lies. It really concerns me when a Deputy Clerk feels comfortable speaking to a member of the public this way. The clerks working their booths were busy helping customers and had NO line of sight to the original checklists I was working with on the counter. The counter is enclosed by two solid walls.<br><br>All the clerks could see was my back sitting in a chair. How is that monitoring original records? These are pencil marked original copies. I could have easily added pencils marks or removed pages. No clerk would have seen that.<br><br>At one point a couple came into the office and went to Andrea's station. The lady took a seat and the very large framed gentlemen stood up the entire time. Their business was time consuming. I turned my head several times to see if they were still there, and the people filled the entire space. I had no line of sight to Andrea and she had no line of sight to me. Was Andrea really monitoring me?<br><br>At other times, the clerks left their stations to get assistance. No one was monitoring me then.<br><br>If you want to be certain that original records are not being compromised, set up a space in the back office for a member of the public to work. In the old clerk's office, a member of the public inspecting records at the counter was easily "monitored" by any of the clerks. It was all out in the open and visible to everyone. The new, less customer friendly space, does not afford the clerks that type of oversight. That's not the public's fault and we shouldn't be penalized because of a poorly executed design and build. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | (5-day letters need a reason as to the delay or the time needed for a response) | |
| | | | | | This City Clerk's office is engaged in some type of charade falsely pretending to monitor citizens while preventing candidates from the opposing party from accessing information in a timely manner to run a competitive campaign. The Clerk's office sets up frustrating obstacles to prevent the public from accessing information.<br><br>The City charter states the public records shall be made available to be inspected during normal business hours. The public should not have to come back for two weeks to inspect records that could be reviewed in a day.<br><br>I filed a formal complaint with the Mayor's office (a lot of good that will do because he is calling the shots and represents the problem). Celia took the complaint and I had her walk down the look at my workspace to see what I was speaking about.<br><br>I put in a RTK for the video surveillance data for this office area from 8 am to 10:30 am. I want to see how these two clerks were monitoring me for 2.5 hours, particularly when I believe I was lied to by the Deputy Clerk. We need to get rid of the unethical people in City Hall. This is a big problem. This request will be denied and is a current claim in my RTK lawsuit.<br><br>I want our Police Chief to know that I found this entire incident very harassing. Perhaps a warning is in order here.<br><br>I will be in the clerk's office tomorrow morning at 8:00 am. I hope my morning experience is more pleasant than the afternoon. | |
| 2021-672 | 9/16/21 | Colquhoun | SAB | **5-day letter due 9/23/21** | 9/24/21 letter sent – response by 10/1/21<br><br>10/1/21 – TC responded<br><br>***Request satisfied*** | please provide me with a listing of all contributions made under the agreement for the Performing Art Center (R-20-001) that stated "This resolution shall expire on August 31, 2021 in the event the $4,000,000 is not raised prior to that date. This listing should include both private funds and the New Market Tax Credit for the |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | Performing Arts Center. |
| 2021-673 | 9/17/21 | Ortolano | NMC | ~~5-day letter due 9/24/21~~<br>**Due 10/18/21** | 9/24/21 – response sent with update by 10/18/21<br>10/15/21 – Response Sent<br>***Request satisfied*** | Based on this, I am requesting copies of emails to Louise Brown from Karina Ochina, Kim Kleiner, John Griffin, Gary Turgiss, Greg Turgiss, Mike Mandile, Doug Dame, Lindsey (the new office clerk) and Amanda Mazerolle for the time period of November 1, 2021 through her last day of work for the City of Nashua. Had the City wished to live up to the spirit of RSA 91-A rather than continue to attempt to subvert the spirit of the law, it would have communicated or provided a record search for assessing matters by requesting those that regularly email Ms. Brown within the assessing department or City Management offices to search their files for those 2 months and provide the records. I believe this would not have taken a great deal of time for each employee. The timeframe is narrow. |
| 2021-674 | 9/17/21 | Ortolano | NT | **Question no response due** | 9/22/21 – Admin responded<br>***Request satisfied*** | Does the Clerical workers union still have enough membership to be active. I remember several years ago that they only had membership by 1 person. Quite a few people have left city hall and I am wondering if the union still exists.<br>I am asking because Mike Mandile was trapped with a low income and deserved so much more. He was the workhorse in the assessing office and was stuck with an inequitable pay scale. Others in the office did not carry the water. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2021-675 | 9/14/21 | Colquhoun | CC | | 9/14/21 – CC responded | When will the minutes be posted for Tax Increment Financing Advisory Board |
| 2021-676 | 8/31/21 | Colquhoun | CC | | 8/31/21 – CC responded | Please send me a copy of the proposed charter change amendment re the Police Commissioners. |
| 2021-677 | 10/7/21 | Ortolano | Mayor's office | ~~5- day letter due 10/15/21~~<br>**Due 10/29/21** | 10-13-21 letter sent by KM response by 10/29/21<br>10/27/21 – response sent<br>***Request satisfied*** | [1] all communications, including email and written documents between Vision Appraisal and the City of Nashua, the Department of Revenue and the Board of Tax and Land Appeals for the time period of April 1, 2021 to current. In an effort to narrow the search, please provide all records containing information on commercial property assessments, the shift in value between commercial and residential properties, and estimates of this shift. |
| 2021-678 | 10/7/21 | Ortolano | Admin Services | | 10/7/21 – response sent - denied<br>***Request satisfied*** | [1] The third floor hallway surveillance camera video from the time of 9:15 to 9:40. You can narrow the window to reduce the burden. I am looking for the video of Ms. Kleiner and I engaged in a conversation in the hallway after the public session of the board of Assessor meeting on October 7, 2021 at 9:00 am. |
| 2021-679 (AS) | 10/17/21 | Ortolano | RV | **5 day letter due 10/22/21** | 10/22/21 – response sent - denied<br>***Request satisfied*** | Can you send me the sales data spreadsheet from October 1, 2020 through September 30, 2021. I want all the sales data that can be used for 2021 abatements.<br>Am I correct that Vision did all the data correcting on these properties based on MLS information? |

# Right-to-Know Requests Fileu by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | (5-day letters need a reason as to the delay or the time needed for a response) | | | |
| | | | | | | Also, I need to know if the property record cards will be online to the public by November 15, 2021. If not, I need to know a date. I have a solution to make this information public, but I will wait to obtain your answer as I am hopeful that the information will be available to the public as it was in 2018 and all years previous.<br><br>I stopped by last week to ask about online access to property record cards, Greg did not know the answer and was unwilling to look into it. In stark contrast, when I came to assessing a few months ago and asked Mike Mandile about a class of properties that were not coming up in the database, he too did not know the answer but said he would find the answer and get back to me within hours. He did so and it was most helpful. |
| 2021-680<br><br>Correspon dence | 10/8/21 | Ortolano | P. Roth<br>J. Gerry<br>LC<br>BOA<br>BoAsses.<br>KK<br>Mayors office<br>BTLA<br>clerk | | No response required | After yesterday's Board of Assessor's meeting, I had a difficult conversation with Ms. Kleiner. I asked her if the City would set up a meeting with Vision and allow the public to ask questions and get answers. Ms. Kleiner was combative in responding and stated that the contract does not call for a meeting to accommodate citizens. Ms. Kleiner recommended I contract the DRA on this matter.<br><br>About the time the contract was signed, the City, DRA and Vision held a public meeting to allow questions to be answered. Was this part of the contract language? That was about 18 months ago. I am requesting another opportunity to speak with Vision before the recalculate button is pressed and new assessments are generated. I think it is a reasonable |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent (5-day letters need a reason as to the delay or the time needed for a response) | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | request. I have questions that the City will never answer. The reasons for the request are as follows:<br><br>[1] The Mayor has been sitting on information from Vision regarding the tax burden shift between residential and commercial properties. This shift happened around 1992 in Nashua and it was a fire storm event. Mayor Donchess was just leaving office after serving two terms.<br><br>[2] The Mayor announced this situation and a small coffee event in July.<br><br>[3] The Mayor told me he would discuss the matter with the Aldermen and Board of Assessors in a public meeting in September.<br><br>[4] It was announced last week that the meeting will now be on November 15, 2021, after the election and the tax bills are mailed.<br><br>[5] I don't understand why it takes nearly 6 months to get critical information to the public.<br><br>[6] I want greater transparency and I want to be able to get questions answered.<br><br>[7] I have numerous questions regarding the revaluation that are never discussed in the quarterly updates.<br><br>The City has every right to say "no" but Ms. Kleiner was not even willing to hear the request. She seemed to consider it outrageous. I consider her behavior outrageous.<br><br>After the public meeting with Vision last year, Director Gerry and I spoke and he recommended I work with Vision and |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | |
| | | | | | | share my concerns about properties that were captured incorrectly, both high and low. This suggestion was never possible for citizens in Nashua. I don't think the contract called for Vision to work with us. I am well aware the City would never open a door like that. I think I have remained very quiet while this work is going on.<br><br>I am not certain that you can do anything about my request for a public meeting. I am alerting you to this because I think it is a great illustration of the wall built between citizens and City Hall. |
