```
                      STATE OF NEW HAMPSHIRE                         1

 1         9TH CIRCUIT COURT - DISTRICT DIVISION - NASHUA

 2

 3
   STATE OF NEW HAMPSHIRE,       ) District Division Case No.
 4                               ) 459-2021-CR-00606
              Plaintiff,         )
 5                               ) Nashua, New Hampshire
         vs.                     ) December 15, 2021
 6                               ) 1:16 p.m.
   LAURIE A. ORTOLANO,           )
 7                               )
              Defendant.         )
 8 _____)

 9
                         HEARING ON MOTION
10               BEFORE THE HONORABLE JAMES LEARY
         JUDGE OF THE CIRCUIT COURT - DISTRICT DIVISION
11
   APPEARANCES:
12
   For the State:                Alyssa Kuehne, Esq.
13                               NASHUA POLICE DEPARTMENT
                                 PO Box 785
14                               Nashua, NH 03062

15 For the Defendant:            Timothy Goulden, Esq.
                                 GOULDEN LAW OFFICES, PLLC
16                               253 Main Street
                                 Nashua, NH 03060
17
   Audio Operator:               Electronically Recorded
18                               **Not Monitored**

19 TRANSCRIPTION COMPANY:        eScribers, LLC
                                 7227 N. 16th Street, Suite 207
20                               Phoenix, AZ 85020
                                 (800) 257-0885
21                               www.escribers.net

22 Proceedings recorded by electronic sound recording; transcript
   produced by court-approved transcription service.
23

24

25
```



1        (Proceedings commence at 1:16 p.m.)
2                THE COURT:  Mr. Goulden.
3                MR. GOULDEN:  Your Honor.
4                THE COURT:  Good afternoon.
5                MR. GOULDEN:  Good afternoon, sir.
6                THE COURT:  I wonder why Mr. Bolton's here.
7                MR. BOLTON:  Good afternoon, Your Honor.
8                THE COURT:  Good afternoon.
9                MR. BOLTON:  I represent the victim.  The victim is
10   the City of Nashua.
11               THE COURT:  I understand.  I read the motion.
12               MR. BOLTON:  Thank you, Your Honor.
13               THE COURT:  All right.  Do you want to start or
14   should I start?  I have some -- you can sit down, Ms.
15   Ortolano.
16               MR. GOULDEN:  Well, you already have something to
17   say about this?
18               THE COURT:  Yeah, I do.  I have a question, not
19   something to say, but I have a question.
20               MR. GOULDEN:  Do you want to ask that first, Judge?
21               THE COURT:  Well, sure.
22               MR. GOULDEN:  Please.
23               THE COURT:  Where does it say the State has to do
24   anything or the City has to do anything?  I'm disagreeing with
25   you (indiscernible).

1     MR. GOULDEN: Did you read it, Judge? The
2 (indiscernible)?
3     THE COURT: Yeah.
4     MR. GOULDEN: Yeah, they said that they would
5 entertain -- that in the bail conditions -- the bail
6 conditions prohibited her --
7     THE COURT: Well, bail conditions are irrelevant.
8 In the sentence.
9     MR. GOULDEN: Okay. The bail conditions prohibit
10 her from going to City Hall at all.
11    THE COURT: Yeah.
12    MR. GOULDEN: Okay. So we put it distinctly into
13 the agreement that she would be allowed to conduct business
14 and go back to City Hall if, in fact, she made the
15 appointment. At the time, that was the prescribed manner of
16 going to City Hall.
17    THE COURT: Yeah.
18    MR. GOULDEN: There's no such prohibition anymore.
19    THE COURT: Yeah.
20    MR. GOULDEN: And it was agreed to by the
21 Prosecutors -- the Nashua Legal Bureau that they would, in
22 fact, say that this was what we had to do.
23    And Judge, if you don't honor it, it's going to have
24 a chilling effect on any plea that's entered into this
25 court --



