Nashua Police Department    Page: 1
2019-09-17 0926HRS CONTACT W/ CHARLES REESE
Ref: 19-46336-OF

Exh. Lombardi-20

On September 22, 2019 at approximately 1643 hours I received a voicemail from Laurie Ortolano (DOB: ) stating that she had received the message I had left with her husband. At approximately the same time I received an email from Ortolano telling me that she had just left a message for me. A copy of this email was later added to this case file for case inclusion.

At approximately 1651 hours I called Ortolano and informed her that I was looking to speak with her in person for a few minutes. Ortolano advised that she was near the Police Department and would stop by in a few minutes. I thanked Ortolano and ended my contact with her.

At approximately 1655 hours Sergeant Hudon and I made contact with Ortolano in the front lobby of the Nashua Police Department. Upon making contact with Ortolano I informed her that I had received a complaint from one of the employees in the Nashua Assessing Department about Ortolano confronting them while they walked to their vehicle from City Hall.

Ortolano acknowledged this incident had occurred but explained that she had just happened to see Lynn Cameron (DOB: ) and figured she would just ask her a quick question. Ortolano stated that she had not been waiting for Cameron but rather she had just happened to see her. I explained that this employee had not alleged any crimes had occurred during this time but based on what had been going on recently this incident made them very uncomfortable and was concerning to them.

I informed Ortolano as a result of this incident this employee notified her co-workers, who in turn notified me and their supervisor, Kimberly Kleiner (DOB: ). I informed Ortolano that after speaking with Kleiner and members of the assessing department they decided that they wanted me to inform Ortolano that all of the current members of the Nashua Assessing Department did not want to have any contact with Ortolano anywhere other than within the Nashua Assessing Department for matters involving Assessing. I informed Ortolano that people that did not wish to have any contact with her outside of their office were Greg Turgiss (DOB: ), Gary Turgiss (DOB: ), Douglas Dame (DOB: ), Michael Mandile (DOB: ), Louis Brown (DOB: ), Lynn Cameron, Amanda Mazerolle (DOB: ), and Kimberly Kleiner.

Upon being told this Ortolano asked me if what I was doing was legal. I informed Ortolano that me informing her that specific people did not want to have any contact with her was legal and was also something that is commonly done by the Nashua Police Department in an attempt to proactively prevent crimes from occurring. I explained to Ortolano now that she had been warned that these specific people did not want to have any contact with her outside of the assessing department there was the potential that if she did have contact with the previously listed individuals that she could face criminal charges depending on the circumstances of this contact. Ortolano said she understood and expressed to me that she did not foresee their being any further issues with this.

Ortolano then began reiterating several of the issues she had previously reported to the Nashua Police Department and multiple other agencies involving her concerns with the Nashua Assessing Department. This transitioned into Ortolano expressing her concerns with the Nashua Police Department's investigation into this incident and her feeling that the Nashua Police Department was not an impartial party. Ortolano then began making accusations that the Nashua Police Department would attempt to cover up any wrong doing by the Nashua Assessing Department or City Hall. Both I and Sergeant Hudon attempted to explain to Ortolano that the Nashua Police Department does not answer to Nashua City Hall or the Nashua Assessing Department. We explained that the Nashua Police Department answers to a board of Police Commissioners that are appointed by the Governor of the State of New Hampshire. Ortolano did not appear satisfied with this answer and informed me that she felt another agency such as the New Hampshire Attorney General's Office should investigate her concerns. I informed Ortolano that I would not have any issue with that however she had already made the Attorney General's office aware of her concerns and it was their decision to make whether or not they became involved in this investigation not the Nashua Police Department's decision.

During my contact with Ortolano she also inquired if she could have copies of the reports from the Nashua Police Department's investigation into the Nashua Assessing Department. I informed Ortolano that the reports would be available through our records department once the investigation was complete and the reports are approved. I further informed Ortolano that I did not have a timeframe to provide her with as to when the investigation would be complete.

Prior to ending my conversation with Ortolano I asked if she had anything new to report to me at that time.

NPD-LO-209

## Nashua Police Department
### 2019-09-20 1600HRS CONTACT W/ SUSAN PIERCE
Ref: 19-46336-OF

Page: 1

Ortolano laughed and stated that she had many concerns but nothing new to report at that time. With Ortolano not have any further information to provide me with at that time and with the warning already being delivered to her I ended my contact with Ortolano.

    A call number, 19-63773 was generated to document that a warning was given to Ortolano not to have contact with employees of the Nashua Assessing Department during this contact with her. The call notes were later added to this case file for case inclusion.

DETECTIVE LOMBARDI D16

NPD-LO-210