LO   Exhibit A-16

On October 31, 2019 at approximately 0916 hours Detective Lieutenant Mederos informed me that the Nashua Assessing Department had received information of someone possibly impersonating a Nashua Assessing Department Assessor. Upon being informed of this information I contacted the Director of Administrative Services at Nashua City Hall, Kimberly Kleiner (DOB: ▮).

In speaking with Kleiner she explained that residential assessor, Gary Turgiss (DOB: ▮) had responded to 4 Coventry Road the previous day to conduct an assessment of that property as it had recently been sold on July 30, 2019. Kleiner said that when Gary was speaking with the property owner they informed him of a female that had previously been at his residence in September of that year. The property owner said the female claimed to be working for the Nashua Assessing Department and had been taking pictures of his residence. Kleiner said that the description the resident provided Gary of this female matched that of Nashua resident, Laurie Ortolano (DOB: ▮).

When asked, Kleiner stated that Ortolano had not previously requested a property card or any information for 4 Coventry Road. Kleiner advised that she was unaware of any connection 4 Coventry Road to could have to the concerns Ortolano had previously raised with the Assessing Department. Kleiner said that Gary was not a work that day however she provided me with the name of the resident from 4 Coventry Road, which was Gary Grant (DOB: ▮).

Shortly after speaking with Kleiner I made contact with Grant via telephone. In speaking with Grant he agreed to respond to the Nashua Police Department to provide me with a statement in reference to this incident as well as provide me with screen shots of the vehicle this female had been driving during this incident, which he described as a white sedan.

DETECTIVE LOMBARDI D16

On October 31, 2019 at approximately 1011 hours I made contact with City of Nashua Director of Administrative Services Kimberly Kleiner (DOB: ▮▮▮▮▮▮). In speaking with Kleiner she informed me that the State of New Hampshire Board of Tax and Land Appeals (BTLA) had come to a decision in reference to the hearing it had conducted on August 6, 2019. Kleiner said that the BTLA had basically decided that the City of Nashua needed to complete a full measure and list by 2022. Kleiner informed me that she would have her administrative assistant email me a copy of the ruling. I received this order from Kleiner's office at approximately 1022 hours. A copy of this email was later added to this case file for case inclusion.

At approximately 1120 hours I contacted the BTLA and requested a copy of the order involving the decision made in reference to the hearing that had been held on August 6, 2019 involving the Nashua Assessing Department. At approximately 1553 hours I received an email with an attached copy of this order from the BTLA. Copies of this email and order were later added to this case file for case inclusion. The order that I received from the BTLA was exactly the same as the one that was provided to me by Kleiner's office.

In reviewing the order which was listed as BTLA docket number 29261-19RA it basically stated that the City of Nashua would be required to conduct a full measure and list of all of the properties within Nashua by 2022. The City of Nashua would further be required to update the BTLA of the progress with this full measure and list at least every three months to insure it is being completed.

The order also notes that the City of Nashua's policy and procedures manual is deficient in the data collection section. The order states that residential property procedures need to be added to this section and that the section in general needs to be updated and maintained moving forward. The order did not document any further issues or changes that needed to be made within the Nashua Assessing Department.

DETECTIVE LOMBARDI D16

Nashua Police Department   Page: 1
2019-10-17 1142HRS CONTACT W/ ATTORNEY STEVE BOLTON
Ref: 19-46336-OF

On October 31, 2019 at approximately 1140 hours I responded to the front lobby of the Nashua Police Department where I made contact with Gary Grant (DOB: ). After being signed in as a visitor Grant was escorted upstairs to CID interview room #1. Once in the interview room Grant was provided with a Nashua Police Department Victim/Witness Background Sheet, which he completed. Copies of this form were later added to this case file for case inclusion.

At approximately 1151 hours I started audio and video recording my conversation with Grant. I began our conversation by confirming Grant was aware our conversation was being audio and video recorded. I further confirmed that he was providing a statement voluntarily and that he was currently not under the influence of any drugs or alcohol.

