UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,**  )<br>**Plaintiff,**  )<br>  )<br>**v.**  )<br>  )<br>**The City of Nashua,** *et al.*,  )<br>**Defendants.**  )<br>  ) | Civil Action No. 1:22-cv-00326-LM |

### DEFENDANTS BOLTON AND LEONARD'S MOTION TO STRIKE PLAINTIFF'S OBJECTION TO THEIR MOTION FOR SUMMARY JUDGMENT (OR ALTERNATIVELY, DEEM THEIR MATERIAL FACTS ADMITTED)

Defendants Steven A. Bolton, Corporation Counsel for the City of Nashua, New Hampshire, and Celia K. Leonard, a Deputy Corporation Counsel for the City of Nashua, New Hampshire, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rules 1.3, 5.2, 7.1, and 56.1 of the Local Rules of the United States District Court for the District of New Hampshire, move to strike the plaintiff's objection to their motion for summary judgment, or alternatively, deem their material facts admitted, on the following grounds:

1.  Ms. Ortolano filed a 24-page Memorandum of Law, document no. 75-1, in support of her objection to Attorneys Leonard and Bolton's Motion for Summary Judgment.

2.  Ms. Ortolano's Memorandum does not "incorporate a short and concise statement of material facts supported by appropriate record citations" as required by the Local Rules. L.R. 56.1.

3.  Instead, Ms. Ortolano also submitted a 26-page "Affidavit," Exhibit A, document no. 75-2, in which she responds to the material facts set forth in the Bolton and Leonard Motion for Summary Judgment and sets forth "additional evidence."

4. These two filings (without receiving or seeking leave) make Ms. Ortolano's Memorandum of Law in support of her objection a total of 50 pages, twice the allowed limit of 25 pages, in violation of L.R. 7.1(a)(3) ("[e]xcept by prior leave of the court, . . .no memorandum . . . in opposition to[] a dispositive motion shall exceed twenty-five (25) pages.").

5. Moreover, many of the "statements" in Ms. Ortolano's Affidavit are not "supported by appropriate record citations" as required by L.R. 56.1.

> While a party's affidavit is evidence that can support an objection to summary judgment, they must be factually specific and supported by the record. *See Brisbin v. Aurora Loan Servs., LLC*, 679 F.3d 748, 754 (8th Cir. 2012) (holding "self-serving affidavit not sufficiently specific to raise genuine issue of material fact in face of uncontradicted facts in record); *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1063 (9th Cir. 2012) (quoting *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) (Conclusory, self-serving affidavits, lacking detailed facts and any supporting evidence, are insufficient to create a genuine issue of material fact.)). The *Hexcel* court stated that the declarations contained within an affidavit must be made with personal knowledge; otherwise, the evidence is inadmissible. *See Hexcel Corp.*, 681 F.3d at 1063.

*Malave-Torres v. Cusido*, 919 F. Supp. 2d 198, 204 (D.P.R. 2013).

6. In an annotated Exhibit A attached to this motion, Attorneys Leonard and Bolton have identified, through highlighting, some of the statements that are not appropriately supported because they are not within Ms. Ortolano's personal knowledge and do not otherwise cite to the record.

7. "Except as otherwise provided by law, the court may dismiss an action, enter a default, or impose other sanctions it deems appropriate, for any violation of, or failure to comply with, the local rules."  L.R. 1.3(a); *see also* L.R. 5.2 (nonconforming filing may be stricken).

8. Ms. Ortolano's non-compliance with the Court's local rules frustrates both Bolton and Leonard's effort to prepare a reply, and ultimately, the Court's efforts to rule on their Motion

for Summary Judgment.  Notwithstanding this, Attorneys Bolton and Leonard have submitted a reply without prejudice to the relief requested in this motion.

9. The Local Rules concerning summary judgment seek to provide an efficient and orderly procedure for resolution of these complex motions.  By failing to comply with the rules, Ms. Ortolano has made this already complex motion practice more complex, inefficient, and costly for both opposing parties and the Court.

10. Accordingly, Attorneys Bolton and Leonard request that the Court strike the objection, or alternatively, deem their material facts admitted.  L.R. 56.1 ("All properly supported material facts set forth in the moving party's factual statement may be deemed admitted unless *properly* opposed by the adverse party.") (emphasis added).

11. Due to the nature of the relief requested, assent from the plaintiff was not sought.

12. No brief or memorandum of law is necessary in support of this motion, as it is addressed to the discretion of the Court in accordance with applicable rules.

WHEREFORE, Attorneys Bolton and Leonard respectfully request that:

A. The Court grant this motion to strike plaintiff's objection to their motion for summary judgment or alternatively, deem their material facts admitted; and

B. For such other and further relief as the Court may deem appropriate.

Respectfully submitted,

**Steven A. Bolton and Celia K. Leonard,**

By their Counsel,

**UPTON & HATFIELD, LLP,**

Date:  May 8, 2024

/s/ Russell F. Hilliard
Russell F. Hilliard
NHBA #1159
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

Brooke Lovett Shilo
NHBA #20794
10 Centre Street; PO Box 1090
Concord, NH 03302-1090
(603) 224-7791
bshilo@uptonhatfield.com

### CERTIFICATE OF SERVICE

   I hereby certify that a copy of the foregoing was this day forwarded to all counsel of record through the Court's E-filing system.

/s/ Russell F. Hilliard
Russell F. Hilliard