UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-00326-LM |
| ) | |
| **The City of Nashua,** *et al.*, ) | |
| **Defendants.** ) | |
| ) | |

**DEFENDANTS BOLTON AND LEONARD'S REPLY TO PLAINTIFF'S OBJECTION TO THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants Steven A. Bolton, Corporation Counsel for the City of Nashua, New Hampshire, and Celia K. Leonard, a Deputy Corporation Counsel for the City of Nashua, New Hampshire, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7.1(e)(1) of the Local Rules of the United States District Court for the District of New Hampshire, respectfully submit this reply to Plaintiff's objection to their motion for summary judgment (without prejudice to their pending motion to strike the objection) as follows:

**Introduction**

Attorneys Bolton and Leonard's summary judgment motion is well-supported by the undisputed facts and law, demonstrating that no genuine issue of material fact exists, and they are entitled to judgment as a matter of law on the remaining counts of the Plaintiff's complaint — alleged retaliation for exercising first amendment rights on January 22, 2021 and July 22, 2022.

In sum, the Plaintiff pled guilty to criminal trespass in the first incident, and was not arrested in the second (indeed, it was she who called the police on that occasion). There is no

evidence that either Bolton or Leonard has any authority over the Nashua Police Department. *See* Bolton Affidavit, ¶10; Carignan Affidavit, ¶9; Plaintiff's Exhibit A, Ortolano Affidavit.

The Plaintiff's objection includes many incompetent and irrelevant materials, as well as arguments based on counts previously dismissed, such as Count 5 based on access to governmental proceedings and records and limited by the litigation and other privileges.[1]

When thoroughly scrutinized, nothing remains in the objection justifying a trial of Counts 1 and 2.

**Argument**

1.      Plaintiff claims that Defendants' focus on her illegal conduct on January 22, 2021, that resulted in her arrest, guilty plea, and conviction, "suggests that they believe either that Ortolano did not allege protected speech predating January 22, 2021, or that the law does not permit the Court to consider speech prior to that occurring on the day of her arrest." This misapprehends the defendants' arguments.

2.      There is no dispute that Plaintiff may have engaged in protected speech on a number of occasions prior to January 22, 2021 (as she did frequently thereafter, *see* Bolton Affidavit, ¶¶13-14).

3.      However, prior exercise of protected speech does not excuse a future crime committed by Plaintiff, shield her from the consequences of such crime, or permit such criminal conduct to be the subject of a retaliation claim. Plaintiff asserts that, because she engaged in protected speech prior to January 22, 2021, her arrest in January 2021 must have been a result of

---

[1] For example, Exhibits A-2, A-12, A-13, A-14, and A-16 relate to events in 2018 and 2019 that have no bearing on Counts 1 and 2 against Bolton and Leonard; Exhibits A-9, A-10, and A-11 are self-published internet statements of the Plaintiff and thus incompetent; A-1, A-3, and A-15 relate to litigation and are thus privileged; and the cited excerpts of the deposition of then Chief Carignan attribute actions and words to Bolton based on reports of others and are thus hearsay.

her prior protected speech, rather than her criminal trespass. However, Plaintiff offers no evidence to support this contention. *See* Plaintiff's Exhibit A, Ortolano Affidavit. Thus, this count does not warrant a jury trial.

4. Moreover, despite Plaintiff's attempts to minimize the severity of her conduct on January 22, 2021, Plaintiff did not simply "wait in the lobby area for someone to assist her and [sit] on the floor" as she claims.

5. The undisputed evidence, including a picture of the conduct, shows that Plaintiff forcibly entered the locked Legal Department, which is not open to the public and is a condensed space, sat down on the floor, blocking Defendant Leonard's office, all the while refusing to leave. At the time of Plaintiff's criminal trespass, Plaintiff was in active litigation with members of the Nashua Legal Department, including Attorney Leonard. *See* Leonard Affidavit, ¶¶6-7; Lloyd Affidavit, ¶¶3-7; Pl.'s Obj. to Defs.' Mem. in Supp. Defs.' Mot. Summ. J., doc. no. 75-1, ¶18; Exhibit A, BOLTON 021-22 (pictures produced to Plaintiff through discovery).

6. Plaintiff claims that "but for the insistence of defendants Bolton and Leonard . . . Ortolano would not have been arrested." But this is mere speculation and the record shows that Plaintiff's own actions led to her arrest for criminal trespass, a crime to which she pled guilty. A plaintiff "cannot rely on speculation to avoid summary judgment. And [the Court] need not accept her version of events if it is 'blatantly contradicted' by the evidence." *Medina-Rivera v. MVM, Inc.*, 713 F.3d 132, 136 (1st Cir. 2013) (cleaned up).

