UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| **Laurie Ortolano,** ) | |
|         **Plaintiff** ) | |
| ) | |
| v. ) | Civil Action No. 22-cv-00326-LM |
| ) | |
| ) | |
| **The City of Nashua, et al.,** ) | |
|         **Defendants** ) | |

### PLAINTIFF'S SURREPLY TO DEFENDANT BOLTON AND LEONARD'S MOTION FOR SUMMARY JUDGMENT

The plaintiff, Laurie Ortolano ("Ortolano") files this Surreply in accordance with Rule 7.1(e)(3) of the Local Rules of the United States District Court for the District of New Hampshire, and with the understanding that a surreply "should be filed only in exceptional circumstances." Ortolano will only address two issues the defendants raised for the first time in their Reply Memorandum.

1. <u>The claim that the plaintiff's Objection includes "many incompetent and irrelevant materials.</u>" Rather than wait for the close of discovery and the compilation of a proper discovery record suitable to support motions for summary judgment, defendants Bolton and Leonard filed their Motion for Summary Judgment prior to the close of written discovery and prior to the conduct of any depositions.[1] Without a fully developed discovery record to refer to in her opposition papers, Ortolano was forced to prepare an extensive affidavit setting forth her first-hand observations, and attaching multiple documents. Now, Bolton and Leonard criticize

---

[1] No depositions had been conducted when Bolton and Leonard filed their Motion for Summary Judgment. The depositions of defendants Carignan, Lombardi, and Feoli were conducted shortly before the deadline for Ortolano's Objection to the Bolton/Leonard Motion for Summary Judgment, but the only the transcript produced by that time was for Carignan's deposition. Ortolano's deposition was taken three business days ago, and the Bolton and Leonard depositions were taken today, the day this Surreply was filed.

1

Ortolano for the situation they created. Focusing on matters that properly belong in a Motion to Strike rather than a Reply, they spend little space addressing whether Ortolano's 12 pages/31 paragraphs of evidence set forth in the Concise Statement of Material Facts section at the beginning of her Memorandum of Law failed to demonstrate that there remain genuine disputes as to material fact. Instead, Bolton and Leonard have: (1) filed a separate motion to strike Ortolano's Objection and Affidavit, untenably contending that the LR 7.1(a)(3) and LR 56.1 require that Ortolano's Affidavit be counted within the 25-page limit for a memorandum objecting to dispositive motions,[2] and (2) now claim in their Reply Memorandum that her Objection "includes many incompetent and irrelevant materials." The only specificity Bolton and Leonard provide for the contentions of irrelevance and incompetency is found in notes 1 and 2 on pages 2 and 3 of their Reply Memorandum.

Bolton and Leonard assert that the following Exhibits to the Ortolano Affidavit are irrelevant: "Exhibits A-2, A-12, A-13, A-14, and A-16 relate to events in 2018 and 2019 that have no bearing on Counts 1 and 2 against Bolton and Leonard." Reply Memorandum, at 2 n.1. Although not restating here the shifting burden provided in *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977) and *Guilloty Perez v. Pierluisi*, 339 F.3d 43, 56 (1st Cir. 2003),[3] Ortolano did have to provide evidence demonstrating the satisfaction of the legal elements required therein. *See* F.R. Civ. P. 56. She also had to demonstrate the applicability of two exceptions to the probable cause argument raised by Bolton and Leonard (Memorandum in Support of Motion for Summary Judgment, at 12-13) are applicable to defeat their motion for

---

[2] Ortolano will file an Objection to the defendants' Motion to Strike within 14 days of its filing, as provided in LR 7.1(b).

[3] *See* Ortolano's Memorandum of Law in Support of Her Objection, at 15-16.

summary judgment: (1) the "*Nieves* exception," involving disparate litigation, and (2) the "*Lozman* exception," involving a so-called *Monell* claim.

Exhibits A-2, A-12, A-13 are relevant to Ortolano's claim of a *Lozman* exception: although they do not directly implicate Bolton and Leonard, they provide evidence of a concerted official effort among the defendants, most of whom are high government officials, to retaliate against Ortolano in various ways for seeking access to public documents and criticizing the defendants and others for a lack of transparency in running the Nashua government. Exhibit A-14 is a piece of evidence demonstrating that Ortolano engaged in protected activity critical of Nashua public officials as required under *Mt. Healthy*.

Bolton and Leonard also contend that, "Exhibits A-9, A-10, and A-11 are self-published internet statements of the Plaintiff and thus incompetent." Reply Memorandum, at 2 n.1. Although LR Rule 7.1(a)(2) requires that "[e]very motion and objection shall be accompanied by a memorandum with citations to supporting authorities or a statement explaining why a memorandum is unnecessary," Bolton and Leonard cite no caselaw or other authority supporting their claim that evidence showing that Ortolano engaged in protected speech should be stricken.

