UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| Laurie Ortolano,<br>     Plaintiff<br><br>v.<br><br>The City of Nashua, et al.,<br>     Defendants | )<br>)<br>)<br>)<br>) Civil Action No. 22-cv-00326-LM<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER OBJECTION TO DEFENDANTS BOLTON AND LEONARD'S MOTION TO STRIKE PLAINTIFF'S OBJECTION TO THEIR MOTION FOR SUMMARY JUDGMENT (OR ALTERLATIVELY, DEEM THEIR MATERIAL FACTS ADMITTED)**

I.  INTRODUCTION.

For reasons unknown to the plaintiff, Laurie Ortolano ("Ortolano"), defendants Steven A. Bolton and Celia K. Leonard ("Bolton" and "Leonard") chose to file their Motion for Summary Judgment on April 1, 2024, prior to the deadline for the exchange of written discovery and before any depositions had been conducted in this action.[1] Possessing the most embryonic of discovery records to oppose the motion, Ortolano was forced to create her own pre-discovery record consisting of: (1) Ortolano's extensive affidavit setting forth her personal observations, and attaching 16 exhibits, and (2) an affidavit of a nonparty who had requested police documents through a right-to-know request under N.H. RSA 91-A, with those documents attached. Having

---

[1] Indeed, Defendants Bolton and Leonard served their answers to interrogatories and responses to requests for production of documents on April 1, 2024, just as they were filing their motion for summary judgment. Ortolano had not yet served her answers to interrogatories and responses to requests for production of documents. Ortolano's deposition would not occur until May 8, 2024 and the depositions of defendants Bolton and Leonard would not occur until May 13, 2024.

1

forced Ortolano to create her own record to demonstrate the existence of disputed material facts,[2] Bolton and Leonard now seek to strike Ortolano's affidavit and opposition papers, oddly claiming among other things that her affidavit – the principal portion of the record she was forced to create – is not supported by "appropriate record citations." Bolton and Leonard make the following specific contentions:

1. Ortolano's Memorandum does not provide "a short and concise statement of material facts supported by appropriate record citations." Motion to Strike, ¶ 2, at 1;

2. This Court essentially should consider Ortolano's Memorandum (24 pages) and her Affidavit (26 pages) to be one memorandum that exceeds the 25-page limit under LR 7.1(a)(3). Motion to Strike, ¶¶ 3, 4, at 1-2; and

3. "Some of the statements" in Ortolano's Affidavit "are not within Ms. Ortolano's personal knowledge and do not otherwise cite to the record." Motion to Strike, ¶ 6, at 2.

Bolton's and Leonard's Motion to Strike is untenable and should be denied.

II. ARGUMENT.

A. Contrary to Bolton's and Leonard's Assertions, Ortolano's Memorandum Does "Incorporate a Short and Concise Statement of Material Facts Supported by Appropriate Record Citations."

Bolton and Leonard contend that "Ms. Ortolano's Memorandum does not provide 'a short and concise statement of material facts supported by appropriate record citations' as required by the Local Rules. L.R. 56.1." Motion to Strike, ¶ 2, at p. 1. Rule 56.1(b) of the Local Rules states in its entirety:

> A memorandum in opposition to a summary judgment motion shall incorporate a short and concise statement of material facts, supported by appropriate record citations, as to which the adverse party contends a genuine dispute exists so as to

---

[2] Local Rule 7.1(a)(2) requires that: "Every motion and objection which require consideration of facts not in the record shall be accompanied by affidavits or other documents showing those facts."

require a trial. All properly supported material facts set forth in the moving
party's factual statement may be deemed admitted unless properly opposed by the
adverse party.

If it is Bolton's and Leonard's contention that Ortolano did not provide *any* statement of material facts, they have failed to read Section I of the Ortolano's Memorandum which consists of 31 numbered paragraphs, runs from pages 1 to 12, is entitled, "PLAINTIFF'S CONCISE STATEMENT OF MATERIAL FACTS TO WHICH SHE CONTENDS A GENUINE DISPUTE EXISTS SO AS TO REQUIRE A TRIAL," and tracks the headings of the "Statement of Material Facts," in order, presented in Bolton's and Leonard's Memorandum. *See* Bolton/Leonard Memorandum, ¶¶ 1-36, at 3-10; 15-17.

If Bolton and Leonard contend the problem is that Ortolano's Concise Statement of Material Facts is not "supported by appropriate record citations," they have failed to take note that every one of the 31 paragraphs, but the two numbered 1 and 9, provide specific citations to paragraph numbers and pages of one or both of the two affidavits Ortolano filed and, far more often than not, to one or more of the 16 exhibits attached to the Ortolano Affidavit or the one exhibit attached to the Colquhoun Affidavit. Paragraph 1 is clearly an introductory paragraph, and paragraph 9 is lead-in paragraph to paragraphs 10 to 15.

