UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano | : |
| | : |
| v. | : Civil Action No. 22-cv-00326-LM |
| | : |
| The City of Nashua, et al. | : |

**DEFENDANT MICHAEL CARIGNAN'S
MOTION FOR SUMMARY JUDGMENT**

Now comes Defendant Michael Carignan, through counsel, and pursuant to Fed. R. Civ. P. 56 moves for Summary Judgment on all remaining claims in Plaintiff's Complaint. In support hereof, Defendant relies upon the accompanying Memorandum of Law and further states as follows:

1. Plaintiff initiated this action by Verified Complaint dated August 23, 2022, naming as Defendants the City of Nashua, its Mayor, and several of its current and former employees, including former Chief of Police Michael Carignan.

2. Although the Complaint originally included ten counts, including due process, state constitutional, and emotional distress claims, after this Court ruled on the various Defendants' Motions for Judgment on the Pleadings [Doc. Nos. 58, 60 & 61], Plaintiff reduced her claims to just four. *See* Stipulation of Dismissal [Doc. No. 63].

3. Of these, only two ostensibly relate to this Defendant:

Count I: Claim pursuant to 42 U.S.C. § 1983, asserting that Defendants violated Plaintiff's First Amendment rights by "restricting, regulating, suppressing, or chilling" her speech and/or retaliating against her on account of her speech; and

Count II: Claim pursuant to 42 U.S.C. § 1983, asserting that Defendants violated Plaintiff's First Amendment right to petition by taking adverse action

against her on the basis of her exercise of that right.

4. The undisputed facts establish that Plaintiff cannot succeed on either claim as to this Defendant.

5. "It is by now axiomatic that the doctrine of *respondeat superior* does not apply to claims under section 1983." *Gaudreault v Salem, Mass.*, 923 F.2d 203, 209 (1st Cir. 1990) (citing *Voutour v. Vitale*, 761 F.2d 812, 819 (1st Cir. 1985)).  A municipality or its supervisory personnel can be held liable for the constitutional misconduct of its employees **only** on the basis of an "affirmative link" between their acts and those of the offending employee.  *Id*.  Moreover, supervisors can be held liable only where their own acts or omissions amount at the least to "reckless" or "callous" indifference to the constitutional rights of others.  *Id.* (citing *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 562 (1st Cir. 1989)).

6. Plaintiff cannot show that any officer of the Nashua Police Department violated her rights.  However, even if she could, she could not attach liability for such violations to Chief Carignan where he did not directly oversee or take any actions concerning the decisions to warn Plaintiff regarding her contacts with Assessing Department staff nor to charge and arrest her for trespass for refusing to leave the Legal Department at City Hall.

7. As such, Defendant is entitled to judgment as a matter of law.

WHEREFORE, Defendant respectfully requests that this Court:

A. Grant this Motion;

B. Enter Judgment on all claims against Defendant Carignan; and

C. Grant such further relief as justice requires

Respectfully submitted,

**MICHAEL CARIGNAN**

By his attorneys

CULLEN COLLIMORE SHIRLEY PLLC

Dated:  May 30, 2024               By: /s/ Brian J.S. Cullen
                                   Brian J. S. Cullen (Bar No. 11265)
                                   37 Technology Way, Suite 3W2
                                   Nashua, NH  03060
                                   (603) 881-5500
                                   bcullen@cullencollimore.com

## **CERTIFICATE OF SERVICE**

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:  May 30, 2024               By: /s/ Brian J.S. Cullen
                                   Brian J.S. Cullen