UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| Laurie Ortolano | : | |
| | : | |
| v. | : | Civil Action No. 22-cv-00326-LM |
| | : | |
| The City of Nashua, et al. | : | |

### DEFENDANT CITY OF NASHUA'S
### MOTION FOR SUMMARY JUDGMENT

Now comes Defendant City of Nashua, through counsel, and pursuant to Fed. R. Civ. P. 56 moves for Summary Judgment on all remaining claims in Plaintiff's Complaint. In support hereof, Defendant relies upon the accompanying Memorandum of Law, the arguments set forth in the Motions previously filed by Defendants Bolton, Carignan, Kleiner, Leonard, and Lombardi, and further states as follows:

1.     Plaintiff initiated this action by Verified Complaint dated August 23, 2022, naming as Defendants the City of Nashua, its Mayor, and several of its current and former employees.

2.     Although the Complaint originally included ten counts, including due process, state constitutional, and emotional distress claims, after this Court ruled on the various Defendants' Motions for Judgment on the Pleadings [Doc. Nos. 58, 60 & 61], Plaintiff reduced her claims to just four. *See* Stipulation of Dismissal [Doc. No. 63].

3.     Of these, only two relate to this Defendant:

Count I:  Claim pursuant to 42 U.S.C. § 1983, asserting that Defendants violated Plaintiff's First Amendment rights by "restricting, regulating, suppressing, or chilling" her speech and/or retaliating against her on account of her speech; and

Count II: Claim pursuant to 42 U.S.C. § 1983, asserting that Defendants violated Plaintiff's First Amendment right to petition by taking adverse action

against her on the basis of her exercise of that right.

4.      The undisputed facts establish that Plaintiff cannot succeed on either claim as to this Defendant.

5.      At the outset, if Plaintiff cannot prove an underlying violation of her rights, the City is entitled to summary judgment as a matter of law on the derivative claims under 42 U.S.C. § 1983.  *See Wilson v. Town of Mendon*, 294 F.3d 1, 7 (1st Cir. 2002) ("Without a finding of a constitutional violation on the part of a municipal employee, there cannot be a finding of section 1983 damages liability on the part of the municipality.").  As set forth in the respective motions of the individual City Defendants and further supported in the attached Memorandum of Law, Plaintiff cannot satisfy that burden.

6.      Ever were there an underlying violation, however, Plaintiff's claim against the City would fail.  "It is by now axiomatic that the doctrine of *respondeat superior* does not apply to claims under section 1983."  *Gaudreault v Salem, Mass.*, 923 F.2d 203, 209 (1st Cir. 1990) (citing *Voutour v. Vitale*, 761 F.2d 812, 819 (1st Cir. 1985)).  A municipality or its supervisory personnel can be held liable for the constitutional misconduct of its employees **only** on the basis of an "affirmative link" between their acts and those of the offending employee.  *Id*.  To do so, Plaintiff must establish that:

> (1) a municipal policymaker intentionally adopted a policy, implemented a training protocol, or allowed a custom to develop; (2) the challenged policy, training protocol, or custom caused a violation of federally protected rights; and (3) the policymaker acted with at **least deliberate indifference to the strong likelihood that a violation of federally protected rights will result from the implementation of the policy, training, protocol, or custom**.

*Penney v. Town of Middleton*, 888 F. Supp. 332, 340 (D.N.H. 1994) (emphasis added).

7.      Of the underlying acts of which Plaintiff complains, only one (Lombardi's issuance of a verbal "no contact" warning) could be considered a policy or custom of the City, and Plaintiff

cannot show that it was adopted with deliberate indifference to her rights given the apparent lack of judicial authority criticizing the approach.

8.      Under these circumstances, Defendant is entitled to judgment as a matter of law.

WHEREFORE, Defendant respectfully requests that this Court:

A.  Grant this Motion;

B.  Enter Judgment on all claims against the City; and

C.  Grant such further relief as justice requires

Respectfully submitted,

**THE CITY OF NASHUA**

By its attorneys

CULLEN COLLIMORE SHIRLEY PLLC

Dated:  May 31, 2024             By: /s/ Brian J.S. Cullen
                                 Brian J. S. Cullen (Bar No. 11265)
                                 37 Technology Way, Suite 3W2
                                 Nashua, NH  03060
                                 (603) 881-5500
                                 bcullen@cullencollimore.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:  May 31, 2024             By: /s/ Brian J.S. Cullen
                                 Brian J.S. Cullen