UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano, ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 22-cv-00326-LM |
| ) | |
| ) | |
| The City of Nashua, et al., ) | |
| Defendants ) | |

**PLAINTIFF'S SURREPLY IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS BOLTON AND LEONARD'S MOTION TO STRIKE PLAINTIFF'S OBJECTION TO THEIR MOTION FOR SUMMARY JUDGMENT (OR ALTERNATIVELY, DEEM THEIR MATERIAL FACTS ADMITTED)**

The plaintiff, Laurie Ortolano ("Ortolano") files this Surreply in accordance with Rule 7.1(e)(3) of the Local Rules of the United States District Court for the District of New Hampshire.

1. Once again, defendants Bolton and Leonard have made an oblique filing that only hints at the grounds upon which it seeks to strike the Ortolano's Memorandum and Affidavit filed in opposition to their Motion for Summary Judgment.

2. Ortolano is aware of Rule 56(d) of the Federal Rules of Civil Procedure and is unsure why defendants Bolton and Leonard are raising it here. Neither her Objection to the Bolton/Leonard Motion for Summary Judgment nor her Objection to their Motion to Strike argued that she "cannot present facts essential to justify its opposition." F. R. Civ. P. 56(d). To the contrary, she complained that the Bolton and Leonard strategy had forced her to garner substantial evidence prior to the completion of discovery and present it in a lengthy affidavit supported by many attached documents, only to face an unexplained and plainly wrong argument

1

that the affidavit must be included within her Memorandum's page count under Local Rule 7.1(a)(3). Ortolano's Memorandum Objecting to the Motion to Strike, at 1, 4, 7.

3. The plaintiff has revisited her Memorandum and Affidavits in an attempt to discern the defendants' specific grounds to strike and sees that there is language in the first two pages of the Memorandum to the effect that it is incorporating the two supporting affidavits with their exhibits by reference. In an abundance of caution, Ortolano has redrafted only the "Concise Statement of Facts " of her Memorandum, bringing specific denials and admissions into that section of her Memorandum. Not a single word of any other part of that Memorandum has been altered. The Memorandum cites to the two supporting affidavits and their exhibits, but does not exceed the 25-page limit. The plaintiff will file herewith a Motion to Substitute this version of her Memorandum for that originally filed with the hope that it will assuage the defendants' objections and make this Court's task easier.

Dated: June 5, 2024

Respectfully submitted,

Laurie Ortolano, Plaintiff

By her Attorneys,

Olson & Olson, P.A.

/s/ Kurt S. Olson
Kurt S. Olson
Bar ID No. 12518
31 Franklin Rd.
Salisbury, NH 03268
603-748-1960
kolson@mslaw.edu

CERTIFICATE OF SERVICE

    I, Kurt S. Olson, hereby certify that this document, filed through the ECF system, will be sent electronically forthwith to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: June 5, 2024             */s/* Kurt S. Olson
                                              Kurt S. Olson