UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano,<br>          Plaintiff,<br>v.<br><br>The City of Nashua, New Hampshire, et al.,<br>          Defendants. | No. 22-cv-00326-LM |

**DEFENDANTS INCEPTION TECHNOLOGIES, INC. AND RAYMOND FEOLI'S
OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT**

Plaintiff Laurie Ortolano ("Plaintiff") seeks to default Defendants Inception Technologies, Inc. and Raymond Feoli (collectively, "Defendants") for failure to timely file their Answer in this action. Defendants oppose this Motion because (1) they have aggressively defended against Plaintiff's claims throughout this case; (2) their failure to timely file their Answer was the product of an administrative mistake by counsel; and (3) Plaintiff has not been and will not be prejudiced by the late-filed Answer. In support of this Opposition, Defendants submit the Affidavit of Brina T. Corrigan, Esquire.

Plaintiff seeks to default Defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure which provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead **or otherwise defend**, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a) (emphasis supplied). As Rule 55(a) clearly states, default is not appropriate when a party has aggressively defended itself as Defendants have in this case. On November 18, 2022, Defendants moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) and successfully argued for dismissal of the intentional infliction of emotional

1

distress claim.  Contrary to Plaintiff's allegation, Defendants' Rule 12 Motion was not untimely filed.  The parties early on in this action agreed to extend the responsive pleading deadline for all defendants, and Defendants timely filed.  On May 31, 2024, after engaging in vigorous discovery, Defendants moved for summary judgment on Plaintiff's defamation claim.  ECF No. 91.  In short, Defendants have defended themselves.

Defendants admittedly failed to timely file their Answer pursuant to Fed. R. Civ. P. 12(a)(4)(A) following the Court's ruling on their Motion to Dismiss, but this omission was the product of an bona fide administrative mistake by counsel.  Undersigned counsel prepared the Answer immediately following the Court's ruling but did not have access to this Court's e-filing system and relied on prior Local Counsel for e-filing.  Undersigned counsel did not properly coordinate with and confirm the e-filing by Local Counsel, who subsequently withdrew from the case without advance warning forcing undersigned counsel to scramble to find substitute local counsel.  Upon receipt of Plaintiff's Motion for Default, undersigned counsel promptly filed Defendants' Answer.  ECF No. 95.

Plaintiff has not been and will not be prejudiced by Defendants' late-filed Answer.  The absence of a filed Answer did not in any way impede Plaintiff's discovery or any other aspect of this case.  Plaintiff has been well aware of Defendants' defenses since November 18, 2022 when Defendants' Motion to Dismiss was filed.  The defenses have not changed.  In fact, Defendants' recently filed Motion for Summary Judgment is supported by Mr. Feoli's original November 18, 2022 Affidavit.  Defendants should not lose the opportunity to defend themselves on the merits due to a technicality.

Default is a "drastic sanction . . . that runs contrary to the goals of resolving cases on the merits and avoiding harsh or unfair results." <u>Remexcel Managerial Consultants, Inc. v. Arlequin</u>, 583 F.3d 45, 51 (1st Cir. 2009) (quotation marks citations omitted).  The entry of default is disfavored and customarily reserved for those litigants who willfully flaunt the rules and obstruct the orderly administration of justice.  Far from being obstructionist adversaries, Defendants have engaged Plaintiff in vigorous litigation throughout this case and have a meritorious Motion for Summary Judgment pending.  Under these circumstances, default is not an appropriate remedy.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion and grant any other relief it deems just.

Respectfully submitted,
Dated: June 18, 2024

Defendants Inception Technologies, Inc.
and Raymond Feoli,
By their attorneys,

*/s/ Brian T. Corrigan*
Brian T. Corrigan (*pro hac vice*)
122 Chestnut Street
Andover, MA 01810
(978) 988-1544
CorriganLaw@gmail.com

Emmanuel Gonzalez (Bar No. 275359)
Gonzalez Legal, PC
PO Box 221
Lynn, MA 01903
e@gonzalezlegaloffice.com
T. (781) 346-4874
F. (781) 318-5999

## **CERTIFICATE OF SERVICE**

      I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

                                          */s/ Brian T. Corrigan*
                                          Brian T. Corrigan