UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano,  Plaintiff | ) ) ) ) |
| V. | ) Civil Action No. 22-cv-00326-LM ) |
| The City of Nashua, et al.,  Defendants | ) ) ) ) ) |

**PLAINTIFF'S MOTION TO STRIKE ANSWER TO DEFENDANTS' FEOLI AND INCEPTIONS ANSWER**

NOW COMES, the Plaintiff, Laurie Ortolano, and hereby moves to strike the answer filed by Defendant Feoli and Inception and in furtherance, states the following:

1. This matter was filed on August 23, 2022.

2. The Defendants, Feoli and Inception were served by Waiver of Service on September 27, 2022 and filed with the Court.

3. On September 27, 2022, the defendant waived service of the summons and was required to file and serve an answer or motion under Fed. R. Civ. P. Rule 12 (a)(1)(A)(ii) within 60 days of 8/29/2022.

4. Feoli and Inception filed an answer to the Complaint on June 11, 2024 after the Plaintiff filed a Motion for Default for failure to comply with Fed. R. Civ. P. 12(a)(4)(A) and requested that default should be entered against Feoli and Inception pursuant to Fed. R. Civ. P. 55(b)(2).

5. L.R. 55.1 Default (a) Entry by Clerk: The clerk shall enter a default against any party who fails to respond to a complaint, crossclaim, or counterclaim within the time and in the manner

provided by Fed. R. Civ. P. 12. The serving party shall give notice of the entry of default to the defaulting party by regular mail sent to the last known address of the defaulted party and shall certify to the court that notice has been sent.

6. In the present matter, the Defendants have not shown good cause as to why the Court should not enter a default and accept the answer nearly a year and a half late. The defendants' objection to the entry of the default and the affidavit demonstrate neglect in not timely filing the answer. Defendants' counsel admits that local counsel failed to e-file the answer. Once Defendants' counsel had access to the court's efile system, he should have recognized that no answer was filed. Regardless, local counsel neglected to comply with Fed. R. Civ. P. Rule 12(a)(ii).

7. Since the Court denied in part the motion to dismiss, Feoli and Inception were required to file an answer concerning the surviving count on or before June 26, 2023. See Fed. R. Civ. P. 12(a)(4)(A), which states in relevant part, (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or (B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served. Fed. R. Civ. P. 12(a)(4)(A).

8. Since the Defendant admits that local counsel neglected to file the answer, the Court should strike the answer and grant the default.

9. The Plaintiff has been prejudiced by the failure to file an answer and affirmative defenses. The deposition of Mr. Feoli was taken without the benefit of inquiry into the basis of his answer and affirmative defenses.

10. Discovery has been closed and a resumed deposition is not permissible.

Wherefore, the Plaintiff requests that this Court strike the answer as untimely, enter a default and schedule a hearing on the assessment of damages.

Dated: June 25, 2024                                Respectfully Submitted by,


                                                    */s/William Aivalikles*
                                                    William Aivalikles, Esq.
                                                    Bar # 308
                                                    253 Main Street
                                                    Nashua, NH 03060
                                                    (603)880-0303


## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: June 25, 2024                                */s/William Aivalikles*
                                                    William Aivalikles, Esq.