UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano,<br>                  **Plaintiff**<br><br>V.<br><br>The City of Nashua, et al.,<br>                  **Defendants** | Civil Action No. 22-cv-00326-LM |

**PLAINTIFF'S MEMORANDUM OF LAW AND AFFIDAVIT IN SUPPORT OF HER MOTION TO STRIKE THE ANSWER OF FEOLI AND INCEPTION**

NOW COMES, the Plaintiff, Laurie Ortolano, and sets forth the following memorandum in support of her motion to Strike Defendants' Feoli and Inception's answer.

## I. INTRODUCTION

The defendant, Inception Technologies, Inc. ("Inception") is a New Hampshire business corporation with a usual place of business in Manchester, New Hampshire. Inception provides services to clients regarding the scanning, storage, and hosting of documents. At relevant times, Inception provided such services to the City of Nashua and, with authorization of Nashua, dealt with the plaintiff regarding information concerning the return of the City of Nashua public record assessor property cards.

The defendant, Raymond Feoli ("Feoli"), is an individual who, on information and belief, resides in Derry, New Hampshire. At relevant times, he was the President of Inception and has personally dealt with the plaintiff.

1

In January 2022 Ortolano called Feoli, the President of Inception, which had been working as an independent contractor uploading many of Nashua's public records into electronic format. Ortolano was seeking information on the progress his firm was making in uploading City of Nashua Assessing records to the cloud or at least into electronic format since the citizens were denied access to their public records. At all times, Feoli was acting on behalf of Inception.

In the fall of 2020, the City had contracted with Inception Technologies to scan Assessing Department files to make available publicly-accessible digital records. In late 2021, because defendant Kleiner had not provided any public updates about the project, Ortolano contacted Inception's President, Feoli, to ask him questions about the return of the public record. She contacted him again in early-February 2022 for an update. After that second phone call, despite the fact that Ortolano never stated that she was employed by the City of Nashua, was an independent contractor for the City of Nashua, or in any way represented the City of Nashua, Feoli later informed Kleiner about the phone call and referred to Ortolano as a city employee. Feoli would later admit when giving a statement about the incident to the Nashua Police Department that Ortolano had never stated or purported that she was a City employee.

Ortolano never stated or implied that she was employed by the City of Nashua. At the time of the communication between Feoli and Ortolano, both Feoli and Kleiner knew that Ortolano never stated she was an employee of the city. Based upon Feoli's email, Kleiner informed the Nashua Police Department of the crime of impersonating a city employee or fraud.

Based on the false information provided by Feoli, defendant Kleiner, who either purposely or recklessly chose not to inquire why Feoli might think that Ortolano was a city employee, on February 8, in a public meeting of the Nashua Board of Aldermen, Kleiner called

2

out Ortolano by name and accused Ortolano of committing the crime of impersonating a city official.

## II. PROCEDURAL HISTORY

1. This matter was filed on August 23, 2022.

2. On 11/21/2022, Defendant Feoli filed a Motion to Dismiss. On 6/23/2023, the Court granted in part/ denying in part Defendant Raymond Feoli' Motion and dismissed Count 10 (IIED) but did not dismiss the defamation count.

3. On September 27, 2022, the Defendants waived service of the summons and were required to file and serve an answer or motion under Fed. R. Civ. P. Rule 12 (a)(1)(A)(ii) within 60 days of 8/29/2022.

4. On 1/23/2023, the Court issued an order on the Motion for Judgment on the Pleadings.

5. There is only remaining count relating to Defendants' Feoli and Inception is: Count Eight-- Defamation.

## III. ARGUMENT

I. THE DEFENDANTS FAILED TO FILE A TIMELY ANSWER

The Defendants, Feoli and Inception were served by Waiver of Service on September 27, 2022 and filed with the Court. On September 27, 2022, the Defendants waived service of the summons and were required to file and serve an answer or motion under Fed. R. Civ. P. Rule 12 (a)(1)(A)(ii) within 60 days of 8/29/2022.   Feoli and Inception filed an answer to the Complaint on June 11, 2024 after the Plaintiff filed a Motion for Default for failure to comply with Fed. R. Civ. P. 12(a)(4)(A) and requested that default should be entered against Feoli and Inception pursuant to Fed. R. Civ. P. 55(b)(2).

