# New Hampshire Association of Assessing Officials

An IAAO Affiliate

James Rice, CNHA
President
603-868-8064

Marti Noel, CNHA
1st Vice President
603-249-0615

Kris McAllister, CNHA
2nd Vice President
603-848-5258

James Commerford, CNHA
Secretary
603-677-4226

Scott Bartlett, CNHA
Treasurer
603-497-8990

Daniel Langille, CNHA
Past President
603-757-1800

April 17, 2020

Jon Duhamel, CNHA
37 Alice Drive #65
Concord, NH 0303

Re: NHAAO Ethics Committee Findings - Ortolano Complaint

Dear Mr. Duhamel,

The New Hampshire Association of Assessing Officers (NHAAO) Ethics Committee met with you on March 6th to interview you regarding the complaints received concerning your conduct while employed with the City of Nashua. Subsequent to the meeting with you, the Ethics Committee met once again on March 10th to reach a decision on the complaints.

Per Section 1.5 (Code of Ethics) of the NHAAO By-Laws, the Association shall abide by the Code of Ethics and Standards of Professional Conduct as established by the International Association of Assessing Officers (IAAO). Pursuant to the NHAAO Procedural Rules 2.8.6 J, the committee is issuing this letter, advising you that the committee has found that you violated Canon 1-4 of the IAAO Code of Ethics and Standards of Professional Conduct. Canon 1-4 states:

> ER 1-4 It is unethical for members to refuse (by intent or omission) to make available all public records in their custody for public review, unless access to such records is specifically limited or prohibited by law, or the information has been obtained on a confidential basis and the law permits such information to be treated confidentially. Assessing officers must make every reasonable effort to inform the public about their rights and responsibilities under the law and the property tax system.

The committee also found that your supervision of the revaluation contract with KRT (contracted revaluation assessing firm) was poorly conducted in certain areas. Per Canon 5 of the IAAO Code of Ethics, members shall comply with the requirements of the Uniform Standards of Professional Appraisal Practice (USPAP). Without proper supervision, strict adherence to USPAP Standard Rules 5-4 (Appraisal Methods), 5-5 (Approaches to Value) and 5-6 (Calibrated Mass Appraisal Model Application) may not have been followed. Specifically, it appears that there may be have been inconsistencies with the Effective Year

Built (EYB) as applied. Additionally, it appears that verification of sale properties was completed by City employees, while the revaluation contract called for KRT personnel to verify the data on the sale properties.

While attendance at a USPAP Update class should be ordered, it is a requirement of DRA certification renewal and as such it is not being mandated.

Per Procedural Rule 2.8.1 E, the Ethics Committee shall not have jurisdiction to act on complaints of alleged ethical violations when such alleged violation occurred over three years prior to the filing of the complaint. Additionally, the Ethics Committee cannot act on alleged violations outside of its jurisdiction, which would include personnel issues that would be handled by the employer.

As a result of our findings, the Ethics Committee is issuing a reprimand. The committee has also decided that you must complete a 91-A (Right-To-Know) Course and IAAO Course 171 – Standards of Professional Practice and Ethics within one year of the date of this letter. Proof of completion of the required courses shall be submitted to the Ethics Committee upon completion of each course.

The Complainant and Respondent both have the right to appeal the decision of the Ethics Committee to the Executive Board of the New Hampshire Association of Assessing Officers. The Complainant and Respondent have 30 days from the receipt of the decision to submit the appeal.

The appeal shall be in writing and transmitted by courier service to the President of the NHAAO. The appeal shall contain a succinct statement of the alleged error(s) and the reason(s) why the decision of the committee is claimed to be incorrect. If an appeal is requested, the discipline imposed shall be stayed until after the Executive Board issues its decision. If no appeal is received within 30 days, the decision of the committee becomes final and effective on the day after the appeal could have been properly filed.

Thank you,

Richard Vincent
NHAAO Ethics Committee Chair

Cc: James Rice, NHAAO President; Laurie Ortolano, Complainant;



# State of New Hampshire
# Department of Revenue Administration

109 Pleasant Street
PO Box 457, Concord, NH 03302-0457
Telephone 603-230-5005
www.revenue.nh.gov



Lindsey M. Stepp
Commissioner

Ora M. LeMere
Assistant Commissioner

April 23, 2024

Laurie Ortolano
laurieortolano@gmail.com

Re: Right–to-know request, date April 20, 2024

Dear Ms. Ortolano:

On April 20, 2024, the New Hampshire Department of Revenue Administration received your request pursuant to RSA 91-A, for the following:

*"...the original "Settlement" or agreement met with Rob Tozier, Greg Turgiss and Jon Duhamel regarding the sanctions brought in in 2020..."*

Attached to this letter are the DRA's Settlement Agreements from 2020 resolving sanctions with Greg Turgiss, Robert Tozier, and Jonathan Duhamel.

Sincerely,

Lawrence P. Gagnon
Revenue Counsel

Enclosures

SETTLEMENT AGREEMENT

This Agreement ("Agreement") is made by and between R. Jonathan Duhamel, with an address of [redacted] ("Assessor") and the Commissioner of the Department of Revenue Administration ("Department"), with her principal office at 109 Pleasant Street, P.O. Box 457, Concord, NH 03302-0457.

