UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano,<br>                    Plaintiff,<br>v.<br><br>The City of Nashua, New Hampshire, et al.,<br>                    Defendants. | No. 22-cv-00326-LM |

### DEFENDANTS INCEPTION TECHNOLOGIES, INC. AND RAYMOND FEOLI'S OBJECTION TO PLAINTIFF'S MOTION TO STRIKE ANSWER

Defendants Inception Technologies, Inc. and Raymond Feoli (collectively, "Defendants") object to Plaintiff Laurie Ortolano's ("Plaintiff") Motion to Strike Answer for the same reasons Defendants objected to Plaintiff's Motion for Default (ECF No. 96), which objection is incorporated herein by reference.

Upon notice of their failure to timely file an answer following the Court's ruling on their Motion to Dismiss, Defendants promptly filed their Answer (ECF No. 95) reiterating their denial of the single pertinent allegation (Complaint ¶ 121) and sole remaining claim (Count Eight – Defamation) against them. There is nothing new in Defendants' Answer that wasn't already stated in much greater detail in their Motion to Dismiss. The parties engaged in full discovery including the depositions of Plaintiff and Defendants. As a result, Plaintiff is, and has been for some time, well aware of Defendants' position on the defamation claim before the Court and the evidence to be presented at trial. Plaintiff has not been prejudiced by Defendants' late filing.

Plaintiff's Motion to Strike is largely a premature objection to an anticipated motion to remove default following an anticipated entry of default. But no default has entered in this case. Nor should default enter in this case. Entry of default is not appropriate where the parties have

1

aggressively litigated for nearly two years and Defendants' Motion for Summary Judgment is now before the Court. Default is a "drastic sanction . . . that runs contrary to the goals of resolving cases on the merits and avoiding harsh or unfair results." Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 51 (1st Cir. 2009) (quotation marks and citations omitted). Plaintiff's defamation claim against Defendants should rise or fall on its merits—not on a technical procedural misstep. Defendants' Answer should not be stricken, and their Motion for Summary Judgment should be heard.

For the foregoing reasons, the Court should deny Plaintiff's Motion to Strike Answer and grant any other relief it deems just.

| | |
|---|---|
| Respectfully submitted,<br>Dated: July 8, 2024 | Defendants Inception Technologies, Inc.<br>and Raymond Feoli,<br>By their attorneys,<br><br>*/s/ Brian T. Corrigan*<br>Brian T. Corrigan (*pro hac vice*)<br>122 Chestnut Street<br>Andover, MA 01810<br>(978) 988-1544<br>CorriganLaw@gmail.com<br><br>Emmanuel Gonzalez (Bar No. 275359)<br>Gonzalez Legal, PC<br>PO Box 221<br>Lynn, MA 01903<br>e@gonzalezlegaloffice.com<br>T. (781) 346-4874<br>F. (781) 318-5999 |

**CERTIFICATE OF SERVICE**

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

*/s/ Brian T. Corrigan*
Brian T. Corrigan