UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

|   |   |   |
|---|---|---|
| Laurie Ortolano | : | |
| | : | |
| v. | : | Civil Action No. 22-cv-00326-LM |
| | : | |
| The City of Nashua, et al. | : | |

### DEFENDANT CITY OF NASHUA'S REPLY TO PLAINTIFF'S OBJECTION TO MOTION FOR SUMMARY JUDGMENT

As noted in the underlying motion, faced with a properly supported motion for summary judgment, it is incumbent upon the plaintiff to show that a genuine issue exists requiring trial. *Donovan v. Agnew*, 712 F.2d 1509, 1516 (1st Cir. 1983). The evidence presented by the nonmoving party, of course, must be admissible: "The nonmovant cannot simply rest upon mere allegations. . . . Instead, the nonmoving party must adduce specific, provable facts which establish that there is a triable issue." *Febus-Rodriguez v. Betancourt-Lebron*, 14 F.3d 87, 91 (1st Cir. 1994) (citation omitted). "There must be sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (quotations omitted). Here, Plaintiff has neither identified genuine issues of material fact nor presented a legal basis on which summary judgment could be denied. As such, judgment should enter for the City on all remaining claims.

### I. PLAINTIFF HAS FAILED TO IDENTIFY A GENUINE DISPUTE AS TO ANY MATERIAL FACT.

Plaintiff makes only the briefest of factual assertions, focusing her efforts on various statements by the City's mayor. She does not identify any facts that the City has provided that she

contends is inaccurate or contested.  At most, the Court can consider the offered statements of the Mayor as supplemental facts, although they appear to consist solely of his opinions on how an employee should respond to a citizen who regularly berates them.  *See, e.g*., Objection at 2 ¶¶2, 3.

## II. PLAINTIFF HAS NOT ESTABLISHED THAT THE CITY ADOPTED ANY POLICY OR PRACTICE THAT VIOLATED HER RIGHTS.

Plaintiff does have a long and unfortunately acrimonious history with City officials, particularly the Mayor, Attorneys Bolton and Leonard, and Ms. Kleiner.  She has not shown, however, that any of them violated her First Amendment rights, as set out in their respective motions for summary judgment.  Absent proof of an underlying violation, her claims against the City fail.

Even were there an underlying violation, however, Defendant would have to prove that the violation was the result of a City policy or practice, adopted with disregard for her rights.  The City does not dispute that the Mayor and Chief are policymakers within the City nor that there was a police policy pursuant to which the police generally did not press trespass charges unless a person violated a police no trespass order.  The City also does not dispute that Attorney Bolton set policy for the legal department, which included refusing to meet with Plaintiff due to her profane and incessant personal attacks on him and his staff.  Plaintiff has not shown, however, how either of these policies violated her First Amendment rights.

Beyond that, Plaintiff's claim is that the City had a policy of denying her documents to which she claims she was entitled. Objection at 5.  Plaintiff; however, has not presented the Court with a factual predicate for this claim.  Plaintiff has a long and public history of litigation with the City over her public records requests that few observers could consider decisively favorable to her.  Indeed, Plaintiff herself has opined that the judge addressing such issues has turned against her.  *See* Doc. No. 88-8.

2

**CONCLUSION**

Plaintiff has neither identified disputed material facts nor a legal basis on which to deny the City summary judgment. As such, the Motion should be granted.

                                                Respectfully submitted,

                                                **CITY OF NASHUA**

                                                By its attorneys

                                                CULLEN COLLIMORE SHIRLEY PLLC

Dated: July 11, 2024                    By: /s/ Brian J.S. Cullen
                                                Brian J.S. Cullen (Bar No. 11265)
                                                37 Technology Way, Suite 3W2
                                                Nashua, NH  03060
                                                (603) 881-5500
                                                bcullen@cullencollimore.com

**CERTIFICATE OF SERVICE**

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: July 11, 2024                    By: /s/ Brian J.S. Cullen
                                                Brian J.S. Cullen