UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| **Laurie Ortolano,** )<br>                    **Plaintiff** )<br> )<br>V. )<br> )<br>**The City of Nashua, et al.,** )<br>                    **Defendants** ) | Civil Action No. 22-cv-00326-LM |

# PLAINTIFF'S MOTION FOR LEAVE TO TAKE THE DEPOSITION OF JOHN GRIFFIN, CFO

NOW COMES, the Plaintiff, Laurie Ortolano, and hereby requests that this Court permit the Plaintiff to depose John Griffin and in furtherance, states the following:

1. This matter was filed on August 23, 2022.

2. On 11/8/2023, the Court ordered the following trial schedule: Jury Selection/Trial set for two week period beginning 10/16/2024 09:30 AM before Chief Judge Landya B. McCafferty. Final Pretrial Conference set for 10/2/2024 10:00 AM before Chief Judge Landya B. McCafferty. Pretrial Statements due 9/11/2024. LR 16.2(d) Objections due 9/25/2024. Summary Judgment Motions due by 5/15/2024. The close of discovery was May 15, 2024.

3. Defendant, Mayor James Donchess was deposed on May 15, 2024.

4. Defendant, Kimberly Kleiner was deposed on May 9, 2024.

5. Defendant, Corporation Counsel, Steven Bolton and Celia Leonard were deposed on May 13, 2024.

1

6. On September 9, 2024, this court granted an assented-to-motion to continue the trial schedule as follows: Pretrial Statements due 3/13/2025. LR 16.2(d) Objections due 3/27/2025. Jury Selection/Trial set for two week period beginning 4/15/2025 at 09:30 AM before Chief Judge Landya B. McCafferty. Final Pretrial Conference set for 4/3/2025.

7. During this deposition of Kimberly Kleiner it was discovered that John Griffin possessed relevant information that is necessary and critical to fully inform the jury of the facts of the case as follows:

    a. John Griffin oversaw all activities of the Assessing Department including the direct supervision of the chief assessor, Mr. Duhamel. **Kleiner Depo. P.34 L.9-11**

    b. Kleiner testified that she worked in conjunction with John Griffin concerning the audit that was spurred in an effort to answer questions that arose in public regarding the "functionality". **Kleiner Depo. P.11-12 L.22-9**

    c. Complaints against management and policies and how they affected assessments led to the decision to do an audit. **Kleiner Depo. P.12 L.13-17 (Complaints raised by Laurie Ortolano)**

    d. There were limited complaints that came directly to Kleiner since she was not directly overseeing the Assessing Department. They would have come through John Griffin, the Chief Financial Officer overseeing the Assessing Department. **Kleiner Depo. P.12-13 L.13-13**

    e. One significant issue concerned the Mayor's $100,000 building permit that was not closed by the City for at least five years that resulted in a reduced tax bill to the Mayor. Laurie Ortolano made this public and this publication is the genesis of her difficulties with the City as set forth in her complaint.

      f.  John Griffin and Kim Kleiner were responsible to talk to Laurie Ortolano about her specific requests. **Kleiner Depo. P.19-20 L.19-L1**

      g.  Request of Laurie Ortolano for property record files were first referred to Lousie Brown then to Kim Kleiner or John Griffin. **Kleiner Depo. P.56 L.16-18**

      h.  Laurie Ortolano's right-to-know requests, which included a large number of property record cards, were given to John Griffin. **Kleiner Depo. P.58 L.14-21**

8. In light of the Kleiner deposition, John Griffin has knowledge of the policies of the Assessing Department, how Laurie Ortolano was to be treated, who could talk to her and who couldn't, what property records she was to be given. It was John Griffin that establishes these policies.

9. If the deposition of Mr. Griffin is permitted, Mr. Griffin will spend less time on the witness stand by eliminating areas on cross examination.

10. Not only will the deposition impact judicial resources, but allow the Plaintiff to discover evidence that is relevant at trial.

11. It was only after the deposition of Kim Kleiner did it become necessary to take the John Griffin deposition.

12. Since the trial is now scheduled for April 15, 2025, the deposition of John Griffin taken in the next 30 days will not impact the trial date.

13. The Plaintiff is requesting leave to take the deposition of John Griffin that will take no longer than three hours. Since the deposition of Kim Kleiner was taken on May 9, 2024, four business days before the close of discovery, John Griffin's deposition could not be scheduled prior to May 16, 2024. Defendant Leonard's deposition was scheduled on May 13, 2024, Defendant Bolton on May 13, 2024 and Mayor Donchess on May 15, 2024.

14. L.R. 7.2 (a) states: Motions to extend time shall state whether the extension would result in the continuance of any hearing, conference, or trial, and state the proposed extended date. Motions to extend deadlines set in the discovery plan shall (i) state whether the extension would result in the need to extend any other deadline set forth in the discovery plan; (ii) state the proposed extended date for those deadlines; and (iii) be accompanied by a completed Civil Form 3. Motions to extend time based upon a scheduling conflict shall be filed within seven (7) days of the date that counsel learned, or reasonably should have learned, of the scheduling conflict.

15. "[T]he purpose of pretrial discovery is to `make trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" *Wamala v. City of Nashua*, No. 09-cv-304-JD, 2010 WL 3746008, at *1 (D.N.H. Sept. 20, 2010) (quoting *Macaulay v. Anas*, 321 F.3d 45, 53 (1st Cir. 2003))."In this court, the party moving to compel discovery over an adversary's objection bears the burden of showing that the information he seeks is relevant and not privileged." *Id.* at *2; see also *Saalfrank v. Town of Alton*, No. 08-cv-46-JL, 2009 3578459, at *3 (D.N.H. Oct. 27, 2009). *PAPER THERMOMETER COMPANY, INC. v. Murray*, No. 10-cv-419-SM (D.N.H. Jan. 23, 2012).

16. The evidence sought to be elicited from the Griffin deposition is relevant to Plaintiff's first amendment rights and the chilling of these rights as a result of policies implemented by John Griffin.

17. The deposition of John Griffin is highly relevant to this matter and not privileged.

18. The evidence sought in the John Griffin deposition is not cumulative or duplicative, nor can it be obtained from other sources except his direct testimony.

19. John Griffin's deposition will not exceed the 10 deposition limit set forth in the joint discovery plan of January 30, 2023.

20. The deposition of John Griffin will reduce the court time to cross examine him concerning his supervisory role and treatment of Laurie Ortolano because it will narrow the area of inquiry.

21. The Plaintiff requested the assent of the Defendants to depose Mr. Griffin, however, all Defendants objected.

WHEREFORE, the Plaintiff requests permission to take the deposition of John Griffin within 30 days of the Court's granting of this motion, not to exceed three hours.

Dated: September 25, 2024                                  Respectfully Submitted by,


*/s/William Aivalikles*
William Aivalikles, Esq.
Bar # 308
253 Main Street
Nashua, NH 03060
(603)880-0303


**CERTIFICATE OF SERVICE**

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: September 25, 2024                                  */s/William Aivalikles*
                                                           William Aivalikles, Esq.