UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| Laurie Ortolano | : |
| v. | :    Civil Action No. 22-cv-00326-LM |
| The City of Nashua, et al. | : |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF AUDIO TRANSCRIPTS**

Now comes the City of Nashua and objects to Plaintiff's Motion to Compel Audio/Video Files of Police Interviews. [Doc. No. 121]. In support hereof, Defendant states and follows:

**INTRODUCTION**

For the second time in a month, Defendant finds itself forced to respond to a grossly untimely discovery motion, this time seeking to compel audio/video files on which the Parties reached an agreement over six months ago. The late request has nothing to do with this litigation – in which summary judgment motions are pending on all counts for all Defendants. Rather, as explained in more detail below, it is a transparent attempt to gain documents that were sought from – and denied by – the City through an RSA 91-A process that is presently before the New Hampshire Supreme Court. The attempt to do an end-run around the state court action under the guise of discovery in this action should be denied.

**FACTS AND PROCEDURAL HISTORY**

1. As this Court will recall, in August and September 2019, in the course of investigating her complaints into the City's Assessing Department, Sgt. Frank Lombardi interviewed a number of Assessing Department employees. *See* Lombardi Memorandum of Law in Support of Motion for Summary Judgment [Doc. 84-1] at 4 and Ex. 4 thereto (Lombardi

Affidavit) at ¶5.

2. Long prior to filing the instant case, Plaintiff sought information concerning the Lombardi investigation – including transcript of and "footage" from the interviews - through a 91-A request. *See* Affidavit of Kurt Olson ("Olson Aff."), attached to Plaintiff's Motion to Compel as Doc. No. 121-2, at ¶¶ 1, 4. When the City refused to produce the documents, Plaintiff brought an action in state court seeking to compel their production. Olson Aff. ¶2.

3. A hearing was held in Plaintiff's state court action and, on May 2, 2022, the superior court apparently ordered their production. Olson Aff. ¶¶3, 5. The City timely appealed the decision to the New Hampshire Supreme Court, which held oral argument on the appeal on April 4, 2024. No decision has yet issued on the appeal.

4. In the interim, Plaintiff filed this action on August 23, 2022. *See* Complaint [Doc. No. 1]. Although Plaintiff asserted a claim under RSA 91-A, it did not concern production of documents. *Id*.

5. As Plaintiff concedes, just before the Supreme Court oral argument, Defendant produced in this case as a matter of discovery the transcripts of each of the Lombardi interviews. *See* Motion ¶15 (acknowledging production of "transcripts of all interviews with witnesses to the Nashua PD's investigation").

6. Shortly thereafter, Plaintiff's Counsel sought in this case copies of audio or video files of each interview. *See* Motion ¶18. Defense Counsel noted that the production of the audio and/or video files would be time-consuming and, after a brief exchange, the parties agreed that the City would produce audio/video files for five of the eleven interviews. *See* Motion ¶¶19-20. Plaintiff's Counsel indicated that he would then determine whether he needed others. *Id*. ¶21.

7. As noted in the Objection recently filed in response to Plaintiff's previous (and also

late) discovery motion, discovery in this case ended (after two extensions) on May 15, 2024. [Doc. No. 73]. The date was specifically chosen to allow Plaintiff to take depositions prior to the summary judgment deadline, which the Parties requested be extended to May 31, 2024. *Id.*

8. The parties completed discovery as scheduled and all Defendants filed timely Motions for Summary Judgment on or before the May 31, 2024, deadline. *See* Docs. Nos. 71, 84, 86, 87, 88 and 90.

9. Plaintiff did not indicate before the close of discovery, before the summary judgment filing deadline, or in connection with her objection to the various summary judgment motions that audio or video files were needed or sought. *See* Fed. R. Civ. P. 56(d).

## **ARGUMENT**

Plaintiff's motion comes six months after the Parties agreed on the scope of the production of audio files, limiting the production to five of the eleven interviews. It comes over five months after discovery in this case closed. Plaintiff offers no explanation or justification for why the request for additional files was not made while discovery was pending or even while summary judgment motions were being briefed. Discovery has long since closed and the motion should be denied as untimely.

Moreover, even now Plaintiff makes no great effort to explain why the files are needed in this case. While she broadly suggests that there are questions about the credibility and demeanor of the witnesses, the legitimacy of the investigation, and the "accuracy" of the transcripts, she does not explain how the audio or video would relate to such issues. Importantly, Plaintiff has made no showing that any transcript for which audio was produced was inaccurate.

What is evident is that Plaintiff sought these same materials through a 91-A request in 2020, which to her frustration is still being litigated. As she notes, an oral argument was held in

3

the New Hampshire Supreme Court on that matter in April 2024.  It appears that Plaintiff has grown impatient with the state court and hopes to shortcut that process by asking this Court to act in its stead.

This the Court should not  validate this belated, back-door request.  The 91-A issues are properly before the state courts.  The discovery in this case is long closed.  Plaintiff's late request is untimely, unsupported and should be denied. Additionally. because the motion is late-filed and lacks any meritorious basis, the Court should consider an award of fees to the Defendant.

                                  Respectfully submitted,

                                  **CITY OF NASHUA**

                                  By its attorneys

                                  **CULLEN COLLIMORE SHIRLEY PLLC**

Dated:  November 4, 2024        By: /s/ Brian J.S. Cullen
                                        Brian J. S. Cullen (Bar No. 11265)
                                        37 Technology Way, Suite 3W2
                                        Nashua, NH  03060
                                        (603) 881-5500
                                        bcullen@cullencollimore.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:  November 4, 2024        By: /s/ Brian J.S. Cullen
                                        Brian J.S. Cullen