UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Laurie Ortolano

v.

Civil No. 22-cv-326-LM
Opinion No. 2025 DNH 032 P

City of Nashua, et al.

**O R D E R**

Defendants Steven Bolton and Celia Leonard have filed a motion to reconsider (doc. no. 127) this court's order (doc. no. 125) denying their motion for summary judgment. For the following reasons, defendants' motion (doc. no. 127) is denied.

**STANDARD OF REVIEW**

Motions to reconsider orders denying summary judgment are governed by Local Rule 7.2(d). See LR 7.2(d); see also Bautista Cayman Asset Co. v. Centro Cardio. de Manatí III, C.S.P., 731 F. Supp. 3d 264, 268 (D.P.R. 2024) (explaining why motions to reconsider denials of summary judgment are not governed by Rules 59 or 60 of the Federal Rules of Civil Procedure). Under that rule, a party seeking reconsideration must show "that the order was based on a manifest error of fact or law." LR 7.2(d). Reconsideration is an extraordinary remedy that should be applied sparingly, and is usually limited to situations in which there is "newly discovered evidence" or "an intervening change in the law." Fujifilm N. Am. Corp. v. M&R Printing Equip., Inc., Civ. No. 20-cv-492-LM, 2022 WL 18998942 at *1 (D.N.H. Dec.

16, 2022). A motion to reconsider will be denied "when the motion merely rehashes already presented arguments or introduces new evidence or arguments that could have been presented before the court's ruling." Id.

**DISCUSSION**

As explained in the court's order denying summary judgment, a plaintiff pursuing a retaliatory arrest claim need not establish a lack of probable cause for her arrest if she "presents objective evidence that [she] was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." Doc. no. 125 at 7 (quoting Nieves v. Bartlett, 587 U.S. 391, 407 (2019)). Defendants contend that this court manifestly erred when it concluded that Ortolano had presented such evidence. According to defendants, Ortolano failed to identify sufficiently similar comparators to overcome summary judgment because, among other things, none of the comparators she identified involved a locked office. Doc. no. 127 at 2.

However, defendants overlook the Supreme Court's admonishment in Gonzalez (an opinion discussed in some depth in this court's summary judgment order) that a plaintiff need not put forth "virtually identical" comparators. Gonzalez v. Trevino, 602 U.S. 653, 658 (2024); see also id. at 668 (Alito, J., concurring) ("[A] plaintiff does not need to identify another person who was not arrested under the same law for engaging in a carbon-copy course of conduct."). Ortolano has presented objective evidence that the City's general policy is to forego arrests in Ortolano's circumstances—when the trespassing person leaves when asked to do so by a police

officer. She has also presented objective evidence that other persons who engaged in similar conduct—trespassing at Nashua City Hall—were not arrested. This evidence is sufficient to create a genuine dispute of fact as to whether Ortolano can satisfy the Nieves exception. Moreover, defendants' argument merely elaborates upon an argument they made in reply to Ortolano's objection and therefore provides no grounds for reconsideration.

Defendants next contend that this court manifestly erred when it concluded that genuine disputes of fact as to whether defendants' conduct was a but-for cause of Ortolano's arrest preclude entry of summary judgment. They advance several arguments in this regard. First, defendants assert that the evidence of causation Ortolano pointed to was inadmissible hearsay. But a party objecting to consideration of particular evidence at summary judgment on grounds of admissibility must demonstrate that the evidence "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). "The standard is not whether the evidence at the summary judgment stage would be admissible at trial—it is whether it could be presented at trial in an admissible form." Rahim ex rel. Estate of Rahim v. Doe, 51 F.4th 402, 412 (1st Cir. 2022) (brackets omitted) (quoting Gannon Int'l,, Ltd. v. Blocker, 684 F.3d 785, 793 (8th Cir. 2012)). Here, defendants fail to demonstrate that the evidence of causation Ortolano relied upon could not be presented in a form that would be admissible at trial.

Next, defendants argue that, to the extent they caused Ortolano's arrest, they did so in their capacity as private citizens and not as state actors. Defendants

identify no reason they could not have raised this argument in their motion for summary judgment or in their reply to Ortolano's objection. As such, it provides no grounds for reconsideration.

Defendants also argue that, even if their conduct was a but-for cause of Ortolano's arrest, their conduct does not reflect that they were motivated by retaliatory animus. Again, defendants did not raise this argument in the summary judgment briefing and they identify no reason they could not have done so. Reconsideration is therefore not warranted on this basis.

The remaining assertions defendants raise regarding the court's causation determination simply rehash their contentions that they did not cause her arrest and that the arrest decision was made by the Nashua Police Department alone. They provide no grounds for reconsideration of this court's conclusion that genuine disputes of fact as to whether defendants' conduct was a but-for cause of Ortolano's arrest compel denial of defendants' motion for summary judgment.

Finally, defendants argue that the court manifestly erred when it found that a plaintiff pursuing a retaliatory arrest claim need not prove the arrest subjectively chilled the exercise of her First Amendment rights. Although their argument is somewhat unclear, they appear to contend that Ortolano cannot show a deprivation of her First Amendment rights absent a showing that she was actually chilled from exercising those rights. But retaliatory arrests violate the First Amendment. And to prevail on such a claim, a plaintiff need not show that the arrest subjectively deterred them from engaging in protected conduct. See, e.g., Grossman v. Martin,

566 F. Supp. 3d 136, 145 (D.R.I. 2021). Defendants identify no basis to believe that this court manifestly erred when it held that a plaintiff pursuing a retaliatory arrest claim need not show the arrest actually chilled the exercise of her First Amendment rights.

**CONCLUSION**

Defendants' motion to reconsider (doc. no. 127) is denied.

SO ORDERD.

Landya McCafferty
United States District Judge

March 10, 2025

cc: Counsel of Record