UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-00326-LM |
| ) | |
| **The City of Nashua,** *et al.***,** ) | |
| **Defendants.** ) | |
| ) | |

## DEFENDANT ATTORNEYS' PROPOSED JURY INSTRUCTIONS

Defendant Attorneys Steve A. Bolton and Celia K. Leonard ("Defendant Attorneys") hereby submit the following proposed jury instructions pursuant to Local Rule 16.2.[1]

---

[1] As instructed by Local Rule 16.2(b)(1), Defendant Attorneys have not included instructions routinely given by the Court such as the role of the jury, applying the law, what is and what is not evidence, evaluating witness credibility, expert witnesses, weight to be given to testimony, depositions, and evidence, burden of proof and other typical instructions. Defendant Attorneys request that the Court's standard instructions be given in this case.

1

1. **<u>Multiple Defendants</u>[2]**

Although there is more than one defendant in this action, it does not follow from that fact alone that if one Defendant Attorney is liable to the Plaintiff, both Defendant Attorneys are liable. Each Defendant Attorney is entitled to fair consideration of the evidence. Neither Defendant Attorney is to be prejudiced should you find against the other.

Plaintiff must prove by a preponderance of the evidence as to each individual Defendant Attorney, that such Defendant was personally involved in the conduct that Plaintiff complains about. You must consider each Defendant Attorney independently, and determine whether the evidence is sufficient to prove that individual Defendant Attorney liable by a preponderance of the evidence. You may not find one Defendant liable for what others did or did not do. Unless otherwise stated, all instructions I give you govern the case as to each Defendant Attorney.

---

[2] *William Elliot Ashford v. University of Michigan et al.*, No. 2:20-CV-10561-TGB-EAS, doc. no. 72 at 33 (E.D. Mich. May 21, 2024) (modified in accordance with the circumstances of this case).

2.  **1983 Claim Against Defendant in Individual Capacity- Elements and Burden of Proof[3]**

In order to prevail on a § 1983 claim against Defendant Attorneys, the Plaintiff must prove each of the following elements by a preponderance of the evidence for each Defendant:

    (1) The Defendant(s);

    (2) Acting under color of state law;

    (3) Subjected the Plaintiff or caused the Plaintiff to be subjected;

    (4) To the deprivation of a right, privilege, or immunity secured by the Constitution of the United States.

If you find that Plaintiff has failed to establish any one of these special elements with regard to a given Defendant, you must find in favor of that Defendant with regard to the 42 U.S.C § 1983 claim.

---

[3] 42 U.S.C. § 1983; NH Model Civil Jury Instruction No. 26.1; *Cruz-Arce v. Mgmt. Admin. Servs. Corp.,* 19 F.4th 538, 543 (1st Cir. 2021); *Putnam v. Univ. of New Hampshire*, 138 N.H. 238 (1994).

3. **First Amendment Retaliation Claim - Elements[4]**

Plaintiff's First Amendment Retaliation claim requires her to prove each of the following elements:

1. That Plaintiff engaged in constitutionally protected speech;
2. That Defendant Attorneys, acting in his or her official capacity, took an "adverse action" against her; and
3. That the protected conduct was a substantial or motivating factor in the adverse action.

If you find that Plaintiff has proven by a preponderance of the evidence each of these elements, your verdict will be for Plaintiff. If you find that Plaintiff has not proven by a preponderance of the evidence any one of these elements, your verdict will be for the Defendant Attorneys.

You are instructed that if you find the Defendant Attorneys have shown that they would have reached the same decision even in the absence of Plaintiff's protected speech, Plaintiff has failed to establish the third element, and thus, you must find against the Plaintiff.

---

[4] Adapted from *William Elliot Ashford v. University of Michigan et al.*, No. 2:20-CV-10561-TGB-EAS, doc. no. 72 at 35 (E.D. Mich. May 21, 2024) (modified in accordance with the circumstances of this case); *D.B. ex rel. Elizabeth B. v. Esposito*, 675 F.3d 26, 43 (1st Cir. 2012).

4. **First Amendment Retaliatory Arrest – Probable Cause**[5]

Even if you find that Plaintiff has established the first three elements of her First Amendment Retaliation claim, Plaintiff must still prove, in order to succeed, that her arrest was not supported by probable cause, or, if her arrest was supported by probable cause, that she was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been.

You are instructed that Plaintiff's arrest was supported by probable cause.

Accordingly, the Plaintiff is only entitled to recovery if you find that others committing similar offenses were treated differently, such that it is more likely than not that the different treatment arose from the Defendant Attorneys' intention to retaliate against the Plaintiff for her exercise of her First Amendment rights.

