UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-00326-LM |
| ) | |
| The City of Nashua, *et al.*, ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT ATTORNEYS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING THE JULY 2022 ENCOUNTER BETWEEN ATTORNEY BOLTON AND THE PLAINTIFF**

Defendant Attorneys Steve A. Bolton and Celia K. Leonard ("Defendant Attorneys") respectfully move the Court for an order *in limine* to preclude the parties from offering evidence, testimony, and arguments regarding the July 2022 encounter between Defendant Bolton and Plaintiff. In support of their Motion, Defendant Attorneys state as follows:

1. The only remaining claim in this case is an alleged retaliatory arrest for trespass in the City's Legal Department on January 22, 2021. Accordingly, the scope of relevant, admissible evidence is limited to testimony and exhibits that relate to this claim and the defenses to it.

2. The July 2022 encounter between Defendant Bolton and Plaintiff is irrelevant to Plaintiff's First Amendment retaliatory arrest claim and would not make a material fact at issue more or less probable than without such evidence. Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

3. The evidence is irrelevant because it happened after the Plaintiff's alleged retaliatory arrest in January 2021.

4. Even if the Court deems the July 2022 encounter relevant to the sole pending claim, any probative value found would be substantially outweighed by the danger of misdirection or

1

confusion by the jury and by the potential to prolong and impact the efficient administration of this trial. Federal Rule of Evidence 403 gives the Court wide latitude to exclude evidence from being presented to a jury where its admittance would be substantially more prejudicial than probative. By referencing the July 2022 encounter, the jury may improperly consider such encounter, which occurred over a year after Plaintiff's January 2021 arrest, in their consideration of the facts related to the arrest, resulting in prejudice.

5. Pursuant to Local Rule 7.1(c), Defendant Attorneys have sought concurrence from Plaintiff for the filing of this Motion, and Plaintiff does not concur.

6. Pursuant to Local Rule 7.1(a)(2), no memorandum of law is attached hereto because all legal citations are contained herein.

WHEREFORE, for the foregoing reasons, Defendant Attorneys respectfully request that the Court:

A. Grant Defendant Attorneys' Motion *in Limine* to exclude evidence, testimony, and arguments regarding the July 2022 encounter between Defendant Bolton and Plaintiff; and

B. Grant such other and further relief as it deems just and proper.

Respectfully submitted,

**Steven A. Bolton and Celia K. Leonard,**

By their Counsel,

**UPTON & HATFIELD, LLP,**

Date: March 20, 2025

/s/ Russell F. Hilliard
Russell F. Hilliard
NHBA #1159
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

>Brooke Lovett Shilo
>NHBA #20794
>10 Centre Street; PO Box 1090
>Concord, NH 03302-1090
>(603) 224-7791
>bshilo@uptonhatfield.com

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing was this day forwarded to all counsel of record through the Court's E-filing system.

>/s/ Russell F. Hilliard
>Russell F. Hilliard