**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| Laurie Ortolano, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-00326-LM |
| ) | |
| The City of Nashua, *et al.*, ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT ATTORNEYS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT IMPLYING THAT DEFENDANT BOLTON SPOKE WITH OFFICER KENNEY PRIOR TO PLAINTIFF'S ARREST**

Defendant Attorneys Steve A. Bolton and Celia K. Leonard ("Defendant Attorneys") respectfully move the Court for an order *in limine* to preclude the parties from offering evidence, testimony, and arguments implying that Defendant Bolton spoke with then Captain Brian Kenney prior to Plaintiff's arrest. In support of their Motion, Defendant Attorneys state as follows:

1. The only remaining claim in this case is an alleged retaliatory arrest for trespass in the City's Legal Department on January 22, 2021. Accordingly, the scope of relevant, admissible evidence is limited to testimony and exhibits that relate to this claim and the defenses to it.

2. In opposing summary judgment on the issue of causation, the Plaintiff relied upon hearsay testimony of former Police Chief Carignan in his deposition that the Defendant Bolton had advocated for the arrest of the plaintiff with then Captain Brian Kenney.

3. As the Court recognized in its Order, the Defendant Bolton has denied this under oath, and upon information and belief, now Deputy Chief Kenney will confirm that he had no communications with the Defendant Bolton regarding this subject prior to the Plaintiff's arrest. *See* doc. no. 125 at 4 n. 2.

4. Unless the Plaintiff has some good faith basis to substantiate this allegation, she is

1

properly precluded from referencing it in her opening statement or otherwise at trial.

    5.    Pursuant to Local Rule 7.1(c), Defendant Attorneys have sought concurrence from Plaintiff for the filing of this Motion, and Plaintiff does not concur.

    6.    Pursuant to Local Rule 7.1(a)(2), no memorandum of law is attached hereto because all legal citations are contained herein.

WHEREFORE, for the foregoing reasons, Defendant Attorneys respectfully request that the Court:

    A.    Grant Defendant Attorneys' Motion *in Limine* to exclude evidence, testimony, and arguments implying that Defendant Bolton spoke with then Captain Kenney prior to Plaintiff's arrest; and

    B.    Grant such other and further relief as it deems just and proper.

Respectfully submitted,

**Steven A. Bolton and Celia K. Leonard,**

By their Counsel,

**UPTON & HATFIELD, LLP,**

Date: March 20, 2025

/s/ Russell F. Hilliard
Russell F. Hilliard
NHBA #1159
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

Brooke Lovett Shilo
NHBA #20794
10 Centre Street; PO Box 1090
Concord, NH 03302-1090
(603) 224-7791
bshilo@uptonhatfield.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was this day forwarded to all counsel of record through the Court's E-filing system.

                                              /s/ Russell F. Hilliard
                                              Russell F. Hilliard