UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>The City of Nashua, *et al.*, )<br>Defendants. )<br> ) | Civil Action No. 1:22-cv-00326-LM |

**DEFENDANT ATTORNEYS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING DISSIMILAR AND INCOMPLETE POLICE REPORTS OF OTHER TRESPASS INSTANCES**

Defendant Attorneys Steve A. Bolton and Celia K. Leonard ("Defendant Attorneys") respectfully move the Court for an order *in limine* to preclude the parties from offering evidence, testimony, and arguments regarding dissimilar and incomplete police reports of other trespass instances. In support of their Motion, Defendant Attorneys state as follows:

1. The only remaining claim in this case is an alleged retaliatory arrest for trespass in the City's Legal Department on January 22, 2021. Accordingly, the scope of relevant, admissible evidence is limited to testimony and exhibits that relate to this claim and the defenses to it.

2. Plaintiff seeks to provide distinctly dissimilar incidents to support her conclusion that similarly situated individuals had not been subject to arrest. Specifically, Plaintiff seeks to provide reports that reflect the following:

- 12/4/14 - an intoxicated woman passed out in a first floor bathroom,[1] Doc. no. 75-18 at 6;

- 8/12/15 - a "check conditions" with no identified subject and no details of the situation, *id.*;

---
[1] Although this record is unclear it appears that this individual may have left City Hall by ambulance. Doc. no. 75-18 at 6 (ambulance enroute).

1

- 4/17/17 - an individual who had been trespassed from "7 Star and Main Street Gyro" due to disorderly conduct, *id.*;

- 8/23/17 - individuals going through trash and taking cardboard in front of City Hall were "trespassed and both left upon request," *id.* at 7;

- 5/2/18 an intoxicated man in the first floor bathroom "drinking several malt beverages," "issue[d] a one year trespass from city hall and its curtilage. He was advised that if he had business in City Hall to contact NPD and request a keep the peace," *id.*;

- 5/29/18 - a man "on the Nod" sitting on benches next to City Hall, "warned about trespassing on the property and told to leave," *id.*;

- 7/23/19 - an individual who had been trespassed from the transit center, was "upset at City Hall about being trespassed from the Transit Center. . . He was advised to leave the area and did so upon request," *id.*;

- 8/29/19 – subject refused to leave the Community Development Offices at City Hall, the call was cancelled because the subject left, *id.*;

- 5/12/20 – two men were hanging out behind City Hall and stated that they were leaving, *id.*; and

- 12/28/20 - a man who snuck in, acting disorderly, was "warned not to enter city hall unless he makes an appointment first due to city hall being closed," *id.*

3.  The plaintiff had entered a locked law office *on the third floor of City Hall*, not open to the public, and refused to leave until police were called. Even then, the plaintiff made known her admission to the offense and refusal to obey the commands by those in charge to leave the office. These facts are qualitatively (and quantitatively) different from the incidents described above. Given their dissimilarity, these incidents are irrelevant and would not make a material fact at issue more or less probable than without such evidence. Fed. R. Evid. 401.

Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

4. These dissimilar incidents are further irrelevant because there is no evidence in the record that the Defendant Attorneys were involved in or aware of the prior incidents before Plaintiff's arrest, and therefore, they have no bearing on any alleged conduct of the Defendant Attorneys.

5. Even if the Court deems evidence of these dissimilar incidents relevant to the pending claim, any probative value found would be substantially outweighed by the danger of misdirection or confusion by the jury and by the potential to prolong and impact the efficient administration of this trial. The Court has great latitude to exclude relevant evidence when the probative value of the evidence is substantially outweighed by the risk of jury confusion or prejudice. Fed. R. Evid. 403.

6. The records provided by Plaintiff that describe the incidents above are so incomplete and unclear that it is not possible to conclude from them what exactly occurred. Accordingly, given the lack of and/or missing information in the reports, the jury may be confused, and/or potentially assume or infer certain information that may by prejudicial to the Defendant Attorneys.

7. As the previous dissimilar trespass incidents are irrelevant and have a high likelihood of confusing the jury, they should be excluded under Federal Rules of Evidence 401, 402, and 403.

8. Pursuant to Local Rule 7.1(c), Defendant Attorneys have sought concurrence from Plaintiff for the filing of this Motion, and Plaintiff does not concur.

9. Pursuant to Local Rule 7.1(a)(2), no memorandum of law is attached hereto because all legal citations are contained herein.

WHEREFORE, for the foregoing reasons, Defendant Attorneys respectfully request that the Court:

A.	Grant Defendant Attorneys' Motion *in Limine* to exclude evidence, testimony, and arguments of dissimilar and incomplete police reports of other trespass instances; and

B.	Grant such other and further relief as it deems just and proper.

Respectfully submitted,

**Steven A. Bolton and Celia K. Leonard,**

By their Counsel,

**UPTON & HATFIELD, LLP,**

Date: March 20, 2025

/s/ Russell F. Hilliard
Russell F. Hilliard
NHBA #1159
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

Brooke Lovett Shilo
NHBA #20794
10 Centre Street; PO Box 1090
Concord, NH 03302-1090
(603) 224-7791
bshilo@uptonhatfield.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day forwarded to all counsel of record through the Court's E-filing system.

/s/ Russell F. Hilliard
Russell F. Hilliard