UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano, ) | |
| Plaintiff, ) | |
|  ) | |
| v. ) | Civil Action No. 1:22-cv-00326-LM |
|  ) | |
| The City of Nashua, *et al.*, ) | |
| Defendants. ) | |
|  ) | |

**DEFENDANT ATTORNEYS' MOTION *IN LIMINE* TO EXCLUDE ARGUMENT, EVIDENCE, TESTIMONY, OR SUGGESTION REGARDING ANY CLAIM OR DEFENSE THAT A PARTY IS NO LONGER PURSUING**

Defendant Attorneys Steve A. Bolton and Celia K. Leonard ("Defendant Attorneys") respectfully move the Court for an order *in limine* to the parties from offering evidence, testimony, arguments, or suggestion regarding any claim or defense that a party is no longer pursuing. In support of their Motion, Defendant Attorneys state as follows:

1. The only remaining claim in this case is an alleged retaliatory arrest for trespass in the City's Legal Department on January 22, 2021. Accordingly, the scope of relevant, admissible evidence is limited to testimony and exhibits that relate to this claim and the defenses to it.

2. In its order of Defendant Attorneys' Motion for Judgment on the Pleadings, the Court dismissed all of Plaintiff's claims against Defendants Attorneys with the exception of Counts 1 and 2 (First Amendment), as they relate to Plaintiff's claim of retaliation.

3. Presenting evidence of abandoned or dismissed claims would not make any fact at issue more or less likely. *See* Fed. R. Evid. 401, 402. For that reason, courts generally deem argument, evidence, testimony, or suggestion regarding any claim or defense that a party is no longer pursuing inadmissible as irrelevant. *See Hannah v. Wal-Mart Stores, Inc.*, No. 12-cv-

1

01361, 2017 WL 690179, at *2 (D. Conn. Feb. 21, 2017) ("Where claims have been dismissed on summary judgment, therefore, it is generally appropriate to preclude testimony or evidence regarding those same previously dismissed claims during a jury trial."), *aff'd sub nom Hannah v. Walmart Stores, Inc.*, 803 F. App'x 417 (2d Cir. 2020) (non-precedential); *Moore v. Bannon*, No. 10-12801, 2012 WL 2154274, at *7 (E.D. Mich. June 6, 2012) ("[M]otions in limine [to shield claims and issues dismissed on summary judgment] should be granted . . . because such evidence has little to do with establishing credibility, and is of little probative value, but instead 'carries significant risk of undue delay and waste of time.'" (citation omitted)); *Doe v. Sanderson*, No. 16-cv-12068, 2021 WL 2593776, at *1 (D. Mass. June 24, 2021) (granting motion in limine to exclude dismissed claims).

4.   Even if the Court found that evidence of past claims or defenses had a tendency to make a fact at issue more or less probable, any presentation of such evidence would risk confusing the jury and prejudicing the Defendant Attorneys.  Federal Rule of Evidence 403 gives the Court wide latitude to exclude evidence from being presented to a jury where its admittance would be substantially more prejudicial than probative.  By referencing a claim that has been withdrawn or dismissed, the jury may improperly speculate as to the reasons for the dismissal or withdrawal or draw an improper inference between the fact of a claim's dismissal or withdrawal and the merit of the claims still active at trial, resulting in prejudice.

5.   With the jury already deciding the facts of the active claims, there is a substantial risk that evidence that other claims were abandoned or dismissed would be mislead the jury, cause them to confuse the issues, or unnecessarily extend the length of the trial.  Any evidence of these

abandoned or dismissed claims is substantially more prejudicial than probative and should be excluded from trial under Federal Rule of Evidence 403.

6. Pursuant to Local Rule 7.1(c), Defendant Attorneys have sought concurrence from Plaintiff for the filing of this Motion, and Plaintiff does not concur.

7. Pursuant to Local Rule 7.1(a)(2), no memorandum of law is attached hereto because all legal citations are contained herein.

WHEREFORE, for the foregoing reasons, Defendant Attorneys respectfully request that the Court:

A. Grant Defendant Attorneys' Motion *in Limine* to exclude evidence, testimony, arguments, or suggestion regarding any claim or defense that a party is no longer pursuing; and

B. Grant such other and further relief as it deems just and proper.

Respectfully submitted,

**Steven A. Bolton and Celia K. Leonard,**

By their Counsel,

**UPTON & HATFIELD, LLP,**

Date: March 20, 2025        /s/ Russell F. Hilliard
Russell F. Hilliard
NHBA #1159
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

Brooke Lovett Shilo
NHBA #20794
10 Centre Street; PO Box 1090
Concord, NH 03302-1090
(603) 224-7791
bshilo@uptonhatfield.com

3

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was this day forwarded to all counsel of record through the Court's E-filing system.

                                    /s/ Russell F. Hilliard
                                    Russell F. Hilliard