UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-00326-LM |
| ) | |
| The City of Nashua, *et al.*, ) | |
| Defendants. ) | |
| ) | |

### DEFENDANT ATTORNEYS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING PRIOR PROTECTED CONDUCT UNLESS CLEAR DEFENDANT ATTORNEYS WERE AWARE OF SUCH CONDUCT

Defendant Attorneys Steve A. Bolton and Celia K. Leonard ("Defendant Attorneys") respectfully move the Court for an order *in limine* to preclude the parties from offering evidence, testimony, and arguments regarding Plaintiff's prior protected conduct unless it is clear that the Defendant Attorneys were aware of it. In support of their Motion, Defendant Attorneys state as follows:

1. The only remaining claim in this case is an alleged retaliatory arrest for trespass in the City's Legal Department on January 22, 2021. Accordingly, the scope of relevant, admissible evidence is limited to testimony and exhibits that relate to this claim and the defenses to it.

2. It is undisputed that Plaintiff, on numerous occasions, participated in protected conduct prior to her arrest in January 2021. However, unless Plaintiff can show that the Defendant Attorneys were aware of such protected conduct, evidence of such conduct is irrelevant and would not make a material fact at issue more probable than less probable than without such evidence. Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

3. Even if the Court deems evidence of Plaintiff's protected conduct that Defendant Attorneys were unaware of was relevant, such evidence would be substantially outweighed by the

2

danger of misdirection or confusion by the jury and by the potential to prolong and impact the efficient administration of this trial. The Court has great latitude to exclude relevant evidence when the probative value of the evidence is substantially outweighed by the risk of jury confusion or prejudice. Fed. R. Evid. 403.

4. In this case, the Plaintiff must show that the Defendant Attorneys caused her arrest in retaliation for her participating in protected conduct under the First Amendment. If Plaintiff is permitted to reference, testify, or submit evidence referencing prior protected conduct that the Defendant Attorneys were not aware of, the jury may improperly consider such prior protected conduct in their analysis of the Defendant Attorneys' alleged animus, which would substantially prejudice the Defendant Attorneys.

5. As Plaintiff's prior protected conduct which Defendant Attorneys were unaware is irrelevant and has a high likelihood of confusing the jury, it should be excluded under Federal Rules of Evidence 401, 402, and 403.

6. Pursuant to Local Rule 7.1(c), Defendant Attorneys have sought concurrence from Plaintiff for the filing of this Motion, and Plaintiff does not concur.

7. Pursuant to Local Rule 7.1(a)(2), no memorandum of law is attached hereto because all legal citations are contained herein.

WHEREFORE, for the foregoing reasons, Defendant Attorneys respectfully request that the Court:

A. Grant Defendant Attorneys' Motion *in Limine* to exclude evidence, testimony, and arguments regarding Plaintiff's prior protected conduct which Defendant Attorneys were unaware; and

B. Grant such other and further relief as it deems just and proper.

Respectfully submitted,

**Steven A. Bolton and Celia K. Leonard,**

By their Counsel,

**UPTON & HATFIELD, LLP,**

Date: March 20, 2025        /s/ Russell F. Hilliard
Russell F. Hilliard
NHBA #1159
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

Brooke Lovett Shilo
NHBA #20794
10 Centre Street; PO Box 1090
Concord, NH 03302-1090
(603) 224-7791
bshilo@uptonhatfield.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day forwarded to all counsel of record through the Court's E-filing system.

/s/ Russell F. Hilliard
Russell F. Hilliard