## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 1:22-cv-00326-LM** |
| ) | |
| **The City of Nashua,** *et al.*, ) | |
| **Defendants.** ) | |
| _____ ) | |

## DEFENDANT ATTORNEYS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING PUNITIVE DAMAGES

Defendant Attorneys Steve A. Bolton and Celia K. Leonard ("Defendant Attorneys") respectfully move the Court for an order *in limine* to preclude the parties from offering evidence, testimony, and arguments regarding punitive damages. In support of their Motion, Defendant Attorneys state as follows:

1.     The only remaining claim in this case is an alleged retaliatory arrest for trespass in the City's Legal Department on January 22, 2021. Accordingly, the scope of relevant, admissible evidence is limited to testimony and exhibits that relate to this claim and the defenses to it.

2.     Defendants now move to preclude Plaintiff from offering evidence in support of a claim of punitive damages because she is ineligible for an award of punitive damages as a matter of law.

3.     "Punitive damages. . . are 'not favored in the law' and are 'allowed only with caution.' The possible award of punitive damages should be put to the jury only when a plaintiff has made an adequate showing that a defendant's conduct was 'motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *McCullough v. Roby*, 2024 U.S. Dist. LEXIS 186020, at *7 (D. Mass. Oct. 11, 2024) (citing *Smith v. Wade*, 461 U.S. 30, 56 (1983)).

1

> Punitive damages may be awarded under 42 U.S.C. § 1983 only where 'the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'  The Supreme Court has stated that the requisite intent 'at a minimum' is 'recklessness in its subjective form.' *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536, 144 L. Ed. 2d 494, 119 S. Ct. 2118 (1999).  Thus, the inquiry should focus on the acting party's state of mind, and the central question is whether the defendant acted in the face of a perceived risk that her actions would violate federal law, *Kolstad*, 527 U.S. at 536; *see also DiMarco-Zappa v. Cabanillas*, 238 F.3d 25, 38 (1st Cir. 2001).

Powell v. Alexander, 391 F.3d 1, 15 (1st Cir. 2004) (cleaned up).  The First Circuit has "interpreted *Kolstad* as distinguishing between a defendant's 'intent to do an act' and her intent 'to effect a civil rights violation' as a consequence of that act." *Id.*  Here, there is no evidence that the Defendants acted in the perceived risk that their actions would violate the First Amendment.  Rather, as victims of a crime, they reported a concern about Plaintiff refusing to leave their offices to the police.

4.      "Where the underlying liability for deprivation of a federally protected right under § 1983 rests on a finding of intentional conduct, then, the state of mind requirement for the availability of punitive damages limits those damages to that 'subset of cases,' in which a plaintiff also adduces evidence that permits an inference that the defendant was aware of the risk that those intentional acts would violate federal law." *Id.*

5.      The Plaintiff previously pled against the Defendant Attorneys a claim for Intentional Infliction of Emotional Distress. *See* Compl., doc. no. 1, ¶¶194-198.

6.      The Court already dismissed this claim against the Defendant Attorneys in the Court's Order on the Defendant Attorneys Motion for Judgment on the Pleadings, finding:

> The allegations that Ortolano lodges against Bolton and Leonard, while certainly reflective of serious disputes, fall well short of "extreme and outrageous conduct" as those terms have been used in this court and the courts of New Hampshire. Accordingly, their motion for judgment on the pleadings is granted as to Count 10, the IIED claim.

Doc. no. 60 at 26.  This standard is similar to the above standard for punitive damages under §

1983.

7.      Moreover, there is no evidence of Defendants' intent "to effect a civil rights

violation".

8.      Accordingly, Plaintiff should be precluded from referencing, testifying, or

providing evidence towards her claim for punitive damages.

9.      Pursuant to Local Rule 7.1(c), Defendant Attorneys have sought concurrence from

Plaintiff for the filing of this Motion, and Plaintiff does not concur.

10.     Pursuant to Local Rule 7.1(a)(2), no memorandum of law is attached hereto because

all legal citations are contained herein.

WHEREFORE, for the foregoing reasons, Defendant Attorneys respectfully request that the

Court:

A.      Grant Defendant Attorneys' Motion *in Limine* to exclude evidence, testimony, and

arguments regarding  punitive damages; and

B.      Grant such other and further relief as it deems just and proper.

Respectfully submitted,

**Steven A. Bolton and Celia K. Leonard,**

By their Counsel,

**UPTON & HATFIELD, LLP,**

Date:  March 20, 2025

/s/ Russell F. Hilliard
Russell F. Hilliard
NHBA #1159
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

Brooke Lovett Shilo
NHBA #20794
10 Centre Street; PO Box 1090
Concord, NH 03302-1090
(603) 224-7791
bshilo@uptonhatfield.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day forwarded to all counsel of record through the Court's E-filing system.

/s/ Russell F. Hilliard
Russell F. Hilliard