**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE**

|  |  |
|---|---|
| **Laurie Ortolano,** ) | |
| **Plaintiff** ) | |
| ) | |
| **V.** ) | **Civil Action No. 22-cv-00326-LM** |
| ) | |
| ) | |
| **Steven Bolton and Celia Leonard** ) | |
| **Defendants** ) | |
| ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**Instruction # 1**

Laurie Ortolano brings her claim[s] under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**Instruction # 2**

If there is a bedrock principle underlying the First Amendment, it is that the Government may not prohibit the expression of an idea simply because society finds the idea offensive or disagreeable. <u>Texas v. Johnson</u>, 491 U.S. 397, 414 (1989).

**<u>Instruction # 3</u>**

The First Amendment provides elevated protection of free speech rights pertaining to governmental petitioning activities: "the right to petition [is] one of the most precious liberties safeguarded by the Bill of Rights". <u>Lozman v. City of Riviera Beach, FL</u>, 585 U.S. 87, 101 (2018)

**Instruction # 4**

Under the First Amendment, a citizen has the right to free expression and to petition the government. To establish the Defendant deprived the Plaintiff of this First Amendment right, the Plaintiff must prove the following additional elements by a preponderance of the evidence:

1.The Plaintiff was enagaged in a constitutionally protected activity;

2. The Defendant's actions against the Plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity; and

3. The Plaintiff's protected activity was a substantial or motivating factor in the Defendant's conduct.

I instruct you that the Plaintiff's speech/conduct in this case was protected under the First Amednment and, therefore, the first elelement requires no proof.

A substantial or motivating factor is a significant factor, though not necessarily the only factor.

If the Plaintiff establishes each of the foregoing elements, the burden shifts to the Defendant to prove by a preponderance of the evidence that the Defendant would have taken the action in question, even in the absence of any motive to retaliate against the Plaintiff. If you find that the Defendant is able to demonstrate this, you must find for the Defendant. If you find that the Defendant is not able to demonstrate this, you must find for the Plaintiff.

**<u>Instruction #5</u>**

The salutary purpose of the Right-to-Know Law-- to "ensure both the greatest possible public access to the actions, discussions and records of all public bodies, and their accountability to the people, "RSA 91-A:1-- is best served when the members of the public and the governmental bodies are guided by a spirit of collaboration. We take this opportunity to encourage all public bodies, and members of the public making Right-To-Know requests, to embrace that spirit, and work together to efficiently and effectively resolve disputes involving RSA chapter 91-A.

**Instruction #6: Retaliation**

Laurie Ortolano alleges that the Defendant(s) unlawfully retaliated against her based on protected speech in violation of the First Amendment to the United States Constitution and Art. 30 of the New Hampshire Constitution.

The First Amendment and Art. 30 of the New Hampshire Constitution protects the right of citizens to speak out on issues of public concern. In order for the Plaintiff to prevail on her claim that she was retaliated against in violation of her Constitutional rights, the Plaintiff must prove by a preponderance of the evidence that her speech:

Critical of Nashua elected officials and employees was a substantial or motivating factor in the adverse actions of demanding her arrest, threatening her arrest, and restricting access to City Hall and meetings taken against her.

### Instruction # 7-Elements of a Retaliatory Arrest Claim

To find in favor of the plaintiff, you must determine by a preponderance of the evidence that:

1. Protected Conduct – The plaintiff engaged in conduct protected by the First
   Amendment (e.g., speech, protest, or expressive activity, petitioning the government).
   (Hartman v. Moore, 547 U.S. 250, 256 (2006)).

2. Adverse Action – The Defendants, acting under color of law, had the Plaintiff arrested .
   (Lozman v. City of Riviera Beach, 585 U.S. 275, 280 (2018)). The Plaintiff claims the
   adverse actions consisted of an arrest for criminal trespass Class A misdemeanor. A Class
   A misdemeanor carries a punishment of up to one year in jail and a fine up to $2000.00.
   A criminal trespass can be charged as a Class B misdemeanor, which can result in a
   maximum fine of $1,200. No jail time is associated with this class of charge. A criminal
   trespass can also be designated as a violation, a noncrime which carries a maximum fine
   of $1000.00. The Plaintiff also claims that the conduct of Attorney Bolton on July 22,
   2022 was another adverse action. Attorney Bolotn's request on July 22, 2022 was
   motivated by a desire to retaliate. A conduct of harassment may also amount to an
   adverse action. A pattern of informal harassment may establish a First Amendment
   retaliation claim if the alleged harassment has a chilling effect on the Plaintiff's exercise
   of her First Amendment Rights. Barton v. Clancey, 632 Fed. F.3d at 9, 29 (1st Cir. 2011)

3. Retaliatory Motive – The Defendant's decision to demand the Plaintiff is arrested
   was substantially motivated by a desire to retaliate against the Plaintiff for her protected
   speech. (Reichle v. Howards, 566 U.S. 658, 664 (2012); Dahlia v. Rodriguez, 735 F.3d
   1060, 1077 (9th Cir. 2013)).

