UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,**<br>**Plaintiff,** | )<br>)<br>) |
| v. | )    Civil Action No. 1:22-cv-00326-LM |
| | ) |
| **The City of Nashua, *et al.*,**<br>**Defendants.** | )<br>)<br>)<br>) |

### OBJECTION OF THE DEFENDANTS, STEVEN A. BOLTON AND CELIA K. LEONARD TO PLAINTIFF'S TRIAL EXHIBITS

Defendants Steven A. Bolton, Corporation Counsel for the City of Nashua, New Hampshire, and Celia K. Leonard, a Deputy Corporation Counsel for the City of Nashua, New Hampshire, object to the plaintiff's trial exhibits on the following grounds:

1. These objections are made having only seen the precise exhibits being offered yesterday (March 26) and accordingly, they are made reserving the right to modify, supplement, or withdraw them as necessary.

2. **Board of Aldermen Meeting Minutes and Video Recordings**

These exhibits (Exhibits 1, 2, 11, 12, 14, 28, 37, 40, 48, 95, 128-31, 134, 138, 139, 140, 142, 145, 147) are not relevant unless they contain competent information pertaining to the plaintiff's arrest for trespassing, including proof that the defendant Bolton or the defendant Leonard knew of the information on January 22, 2021, or before interaction by either of them with the Nashua Police Department in connection with the arrest. Also, depending on the content and speaker, the exhibits may be inadmissible hearsay.

3. **Exhibits Relating to Plaintiff's Right-to-Know (RTK) Requests**

There are many exhibits related to RTK requests by the plaintiff to the City of Nashua and its departments, agencies, and officers that resulted in litigation. Exhibits 4, 5, 6, 8, 20, 23, 26, 27, 29, 30, 34, 35, 46, 84, 85, 99, 100, 102-04, 109-17, 127(2). The defendants Bolton and Leonard defended those actions, and the claims in the plaintiff's complaint related to those actions were dismissed on motion for judgment on the pleadings (Doc. 60, Counts 4 and 5). In addition, particular acts or communications may be subject to the litigation privilege, and court orders are hearsay. For these reasons, they are inadmissible.

4. **Donchess Property Record Card**

These are several exhibits relating to the plaintiff's issues with the tax assessment on the Mayor's home. Exhibits 7-10. They are irrelevant.

5. **Newspaper Articles**

There are numerous exhibits consisting of newspaper articles. Exhibits 13, 44, 69-72, 96, 125. Unless they contain authenticated statements by the defendants that are relevant to the remaining claim in this proceeding, they are inadmissible.

6. **Plaintiff's Investigation of the Assessing Department**

There are numerous exhibits (3, 13, 15-18, 22, 24, 25, 36, 41-43, 118, 119, 120-22, 124, 129, 149, 150) relating to an investigation the plaintiff conducted of the Nashua assessing office. Beyond issues of competency, they are irrelevant to this case.

7. **Plaintiff's Tax Abatement Cases**

There are numerous exhibits (19, 45, 47, 49, 50, 51, 53, 56, 61, 101, 148) pertaining to the various tax abatement proceedings initiated by the plaintiff administratively and in court. The

defendants represented the City in these proceedings, and they are irrelevant or barred by the litigation privilege.

        8.      **<u>Board of Assessors Meeting Minutes</u>**

These exhibits (21, 32, 33, 55, 61, 132-33, 136-38, 141, 143) are not relevant unless they contain competent information pertaining to the plaintiff's arrest for trespassing, including proof that the defendant Bolton or the defendant Leonard knew of the information on January 22, 2021, or before interaction by either of them with the Nashua Police Department in connection with the arrest. Also, depending on the content and speaker, the exhibits may be inadmissible hearsay.

        9.      **<u>Plaintiff's Publications on Various Social Media</u>**

There are numerous exhibits consisting of plaintiff's statements on various social media platforms (Exhibits 52, 54). If offered by the plaintiff to prove the truth of their content, they are inadmissible hearsay.

        10.      **<u>NPD Response to RTK for Trespass Incidents in City Hall</u>**

This exhibit (Exhibit 67) is inadmissible for the reasons set forth in the pending motion *in limine* pertaining to this information.

        11.      **<u>Budget Review Committee Meeting</u>**

These exhibits (31, 135) are not relevant unless they contain competent information pertaining to the plaintiff's arrest for trespassing, including proof that the defendant Bolton or the defendant Leonard knew of the information on January 22, 2021, or before interaction by either of them with the Nashua Police Department in connection with the arrest. Also, depending on the content and speaker, the exhibits may be inadmissible hearsay.

12.   **City Finance Committee Meeting**

These exhibits (90, 144) are not relevant unless they contain competent information pertaining to the plaintiff's arrest for trespassing, including proof that the defendant Bolton or the defendant Leonard knew of the information on January 22, 2021, or before interaction by either of them with the Nashua Police Department in connection with the arrest. Also, depending on the content and speaker, the exhibits may be inadmissible hearsay.

13.   **Audiovisual Exhibits (128-53)**

It is impossible to lodge any but the obvious objections — relevance, hearsay, cumulative, undue prejudice — to these exhibits without some specification of the portions to be offered and an opportunity to review them.

14.    **Arrest Records**

Exhibits 65 and 66 related to property taken at arrest and bail conditions and 74-80 related to post-conviction proceedings are irrelevant and contain hearsay.

15.   **July 2022 Incident**

These exhibits (Exhibits 91-94) are inadmissible for the reasons set forth in the pending motion *in limine* pertaining to this information.

16.   **Miscellaneous**

There are several miscellaneous exhibits to which relevance and hearsay objections are made: Exhibits 38 and 39 (HR related); 68 (letter to BOA re police escort); 88 and 89 (assessing office visit January 2022); 97 and 98 (plaintiff's award); 123 (NHSC decision in Pheasant Lane Mall abatement case); various emails (126-28); and 146 (school board recount video).

Please refer to the attached chart for a numerical list of plaintiff's exhibits and defendants' corresponding objections.

Respectfully submitted,

**Steven A. Bolton and Celia K. Leonard,**

By their Counsel,

**UPTON & HATFIELD, LLP,**

Date: March 27, 2025  /s/ Russell F. Hilliard
Russell F. Hilliard; NHBA #1159
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

Brooke Lovett Shilo; NHBA #20794
10 Centre Street; PO Box 1090
Concord, NH 03302-1090
(603) 224-7791
bshilo@uptonhatfield.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was forwarded on this day to all counsel of record through the Court's E-filing system.

/s/ Russell F. Hilliard
Russell F. Hilliard