# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-00326-LM |
| ) | |
| **The City of Nashua,** *et al.*, ) | |
| **Defendants.** ) | |
| ) | |

## DEFENDANT ATTORNEYS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

NOW COME Defendant Attorneys Steve A. Bolton and Celia K. Leonard ("Defendant Attorneys"), by and through their attorneys, Upton & Hatfield, LLP, and submit this Objection to Plaintiff's Proposed Jury Instructions, and states as follows:

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3:**

Defendant Attorneys object to this instruction in part. Plaintiff's suggestion that, because the right to petition is "one of the most precious liberties," the Plaintiff is entitled to "elevated protection" from the First Amendment, is misleading and not supported by the Plaintiff's cited authority.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4:**

Defendant Attorneys object to this instruction in its entirety, as Plaintiff provides no authority in support of their proposed instruction.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5:**

Defendant Attorneys object to this instruction in its entirety. Plaintiff does not have a pending N.H. RSA 91-A claim in this matter, and accordingly, such an instruction is irrelevant and could mislead and/or confuse the jury. Further, Plaintiff does not provide any authority in

1

support of this proposed instruction. To the extent Plaintiff intended to rely on *Salcetti v. Keene*, 2020 N.H. Lexis 106 (N.H. June 3, 2020), such Order has no precedential value, as the New Hampshire Supreme Court authorized the publication of the Order for "informational purposes only."

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6:**

Defendant Attorneys object to this instruction in its entirety, as Plaintiff does not provide any authority in support of this proposed instruction. Further, it suggests to the jury that the Defendant Attorneys (1) demanded her arrest; (2) threatened her arrest; and (3) restricted her access to City Hall and meetings taken against her – which are all disputed questions of fact for the jury to determine.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7:**

Defendant Attorneys object to this instruction in part. Plaintiff does not provide any authority in support of New Hampshire law on Class A misdemeanors. Further, Plaintiff's mention of the July 22, 2022 incident between Plaintiff and Defendant Bolton is a subject of one of the Defendant Attorneys' motions *in limine*. Because this alleged incident occurred after Plaintiff's arrest, it is irrelevant to her retaliatory arrest claim and may mislead or confuse the jury.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9:**

Defendant Attorneys object to this instruction in its entirety. This instruction is repetitive, and Plaintiff provides no authority in support. Additionally, the instructions suggests that the Defendant Attorneys "demanded" Plaintiff's arrest – which is a disputed fact that the jury must decide.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10:**

Defendant Attorneys object to this instruction in its entirety. Plaintiff provides no authority in support of the following statement:

> In our own time and place, criminal laws have grown so exuberantly and come to cover so much previously innocent conduct that almost anyone can be arrested for something. If the State could use these laws not for their intended purposes but to silence those who voice unpopular ideas, little would be left of our First Amendment liberties, and little would separate us from the tyrannies of our own age.

Such a statement is not a recitation of law, but rather the Plaintiff's argument in support of her case. Further, Plaintiff mischaracterizes the law as the quote provided is incomplete. The full quote from *Houston v. Hill*, 482 U.S. 451, 463 (1987) is as follows: "The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state."

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11:**

Defendant Attorneys object to this instruction in its entirety. The instruction attempts to equate the Defendant Attorneys to police officers, and suggests to the jury that the Defendant Attorneys were decision makers in the Plaintiff's arrest, or had the power to have her arrested. This is a disputed fact that the jury must decide. The original quote from *Nieves v. Bartlett*, 587 U.S. 391, 401 (2019) is: "An unyielding requirement to show the absence of probable cause in such cases could pose 'a risk that some police officers may exploit the arrest power as a means of suppressing speech.'"

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12:**

Defendant Attorneys object to this instruction in part. Plaintiff states that "[t]he fact that no one has ever been arrested for engaging in a certain type of conduct – especially one that criminal prohibition is long-standing and that issue is not novel – makes it more likely that an

officer <u>has</u> declined to arrest someone for engaging in such conduct in the past." In support of this, Plaintiff relies on *Nieves v. Bartlett*, 587 U.S. 391, 401 (2019). Such a reliance is misplaced.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13:**

Defendant Attorneys object to this instruction in its entirety, as Plaintiff does not provide any authority in support.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17:**

Defendant Attorneys object to this instruction in its entirety as it is repetitive of Plaintiff's proposed instructions #7 and #8.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NOs. 18 and 19:**

Defendant Attorneys object to these instruction in their entirety as Plaintiff does not provide any authority in support, and they are repetitive of each other. Additionally, the instructions use language related to emotional distress, which is the subject of one of the Defendant Attorneys' motions *in limine*. Finally, the instructions are misleading and mischaracterizes the law, in that they do not instruct the jury on the purpose of compensatory damages (to restore the Plaintiff to the position she would be in if the wrong had not been committed), nor does it instruct on the applicable standard that Plaintiff must demonstrate to prove that the damages were caused by the Defendant Attorneys. Nor does the instruction instruct the jury that compensatory damages are not allowed as a punishment to the Defendant Attorneys.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 20:**

Defendant Attorneys object to this instruction in its entirety, as it is the subject of one of the Defendant Attorneys' motions *in limine*.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21:**

Defendant Attorneys object to this instruction in its entirety, as Plaintiff provides no authority in support, and it is the subject of one of the Defendant Attorneys' motions *in limine*. Additionally, it suggests to the jury that the Defendant Attorneys requested Plaintiff's arrest – which is a disputed fact that is up to the jury to decide.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22:**

Defendant Attorneys object to this instruction as Plaintiff provides no authority in support, it is repetitive of Plaintiff's instruction #21, and it is the subject of one of the Defendant Attorneys' motions *in limine*.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23:**

Defendant Attorneys object to this instruction in its entirety as it is not relevant.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25:**

Defendant Attorneys object to this instruction in its entirety. First, the Defendant Attorneys are not assessors for the City of Nashua, and accordingly, this instruction is irrelevant to Plaintiff's claim. Further, the quote from §71 of the City of Nashua Charter is: "The books and records of the assessors shall be the property of the city, and at all times be open to public inspection *during* office hours" (emphasis added).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26:**

Defendant Attorneys object to this instruction in part. The format of the instruction is misleading, in that it suggests that all of the language provided is a part of a single statute. The Plaintiff omits Section III of NH RSA 625:9, and does not identify Section IV. Additionally, Plaintiff provides (c) "A violation is punishable by a fine not to exceed $1000.00 in RSA 651:2,

IV(a)" as though it a part of NH RSA 625:9, when it is its own statute. This is likely to mislead and/or confuse the jury.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27:**

Defendant Attorneys object to this instruction in its entirety as it is duplicative of Plaintiffs instruction #23.

                        Respectfully submitted,

                        **Steven A. Bolton and Celia K. Leonard,**

                        By their Counsel,

                        **UPTON & HATFIELD, LLP,**

Date:  March 27, 2025          /s/ Russell F. Hilliard
                                              Russell F. Hilliard
                                              NHBA #1159
                                              159 Middle Street
                                              Portsmouth, NH 03801
                                              (603) 436-7046
                                              rhilliard@uptonhatfield.com

                                              Brooke Lovett Shilo
                                              NHBA #20794
                                              10 Centre Street; PO Box 1090
                                              Concord, NH 03302-1090
                                              (603) 224-7791
                                              bshilo@uptonhatfield.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was this day forwarded to all counsel of record through the Court's E-filing system.

                                              /s/ Russell F. Hilliard
                                              Russell F. Hilliard