UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Civil Action No. 1:22-cv-00326-LM |
| ) | |
| **The City of Nashua, *et al.*,** ) | |
| **Defendants.** ) | |
| ) | |

### DEFENDANT ATTORNEYS' OBJECTION TO PLAINTIFF'S PROPOSED VOIR DIRE

NOW COME Defendant Attorneys Steve A. Bolton and Celia K. Leonard ("Defendant Attorneys"), by and through their attorneys, Upton & Hatfield, LLP, and submit this Objection to Plaintiff's Proposed Voir Dire, and states as follows:

**SECTION III OF PLAINTIFF'S PROPOSED VOIR DIRE**

Defendant Attorneys object to the following voir dire questions in Section III of Plaintiff's Proposed Voir Dire:

- Would you give greater weight to the testimony of a government official merely because of his or her status as a government official?

    - **The Defendant Attorneys object to the use of the word "merely," as it is suggestive, may influence the jury's views of the case prematurely, and is prejudicial to the Defendant Attorneys.**

- If presented with evidence that a person was arrested for a minor offense, but others committing the same offense were not arrested, would you consider this as potential evidence of retaliation? Why or why not? Nieves v. Bartlett, 587 U.S. 391, Waterman v. City of Taunton, 742 F. Supp. 3d 144, § 1.05.

    - **The Defendant Attorneys object to this question to the extent it is improperly seeking commitment from jurors. The Defendant Attorneys further object to the extent the question suggests to the jury that the Plaintiff's offense was "minor."**

1

- The law allows for an exception to the probable cause defense if there is objective evidence that others not engaged in similar speech were treated differently. Do you feel confident in your ability to make such a determination based on the evidence presented? <u>Nieves v. Bartlett</u>, 587 U.S. 391, § 1.05 Deprivations of Federal Rights Under Section 1983.

    - **The Defendant Attorneys object to this question to the extent it attempts to educate the jurors on the Plaintiff's view of the law.**

- In this case, you may be asked to consider whether the plaintiff's speech was a substantial or motivating factor in the adverse action taken against them. Do you feel confident in your ability to make such a determination based on the evidence presented? <u>Waterman v. City of Taunton</u>, 742 F. Supp. 3d 144, <u>D.B. v. Esposito</u>, 675 F.3d 26, <u>Gattineri v. Town of Lynnfield</u>, 58 F.4th 512.

    - **The Defendant Attorneys object to this question to the extent it insinuates that an adverse action was taken by the Defendant Attorneys, and to the extent that it asks jurors to prejudge the evidence.**

**SECTION IV OF PLAINTIFF'S PROPOSED VOIR DIRE**

Defendant Attorneys object to the following voir dire questions in Section IV of

Plaintiff's Proposed Voir Dire:

- The charges in this case involve allegations that a citizen's arrest for trespass in a public building was retaliation based on the citizen's exercise of speech critical of government officials. Does the fact that this case involves this subject cause you to favor the government officials or otherwise influence you to decide a close case in favor of the government officials?

    - **The Defendant Attorneys object to this question to the extent it suggests to the jury that the Plaintiff was arrested for trespassing in a public building, as opposed to a locked office closed to the public. The Defendant Attorneys further object to the extent the question improperly seeks commitment or asks jurors to prejudge the evidence.**

- Does the subject matter of this case cause you to favor the municipal employees or otherwise influence you to decide a close case in favor of the municipal employees?

    - **The Defendant Attorneys object to this question to the extent it improperly seeks commitment or asks jurors to prejudge the evidence.**

Respectfully submitted,

**Steven A. Bolton and Celia K. Leonard,**

By their Counsel,

**UPTON & HATFIELD, LLP,**

Date:  March 27, 2025               /s/ Russell F. Hilliard
                                    Russell F. Hilliard
                                    NHBA #1159
                                    159 Middle Street
                                    Portsmouth, NH 03801
                                    (603) 436-7046
                                    rhilliard@uptonhatfield.com

                                    Brooke Lovett Shilo
                                    NHBA #20794
                                    10 Centre Street; PO Box 1090
                                    Concord, NH 03302-1090
                                    (603) 224-7791
                                    bshilo@uptonhatfield.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day forwarded to all counsel of record through the Court's E-filing system.

/s/ Russell F. Hilliard
Russell F. Hilliard