UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano, **Plaintiff** | )<br>)<br>)<br>) |
| V. | ) Civil Action No. 22-cv-00326-LM<br>)<br>) |
| Steven Bolton and Celia Leonard **Defendants** | )<br>)<br>)<br>) |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING PUNITIVE DAMAGES

NOW COMES the Plaintiff in the above-entitled matter and objects to Defendants' Motion in Limine to exclude punitive damages and says as follows:

1. Defendants' argument that Plaintiff is "ineligible for an award of punitive damages as a matter of law" is contrary to the express intentions of 42 U.S.C. §1988 and §1983.

2. The US Supreme Court has held that municipalities cannot be held liable for punitive damages; however, "individual employees could be held liable for such damages." *See* City of Newport v. FACT Concerts, Inc., 453 U.S. 247, 269 (1981).

3. In this matter, the issue of whether the Defendants had "evil motive or intent," or whether their conduct involved "reckless or callous indifference" of the Plaintiff's rights is squarely for the jury to determine based on their assessment of witness credibility and the evidence presented at trial. It is wholly inappropriate to prevent the jury from making this determination "as a matter of law" like the Defendants request.

4. This issue should have been raised by the Defendants in their Summary Judgment Motion. The Court cannot make a determination of Defendants' intent based upon the Defendants' pleading. The motion is not signed by the Defendants, nor under oath.

1

5. The fact that the Court dismissed the intentional infliction of emotional distress count is not instructive. The Court's dismissal was based on Defendants' conduct which did not rise to the level of outrageous conduct.

WHEREFORE, for the foregoing reasons, this Court should DENY the Defendants' Motion *in limine* to Exclude Evidence, Testimony, or Argument Regarding Punitive Damages.

Dated: March 31, 2025                                    Respectfully Submitted by,


*/s/William Aivalikles*
William Aivalikles, Esq.
NH Bar #308
Law Office of William Aivalikles
253 Main Street
Nashua, NH 03060
(603)880-0303
william@nhtriallaw.com


## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: March 31, 2025                                    */s/William Aivalikles*
                                                         William Aivalikles, Esq.