UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

|   |   |
|---|---|
| Laurie Ortolano, ) | |
|                **Plaintiff** ) | |
| ) | |
| V. ) | Civil Action No. 22-cv-00326-LM |
| ) | |
| Steven Bolton and Celia Leonard ) | |
|                **Defendants** ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING DISSIMILAR AND INCOMPLETE POLICE REPORTS OF OTHER TRESPASS**

NOW COMES the Plaintiff in the above- entitled matter and objects to Defendants' Motion in Limine to exclude prior reports of trespass and says as follows:

1. Defendants misconstrue the purpose and intent for Plaintiff to introduce other "dissimilar" instances of trespass incidents where the alleged suspects were not arrested after the Nashua Police requested that they leave City Hall.

2. The surviving claim in this matter relates to the retaliatory arrest of the Plaintiff inside city hall during business hours. It is alleged that the Plaintiff refused to leave city hall until the police arrived and ordered her to leave – at which point she did. The responding police officer did not make an arrest at the scene because he either exercised his discretion or did not conclude a crime had been committed.

3. Despite the on-scene determination by the police officer not to arrest the Plaintiff, Defendants petitioned for the arrest of Plaintiff for this alleged trespass and ultimately succeeded in having her charged.

4. Plaintiff's argument is that the criminal statute she is alleged to have violated – trespass – is only enforced if the party refuses to comply with police orders, and the motive for the

1

arrest (or petitioning for the arrest) in this matter is, at least in-part, based on the Plaintiff's protected first amendment activities.

5. Chief Carignan testified that when the police respond to a complaint of criminal trespass, they will not arrest the alleged perpetrator if they leave when instructed by the police.

6. The similarity between this case and the other ones is the decision of the police to not arrest since they all complied with the police officer's demand to leave the premises.

7. The Defendant raised this identical issue in its Motion for Summary Judgment that the Court rejected.

WHEREFORE, for the foregoing reasons, this Court should DENY the Defendants' Motion in Limine or order any other such relief that this Court determines is fair and appropriate.

Dated: March 31, 2025

Respectfully Submitted by,

*/s/William Aivalikles*
William Aivalikles, Esq. NHB #308
253 Main Street
Nashua, NH  03060
Phone:  (603) 880-0303
Fax:  (603) 882-0065
Email:  william@nhtriallaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: March 31, 2025

*/s/William Aivalikles*
William Aivalikles, Esq.