**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF NEW HAMPSHIRE**

|  |  |
|---|---|
| **Laurie Ortolano,** ) | |
|               **Plaintiff** ) | |
| ) | |
| **v.** ) | Civil Action No. 22-cv-00326-LM |
| ) | |
| ) | |
| **Steven Bolton and Celia Leonard** ) | |
|               **Defendants** ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, OR SUGGESTION REGARDING ANY CLAIM OR DEFENSE THAT A PARTY IS NO LONGER PURSUING**

NOW COMES the Plaintiff in the above- entitled matter and objects to Defendants' Motion in Limine to exclude any claim or defense that a party is no longer pursuing and says as follows:

1. As a threshold matter, Defendants' Motion *in limine* to exclude testimony or evidence regarding "any claim or defense that a party is no longer pursuing" – absent more specificity or examples of what evidence the Defendants seek to exclude – is too subjective and overly broad for Plaintiff to meaningfully respond. The claims and defenses that have been dismissed or withdrawn relate to a pattern or practice of retaliatory conduct waged against the Plaintiff based on her exercise of protected speech. It is wholly inappropriate to exclude such evidence and testimony, especially considering the high likelihood of relevance to the surviving claims.

2. The fact that some claims or defenses have been dismissed does not render irrelevant the facts previously underlying the dismissed claims. Defendant's request for a blanket exclusion that prevents the introduction of any evidence or testimony related to dismissed claims is overly broad, too subjective for a meaningful response, and cannot properly be

1

excluded by a motion *in limine*. The Plaintiff, in her complaint, incorporated those facts in the pending counts.

3. Fed. R. Evid. 404(b) "Other Crimes, Wrongs, or Acts" allows the admission of testimony and evidence of other crimes, wrongs, or acts, for purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

4. Such evidence and testimony regarding the July 2022 incident is *highly relevant* to the surviving count against Defendant Bolton as it shows: 1) his bias and hostility against the Plaintiff; 2) his willingness to leverage his official position to retaliate against the Plaintiff; 3) his opportunity to use his official position for retaliatory conduct; 4) his selectivity in allowing every member of the public other than the Plaintiff an ability to access city hall; and, 5) his selectivity in allowing every member of the public other than the Plaintiff to call his office. All of the above are indicators of callous or reckless indifference of the Plaintiff's rights (a required element the Plaintiff must prove for the surviving count), and furthermore shows the Defendant's willingness and opportunity to deprive Plaintiff of her rights under the color of law.

5. This evidence is certainly prejudicial against Defendant's Bolton and Leonard since the facts support Plaintiff's claims of harassment. The claim of prejudice is not a proper basis for exclusion of this evidence. Just because evidence or testimony is harmful to the Defendant does not require exclusion.

6. For example, the July 22, 2022 incident informs the jury of Defendant Bolton's animosity against the Plaintiff and further shows his ability, opportunity, intent and willingness to abuse the Plaintiff under the color of law. Weighing the potential for undue prejudice

against the clearly relevant nature of the evidence or testimony clearly points in favor of admission.

WHEREFORE, for the foregoing reasons, this Court should DENY the Defendants' Motion *in limine* to Exclude Evidence, Testimony, or Argument Regarding any Claim or Defense that a Party is No Longer Pursuing.

Dated: March 31, 2025                         Respectfully Submitted by,

*/s/William Aivalikles*
William Aivalikles, Esq.
NH Bar #308
Law Office of William Aivalikles
253 Main Street
Nashua, NH 03060
(603)880-0303
william@nhtriallaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: March 31, 2025                         */s/William Aivalikles*
                                              William Aivalikles, Esq.

3