UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| **Laurie Ortolano,** ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Civil Action No. 22-cv-00326-LM |
| ) | |
| ) | |
| **Steven Bolton and Celia Leonard** ) | |
| **Defendants** ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR PROTECTED CONDUCT**

Plaintiff Laurie Ortolano respectfully submits this opposition to Defendant's Motion *in limine* to exclude evidence, testimony, or argument regarding prior protected conduct unless clear Defendant attorneys were aware of such conduct.

Such evidence is not only relevant and admissible, but it forms the very basis of Plaintiff's retaliation claims. The motion should be denied in its entirety.

## I. LEGAL STANDARD

A motion *in limine* is "not a definitive ruling on the admissibility of evidence but rather a preliminary opinion subject to change at trial." United States v. Cordero, 668 F.3d 454, 460 (6th Cir. 2012). Under Fed. R. Evid. 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and that fact is of consequence in determining the action. Relevant evidence may be excluded under Rule 403 only if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury.

1

II. **ARGUMENT**

A. **Prior Protected Conduct is Central to Plaintiff's Retaliation Claim**

To prevail at trial, Plaintiff must prove that her arrest was substantially motivated by her protected First Amendment activity. Nieves v. Bartlett, 139 S. Ct. 1715, 1722 (2019); Hartman v. Moore, 547 U.S. 250, 259–60 (2006). The First Circuit permits plaintiffs to prove retaliatory intent through circumstantial evidence, including temporal proximity, antagonism, and knowledge of the protected activity. Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 772 (1st Cir. 2010).

Ortolano's extensive history of protected conduct—including her Right-to-Know requests, prior lawsuits, and public criticism—provides the essential context for understanding **why** she was arrested. The jury is entitled to hear that she was not a stranger to the Legal Department, but a known critic whose activism had become a source of irritation for city attorneys.

To exclude this evidence would deprive Plaintiff of the ability to show motive and would wrongly sanitize the record of the pattern of conduct that gives rise to the claim.

B. **The Evidence is Not Unduly Prejudicial Under Rule 403**

Rule 403 allows for exclusion only when the probative value is "substantially outweighed" by the danger of unfair prejudice. There is nothing unfair about the jury learning the full history between Ortolano and the Defendants. This is not character evidence, but motive evidence—precisely the type contemplated under Rule 404(b).

The First Circuit has routinely held that evidence of prior interactions, complaints, and disputes between the plaintiff and government officials is relevant and admissible in retaliation cases. See, e.g., Acevedo-Diaz v. Aponte, 1 F.3d 62, 67 (1st Cir. 1993) (evidence of plaintiff's

2

history of criticism of government officials supported inference of retaliatory motive); <u>Mihos v. Swift</u>, 358 F.3d 91, 109 (1st Cir. 2004) (statements made prior to adverse action relevant to motive and intent).

A limiting instruction, if necessary, can address any concern of unfair inferences. But exclusion would prevent Plaintiff from meeting her burden at trial.

### C.  Rule 404(b) Expressly Allows This Evidence to Show Intent and Motive

Even if Defendants characterize the evidence as "prior acts," it is clearly admissible under Fed. R. Evid. 404(b)(2) for the non-character purposes of motive, intent, and absence of mistake**.** Plaintiff does not offer these prior lawsuits and complaints to show Defendants' bad character, but rather to demonstrate the **ongoing hostility, harassment** and **retaliatory motive** culminating in the arrest.

### III.  CONCLUSION

This is a First Amendment retaliation case. Plaintiff alleges that she was arrested because of her protected speech, advocacy, and litigation. To prove that, she must be allowed to present the context of her activism and the Defendants' knowledge of and reaction to it. Because this evidence is central to her theory of liability and is not unduly prejudicial under the Federal Rules, the Court should deny Defendants' Motion *in limine*.


Dated: March 31, 2025                                      Respectfully Submitted by,


                                                           */s/William Aivalikles*
                                                           William Aivalikles, Esq.

## **CERTIFICATE OF SERVICE**

      I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: March 31, 2025                            */s/William Aivalikles*
                                                                                     William Aivalikles, Esq.