UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| **Laurie Ortolano,** ) | ) |
| **Plaintiff** | ) |
|  | ) |
| v. | ) Civil Action No. 22-cv-00326-LM |
|  | ) |
|  | ) |
| **Steven Bolton and Celia Leonard** | ) |
| **Defendants** | ) |
|  | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING THE JULY 2022 ENCOUNTER BETWEEN ATTORNEY BOLTON AND THE PLAINTIFF**

NOW COMES the Plaintiff in the above-entitled matter and submits her Opposition to Defendants' Motion in Limine and says as follows:

1. The Defendants' argument that the introduction of evidence regarding the July 2022 incident would make no material fact more or less probable than without the introduction of such evidence is not accurate since it is conduct that represents a course of harassment that the Plaintiff endured over a significant time period. In addition, there are other grounds for its admission

2. Fed. R. Evid. 404(b) "Other Crimes, Wrongs, or Acts" allows the admission of testimony and evidence of other crimes, wrongs, or acts, for purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

3. As described in the police reports generated from the July 2022 incident, Defendant Bolton attempted to use his position as municipal counsel to order the police to arrest Plaintiff Ortolano for trespass – a year and a half after his prior petitioning successfully resulted in the Plaintiff's arrest for trespassing at city hall.

1

4. Multiple police responded to city hall and their report describes that the incident started when Defendant Bolton became angry and upset after he discovered that the Plaintiff was outside the legal department in a public area. Police were called and they performed a thorough investigation.

5. Many police witnesses, who will be called to testify at trial, documented that Defendant Bolton repeatedly demanded that they arrest the Plaintiff for trespassing. After the police completed a thorough investigation, they refused to charge her. Based on the thoroughness of the investigation, however, it is clear that Plaintiff ran a significant risk of being arrested because of Defendant Bolton's conduct. The police reports again document Bolton's hostility and lack of cooperation directed to the police officers; for example, he refused to spell his name or provide them with his date of birth at their request.  This hostility toward the police was because they refused to arrest the Plaintiff and challenged his position that the Plaintiff was not in a public area. When the police officer asked Attorney Bolton why there was a video doorbell at the door if it was not public space, Attorney Bolton responded "for people other than her."

6. Such evidence and testimony regarding the July 2022 incident is *highly relevant* to the surviving count against Defendant Bolton as it shows: 1) his bias and hostility against the Plaintiff; 2) his attempts to leverage his position as counsel for city hall to get the Plaintiff arrested; 3) his selectivity in allowing every other member of the public access to city hall spaces- except Plaintiff; and 4) his selectivity in allowing every other member of the public to call his office **except** the Plaintiff. All of the above are indications of callous or reckless indifference for the Plaintiff's rights (a required element the Plaintiff

must prove for the surviving count), and the Defendant's willingness to use his official position to deprive Plaintiff of her rights under the color of law.

7. This is part of the conduct of harassment that Plaintiff had to endure because of her outspoken criticism of Attorney Bolton and Attorney Leonard which may be considered an adverse consequence. *See* Barton v. Clancy, 632 F.3d 9, 29 (1st Cir. 2011)

8. This evidence is certainly prejudicial against the Defendants – because the facts support Plaintiff's claims. This type of prejudice is not a basis to exclude the evidence.

9. Any claimed risk of misleading the jury is irrelevant because the Court can provide a limiting instruction if appropriate.

WHEREFORE, for the foregoing reasons, this Court should DENY the Defendants' Motion *in Limine* to Exclude Evidence, Testimony, or Argument Regarding the July 2022 Encounter.

Dated: March 31, 2025                              Respectfully Submitted by,


*/s/William Aivalikles*
William Aivalikles, Esq.
NH Bar #308
Law Office of William Aivalikles
253 Main Street
Nashua, NH 03060
(603)880-0303
william@nhtriallaw.com


### CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:  March 31, 2025                              */s/William Aivalikles*

3

William Aivalikles, Esq.