UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,** </br>           **Plaintiff** </br> </br> v. </br> </br> **Steven Bolton and Celia Leonard** </br>           **Defendants** | Civil Action No. 22-cv-00326-LM |

### PLAINTIFF'S OBJECTION TO DEFENDANTS' EXHIBITS

NOW COMES the Plaintiff in the above- entitled matter and objects to certain of Defendant's exhibits as follows:

1. The parties met on March 31, 2025 to address their positions concerning the exhibits. The Defendants are maintaining their position concerning Plaintiff's exhibits as outlined in their objection.

2. The Plaintiff does not object to the following exhibits, provided they are not duplicates, as follows: A, D, K, N, O, T, U, V, W, X-1, X-2, X-4, X-7, X-8, X-10, X-11, X-13, X-14, X-15, X-16X-17, X-18, X-19, X-20, X-23, X-29, X-31, X-32, X-35, X-37, X-38, X-39, X-40, X-41, X-42, X-43, X-44, X-47, X-48, X-49, X-52, X-53, X-54, X-56, X-57, X-59, X-60, X-62, X-64, X-66, X-68, X-69, X-71, X-73, X-74, X-75, X-82, X-83, X-86, X-87, X-90, X-91, X-92 and X-97.

3. The Plaintiff objects to the following Defendants' exhibits:

   A. Exhibit I: **comment at 10/12/2022 Planning and Economic Development.** The exhibit consists of 45 pages that are not relevant. Pages 24-25are statements by Alderman Moran and Laurie Ortolano. The statements by Alderman Moran are

1

now the subject of a pending defamation case. Additionally, the statements of Alderman Moran are hearsay.

B. Exhibit Q: **Photographs**. Photographs 1, 2, 3, 4, 5, 6, 16 and 47 are not objected to. The remaining photographs are objected to since they are not relevant. The video tour of City Hall is objected to since the video footage contains locations that were not relevant during the period in issue. The defendant has requested a view and therefore the video footage is cumulative.

C. Exhibit R: **chart of right-to-know requests**: This exhibit is objected to since it is not complete. The timeframe should be September 1, 2018 through April 1, 2022 so that the jury can understand the issue that is raised by the right-to-know requests.

D. Exhibit X: **Timeline summary**. This is objected to since many of the entries are not relevant.

E. Exhibit X-24: **The Facebook post of Marylyn Todd arrest**. This exhibit is objected to since the arrest occurred after the Plaintiff's arrest. Marylyn Todd's arrest is also not relevant as well as the comments that followed the posting as hearsay. There is no way to determine the authenticity of the individual that is making the comment, the comments could be made by a fake identity/profile.

F. Exhibit X-36: **Excerpts of Personal Administrative Affairs Committee Meeting**. The Plaintiff objects to this exhibit since it is not relevant and contains hearsay.

G. Exhibit 70: **FBI investigation concerning confidential email posted by Sonia Prince.** The Plaintiff objects to this document since it is not relevant.

    H. Exhibit X-89: **Nashua Telegraph posting by Paul Shea**. This is objected to since it is not relevant and it is hearsay.

    I. Exhibit Y: **Handwritten depiction of the exterior and interior of the legal department**. The Plaintiff objects to this exhibit since it is not an accurate representation of the layout of the interior and exterior of the legal department nor does it contain any dimensions. The Plaintiff is unaware who drafted the document.

4. Exhibits B, C, E, X-21, X-22, X-24, X-25, X-26, X-27, X-30, X-33, X-34, X-45, X-46, X-55, X-63, X-65, X- 67, X-74, X-76, X-79, X-80, X-84, X-85, X-88, X-93, X-94, X-95, X-58 and X-76 are not objected to with appropriate redactions. The exhibits either contain advertisements that are not the Plaintiffs. These exhibits also contain comments posted by third parties that amount to hearsay and there is no way to confirm the authenticity of the individual making the posting. If the exhibits are modified as set forth herein, there is no objection.

5. Exhibits F, H, X-21, X-28, X-45, X-50, X-51, X-58, X-76, X-77 and X-80 are minutes of meetings that contain statements by third parties that are either not relevant or may amount to hearsay. If the irrelevant and hearsay statements of third parties are redacted, there is no objection.

6. Exhibit S, which is also a duplicate of X-5, contains a description that is not accurate. It describes the exhibits as Laurie Ortolano's arrest; however, the arrest did not take place on the date of this exhibit.

7. The Plaintiff also raised with the Defendant the exhibit designations beginning with X-1 through X-97, requesting that those exhibits be designated with a lettering system after Z-

AA and after ZZ to AAA. The use of the numbering system may be confusing to the jury since there is a likelihood that counsel will be utilizing the numbers rather than the prefix X.

8. The Plaintiff also raised the issue of a number of duplicate exhibits as part of the Defendants' exhibit book. The Plaintiff made an effort to cite those duplicate exhibits at the meeting, but cannot state with certainty that the Plaintiff has identified all of the duplicates. It is expected that the Defendant will review its exhibits to eliminate duplication.

WHEREFORE, the Plaintiff respectfully requests that the Court strike those exhibits designated by the Plaintiff herein and allow those exhibits with proper redactions that are identified herein as admitted.

Dated: March 31, 2025							Respectfully Submitted by,

							*/s/William Aivalikles*
							William Aivalikles, Esq.
							NH Bar #308
							Law Office of William Aivalikles
							253 Main Street
							Nashua, NH 03060
							(603)880-0303
							william@nhtriallaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: March 31, 2025							*/s/William Aivalikles*
							William Aivalikles, Esq.