UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,**        **Plaintiff** | ) ) ) ) |
| v. | ) Civil Action No. 22-cv-00326-LM ) |
| **Steven Bolton and Celia Leonard**        **Defendants** | ) ) ) ) ) |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED VOIR DIRE**

Plaintiff Laurie Ortolano respectfully submits this objection to the Defendants' proposed *voir dire*.

**PROPOSED VOIR DIRE QUESTION 1:**

Do you believe that an individual who expresses their rights under the first amendment is protected from consequences if that individual commits a crime?

**OBJECTION:**

This proposed *voir dire* question implies that the Plaintiff's protected first amendment activities may properly lead to "consequences" including retaliatory arrest. Such a question risks improperly leading the jury to engage in a burden-shifting analysis that weighs the Defendants' retaliatory conduct against the Plaintiff's protected speech activities.

Whether the Defendants' retaliatory conduct was a lawful response to the Plaintiff's protected speech activities is not properly a defense to the allegations in this matter. Such an approach invites confusing the issues, prejudicing the jury, and bias against the Plaintiff.

1

**PROPOSED VOIR DIRE QUESTION 2:**

Do you believe that the public has an absolute right to access non-public areas within a public building?

**OBJECTION:**

This question misconstrues the facts and risks misleading the jury. Defendants testified during deposition that every other member of the public other than the Plaintiff may call the legal office, schedule appointments, and otherwise access services of the legal department. Asking the prospective juror whether members of the public have "an absolute right to access non-public areas" of city hall implies that there are no circumstances where members of the public may otherwise obtain access to the area.

Anticipated witness testimony will show that the only member of the public prohibited from entering or calling the legal office was the Plaintiff. Defendants' proposed question implies that other members of the public were treated similarly and runs a high risk of misleading the jury.

**PROPOSED VOIR DIRE QUESTION 4:**

Do you believe that attorneys could be a victim of a crime?

**OBJECTION:**

The "crime" alleged against the Plaintiff in this matter was that of trespass at City Hall, a municipal building accessible to the public. To prove trespass, the State must prove that the accused entered or remained in a place where she was not permitted. *See* RSA 635:2. Criminal Trespass.

No elements of the crime of trespass relate to an act or offense against the person and this question improperly characterizes the Defendants as potential "victims" of the Plaintiff's alleged trespass. Absent conduct consisting of more than an unauthorized entry into an area, the crime of trespass is a victimless crime. Any characterization otherwise is prejudicial and likely to lead to prejudice and bias against the Plaintiff. The Defendants are not victims of the crime alleged in the complaint.

Dated: April 1, 2025                                        Respectfully Submitted by,


                                              */s/ William Aivalikles*
                                              William Aivalikles, Esq.


## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: April 1, 2025                                        */s/William Aivalikles*
                                                                       William Aivalikles, Esq.