UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,** )<br>           **Plaintiff** )<br> )<br>v.          ) Civil Action No. 22-cv-00326-LM<br> )<br> )<br>**Steven Bolton and Celia Leonard** )<br>           **Defendants** )<br> ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE CONCERNING OFFICER BRIAN KENNEY

Plaintiff Laurie Ortolano respectfully submits this opposition to Defendants' Motion *in limine* to exclude any reference to Captain / Lieutenant Brian Kenney's role in Plaintiff's retaliatory arrest, including any inquiry into whether Defendant Bolton contacted Brian Kenney to pressure an investigation against the Plaintiff.

As will be discussed below, Brian Kenney's contact with one or more of the Defendants about their desire to reopen the investigation that led to the Plaintiff's arrest is directly or indirectly corroborated by numerous witnesses. Accordingly, Kenney's testimony will directly serve to inform the jury of relevant issues, and/or serve as a source of impeachment materials for one or more expected witnesses at trial.

The reliance by Chief Carignan on his deputy's statement about Bolton contacting Officer Kenney has all the indicia of reliability since he has supervisory authority over his subordinate officers which could result in their termination for lying to a superior officer. *See* State v. Morris, 98 N.H. 517, 103 A.2d 913, 914 (1954).

1

## CONTRADICTORY TESTIMONY & IMPEACHMENT MATERIAL

    a)  **Affidavit of Officer Roach in Support of Plaintiff Arrest**

Ten full days after the January 22, 2021 incident, Officer Roach's affidavit states that:

"On Monday, February 1st, 2021 at approximately 0900 hours **I was informed by supervisors that the Nashua Police Department had been contacted … through Attorney Leonard** regarding their desire to have the incident that occurred on January 22, 2021 involving Ms. Ortolano investigated."

*See* Exhibit 1: February 18, 2024 Affidavit of Officer Roach.

The identity of those "supervisors" are so far unidentified in this matter. It should be noted that Officer Roach's affidavit in support of arrest was signed on February 18, 2021, in close temporal proximity to the alleged incident and was not drafted with future civil litigation in mind. Officer Roach's affidavit contains significant indicia of reliability, like the fresh recollection of events and the routine business-record nature of drafting these reports.

    b)  **April 19, 2024 Deposition of Michael Carignan**

Former Chief Carignan testified at deposition that he heard of:

**"Several conversations back throughout this entire ordeal, not just this arrest,** where Bolton would contact the legal department, and I believe it was Captain Brian Kinney at the time, or Lieutenant Kinney. There was some – I think some conversations there that he let me know about."

*See* Exhibit 2: Excerpts from Carignan April 19, 2024 Deposition.

Throughout his deposition testimony Carignan makes clear that he explicitly stated to Bolton and Leonard during this meeting that there was **no** present intention to charge or arrest Ortolano. He states that he personally had no further follow up from the Defendants regarding this matter but that he was aware of "several conversations" between Kenney and Bolton.

c) **May 13, 2024 Deposition of Celia Leonard**

At the deposition of Celia Leonard, the following exchange indicates that there was at least one additional meeting after the zoom conference that all parties acknowledge occurred:

> Q. Well you participated in meetings in which there was a discussion that the police should investigate further the incident of January 22, 2021?
>
> A. You used the plural meetings. There was two meetings where Steve Bolton, myself, I think Mindy Lloyd, and Jesse Neumann discussed it via Zoom with the police chief and various folks on his staff. And then another follow-up when the police chief came to our offices in person. **Those are the two meetings that I recall.**

*See* Exhibit 3: Excerpts from Celia Leonard May 13, 2024 deposition.

Defendant Leonard's testimony, while indicating that it was Chief Carignan who had a follow up in person, clearly states another subsequent meeting occurred. As demonstrated by Carignan's testimony outlined above, either Chief Carignan's testimony is inaccurate, or Defendant Leonard's recollection of who met with her and Bolton at the subsequent meeting is mistaken. However, the statement of Officer Roach, former Chief Carignan, and Defendant Leonard confirm that an additional meeting occurred.

d) **May 13, 2024 Deposition of Steven Bolton**

Defendant Steven Bolton, for his part, has unequivocally denied that any further contact occurred apart from the one meeting as corroborated by the other witnesses:

> Q. Okay. When you were reading it, was there anything there that you disagreed with?
>
> A. Yes.
>
> Q. What was that?
>
> A. He seems to believe that sometime after the January incident, after I spoke with him, that I had some conversations with Captain Kenney and advocated with Captain Kenney that Ms. Ortolano should be criminally charged. I don't think that's accurate.

3

> Q. Did you speak with Captain Kenney?
>
> A. During that time frame, no.
>
> Q. So between January 22, 2021, and when she was arrested, you had no conversations with Captain Kenney?
>
> A. He might have been present on a Zoom conference where Chief Carignan and many of his high-ranking officers were also in the room where they were gathered.· And so I don't know one way or another whether Captain Kenney was there.· But the conversation chiefly was between myself and Chief Carignan.· **Other than that, I had no interaction with Captain Kenney during that time frame.**

See <u>Exhibit 4</u>: Excerpt from Steven Bolton's May 13, 2024 deposition.

## **RELEVANCE OF BRIAN KENNEY'S TESTIMONY AT TRIAL**

Defendants speculate in their motion that Officer Kenney "upon information and belief will confirm that he had no communications with the Defendant Bolton regarding this subject prior to the Plaintiff's arrest." This conclusory assertion is unsupported by affidavit or evidence other than a cursory reference to this Court's order and a declaration that "upon information and belief" Brian Kenney will corroborate the Defendants' version of events.

As shown above through various sworn statements of key witnesses in this matter, Bolton's claim that did not make contact with Nashua PD appears false and is entirely unsupported by the contradictory statements taken both contemporaneous with the incident AND in subsequent depositions. Brian Kenney's anticipated testimony is relevant to the issues and may serve as a source of impeachment for one or more witnesses and/or Defendants during trial. Accordingly, the Defendants' Motion *in limine* should be DENIED.

Dated: April 2, 2025                            Respectfully Submitted by,


                                                */s/William Aivalikles*
                                                William Aivalikles, Esq.

4

Law Office of William Aivalikles
253 Main Street
Nashua, NH 03060
(603) 880-0303

## **CERTIFICATE OF SERVICE**

    I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: April 2, 2025

*/s/William Aivalikles*
William Aivalikles, Esq.