UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano,      Plaintiff | ) ) ) ) |
| v. | ) Civil Action No. 22-cv-00326-LM ) ) |
| Steven Bolton and Celia Leonard      Defendants | ) ) ) ) |

**PLAINTIFF'S MOTION TO VACATE APRIL 2, 2025 ORDER AND TO DISQUALIFY ATTORNEY BRIAN CULLEN FOR CONFLICT OF INTEREST**

NOW COMES the Plaintiff, Laurie Ortolano, and respectfully moves this Honorable Court to disqualify Attorney Brian Cullen as counsel for Defendant Celia Leonard as his continued representation violates N.H. Rules Prof'l Conduct Rule 1.7 due to conflicting loyalties of duty between Defendant Celia Leonard and former police chief Michael Carignan, and to Vacate this Court's April 2, 2025 order allowing Attorney Hilliard to withdraw. In support of this Motion, Plaintiff states:

1. On September 22, 2022, Attorney Hilliard filed an appearance for Defendant Celia Leonard. For 2 1/2 years, attorney Hilliard represented Celia Leonard and on the eve of trial, Attorney Hilliard withdrew.

2. On March 28, 2025, Attorney Cullen entered his appearance on behalf of Defendant Celia Leonard.

3. Attorney Cullen represents former Police Chief Michael Carignan in this matter. The counts against police chief Carignan were dismissed. Chief Carignan's is anticipated to testify at trial and his testimony is materially adverse to Defendant Leonard's interests and central to Plaintiff's claims.

1

4. In his deposition, Chief Carignan testified that:

   a. After the January 22, 2021 incident, he considered the matter closed and had no intention to arrest Mrs. Ortolano. *See* <u>Exhibit 1</u>: P. 80, 83.

   b. Celia Leonard being informed that no criminal charges were to be filed against the Plaintiff, stated "I find it troublesome to say the least. My office will be speaking with police further." <u>Id</u>. P76 and Plaintiff ID Exh. 69.

   c. Subsequently, the City Legal Department, including Steven Bolton and Celia Leonard along with other staff, requested a meeting to discuss further action. <u>Id</u>. P. 77.

   d. At that meeting, Bolton demanded Ortolano's arrest and expressed concerns for the safety of his legal staff, including attorneys and paralegals. There are no police reports/notes of this meeting. <u>Id.</u> P. 86.

   e. Carignan specifically testified that he told Bolton he would not arrest Ortolano. <u>Id</u>. P. 80

   f. Carignan denied further meetings occurred beyond the one referenced. (See P. 86)

5. In contrast, Defendant Leonard testified in deposition that she met with Chief Carignan at least twice regarding the trespass incident. This directly contradicts Carignan's account and raises credibility issues that will require cross-examination. *See* <u>Exhibit 2</u>:  P 20, 21.

6. Additionally, in a February 18, 2021 affidavit, Officer Roach stated:

   a. "I was made aware by supervisors that City Hall through Attorney Celia Leonard had contacted the Nashua Police Department and wished to open an investigation…" *See* <u>Exhibit 3</u>: ¶4.

    b. This is contemporaneous documentation attributing the renewed investigation directly to Leonard's involvement. Such contemporaneous documentation of the incident provides for a strong indication of reliability.

7. Attorney Cullen's simultaneous representation of Chief Carignan (a key witness who contradicts Leonard) and Celia Leonard (a defendant whose account is inconsistent with Carignan), creates a concurrent conflict of interest in violation of N.H. Rules Prof'l Conduct 1.7(a) and raises confidentiality concerns under N.H. Rules of Prof'l Conduct 1.8(b).

8. Under Rule 1.7(b)(3), even with informed consent, waiver of a concurrent conflict is impermissible where "the representation involves the assertion of a claim by one client against another client represented by the lawyer in the same litigation." That is the precise situation here: Carignan's testimony undermines Leonard's defense and bolsters Plaintiff's case.

9. Comment 17 of N.H. Rules of Prof'l Conduct Rule 1.7 further clarifies disqualification under subsection (b):

> Paragraph (b)(3) describes conflicts that are nonconsentable because of the institutional interest in vigorous development of each client's position when the clients are aligned directly against each other in the same litigation or other proceeding before a tribunal. **Whether clients are aligned directly against each other within the meaning of this paragraph requires examination of the context of the proceeding.**

10. Comment 23 describes that a disqualifying "conflict may exist by reason of substantial discrepancy in the parties' testimony, [or] incompatibility in positions in relation to an opposing party." *See* N.H. Rules of Prof'l Conduct Rule 1.7, Comment 23. *See also* State v. Gonzalez, 170 N.H. 398, 411 (2017) (Disqualification appropriate when "the conflict could deter the defense attorney from intense probing of the witness on cross-

examination to protect privileged communications with the former client or to advance the attorney's own personal interest").

11. The substitution of counsel for Leonard also presents an unfair advantage to the Defendants. The defense will now be allowed to make two openings, two closings, two cross examinations of witnesses and six preemptory challenges. The addition of new counsel will increase the number of days the Court will need to devote to the trial. The disqualification of Attorney Cullen will not delay the trial.

12. Attorney Leonard has not provided any basis for her new counsel after 2 1/2 year representation by former counsel. It is a fair inference that the last minute substitution was made for strategic purposes to gain an advantage at trial.

13. Furthermore, Attorney Cullen has likely received confidential information from Carignan during his representation. He cannot now ethically use or risk using that information to the benefit of Leonard in this same litigation. This requires withdrawal of representation from both parties due to confidentiality concerns. *See* N.H. Rules of Prof'l Conduct Rule 1.8(b) "A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules."

WHEREFORE, for the foregoing reasons and after a hearing, Plaintiff respectfully moves for this Court to:

1) Vacate the April 2, 2025 order allowing Attorney Hilliard's Motion to Withdraw;

2) Disqualify Attorney Brian Cullen from representing any parties in this matter; and,

3) Order any other such relief this Court deems as fair and just.

Dated: April 02, 2025	Respectfully Submitted by,

*/s/William Aivalikles*
William Aivalikles, Esq.
NH Bar #308
Law Office of William Aivalikles
253 Main Street
Nashua, NH 03060
(603) 880-0303
william@nhtriallaw.com

## **CERTIFICATE OF SERVICE**

    I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:	April 02, 2025	*/s/William Aivalikles*
	William Aivalikles, Esq.