UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| Laurie Ortolano | : | |
| | : | |
| v. | : | Civil Action No. 22-cv-00326-LM |
| | : | |
| The City of Nashua, et al. | : | |
| | : | |

## OBJECTION TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL

NOW COMES the Defendant, Ceila K. Leonard, through her attorneys, Cullen Collimore Shirley PLLC, and hereby objects to Plaintiff's Motion to Disqualify her counsel of choice.  In support hereof, Defendant states as follows:

## I.    THERE IS NO CONFLICT REQUIRING DISQUALIFICATION.

Contrary to Plaintiff's suggestion, there is no conflict in the undersigned counsel representing Attorney Leonard at trial while simultaneously representing Chief Carignan because there is no inconsistency in their testimony.  As set forth in Plaintiff's own exhibits, Chief Carignan testified that he did not speak with Leonard prior to the meeting between the Legal Department and the Chief, *see* Carignan Dep. at p.76, and she did not speak at the meeting itself.  *Id*. at pp. 79-80.  As the Chief noted, Attorney Bolton did all the speaking at that time.  *Id*. at p.80.

Attorney Leonard's position is no different.  She merely states that she attended meetings with the police administration. *See* Leonard Dep. at p.21.  At trial she will testify, if asked, that she never had direct, substantive conversations with the Chief.  That is entirely consistent with his recollection.  Officer Roach's Affidavit does not state otherwise.  *See* Affidavit [Doc. No. 160-2] at ¶4 (noting that the officer "heard" that Leonard spoke with "supervisors" at the Department, which would not necessarily be the Chief).

As such, there is no likelihood that counsel's representation of Leonard will be "materially limited" by his responsibilities to Chief Carignan.   *See* Rules of Professional Conduct 1.7(a)(2). Nor are they directly adverse, given that there are not, and never have been, claims against each other nor have they had separate interests and, as Plaintiff well knows, the Chief has been dismissed from the case. *See* Rules of Professional Conduct 1.7(a)(1).  As such, Rule 1.7(b) is inapplicable, as is Comment 17 thereto (discussing clients who are "aligned directly against each other in the same litigation').

## II.    REPRESENTATION BY SEPARATE COUNSEL WILL NOT UNDULY EXTEND THE TRIAL.

Attorney Leonard having individual counsel will not materially extend the trial nor unfairly disadvantage Plaintiff.  Attorney Leonard's counsel, whether Attorney Hilliard or undersigned counsel, would still need to dedicate some portion of the opening statement to Leonard's defense and would always have had to pose to witnesses specific questions on her behalf.  Counsel does not intend to unnecessarily repeat questions asked by counsel for co-Defendant, nor would the Court allow such repetition.

To the extent that there is some incremental additional time required for trial, however, that is not a basis to "disqualify" counsel.  Plaintiff named nine individual defendants, the City, and private company in her Complaint.  They were represented by five different sets of counsel (and only that few thanks to agreements to the type of dual representation that Plaintiff now seems to think present conflicts).  But for successful dispositive motions, she could easily be facing five or more openings, cross examinations, and closings.  She should not now be heard to complain of just two.

Respectfully submitted,

**CEILA K. LEONARD**

By her attorneys

CULLEN COLLIMORE SHIRLEY PLLC

Dated:  April 3, 2025                    By: /s/ Brian J.S. Cullen
                                         Brian J.S. Cullen (Bar No. 11265)
                                         37 Technology Way, Suite 3W2
                                         Nashua, NH  03060
                                         (603) 881-5500
                                         bcullen@cullencollimore.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:  April 3, 2025                    By: /s/ Brian J.S. Cullen
                                         Brian J.S. Cullen