## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Laurie Ortolano

     v.                                         Civil No. 22-cv-326-LM

Steven Bolton and
Celia Leonard

## FINAL PRETRIAL ORDER

1.    <u>Date of Pretrial Conference</u>:  April 3, 2025.

2.    <u>Counsel Present</u>:  Attorney William Aivalikles for plaintiff Laurie Ortolano, Attorneys Russell Hilliard and Brooke Shilo for defendant Steven Bolton, and Attorney Russell Hilliard for defendant Celia Leonard.

3.    <u>Type of Trial</u>: Jury.

4.    <u>Date of Trial</u>: April 15, 2025.

5.    <u>Estimated Length of Trial</u>: Four days.

6.    <u>Pending Motion</u>:

- <u>Plaintiff's Motion to Vacate April 2, 2025 Order and to Disqualify Attorney Brian Cullen for Conflict of Interest</u> (doc. no. 160).

  Denied for the reasons stated on the record at April 3 hearing. Ortolano bases her motion on New Hampshire Rules of Professional Conduct 1.7 and 1.8. For the reasons stated, the court finds that neither rule suggests that Attorney Cullen's representation of Attorney Leonard poses an issue warranting disqualification.

7.    <u>Case Summary (to be read to the jury during jury selection)</u>:  The Plaintiff, Laurie Ortolano, sues Attorney Steven Bolton and Attorney Celia Leonard. Attorney Bolton is the City of Nashua's Corporation Counsel and Attorney Leonard is Deputy Corporation Counsel. Laurie Ortolano claims that she was at the Nashua City Hall to obtain date stamps for two tax abatement requests. Laurie Ortolano claims that Attorney Bolton and Attorney Leonard improperly deprived her of First Amendment rights, by causing her arrest for

criminal trespass in retaliation for her criticism of City acts and officials. Attorneys Bolton and Leonard deny that they caused her arrest for criminal trespass or violated her constitutional rights in any way.

8. <u>Motions in</u> Limine. At the April 3 conference, the court heard argument and issued rulings (orally from the bench) on all the motions. As the court explained during the conference, it can be difficult to rule on motions in limine out of the context of the evidence at trial. The parties should be prepared to renew any of these motions at trial to give the court an opportunity to rule on the issue in the context of the evidence at trial, particularly if the evidence comes in differently than described in the motions.

A summary of the court's oral rulings follows:

- <u>Defendants' Motion to Exclude Evidence of the July 2022 Encounter Between Bolton and Ortolano at City Hall (doc. no. 136)</u>

  Granted. Any probative value is substantially outweighed by the dangers of jury confusion, creating a trial within a trial, and unfair prejudice. This evidence has limited relevance to the issues before the jury, as it occurred more than a year after the alleged retaliatory arrest.

- <u>Defendants' Motion to Exclude Evidence That Attorney Bolton Spoke with Captain Kenney Prior to Ortolano's Arrest (doc. no. 137)</u>

  This motion is granted with respect to Ortolano's opening statement. Otherwise it is denied. An attempt to elicit evidence is done without good faith when the attorney's question is based on speculation and innuendo and without evidentiary basis. <u>United States v. Ovalle-Marquez</u>, 36 F.3d 212, 219 (1st Cir. 1994). And I have a great deal of discretion in determining whether a good faith basis exists. <u>United States v. Cudlitz</u>, 72 F.3d 992, 1001 (1st Cir. 1996). Here, while I understand that Attorney Bolton and Captain Kenney would likely deny at trial that they spoke to each other prior to Ortolano's arrest, Chief Carignan's deposition testimony gives Ortolano a good faith basis to question those witnesses on this subject.

- <u>Defendants' Moton to Exclude Evidence of Other Trespass Incidents at City Hall (doc. no. 138)</u>

  Denied for the reasons stated. This evidence is of decisive importance to Ortolano. Without this evidence, her retaliatory arrest claim would fail as a matter of law given the undisputed existence of probable cause for her

arrest. The central role of this evidence to Ortolano's case leads me to conclude that its probative value is not substantially outweighed by a danger of confusing the issues. To the extent defendants believe these call logs (plaintiff's exhibit 67) are incomplete and unhelpful to Ortolano's case, they are free to cross-examine the call logs' proponent (or question any other witness) on that topic. Defendants concede that, in light of the court's ruling, they will not dispute the authenticity of the call logs and a "keeper of the records" will not be necessary.

- Defendants' Motion to Exclude Evidence of Claims or Defenses That Are No Longer being Pursued (doc. no. 139)

  Granted. Unless a piece of evidence has some relevance to the only claim before the jury—retaliatory arrest—it will be excluded.

- Defendants' Motion to Exclude Evidence of Ortolano's Prior Protected Conduct Unless it is "Clear" that the Defendants Were Aware of Such Conduct (doc. no. 140)

  Denied in part and granted in part. The court will wait until trial to assess this context and background evidence. Ortolano's expressive conduct paints the backdrop of this case. See Faigin v. Kelly, 184 F.3d 67, 81 (1st Cir. 1999) (holding that the district that "possessed relevancy as a means of painting the backdrop" of plaintiff's case based on the "well-settled" principle that "'context' evidence generally is admissible"). Such evidence will allow the jury to "stitch together an appropriate context in which the jury [can] assess the evidence introduced during the trial." United States v. McKeeve, 131 F.3d 1, 13 (1st Cir. 1997). However, where there is no evidence that the defendants (or a defendant) knew of the expressive conduct, its relevance is lessened. Defendants should be prepared to renew their Rule 403 objection at trial if and when they believe the presentation of this evidence is not relevant or becomes cumulative.

