# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,** | )<br>)<br>) |
| **Plaintiff** | )<br>) |
| V. | ) Civil Action No. 22-cv-00326-LM<br>)<br>) |
| **Steven Bolton and Celia Leonard** | )<br>) |
| **Defendants** | )<br>) |

## PLAINTIFF'S OBJECTION TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS

NOW COMES the Plaintiff in the above-entitled matter and OBJECTS to Defendants' Proposed Jury Instructions and says as follows:

**DEFENDANT'S PROPOSED JURY INSTRUCTION # 1:**

**Multiple Defendants**

**OBJECTION**

While it is legally correct that each defendant must be considered individually, the proposed instruction overemphasizes separation and risks misleading the jury. The jury should also be instructed that multiple defendants can be jointly liable where their conduct is intertwined, collaborative, or arises from a shared retaliatory motive.

**Suggested Supplemental Instruction:**

> "Conversely, you may find both Defendant Attorneys liable should you determine by a preponderance of the evidence that both Defendant Attorneys acted in concert or that their actions combined to violate Plaintiff's constitutional rights."

**DEFENDANT'S PROPOSED JURY INSTRUCTION # 2: Elements and burden of proof**

**OBJECTION**

The proposed jury instructions merely restate the barebones elements of a §1983 claim and does nothing to inform the jury on how to find for one party over another.

**Suggested Supplemental Instruction**

"A defendant may be liable if their actions set in motion a series of events that they knew, or reasonably should have known, would result in a constitutional violation."

*See* Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 560–61 (1st Cir. 1989).

**Alternative Suggested Remedy:**

*See generally* Plaintiff's Proposed Jury Instructions on elements related to a §1983 claim.

**DEFENDANT'S PROPOSED JURY INSTRUCTION # 3:**

**Elements of First Amendment Retaliation Claim**

**OBJECTION**

The proposed instruction misstates the burden-shifting framework under <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,</u> 429 U.S. 274 (1977). After Plaintiff shows that protected activity was a substantial or motivating factor, Defendants bear the burden of showing the same decision would have been made regardless.

The current language suggests Plaintiff retains the burden throughout, which misstates the law.

**Suggested Revision:**

> If you find that Plaintiff's protected speech was a substantial or motivating factor in the adverse action, then the burden shifts to the Defendants to prove, by a preponderance of the evidence, that they would have taken the same action even in the absence of Plaintiff's protected speech.

**DEFENDANT'S PROPOSED JURY INSTRUCTION # 4: Probable Cause**

**OBJECTION**

Plaintiff agrees that probable cause existed for the arrest, but objects to this instruction to the extent it overstates the comparator requirement and undercuts the relevance of retaliatory intent by the Defendant Attorneys. The proposed instruction creates a misleading impression that only a rigid comparator analysis can support Plaintiff's claim.

Under <u>Nieves v. Bartlett</u>, 587 U.S. 391 (2019), even when probable cause exists, a plaintiff may succeed on a First Amendment retaliatory arrest claim by presenting objective evidence that the arrest was retaliatory — particularly where the offense is one typically enforced only at officers' discretion.

As in <u>Nieves</u>, Plaintiff may satisfy this burden by showing that she was singled out when others committing the same offense were not arrested, *or* by presenting persuasive evidence that retaliation was the motivating factor behind the enforcement decision — particularly where discretionary authority was exercised selectively.

**Suggested Instruction**

> You are instructed that Plaintiff's arrest was supported by probable cause. However, under the law, the existence of probable cause does not automatically defeat a claim for retaliatory arrest if Plaintiff proves that she was arrested when others who engaged in similar conduct were not — and if the arrest decision was substantially motivated by Plaintiff's protected speech.
>
> In assessing whether Plaintiff was treated differently, you may consider whether Defendant Attorneys were involved in, directed, or influenced the decision to arrest or prosecute her, and whether they did so because of Plaintiff's exercise of her First Amendment rights.
>
> If you find by a preponderance of the evidence that Plaintiff's protected speech was a substantial or motivating factor in the arrest decision — and that Defendant Attorneys took steps to cause or influence that arrest for retaliatory reasons — then your verdict should be for the Plaintiff.

**DEFENDANT'S PROPOSED JURY INSTRUCTION # 5: No Control Over Police**

**OBJECTION**

This instruction improperly invades the province of the jury. The question of whether a Defendant influenced or directed the arrest is a factual matter, especially where the record contains evidence of legal department input into the decision to pursue charges. Additionally, the summary judgment ruling did not find the Defendants lacked all influence or involvement, only that they lacked formal policymaking authority.

.

**DEFENDANT'S PROPOSED JURY INSTRUCTION # 6:**

**Superseding or Intervening Cause**

**OBJECTION**

This instruction misstates the law of causation in §1983 and First Amendment retaliation claims. Plaintiff's conduct cannot be a superseding cause where Defendants allegedly acted with retaliatory intent. The existence of other contributing factors — such as Plaintiff's speech or public criticism — does not excuse retaliation; it is the *basis* for the claim. See Hous. Auth. of Kaw Tribe v. City of Ponca City, 952 F.2d 1183, 1192 (10th Cir. 1991): "Superseding cause applies only if the intervening act was not foreseeable and not a normal consequence of the defendant's conduct."

