UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| **Laurie Ortolano,**        **Plaintiff** | ) ) ) ) |
| V. | )   Civil Action No. 22-cv-00326-LM ) |
| **Steven Bolton and Celia Leonard**        **Defendants** | ) ) ) ) ) |

**MOTION *IN LIMINE* TO PRECLUDE DEFENDANT ATTORNEYS FROM TESTIFYING THEY WERE "VICTIMS" OF TRESPASS**

NOW COMES the Plaintiff in the above-entitled matter and MOVES *in limine* to prohibit Defendant Attorneys from referring to themselves as "victims" during trial, or from implying that Plaintiff's protected speech or conduct justified her arrest. In support of this motion, Plaintiff states as follows:

1. This is a First Amendment retaliation case. Plaintiff alleges that Defendant Attorneys violated her constitutional rights by causing her arrest in retaliation for her public criticisms and petitioning activities.

2. At deposition, both Defendant Bolton and Defendant Leonard made repeated references suggesting that they were personally harmed, intimidated, or otherwise victimized by Ms. Ortolano's actions and speech.

3. Former Chief Carignan likewise testified that the Defendant Attorneys characterized themselves as victims of Plaintiff's conduct and urged law enforcement to treat them as such.

4. Officer Roach's affidavit in support of the arrest warrant similarly reflects that the Defendant Attorneys framed themselves as victims in order to justify criminal charges against Plaintiff.

5. The crime for which Plaintiff was charged—trespass—is not a crime against the person. Under New Hampshire law, criminal trespass is a crime against property. As such, there is no legal basis for either Defendant Attorney to present themselves as "victims" of the offense. N.H. RSA 635:2

6. Moreover, any implication that Mrs. Ortolano's exercise of protected speech or petitioning activity caused the Defendant Attorneys harm or distress is irrelevant and unduly prejudicial. The First Amendment protects even harsh or uncomfortable criticisms of public officials.

7. The First Circuit has made clear that the First Amendment protects speech that is critical, confrontational, or unwelcome to public officials. *See* <u>Nieves v. Bartlett</u>, 587 U.S. 391 (2019); <u>Hartman v. Moore</u>, 547 U.S. 250 (2006). The District of New Hampshire has recognized that a public official's subjective reaction to protected speech cannot justify adverse governmental action. *See* <u>Currier v. Town of Gilmanton</u>, 621 F. Supp. 3d 233, 262 (D.N.H. 2022) (noting that adverse actions taken in response to constitutionally protected conduct are impermissible).

8. The Court should therefore preclude the Defendant Attorneys from testifying or arguing:
    a. That they were "victimized" by Mrs. Ortolano;
    b. That Mrs. Ortolano's speech caused them personal harm or emotional distress;
    c. That her right to criticize public officials justified their decision to petition for her arrest; and,

    d. That her protected conduct was a legitimate basis for treating her as a criminal suspect.

9. Any such testimony or implication would mislead the jury, invite improper sympathy, and improperly suggest that the Defendant Attorneys' subjective discomfort with Mrs. Ortolano's speech justified a law enforcement response. It would also impermissibly chill constitutionally protected expression.

WHEREFORE, Plaintiff respectfully requests that this Court issue an order *in limine* barring Defendant Attorneys from referring to themselves as victims or otherwise implying that Mrs. Ortolano's protected speech justified punitive or criminal action against her.

Dated: April 7, 2025                                          Respectfully Submitted by,

                                                                */s/William Aivalikles*
                                                                 William Aivalikles, Esq.
                                                                 NH Bar #308
                                                                 Law Office of William Aivalikles
                                                                 253 Main Street
                                                                 Nashua, NH 03060
                                                                 (603)880-0303
                                                                 william@nhtriallaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: April 7, 2025                                                          */s/William Aivalikles*
                                                                     William Aivalikles, Esq.