UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,** | ) |
|         **Plaintiff** | ) |
| | ) |
| **V.** | ) Civil Action No. 22-cv-00326-LM |
| | ) |
| **Steven Bolton and Celia Leonard** | ) |
|         **Defendants** | ) |

### MOTION *IN LIMINE* TO PRECLUDE DEFENDANT ATTORNEYS FROM INTRODUCING ANY EVIDENCE THAT PLAINTIFF USED THE WORD "CUNT"

NOW COMES the Plaintiff in the above-entitled matter and MOVES *in limine* to prohibit Defendant Attorneys from introducing testimony or evidence that Mrs. Ortolano used the word "cunt" or "cuntiness", or from implying that Plaintiff's protected speech or conduct justified her arrest. In support of this motion, Plaintiff states as follows:

1. This is a First Amendment retaliation case. Plaintiff alleges that Defendant Attorneys violated her constitutional rights by causing her arrest in retaliation for her public criticisms and petitioning activities.

2. At deposition, both Defendant Bolton and Defendant Leonard made repeated references suggesting that they were personally harmed, intimidated, or otherwise victimized by Ms. Ortolano's actions and speech and have repeatedly admonished her for using the word "cunt" or the phrase "cuntiness".

3. Under Fed. R. Evid. 401: Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

1

4. The Plaintiff's use of the word cunt or phrase "cuntiness" has no relevance to the Defendants' retaliatory motivation and actions. If it is the Defendants' contention that they had the right to retaliate against the Plaintiff because she used objectionable language, such an argument is a *non sequitur*. Plaintiff's speech – regardless of its perceived offensiveness – is nevertheless protected under the First Amendment. Bolton and Leonard would seek to admit this testimony to show they had the right to retaliate against her by getting her arrested. The submission of such testimony and evidence does nothing to negate the fact that Defendants had the motive to retaliate and did so.

5. This statement was made approximately six months after the arrest.

6. In the alternative, even if the Court finds relevance, it should be excluded under Rule 403 of the Federal Rules of Evidence: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

7. This evidence is offered to inflame the jury and amounts to nothing more than character assassination.

8. This evidence is more prejudicial than probative. The crime for which Plaintiff was charged—trespass—is not a crime against the person and the Defendants' claims of being "victimized" by the trespass can only serve to confuse the issues and prejudice the jury.

9. Moreover, any implication that Mrs. Ortolano's exercise of protected speech or petitioning activity caused the Defendant Attorneys harm or distress is irrelevant and unduly prejudicial. The First Amendment protects even harsh or uncomfortable criticisms of public officials.

10. The First Circuit has made clear that the First Amendment protects speech that is critical, confrontational, or unwelcome to public officials. *See* <u>Nieves v. Bartlett</u>, 587 U.S. 391 (2019); <u>Hartman v. Moore</u>, 547 U.S. 250 (2006). The District of New Hampshire has recognized that a public official's subjective reaction to protected speech cannot justify adverse governmental action. *See* <u>Currier v. Town of Gilmanton</u>, 621 F. Supp. 3d 233, 262 (D.N.H. 2022) (noting that adverse actions taken in response to constitutionally protected conduct are impermissible).

11. The Court should therefore preclude the Defendant Attorneys from testifying or arguing:
    a. That they were harmed when Mrs. Ortolano used the word "cunt" or "cuntiness";
    b. That Mrs. Ortolano's speech caused them personal harm or emotional distress;
    c. That her right to criticize public officials justified their decision to petition for her arrest; and,
    d. That her protected conduct was a legitimate basis for treating her as a criminal suspect.

12. Any such testimony or implication would mislead the jury, invite improper sympathy, and improperly suggest that the Defendant Attorneys' subjective discomfort with Mrs. Ortolano's speech justified a law enforcement response. It would also impermissibly chill constitutionally protected expression.

WHEREFORE, Plaintiff respectfully requests that this Court issue an order *in limine* barring Defendant Attorneys from introducing any evidence or soliciting any testimony that Mrs. Ortolano used the word "cunt" or phrase "cuntiness", or otherwise implying that Mrs. Ortolano's protected speech justified punitive or criminal action against her.

Dated: April 7, 2025                              Respectfully Submitted by,


                                                  */s/William Aivalikles*
                                                  William Aivalikles, Esq.
                                                  NH Bar #308
                                                  Law Office of William Aivalikles
                                                  253 Main Street
                                                  Nashua, NH 03060
                                                  (603)880-0303
                                                  william@nhtriallaw.com


### CERTIFICATE OF SERVICE

    I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.


Dated: April 7, 2025                              */s/William Aivalikles*
                                                  William Aivalikles, Esq.