## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW HAMPSHIRE

———————————————————————————

**Laurie Ortolano,**
                **Plaintiff**

**V.**                                     **Civil Action No. 22-cv-00326-LM**

**Steven Bolton and Celia Leonard**
                **Defendants**

———————————————————————————

## PLAINTIFF'S MOTION FOR CLARIFICATION REGARDING THE COURT'S ALLOWANCE OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE JULY 22, 2022 INCIDENT

NOW COMES the Plaintiff, Laurie Ortolano, by and through undersigned counsel, and respectfully moves for clarification of the Court's order granting Defendants' Motion in Limine to exclude evidence of the July 22, 2022 incident at Nashua City Hall involving Defendant Attorney Steven Bolton. In support of this motion, Plaintiff states as follows:

At the pretrial conference on April 3, 2025, based upon the Court's discussion of the Motion, it was Plaintiff's counsel's understanding that the July 22, 2022 incident could come in to establish motive, intent, and plan. The Court's written order, however, has granted the motion without qualification, which is contrary to Plaintiff's counsel's understanding of the Court's oral ruling.

## INTRODUCTION

The July 22 incident is highly probative of the central issues in this case. It involved yet another instance in which Defendant Bolton attempted to have Plaintiff arrested after she engaged in constitutionally protected criticism of city officials. Notably, this incident occurred just two days after Plaintiff spoke at a public meeting, and it was only prevented from resulting in an arrest

by the discretion of the responding officers—who determined there was no probable cause to proceed.

Plaintiff seeks clarification that the Court's allowance of the Motion in Limine does not preclude her from introducing this evidence at trial for the following permissible purposes under the Federal Rules of Evidence:

## I. Admissibility to Show Motive, Intent, and Plan Under Rule 404(b)

Under Rule 404(b)(2), evidence of other acts is admissible to show motive, intent, plan, and absence of mistake. The July 22, 2022 incident is a direct continuation of the same retaliatory conduct that forms the basis of Plaintiff's claim. The incident illustrates a sustained effort by Attorney Bolton to use police authority to penalize Plaintiff's speech and public criticism.

Courts in the First Circuit routinely allow Rule 404(b) evidence when it reflects a pattern of similar acts directed at the same person or carried out with the same retaliatory purpose. *See United States v. Varoudakis*, 233 F.3d 113, 118 (1st Cir. 2000). Here, the July 22 incident helps establish that the January/February 2021 arrest was not an isolated event but part of a broader campaign to silence Plaintiff through improper use of government authority.

## II. Admissibility of Statements Under Rule 801(d)(2)

The police reports generated in response to the July 22, 2022 incident document statements made by Defendant Bolton requesting Plaintiff's arrest. Those statements were made in the course of his duties as Corporation Counsel and are therefore admissible as admissions of a party-opponent under Rule 801(d)(2)(D).

Specifically, Rule 801(d)(2)(D) excludes from the hearsay rule any statement made by a party's agent concerning a matter within the scope of that agency. Attorney Bolton's role in interfacing with police about Plaintiff's presence in City Hall and his demand that she be arrested

fall squarely within the scope of his public employment. The testimony of responding officers and the contents of their reports directly memorialize those admissions.

### III. Admissibility for Impeachment Under Rule 613

To the extent the responding officers testify at trial inconsistently with their prior reports or deposition testimony—particularly concerning the events of July 22 or their understanding of City Hall access protocols—Plaintiff must be allowed to confront them with their prior statements.

Federal Rule of Evidence 613 permits impeachment through prior inconsistent statements, and the police narratives and body-worn camera footage from this incident offer critical material for effective cross-examination.

### IV. Relevance and Context to the Retaliatory Motive

Excluding this incident entirely risks depriving the jury of important context about the Defendants' state of mind and ongoing efforts to restrict Plaintiff's ability to engage with her government. This incident corroborates Plaintiff's narrative that her arrest in early 2021 was not simply a reaction to that moment, but part of a persistent course of retaliatory conduct aimed at silencing her. The facts of this event are relevant to the issue of motive. The Plaintiff must prove that the Plaintiff's protected activity was a substantial or motivating factor of Defendant's conduct. The threats of arrest while plaintiff was in a public place in City Hall is evidence of this.

The risk of unfair prejudice is low. The July 22 incident did not result in an arrest or charge, and the account is presented through neutral, official police testimony. The probative value of this incident far outweighs any potential prejudice under Rule 403.

### <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court clarify its ruling on Defendants' Motion in Limine to confirm that the July 22, 2022 incident may be introduced at trial:

- To establish motive, intent, plan, or absence of mistake under Rule 404(b);

- As admissions of a party-opponent under Rule 801(d)(2);

- For impeachment purposes under Rule 613;

- And to provide context relevant to Plaintiff's First Amendment retaliation claim.


Dated: April 8, 2025                          Respectfully Submitted by,



                                              */s/William Aivalikles*
                                              William Aivalikles, Esq.
                                              NH Bar #308
                                              Law Office of William Aivalikles
                                              253 Main Street
                                              Nashua, NH 03060
                                              (603)880-0303
                                              william@nhtriallaw.com


## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.


Dated: April 8, 2025                          */s/William Aivalikles*
                                              William Aivalikles, Esq.