UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-00326-LM |
| ) | |
| **The City of Nashua,** *et al.***,** ) | |
| **Defendants.** ) | |
| ) | |

## OBJECTION OF THE DEFENDANTS, STEVEN A. BOLTON AND CELIA K. LEONARD TO PLAINTIFF'S TRIAL EXHIBITS[1]

Defendants Steven A. Bolton, Corporation Counsel for the City of Nashua, New Hampshire, and Celia K. Leonard, a Deputy Corporation Counsel for the City of Nashua, New Hampshire, provide the following summary by category of their objections to the plaintiff's trial exhibits in accordance with the discussion at the final pretrial conference on April 3, 2025. Respectfully, none of these exhibits is probative of a retaliatory animus on the part of the defendants (particularly those that post-date the arrest on February 18, 2021) or of their having caused the arrest, as outlined below.

This pleading is revised and updated from Doc. No. 146 filed on March 27, 2025. In addition, the plaintiff provided a new exhibit list to the defendants yesterday afternoon, utilizing a new numbering convention. New exhibit numbers have been inserted parenthetically after the original number. Exhibits 54 and 62 are new, and have not yet been provided to the defense.

---

[1] This Objection addresses plaintiff's amended Exhibit List shared with counsel on the afternoon of April 7, 2025. Defendants expect plaintiff to file that Exhibit List with the Court without further changes thereto but reserve their rights to amend this Objection should the need arise.

1

Exhibits 86, 96, 99, 102, and 103 are also new and not yet available for review (although the objection in paragraph 11 below applies to all of the videos).

1. **Board of Aldermen Meetings Minutes and Video Recordings.**

There are numerous exhibits consisting of minutes of various meetings of the Nashua Board of Aldermen, as well as video recordings of the same meetings. (Exhibits 1 (4), 2, 11 (5, 6), 12 (9), 14 (11), 28, 37 (33), 48, 95 (80), 128-31, 134, 138, 139, 140, 142, 145, 147). These exhibits contain the plaintiff's remarks at these Board meetings regarding the Assessing Department (Exhibits 1, 2, 11, 12, and 14 – all in 2018). There are additional such minutes from 2019 that deal with a proceeding at the Board of Tax and Land Appeals regarding a reassessment of property in the City of Nashua (Exhibit 28.) Exhibit 37, a March 9, 2021 meeting of the Board of Aldermen includes the plaintiff's discussion of the events of January 22, 2021 from her perspective, and is hearsay (recognizing that it might be fair game for impeachment). Exhibit 48, a July 14, 2020 Board of Aldermen, the plaintiff discusses concerns with the Assessing Department. Finally, Exhibit 95, the minutes of an October 25, 2022 meeting are cumulative and a waste of time.

2. **Exhibits Relating to Plaintiff's Right-to-Know (RTK) Requests**

There are many exhibits related to RTK requests by the plaintiff to the City of Nashua and its departments, agencies, and officers that resulted in litigation. Exhibits 4, (12), 5 (13), 6 (14) (Donchess timeline); 22, 23, 26 (21), 27 (24), 29, 30, 34 (31), and 35 (32) (routine RTK requests and responses); 46 (39), 84 (73), and 85 (24) (response to plaintiff's counsel re pending litigation discovery requests); 99 and 100 (Hilliard motion for protective order re service of subpoenas in 2023 state court litigation); 102-04 (emails re IT meeting in 2024); 109-15 (court orders in numerous litigated issues in 2022 and 2023); and 117 (87) (2012 NPD records

regarding a road rage incident in which the defendant Bolton was involved). The defendants Bolton and Leonard represented the City in the legal actions, and the claims in the plaintiff's complaint related to those actions were dismissed on motion for judgment on the pleadings (Doc. 60, Counts 4 and 5). In addition, particular acts or communications may be subject to the litigation privilege, and court orders are hearsay. There will be no expert testimony with respect to the conduct of the defendants in responding to the plaintiff's various RTK requests, both initially and when they resulted in litigation. Accordingly, unless a particular response so deviates from the law or contains some remark reflecting personal animosity, all such communications should be protected by the litigation privilege. For these reasons, they are inadmissible.

    3.    **Donchess Property Record Card**

These are several exhibits relating to the plaintiff's issues with the tax assessment on the Mayor's home. Exhibits 7 (15), 8 (16), 9 (7), 10 (8). They are irrelevant.

    4.    **Newspaper Articles**

There are numerous exhibits consisting of newspaper articles. Exhibits 13, 44 (35), 69 (55), 70 (57), 71 (58), 72 (59), 96 (1), 125. Unless they contain authenticated statements by the defendants that are relevant to the remaining claim in this proceeding, they are inadmissible.

    5.    **Plaintiff's Investigation of the Assessing Department**

There are numerous exhibits relating to an investigation the plaintiff conducted of the Nashua assessing office (3 (RTK for assessing records in 2018 related to Duhamel), 13 (10) (newspaper article re assessing audit), 15-16 (emails with DRA re equalization ratio), 18 (2019 email Turgis and Kleiner re equalization ratio), 22 (20), 24 (22), 25 (23), 36 (25) (BTLA hearing notice), 41 (19) (assessor manual), 42 (27) (BTLA order re assessment), 43 (34) (2020 DRA

settlements with assessors), 118 (26) (<u>2019</u> plaintiff's audit of assessing office (62 pages)), 119, 120 (88), 121, 122 (89), 124 (18), 129. Beyond issues of competency, they are irrelevant to this case.

