UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

|                              |   |                                   |
|---|---|---|
| Laurie Ortolano              | : |                                   |
|                              | : |                                   |
| v.                           | : | Civil Action No. 22-cv-00326-LM   |
|                              | : |                                   |
| The City of Nashua, et al.   | : |                                   |

### DEFENDANTS STEVEN A. BOLTON AND CELIA LEONARD'S OBJECTION TO PLAINTIFF'S MOTION TO PRECLUDE USE OF TERM "VICTIM"

NOW COME the Defendants, Steven A. Bolton and Celia K. Leonard, through their respective counsel, and hereby object to Plaintiff's late-filed motion to preclude Defendants from characterizing themselves as "victims" of her trespass. [Doc. No. 169.] In support hereof, Defendant states as follows:

1. At the outset, Plaintiff's Motion is late. Per this Court's pretrial Order of March 10, 2025, pretrial filings, including Motions in Limine, were due on March 20, 2025. Such deadlines allow the Court and parties adequate time to respond and to determine in advance of trial what evidence may be admissible. The instant motion, in contrast, was filed over two weeks later and after the Court's Final Pretrial Conference. Moreover, the Motion addresses an issue of which Plaintiff was well aware long prior thereto. Indeed, the Motion references Defendants' deposition testimony. *See* Motion ¶2. Those depositions took place in May 2024. The Motion should be denied on timeliness grounds alone.

2. Even were the Motion timely, however, it lacks merit.

3. Plaintiff claims that Trespass is a "crime against property" for which she claims there can be no victim. By this rational, there would be no victims of arson, either. The

characterization of trespass as a property crime does not preclude Defendants being victims thereof.

4. In addition, RSA 635:2 recognizes that a property owner or an otherwise authorized person may order a person to leave the premises. There is no contention that Attorney Leonard was not an authorized person who could ask Plaintiff to leave the locked, non-public offices of the Legal Department in which she worked or that Attorney Bolton, as Corporation Counsel, lack authority to seek action on behalf of himself or his employees.

5. Defendants do not intend to argue that any lawful First Amendment conduct would justify her arrest or claim that lawful First Amendment speech caused them compensable harm. They are entitled, however, to inform the jury that they believed themselves to be victims of her criminal trespass and that it was that belief that formed the basis of any effort to report Plaintiff's conduct to the police.

6. To deprive them of this ability would unfairly prejudice their defense in this action, excluding from evidence an alternative ground for Defendants' alleged actions other than retaliatory animus.

Respectfully submitted,

**STEVEN A. BOLTON**

By his Counsel,

**UPTON & HATFIELD, LLP,**

Date: April 9, 2025

/s/ Russell F. Hilliard
Russell F. Hilliard; NHBA #1159
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

        Brooke Lovett Shilo; NHBA #20794
        10 Centre Street; PO Box 1090
        Concord, NH 03302-1090
        (603) 224-7791
        bshilo@uptonhatfield.com

and

**CELIA K. LEONARD**

By her attorneys

**CULLEN COLLIMORE SHIRLEY PLLC**

Dated:  April 9, 2025        By: /s/ Brian J.S. Cullen
        Brian J.S. Cullen (Bar No. 11265)
        37 Technology Way, Suite 3W2
        Nashua, NH  03060
        (603) 881-5500
        bcullen@cullencollimore.com

## **CERTIFICATE OF SERVICE**

    I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:  April 9, 2025        By: /s/ Brian J.S. Cullen
        Brian J.S. Cullen