UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano | : |
| | : |
| v. | : Civil Action No. 22-cv-00326-LM |
| | : |
| The City of Nashua, et al. | : |

### DEFENDANTS STEVEN A. BOLTON AND CELIA LEONARD'S OBJECTION TO PLAINTIFF'S MOTION IN LIMINE RE: USE OF C-WORD

NOW COME the Defendants, Steven A. Bolton and Celia K. Leonard, through their respective counsel, and hereby objects to Plaintiff's late-filed Motion in Limine aimed at preventing Defendants from introducing evidence that she called Defendant Leonard a "C—t". [Doc. No. 170.] In support hereof, Defendant states as follows:

1. At the outset, Plaintiff's Motion is late. Per this Court's pretrial Order of March 10, 2025, pretrial filings, including Motions in Limine, were due on March 20, 2025. Such deadlines allow the Court and parties adequate time to respond and to determine in advance of trial what evidence may be admissible. The instant motion, in contrast, was filed over two weeks late and after the Court's Final Pretrial Conference. Moreover, the Motion addresses an issue of which Plaintiff was well aware long prior thereto. The Motion may be denied on timeliness grounds alone.

2. Even were the Motion timely, however, it lacks merit.

3. Plaintiff does not, and cannot, deny or defend that she called Defendant Leonard a "c—t". Plaintiff asserts, however, that the slur came six months after her arrest and could not lawfully justify her arrest. Defendants agree.

4. The Plaintiff's aspersion, however, is not offered for that purpose. Rather, it demonstrates that for all her complaints, Plaintiff's speech was not chilled in the least. To the contrary, her public assault on Defendant Leonard began – or at least continued and even escalated – <u>after</u> her arrest, wholly inconsistent with her claim. The evidence that, six months after her arrest, Plaintiff had no hesitation in unleashing – at a public meeting, no less – one of the most offensive gender specific slights against Ms. Leonard is relevant and compelling.

5. Moreover, Plaintiff has made a claim for monetary damages and a demand of nearly $1 million. *See* Plaintiff's Pretrial Statement. Defendant is entitled to show the jury that, in fact, Plaintiff was far from cowed by Defendant Leonard's alleged involvement with her arrest.

6. The evidence may, as Plaintiff states, be prejudicial, as is all probative evidence to some degree, and Plaintiff understandably now wishes to preclude the jury from hearing her profane epithet. The evidence is highly relevant, however, to the claims Plaintiff has placed before the Court. Defendant should not be precluded from introducing such evidence simply because Plaintiff chose to demonstrate her fortitude with such offensive language.

Respectfully submitted,

**STEVEN A. BOLTON**

By his Counsel,

**UPTON & HATFIELD, LLP**

Date: April 9, 2025

/s/ Russell F. Hilliard
Russell F. Hilliard; NHBA #1159
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

                          Brooke Lovett Shilo; NHBA #20794
                          10 Centre Street; PO Box 1090
                          Concord, NH 03302-1090
                          (603) 224-7791
                          bshilo@uptonhatfield.com

and

**CELIA K. LEONARD**

By her attorneys

**CULLEN COLLIMORE SHIRLEY PLLC**

Dated: April 9, 2025          By: /s/ Brian J.S. Cullen
                                           Brian J.S. Cullen (Bar No. 11265)
                                           37 Technology Way, Suite 3W2
                                           Nashua, NH 03060
                                           (603) 881-5500
                                           bcullen@cullencollimore.com

## **CERTIFICATE OF SERVICE**

     I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: April 9, 2025          By: /s/ Brian J.S. Cullen
                                           Brian J.S. Cullen