UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| Laurie Ortolano | : | |
| | : | |
| v. | : | Civil Action No. 22-cv-00326-LM |
| | : | |
| The City of Nashua, et al. | : | |

## DEFENDANTS STEVEN A. BOLTON AND CELIA LEONARD'S OBJECTION TO PLAINTIFF'S DESIGNATED WITNESSES

NOW COME the Defendants, Steven A. Bolton and Celia K. Leonard, through their respective counsel, and hereby objects to Plaintiff calling certain witnesses identified on Plaintiff's extensive "will call" and "may call" witness list [Doc. No. 176]. In support hereof, Defendants state as follows:

1. Although reduced from the edition included in Plaintiff's Pretrial Statement, Plaintiff still lists 14 "will call" witnesses and another 11 witnesses designated as "may call."

2. A number of these witnesses lack any connection to the remaining claims.

3. To start with, Plaintiff continues to list **Mayor James Donchess** as a "will call" witness. It is not disputed that the Mayor was not present during Plaintiff's trespass and was not involved in either the investigation or prosecution of Plaintiff nor any discussions surrounding same. At most, the Mayor could testify that even after her arrest, Plaintiff continued to be an active participant in public meetings, a fact likewise not seriously contested in this case and one that can be established through testimony of the Plaintiff and remaining Defendants in this case.

4. Defendants are concerned that the Mayor's inclusion on Plaintiff's witness list is either to address issues no longer in the case or merely to harass the Mayor, with whom Plaintiff has long clashed. Plaintiff's proposed exhibits buttress this concern. As noted in Defendants'

Objection to Plaintiff's Trial Exhibits, Doc. No. 174, several proposed exhibits relate to the assessment of the Mayor's own home and are completely unrelated to the claims at bar.

5. Defendants recognize that the Mayor is not immune from giving testimony should he have relevant testimony that might realistically be anticipated by Plaintiff. At this stage, however, Defendants cannot fathom a good faith basis to believe that he is a necessary or material witness in this matter.

6. Plaintiff also includes as "will call" witnesses Nashua Police Officers **Jonathan Earnshaw** and **Caleb Gilbert**. Neither officer responded to or investigated Plaintiff's January 22, 2021, trespass. Both, however, responded to Plaintiff's call with respect to her July, 2022, encounter with Attorney Bolton at City Hall. This Court has already ruled that evidence of this event is inadmissible. See Final Pretrial Order, Doc. No. 166, at p.2. Thus, there is no reasonable expectation that these officer will have admissible testimony for presentation in Plaintiff's case-in-chief.

7. Plaintiff also lists **Dr. Laura Chan**. Dr. Chan apparently treated Plaintiff long before and substantially subsequent to her arrest. However, Plaintiff has not disclosed either an expert report or any treatment records from Dr. Chan disclosing her intended testimony. Instead, Plaintiff produced only a "medical record summary" prepared by Dr. Chan, a copy of which is attached hereto as Exhibit 1.

8. The summary prepared by Dr. Chan reveals that Plaintiff did not treat with her at any time between the January 22, 2021, trespass and January 2023, when she returned with a variety of complaints. The summary does not include any diagnosis or opinions linking Plaintiff's symptoms to her arrest. Dr. Chan cannot testify to any statements Plaintiff made to her nor any

diagnosis she reached based thereon absent proper disclosure. As such, she should not be permitted to testify.

9. Plaintiff's "may call" list also includes several witnesses who do not appear to have any connection to remaining claims.

10. For example, Plaintiff lists former Defendant **Kimberly Kleiner** as a "may call" witness. As the Court may recall from the various summary judgment rulings, Ms. Kleiner oversaw the Assessing Department at the time Plaintiff convinced the police to investigate the Department and Plaintiff accused her of witness tampering. Ms. Kleiner, however, had no involvement with Plaintiff's arrest. Thus, Defendants do not believe she could reasonably be expected to have testimony that would be admissible at trial

11. Officer **Jamie Abrams** and police employee **Linnea French** likewise appear to have no relationship to the remaining claims in this case.

12. Defendant has no wish to restrict Plaintiff from calling or naming witnesses with some relevant testimony to offer, however attenuated it might be. But the current list of "will call" and "may call" witnesses include some who will not or cannot testify and only serves to confuse the jury and obscure from Defendants her trial intentions, causing unnecessary expenditure of resources to plan for witnesses with no realistic likelihood or testifying

13. Plaintiff should be precluded from calling the above-cited witnesses and instructed to submit a list of the witnesses she actually or realistically may call to trial so that the Court can disclose actual potential witnesses to the venire during the voir dire and so that counsel can properly prepare for trial.

Respectfully submitted,

**STEVEN A. BOLTON**

By his Counsel,

**UPTON & HATFIELD, LLP,**

Date: April 9, 2025 /s/ Russell F. Hilliard
Russell F. Hilliard; NHBA #1159
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

Brooke Lovett Shilo; NHBA #20794
10 Centre Street; PO Box 1090
Concord, NH 03302-1090
(603) 224-7791
bshilo@uptonhatfield.com

and

**CELIA K. LEONARD**

By her attorneys

**CULLEN COLLIMORE SHIRLEY PLLC**

Dated: April 9, 2025 By: /s/ Brian J.S. Cullen
Brian J.S. Cullen (Bar No. 11265)
37 Technology Way, Suite 3W2
Nashua, NH 03060
(603) 881-5500
bcullen@cullencollimore.com

**CERTIFICATE OF SERVICE**

    I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:  April 9, 2025                      By: /s/ Brian J.S. Cullen
                                               Brian J.S. Cullen

# EXHIBIT 1

# Response to City Request No. 1

**Dr. Laura Chan ND, LAc**



NH Health & Wellness CENTER

60 Main St. Suite 320
Nashua, NH 03060
P: 603-402-9134
F: 603-262-1052
Nhhealthwellness.com

March 25, 2023

To Whom It May Concern,

I am providing a medical record summary for Ms. Laurie Ortolano. The majority of visit notes in my records are simply a listing of acupuncture points utilized during our acupuncture visits and would not make sense to anyone other than a trained acupuncturist. I trust that you would not find that useful, so please let this suffice:

Ms. Ortolano first presented to my office in August 2016 to address "general wellness". She did not describe many specific health concerns at that time other than occasional menopausal hot flashes. In 2017, Ms. Ortolano chose to start a series of acupuncture sessions for migraines. She came approximately 2x / week for a total of 18 visits until April 2018. Over the series of those visits, she described a significant improvement in the severity and frequency of her migraines. We did not discuss other health concerns in any detail during that time.

Ms. Ortolano did not seek care with me between April 2018 and January 2023. In January 2023, she returned for regular acupuncture visits. At this time, her chief complaints included: migraines, asthma, weight gain, sleep disturbance and stress. We began weekly acupuncture treatments, which she described as being very helpful for all of her concerns. I also prescribed a rescue inhaler for her asthma to use as needed. She has not described any other concerns to me over the course of this treatment period. I find Ms. Ortolano to be very pleasant to work with. She has always been alert, oriented, and aware. We continue to have regular acupuncture visits, approximately every 1-2 weeks to support stress, sleep, and migraine prevention. I am pleased with her overall progress. Please reach out to me if you have any specific questions.

Sincerely,
Dr. Laura Chan