UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-00326-LM |
| ) | |
| The City of Nashua, *et al*., ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR
CLARIFICATION REGARDING THE COURT'S
ALLOWANCE OF DEFENDANTS' MOTION IN *LIMINE* TO
EXCLUDE EVIDENCE OF THE JULY 22, 2022 INCIDENT**

Defendants Steven A. Bolton, Corporation Counsel for the City of Nashua, New Hampshire, and Celia K. Leonard, a Deputy Corporation Counsel for the City of Nashua, New Hampshire, object to plaintiff's motion for clarification regarding the Court's allowance of defendants' motion in *limine* to exclude evidence of the July 22, 2022 incident [Doc. No. 172], on the following grounds:

1.  Although styled as a request for clarification, this motion is actually one for reconsideration; it does not, however, assert or demonstrate any "manifest error" in the Court's order. *See* LR 7.2(d).

2.  The order relating to the July 2022 incident (Doc. 165 at 2) provided as follows:

> Granted. Any probative value is substantially outweighed by the dangers of jury confusion, creating a trial within a trial, and unfair prejudice. This evidence has limited relevance to the issues before the jury, as it occurred more than a year after the alleged retaliatory arrest.

3.  This ruling is entirely consistent with undersigned counsels' recollection of the Court's statements at the Pretrial Hearing, which differ from those presented by plaintiff's counsel. Specifically, defense counsel does not believe that the Court suggested that the July

1

2022 incident would be admissible for purposes of establishing "motive, intent, or plan." To the contrary, counsels' recollection is that plaintiff's counsel argued for admission for those purposes and that the Court rejected that argument for the very reasons set forth in the written order.

4. The Court's ruling from the bench on April 3, 2025, expanded on these points, particularly the remoteness in time (well after the event at issue in the trial), the potential for confusion, the trial within a trial on hotly disputed facts (*see* Bolton Affidavit, Doc. 71-2, ¶¶ 4-11, attached to this objection as Exhibit A), and the fact that the adverse action complained of occurred in early 2021. This is not a "pattern of harassment" case as suggested by the plaintiff.

5. The Court's order and oral ruling set forth the possible limited purposes for which evidence regarding the July 2022 incident might become relevant, and no "clarification" is necessary or warranted.

6. Likewise, the evidentiary rules cited by the plaintiff in her motion do not justify any clarification. The plaintiff has the burden of proving that the defendant Bolton, between the trespass on January 22, 2021 and the arrest on February 18, 2021, caused the arrest in retaliation for plaintiff's prior protected conduct. As explained by the Court in its order and from the bench, the incident a year and a half later, to the extent it has any probative value, such is outweighed by all the factors usually considered in this analysis (Rule 403).

7. For these reasons, the plaintiff's motion for reconsideration should be denied.

        Respectfully submitted,

        **STEVEN A. BOLTON,**

        By his Counsel,

        **UPTON & HATFIELD, LLP,**

Date: April 9, 2025        /s/ Russell F. Hilliard
        Russell F. Hilliard; NHBA #1159
        159 Middle Street
        Portsmouth, NH 03801
        (603) 436-7046
        rhilliard@uptonhatfield.com

        Brooke Lovett Shilo; NHBA #20794
        Madeline K. Matulis; NHBA #276135
        10 Centre Street; PO Box 1090
        Concord, NH 03302-1090
        (603) 224-7791
        bshilo@uptonhatfield.com
        mmatulis@uptonhatfield.com

        and

        **CEILA K. LEONARD**

        By her attorneys

        **CULLEN COLLIMORE SHIRLEY, PLLC,**

Dated: April 9, 2025        /s/ Brian J.S. Cullen
        Brian J.S. Cullen (Bar No. 11265)
        37 Technology Way, Suite 3W2
        Nashua, NH 03060
        (603) 881-5500
        bcullen@cullencollimore.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was forwarded on this day to all counsel of record through the Court's E-filing system.

/s/ Russell F. Hilliard
Russell F. Hilliard