UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| Laurie Ortolano,<br>     **Plaintiff**<br><br>V.<br><br>Steven Bolton and Celia Leonard<br>     **Defendants** | )<br>)<br>)<br>)<br>) Civil Action No. 22-cv-00326-LM<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S REPLICATION TO DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT ATTORNEYS FROM TESTIFYING THEY WERE "VICTIMS" OF TRESPASS**

NOW COMES the Plaintiff in the above-entitled matter and in response to Defendants' objection to her motion *in limine* prohibiting Defendants' Attorneys from referring to themselves as "victims" during trial, or from implying that Plaintiff's protected speech or conduct justified her arrest. In support of this motion, Plaintiff states as follows:

1. Under NH RSA 21-M:8-k, I (a): " "Victims" means a person who suffers direct or threatened physical, emotional, psychological or financial harm as a result of the commission or the attempted commission of a <u>crime</u>." (Underlined for emphasis)

2. NH RSA 21-M:8-k, I (b) states: "Crime means a violation of a penal law of this state for which the offender, upon conviction, may be punished by imprisonment for more than one year or an offense expressly designated by law to be a felony; a misdemeanor sexual offense; an offense listed in RSA 173-B:1, I; a violation of a protective order under RSA 458:16, III; or after arraignment, a violation of a protective order issued under RSA 173-B.

3. The Plaintiff pled guilty to a violation that carried no penalty of incarceration.

1

4. Since the Plaintiff pled guilty to an amended charge of criminal trespass (violation), the Defendants do not attain the status of "victims" of the crime to which Plaintiff pled guilty. Additionally, Attorney Bolton was not even present when the criminal trespass occurred.

5. On or about September 12, 2022, the City of Nashua filed a Motion to Intervene and be Heard on Laurie Ortolano's Petition to Annul Conviction. The Defendants neither filed a motion to intervene or joined in the City of Nashua's Motion to Intervene. The Court denied the City's Motion to Intervene. In the first paragraph of its Motion to Intervene, the City stated: Though not within the definition of "crime" as defined by RSA 21-M:8-k, so-called victims of criminal trespass offenses are routinely consulted. (City of Nashua's Motion P1 ¶2)[1]

6. In this same motion, the City described their status as an "interested party". (City of Nashua's Motion P3 ¶2)

7. A memorandum of law is not necessary since the Plaintiff is relying on the authorities cited herein.

WHEREFORE, Plaintiff respectfully requests that this Court issue an order *in limine* barring Defendants' Attorneys or the Defendants from referring to themselves as victims or otherwise implying that Mrs. Ortolano's protected speech justified punitive or criminal action against her.

Dated: April 11, 2025                                    Respectfully Submitted by,

---

[1] There was no affidavit to support this statement, nor is it evidence that the City of Nashua was a victim of a crime, as defined in RSA 21-M:8-k.

*/s/William Aivalikles*
William Aivalikles, Esq.
NH Bar #308
Law Office of William Aivalikles
253 Main Street
Nashua, NH 03060
(603)880-0303
william@nhtriallaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: April 11, 2025                              */s/William Aivalikles*
                                                   William Aivalikles, Esq.