UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>The City of Nashua, *et al.*, )<br>Defendants. )<br>_____ ) | Civil Action No. 1:22-cv-00326-LM |

**OBJECTION OF THE DEFENDANTS,
STEVEN A. BOLTON AND CELIA K. LEONARD
TO PLAINTIFF'S TRIAL EXHIBITS**

Defendants Steven A. Bolton and Celia K. Leonard provide the following summary by category of their objections to the plaintiff's trial exhibits. Respectfully, none of these exhibits is probative of a retaliatory animus on the part of the defendants (particularly those that post-date the arrest on February 18, 2021) or of their having caused the arrest, as outlined below.[1]

1. **Board of Aldermen Meetings Minutes and Video Recordings.**

There are numerous exhibits consisting of minutes of various meetings of the Nashua Board of Aldermen, as well as video recordings of the same meetings. (Exhibits 5, 9, 11). These exhibits contain the plaintiff's remarks at these Board meetings regarding the Assessing Department (Exhibits 5, 9, and 11 – all in 2018). There are additional minutes from 2019: Exhibit 27, a March 9, 2021 meeting of the Board of Aldermen includes the plaintiff's discussion of the events of January 22, 2021 from her perspective and is hearsay (recognizing that it might be fair game for impeachment). Finally, Exhibit 71, the minutes of an October 25, 2022 meeting consist of an expression of opinion by a third party.

---

[1] This pleading is revised and updated from Doc. No. 174 filed on April 8, 2025.

1

2.     **Exhibits Relating to Plaintiff's Right-to-Know (RTK) Requests**

There are many exhibits related to RTK requests by the plaintiff to the City of Nashua and its departments, agencies, and officers that resulted in litigation. Exhibits 12, 13, 14 (Donchess timeline); 23, 24, 25, and 26 (routine RTK requests and responses); 33, 64, and 65 (response to plaintiff's counsel re pending litigation discovery requests); 78 (2012 NPD records regarding a road rage incident in which the defendant Bolton was involved); and 86 and 87 (newly added and pertaining to pending litigation). The defendants Bolton and Leonard represented the City in the legal actions, and the claims in the plaintiff's complaint related to those actions were dismissed on motion for judgment on the pleadings (Doc. 60, Counts 4 and 5). In addition, particular acts or communications may be subject to the litigation privilege, and court orders are hearsay. There will be no expert testimony with respect to the conduct of the defendants in responding to the plaintiff's various RTK requests, both initially and when they resulted in litigation. Accordingly, unless a particular response so deviates from the law or contains some remark reflecting personal animosity, all such communications should be protected by the litigation privilege. For these reasons, they are inadmissible.

In addition, whatever minimal relevance Exhibits 12-14 may have on the issues in this case is outweighed by their prejudicial impact and likelihood of confusing the jury. The Court has already ruled that issues relating to the assessment of the Mayor's property are inadmissible. *See* Pretrial Order April 22, 2025 [Doc, No, 182] at 5. Admitting these exhibits and testimony thereon will open the door to further evidence and create a trial within the trial over whether or not the Mayor's property was properly assessed, a topic on which plaintiff has offered no expert testimony.

3. **Donchess Property Record Card**

There are several exhibits relating to the plaintiff's issues with the tax assessment on the Mayor's home. Exhibits 8, 12-15. They are irrelevant.

4. **Newspaper Articles**

There are numerous exhibits consisting of newspaper articles. Exhibits 10, 29, 51, 53, 54, and 55. Many, if not all, contain hearsay statements from persons not listed as witnesses in this case. *See*, e.g., Exhibit 10 (statements by Mayor); Exhibit 29 (Op-Ed from Nashau Telegraph); Exhibit 51 (statement attributed to Lt. Rob Giggi). Exhibits 53 and 54 contain opinions from plaintiff's then counsel, Richard Lehmann. Although he is listed as a witness in this case he is not a disclosed expert and cannot opine on such things as the professional conduct rules, as he is cited for in Exhibit 53. Unless they contain authenticated statements by the defendants that are relevant to the remaining claim in this proceeding, they are inadmissible.

5. **Plaintiff's Investigation of the Assessing Department**

There are numerous exhibits relating to an investigation the plaintiff conducted of the Nashua assessing office, 7 (RTK for assessing records in 2018 related to Duhamel), 10 (newspaper article re assessing audit), 20 (BTLA hearing notice), 21 (2019 plaintiff's audit of assessing office (62 pages)), 22 (BTLA order re assessment), 28 (2020 DRA settlements with assessors). Beyond issues of competency, they are irrelevant to this case.

