UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

_____

|  |  |
|---|---|
| | ) |
| Laurie Ortolano, | ) |
| Plaintiff | ) |
| | ) |
| V. | ) Civil Action No. 22-cv-00326-LM |
| | ) |
| | ) |
| The City of Nashua, et al., | ) |
| Defendants | ) |

_____

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
FOR RECONSIDERATION OF THE COURT'S JUNE 17, 2025 ORDER

I.  INTRODUCTION

Rule 7.2(d) of the Local Rules of United States District Court for the District of

New Hampshire permits motions for consideration that are filed within fourteen

days of a subject court order and which "demonstrate that the order was based on a

manifest error of fact or law." The plaintiff, Laurie Ortolano, respectfully requests

that the Court reconsider its Order of June 17, 2025 and permit Ortolano to submit

evidence at trial in support of Ortolano's separate claim that defendant Michael

Bolton attempted to have her arrested on July 22, 2022, and that such attempt

constituted unlawful retaliation in violation of her free speech rights under the

First Amendment of the Constitution of the United States.

Ortolano submits the following argument in support of her motion for

reconsideration:

1

## II. ARGUMENT

A. <u>The Court's Orders on the Motions for Judgment on the Pleadings and for Summary Judgment of Defendants Michael Bolton and Celia Leonard Did Not Dismiss Ortolano's Claim that Bolton's Attempt To Have Her Arrested on July 22, 2025 Constituted Unlawful Retaliation in Violation of the Free Speech Clause of the First Amendment</u>.

The Court's Order of June 17, 2025 (the "June 17ᵗʰ Order") asserts that plaintiff Ortolano could not submit evidence of defendant Bolton's attempt to have her arrested on July 22, 2022 because, in ruling on defendants Bolton's and Leonard's motion for judgment on the pleadings, it had "dismissed all of Ortolano's First Amendment claims except to the extent she brought a claim of retaliation arising from her 2021 arrest," and that "in its order denying the defendants' summary judgment motion, the court reiterated that the only claims remaining against the defendants were for retaliatory arrest." Respectfully, the Court was mistaken in its June 17, 2025 Order; neither the Order on the motion for a judgment on the pleadings nor the Order on summary judgment dismissed Ortolano's claims regarding Bolton's attempt to have Ortolano arrested on July 22, 2022.

i. <u>The Court's Order on Defendants Bolton and Leonard's Motion for Judgment on the Pleadings Did Not Grant a Dismissal as to Bolton's Attempt to Have Ortolano Arrested on July 22, 2022</u>.

1. In its Order on Bolton's and Leonard's motion for judgment on the pleadings (Doc. 60)(the "Rule 12 Order"), the Court neither specifically ruled that it had dismissed the portions of Ortolano's Complaint asserting that Bolton had retaliated

against her by attempting to have her arrested on July 22, 2022 (Complaint, ¶¶ 130-137; Rule 12 Order, 8-10) nor stated that it had dismissed from further consideration all factual circumstances other than those directly related to the actual arrest on January 2021.

2.  The Court's Rule 12 Order dealt with Ortolano's claims of "Suppression of First Amendment Rights" (Counts I and II) at pages 13 through 15 of the DISCUSSION section. All other parts of the DISCUSSION section dealt with causes of action other than Ortolano's free speech claims. The section on "Suppression of First Amendment Rights" began with the Court setting forth the elements of a free speech retaliation claim. *Id*. at 13. On pages 14 to 15, the Court considered whether the dispute over Ortolano's right-to-know actions could constitute free speech retaliation. Concluding that Ortolano did not show that the right-to-know disputes constituted "adverse action" and that "the complaint [does not] plausibly suggest that her pursuit of City records was actually 'chilled,'"[1] it specifically ruled that "to the extent that Ortolano's First Amendment claims are

---

[1] Unlike the dispute involving right-to-know record requests, which record requests Ortolano continued to make after the Nashua Legal Department initiated a practice of not providing them, there is no valid claim that Bolton's attempt to have Ortolano arrested outside the Nashua Legal Office on July 22, 2022 did not chill her speech. The Legal Office was next to a meeting room where many city hearings and meetings where held and Bolton had threatened to have her arrested for being there. Ortolano was afraid of going to these meetings because she feared that Bolton would again attempt to have her arrested. She attempted to attend the meetings via Zoom but sometimes the Zoom links did not work. Complaint, ¶¶ 134-137; Ortolano's Affidavit in Opposition to the Bolton/Leonard motion for summary judgment, ¶¶ 25-33, 49-50.

