**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| Laurie Ortolano, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-00326-LM |
| | ) | |
| Steven A. Bolton, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

**<u>DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION</u>**
**<u>OF THE COURT'S JUNE 17, 2025 ORDER</u>**

Defendants object to the Plaintiff's Motion for Reconsideration of the Court's June 17, 2025 Order, because it fails to demonstrate any manifest error in such order, as required by Local Rule 7.2(d), for the following reasons:

1.      The Court has previously ruled, *on three separate occasions*, that evidence of the July 2022 encounter between the Plaintiff and Defendants is inadmissible to prove the only remaining claim in this case: Plaintiff's allegation of retaliatory arrest in January 2021.

2.      In the Court's September 26, 2023 Order (doc. no. 60 at 15) on Defendants' Motion for Judgment on the Pleadings, the Court dismissed all of Plaintiff's claims, with the exception of her claim of retaliation related to her January 2021 arrest ("the court finds that Ortolano's claim that her arrest resulted from Bolton and Leonard's retaliation for her protected activity survives defendants' motion").

3.      Further, in the Court's February 14, 2025 Order (doc. no. 125 at 1), denying Defendants' Motion for Summary Judgment, the Court stated "the only claim remaining against them is that they violated Ortolano's First Amendment rights *by causing her to be arrested in*

1

*retaliation for exercising her rights* to free speech and to petition the government.") (emphasis added).[1]

4.      On March 20, 2025, the Defendants filed a Motion *in Limine* to Exclude Evidence, Testimony, or Argument Regarding the July 2022 Encounter Between Attorney Bolton and the Plaintiff (doc. no. 136 at ¶¶ 1-4), arguing that "[t]he only remaining claim in this case is an alleged retaliatory arrest for trespass in the City's Legal Department on January 22, 2021," and that, accordingly, the July 2022 encounter was irrelevant, would not make a material fact at issue more or less probable than without such evidence, and that even if relevant, any probative value found would be substantially outweighed by the danger of misdirection or confusion by the jury and by the potential to prolong and impact the efficient administration of the trial.

5.      In her Objection (doc. no. 155) to Defendants' Motion *in Limine*, the Plaintiff did not dispute the Defendants' assertion that the only remaining claim in this case was Plaintiff's claim of retaliatory arrest in January 2021.  The Plaintiff could and should have put forth her new argument at least by that time.[2]

6.      In the Court's April 4, 2025 Final Pretrial Order (doc. no. 166 at ¶ 8), the Court granted the Defendants' Motion *in Limine*, finding that "[a]ny probative value is substantially outweighed by the dangers of jury confusion, creating a trial within a trial, and unfair prejudice"

---

[1] Plaintiff did not request the Court to reconsider either of the Court's orders. Further, in Defendants' Motion to Reconsider (doc. no. 127 at 1, n.1) the Court's Order on their Motion for Summary Judgment, they stated that, because the Court did not address the July 2022 encounter and referred only to the sole remaining claim (the retaliatory arrest claim), they assumed the July 2022 encounter was not part of these proceedings. Plaintiff did not file any responsive pleadings that suggested she disagreed with that assumption.

[2] Plaintiff's current counsel had appeared nearly a year before, on May 10, 2024 (doc. no. 80).

and that "[t]his evidence has limited relevance to the issues before the jury, as it occurred more than a year after the alleged retaliatory arrest."

7.      Plaintiff filed a Motion for Clarification on April 8, 2025 (doc. no. 172) (which, in Defendants' view, was effectively a Motion for Reconsideration), again failing to raise the argument that the July 2022 encounter was a separate, surviving claim of retaliation in this case.

8.      In the Court's April 22, 2025 Order following a status conference (doc. no. 182 at 2), the Court reiterated, in part, that the July 2022 encounter "is not relevant to the issues at trial concerning a January 2021 criminal trespass" and that "any probative value would be substantially outweighed by a risk of confusing the issues and creating a trial within a trial."

