doc. no. 33-1 at p.9 n.1. This conviction had not yet been annulled at the time Plaintiff filed her Complaint in this matter. *See id.*

      **C.**      **July 2022 Incident**

25. On July 22, 2022, Attorney Bolton and Plaintiff encountered one another in City Hall, around noon (Attorney Leonard was not present during this incident, and the Plaintiff does not allege any involvement of Attorney Leonard in this incident). Ex. A, Bolton Aff. ¶¶ 4-5.

26. The Legal Department had transmitted responsive documents to one of Plaintiff's RTK requests via email, through Citrix, a secure email portal for document transfers. Plaintiff was unable to open the documents. Compl., doc. no. 1, ¶ 130.

27. Attorney Bolton opened the Legal Department door and saw Plaintiff in the hallway. He directed Plaintiff to leave the narrow corridor providing access to the entrance to and egress from the Legal Department as he was attempting to leave, and Plaintiff was interfering with his passage and refusing to move. Ex. A, Bolton Aff. ¶ 6.

28. Attorney Bolton did not call the police department in connection with this incident. Compl., doc. no. 1, ¶ 132; Ex. A, Bolton Aff. ¶ 7.

29. Rather, Plaintiff called the Nashua Police Department, saying Attorney Bolton was assaulting her. Ex. A, Bolton Aff. ¶ 7.

30. Plaintiff was not present when Attorney Bolton spoke with the Nashua Police Department, and alleged in Paragraph 135 of the Complaint that she did not know "what had transpired when Nashua PD personnel interviewed Attorney Bolton." Compl., doc. no. 1, ¶ 135; Ex. A, Bolton Aff. ¶ 8.

31. Attorney Bolton answered the Nashua Police Department's questions, telling them he had asked and then directed Plaintiff to leave the hallway so he could pass. Ex. A, Bolton Aff. ¶ 9.

32. No arrest was made as a result of this incident. Ex. A, Bolton Aff. ¶11.

**D. Plaintiff's Speech Has Not Been Chilled**

33. Plaintiff cannot show that her speech has been chilled, as she continued (and continues) to exercise her First Amendment rights. Ex. A, Bolton Aff. ¶12.

34. On August 17, 2022, Plaintiff sent an email stating that she filed another NH RSA 91-A lawsuit against the City, calling Attorney Bolton a "moron" and Attorney Leonard a "nitwit," and discussing how, on numerous occasions, she publicly criticized City officials, even after her arrest in 2021. Ex. A, Bolton Aff. ¶ 13; Ex. A-1.

35. Plaintiff also stated that Attorney Leonard had the "cuntiest behavior" Plaintiff had ever seen. Ex. A, Bolton Aff. ¶ 13; Ex. A-1.

36. On numerous occasions after her arrest in January 2021, as well as after the July 2022 incident, Plaintiff was publicly critical about City Officials at public meetings, through her blog posts, and in emails to City Officials, including, but not nearly limited to, the following statements:

    a) In her August 27, 2022 blog post, titled "*The Colossal Stupidity of the Nashua Legal Office*," Plaintiff wrote: "Like the Assessing Office, the Mayor has promoted incompetent leadership and lawyers who ignore their professional conduct codes and disregard citizen's rights. Who are the major offenders? Attorney Bolton and Attorney Leonard." Ex. A, Bolton Aff. ¶ 14(a); Ex. A-2.

(holding that where a person was given "repeated orders by individuals in actual or apparent authority to leave the police station, and the [person's] refusal to do so, the evidence was sufficient to support his conviction for criminal trespass.").

As noted by both the Plaintiff and the Defendants, Plaintiff was repeatedly instructed to leave the Legal Department by those in authority, and was informed that she was trespassing. *Supra*, §III(B) at ¶ 12. Plaintiff refused to comply, continued trespassing, and as a result, the Legal Department called the Nashua Police Department (as they would have done for anyone who acted as Plaintiff did), and after an independent investigation, the Nashua Police Department found probable cause existed for her to be arrested for criminal trespass. *Supra*, §III(B) at ¶¶ 13, 15-20, 22.[2]

Fatal to the Plaintiff's claim is the fact that she pled guilty on July 12, 2021 to committing trespass on January 22, 2021. *Supra*, §III(B) at ¶ 24. While the Plaintiff later sought to have the charge annulled, the conviction stood at the time she commenced this case, and therefore evidence of such should be considered. *Supra*, §III(B) at ¶ 24.

As there is no genuine dispute of fact that Plaintiff pled guilty to committing trespass, Defendants are entitled to summary judgment with respect to the January 2021 incident.

### B. July 2022 Incident

#### 1. Plaintiff's Conduct Was Not Protected.

The Defendants deny that the Plaintiff's conduct during the July 2022 incident was protected under the First Amendment. Plaintiff went to City Hall to request the IT Department's help in opening documents that were sent through Citrix. *Supra*, §III(C) at ¶¶ 25-26. She was

---

[2] There is no evidence that Defendants took action against the Plaintiff that caused her arrest.

interfering with Attorney Bolton's passage and was refusing to move. *Supra*, §III(C) at ¶ 27. Plaintiff's conduct was not expressive, communicative, or symbolic.

For the reasons provided in Defendants' argument *supra* at §IV(A)(1), Plaintiff's conduct was not protected by the First Amendment.

      2.  <u>Plaintiff Was Not Subjected to Adverse Action by Defendants.</u>

Even if the Court were to find the Plaintiff had engaged in protected conduct, no adverse action occurred as a result of the July 2022 incident, and in fact, Attorney Leonard was not even present at City Hall during this incident. *Supra*, §III(C) at ¶ 25. Plaintiff called the police herself, the police responded to the incident, but no arrest was made. *Supra*, §III(C) at ¶¶ 28-29, 32. Attorney Bolton only responded to questions the Nashua Police Department asked him – he did not initiate the conversation. *Supra*, §III(C) at ¶ 31. Attorney Bolton has no authority over the Nashua Police Department. *Supra*, §III(C) at ¶ 21.

As there is no genuine dispute of fact that no adverse action occurred as a result of the July 2022 incident, Defendants are entitled to summary judgment.

  **C.**  **Plaintiff's Speech Was Not Chilled.**

Finally, as the Court noted in its Order, a plaintiff must show that her speech was "actually chilled" to state a First Amendment violation. *See* Doc. 60 at 14 (citing *Sullivan v. Carrick*, 888 F.2d 1, 4 (1st Cir. 1989)).

However, Plaintiff cannot show that her speech has been chilled, as she continued (and continues) to exercise her First Amendment rights. *Supra*, §III(D) at ¶ 33. I n fact, on August 17, 2022, Plaintiff sent an email stating that she filed another NH RSA 91-A lawsuit against the City, calling Attorney Bolton a "moron" and Attorney Leonard a "nitwit," and discussing how, on numerous occasions, she publicly criticized City officials, even after her arrest in 2021. *Supra*,

14