| 2021-681 (AS) | 10/20/21 | Ortolano | HR | ~~5-day letter due 10/27/21~~<br><br>~~Due 1/7/22~~<br><br>**Due 1/31/22** | 10/21/21 5 day letter sent<br><br>11/1/21 – letter sent with response date of 1/7/22<br><br>1/7/22 – letter sent with update by 1/31/22<br><br>1/31/22 – response sent<br><br>***Request satisfied*** | Laurie came to the HR office and asked for a list of employees. We opened the door and had her sit. I met with her and asked her what information she was seeking.<br><br>She said she wanted to track employee turnover. She wants to know who is active and who has left. She asked "how can I find out who is working here and who has left". She said that she wants to understand the turnover. I don't think it's because of me. I want to track it. She did reference that Litchfield School Board included a list of employees and mentioned something about lists being part of budgets.<br><br>She wants a list of employee by department: current. Also past list for 2019, 2020 and 2021: a list of active employees in those years each. She is looking for the easiest way possible. She said she could ask for employees' paychecks.<br><br>High turnover has been reported to her. She thought the BOA |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | (5-day letters need a reason as to the delay or the time needed for a response) | | |
| | | | | | | should be interested in the turnover. She said she understood that we don't track that information.<br><br>She asked if DPW terminations-if we were aware of them. I said yes. She said that she was running for DPW and would have access to sealed minutes and would be able to see the information.<br><br>She said that time is no problem, a month or 2 is ok, totally fine with that.<br><br>I told her that I'd put this in as a Right to Know request and read back my notes to her to ensure I had the information correctly. |
| **As of Oct. 27, 2021 – we have 364 LO RTK requests on Legal's chart and 107 LO correspondence/comments And a total of 122 LO requests on KK spreadsheet** | | | | | | |
| 2021-682 | 10/30/21( Sat) | Ortolano | SAB<br>KK<br>SL | **5-day letter due 11/8/21** | 11/8/21 response<br><br>***Request satisfied*** | provide any requests for information, informal or formal RTK's, submitted by Ken Siegal for information regarding my RTK lawsuit filed in Nashua and/or the filing on RTK request by Laurie Ortolano. The timeframe for this request will be from September 2021 to current.<br><br>Mr. Siegel placed a post on Facebook this morning that had very specific attorney client information in the post. This was posted around 10:00 am on October 30, 2021.<br><br>*Apparently, the over 350 right to know requests that* |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | *Laurie Ortolano filed from June 2019 to present generated over 48,000 documents. I was musing on what it would take to actually review that amount of documentation so I did a few calculations. If you took just 25 seconds to read each page, assumed an average of 2 pages per document, did this reading 16 hours a day with just an hour for meals and bathroom breaks (which would be pretty amazing to be able to maintain that level of discipline) it would take about 44.4 days! If she slacked off and did it just 8 hours a day it would be 83.33 days.*<br><br>*We know that there were multiple lawsuits against the city that she filed and had to deal with so that would have been a distraction as well as going to public meetings, getting arrested at City Hall, and commenting on Facebook. So, the actual time to review all these documents would have been months most likely even if that was the only other thing being done. I doubt that they have been reviewed and it is a shame that so much taxpayer dollars and city staff time have gone into all of that.*<br><br>At the September 28, 2021 BoA meeting, you spoke at the meeting end and stated that over 40,000 pages of documents have been provided to me. Now Siegel states that it is 48,000. He claims to be a friend of Celia Leonard's and this appears to be an inside leak done right before an election to smear a candidate.<br><br>I have asked Mr. Siegel on the post page and privately and through IM to tell me where this specific information came from. I don't even have this information so I cannot confirm |

# Right-to-Know Requests Fileu by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | this, but the legal office would. Siegel will not answer the questions. Other members of the public are pressing him.<br><br>Sonia Prince has posted repeatedly that I have filed thousands of RTK requests. I know for fact, that is an exaggeration. Your office has denied requests for any RTK submitted to your office or the City from citizens. Your office cites attorney client privilege as the reason. There is a list the legal office has generated for the RTK filings done by me; I have the list from a year ago but not an updated list. I want to know if Ken Siegal was provided this information from your office or the City Clerk's office or Kim Kleiner's Department. This is inside information, not a wild guess. |
| 2021-683 (CC) | 11/1/21 | Ortolano | CC | ~~5-day letter due 11/8/21~~<br><br>records available to inspect 11/29/21 | 11/5/21 response sent – records available to inspect 11/29/21<br><br>**11/30/21 – SL updated CC response re: voter checklist**<br><br>12/20/21 – AW responded<br>***Request satisfied*** | I am requesting to inspect the official voter checklist for wards 1, 2 & 3. Please schedule an appointment so I can inspect these records. The city operates under bad faith when it prevents open inspection of public records that are immediately available for access. I was disappointed to learn this afternoon in speaking with you, that you believe that no city clerk will be available to allow inspection of those records on Wednesday. I am surprised by this and believe that these records should be available for immediate inspection as they are merely sitting in the office as a public record. In addition, you have been very accommodating to allow me to inspect the official voter checklist for 2017 and 2019 within 15 hours of my requests. I would think that a two day notice would be ample to have someone available to allow the inspection of these important public records.<br><br>Voter Integrity is an important topic right now, and I believe |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | the City should make every effort to allow immediate inspection of these public records.<br><br>Please allow me to inspect any records or the clerk's policy manual that would contain the policies and procedures for setting up and breaking down for a city election. I would be interested in the duties of each person in the voting area as well as the storage and movement of the ballots. |
| 2021-684 (DPW) | 11/8/21 | Ortolano | DPW | | 11/8/21 – response sent by DPW<br><br>11/8/21 response<br><br>***Request satisfied*** | Bylaws for the Board of Public Works |
| 2021-685 (AS) | 1/8/21 | Ortolano | RV | | 11/15/21 – response sent<br><br>***Request satisfied*** | I sent you an email on October 17, 20201 and asked if the 2021 property record card would be online after the tax bills were mailed. I received no response.<br>I came to the office at the end of October to verbally get an answer and was told by you that the cards would be available after the tax bills were mailed. But you did not give a date and the City plays games. Will they be available in November, December, January?<br>Since I have been accessing data in the assessing office, the 2019, 2020 data was not available to the public to work on abatement applications.<br>Today, I came to City Hall to check on the progress with the cards. I went to IT to see if they were releasing the cards and they knew nothing about it. They believed that Patriot was responsible for producing the cards. They recommended I speak with you. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent (5-day letters need a reason as to the delay or the time needed for a response) | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | I came to see you and you thought IT was handling it. You stated that you would check your email to see when you sent information and who you sent information to regarding the downloading of the 2021 cards.<br>Please forward me the emails you located with information on the downloading of the 2021 cards.<br>I would appreciate it if you would tell me when the cards will be available.<br>Also, I am extremely concerned that once again the sales data has not been qualified for property owners to use to justify abatements. I believed that our assessors were qualifying sales throughout the year because Vision was doing most of the field work. I learned from you today, the Vision will be qualifying the sales but not until March of next year. Isn't that work for the April 1, 2021 to the March 30, 2022 sales to create the model? How does this work with people filing abatements now? The abatement sales data we need is the October 1, 2020 to the September 30, 2021 timeframe. Was Vision responsible for qualifying the sales from October 1, 2020 to April 1, 2021?<br>And just because our assessor left, they left when almost all this data should have been qualified. We should not blame the fact that 2 residential assessors left in September for failing to qualify a year of sales data. I think we need a policy on qualifying sales or create a file for all the PA-34 forms so the public can review those as part of the qualifying process.<br>We are going on 3 years of a bad process for abatement filing. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | |
| 2021-686 | 11/17/21 | Colquhoun | Legal | ~~5-day letter due 11/24/21~~<br><br>~~5-day letter due 3/9/22~~ | 11/24/21 – letter sent<br><br>12/1/21 – letter sent clarification requested<br><br>3/3/22 – LC sent letter with additional/clarified requests<br><br>3/9/22 – Legal sent response letter<br><br>***Request satisfied*** | 1. Please provide all the assesshelp emails for the month of January 2021. My understanding from the deposition was that Nick searched for lost emails after Ms. Ortolano initial request for records. So, I would like the updated record that would include all the missing emails found upon the review by Mr. Mirseivitch.<br><br>2. Ms. Kleiner stated in the deposition that it was the policy of the assessing department to print emails relative to a property and place the email in the property records file. Please provide a copy of the policy or procedure for this process.<br><br>3. Please provide me with the documents or records that show in January the assesshelp email address was not receiving emails.<br><br>4. Please provide me with a list of employees under the Administrative Services Division who participated in the Right-to-Know training. While I am aware that the City is not required to maintain lists, I am aware that Attorney Neumann sent out emails to the Divisions and Departments asking who would be attending the training. Rather than asking the City to produce the emails or search for those emails, I am requesting the names of the employees who participated in training. I do not believe that this is attorney Client privileged information.<br>---<br>LC's 3/3/22 Email: |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | | |
| | | | | | | 1) Please be advised that I checked with an attorney and he has stated that it is not my job to get the transcripts of any court dates in order to get the Right To Know information I am requesting. I therefore request that the City of Nashua provide me with ALL Assesshelp emails for the month of January 2021.<br><br>2) I would also like the Assessing Department policy on printing Assesshelp emails out and them placing them into property record files. This policy should include what happens when an email going to Assesshelp does not indicate a property location.<br><br>3) Please provide me with any documents or records that show in January 2021 that Assesshelp emails were not be received.<br><br>4) Also, please provide me with a list of employees under the Administrative Services Division who participated in the Right-To-Know training. While I am aware that the City is not required to maintain lists, I am aware that Attorney Neumann sent out emails to the Divisions and Department asking who would be attending the training. Rather than asking the City to produce the email or search for these emails, I am requesting the names of the employees who participated in training. I do not believe that is attorney client privileged information. |