1       THE COURT: It's not that I'm not going to honor it.
2  You're asking me to enforce an agreement that was reached with
3  the State.
4       MR. GOULDEN: Yes.
5       THE COURT: The order says, and I trust this
6  (indiscernible) is exactly what the agreement was, the
7  Defendant shall not enter City Hall/legal bureau without a
8  prior appointment for a period of one year.
9       MR. GOULDEN: Yes.
10      THE COURT: Okay. Where does it say the State
11 has -- the City has to do anything?
12      MR. GOULDEN: The State has to entertain --
13      THE COURT: The City has to do -- what does the City
14 have to do?
15      MR. GOULDEN: Give her appointments to go there.
16      THE COURT: Says who?
17      MR. GOULDEN: Says that agreement.
18      THE COURT: No, it doesn't. It says without a prior
19 appointment. It doesn't say they have to do anything.
20      MR. GOULDEN: Doesn't say that they have to give her
21 an appointment, Judge? So they can prohibit her from going to
22 City Hall?
23      THE COURT: Well, (indiscernible). Hold on.
24      MR. GOULDEN: That's what you said, Judge.
25      THE COURT: No, that's -- again, come on --

```
 1                MR. GOULDEN:  Judge --
 2                THE COURT:  -- I didn't say that at all.  Let me --
 3                MR. GOULDEN:  But you --
 4                THE COURT:  Let me finish.
 5                MR. GOULDEN:  Okay.  Go ahead.
 6                THE COURT:  Then if you don't get it, then I'll try
 7   to explain it --
 8                MR. GOULDEN:  Yes, sir.
 9                THE COURT:  -- a little bit better.
10                MR. GOULDEN:  Yeah.
11                THE COURT:  This says, that they -- she can go --
12   she can't go in there without a prior appointment.
13                MR. GOULDEN:  Yes, sir.
14                THE COURT:  Okay.  You're saying I'm prohibiting her
15   from going?  No, I'm not --
16                MR. GOULDEN:  The State --
17                THE COURT:  -- prohibiting her from going.
18                MR. GOULDEN:  -- is prohibiting her from going.
19                THE COURT:  What I'm saying is that this agreement
20   calls for her, as the Defendant, not to go into City Hall
21   without an appointment.
22                MR. GOULDEN:  Yes.
23                THE COURT:  Okay.  There's other remedies available.
24   There's not true risk that I can see.  I mean, you, even in
25   your motion, you talk about the chance for equity.  I mean,
```

1    that's not us.  You've got the wrong court.  That's --
2             MR. GOULDEN:  Judge, you --
3             THE COURT:  -- Superior Court.
4             MR. GOULDEN:  -- you have injunctive relief.  You
5    have the power of injunctive relief.  You do it all the time.
6             THE COURT:  We're not in equity court.
7             MR. GOULDEN:  But you do have the power --
8             THE COURT:  Superior Court's an equity court.
9             MR. GOULDEN:  If that's where you're directing us,
10   Judge, I'll direct her there.  But the fact of the matter --
11            THE COURT:  I don't know what else to do.  You're
12   asking me to -- we're a statutory court.  All we can do is
13   interpret statutes and apply the statutes.  That's what our
14   job is.
15            MR. GOULDEN:  Judge, you're also -- due process is
16   supposed to be here, as well.
17            THE COURT:  Of course.
18            MR. GOULDEN:  And if you're telling me right now
19   that that agreement that you're going to negate that part of
20   it or you're not going to enforce it --
21            THE COURT:  Wait a minute.  What am I not enforcing?
22   That is what --
23            MR. GOULDEN:  Judge, the rest of the -- you stopped
24   at one point.
25            THE COURT:  When?



1              MR. GOULDEN:  But then I told --

2              THE COURT:  What am I missing?  Go ahead.

3              MR. GOULDEN:  That after she left here, after she

4    entered this plea with the State, that she attempted to make

5    appointments.

6              THE COURT:  Yeah.

7              MR. GOULDEN:  And that she was denied.  Then later,

8    when I went back to the State and said you're not honoring

9    your agreement, that the captain, Capt. Kenney told me that

10   City Hall, through Attorney Bolton, said she'll never come

11   back here.

12             Now, had she known that prior to entering that plea,

13   she wouldn't have entered the plea.  But now, Judge, due

14   process, she's stuck with what she asked for -- what they said

15   they were going to do for her.  She's stuck with it.  To go

16   backwards now and put it back on the docket takes and makes

17   due process a joke, because she entered into this agreement.