In speaking with Grant he explained that on September 19, 2019 at approximately 0830 hours he looked out the bathroom window of his residence, located at 4 Coventry Road and observed a female in a newer four door white sedan traveling very slowly down his street while looking at his residence. Grant said that due to recent issues he had with his ex he took notice of this vehicle.

Grant said the vehicle came to a stop in front of his residence and the female occupant began taking photographs of Grant's residence with her cell phone, while still seated in her vehicle. Grant said that he opened his window and asked the female what she was doing. Grant said the female told him that she was assessing his property and that she worked for a real estate agency but did not state which agency she worked for. Grant said he attempted to go outside to talk with this female but she drove away before he could get outside.

Grant described the vehicle as a newer white four door sedan. Grant described the female as white with short blond hair in her forties or fifties with a heavier set face and said she was wearing glasses. Grant further stated that there was really nothing distinct about the female. Grant said that he had never seen this female before nor has he seen her since that day.

Grant said that shortly after this incident occurred he reached out to his neighbor William MacDonald (DOB: ) of 6 Coventry Road because his neighbor had exterior surveillance cameras. Grant said that his neighbor was able to provide him with two screenshots of the female's vehicle driving down their street. The screenshots were date and time stamped. One screenshot was from September 19, 2019 at 0832 hours and the other was from September 19, 2019 at 0834 hours.

In viewing the screenshots I observed a newer white four door sedan. Based on the camera angle and video quality I was unable to observe a license plate number or determine the make or model of the vehicle. Furthermore I was unable to view the occupant of the vehicle at all. Gary later forwarded me copies of these screenshots that were later added to this case file for case inclusion.

Grant said that the previous day he had been at home when Nashua Assessor Gary Turgiss (DOB: ) showed up at his residence to assess the property because it had recently been sold. Grant said that in talking to Gary he asked him if they had previously sent someone out to take picture and Gary told him that they had not. Grant said that Gary left but came back and asked if the female had been driving a white sedan and Grant told him that she had been. Grant said Gary told him he though he knew who the female was and if she was who he thought she was then she did not have any issue with Grant but rather with Gary and the Nashua Assessing Department.

Based on Grants account of what happened it did not appear that a criminal offence had occurred regardless of who the female in the vehicle had been. With no further questions for Grant and with him not having any further information to provide me with the interview was ended at approximately 1210 hours. After the interview was complete Grant was escorted back to the front lobby of the Nashua Police Department where he was thanked for his time and I ended my contact with him.

A copy of this interview was saved on the Arbitrator software.

DETECTIVE LOMBARDI D16

On November 1, 2019 at approximately 0830 hours I made contact with William MacDonald (DOB: ▮▮▮▮) of 6 Coventry Road. In speaking with MacDonald I asked him if he still had surveillance footage from September 19, 2019. MacDonald said that he would check with his brother-in-law, who set up his security cameras and get back to me. Later that day MacDonald informed me that his surveillance system recording did not go back that far. MacDonald was thanked for his time and ended my contact with him. With no other surveillance footage located in the area I was unable to determine who the white sedan is registered to.

DETECTIVE LOMBARDI D16

On November 1, 2019 at approximately 0942 hours I made contact with Melanie Ekstrom from the State of New Hampshire Board of Tax and Land Appeals (BTLA). In speaking with Ekstrom I inquired with her if the conclusions that were listed in the Order for Reassessment, Docket number 29261-19RA were all that were coming from the BTLA's investigation into the City of Nashua's Assessing Department. Ekstrom confirmed that the BTLA's investigation into the City of Nashua's Assessing Department was complete and they were not looking into any further issues within the Nashua Assessing Department at that time. Ekstrom explained that the docket would remain open to insure the City of Nashua completed a full measure and list of all its properties by 2022 as it stated it would. With no further questions for Ekstrom she was thanked for her time and I ended my contact with her.

DETECTIVE LOMBARDI D16

On November 1, 2019 at approximately 1235 hours I made contact with Nashua Assessor Gary Turgiss (DOB: ▮). In speaking with Gary I questioned him in reference to the conversation he had with Nashua resident, Gary Grant (DOB: ▮). Gary said he had been at Grant's residence of 4 Coventry Road to qualify the recent sale of the property. Gary said that in talking to Grant, Grant had asked if they had previously sent someone to his residence to take photographs. Gary told Grant that they had not. Grant told Gary that a female had shown up in September and mentioned something about assessing his property while taking photographs of it. Gary said initially he thought it could have been one of the building inspectors and did not think much of it.