7. While Defendant Bolton, and Defendant Leonard (who was a victim of Plaintiff's criminal trespass), may have expressed their disappointment with the Nashua Police Department's initial decision not to arrest Plaintiff[2], Chief Carignan was clear that neither Bolton

---

[2] Additionally, statements (including prelitigation statements) made in the course of judicial proceedings are absolutely privileged from civil actions. *McGranahan v. Dahar*, 119 N.H. 758, 763, 769 (1979).

or Leonard were the cause of the Police Department's decision to arrest her: "I remember the conversation with Bolton, and we held firm that we weren't going to pursue charges." Carignan Dep., doc. no. 76, at 88:16-20.

8. Plaintiff claims that Leonard "changed her story in a new police statement . . . and requested that [Plaintiff] be arrested for trespass" (a hearsay claim belied by the affidavit in support of the arrest warrant, Exhibit A-4, ¶8, at p. 4), and that Chief Carignan "supported that decision." Doc. no. 75-1 at 9-10. However, Plaintiff makes this jump while mischaracterizing Chief Carignan's Affidavit, doc. no. 71-17, and deposition testimony. *See* Carignan Affidavit, ¶¶8-10; Carignan Depo., doc. no. 76, at 90:16-24. In fact, Chief Carignan stated he "supported" the decision to arrest Plaintiff because of her "admission of committing the crime" when she "went on her social media post and admitted to refusing to obey" the directions of those in the legal department to leave. Carignan Dep., doc. no. 76, at 90:16-24.

9. Neither Bolton nor Leonard were responsible for Plaintiff's arrest, and Plaintiff's reliance on *Nieves* is misplaced. While Ortolano has a free speech right to post on social media, free speech cannot be used as a shield to avoid consequences of committing, and admitting to, a crime. Plaintiff's *Nieves* argument ignores Chief Carignan's testimony: the Nashua Police Department's decision to arrest Plaintiff did not come until she admitted that she committed the crime on social media. The Nashua Police Department did not arrest plaintiff for her actions on January 22, 2021 until that additional information came to light.[3]

---

[3] Even Plaintiff's counsel admitted that "there are exceptions" to the Nashua Police Department's general rule that, when the police show up, order the perpetrator to leave, and the perpetrator cooperates and leaves, the perpetrator will not be arrested. Carignan Dep., doc. no. 76, at 65:21-25-66:1-3. The exception in this case is that Plaintiff later admitted to the elements of criminal trespass in a social media post. Additionally, when told that if she attended City Hall without an appointment in the future, she could be arrested for criminal trespass, she told officers that "she would probably be arrested as she would be back." Leonard Affidavit, ¶10.

10.     The fact that Plaintiff later admitted on social media to committing criminal trespass (and later pleading guilty to the crime) distinguishes Plaintiff's case from those trespass instances provided in Plaintiff's Exhibit B.

11.     Plaintiff's application of the *Lozman* exception is similarly unsupported, as it does not apply to Bolton nor Leonard, because, while Plaintiff may be "pursuing her claims against the City on a *Monel* claim," Bolton and Leonard are not the City of Nashua, and therefore, the *Lozman* exception is not applicable to Plaintiff's claims against Bolton and Leonard.  *See Lozman v. City of Riviera Beach*, 585 U.S. 87, 88 (2018) ("In a §1983 case, a city or other local governmental entity cannot be subject to liability unless the harm was caused in the implementation of "official municipal policy.") (internal quotations and citations omitted).

12.     Finally, because Bolton and Leonard have no control over prosecutor Alyssa Kuehne, (a police prosecutor employed by the Nashua Police Legal Department) (*see* Bolton Affidavit, ¶10; Carignan Affidavit, ¶9), and Chief Carignan testified that it was Plaintiff's social media post, and not any action by Bolton nor Leonard, that led to her arrest, and Plaintiff has not provided any evidence to establish a genuine dispute of fact, the retaliation investigation exception is irrelevant.

13.     As noted in Defendant Bolton and Leonard's Motion for Summary Judgment, the Plaintiff was not arrested as a result of the July 2022 incident, and, in fact, called the police herself.  Plaintiff provides no record evidence to support her claims that this incident "cause[d] harm to [the Plaintiff]," or how it "chill[ed] her ability to engage in public meetings and the like."  *See* Bolton Affidavit, ¶¶7, 11; Plaintiff's Exhibit A, Ortolano Affidavit.

**Conclusion**

For the reasons set forth in their motion and this reply, Defendants Bolton and Leonard respectfully request that the Court grant their Motion for Summary Judgment.

Respectfully submitted,

**Steven A. Bolton and Celia K. Leonard,**

By their Counsel,

**UPTON & HATFIELD, LLP,**

Date:  May 8, 2024

/s/ Russell F. Hilliard
Russell F. Hilliard
NHBA #1159
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

Brooke Lovett Shilo
NHBA #20794
10 Centre Street; PO Box 1090
Concord, NH 03302-1090
(603) 224-7791
bshilo@uptonhatfield.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was this day forwarded to all counsel of record through the Court's E-filing system.

/s/ Russell F. Hilliard
Russell F. Hilliard