2. <u>The defendants' misapplication of the so-called "litigation privilege."</u> Bolton and Leonard did not assert the litigation privilege in their initial memorandum of law. Yet, they raise it in their Reply. In footnote 2 on page 3 of their Reply Memorandum, Bolton and Leonard assert that "statements (including prelitigation statements) made in the course of judicial proceedings are absolutely privileged from civil actions." *McGranahan v. Dahar*, 119 N.H. 758, 763, 769 (1979)." Bolton and Leonard's first attempt to avoid liability under this previously-asserted litigation privilege – their Motion for Judgment on the Pleadings – failed, with this Court ruling: "Defendants offer no support for their implicit position that the very existence of litigation

3

between the parties immunizes all of their temporally proximate statements. Cases applying the privilege demand more." Court's Order dated September 26, 2023, at 12-13. Bolton and Leonard have provided nothing more.

Without any explanation, Bolton and Leornard now seem to contend that Bolton's "express[ion of] . . . disappointment with the Nashua Police Department's initial decision not to arrest Plaintiff" was a statement made in the course of judicial proceedings and are absolutely privileged from civil proceedings." Reply Memorandum, at 3, and at 3 n. 2. But Bolton's "expression of disappointment" was not a statement made in the course of *civil* judicial proceedings; it was made when he learned that the Nashua police would not *arrest* Ortolano.[4] And, when Carignan refused to agree to have Ortolano arrested, he went behind his back by advocating Ortolano's arrest to Captain Brian Kenney of the Nashua Police Legal Department. Exhibit A (Ortolano Affidavit); Exhibit A-5 (Carignan Deposition, at 87-88).[5] Moreover, although police records make clear that Leonard had told the police a week prior to the arrest that Ortolano had not threatened anyone and should not be arrested (only to be "trespassed" and ordered not to come to the Legal Department without an appointment), police records also show that shortly before the arrest, Leonard changed her story in a new police statement to claim Ortolano had been "hostile and threatening," and requested that Ortolano be arrested for trespass, further asserting that this is "in conjunction with recent violent actions against government employees and ORTOLANOs vocal criticism of City Staff and herself at public meetings and

---

[4] Carignan disputed at his deposition that it was an "expression of disappointment;" he testified that Bolton demanded that he cause Ortolano to be arrested. Exhibit A (Ortolano Affidavit); Exhibit A-5 (Carignan Deposition, at 80, 84).

[5] Bolton and Leonard, both party opponents, allege that this constitutes hearsay. It is possible that Bolton's discussions with Captain Kenney came up during their depositions. Even if considered hearsay, to preclude consideration of evidence submitted for or against summary judgment, the objecting party must show that the evidence "*cannot* be presented in a form that would be admissible in evidence." Fed.R.Civ.P. 56(c)(2) (emphasis added). They have made no such showing.

emails was concerning." Exhibit A (Ortolano Affidavit); Exhibit A-4 (Statement of Celia Leonard at 9th page).[6] Furthermore, to the extent the litigation privilege applies at all to pre-litigation communications, the New Hampshire law Bolton and Leonard cite applies only in *civil actions*. The pre-litigation statements Bolton and Leonard seek to immunize here sought to cause Ortolano to be charged in a *criminal action*. Moreover, these statements demonstrate an attempt to retaliate against Ortolano for her criticism of Nashua public officials rather than in pursuit of a "good faith' contemplation that they might be involved in this civil litigation with Ortolano. *See Provencher v. Buzzell-Plourde Assocs.*, 142 N.H. 848, 854-55 (1998).

Dated: May 13, 2024

Respectfully submitted,

Laurie Ortolano, Plaintiff
By her Attorneys,

Olson Lawyers

*/s/* Kurt S. Olson
Kurt S. Olson
Bar ID No. 12518
31 Franklin Rd.
Salisbury, NH 03268
603-748-1960
kolson@mslaw.edu

CERTIFICATE OF SERVICE

I, Kurt S. Olson, hereby certify that this document, filed through the ECF system, will be sent electronically forthwith to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: May 13, 2024

*/s/* Kurt S. Olson
Kurt S. Olson
31 Franklin Rd.
Salisbury, NH 03268
603-748-1960
kolson@mslaw.edu

---

[6] Although Bolton and Leonard claim that the police arrested Ortolano not because they dragooned the police to arrest her, but because Ortolano made a social media post admitting that she trespassed, they: (1) have not presented the claimed social media post in their papers, and (2) the Nashua Police Affidavit submitted to cause Ortolano's arrest makes no reference to a social media post constituting an admission. Exhibit A (Ortolano Affidavit); Exhibit A-4 (Affidavit of Timothy Roach in Support of Arrest Warrant, at pages 3-4).

5