If it is Bolton's and Leonard's claim that Ortolano's Concise Statement of Material Facts is not "short and concise," it has neglected to take note of the fact that it provides headings that track to the order of alleged facts Bolton and Leonard provided in their Memorandum, constitutes about 12 pages of a 24-page Memorandum and is not significantly longer than the factual allegations set forth in the Bolton/Leonard Memorandum. *Compare* Ortolano Memorandum, at pp. 1-12 *with* Bolton/Leonard Memorandum, at pp. 3-10, 15-17.

B. <u>Ortolano's Memorandum Plainly Does Not Exceed the 25-Page Limit under LR 7.1(a)(3).</u>

The Certificate of Service of Ortolano's Memorandum just seeps onto the 24th and final page of Ortolano's Memorandum. It is clearly less than 25 pages in length. Local Rule 7.1(a)(3) states:

> Except by prior leave of the court, no *memorandum* in support of, or in opposition to, a nondispositive motion shall exceed fifteen (15) pages and no *memorandum* in support of, or in opposition to, a dispositive motion *shall exceed twenty-five (25) pages*.

(Emphasis added.) Nothing in Rule 7.1(a)(3) sets a page limit for affidavits filed with motions for summary judgment or oppositions to motions for summary judgment. Nor does Rule 7.1(a)(3) even remotely suggest that the number of pages comprising affidavits filed in opposition to motions for summary judgment must be included within the page count of the Memorandum filed in opposition to a motion for summary judgment. An affidavit is not a memorandum and Rule 7.1(a)(3) plainly does not apply to affidavits.

The last sentence of Local Rule 56.1(b) states: "All properly supported material facts set forth in the moving party's factual statement may be deemed admitted unless properly opposed by the adverse party." To satisfy this requirement, Ortolano provided evidence demonstrating genuine disputes as to material facts in her Concise Statement of Material Facts, with specific citations to a substantially more detailed statement of evidence in the form of affidavits comprising a record that Ortolano was forced to create because Bolton and Leonard filed their motion for summary judgment prior to the completion of a discovery record. For convenience, Ortolano organized her affidavit to match the headings of her Concise Statement of Material Facts, which in turn she had matched to the headings and facts of the Bolton/Leonard Memorandum. *Compare* Ortolano Memorandum, at pp. 1-12 *with* Bolton/Leonard Memorandum, at pp. 3-10, 15-17. Nothing in Local Rule 56.1(b) requires that each and every bit

of evidence Ortolano possesses showing a genuine dispute of material facts has to be placed in the "Concise Statement of Material Facts" section of the memorandum opposing summary judgment. Indeed, Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure requires a party opposing summary judgment to reference evidence outside of the memorandum of opposition:

> A party asserting that a fact . . . is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, *documents*, electronically stored information, *affidavits* or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

(Emphasis added.) Requiring a party opposing summary judgment to place all her opposing evidence in the Concise Statement of Material Facts section of her memorandum, as Bolton and Leonard seem to claim was required here, borders on the absurd given the factually complex cases commonly litigated in the federal district courts.

  C. <u>Ortolano's Affidavit Is Supported by Citations to the 16 Exhibits Attached thereto, and Her Statements of Personal Observations Contained therein Need No Documentary Support</u>.

Bolton and Leonard argue that "many of the 'statements' in Ms. Ortolano's Affidavit are not 'supported by appropriate record citations' as required by L.R. 56.1.'" Motion to Strike, ¶ 5, at 2. They have misconstrued Local Rule 56.1(b). It applies to the opposition "memorandum" and, because the word "affidavit" does not appear within the rule, provides no requirement that "affidavits" must be "supported by appropriate record citations." Indeed, affidavits cannot cite to a record because they are a part of the record to which the memorandum must cite. *See* F.R. Civ. P. 56(c)(1)(A).