II. THE DEFENDANTS ARE ATTEMPTING TO SET ASIDE THE DEFAULT

A Motion for Default is pending before this Court based upon the Defendants' nearly two- year late filing of their answer. If this Court were to grant the default, several conditions must be met prior to having the default set aside. Action upon a motion to set aside an entry of default lies within the sound discretion of the district court. *United States v. One Urban Lot, Etc.,* 865 F.2d 427, at 429 (1st Cir.1989); *Smith & Wesson v. United States*, 782 F.2d 1074, 1083 (1st Cir.1986); *Marziliano v. Heckler*, 728 F.2d 151, 156 (2d Cir.1984); *United States v. 147 Division St., Located in Woonsocket, R.I.,* 682 F.Supp. 694, 697 (D.R.I.1988); *Phillips v. Weiner*, 103 F.R.D. 177, 179 (D.Me.1984). While the exercise of discretion is, of course, bounded by the specific circumstances of each case, the frontier is staked out by the "good cause" criterion of Fed.R.Civ.P. 55(c). *Coon v. Grenier*, 867 F.2d 73 (1st Cir. 1989).

No precise formula is suggested, for each case necessarily turns on its own unique facts. Nonetheless, this court found some general guidelines that appear to have universal application and warrant consideration by a District Court in determining whether a default judgment should be lifted: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary, (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion. *Id.* at 76. The court then noted that in reviewing the District court's weighing of these factors for an abuse of discretion, judicial discretion has limitations: Judicial discretion is necessarily broad — but it is not absolute. Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them. *Id.* at 78 (quoting *Independent Oil & Chemical Workers v. Procter & Gamble Mfg. Co.,* 864 F.2d 927, 929 (1st Cir.1988)). *Coon v. Grenier*, 867 F.2d 73 (1st Cir. 1989).

III. <u>THE DEFENDANTS HAVE NOT SHOWN GOOD CAUSE</u>

Good cause is a mutable standard, varying from situation to situation. It is likewise a liberal one — but not so elastic as to be devoid of substance. It derives its shape both contextually and in comparison with the more rigorous standard applicable to attempts to vacate judgments under Fed.R.Civ.P. 60(b); the "good cause" threshold for Rule 55(c) relief is lower, ergo more easily overcome, than that which obtains under Rule 60(b). *See Meehan v. Snow,* 652 F.2d 274, 276 (2d Cir.1981); *Phillips,* 103 F.R.D. at 179.

In *Coon v. Grenier,* 867 F.2d 73 (1st Cir.1989), the Court described "good cause" as a mutable standard, varying from situation to situation that is "not so elastic as to be devoid of substance." *Id.* at 76.

<u>CAUSE</u>

In determining whether to set aside a default decree, the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *One Parcel*, 763 F.2d at 183; accord One Urban Lot, at 429 (citing treatise); *Marziliano*, 728 F.2d at 156 (citing further authority); Meehan, 652 F.2d at 277; cf. *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 656 (3d Cir.1982) (similar; removal of default judgment). That compendium is by no means exclusive; a court may also examine into such things as the proffered explanation for the default, the good faith of the parties, the amount of money involved, and the timing of the motion. See, e.g., *Phillips*, 103 F.R.D. at 179. *Coon v. Grenier*, 867 F.2d 73 (1st Cir. 1989).

In the present matter, the Defendants have not shown good cause as to why the Court should not enter a default and accept the answer nearly a year and a half late. The defendants' objection to the entry of the default and the affidavit demonstrate neglect in not timely filing the answer. Defendants' counsel admits that local counsel failed to e-file the answer. Once

5

Defendants' counsel had access to the court's efile system, he should have recognized that no answer was filed. Regardless, local counsel neglected to comply with Fed. R. Civ. P. Rule 12 (a)(ii).

Since the Defendant admits that local counsel neglected to file the answer, the Court should strike the answer and grant the default. The Plaintiff has been prejudiced by the failure to file an answer and affirmative defenses. The deposition of Mr. Feoli was taken without the benefit of inquiry into the basis of his answer and affirmative defenses. Discovery has been closed and a resumed deposition is not permissible.

Wherefore, the Plaintiff requests that this Court strike the answer as untimely, enter a default and schedule a hearing on the assessment of damages.

## IV. CONCLUSION

For all of the grounds stated in the Plaintiff's Memorandum of Law, the Defendants Answer should be stricken due to the Defendants' failure to comply with Fed. R. Civ. P. 12(a)(4)(A) without a showing of good cause.

Dated: June 25, 2024                                  Respectfully Submitted by,


*/s/William Aivalikles*
William Aivalikles, Esq.
253 Main Street
Nashua, NH 03060
(603)880-0303


## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: June 25, 2024                                    */s/William Aivalikles*
                                                        William Aivalikles, Esq.