WHEREAS: The Assessor is certified by the Department as a Property Assessor Supervisor pursuant to RSA 21-J:14-f; and

WHEREAS: Pursuant to RSA 21-J:14-g, "The commissioner may decertify, suspend, or take other disciplinary action against any person for failure to comply with the rules of the assessing standards board adopted pursuant to RSA 21-J:14-f, II;" and

WHEREAS: The Assessing Standards Board ("ASB") has defined assessor misconduct to include the "Violation of any applicable NH property assessing statutes, Asb 300 or Rev 600;" and

WHEREAS: The ASB has also defined assessor misconduct to include "non-compliance with an individual's right to know pursuant to RSA 91-A," N.H. Admin. R., Asb 307.02(i); and

WHEREAS: On or about October 3, 2018, October 9, 2018, November 5, 2018 and November 26, 2018, the Assessor violated RSA 91-A:4, IV, and N.H. Admin. R., Asb 307.02(*i*) by failing to make timely responses to requests from a Nashua resident for governmental records; and

WHEREAS: On or about October 8, 2018, the Assessor violated N.H. Admin. R., Asb 304.04(b) which constituted a dereliction of duty by assigning one brother to review the work of another brother contrary to ASB Code of Ethics and Standards of Professional Conduct ER 1-1, ER 3-1 and ER 3-3; and

WHEREAS: The parties desire to avoid the delay and expense of further disciplinary proceedings while imposing discipline in compliance with N.H. Admin. R., Asb 308.05 and 308.09.

NOW, THEREFORE, in consideration of the foregoing recitals which are an integral part hereof, and the promises and mutual covenants contained in this Agreement, the receipt and sufficiency of which are hereby acknowledged the parties hereby agree as follows:

1. Settlement Agreement.

A. The Assessor is decertified for a period of thirty (30) days pursuant to Asb 308.05 and 308.09. Such decertification is hereby suspended for a period of one (1) year from the date hereof upon the condition that (i) there shall be no further instances of sanctionable misconduct pursuant to Asb 307.02 during that time; (ii) the Assessor shall timely perform the requirements stated in paragraphs (B) through

(D) herein below; or (iii) the Commissioner does not discover any reason to believe that the Assessor has committed fraud in securing the benefits of this Agreement.

B. The Assessor is required to participate in the following continuing education classes and provide the Director satisfactory evidence of successful completion of each course:
   a. 15 Hour Uniform Standards of Professional Appraisal Practice course.
   b. NH State Statutes Part II.
   c. New Hampshire Right to Know (subject to DRA prior approval).
   d. Ethics (subject to DRA prior approval).

C. The Assessor agrees that he will fully cooperate without compulsion in any investigation by the Commissioner of charges of misconduct by any individuals in the Nashua assessing office or with regard to the performance of the 2018 Nashua revaluation. The Assessor further agrees to provide truthful testimony upon subpoena, which the Assessor will not challenge, in any proceeding brought by the Commissioner relating to such misconduct, or any appeal thereof.

D. On or before the one-year anniversary of this Agreement, the Assessor shall report to the Commissioner and certify in writing that he has fulfilled each of the conditions set forth above.

E. Except as provided herein, this Agreement shall bar the commencement of further disciplinary action by the Commissioner based upon the actions described above. However, the Commissioner may consider the above described actions as evidence of a pattern of conduct in the event that the Assessor is subject to the provisions of RSA 21-J:14-g in the future.

2. Breach. The Assessor's Breach of any of the terms or conditions of this Agreement, shall result in the imposition of the decertification provided above and shall entitle the Department to commence disciplinary proceedings pursuant to RSA 21-J:14-g.

3. Waiver of Appeal. The Assessor agrees that this Agreement is not subject to reconsideration or judicial review or appeal.

4. Mutual Releases.

A. The Commissioner, on behalf of herself and the State of New Hampshire, hereby releases and discharges the Assessor, from all charges, complaints, liabilities, obligations, penalties, promises, agreements, disputes, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorneys' fees and costs) and claims of any nature whatsoever that were or could have been asserted pursuant to RSA 21-J:14-g.

B. Assessor, on behalf of himself and his successors and assigns, hereby releases and discharges the Commissioner and the Department, the State of New Hampshire, along with its employees and agents, from all charges, complaints, liabilities, obligations, penalties, promises, agreements, disputes, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorneys' fees and costs) and claims of any nature whatsoever, that were or could have been asserted in relation to this Agreement.

5. Representations and Warranties. The Commissioner and Assessor hereby mutually represent and warrant that the execution and delivery of this Agreement by each party has been duly authorized and that this Agreement, when so executed and delivered, will constitute the voluntary, informed and legally binding obligation of such party, enforceable against such party in accordance with its terms.

6. Modification, Amendment and Termination. This Agreement may not be modified, amended or terminated except with the express written consent of all parties.

7. Binding Effect. This Agreement shall be binding upon and inure to the benefit of the parties and their successors or assigns.

8. Entire Agreement. This Agreement constitutes the complete understanding between the Parties and supersedes any and all prior agreements, promises, or inducements, no matter what form, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by the parties shall be binding unless reduced to writing and signed by authorized representatives of all parties.

9. Governing Law. This Agreement shall be governed by the laws of the State of New Hampshire, regardless of the choice of law rules of this State or any other State.

10. Execution in Counterparts. This Agreement may be executed in counterparts, each of which shall constitute one agreement, and such execution may be evidenced by signatures delivered by facsimile or other electronic transmission.

IN WITNESS WHEREOF, the parties have executed this Agreement, effective as of the date below.

R. JONATHAN DUHAMEL

4/27/20
Dated

STATE OF NEW HAMPSHIRE
DEPARTMENT OF REVENUE ADMINISTRATION

6 | 1 | 2020
Dated

[signature]
Lindsey M. Stepp, Commissioner