You are instructed that you may only consider instances of prior similar offenses where others were treated differently if Plaintiff has proven that the Defendant Attorneys were involved in or were aware of those prior similar offenses. If Defendant Attorneys were not involved in or aware of the prior similar offenses, you are instructed that such prior similar offenses are irrelevant, and you are to disregard them in your analysis.

---

[5] *Nieves v. Bartlett*, 587 U.S. 391, 401, 407 (2019); Fed. R. Evid. 402.

## 5. **Defendant Attorneys Have No Control Over the Nashua Police Department**

You are instructed that there is no evidence that Defendant Bolton has final policymaking authority with respect to the manner in which the City exercises arresting or prosecutorial discretion. Likewise, you are instructed that there is no evidence that Defendant Leonard has final policy making authority with respect to any segment of the City's activities.[6]

You are further instructed that the Nashua Legal Department has no authority over the Nashua Police Department, and cannot compel the police to investigate, arrest, or prosecute anyone.[7]

---

[6] *See* Court's March 14, 2025 Endorsed Order on the City of Nashua's Motion for Summary Judgment (finding that "[w]hile the City does not dispute that Attorney Bolton possesses final policymaking authority with respect to the City's Legal Department, there is no evidence he has final policymaking authority with respect to the manner in which the City exercises arresting or prosecutorial discretion. And there is no evidence that Attorney Leonard has final policymaking authority with respect to any segment of the City's activities.")

[7] *See* City of Nashua City Charter, Subpart B, Chapter 1, Subchapter 1: Board of Police Commissioners (citing 1891 Ch. 208; 1913 Ch. 148; 1917 Ch. 340; 1945 Ch. 260; 1951 Ch. 304), available here: https://www.nashuanh.gov/DocumentCenter/View/24817/2020-01-01--Nashua-City-Charter.

6. **Superseding or Intervening Cause**[8]

An intervening or superseding cause is an independent event, not reasonably foreseeable, that breaks the connection between the Defendant's conduct and the Plaintiff's injury so that the Defendant's original conduct is not a legal cause of the Plaintiff's injury. You are instructed that if you find that Plaintiff's admission of her criminal trespass on social media was the cause of Plaintiff's arrest, you must find that the Defendant Attorneys' conduct is not a legal cause of the Plaintiff's arrest, and therefore, you must find in favor of the Defendant Attorneys.

---

[8] New Hampshire Civil Jury Instruction 7.3 (modified in accordance with the circumstances of this case).

7. **<u>Scope of Defendant Attorneys' Representation</u>**

You are instructed that the Legal Department represents the City of Nashua, and not every citizen or resident of the City. The attorneys in the Legal Department have professional obligations to represent its client, the City, and maintain the confidentiality and integrity of the City's legal files.[9]

---

[9] *See* New Hampshire Rules of Professional Conduct 1.3, 1.6, 1.13.

8. **No Animosity Towards Opposing Parties**[10]

In representing a client, an attorney is not presumed to have any animosity toward the opposing party, and is required to treat all persons with respect.

---

[10] New Hampshire Rule of Professional Conduct 1.2(b) ("A lawyer's representation of a client . . . does not constitute an endorsement of the client's political, economic, social or moral views or activities."); New Hampshire Rule of Professional Conduct 1.3 Comment [1] ("The lawyer's duty to act with reasonable diligence does not require the use of offensive tactics or preclude the treating of all persons involved in the legal process with courtesy and respect.").

9.  **<u>No Right to Enter Nonpublic Areas of Public Buildings</u>**[11]

You are instructed that although Nashua City Hall is a public building, there is no right to enter nonpublic areas of the building, such as the Legal Department. The Legal Department is not open to the public, and is accessible only by those employed there, and those entering with permission.

---

[11] N.H. R.S.A. 635:2(b)(1).

**10.     Qualified Immunity**[12, 13]

If you find that the Defendant Attorneys violated the Plaintiff's constitutional rights, the Defendant Attorneys still may not be liable to the Plaintiff. This is so because the Defendant Attorneys may be entitled to what is called qualified immunity. If you find that the Defendant Attorneys are entitled to such immunity, you cannot find the Defendant Attorneys liable.

A public official is entitled to a qualified immunity if, at the time he or she allegedly violated the Plaintiff's rights, he or she neither knew nor should have known that their actions were contrary to federal law. The simple fact that the Defendant Attorneys acted in good faith is not enough to bring them within the protection of this qualified immunity. Nor is the fact that the Defendant Attorneys were unaware of the federal law. The Defendant Attorneys are entitled to qualified immunity only if they did not know what they did was in violation of federal law and if a competent public official could not have been expected at the time to know that the conduct was in violation of federal law.