4. Lack of Probable Cause (General Rule) – The existence of probable cause to arrest generally bars a retaliatory arrest claim. (<u>Nieuwenhuis v. Del Toro</u>, 84 F.4th 47, 55 (1st Cir. 2023); <u>Nieves</u>, 587 U.S. at 400).

**<u>Instruction # 8-The Nieves Exception to the Probable Cause Requirement</u>**

As a general rule, the existence of probable cause defeats a retaliatory arrest claim. (<u>Nieuwenhuis</u>, 84 F.4th at 55; Nieves, 587 U.S. at 401). However, in <u>Nieves</u>, the Supreme Court recognized an exception where a Plaintiff can show that they were arrested while others engaging in the same conduct, were not arrested.

To prove this exception, the plaintiff must demonstrate:

1.  Differential Treatment – The Plaintiff must show that their arrest departed from standard law enforcement practices because similarly situated individuals who engaged in the same illegal conduct  were not arrested. (<u>Nieves</u>, 587 U.S. at 409; <u>DeMartini v. Town of Gulf Stream</u>, 942 F.3d 1277, 1298 (11th Cir. 2019)).

2.  Objective Evidence – The Plaintiff must present objective evidence that a similarly situated individual who engaged in the same illegal conduct was not arrested. (<u>Nieves</u>, 587 U.S. at 409; <u>Lombard v. City of Saginaw</u>, 69 F.4th 506, 519 (6th Cir. 2023)).

If the Plaintiff proves both elements by a preponderance of the evidence, then the presence of probable cause does not automatically defeat her retaliatory arrest claim. (Nieves, 587 U.S. at 409).

**<u>Instruction # 9</u>**

The Plaintiff in this case claims that the Defendants, attorneys employed by the City of Nashua in the office of Corporation Counsel, demanded Plaintiff's arrest in retaliation for engaging in conduct protected under the First Amendment. Generally, a Plaintiff bringing a retaliatory arrest claim must show that the Defendants demand of arrest was substantially motivated by the Plaintiff's protected speech and that it lacked probable cause for the arrest.

**Instruction # 10**

In our own time and place, criminal laws have grown so exuberantly and come to cover so much previously innocent conduct that almost anyone can be arrested for something. If the State could use these laws not for their intended purposes but to silence those who voice unpopular ideas, little would be left of our First Amendment liberties, and little would separate us from the tyrannies of our own age. The freedom to speak without risking arrest is "one of the principle characteristics by which we distinguish a free nation. <u>Houston v. Hill</u>, 482 U.S. 451, 463 (1987).

**<u>Instruction # 11</u>**

The purpose of this exception is that "an unyielding requirement to show the absence to show probable cause could pose a risk that some (decision-makers) may exploit arrest powers as a means of suppressing speech. <u>Nieves v. Bartlett,</u> 587 U.S. 391, 401 (2019). (quoting <u>Lozman v. Riviera Beach</u>, 585 U.S. 87, 99 (2018))

**<u>Instruction # 12</u>**

An example of this type of conduct is at an intersection where "jaywalking is endemic but rarely results in arrest." <u>Nieves v. Bartlett,</u> 587 U.S. 391, 401 (2019). For example, "If an individual who has been vocally complaining about police conduct is arrested for jaywalking at such an intersection, it would seem insufficiently protective of First Amendment rights to dismiss the individual's retaliatory arrest claim on the ground that there was undoubted probable cause for the arrest." <u>Nieves v. Bartlett,</u> 587 U.S. 391, 401 (2019). The fact that no one has ever been arrested for engaging in a certain type of conduct- especially one that criminal prohibition is long-standing and that issue is not novel- makes it more likely that an officer <u>has</u> declined to arrest someone for engaging in such conduct in the past. <u>Nieves v. Bartlett,</u> 587 U.S. 391, 401 (2019).