- Defendants' Motion to Exclude Evidence Regarding Punitive Damages (doc. no. 141)

  Denied. Punitive damages "are available where 'the defendant's conduct is shown to be motivated by evil motive or intent, or involves reckless or callous indifference to the federally protected rights of others.'" Broderick v. Evans, 570 F.3d 68, 74 (1st Cir. 2009) (ellipsis omitted) (quoting Powell v. Alexander, 391 F.3d 1, 15 (1st Cir. 2004)). They are awarded at the trier of fact's discretion to punish outrageous conduct and to deter similar

conduct in the future. <u>Smith v. Wade</u>, 461 U.S. 30, 3 54 (1983). Here, I cannot yet determine whether the evidence at trial would permit a reasonable jury to conclude an award of punitive damages is proper. Defendants may renew their argument in a motion for judgment as a matter of law at the appropriate time during trial.

9. <u>Motions</u>: To the extent counsel has (last-minute) disputed evidentiary or other legal questions that can be resolved before trial, the court will entertain these matters at a status conference on **April 10, 2025 at 3:00pm.** To the extent that the dispute requires detailed legal research, any written memoranda shall be filed on or before **April 7, 2025, by midnight.** Any responses thereto shall be filed on or before **April 9, 2025, by midnight.** Memoranda shall not exceed five pages in length.

10. <u>Jury Selection</u>: Court to issue separate order.

11. <u>Jury View</u>: This request is denied for the reasons stated on the record.

12. <u>Exhibits and Exhibit Lists</u>:  An original set of exhibits and two sets of copies of the exhibits are to be premarked and submitted to the Clerk's Office not later than **April 8, 2025**, in accordance with the document entitled "Procedure For Marking Exhibits" which is attached hereto and made a part hereof.  <u>Counsel shall notify each other at the time the exhibits are submitted if any custodian will be required for any exhibit.</u>

13. <u>Electronic Evidence</u>:  JERS shall be used in this case.  JERS is the system that electronically displays evidence in the Jury Deliberation Room during deliberation.  The parties are directed to the United States District Court's policy regarding electronic evidence which applies in this case. See <u>Presenting Electronic Evidence to Deliberating Petit Jurors</u> located at <u>http://www.nhd.uscourts.gov/jury-evidence-recording-system-jers.</u>  JERS exhibits are due to the Clerk's Office on a thumb drive not later than **April 8, 2025**. Follow instructions that apply to JERS exhibits.

14. <u>Deposition Transcripts</u>: Prior to trial, parties shall stipulate with respect to portions of any videotaped (or other) deposition testimony that any party intends to admit.  The court anticipates that the parties will negotiate in good faith to avoid litigating the admissibility of portions of any deposition transcript.   To the extent the parties cannot reach a stipulation, they shall bring any disputes to the attention of the court on or before **April 8, 2025**. Any disputes regarding admissibility of portions of deposition testimony shall be presented in a motion that outlines the disagreements and attaches the entire deposition transcript or those portions necessary for the court to issue a

ruling. The disagreements shall be outlined in chart format as follows (or in substantially similar fashion):

| Page/Line | Basis for Admissibility | Basis for objection |
|-----------|------------------------|---------------------|
|           |                        |                     |
|           |                        |                     |

15.  <u>"Will-Call" Witness List</u>:  The parties shall exchange and file a list of witnesses they intend to call at trial at the time they pre-mark and submit exhibits. The parties will be bound by the witnesses disclosed in this list absent extraordinary circumstances. In light of the court's clarifying and narrowing the issues for trial (at the April 3 hearing), the court anticipates the parties will reconvene and significantly narrow the evidence for trial. To that end, **on or before April 7, 2025**, the parties shall meet and confer and finalize witness lists and exhibits. To the extent there remain disputes concerning witness lists and exhibits, the court will hear the disputes at the status conference on April 10.

16.  <u>Efficient Use of Jury Time</u>:  To the extent possible, parties shall anticipate and notify the court of any legal disputes that can be discussed outside the presence of the jury.  The court intends to utilize jury time in the most efficient manner possible. The court will give counsel an opportunity to alert the court at each break during the trial and at the beginning and end of each day of trial.  The court will meet with counsel at least one hour before the trial is scheduled to begin each day of trial.  Counsel should also anticipate meeting with the court at the end of each day of trial, as necessary.

17.  <u>Confirm Date and Time of Jury Selection</u>:  In order to utilize the court's resources to the fullest extent and keep counsel informed as to their status on the trial list, counsel are directed to call Courtroom Deputy Donna Esposito at (603) 225-1623 to confirm the date and time of jury selection.

**SO ORDERED.**

_____
Landya McCafferty
United States District Judge

April 4, 2025
cc: Counsel of Record.

5