Despite Mrs. Ortolano's alleged admission to trespass on social media, there was ample evidence of her trespass contemporaneous with the police response at the City Hall. Indeed, Mrs. Ortolano submitted evidence that Nashua PD regularly "trespasses" individuals from public places where they are clearly in violation of the trespass statute yet still choose not to make an arrest. Furthermore, there is sworn testimony on record that it is the policy of Nashua PD not to arrest for trespass unless and until an individual refuses to leave upon the request of responding police officers.

**Suggested Instruction:**

> You may not find that Plaintiff's protected speech or public criticisms were a superseding cause, because those acts form the foundation of her constitutional claim. If Defendants took adverse action because of that speech, they may still be held liable even if others were offended or disrupted by it.

**PROPOSED JURY INSTRUCTION # 7: Scope of Representation**

**OBJECTION**

This instruction is irrelevant and risks confusing the jury. The issue in this case is not who the Legal Department "represents" in a technical legal sense, but whether Defendant Attorneys acted under color of law and with retaliatory intent. This instruction invites an unhelpful sidebar about attorney-client relationships that does not bear on §1983 liability.

**Requested Relief:**

A statement that the Defendants' authority as City Attorney is state action for purposes of §1983.

**PROPOSED JURY INSTRUCTION # 8: No Animosity**

**OBJECTION**

This instruction is argumentative, not neutral. It is improper to preemptively tell the jury to disregard evidence that may support retaliatory motive — especially when Plaintiff has introduced evidence that Defendant Leonard's and Bolton's interactions with her were not limited to legal duties but included hostile and selective enforcement behavior.

**Requested Relief:**

This instruction should be excluded as prejudicial and one-sided. The jury must decide whether animus existed based on the full context — not be told in advance of deliberations to disregard the possibility.

**PROPOSED JURY INSTRUCTION # 9: No Right to Enter Nonpublic Areas**

**OBJECTION**

While Plaintiff does not contest that some areas are nonpublic, this instruction omits the broader constitutional issue — that speech, even in nonpublic areas, may not be punished through selective enforcement or retaliation. This is a speech case, not a trespass prosecution. Mrs. Ortolano conceded that probable cause existed for her arrest and the question of whether she had a lawful right to remain at the legal department is not in question.

The First Amendment limits *how* the government enforces access rules — it cannot be used as a pretext to punish dissent.

**Suggested Instruction:**

> While certain areas of City Hall may require appointments, the First Amendment still protects citizens from being selectively targeted for enforcement based on their speech. A government official may not use neutral policies or arbitrarily enforce restrictions as pretext to silence or retaliate against critics.

**PROPOSED JURY INSTRUCTION # 10: Qualified Immunity**

**OBJECTION**

While the doctrine of qualified immunity is relevant, the instruction must accurately reflect the two-part test from <u>Pearson v. Callahan</u>, 555 U.S. 223 (2009). More importantly, immunity is a legal question. Unless the Court has ruled that this is a jury question, it is improper to submit it at all.

If it *is* submitted to the jury, the instruction must clarify:

1. Whether a constitutional violation occurred; and
2. Whether the right was clearly established at the time.

**<u>Suggested Instruction</u>:**

> If you find that the Defendant Attorneys violated Plaintiff's First Amendment rights, and that a reasonable Attorney in their position would have understood that such conduct was unlawful, then qualified immunity does not apply.

**PROPOSED JURY INSTRUCTION # 11: Damages**

**OBJECTION**

Generally unobjectionable but should be supplemented to reflect emotional distress damages in First Amendment cases — which are recoverable even without medical evidence. Also, nominal damages must be awarded if a constitutional violation is found but no compensatory damages are proven.

**Suggested Instruction / Supplement:**

> If you find that Plaintiff's constitutional rights were violated, you may award compensatory damages for emotional distress, humiliation, or reputational harm — even if Plaintiff did not suffer physical injury or financial loss.
>
> If you find a constitutional violation occurred but Plaintiff did not suffer quantifiable damages, you must award nominal damages in the amount of one dollar.

## CONCLUSION

WHEREFORE, for the foregoing reasons, this Court should DENY the respective juror instructions submitted by the Defendants.


Dated: April 7, 2025                              Respectfully Submitted by,


                                                  */s/William Aivalikles*
                                                  William Aivalikles, Esq.
                                                  NH Bar #308
                                                  Law Office of William Aivalikles
                                                  253 Main Street
                                                  Nashua, NH 03060
                                                  (603)880-0303
                                                  william@nhtriallaw.com

## **CERTIFICATE OF SERVICE**

     I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: April 7, 2025                                    */s/William Aivalikles*
                                                                            William Aivalikles, Esq.