      6.     **<u>Plaintiff's Tax Abatement Cases</u>**

There are numerous exhibits (Exhibit 19 (2019 email with DRA); Exhibits 45 (38) and 47 (40) (procedure in abatement cases), Exhibits 49, 50, 51 (41) (consolidation of BTLA cases), Exhibit 53 (47) (BTLA decision), Exhibit 61 (2021 assessors board meeting to approve settlements), and Exhibit 101 (plaintiff's property record card)) pertaining to the various tax abatement proceedings initiated by the plaintiff administratively and in court. The defendants represented the City in these proceedings, and they are irrelevant or barred by the litigation privilege.

      7.     **<u>Board of Assessors Meeting Minutes</u>**

These exhibits (21, 32, 33, 55, 61 (48), 132-33, 136-38, 141, 143) are not relevant as they contain no competent information pertaining to the plaintiff's arrest for trespassing, including proof that the defendant Bolton or the defendant Leonard knew of the information on January 22, 2021, or before interaction by either of them with the Nashua Police Department in connection with the arrest. Also, depending on the content and speaker, the exhibits may be inadmissible hearsay.

      8.     **<u>Plaintiff's Publications on Various Social Media</u>**

There are numerous exhibits consisting of plaintiff's statements on various social media platforms (Exhibits 52 (33), 54). If offered by the plaintiff to prove the truth of their content, they are inadmissible hearsay.

9. **NPD Response to RTK for Trespass Incidents in City Hall**

This exhibit (Exhibit 67 (60)) is inadmissible for the reasons set forth in the motion *in limine* previously submitted by defendants pertaining to this information.  See Doc. No. 138.  The Court has ruled that this exhibit will be admitted.  Defendants note their continuing objection and their counsel expect to continue to challenge its relevance given the nature of the incidents reflected on the police log as compared to the plaintiff's arrest.

10. **Budget Review Committee Meeting**

These exhibits (31, 135) are not relevant unless they contain competent information pertaining to the plaintiff's arrest for trespassing, including proof that the defendant Bolton or the defendant Leonard knew of the information on January 22, 2021, or before interaction by either of them with the Nashua Police Department in connection with the arrest.  Also, depending on the content and speaker, the exhibits may be inadmissible hearsay.

11. **Audiovisual Exhibits (128-53 (92-103))**

The plaintiff supplied these videos to the defendants on April 3, 2025, but as noted above, these are videos of various committee meetings, the minutes for which are also offered as exhibits, and are objected to on the grounds indicated above and as cumulative.  In addition, Exhibit 146, a School Board Recount Video, is irrelevant to the issues in this case.

12. **Arrest Records**

Exhibits 65 (52) and 66 (53) related to property taken at arrest and bail conditions and 74 (63), 75 (60), 76 (65), 78 (66), 80 (69) related to post-conviction proceedings are irrelevant and contain hearsay.

13. **July 2022 Incident**

These exhibits (Exhibits 91 (73), 92, 93 (78), 94 (79)) are inadmissible for the reasons set forth in the motion *in limine* pertaining to this information.  See Doc. No. 136.  The Court has granted this motion in *limine* and these proposed exhibits should not be offered or admitted.

14. **Miscellaneous**

There are several miscellaneous exhibits to which relevance and hearsay objections are made:  Exhibits 38 (67) and 39 (68) (HR related); 68 (56) (letter to BOA re police escort); 88 (75) and 89 (assessing office visit January 2022); 97 (2) and 98 (3) (plaintiff's 2023 award); 123 (2023 NHSC decision in Pheasant Lane Mall abatement case); various emails (126, 127 (90), 28 (76)); and 146 (2023 school board recount video).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **Steven A. Bolton,** |
|  | By his Counsel, |
|  | **UPTON & HATFIELD, LLP,** |
| Date:  April 8, 2025 | /s/ Russell F. Hilliard |
|  | Russell F. Hilliard; NHBA #1159 |
|  | 159 Middle Street |
|  | Portsmouth, NH 03801 |
|  | (603) 436-7046 |
|  | rhilliard@uptonhatfield.com |
|  | Brooke Lovett Shilo; NHBA #20794 |
|  | Madeline K. Matulis; NHBA #276135 |
|  | 10 Centre Street; PO Box 1090 |
|  | Concord, NH 03302-1090 |
|  | (603) 224-7791 |
|  | bshilo@uptonhatfield.com |
|  | mmatulis@uptonhatfield.com |

    and

    **Celia K. Leonard**

    By her attorneys

    **CULLEN COLLIMORE SHIRLEY, PLLC,**

Dated:  April 8, 2025    /s/ Brian J.S. Cullen
    Brian J.S. Cullen (Bar No. 11265)
    37 Technology Way, Suite 3W2
    Nashua, NH  03060
    (603) 881-5500
    bcullen@cullencollimore.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was forwarded on this day to all counsel of record through the Court's E-filing system.

    /s/ Russell F. Hilliard
    Russell F. Hilliard