6. **Plaintiff's Tax Abatement Cases**

There are numerous exhibits (Exhibit 25 (procedure in abatement cases), Exhibit 43 (BTLA decision), and Exhibit 44 (2021 assessors board meeting to approve settlements)) pertaining to the various tax abatement proceedings initiated by the plaintiff administratively and in court. The defendants represented the City in these proceedings, and they are irrelevant or

barred by the litigation privilege. Each of the documents contains hearsay. The BLTA decision (Exhibit 43) rested in part on the absence of testimony before the Board from a private appraiser and ultimately the Board's findings are hearsay

7. **Board of Assessors Meeting Minutes**

This exhibit (44) is not relevant as it contains no competent information pertaining to the plaintiff's arrest for trespassing, including proof that the defendant Bolton or the defendant Leonard knew of the information on January 22, 2021, or before interaction by either of them with the Nashua Police Department in connection with the arrest. Also, depending on the content and speaker, the exhibit may be inadmissible hearsay.

8. **Plaintiff's Publications on Various Social Media**

There are numerous exhibits consisting of plaintiff's statements on various social media platforms (Exhibits 30, 31). Exhibit 30, even as redacted, still contains hearsay statements from citizens who are not listed as a witness in this case. If offered by the plaintiff to prove the truth of their content, they are inadmissible hearsay.

9. **NPD Response to RTK for Trespass Incidents in City Hall**

This exhibit (Exhibit 56) is inadmissible for the reasons set forth in the motion *in limine* previously submitted by defendants pertaining to this information. *See* Doc. No. 138. The Court has ruled that this exhibit will be admitted. Defendants note their continuing objection and their counsel expect to continue to challenge its relevance given the nature of the incidents reflected on the police log as compared to the plaintiff's arrest.

10. **Audiovisual Exhibits (79-84)**

These are videos of various committee meetings, the minutes for some of which are also offered as exhibits (79, 83, and 84), and are objected to on the grounds indicated above and as

cumulative. The others are also inadmissible: 80 is an expression of opinion about the assessing office by a third party (2019); 81 is a 12-minute discussion regarding assessments and abatements (largely by defendant Bolton and Mr. Ortolano (2019); and 82 is a 7-minute statement by plaintiff regarding assessing records (2020). They are either hearsay or irrelevant and also constitute a waste of time.

11. **Arrest Records**

Exhibits 59, 60, 61, and 63 related to post-conviction proceedings are irrelevant and contain hearsay. They should be excluded on the same grounds that this Court has excluded other post-arrest actions by Defendants.

12. **July 2022 Incident**

These exhibits (Exhibits 68, 69, 70) are inadmissible for the reasons set forth in the motion *in limine* pertaining to this information. *See* Doc. No. 136. The Court has granted this motion in *limine* and these proposed exhibits should not be offered or admitted barring some "opening of the door" by Defendants, and only then with pre-approval of the Court.

13. **Miscellaneous**

There are several miscellaneous exhibits to which relevance and hearsay objections are made: *See* e.g., Exhibit 52 (letter to BOA by citizen re police escort). Exhibits 2, 3, and 4 all concern plaintiff's 2023 award from the Union Leader. This award was received long after her arrest. At best they are merely improper character evidence and at worst an effort to suggest that a newspaper endorses plaintiff's actions and that plaintiff's activities have been found to be proper.

Please refer to the attached chart for a numerical list of plaintiff's exhibits and defendants' corresponding objections.

Respectfully submitted,

**Steven A. Bolton,**

By his Counsel,

**UPTON & HATFIELD, LLP,**

Date: June 16, 2025

/s/ Russell F. Hilliard
Russell F. Hilliard; NHBA #1159
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

Brooke Lovett Shilo; NHBA #20794
Madeline K. Matulis; NHBA #276135
10 Centre Street; PO Box 1090
Concord, NH 03302-1090
(603) 224-7791
bshilo@uptonhatfield.com
mmatulis@uptonhatfield.com

and

**Celia K. Leonard**

By her attorneys

**CULLEN COLLIMORE SHIRLEY, PLLC,**

Dated: June 16, 2025

/s/ Brian J.S. Cullen
Brian J.S. Cullen (Bar No. 11265)
37 Technology Way, Suite 3W2
Nashua, NH 03060
(603) 881-5500
bcullen@cullencollimore.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was forwarded on this day to all counsel of record through the Court's E-filing system.

                                        /s/ Russell F. Hilliard
                                        Russell F. Hilliard