Moreover, the case law does not require that Ortolano's free speech conduct be actually chilled; the law provides an objective test requiring that the defendant's conduct "would deter persons of 'ordinary firmness' from exercising their constitutional rights in the future." *Starr v. Dube*, 334 Fed.Appx. 341, 342 (1st Cir. 2009)

based on her dispute over the Nashua Legal Department's responses to her [right-to-know] record requests, defendants' motion [for judgment on the pleadings] is granted." *Id*. at 15. Nowhere in the discussion of right-to-know disputes did the court discuss or otherwise consider the claims regarding defendant Bolton's attempt to have Ortolano arrested on July 22, 2022.

3.   Asserting, however, that this "is not the end of the court's inquiry," the Court then specifically considered Ortolano's January 2021 arrest and concluded that "Ortolano's claim that her arrest resulted from Bolton and Leonard's retaliation for her protected activity survives defendants' motion." *Id*. at 15. That ended the Court's consideration of Counts I and II (the free speech causes of action) in the DISCUSSION  section in its entirety. Although the Court, in its BACKGROUND section cited the facts surrounding Bolton's attempt to have Ortolano arrested on July 22, 2022, *Id*. at 8-10, at no point in the DISCUSSION section did the Court apply any law or provide any analysis supporting a contention that defendants Bolton and Leonard's motion for judgment on the pleadings should be allowed as it pertained to Bolton's July 22, 2022 attempt to have Ortolano arrested. To the contrary, the Court simply did not specifically address the July 22, 2022 incident in its DISCUSSION section.

4.   Nor did the Court assert anywhere in its Rule 12 Order that all claims by Ortolano other than those specifically related to the January 2021 arrest should be dismissed. To the contrary, in the CONCLUSION section of the Rule 12 Order the court ruled that "the motion is denied as to Counts 1 and 2 (First Amendment),

insofar as those counts relate to Ortolano's claim of retaliation; the motion is otherwise granted." Court's Rule 12 Order, at 26. Ortolano's factual allegations regarding Bolton's attempt to have her arrested on July 22, 2022 were just as much a part of her retaliation claim as was the actual arrest in January 2021, Complaint, at ¶¶ 130-137; 140-149, and the Court did not specifically or otherwise dismiss those factual allegations from further consideration.

      ii.  <u>The Court's Order on Defendants Bolton and Leonard's Motion for Summary Judgment Did Not Dismiss Ortolano's Claim that Bolton's Attempt to Have Her Arrested on July 22, 2022 Constituted Retaliation in Violation of the Free Speech Clause of the First Amendment to the United States Constitution</u>.

    1.  Respectfully, a reasonable person reading the Court's Order on the motion for judgment on the pleadings would have believed Ortolano's claim that Bolton's attempt to have her arrested on July 22, 2022 constituted retaliation for protected free speech activities had survived the subject motion. Indeed, even Bolton and Leonard believed that the allegations about the July 22, 2022 arrest attempt had survived; *they devoted about four pages on their seven page "Argument" section of their summary judgment memorandum, under the specific heading, "July 2022 Incident," to their assertion that the claim involving Bolton's attempt to have Ortolano arrested on July 22, 2022 should be dismissed*. Defendant Bolton's and Leonard's Memorandum of Law in Support of Motion for Summary Judgment (Doc. 71-1), at 13-17. And Ortolano argued against dismissal of that claim, also under the heading, "July 2022 Incident." Ortolano's Memorandum in Objection, at 24-25.

2.   Yet, the Court's Order on Summary Judgment ("Summary Judgment Order") mistakenly asserted that only the retaliation claim surrounding the January 2021 arrest had survived the Bolton/Leonard motion for judgment on the pleadings:

> Following the court's order on the Defendants' Rule 12 motion, the only claim remaining against them is that they violated Ortolano's First Amendment rights by causing her to be arrested in retaliation for exercising her rights to free speech and to petition the government. The Attorney Defendants now move for summary judgment as to Ortolano's retaliatory arrest claim. Doc. no. 71. Ortolano objects. Doc. no. 75. For the following reasons, the Attorney Defendants' motion (doc. no. 71) is denied.

Summary Judgment Order, at 1. Once again, defendants Bolton and Leonard believed that Ortolano's claims regarding the July 22, 2022 had survived their motion for summary judgment; their motion for reconsideration re July 2022 incident, which the court denied; their motion in limine to have evidence of the incident precluded at trial demonstrates their fourth attempt to have that claim dismissed following two prior failures. Ortolano also believed the July 22,2022 incident was still on the table, and with good reason.