9.      The Plaintiff, once again, raised this issue at a status hearing on June 17, 2025 (the same day as jury selection), this time with a new argument that she has brought a separate claim for retaliation related to the July 2022 encounter, and therefore, evidence related to such encounter is admissible. This was the first time the Plaintiff raised this argument, even though this limitation on the Plaintiff's claims was known at least since March, and there have been multiple opportunities for the Plaintiff to raise it.

10.     In its Endorsed Order on June 17, 2025, the Court further reiterated that it had previously held on numerous occasions that the only remaining claim against Defendant Bolton is that he subjected the Plaintiff to a retaliatory arrest stemming from a trespassing incident in 2021. The Court also noted that the Plaintiff failed to raise this argument before June 17, 2025. Finally, the Court again held that "[e]vidence of the July 2022 encounter is inadmissible to prove the only claim Ortolano brings against Bolton – retaliatory arrest stemming from the January 2021 trespassing incident."

11.     The July 2022 encounter is not a separate surviving claim of retaliation against Defendant Bolton,[3] and Defendant Bolton incorporates his prior arguments that evidence of the July 2022 encounter is irrelevant, would not make a material fact at issue more or less probable than without such evidence, and even if relevant, that any probative value found would be substantially outweighed by the danger of misdirection or confusion by the jury and by the potential to prolong and impact the efficient administration of the trial. An encounter that occurred a year and a half after Plaintiff's arrest has no relevancy to the question of whether Defendant Bolton caused Plaintiff's arrest for trespass in January 2021.

12.     The Plaintiff's Motion for Reconsideration is, effectively, the Plaintiff's *third* attempt to persuade the Court to reconsider its ruling that evidence of the July 2022 encounter is inadmissible.

13.     "A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented'" prior. *Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15-16 (1st Cir. 2006) (internal citation omitted).

14.     Additionally, "[r]econsideration is not appropriate . . . when the motion is 'grounded on the discovery of evidence that, in the exercise of due diligence, could have been presented earlier.'" *Bourne v. Town of Madison*, No. 05-cv-365-JD, 2007 U.S. Dist. LEXIS 95462, at *2 (D.N.H. Dec. 20, 2007) (citing *Emmanuel v. Int'l Bhd. of Teamsters*, 426 F.3d 416, 422 (1st Cir. 2005)).

---

[3] The Plaintiff was not arrested as a result of the July 2022 encounter, and, in fact, called the police herself.  *See* Defendants' Memorandum of Law in Support of Motion for Summary Judgment (doc. no. 71-1 at ¶¶ 25-32 and 13-14) (absence of protected conduct and adverse action) (attached hereto as Exhibit A).

15.    Even if it were true that Plaintiff pled the July 2022 encounter as a separate
retaliatory offense, the Plaintiff could have raised this argument numerous times in support of
her argument that evidence of the July 2022 encounter is admissible. She did not.

16.    The Plaintiff has failed to demonstrate any manifest error in the Court's June 17,
2025 Order, and accordingly, her Motion for Reconsideration should be denied.

Respectfully submitted,

**Steven A. Bolton,**

By his Counsel,

**UPTON & HATFIELD, LLP,**

Date:  July 14, 2025

/s/ Russell F. Hilliard
Russell F. Hilliard
NHBA #1159
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

Brooke Lovett Shilo
NHBA #20794
Madeline K. Matulis
NHBA #276135
10 Centre Street
Concord, NH 03301
(603) 224-7791
bshilo@uptonhatfield.com


and

**Celia K. Leonard,**

By her Counsel,

**CULLEN COLLIMORE SHIRLEY, PLLC,**

Dated:  July 14, 2025

/s/ Brian J.S. Cullen
Brian J.S. Cullen (Bar No. 11265)
37 Technology Way, Suite 3W2
Nashua, NH  03060
(603) 881-5500
bcullen@cullencollimore.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day forwarded to all counsel of record through the Court's E-filing system.

/s/ Russell F. Hilliard
Russell F. Hilliard

6