| 2021-687<br><br>Correspon | 11/18/21 | Ortolano | Legal<br>KK<br>LStepp | | No response required | The City held a special meeting on Monday, November 15, 2020 to provide an assessing update on the revaluation. During this meeting a question was asked by an Alderman |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| dence | | | RV | | | about the sales data verification. Rick Vincent commented that the sales qualification is being done by the Nashua assessors and the inspection of the sales properties would be done by Vision.<br><br>I believe this is in violation of the contract and I am concerned for several reasons. The Nashua assessing office has been reduced to a bare minimum staff due to employee turnover. Both our residentials assessor departed. I understand a new assessor has been hired but this individual is not certified as an Assessor I and is going through the three year process. The commercial assessor supervisor is the individual caught sleeping on the job, sanctioned for various reasons, and left in place. This is an unmotivated leader.<br><br>I was very surprised to hear that the verification and qualification process for sales has really not yet begun. The Chief explained that there was a Nashua manpower shortage in the office, so the sales were ignored. This was an invalid argument because residential assessors left around September. I don't believe there was a worker shortage in Vision and they have a contractual obligation to perform those sales. This was a big issue with the KRT update and it appears to be happening again. Perhaps the contract language is not clear or specific enough.<br><br>The youtube video is a link to the public meeting regarding assessing the update. The clip covers Chief Vincent addressing the sales verification.<br><br>https://youtu.be/R90-DjPWd7A?t=2610<br>The Contract states:<br>Section 2.2 Assessment of Property.<br>2.2.4 Contractor shall measure, list and verify all sales used |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | to determine benchmarks for the revaluation.<br><br>I can not find any signed contract amendments that allows Nahua to do the qualifying of the sales data to be used to create the model and perform the analysis.<br><br>Additionally section 3.9 of the Contract has additional work requested by the Municipality<br>(I) update the use of the effective year built consistently throughout the Municipality.<br><br>There has been significant discussion regarding the decoupling of the EYB and depreciation and correcting the inconsistent assessments with older homes. The public was told that Vision would be coupled depreciation to building condition and not EYB. But the contract language does not specify this. Could you please explain how the Vision intends to improve data uniformity regarding effective year build?<br><br>This is a big issue in Nashua. The City is not required to answer questions raised by Citizens, there was no public input allowed at the assessing update public meeting (it had been 26 months since an update was given). I will not be able to get an answer to this question in Nashua and it is a very important revaluation issue in order to establish equity for all property owners.<br><br>After the meeting adjourned, I did as Rick Vincent about this, but he had no knowledge on how Vision would be handling this. This really concerns me. Vision has done all the measure work and visited every property in Nashua so I am surprised that preliminary data gathering on this factor has not happened. It leads me to believe this will not be correct or |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date (5-day letters need a reason as to the delay or the time needed for a response) | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | the attempt will be half-hearted.<br>I am mailing three copies to the BTLA Board member and have copied the Nashua legal office and Management on this matter. The BTLA can ignore a citizen's concern but I think the state should be involved. I look forward to the State's response. |
| 2021-688 (AS) | 11/19/21 | Ortolano | HR | | 11/22/21 – response sent<br>***Request satisfied*** | Request for resumes of the 2 new employees in Assessing - the Assessor I position, Jessica Marchant, hired and the Clerical Supervisor position, Jennifer Zinns |
| 2021-689 (Fin) | 11/15/21<br>11/29/21 | Colquhoun | Finance | | 11/22/21 – response sent<br>***Request satisfied*** | please provide me all checks and documentations that were paid to Inception Technologies from June 1, 2020 to July 31, 2021.<br>kindly forward me any additional checks paid and documentation through November 29, 2021. I would also like any invoices not paid yet to Inception but the City of Nashua has received. |
| 2021-690 (Fin) | 11/22/21 | Ortolano | Finance | **5-day letter due 12/2/21** | 11/29/21 – response sent<br>***Request satisfied*** | looking for the Guaranteed Maximum Price Amendment because I am concerned with the language "as amended from time to time". Can you please forward these amendment docx to me or can I stop and inspect them. |
| 2021-691 (AS) | 11/29/21 | Ortolano | | | 11/29/21 – response sent<br>***Request satisfied*** | Could you please tell me the last day of employment for Louise Brown. I don't think it productive to make this a document request, but I believe it is a right-to-know. If you will simply not provide her last day of employment, please provide a record that shows her last day of |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | (5-day letters need a reason as to the delay or the time needed for a response) |
| | | | | | | employment.<br>Additionally, if no HR record exists, please provide a copy of the last regular paycheck sent to Louise Brown. I realize there might be additional payout associated with sick time, etc., but I am interested in obtaining her last day of employment. |
| 2021-692 (NPD) | 11/26/21 | Ortolano | NPD | | 12/2/21 – response sent<br>***Request satisfied*** | all records, no matter what form, including but not limited to, printed documents, electronic documents, e-mails, or any other form of records regarding the reopening of the police investigation into the Nashua Board of Assessors. The police held second interviews and gathered information from the DRA and potentially others. The timeframe for this investigation occurred after August 16, 2021.<br>My request is simply to inspect the records. |
| 2021-693 (ED) | 11/20/21 | Ortolano | TC | | 11/22/21 – response sent<br>***Request satisfied*** | I am looking for PAC records, contracts and finances. I would like to inspect these records. I was told paper files are maintained for projects and it seem reasonable that some paper documents would exist. I was told you are maintaining the PAC records. Could I schedule a meeting with you to ask some questions and inspect records?<br><br>I have come to your office repeatedly last week and cannot find anyone in. Are you primarily working from home and is your office staff also working from home?<br><br>How can citizen's go about inspecting records regarding projects that you are responsible for?<br><br>I would like Alderwoman Elizabeth Lu to attend with me. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| 2021-694 (Fin) | 10/7/21 | Colquhoun | | | 10/12/21 – response sent<br>***Request satisfied*** | Can I kindly get copies of both the checks and the backup documents for these checks. Thanks.<br>NPAC Corp $23,274.74 3999<br>Atlas Pyrovision Entertainment $17,500.00 3997<br>Midwest Tape $9,000.00 1624<br>Newsmark Inc $85,000.00 1624<br>Ebsco Information Ser $9,995.00 3997<br>Stanley Elevator $57,300.00 3998<br>Is this being done so that the city does not have to track the rent expense paid to the PAC?<br>Can you explain to me how rent for the PAC was put into Other General Government Expenses?<br>So all the expenses for the Performing Arts Center will be put through this account? Also please explain to me how the City of Nashua has to pay rent on a building that is not built yet. The resolution stated that the City of Nashua will pay rent to the PAC when the building is completed so why is the City of Nashua paying rent now. Thanks. |
| 2021-695 | 11/8/21 | Ortolano | | | 11/15/21 – letter sent explanation<br><br>11/16/21 – letter sent – requested clarification from LO | My Right to Know request dated November 8, 2021 for records is not a production for documents under Rule 24 for Case 00354 or case 00306.<br><br>The records I am requesting are not pertinent to the trail in December regarding Louise Brown's emails or the matter before the court. The records I am requesting are relative to assesshelp documents. This is simply a right-to-know request and there is no need to object. The City does not need to provide the records |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | (5-day letters need a reason as to the delay or the time needed for a response) | | | | |
| | | | | | | for the trial, however, the City should provide the records at their earliest convenience.<br><br>I am aware that I did not meet the deadlines in the Case structuring orders for interrogatories for the lawsuit(s). |
| 2021-696 (ED) | 12/1/21 | Ortolano | | | 12/1/21 – response sent<br>***Request satisfied*** | There seems to be some stir regarding the barriers becoming a more permanent feature to our downtown. I am of the belief that the barriers will not return next year. Some people are saying that the barriers are being pushed by the City to stick around for the next three or four years.<br><br>Can you provide me with any records regarding the future of the barriers. I have included Sue Lovering in this email to assist with the records request.<br><br>My hope is not to propagate a rumor but get the facts straight on the CIty's position regarding these barriers. |
| 2021-697 (ED) | 12/15/21 | Ortolano | TC | | 12/16/21 – response sent<br>***Request satisfied*** | Could you please forward or make available for immediate inspection the TIF Financing Plan for the RIverfront project. I do not want any document other than this document and I believe given the fact the project was just funded by the board that this would be a document available for immediate inspection. If there is no copy anywhere in City Hall, which would be hard to imagine, please email or produce a print copy for |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | inspection. |
| 2021-698 (AS) | 12/20/21 | Ortolano | KK BoAsse | **5-day letter due 12/28/21**<br><br>**Update by 1/31/22** | 12/22/21 – letter sent with Vision contract<br><br>12/22/21 – LO sent clarification<br><br>12/30/21 – response sent with update by 1/31/22<br><br>1/25/22 – response sent<br>***Request satisfied*** | I am inquiring about the contractual obligation for Vision Government Solutions to return data to the City once the revaluation contract is completed. Will these returned records be available for public inspection? Obviously, the income and expense data will be exempt. |
| 2021-699 (AS) | 12/19/21 | Ortolano | RV | **5-day letter due 12/28/21** | 12/22/21 – response sent<br><br>***Request satisfied*** | all records, as electronic documents regarding **Property appeal settlement agreements finalized for the months of November through December 2021.** |