18   They're the State, they're the government, they should have

19   had their ducks in order.  They should have had this worked

20   out, and they should have told the Court the truth of the

21   matter, we're not going to let her back here, so don't use

22   that.  But they didn't.  And by virtue of the fact that it was

23   part of our -- Judge, if it was just an inference or it wasn't

24   written down, but this was part of the agreement that the

25   woman would be able to go back --



1        THE COURT: Where does it say that?

2        MR. GOULDEN: Well, again, you and I are disagreeing
3   pretty heavily on this. I think the fact that it's in there
4   saying, she can go back unless she makes an appointment is --
5   you know, it's in there, Judge. It's written in there, but I
6   know you don't, for some reason, take that to mean anything.

7        THE COURT: Where does it say anything besides that
8   she has to make an appointment before she goes into City Hall?

9        MR. GOULDEN: Well, she -- so she did that, right,
10  so that was her -- she calls --

11       THE COURT: Right.

12       MR. GOULDEN: -- right.

13       THE COURT: There's nothing here that says and the
14  legal bureau shall make reasonable accommodations for
15  appointments or she'll schedule appointments or anything like
16  that. (Indiscernible) --

17       THE COURT: So you think that that then is fair and
18  just that the language said that the only way that she can go
19  back there --

20       THE COURT: I don't determine --

21       MR. GOULDEN: -- is to make an appointment --

22       THE COURT: -- whether an agreement is fair and
23  just. I just interpret it. I interpret this -- it says to me
24  what it says.

25       MR. GOULDEN: But a justice accepted it and said it

1 was fair. And her understanding was that she could go back
2 there if she made an appointment.
3        THE COURT: All right. Anything the State wants to
4 say?
5        MS. KUEHNE: The only thing I would add, Your Honor,
6 is the Nashua Police Department did not enter into this
7 agreement with any type of bad faith. We were of the
8 understanding when we came to the terms, which -- and I'm not
9 sure if you're familiar with it, Judge Leary, but it's a
10 criminal trespass for entering the --
11        THE COURT: Oh, I read the file. Trust me.
12        MS. KUEHNE: Okay. Thank you. So it was our
13 understanding, when we entered into the agreement that you
14 needed an appointment to access the legal department --
15        THE COURT: Um-hum.
16        MS. KUEHNE: -- at City Hall.
17        THE COURT: Yeah.
18        MS. KUEHNE: The Nashua Police Department has no
19 control over what happens -- I really don't have much more to
20 add then what you've already indicated, Your Honor. Other
21 than the Nashua Police Department has no ability or authority
22 to schedule appointments. We tried to reach out to City Hall
23 to see if maybe we could -- Capt. Kenney tried to reach out to
24 see if maybe we could mediate the situation, that's why we
25 asked Attorney Bolton to be here. Other than that, Your

1   Honor, I don't have much to add.  Just that the Nashua Police
2   Department has no control over whether or not you need an
3   appointment to access it.
4              THE COURT:  Okay.
5              MS. KUEHNE:  Thank you.
6              THE COURT:  I don't know if you want to say
7   anything, Mr. Bolton?
8              MR. BOLTON:  I think there may be -- and it may be
9   just the terminology that's being used, but I understand
10  things a little bit differently.
11             THE COURT:  Okay.
12             MR. BOLTON:  This Defendant can go into the public
13  areas of City Hall, really.  She can attempt to make
14  appointments with other departments in City Hall.
15             THE COURT:  Right.
16             MR. BOLTON:  She can continue to try and make
17  appointments with my department --
18             THE COURT:  And --
19             MR. BOLTON:  -- and she will not be granted any
20  appointments by my department.  She may well be granted
21  appointments by other departments.  She has made herself at
22  home going to public meetings --
23             MR. GOULDEN:  Your Honor, I'm going to --
24             MR. BOLTON:  -- speaking at public --
25             MR. GOULDEN:  Objection --



1                MR. BOLTON:  -- meetings --

2                MR. GOULDEN:  -- at this point.  If he's going --

3     this isn't the form for this.