Gary said that after he left Grant's residence he thought more about his conversation with Grant and realized that the person taking pictures could have been Laurie Ortolano (DOB: ▮). Gary said he went back and asked Grant to describe the female and the vehicle she drove. Gary said Grant described the female as white with short blond hair with glasses and said that she had been driving a white "Camry type car".

Gary said that he suspected this could have been Ortolano because his brother, Greg Turgiss (DOB: ▮) had previously informed him that he believed that Ortolano had been driving a white Audi when she had been following him while he was working. A DMV query had previously been conducted and did not list Ortolano or her husband as having any white four door sedans registered to either of them, Audi or otherwise.

With Gary not having any further information to provide me with and with no further questions for him at that time I thanked him for speaking with me and ended my contact with him.

DETECTIVE LOMBARDI D16

On November 18, 2019 at approximately 1228 hours I received an email from Laurie Ortolano (DOB: ▮). In the email Ortolano inquired if a report was available for the warning she received on September 22, 2019 (19-63733). Ortolano also stated that she had been made aware that Attorney Broth had completed his report however she did not believe it had been released to the public.

On November 19, 2019 at approximately 0846 hours I replied to Ortolano's email. I informed Ortolano that call notes from her warning should be available through the Nashua Police Records Department. I further informed Ortolano that I had already reviewed the results of Attorney Broth's report.

Copies of these emails were later added to this case file for case inclusion.

DETECTIVE LOMBARDI D14

Nashua Police Department

Page: 1

2019-11-01 0942HRS CONTACT W/ BTLA

Ref: 19-46336-OF

On December 12, 2019 at approximately 0822 hours I received an email from State of New Hampshire Department of Revenue Administration (DRA) Attorney Peter Roth. In the email Attorney Roth requested a copy of the Police reports that had been generated during this investigation. At approximately 1250 hours I called Roth and left a voicemail message for him requesting a call back.

After not receiving a return call from Attorney Roth I sent him a reply email on December 13, 2019 at approximately 0751 hours. In the email I informed Attorney Roth that because our investigation is still ongoing we were unable to provide him with any reports at that time. I further informed Roth that our investigation was still open in part due to the fact that we were waiting to see if their investigation uncovered any criminal issues that needed to be investigated further by the Nashua Police Department. In this reply email I also inquired if they had a timeframe as to when their report would be completed.

At approximately 0806 hours I received a response email from Attorney Roth advising me that any reports that are generated from their office are confidential and privileged under New Hampshire RSA 21-J:14 and as such they would not be able to provide anything to the Nashua Police Department.

A few more emails are exchanged back and forth between Attorney Roth and I that end with me asking him if he could at least advise me when their investigation into the Assessors from the Nashua Assessing Department is complete so I can determine if I want to apply for a search warrant at that time to obtain information associated with their investigation. As of the time of this report I have not received a reply email from Attorney Roth or anyone from the DRA.

Copies of this email chain were later added to this case file for case inclusion.

DETECTIVE LOMBARDI D14

On 12-12-19 at approximately 1152 hours, I received an e-mail from Laurie Ortolano containing a copy of the Confidential Separation Agreement between the City of Nashua and Cheryl Walley. Ortolano confirmed she received this agreement through a right to know request to City of Nashua. I had previously corresponded with Ortolano regarding the Nashua Police Department's investigation into the City of Nashua's Assessing Department and Ortolano wanted to share a copy of this agreement. See attached e-mail and copy of the separation agreement. I subsequently confirmed with Attorney Celia Leonard of the City of Nashua's Corporate Counsel Office that the City of Nashua was aware that Ortolano had received a copy of this separation agreement through a right to know request.