Bolton and Leonard then baldly assert "some of the statements . . . are not appropriately supported because they are not within Ms. Ortolano's personal knowledge and do not otherwise

5

cite to the record." Motion to Strike, ¶¶ 5, 6, at p. 2. Instead of specifically pointing to the "some" objectionable portions of the affidavit that support their contentions, they have attached an "annotated" copy of Ortolano's Affidavit as Exhibit A and highlighted "some of the statements" to which they object, leaving the Court to guess whether each highlighted objection is based on a lack of personal knowledge or a lack of citation to the record; or, if based on a lack of personal knowledge, how and why Ortolano fails to have the requisite personal knowledge to have included it in her affidavit. This is not a serious effort to support a motion to strike and should be rejected out-of-hand.[3] To preclude consideration of evidence submitted for or against summary judgment, the objecting party must show that the evidence "*cannot* be presented in a form that would be admissible in evidence." Fed.R.Civ.P. 56(c)(2) (emphasis in original). *See Chase v. Corning*, 2014 WL 5511117 at *3 (D. N.H. 2014)(not reported in F. Supp. 3d). Bolton and Leonard have not approached satisfaction of this demanding standard.[4]

---

[3] Rule 7.1(a)(2) requires that "[e]very motion and objection shall be accompanied by a memorandum with citations to supporting authorities or a statement explaining why a memorandum is unnecessary. Bolton and Leonard have not cited any rules of evidence, have provided no factual support that portions of the affidavit were not within Ortolano's personal knowledge, and have cited no other authority supporting its vague claims of incompetent evidence. They ask the Court to guess as to the grounds of each portion of the Ortolano Affidavit they have highlighted, asserting only that "[n]o brief or memorandum of law is necessary in support of this motion, as it is addressed to the discretion of the Court in accordance with applicable rules." Motion to Strike, ¶ 12, at 3. They could not have provided a less supported explanation of why this Court should allow their motion to strike.

[4] Without going through all of the portions of Ortolano's Affidavit that Bolton and Leonard have highlighted, the first few highlights demonstrate the weakness of these claims. The first highlighted section on page 2 of Exhibit A describes an exhibit that Ortolano attached to the Affidavit as Exhibit A-1. She is clearly referring to a document cited in the record. The second highlighted section in the next paragraph on page 2 follows Ortolano's introduction of Exhibit A-2 (an Assessing Department agenda directing Assessing Department employees not to service Ortolano in the Assessing Department) and, referring to the exhibit, states that, "[i]n practice, the Assessing Department staff employed this directive to prevent me from accessing any of the public assessing files on the spot unless they pertained to my own property." Since Ortolano had just authenticated the exhibit, she clearly cited to it, and since she was present when she was denied access to assessing records, she clearly had personal knowledge of how the directive was applied to her. Defendants Bolton and Leonard have not met their burden under Fed. R. Civ. P. 56(c)(2).

6

    D.  <u>To the Extent There Has Been Anything other than an "Efficient and Orderly Procedure for Resolution" of Defendants Bolton and Leonard's Motion for Summary Judgment, Such Has Been Caused by Their Attempt to Slide Through a Motion for Summary Judgment Prior to the Completion of a Full Discovery Record</u>.

Bolton and Leonard complain that,

> [t]he Local Rules concerning summary judgment seek to provide an efficient and orderly procedure for resolution of these complex motions. By failing to comply with the rules, Ms. Ortolano has made this already complex motion practice more complex, inefficient, and costly for both opposing parties that the Court.

It was not Ortolano who filed the motion for summary judgment knowing that completion of written discovery and the depositions of the parties lay just ahead. It was not Ortolano who tried to obtain some form of strategic advantage by filing a fact-driven dispositive motion prior to the creation of a discovery record. And it was Ortolano, not defendants Bolton and Leonard, who was forced to do extensive and inefficient work to create her own record rather than being able to refer to depositions, deposition exhibits, and document productions that would have been available if defendants Bolton and Leonard had merely waited three or four weeks for a complete discovery record before filing their motion for summary judgment. Their grievance is misdirected.

    III.    C<small>ONCLUSION</small>.

For the foregoing reasons, the plaintiff, Laurie Ortolano, respectfully submits that the Motion to Strike of Defendants Bolton and Leonard should be denied.

Dated: May 22, 2024 　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　Laurie Ortolano, Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　By her Attorneys,

　　　　　　　　　　　　　　　　　　　　　　　Olson Lawyers

　　　　　　　　　　　　　　　　　　　　　　　*/s/* Kurt S. Olson
　　　　　　　　　　　　　　　　　　　　　　　Kurt S. Olson
　　　　　　　　　　　　　　　　　　　　　　　Bar ID No. 12518
　　　　　　　　　　　　　　　　　　　　　　　31 Franklin Rd.
　　　　　　　　　　　　　　　　　　　　　　　Salisbury, NH 03268
　　　　　　　　　　　　　　　　　　　　　　　603-748-1960
　　　　　　　　　　　　　　　　　　　　　　　kolson@mslaw.edu


## CERTIFICATE OF SERVICE

　　　I, Kurt S. Olson, hereby certify that this document, filed through the ECF system, will be sent electronically forthwith to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: May 22, 2024 　　　　　　　　　　　　　*/s/* Kurt S. Olson
　　　　　　　　　　　　　　　　　　　　　　　Kurt S. Olson

8