In deciding what a competent public official would have known about the legality of the Defendant Attorneys' conduct, you may consider the nature of the Defendant Attorneys' official duties, the character of their official positions, the information which was known to the Defendant Attorneys or not known to them and the events which confronted them.

---

[12] Adapted from Modern Federal Jury Instructions, Bender & Company, Inc., Part IV. Substantive Civil Instructions, Chapter 87, Civil Rights Actions--42 U.S.C. §§ 1981-1985, § 87.03, Form 87-86 Qualified Immunity (modified in accordance with the circumstances of this case).

[13] The Defendant Attorneys have asserted the defense of qualified immunity. The Court has discretion in determining the manner in which qualified immunity will be decided. *See Swain v. Spinney*, 117 F.3d 1, 10 n.3 (1st Cir. 1997) (trial court can utilize special interrogatories and decide the immunity question or it may craft carefully structured qualified immunity instructions and submit the issue to the jury). The Defendant Attorneys submit a qualified immunity instruction in the event the Court intends to submit the defense entirely to the jury.

The Defendant Attorneys have the burden of proving that they neither knew nor should have known that their actions violated federal law. If the Defendant Attorneys convince you by the preponderance of the evidence that they neither knew nor should have known that their actions violated federal law, then you must return a verdict for the Defendant Attorneys, even though you may have previously found that the Defendant Attorneys in fact violated the Plaintiff's rights under color of state law.

11.   **Damages**[14]

If you return a verdict for the Plaintiff on her First Amendment Retaliatory Arrest Claim, then you will consider damages. The fact that I am instructing you on damages does not indicate in any way that the Plaintiff is entitled to an award of damages. These instructions as to the measure of damages are given to you for your guidance in the event that you should find in favor of the Plaintiff on her First Amendment Retaliatory Arrest claim. If, on the other hand, you find that the Plaintiff has not proved her claim, then you will not consider or award damages.

If you return a verdict for the Plaintiff on her claim, you must award her (1) compensatory damages, if those damages are proved, or (2) nominal damages.

    A.   **Compensatory Damages**

The general purpose of awarding compensatory damages to a plaintiff, who is found to be entitled to an award, is to give a sum of money, which, as nearly as possible, will restore the Plaintiff to the position she would be in if the wrong had not been committed. A plaintiff who seeks damages has the burden of proving that it is more probable than not that the damages were caused by the defendant's wrongful conduct. Additionally, a plaintiff seeking damages must show the nature, extent, and amount of those damages.

To demonstrate that the damages were caused by the Defendant Attorneys' wrongful conduct, the Plaintiff must prove by a preponderance of the evidence that the damages:

(1) would not have occurred but for the Defendant Attorneys' wrongful conduct; and

(2) were a reasonably foreseeable consequence of the Defendant Attorneys' wrongful conduct.

If you decide that Plaintiff has proved that it is more probable than not that the Defendant

---

[14] *Chasrick Heredia v. Michael Roscoe et al.*, No. 21-cv-198-PB, doc. no. 79 at 14-18 (D.N.H. Feb. 13, 2023) (modified in accordance with the circumstances of this case).

13

Attorneys caused the damages she claims, you must then decide the amount to award as compensation.

A compensatory damage award must equal the amount of money that you believe will fairly and justly compensate the Plaintiff for any injury you find she actually sustained as a consequence of the Defendant Attorneys' wrongful conduct. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. Compensatory damages should not be awarded out of sympathy, passion, or prejudice, nor should they be based on guess or speculation. Rather, compensatory damages should be based on the law and the evidence.

### B.    Nominal Damages

If you find that Defendant Attorneys violated the Plaintiff's constitutional rights, but conclude that the Plaintiff has not proved that she is entitled to compensatory damages, you must award damages in a nominal or token amount of not more than one dollar. A violation of a Plaintiff's constitutional rights is an injury even if the Plaintiff does not suffer any other harm as a result.

Therefore, if you find that a Defendant Attorney violated the Plaintiff's constitutional rights but that the Plaintiff is not entitled to compensatory damages for that violation, you must award nominal damages, not to exceed one dollar, against the Defendant Attorneys or Attorney who violated her constitutional rights.


Respectfully submitted,

**Steven A. Bolton and Celia K. Leonard,**

By their Counsel,

**UPTON & HATFIELD, LLP,**

Date: March 20, 2025

/s/ Russell F. Hilliard
Russell F. Hilliard
NHBA #1159
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

Brooke Lovett Shilo
NHBA #20794
10 Centre Street
Concord, NH 03301
(603) 224-7791
bshilo@uptonhatfield.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day forwarded to all counsel of record through the Court's E-filing system.

/s/ Russell F. Hilliard
Russell F. Hilliard