**<u>Instruction # 13</u>**

The plaintiff was not required to present evidence of "virtually identical and identifiable comparators" who allegedly committed a crime but were not arrested."

**<u>Instruction # 14-Burden of Proof</u>**

The burden of proof is on the Plaintiff to establish each element of her claim by a preponderance of the evidence—meaning that it is more likely than not that the plaintiff's claim is true. (<u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977)).

- If the plaintiff fails to prove either the general elements of retaliatory arrest or the Nieves exception, you must find in favor of the defendant. (<u>Lozman</u>, 585 U.S. at 286).

- If the plaintiff proves both the general elements of retaliatory arrest and the Nieves exception, you must find in favor of the plaintiff. (<u>Nieves</u>, 587 U.S. at 409).

**<u>Instruction # 15</u>**

"It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury. Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." <u>Nieves v. Bartlett,</u> 587 U.S. 391, 401 (2019)

**<u>Instruction # 16</u>**

Regarding the second element, an adverse action in a First Amendment case is one that 'viewed objectively would have a chilling effect on the plaintiff's exercise of First Amendment rights,' or that 'would deter a reasonably hardy person from exercising his or her constitutional rights.'" <u>Pollack v. Reg. Sch. Unit 75,</u> 12 F.Supp. 3d 173, 188 (D. Me. 2014) (emphasis added; citation, brackets and ellipsis omitted) (quoting <u>Barton v. Clancy,</u> 632 F.3d 9, 29 & n.19 (1st Cir. 2011), and <u>Elizabeth B.,</u> 675 F.3d at 43 n.11).

 "Actual deterrence need not be shown." <u>Grossman,</u> 566 F. Supp. 3d at 145 (emphasis omitted) (quoting <u>Hill v. Lappin,</u> 630 F.3d 468, 472 (6th Cir. 2010)).

**<u>Instruction # 17</u>**

The existence of probable cause is not fatal to a retaliatory arrest claim when the plaintiff is arrested in "circumstances where officers have probable cause to make arrests but typically exercise their discretion not to do so." <u>Nieves v. Bartlett,</u> 587 U.S. 391, 401 (2019).

Laurie Ortolano may succeed on a retaliatory arrest claim despite probable cause if she "presents objective evidence that [she] was arrested when otherwise similarly situated individuals are not engaged in the same sort of protected speech had not been arrested. <u>Nieves v. Bartlett,</u> 587 U.S. 391, 401 (2019).

**<u>Instruction # 18</u>**

In the event that you find for the Plaintiff, Laurie Ortolano, you may award her compensatory

damages including damages for emotional distress, impairment of reputation, personal

humiliation and embarrassment.

**Instruction # 19 Compensatory Damages**

The fact that I instruct you on damages does not represent any view by me that you should not find Defendants liable.

Plaintiff seeks to recover damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment and humiliation and damage to her reputation. We call these compensatory damages. You may award compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, damage to her reputation and other noneconomic losses if you determine that Plaintiff has proven by a preponderance of the evidence that she has experienced any of these consequences as a result of Defendant's conduct. No evidence of the monetary value of tangible things like emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, damage to her reputation and other noneconomic losses is available and there is no standard I can give you for fixing any compensation to be awarded for these injuries. Even though it is obviously difficult to establish a standard of measurement for these damages, that difficulty is not grounds for denying a recoevery on this element of damages. You must therefore make the best and most reasonable estimate you can, not from a personal point of view, but from a fair and impartial point of view, of the amount of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and damage to reputation and other noneconomic losses you find that Plaintiff has undergone and can probably be expected to suffer in the future as a result of Defendants' conduct. And you must place a money value on this, attempting to come to a conclusion that will be fair and just to both of the parties. This will be difficult for you to measure in terms of dollars and cents, but thtere is no other rule I can give you for assessing the element of damages.

You may also award Plaintiff prejudgment interest in an amount that you determine is appropriate to make her whole and to compensate her for the time between when she was injured and the day of your verdict. It is entirely up to you to dtermine the appropriate rate and amount of any prejudgment interest you decide to award.

**<u>Instruction # 20</u>**

In the event you find that the Defendants, by demanding Laurie Ortolano's arrest were motivated by evil motive or intent, you may award Laurie Ortolano punitive damages. Smith v. Wade, 461 U.S. 30 (1983).