B.   <u>The Portion of the Court's June 17th Order Stating That It Was Too Late for Ortolano to Raise the Issue Is No Longer Applicable Because the Trial Has Beed Delayed Indefinitely</u>.

A final reason the Court rejected Ortolano's assertion that evidence regarding the July 22, 2022 attempted arrest should not be admissible at trial was because raising the issue on June 17, 2025 on the eve of trial was too late: "the court does not understand why Ortolano raised this issue for the first time less than a week before the first day of trial. Indeed, jury selection was today." But, as the Court is aware, shortly after the June 17th Order one of the trial attorneys became very ill

and the Court postponed the trial indefinitely. There is now ample time for the

Court to decide that Bolton's attempt to have Ortolano arrested on July 22, 2022

was not dismissed on the defendants' motions for judgment on the pleadings and for

summary judgment, and remains an active part of her retaliation cause of action.

     C.  <u>Ample Law Supports Ortolano's Claim That Bolton's Attempt to Have Her
Arrested on July 22, 2022 Constitutes Actionable Retaliation on Account
of Her First Amendment Activities.</u>

First Circuit case law is clear that actions less severe than causing someone's

arrest can support a viable free speech retaliation claim.

> "[T]he First Amendment prohibits government officials from relying on
> the 'threat of invoking legal sanctions and other means of coercion . . .
> to achieve the suppression' of disfavored speech." Importantly, "a
> government official cannot directly or indirectly coerce a private party
> to punish or suppress disfavored speech on her behalf." Against that
> backdrop, the elements of a retaliation claim are that "(1) the plaintiff
> engaged in protected conduct; (2) an adverse action was taken against
> the plaintiff that would deter a person of ordinary firmness from
> continuing to engage in that conduct; and (3) there is a causal
> connection between elements one and two—that is, the adverse action
> was motivated at least in part by the plaintiff's protected conduct.

*President & Fellows of Harvard College v. United States Dpt. of Homeland Sec.*, ___

F. Supp. 3d ___, 2025 WL 1737493 at *14 (D. Mass. June 23, 2025)(quoting *Nat'l*

*Rifle Ass'n of Am. v. Vullo,* 602 U.S. 175, 176 (2024); *Bantam Books, Inc. v.*

*Sullivan,* 372 U.S. 58, 67, 83 (1963); *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th

Cir. 1999). Moreover,

> [a] campaign of informal harassment, for example, would support a
> First Amendment retaliation claim if the alleged harassment would
> have such a chilling effect. Even "relatively minor events" can give rise
> to § 1983 liability, so long as the harassment is not so trivial that it
> would not deter an ordinary employee in the exercise of his or her First
> Amendment rights.

*Barton v. Cleary*, 632 F.3d 9, 29 (1st Cir. 2011). Bolton's July 22, 2022 attempt to have Ortolano arrested undoubtedly constituted a "threat of invoking legal sanctions and other means of coercion . . . to achieve the suppression' of disfavored speech." *See Harvard*, ., ___ F. Supp. 3d ___, 2025 WL 1737493 at *14; *see also Nat'l Rifle Ass'n of Am,* 602 U.S. at 176. Moreover, Bolton's attempt to have Ortolano arrested for being in a public hallway in front of the Nashua Legal Department and very close to the public hearing room in which Nashua boards and committees conduct public business objectively "would deter a person of ordinary firmness from continuing to engage in [the disfavored] conduct" of attending public hearings and criticizing public officials. Because this Court has never applied applicable case law and other legal precedents to rule that Ortolano's claim that Bolton's July 22, 2022 attempt to have her arrested constituted unlawful free speech retaliation, which is supported by case law, this Court should allow that claim to be presented at trial.

### III.    CONCLUSION

For the foregoing reasons, the plaintiff, Laurie Ortolano, respectfully submits that the Court should reconsider its Order of June 17, 2025 and permit Ortolano to submit evidence at trial demonstrating that her separate claim that defendant Michael Bolton attempted to have her arrested on July 22, 2022 constituted unlawful retaliation in violation of her free speech rights under the First Amendment of the Constitution of the United States.

Dated: June 30, 2025                                    Respectfully Submitted by,

*/s/William Aivalikles*
William Aivalikles, Esq. NHB #308
253 Main Street
Nashua, NH  03060
Phone:  (603) 880-0303
Fax:  (603) 882-0065
Email:  william@nhtriallaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: June 30, 2025                              */s/William Aivalikles*
                                                  William Aivalikles, Esq.