| 2021-700 (ED) | 12/20/21 | Ortolano | TC | | 12/20/21 – response sent<br>***Request satisfied*** | Pursuant to the Right to Know Law (RSA. 91-A), I am requesting public access, within 5 business days, to the governmental records reasonably described as follows:<br><br>1. All minutes for BIDA Board Meetings for 2019, 2020, and 2021<br>2. All agendas for BIDA Board Meetings for 2019, 2020 and 2021<br>3. Any by-laws for BIDA<br>4. Any financial records for budget purposes or spending. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | |
| 2021-701 | 12/22/21 | Ortolano | Legal | | 12/22/21 – LO cancelled request | You referenced a document or record in the Board meeting of December 21, 2021. In responding to a question asked by Ben Clemons, you stated,<br><br>*"there is an existing provision in the codification of ordinances that says when no other penalty is provided, a violation is punishable with a maximum fine of $1000"*<br><br>Please provide me with the record or a link to the record for the existing provision in the codification of the ordinances.<br><br>I did check the charter and tried to research it through the ordinances, but was not successful in locating it. |
| 2021-702 (CC) | 12/28/21 | LC | City clerk | **5-day letter due 1/3/22** | 1/4/22 – response sent<br>***Request satisfied*** | In reviewing the Board of Aldermen meeting for tonight there is a memo in the package from you to Ms. Wilshire bringing up the fact that Aldermen Kelly missed three regular board meetings in the last quarter of 2021.<br><br>However, in reviewing all of the minutes for the Board of Aldermen I do not see the memo in reference to any Aldermen being out more than three times during the first 3 quarters of the year 2021.<br><br>However, if you review the minutes to the meetings I |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | (5-day letters need a reason as to the delay or the time needed for a response) | | | | |
| | | | | | | found the following:<br><br>Aldermen Kelly was out on 1/26/2021, 2/1/2021 and 2/23/2021<br><br>Aldermen Cleaver was out on 4/13/2021,4/27/2021 and 6/22/2021<br><br>Please supply me with a copy of the memo that you sent to Ms. Wilshire and the date that these items were brought up to the Board of Aldermen and the outcome of the board's actions.<br><br>It would seem unfair for the Nashua residents to pay for Aldermen that are not showing up for regular meetings. |
| 2021-703 (CC) | 12/28/21 | Ortolano | City Clerk | **5-day letter due 1/3/22** | 1/4/22 – response sent<br>***Request satisfied*** | I noticed the letter you sent to the Board regarding the three absences in a quarter by Board member Kelly. Please provide me with the letters that you have issued over the last two years, for Board members that have missed enough meetings in a quarter to require a notice be provided to the Board of Aldermen. |
| 2021-704 (Mayor) | 12/28/21 | Ortolano | Mayor | | 1/5/22 – response sent<br>***Request satisfied*** | *[1] Please provide any documentation or records that inform the Mayor of the Contract impasse*<br>*[2] Please provide any documents or records that support the Mayor's position that we are not paying our teachers particularly well.*<br>*[3] Please provide any records or documents that show the significant savings realized to the City to offset the raises being discussed. Please provide any documents or records* |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | (5-day letters need a reason as to the delay or the time needed for a response) | |
| | | | | | | *that show the overall costs for the contract for each year and the total costs over 4 years.*<br>*[4] Please provide any records or documents that show the funding City Hall is willing to provide to support the teacher's contract.* |
| 2022-705 (ED) | 1/1/22 | Ortolano | ED | | 1/12/22 – Mayor's office responded<br><br>2/4/22 – Mayor's office responded<br><br>2/24/22 – Mayor's office responded<br><br>***Request satisfied*** | [1] the document (scope of work) authorizing Paul Shea to conduct a downtown survey on barrier usage. If there are multiple scopes of work for surveys Mr. Shea has conducted, for clarification, I am looking for the scope of work that produced the data Paul Shea shared in the December 8, 2021 infrastructure meeting.<br><br>[2] Electronic or inspectable copies of all barrier survey records obtained or notes (considered in their final form) gathered by Great American Downtown (GAD), Paul Shea, or his staff. I specifically want to know the names of the businesses that were surveyed.<br><br>[3] any communications, emails or letters regarding barriers or the parking study from Paul Shea, GAD, or GAD staff. The timeframe for this search will be the date the request or scope of work was given to Mr. Shea to conduct the survey. The end date will be December 31, 2021. If there was no document authorizing Mr. Shea to conduct a survey, please start the document search from March 1, 2021 to December 31, 2021.<br><br>[4] The document containing the statistics Paul Shea read into the record at the December 8, 2021 infrastructure meeting.<br><br>[5] Electronic copies of inspectable copies of the surveys collected from the parking study. I am requesting |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | (5-day letters need a reason as to the delay or the time needed for a response) | | | | |
| | | | | | | that these not be withheld until the final report because the company hired to perform the parking study indicated that many surveys had negative comments about the barriers.<br><br>[6] the document (scope of work) requesting that the office of Economic Development conduct a downtown survey on barrier usage. If there are multiple surveys Economic Development has conducted, for clarification, I am looking for the survey(s) used to justify the continued use of downtown barriers.<br><br>[7] Electronic or inspectable copies of all barrier survey records obtained or notes (considered in their final form) gathered by Economic Development. I am specifically interested in the names of the businesses surveyed.<br>[8] any communications, emails or letters regarding barriers or the parking study from Economic Development, Tim Cummings or his staff. The timeframe for this search will be the date the request or scope of work was given to Economic development to conduct the survey. The end date will be December 31, 2021. If there was no document authorizing Economic Development to conduct the survey, please start the document search from March 1, 2021 to December 31, 2021.<br><br>[9] Any report produced regarding the barrier survey statistics gathered by Economic Development.<br><br>[10] All communications sent in by citizens regarding barriers. These are to include communications to City departments or divisions and communications that were not included in the Board of Aldermen public Board packet. The timeframe for this search will be March 1, 2021 to December 31, 2021. Please include any response emails sent to Jim Donchess or |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | (5-day letters need a reason as to the delay or the time needed for a response) | |
| | | | | | | City Hall in response to the Jim Donchess email sent out December 7, 2021 encouraging citizens to attend the December 8, 2021 infrastructure meeting in support or maintaining the barriers downtown.<br><br>[11] Please provide any text messages from or to Mr. Shea regarding barriers. Ms. Shea remotely attended the last parking meeting held in November or December. Please provide any text communications regarding barriers from November 1, 2021 to December 31, 2021.<br><br>[12] Please provide any text messages to or from Mr. Cummings regarding barriers. Mr Cummings attended, in person, the December 8th infrastructure meeting and was seen texting and using his phone while speaking with the Infrastructure Committee members at the Board table. Please provide all text messages received and transmitted while participating in this Board meeting. Additionally, please provide all barrier text messages from November 1, 2021 to December 31, 2021. |
| 2022-706 (AS) | 1/5/22 | Ortolano | | | 1/12/22 – response sent<br>***Request satisfied*** | I heard the the Mayor hired a PR person named Ms. Palmer. Could you please send the person's resume and also tell me if this is a position that has existed. I am wondering who last filled the position prior to Ms. Palmer and when they left the position.<br><br>If I need to have those questions answered through a records request because the City is unwilling or unable to answer questions, then please provide the resume of the person prior to Ms. Palmer serving in the PR |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | (5-day letters need a reason as to the delay or the time needed for a response) | | | | |
| | | | | | | position for the Mayor and please provide a copy of exit paperwork signed off or the last paycheck provided to this person. |
| 2022-707 (Fin) | 1/5/22 | Ortolano | | | 1/11/22 – response sent<br>***Request satisfied*** | Please find the attached response to my December 28, 2021 RTK request for documents. The response does not meet the requirements of a response under RSA 91-A.<br><br>I sent a RTK request to the Mayor's office for records regarding his comments on December 20, 2021 at the BoE public meeting. Mayor Donchess spoke about the Nashua Teacher's negotiations that had reached an impasse.<br><br>The response to question [4] of my request is completely inadequate and I believe violates RSA 91-A. If a person goes to city hall and requests to inspect a record in the clerk's office, they are not directed to a file cabinet and told to dig through the cabinet until they find the record. This is the essence of the response from the Mayor to part [4] of my request.<br><br>The Mayor's response to "Any records or documents that show the funding City Hall is willing to provide to support the teacher's contract" was a link to the entire 2022 City budget. I will be pushing back on this. I want to be referring to the specific part of the CITY budget, not the school budget, where the Alderman approved funding the teacher's salary increases for the 2022 negotiated contract. It is unclear to me how City Hall |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | (5-day letters need a reason as to the delay or the time needed for a response) | | | | |
| | | | | | | funded teacher salary increases for a negotiation that had been finalized. I believe the correct responsive answer is that no document exists specifically for funding this salary increase.<br><br>Mr. Griffin, could you please provide any records or documents that show the funding City Hall is willing to provide to support the teacher's contract currently in negotiations. |
| 2022-708 | 1/10/22 | Ortolano | | | 1/11/22 – response sent<br>***Request satisfied*** | I am wondering if the City cut the check(s) for the reimbursement to sanctions issued by the Court on Laurie Ortolano v City of Nashua 226-2021-CV-00133.<br><br>If a check was sent to Rick Lehmann or Lehmann, Major, List and/or to Attorney Galiuso or Bernstein Shur can you please send a copy of those checks.<br><br>Rick Lehmann withdrew as counsel on my RTK case on October 7, 2021. If the City issued a check to Attorney Lehmann, I believe this was an error. Please issue the payment to Laurie Ortolano. |
| 2022-709 (OCC) | 1/13/22 | Ortolano | OCC | **5-day letter due 1/21/22** | 1/21/22 – response sent<br><br>***Request satisfied*** | In 2020, the legal office had to hire a transcriptionists to transcribe the police interviews obtained during a police investigation into the Nashua Assessing Office for a RTK request submitted by me. The timeframe for this service was June 1, 2020 through August 1, 2020. The communications from Attorney Leonard provided in this email, will pinpoint |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | |
| | | | | | | the timeframe, however, I do not know when the City made the payment.<br><br>I would like electronic copies of the scope of work, authorization, invoice and check cut to the transcriptionist company that performed this work.<br><br>According to a June 1, 2020 response to my then Attorney, Rick Lehmann, Attorney Leonard wrote:<br><br>*"The City does not have an employee available to do this volume of transcription. Consequently, the legal department is in the process of procuring a transcriptionist. Until one is selected, the City will not know how long it will take to receive the transcripts. Further, once the transcripts are received, they will have to be reviewed for exempt and privileged materials."*<br><br>On August 14, 2020, Attorney Leonard wrote:<br><br>*"The transcripts were delivered to the legal department on July 28, 2020. The legal department will commence the review and, if required, redactions as soon as the schedule allows given prior deadlines, other Right-to-Know requests and other work of the legal department."* |
| 2022-710 (CC) | 1/21/22 | Ortolano | City clerk | **5-day letter due 1/28/22** | 1/24/22 – response sent<br><br>***Request satisfied*** | [1] This request is for the immediate inspection of records. Please provide all minutes of the meetings of the Personnel Advisory Board for years 2016-Current. The city agenda website stopped posting meetings and minutes in 2018. I am unsure if the postings for 2016-2018 represent all the meetings. If some of these minutes are stored offsite, please allow me to inspect those minutes that are immediately |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | available and provide the time necessary to obtain the other records. |
| 2022-711 (DPW) | 1/24/22 | Ortolano | LF DT | | 1/24/22 DT responded with link to city website<br><br>***Request satisfied*** | Thank you for the input; I really appreciate your prompt response. However, I did ask what financial reports are available through the software. I need a response to this. Just so you know, I can request through the finance and assessing departments reports that may not have been run, but are capable of being generated through the software. The city will provide these reports to me. CFO Griffin indicated that financial reports are available for the Department of Public Works. The Charter specified that the Board of Public works is responsible for expenditures and I would like to track this. Under section 61 of the city charter, it states:<br><br>**§ 61. Expends appropriations**<br><br>The board of public works shall have the expenditure of all appropriations made by the board of aldermen for any purpose specified in the preceding section.<br><br>It is somewhat amazing that the Board of Public works and the Mayor have no idea what is happening with expenditures. I believe this is the chartered duty of the board. The police department provides an excellent monthly report, publicly available and reviewed at the Commissioners monthly meeting. I am sure the software can easily provide a similar report for the Public Works Division.<br><br>Pursuant to the Right to Know Law (RSA. 91-A), I am requesting public access, within 5 business days, to the |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | governmental records reasonably described as follows: **A list of all financial reports available for public disclosure regarding the Department of Public Works Division Please provide the monthly financial expenditure report for the DPW division. This report should be for the month of December 2021.** |
| 2022-712 (AS) | 1/24/22 | Ortolano | KK | **5-day response due 1/31/22** | 1/27/22 – response sent ***Request satisfied*** | I am looking for a December and January sick time report that would track and show the impact of the ordinance passed by the Board to allow those vaccinated to not have to use sick time if they contracted covid. Any explainable reports or documents you could send my way would be appreciated and I would like to know if this includes schools, fire, and police. |
| 2022-713 (NPD) | 1/25/22 | Ortolano | DL NPD | **5-day letter due 2/1/22** | 2/2/22 – DL - response sent ***Request satisfied*** | I put in a Right to Know request to the Nashua Legal office to find out who was hired to perform the transcriptions for the Police Interviews for the Assessing Office Investigation. I was led to believe that an outside service was hired to do the transcribing. The records I received from the City on January 21, 2022, attached, show that the Nashua Police Department did the transcriptions. Attorney Leonard was in communication with Kerry Baxter. It appears the PD started the work around June 22, 2022. Please provide any email communications regarding these transcripts between the PD and the legal office. I am trying to find out when Kerry Baxter or those performing the work |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | |
| | | | | | | completed the job and if the files were delivered in 1 batch or sent in multiple batches. I am guessing that there were about 15 hours of transcripts.<br>To follow up. The attached responsive records to the first email sent shows that the transcriptionist kept track of their time.<br><br>Please provide records or documents of the time spent to do this work, for example, if a worklog exists, please provide the log. |
| 2022-714 (ED) | 1/27/22 | Ortolano | Ald. O'Brien TC | **5-day letter due 2/1/22** | **we do not have a response for this** | The names of the people 'stakeholders' selected to serve on the Downtown Barrier Committee.<br>Please provide the document or record with the names for this group and the name of the group.<br>Any posting for meetings of the Downtown Barrier Committee<br>Please provide me with the record of the regulation, legislation, or statute that authorized the person authorized to select the committee as well as the process for approving the committee.<br>Per RSA 91-A:4 IV(c) If you deny any portion of this request, please cite the specific exemption used to justify the denial to make each record, or part thereof, available for inspection *along with a brief explanation of how the exemption applies to the information withheld.* |
| 2022-715 (AS) | 1/28/22 | Ortolano | HR | **5-day letter due 2/7/22** | 2/3/22 – response sent<br>***Request satisfied*** | Please send me the resumes for the 3 board of Health officials, Tony Storace, Dr. Capetta, and Dr. Wolf-Rosenblam. I may have the spelling incorrect. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

*(5-day letters need a reason as to the delay or the time needed for a response)*

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2022-716 (AS) | 1/31/22 | Colquhoun | AS | | 2/3/22 – response sent<br><br>***Request satisfied*** | please provide me with the 2020-2021 excel spreadsheet of raw data that was sent to the DRA for the ratio study for 2020-2021. |
| 2022-717 (PH, Mayor) | 2/2/22 | Ortolano | BOH<br>Mayor<br>CC | ~~5-day response to amended request due 2/11/22~~<br><br>**F/U response due 4/4/22** | 2/4/22 – CC responded to original request<br><br>2/9/22 – letters sent from Mayor and PH<br><br>3/9/22 – letter sent from Mayor's Office; fu letter due 4/4/22<br><br>***4/4/22 response sent***<br><br>***Request satisfied*** | ~~I am directing this request to four individuals that I believe may have communications from the local hospitals regarding masking and covid vaccines. If the City is aware of a more appropriate city agency to direct this RTK request, please forward the request to the proper. respondent or let me know.~~<br>~~Pursuant to the Right to Know Law (RSA. 91-A), I am requesting public access, within 5 business days, to the governmental records reasonably described as follows:~~<br>~~**Any letters, emails or communications from St. Joseph's Hospital, Nashua, Southern NH Medical Center Hospital, Nashua, Elliot Hospital, Manchester, or Cathol Medical Center, Manchester regarding masking to reduce the spread of COVID and/or covid vaccination. The date for the search is from July 1, 2021 to February 1, 2022.**~~<br>~~Should any part of this request be unreasonably described, please contact me this specific area of confusion so clarification can be provided prior to the search being conducted.~~<br>~~Please offer a brief explanation of how the search was conducted.~~<br><br>I would like to expand my Right to Know request dated February 2, 2022 to include the following records.<br><br>[1] Please provide the appointment calendar for Mayor Donchess and Director Bagley for the months of November through January that would contain dates |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date (5-day letters need a reason as to the delay or the time needed for a response) | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | and time for all meetings concerning the topics of covid, public health, hospitalizations, policy and ordinances, and mandates.<br>[2] Please provide the notes taken by Mayor Donchess or an assistant for Mayor Donchess for any meetings held in November through January concerning the topic of covid, public health, hospitalizations, policy and ordinance and mandates.<br>[3] Please provide the notes taken by Director Bagley or an assistant to Director Bagley for any meetings held in November through January concerning the topic of Covid, public health, hospitalization, policy and ordinances and mandates.<br><br>Should any part of this request be unreasonably described, please contact me this specific area of confusion so clarification can be provided prior to the search being conducted.<br><br>Please offer a brief explanation of how the search was conducted. |
| 2022-718 (CC) | 2/2/22 | Ortolano | CC | **5-day letter due 2/9/22** | 2/14/22 – response sent by AW<br><br>***Request satisfied*** | 1. "Document request for health hazard"<br>2. "Records confidential or sensitive of public information discussed in service area"<br><br>These requests were made verbally to Victoria, who wrote them down on two sticky notes. Victoria read the sticky notes back to Ms. Ortolano who confirmed that they correctly reflect what she is asking for. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | Additionally, Ms. Ortolano took multiple photographs of the reception area before leaving.<br><br>I have CC'd Legal on this email as requested to keep them informed of these requests. |
| 2022-719 (CC, AS) | 2/3/22 | Ortolano | CC AS JD | **5-day letter due** | 2/14/22 – response sent by AW<br><br>***Request satisfied*** | 1. Under RSA 91-A please provide the surveillance video recording for the entire day for Friday January 28, 2022<br>2. Under RSA 91-A, please provide any documents that would show the confidential and sensitive information discussed in the customer service area<br>3. Under RSA 91-A please provide the video surveillance footage of the customer service area of the clerk's office for January 31, 2022 for the time period of 3:00 pm to 5:00 pm.<br>4. Under RSA 91-A, please provide any documents that describe health hazards associated with Covid.<br>5. Under RSA 91- A, please provide me with any city policies regarding acceptable or unacceptable citizen behavior in city hall.<br>6. Please preserve the video film requests submitted on February 2, 2022 and February 3, 2022, correspondence on which you were copied. This matter is before the court and we need to await a ruling to determine how to proceed. **Request to JD** |
| 2022-720 (OCC) | 2/3/22 | Ortolano | OCC | **5-day letter due 2/10/22** | 2/10/22 – response sent<br><br>***Request satisfied*** | Could you please check your office and see if the property record file is available for 78-84 West Pearl St. for the former Alec Shoe store and now performing art center. I am not requesting an electronic copy of this file. Could you please |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | deliver it to the assessing office or the clerk office for inspection? |