4                THE COURT:  Well, I know the history, trust me.

5                MR. GOULDEN:  But --

6                THE COURT:  So you don't have to --

7                MR. GOULDEN:  But Your Honor, he's not one of the

8     prosecutors.  If he's going to give anymore, I don't know,

9     testimony, he should be placed under oath, so it could be

10    subject to cross-examination.  But for him now just to just

11    diatribe, it should -- it's not appropriate.

12               MR. BOLTON:  Well, I'll object to the word

13    "diatribe".

14               THE COURT:  I agree.  But if you're going to

15    testify, but no one's calling him as a witness.  I just asked

16    him if he wanted to say anything, so you're not calling him --

17    are you calling him as a witness?

18               MS. KUEHNE:  No, Your Honor.

19               THE COURT:  Okay.  Are you?

20               MR. GOULDEN:  Not unless this goes much further.  I

21    see where it's going.  But Judge, what Attorney Kuehne said --

22    should appoint it.  I never said -- you know, the police did

23    act in good faith.  I remember when I went to them and said,

24    hey, this isn't what we said, the police didn't say to me,

25    hey, you're on -- so the captain worked with me and said you

1    liked him.  So for you to say -- we understood it to be
2    different.  Both the Prosecutor and I understood this to be
3    different.  So for you now to say, well, I'm going to
4    interpret it this way, it wasn't the intent of the parties,
5    and you heard it from a Prosecutor.  Because if they believed
6    what your interpretation was -- and Judge, I respect what you
7    said.  I don't agree with it, and that's not what we believed
8    when we entered into it.  The parties entered into it with the
9    idea that she would be given her full rights back, and I don't
10   believe that there's anybody that can take away your
11   Constitutional rights unless it is a judge and they've given
12   you conditional liberty.  That's not what the situation is
13   here.  Thank you.
14           MR. BOLTON:  There is no Constitutional right
15   involved.
16           MR. GOULDEN:  Objection.
17           THE COURT:  You know what, you're not going to argue
18   the legal issues, Mr. Bolton.  I don't know why -- did you
19   ask -- I mean, Mr. Bolton, I, obviously, respect you
20   tremendously, but is it your right to be here?  I mean, you're
21   not calling him --
22           MR. BOLTON:  I'm a victim.
23           THE COURT:  -- you're not calling him, are you?
24           MR. BOLTON:  I'm a victim.  I was told that there
25   was issues that would affect --



1 THE COURT: You're not --
2 MR. BOLTON: -- me and my department.
3 THE COURT: You're not the victim. You were the
4 victim in the underlying case, but not in what's going on
5 right now. I think --
6 MR. BOLTON: Well --
7 THE COURT: -- she's the victim right now, but
8 (indiscernible) --
9 MR. BOLTON: He's asking that I be ordered to make
10 appointments --
11 THE COURT: That's right.
12 MR. BOLTON: -- with her.
13 THE COURT: That's right.
14 MR. GOULDEN: Judge, I'd like --
15 THE COURT: And I think if you're going to subpoena
16 the Court, you're going to get that order. That's the thing.
17 I'm not saying this is fair, Ms. Ortolano. Trust me, I'm not
18 saying this is what should happen, what's just. My job is
19 just to interpret this agreement. Whether they had a
20 different understanding when they wrote it up, sounds like
21 that's questionable, but at the same time, it doesn't say that
22 the State should do anything. You were the Defendant. You
23 have the obligation to contact them and make an appointment.
24 You've tried in good faith to do that I take it, and they said
25 no. But there's nothing here that requires them to do



1  anything.  I do think if you go to Superior Court and get a
2  court order, that you're going to be allowed access to it, why
3  not?  I mean, but that's another issue for another day and for
4  another court, quite honestly.
5          MR. GOULDEN:  Thanks for your time, Your Honor.
6          THE COURT:  Thank you.
7          MR. BOLTON:  Thank you.
8      (Proceedings concluded at 1:28 p.m.)

CERTIFICATE

I, Frances Marcu, a court-approved proofreader, do hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, to the best of my professional skills and abilities.

TRANSCRIPTIONIST(S):   Elana Friedman, CDLT-160

FRANCES MARCU, CDLT-136                December 22, 2021
Proofreader