Lieutenant Daniel Mederos

On December 24, 2019 at approximately 0949 hours I received an email from a "Richard Lehmann" (rick@nhlawyer.com). Attached to the email was a letter from Lehmann Law Office, PLLC. In the letter Lehmann claims that he represents Laurie Ortolano (DOB: ███████). Lehmann begins the letter by stating the letter was written to follow-up on an email Ortolano had sent me on September 23, 2019 in which she requested copies of a Police report regarding an ongoing Nashua Police investigation. The letter says "(See Attached)" presumably referring to the email Ortolano had previously sent however noting further was attached to this letter or email. The letter states that the email Ortolano sent on September 23, 2019 was a request for public records made pursuant to RSA 91-A.

The letter goes on to state that on September 22, 2019 uniformed Officers from the Nashua Police Department responded to Ortolano's residence and issued her a verbal warning *"to cease appearing at the assessing department office"* because members of the assessing department were intimidated and/or threatened by Ortolano.

This portion of the letter is inaccurate. On September 22, 2019 I responded to Ortolano's residence of 41 Berkley Street with Sergeant Ditullio however Ortolano was not home at a that time. Later that day Ortolano responded to the Nashua Police Department where I spoke with her in the front lobby with Sergeant Hudon. During that time I did issue Ortolano a verbal warning not to have any contact with specific members of the Nashua Assessing Department outside of the assessing office. I never informed Ortolano that she could not speak with members of the Nashua Assessing Department in the Nashua Assessing Department office during business hours. This was clarified with her at that time.

The letter goes on to request copies of the "complete investigative file" specifically requesting copies of Police reports written by Officers who went to Ortolano's residence of 41 Berkley Street on September 22, 2019 and statements made about Ortolano by any member of the Nashua Assessing Department.

I have previously told Ortolano on multiple occasions that she would be able to obtain a copy of the reports generated from this investigation once the investigation is complete and the reports have been approved. Furthermore in regards to the verbal warning Ortolano was issued on September 22, 2019 I have previously told Ortolano that she could obtain call notes from that date through the Nashua Police Records Department during regular business hours.

The letter closes by requesting that I notify Lehmann if I plan on releasing any of the requested information to him at that time. On December 26, 2019 at approximately 1350 hours I sent a reply email to Lehmann advising him that the reports will not be released until the investigation into the Nashua Assessing Department is concluded. Copies of these emails and letter were later added to this case file for case inclusion.

DETECTIVE LOMBARDI D14

On January 3, 2020 at approximately 1430 hours I responded to the Nashua Police Evidence Division and signed out the following items that had previously been tagged as evidence;

19-4200-PR ASSESSING DEPARTMENT INFO BINDER

19-4201-PR ASSESSING DEPARTMENT MANUAL

19-4203-PR USB W/ ACTIVITY LOGS

19-4276-PR ORTOLANO'S PACKET FOR NH BTLA HEARING

19-4856-PR SUP INFO FOR ASSESSING DEPARTMENT BINDER

19-4857-PR USB OF GREG TURGISS FIELD/WORK LOGS

19-4985-PR BLUE BINDER FROM LAURIE ORTOLANO

19-4986-PR RED BINDER FROM LAURIE ORTOLANO

19-5206-PR CODE 72 PROPERTY CARDS 2018/2019

Paper copies were made of each of these items except for the two USB drivers, 19-4203-PR and 19-4857-PR. Digital copies of the two USB drives were saved to disks. Both the paper and digital copies were later added to the case file for case inclusion.
On January 7, 2020 the above listed items were submitted back to Evidence per departmental procedure.

DET LOMBARDI

```
                    Nashua Police Department                    Page: 1
              2019-12-12 1152 HRS EMAIL REC FROM L.ORTALANO
       Ref: 19-46336-OF
```

On June 24, 2020 at approximately 1500 hours I began reviewing the transcription of the interview I had previously conducted with Amanda Mazzerolle (DOB: █████) on August 27, 2019. In reviewing the transcription I found it to be accurate and was able to discern several words and phrases that had been listed as unintelligible.

LOMBARDI

On June 25, 2020 at approximately 1500 hours I began reviewing the transcription of the interview I had previously conducted with Gary Grant (DOB: ▮▮▮▮) on October 31, 2019. In reviewing the transcription I found it to be accurate and was able to discern several words and phrases that had been listed as unintelligible.

LOMBARDI