**<u>Instruction # 21</u>**

If you have awarded compensatory or nominal damages, you may also award punitive damages to the Plaintiff under some circumstances. To obtain punitive damages, the Plaintiff must prove by a preponderance of the evidence that in the actual arrest on January 21, 2021 the request to arrest the Plaintiff on February 18th 2021, and the interference with her right to petition her government was motivated by malice, evil intent and ill-will. The Defendants either knew that their action violated federal law or acted with reckless or callous indifference to that risk. If The Plaintiff satisfies this requirement, it is entirely up to you whether or not to award punitive damages. But it should be presumed that the plaintiff has been made whole by compensatory damages, so you should award punitive damages only if the defendant's culpability is so reprehensible as to warrant further sanctions to achieve punishment or deterrence.

**Instruction #22**

If you decide to award punitive damages, the amount to be awarded is within your sound discretion. The purpose of a punitive damage award is to punish a Defendant or deter a Defendant and others from similar conduct in the future. Factors you may consider include, but are not limited to, the nature of Defendants conduct, how reprehensible or blameworthy it was, the impact of the conduct on the Plaintiff, the ratio between the actual compensatory damages and the punitive damages, the relationship between the Plaintiff and the Defendant, the likelihood that the defendant or others would repeat the conduct if the punitive award was not made, and any other circumstances shown by the evidence, including any mitigating or extenuating circumstances that bear on the size of such an award. You may determine reprehensibility by considering whether the harm was physical as opposed to economic; whether the conduct showed indifference to or disregard for the health or safety of others; whether the target of the conduct has financial vulnerability; whether the conduct involved repeated actions 16 or was an isolated incidents; and whether the harm was the result of intentional malice, trickery, deceit or mere accident.

**<u>Instruction # 23 Official Record</u>**

NH RSA 641:7 III provides that a person is guilty of a misdemeanor if she: Purposely and unlawfully destroys, conceals, removes or otherwise impairs the verity or availability of any such thing.

**<u>Instruction # 24 Criminal Trespass</u>**

NH RSA 635:2 provides I. A person is guilty of criminal trespass if, knowing that he is not licensed or privileged to do so, he enters or remains in any place.

III. Criminal trespass is a misdemeanor if:

(a) The trespass takes place in an occupied structure as defined in RSA 635:1, III; or

(b) The person knowingly enters or remains:

(1) In any secured premises;

(2) In any place in defiance of an order to leave or not to enter which was personally communicated to him by the owner or other authorized person.

IV. All other criminal trespass is a violation.

V. In this section, "secured premises" means any place which is posted in a manner prescribed by law or in a manner reasonably likely to come to the attention of intruders, or which is fenced or otherwise enclosed in a manner designed to exclude intruders.

**<u>Instruction # 25</u>**

The City of Nashua Charter §71 provides the following: the books and records of the assessors shall be the property of the City, and at all times be open to the public inspection at office hours.

### Instruction # 26

New Hampshire 625:9 Classifies crimes as follows:

I. The provisions of this section govern the classification of every offense, whether defined within this code or by any other statute.

II. Every offense is either a felony, misdemeanor or violation.

(a) Felonies and misdemeanors are crimes.

(b) A violation does not constitute a crime and conviction of a violation shall not give rise to any disability or legal disadvantage based on conviction of a criminal offense.

(a) A class A misdemeanor is any crime so designated by statute within or outside this code and any crime defined outside of this code for which the maximum penalty, exclusive of fine, is imprisonment not in excess of one year.

(b) A class B misdemeanor is any crime so designated by statute within or outside this code and any crime defined outside of this code for which the maximum penalty does not include any term of imprisonment or any fine in excess of the maximum provided for a class B misdemeanor in RSA 651:2, IV(a).

(c) A violation is punishable by a fine not to exceed $1000.00 in RSA 651:2, IV(a).

**Instruction # 27**

NH RSA 641:7 III provides that a person is guilty of a misdemeanor if she: Purposely and unlawfully destroys, conceals, removes or otherwise impairs the verity or availability of any such thing.

Dated: March 20, 2025                    Respectfully Submitted by,


                                         */s/William Aivalikles*
                                         William Aivalikles, Esq.
                                         Bar #308
                                         Law Office of William Aivalikles
                                         253 Main Street
                                         Nashua, NH 03060
                                         (603)880-0303


**CERTIFICATE OF SERVICE**

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: March 20, 2025                    */s/William Aivalikles*
                                         William Aivalikles, Esq.