| 2022-721 (AS) | 2/3/22 | Ortolano | AS JD | **5-day letter due 2/10/22** | 2/14/22 – response sent by AW<br>***Request satisfied*** | 1. please provide the video surveillance recording of the Nashua Assessing office customer service area for February 3, 2022 for the time period of 9:15 am to 10:15 am.<br>2. please provide the video surveillance records of the Auditorium from 9:45 am to 10:00 am for February 3, 2022.<br>3. Please preserve the video film requests submitted on February 2, 2022 and February 3, 2022, correspondence on which you were copied. |
| 2022-722 (AS) | 2/3/22 | Colquhoun | RV | | 2/3/22 – response sent<br>***Request satisfied*** | Please send me a current property card for 78-87 West Pearl St (also known as the PAC) |
| 2022-723 (AS) | 2/3/22 | Colquhoun | RV | | 2/10/22 – response sent by DV<br>***Request satisfied*** | Know I would like the report from the Assessing Department on the last visit in 2021 on the Performing Arts Center stating that this building was still being used as a store/Apts.<br><br>I also find that if a residential home has a fire after April 1 the assessing department would go in and adjust the assessment to show a percentage of the building that was destroyed, however with the Performing Arts Center either the assessing department and/or the DRA could care less. Well maybe the city and/or the DRA could care less however the Nashua taxpayers' do care. Why should the Nashua taxpayers pay approx |

*(5-day letters need a reason as to the delay or the time needed for a response)*

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | (5-day letters need a reason as to the delay or the time needed for a response) | | | | |
| | | | | | | $48,000 in property taxes when the building was demolished? |
| 2022-724 (AS) | 2/4/22 | Ortolano | AS<br>DPW<br>Fire<br>Police | **5-day letter Due 2/11/22** | 2/11/22 – response sent by DV<br><br>***Request satisfied*** | This request is being sent to City divisions that would be administering the newly adopted Covid sick time policy to allow vaccinated employees to not be required to use their sick time in the event the catch covid. Unvaccinated employees who catch covid are required to use their sick time to pay to cover their days off. As many of you know, I was opposed to this ordinance.<br><br>Pursuant to the Right to Know Law (RSA. 91-A), I am requesting public access, within 5 business days, to the governmental records reasonably described as follows:<br><br>[1] Please provide any records for any grievance(s) filed relative to the newly adopted Covid sick leave policy adopted by the Board of Alderman. Vaccinated employees will not have to use sick time to pay for a covid reinfection.<br><br>Please pay careful attention to the response of using "no records exist' verses a record exemption provided under RSA 91-A:5<br><br>Should any part of this request be unreasonably described, please contact me this specific area of confusion so clarification can be provided prior to the search being conducted.<br><br>Please offer a brief explanation of how the search was conducted. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 2022-725 (AS) | 2/4/22 | Ortolano | AS | **5-day letter due** | 2/11/22 – letter sent with update by 2/25/22<br><br>2/25/22 – response sent by DV<br><br>***Request satisfied*** | Any quote(s) sent to you, any other agency or the City of Nashua from Inception Technologies to cost the completion of the property record card and/or assessing data scanning project.<br>Please provide any documents, including emails, as to where this quote is being handled. In other words, I am trying to determine who is responsible for this quote as of this time and when the quote will go to the board of Aldermen. |
| 2022-726 (AS)<br><br>Corr. | 2/4/22 | Ortolano | AS | | 3/9/22 – response sent with update by **4/4/22** | Under the DRA certification requirement regarding assessing questions, please provide answers to these important questions on public records.<br><br>I have some questions for you regarding the property record card scanning project. I have recently learned that when Inception Technologies completes a scanning job, they upload the files into the cloud and that Ms. Kleiner has access to these files through Docuware.<br><br>[1] Do you have access to these property record files and who else has access to these files?<br><br>[2] Can you tell me why the public has not been allowed to access these cloud based files through a computer terminal in City Hall.<br><br>[3] Also, can you tell me why Inception Technologies is not told to return the box data immediately when they complete the scanning project? |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | | |
| | | | | | | As it stands now, Inception, last week, sent in another 28 boxes of scanned records uploaded into the cloud and available on docuware, but the actual boxes of records are sitting in Massachusetts unavailable to the public. This is absurd. In two years, no one from assessing has told the public that these records have been uploaded. I have always been of the belief that only the paper copies existed and I had to wait for boxes that were shipped out to be returned. NO ONE is telling the company that the boxes need to be returned immediately. The boxes are just sitting down there as if no one needs the records and the public is being denied access.<br><br>Additionally, Inception is out of money or almost out of money to complete the job. A quote was sent from Inception to Ms. Kleiner (I have filed a RTK request for this information) to complete the job. But I learned that the City shipped out 86 or so boxes of PRF to the Company. Last week, they completed 28 and sent the uploaded files to the city. Now the money has dried up.<br><br>[4] Why would we give the company all of our public data when they don't have the money to complete the job? This is absurd. No one is looking out for the taxpayer or property owner.<br><br>Please ask the company to ship back the records until money is allocated to complete the project so public records are available to the public. This is absurd. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | (5-day letters need a reason as to the delay or the time needed for a response) | | |
| 2022-727 (NSD) | 2/8/22 | TK | | | 2/17/22 – response sent by TK<br><br>***Request satisfied*** | Please provide me with the Nashua School District mask policy. Please do not direct me to a state RSA or a reopening plan that does not specific reference a Nashua School District Policy.<br>Please provide all medical exemption granted for students in the Nashua School district. I understand these docx will require redactions, but I want to know how many students were granted exemptions.<br>Please provide me with the Nashua School District Policy for student discipline for mask mandates violations.<br>I contacted several local districts yesterday to obtain their policies and was able to do so. I want to understand the masking requirements for transportation, in classroom, and exemptions.<br><br>Should any part of this request be unreasonably described, please contact me this specific area of confusion so clarification can be provided prior to the search being condaucted.<br><br>Please offer a brief explanation of how the search was conducted. |
| 2022-728 (NPD) | 2/4/2022 | | | | 2/8/22 – response sent by DL<br><br>***Request satisfied*** | Pursuant to the Right to Know Law (RSA. 91-A), I am requesting public access, within 5 business days, to the governmental records reasonably described as follows<br><br>Please forward any records generated by the Nashua Police Department regarding my call to the Police regarding city Hall threats of arrest made on Monday January 31, 2022 and on February 4. Please forward when available any documentation regarding my discussion with the police. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | (5-day letters need a reason as to the delay or the time needed for a response) |
| | | | | | | Please preserve the body cam videos of Laurie Ortolano speaking with the officers set to her home at 41 Berkeley St and to City Hall. |
| 2022-729 (AS) | 2/8/22 | Ortolano | | | 2/17/22 – response sent by DV<br><br>***Request satisfied*** | Please provide all documents provided to the Board of Alderman for the Board meeting of February 8th regarding Inception Technologies along with and records involving Laurie Ortolano.<br><br>Please provide all emails and text messages regarding this inception communication issue regarding Laurie Ortolano. Please provide any emals that alerted Alderwoman Wilshire or Donna Graham that this item was going to be addressed on the agenda. |
| 2022-730 (NPD) | 2/10/22 | Ortolano | DL | | 2/11/22 – response sent by DL<br><br>***Request satisfied*** | 1] A complete copy of the investigative file of any Nashua Police Department activity concerning Laurie Ortolano impersonating a city employee when speaking with a city vendor. Ms. Kleiner announced in a February 8, 2022 public Board of Alderman meeting that this matter was referred to the Nashua Police Department for investigation.<br><br>Please include all body cam, phone logs, reports and audio video files of interviews conducted for this investigation.<br><br>I ask you to provide me with an estimate as to when I may expect the production of this material to be |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | (5-day letters need a reason as to the delay or the time needed for a response) |
| | | | | | | completed. |
| 2022-731 (PH) | 2/10/22 | Ortolano | BB | | 2/16/22 – response sent by BB<br>***Request satisfied*** | Please provide any records on the employee vaccination clinic held on January 14, 2021 of attendance by count or turnout. Obviously, I am not looking for any personal, confidential, or HIPPA information, just a count of city workers who attended. |
| 2022-732 (AS) | 2/13/22 | Ortolano | RV | | 2/22/22 – response sent by DV<br>***Request satisfied*** | Ms. Kleiner stated in the Board of Alderman meeting February 8, 2022, that boxes of property record files sent or received for the Inception Technology scanning project are signed in and out. Please provide a copy of the record that shows the sign in and out for all files sent to Inception Technologies since July 2020.<br>Should any part of this request be unreasonably described, please contact me this specific area of confusion so clarification can be provided prior to the search being conducted. |
| 2022-733 (BOA) | 2/12/22 | Ortolano | BOA | | 2/22/22 – response sent by DG<br>***Request satisfied*** | Any letters, emails or text communications regarding the inception Technologies agenda item discussed on February 8, 2022 at the Board of Alderman Meeting. These records pertain to matters involving Laurie Ortolano. The time frame for this search is February 3, 2022 through February 14, 2022.<br>Should any part of this request be unreasonably described, please contact me this specific area of confusion so clarification can be provided prior to the search being conducted. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| 20734 (AS) | 2/14/22 | Ortolano | RV | | 2/22/22 – response sent by DV<br><br>***Request satisfied*** | I requested the marked up property record cards for the permit inspections done by Vision on the new art center building at 78-84 West Pearl St. Ms. Perry did not not respond to my RTK request and it was copied to you and Mr. Gerry. Can you please follow up on this. I called the DRA over a week ago and asked about filing an abatement on the Art Center property. Mr. Gerry was going to look into this for me and get back to me. He did not respond.<br><br>I want to investigate this property and because Vision does not document out cards the way we do in-house, in that the comments are left blank, I need the actual marked up card to see the notes.<br><br>Also, Please provide all emails or communications from Ms. Perry to you, the DRA, or anyone in City Hall on this request.<br><br>**To Vision from LO**<br><br>Can you provide me with any marked up property record cards for 78-84 West Pearl St. This is the property for the new performing art center under construction on Main Street. The former address was 201 Main St, Nashua.<br><br>I obtained a copy of the 2021 PRC and it shows that the property was reviewed by your staff on 4/12/2021 by Rick Kulp. I don't know if Mike Castillo works for Vision |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | (5-day letters need a reason as to the delay or the time needed for a response) | |
| | | | | | | but the property was reviewed on 3/4/2021 by that individual.<br><br>Please provide any records or marked up property record cards for these reviews. I have requested the data on this property as I believe the assessment is incorrect and the property is a TIF property. These Vision reviews will not be part of the record in City Hall as your company is holding this data. I am considering filing for an abatement on this property and/or an appeal and I need to see if my concerns are justified.<br><br>Most concerning, there is no documentation in the comment field so any notes made by Vision were not transferred to the card. This leaves citizens with no way of knowing how the assessment was created. The last noted comment update was done by Greg Turgiss in 2018. |
| 2022-735 (AS) | 2/14/22 | Ortolano | KK | | 2/22/22 – letter sent with update by 3/1/22<br><br>Waiting for signed letter from LO<br><br>3/22/22 – response sent<br>***Request satisfied*** | RTK for Training program from the Employee Assistance Program for customer service |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | *(5-day letters need a reason as to the delay or the time needed for a response)* |
| 2022-736 (OCC) | 2/14/22 | Ortolano | Legal | | 2/15/22 – response sent<br>***Request satisfied*** | As soon as the City receives the transcript for 00354, kindly forward an email copy to me. |
| 2022-737 (NSD) | 2/14/22 | Ortolano | NSD | | 2/21/22 – letter sent with update by 3/2/22<br><br>3/2/22 – letter sent with update by 3/31/22 | Please provide me with the Nashua School District mask policy. Please do not direct me to a state RSA or a reopening plan that does not specific reference a Nashua School District Policy.<br>Please provide all medical exemption granted for students in the Nashua School district. I understand these docx will require redactions, but I want to know how many students were granted exemptions.<br>Please provide me with the Nashua School District Policy for student discipline for mask mandates violations.<br>I contacted several local districts yesterday to obtain their policies and was able to do so. I want to understand<br>the masking requirements for transportation, in classroom, and exemptions. |
| 2022-738 (AS) | 2/15/22 | Ortolano | KK | ~~F/U due 3/4/22~~ | 2/23/22 – AS responded with update by 3/4/22<br><br>3/4/22 – Letter sent by DV<br><br>***Request satisfied*** | I am aware that the email storage and retention policy was changed at the beginning of covid to extend the purging of emails from 45 days to 90 days. I don't believe the policy was actually revised. In the event the policy was actually revised, could you please forward the revised and amended policy.<br><br>In the event that the policy was not changed, could you please forward any communication(s) from you |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | (5-day letters need a reason as to the delay or the time needed for a response) |
| | | | | | | authorizing this change from 45 days to 90 days. If the change was never memorialized in writing through letter or email, please specify that in the denial. |
| 2022-739 (Mayor) | 2/15/22 | Ortolano | Mayor | | 2/15/22 – response sent by TC<br>***Request satisfied*** | Outdoor dining |
| 2022-740 (AS) | 2/15/22 | Colquhoun | | | 2/15/22 – response sent by TC<br>***Request satisfied*** | please provide me with the current listing of all files that have been scanned via Inception and all files that have not been scanned within the assessing department as of today. The assessing department has stated that they are keeping a current list in order to know what files have been done and what files still need to be done. |
| 2022-741 (ED) | 2/15/22 | Ortolano | TC | | 2/15/22 – response sent by TC<br>***Request satisfied*** | As the attached communication, outlines and I suspect this proposal will have the input and public comment opportunities you are seeking through the normal course of business. I do not believe you have missed an opportunity to provide input and in fact, I believe the process is just starting.<br><br>Please be advised that the normal course of business is that the public has access to all public meetings. The way you and the City are conducting business is not a normal course or legal. While you may believe the process is just starting, since you have indicated here that several iterations have already occurred, I would contend that the select group of people invited to |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes (5-day letters need a reason as to the delay or the time needed for a response) |
|---|---|---|---|---|---|---|
| | | | | | | the public meetings have been able to shape that plan outside of open meeting laws.<br><br>Please be advised, that public comment can be cancelled at any time by the Board and has been recently. Also, you can only address items to be acted upon in the first public comment. I have found that the informal subcommittee meetings are much more open to public comment and less time restricted.<br><br>For a man I have never spoken to on the phone or met in person to address my issues, I find your last sentence simply obnoxious. And I wish someone would answer my questions on who is responsible for posting public meetings for the DIC committee. |
| 2022-742 (ED) | 2/15/22 | Ortolano | TC | | 2/24/22 – response sent by MB<br><br>***Request satisfied*** | I wrote to you months ago regarding posting meetings for BIDA and I expressed that the city calendar has to be used as one location to post the public meetings per RSA 91-A. It is not understandable how this meeting, of wide public interest, did not get posted properly.<br><br>Today I emailed you, Ms. Blaisdell, and Donna Graham to request if the Friday February 11, 2022 meeting was properly posted per the law. I received no response. Can someone please tell me if this meeting was legally posted and under what statute or law do you believe the posting was legal.<br><br>I need someone to tell me who is responsible for |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | posting these meetings. Citizens should not have to email constantly and try to guess who posts the meetings. How was this meeting posted? Where was this meeting posted? I believe RSA 91-A requires the City digital calendar to post these public meetings as this is the consistent and reasonable place where all meetings are posted. Was there a DIC committee meeting in January and when was this held. Are there minutes available?<br><br>I am most concerned that when I look through the calendar, that all DIC meetings are already posted monthly for this committee. Why was a meeting involving a high interest and divisive public topic not posted as a public meeting should have been?<br><br>Mr. Cummings responded to a RTK request on February 11 with an email dated February 05, 2022 from Marylou Blaisdell notifying the DIC of a public meeting on February 11, 2022 at 7:45 am at City Hall. Mr. Cummings did not send the response until after 4:00 pm on Friday. Given all the communications and interest I have expressed in being informed of the committee makeup and meetings, this act appears to be intentional, particularly when it is delivered with no apology. It is unacceptable.<br><br>It is very clear that the Mayor is strongly campaigning in favor of these barriers and a new design for downtown Nashua. There is a strong citizen group opposed to this plan and permanent placement of downtown barriers. |

*(5-day letters need a reason as to the delay or the time needed for a response)*

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | |
| | | | | | | There is a group willing to compromise. All sides must be allowed to have access to public meetings to obtain information and express their viewpoints. The City appears to be deliberately shutting down a fair, transparent, and legal process.<br>Ms. Lovering, this might be a good record improvement for the City. Please inform citizens on who is responsible for posting public meetings. If there is a document that specifies who is responsible for committee posting, please someone, forward that record. |
| 2022-743 (AS) | 2/15/22 | Ortolano | NM | | 2/23/22 – response sent by DV<br>***Request satisfied*** | As I recall you were able to provide me with a record that showed when a posting for a meeting was made on the city digital calendar.<br><br>I am looking for the date and the person who posted the Downtown Improvement Committee meetings which are scheduled monthly, currently on the Calendar, from March to December for the second Friday of the month.<br><br>I am guessing they were all posted at the same time, because the meetings are currently scheduled through December 2022. |
| 2022-744 (AS) | 2/4/22 | Ortolano | RV | | 2/17/22 – DV responded<br>***Request satisfied*** | I am requesting that the spreadsheet for the tracking of the scanned property record files sent out and received by Inception Technologies be placed on line and updated as your office updates the spreadsheet. If |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

(5-day letters need a reason as to the delay or the time needed for a response)

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | online access is too cumbersome, then please place a binder at the counter with the updated spreadsheet in it so citizens can determine what records are available.<br><br>The public is given no information on the status of this project. I was authorized in July 2020 and has been ongoing for 17 months. This information allows us to determine the publicly open records available and subject to immediate inspection under RSA 91-A.<br><br>I continue to have to submit RTK requests for the excel spreadsheet and the City often uses the 5 day maximum to deliver readily available records.<br><br>It would be less burdensome to the city and citizens in both time and money if the information were simply made publicly available online or at the counter.<br><br>Please respond to my straightforward requests yesterday to inspect the property record file for the NPAC or Nashua Performing Arts center. Please provide the excel spreadsheet, and please provide an answer under the DRA certification requirements as to when it is anticipated the scanning project will be completed or the number of records left to be scanned. |
| 2022-745 (ED) | 2/16/22 | Ortolano | TC | | 2/24/22 – response sent by MB<br><br>***Request satisfied*** | This afternoon, I tried to get the meeting minutes for the Downtown Improvement Committee for July 2021 to Current (I know the minutes from February 11, 2022 are not required to be completed yet). I learned today |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent (5-day letters need a reason as to the delay or the time needed for a response) | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | that there was another illegal meeting of the DIC committee in January that was not posted. The meeting agenda shows most of the 90 minutes meeting was spent on the 2022 barrier placement. The last set of meeting minutes posted for the DIC are April 2021.<br><br>This was two opportunities for the public to participate in a focused small group meeting where questions could be answered and comments would not have to be restricted to 3 minutes. That is the benefit of subcommittees.<br><br>Today a city official recommended that I go to the clerk's office and try to obtain the DIC minutes from that office. I did just that and learned that those minutes are not located in the clerk's office. The clerk stated that Director Cumminugs maintains those records and that I should upstairs to obtain them. I have never had any luck finding Mr. Cummings in his office nor has his office door ever been open when I have been in the building.<br><br>I knocked on the locked door - no answer. I rang into the Mayor's office and the clerk answered and said ED was there in a meeting or undetermined length. I said I would wait outside at the table and asked the clerk to let ED know that a citizen was waiting for service. I waited at the table for about 45 minutes. Very suddenly, Mr. Cummings flew out of the door and moved quickly down the stairwell, never even |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | acknowledging me. It startled me and I yelled to Tim that I wanted to speak with him about minutes. He shouted back that I did not have an appointment. I said I just wanted to know if a minutes book is available to the public. He literally ran away and would not speak to me.<br><br>This is the most obnoxious customer service I have had next to Paul Shea's response in January. And Mr. Shea has moved on. Perhaps it is time for Mr. Cummings to move on.<br><br>I do not understand why a citizen needs an appointment to come to city hall to find minutes (old minutes) and inspect records. These are immediate inspectable records. I realize Mr. Cummings works for the Mayor and not the citizens but he holds our public records. I believe the City should immediately institute a policy where all public minutes are stored in the Clerk's office. The clerk's office is staffed everyday and citizens can go there and obtain open records. When the City chooses to place our records behind locked doors that no one answers, this is in violation of the law. I left not knowing if out records exist for public inspection.<br><br>Additionally, Mr Cummings ran away because I didn't have an appointment, but when I requested an appointment in December 2021 with Mr. Cumming, he said he would not meet with me. Additionally, I have |

(*5-day letters need a reason as to the delay or the time needed for a response)*

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | *(5-day letters need a reason as to the delay or the time needed for a response)* | |
| | | | | | | asked Mr. Cummings to make records available for inspection, he has refused to comply.<br><br>Please place our public records in a location that makes them publicly accessible. |
| 2022-746 (AS) | 2/16/22 | Ortolano | JD | | 2/24/22 – response sent by DV<br><br>***Request satisfied*** | Under RSA 91-A please provide the video surveillance footage from the time of 3:45 pm to 4:40 pm. The camera(s) I need covered are the second floor hallway (I was sitting at a table) and at 3:30 to 3:40 pm, the cameras in the stairwell of second floor to the first floor, the camera in the hall by the tax office and Ms. Kleiner's office, and the camera down the HR hallway and the exit to Elm St. |
| 2022-747 (AS) | 2/17/22 | Ortolano | RV | | 2/17/22 – DV responded with spreadsheet and link to BOA minutes<br><br>2/25/22 – Response letter sent by DV<br><br>***Request satisfied*** | I received yesterday email from the Administrative Services Division informing me that the file is now back in the office and ready for inspection.<br><br>Given the hostile and harrassing environment, you and the City have created for me, please obtain the scanned file and send that to me electronically. Also, can you tell me, where the file was located when it was missing from your office. I believe citizens are entitled to know the whereabouts of our public records. I have played the game of battleship long enough. |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | (5-day letters need a reason as to the delay or the time needed for a response) | | | | |
| | | | | | | Please tell me when the file left the office, where the file went to, and when the file came back. If you are unable or unwilling to answer these simple questions, then let me rephrase this as a right to know request.<br><br>Please provide any records that would document the 78-84 West Pearl Street property record file removal from the assessing office, the location where the file moved to and the arrival of the file back to the assessing office.<br><br>I will make every effort to not be in City Hall during normal hours and will attempt to do all my business electronically. This does not mean that in emergency information situations, that I will not not make an appearance in City Hall. And I will attend any publicily posted meetings of City government.<br><br>I am going to minimize my risk of arrest, warnings, threats, threats of arrest and expulsion from City Hall by minimizing my visit to this public building. |
| 2022-748 (AS) | 2/18/22 | Ortolano | Mayor | | 2/28/22 – response sent by DV<br><br>***Request satisfied*** | Based on information and belief, I was informed that a person removed all the meeting postings off the open bulletin Board in the entryway on the Elm Street Side of City Hall on or about February 11, 2022.<br><br>Given the concerns I had about the positing of the February 11, 2022 meeting of the DIC, I went to City Hall on Monday to check out the bulletin Board and |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | | |
| | | | | | | identified only two postings on the entire board. The weekly log, that I learned about that day, was not posted.<br><br>On Tuesday, I went back to City Hall and checked the entryway again. There were only about 8 postings on the bulletin board and again, no weekly log. The meeting of the Board of Alderman that evening was not posted on the Board.<br><br>I dug into the matter and learned about this mystery person who removed all the postings. I further learned that the City captured the video and the person does not look like me. Good news! Hopefully, this will prevent further ambushes in public meetings by city leaders.<br><br>I contacted the police department today to see if an incident report was filed with the police department, no report was filed. I find it strange that this wasn't reported.<br><br>Mr. Mayor, could you please discuss this matter in your Mayor comments for Tuesday evening. Citizens depend on a secure location for notice postings and it is ironic that day of the illegal DIC meeting, the bulletin board is plundered.<br><br>The City underwent extensive renovation and covid safety improvement in 2020-2021. The City put 1 inch thick bulletproof glass all over customers areas of City |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | *(5-day letters need a reason as to the delay or the time needed for a response)* | |
| | | | | | | Hall. Perhaps, the City should invest in a secure, lockable bulletin board to eliminate posting pilfery.<br><br>Has the City completed investigating this matter and was this matter referred to the police? Additionally, under RSA 91-A, please provide the video footage of the bulletin board being plundered. My understanding is that this footage has already been obtained. For further clarification, please let me know. |
| 2022-749 (CC) | 2/20/22 | Ortolano | SL | | 2/23/22 – response sent by AW<br><br>3/3/22 – response sent by AW<br><br>***Request satisfied*** | Please provide me with the exact city website http address where citizens can locate on the website where the minutes may be reviewed and copies requested.<br>Please provide me with the exact city website http address where citizens know where meeting notifications are posted for public meetings.<br><br>So for the following committees, who is responsible for the noticing of the meetings and the minutes of these public meetings?<br><br>Board of Alderman<br>Board of Fire Commissioners<br>Board of Public Works<br>Board of Police Commissioners<br>Board of Education<br>Airport Authority<br>Ambulance Advisory Committee<br>Animal and Dog Park<br>Arts Commission<br>Auditorium Commission<br>Board of Assessors<br>Board of Health |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | | | | | (5-day letters need a reason as to the delay or the time needed for a response) |
| | | | | | | Board of Public Works Retirement System Trustees<br>Board of Registrars<br>Business & Industrial Development Authority (BIDA)<br>Cable Televison Advisory Board<br>Capital Equipment Reserve Fund<br>Capital Improvement Committee<br>Citizen's Advisory Commission (Review & Comment)<br>Conservation Commission<br>Conway Ice Arena Commission<br>Cultural Connections Committee<br>Downtown Improvement Committee<br>Edgewood/Suburban Cemetery Trustees<br>Environment and Energy Committee<br>Historic District Commission<br>Hunt Legacy Trustees<br>Hunt Memorial Building Board of Trustees<br>Ira F. Harris Lecture Trustees<br>Merrimack Valley Water District<br>Mine Falls Park Advisory Committee<br>Nashua Housing and Redevelopment Authority<br>Nashua Rail Committee<br>Nashua Regional Planning Commission<br>Performing Arts Center Steering Committee<br>Planning Board<br>Public Library Trustees<br>Tax Increment Financing Advisory Board<br>Woodlawn/Pinewood Cemetery Trustees<br>Zoning Board<br>Volunteer for a Board or Commission<br>Electric Aggregation Committee |

# Right-to-Know Requests Filed by L. Ortolano & L. Colquhoun

| Request No. | Date of Request | From | To | Due Date | Response Sent | Requests/Notes |
|---|---|---|---|---|---|---|
| | | *(5-day letters need a reason as to the delay or the time needed for a response)* | | | | |
| 2022-750 (DIC) | 2/19/22 | Ortolano | MB<br>TC | | 2/24/22 – response sent<br>***Request satisfied*** | The meeting minutes for February 11, 2022 DIC meeting held at 7:45 am in City Hall rm 208 and the agenda for the meeting.<br>Per RSA 91-A:4 IV(c) If you deny any portion of this request, please cite the specific exemption used to justify the denial to make each record, or part thereof, available for inspection *along with a brief explanation of how the exemption applies to the information withheld.*<br><br>Additionally, I would like an answer to:<br>[1Where can a citizen find the minutes to review - in other words, where are the minutes physically stored?<br>[2] Who is the clerk for the Board who takes the minutes?<br>[3] Are any Board members who attend the meetings, documented in the minutes as attending? The minutes I received from Ms. Blaisdell for January showed that no Alderman attended the meeting. Is this true?<br>[4] Were any members of the public in attendance at the January and February DIC meetings?<br>[5] Who is responsible for posting the minutes and meeting notices per RSA 91-A? |
| 2022-751 (OCC) | 2/21/22 | Colquhoun | Legal | | 2/22/22 – response sent<br>***Request satisfied*** | please provide me a complete transcript of the court case of Laurie Ortolano vs. City of Nashua Docket #226-2021-CV-00354. This transcript was needed in order for the City of Nashua to submit a motion for Judge Temple to reconsider his motion. Please remember that the Nashua taxpayers did pay for the transcript and therefore it should be a public document. |