UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano,          Plaintiff | ) ) ) ) |
| V. | ) Civil Action No. 22-cv-00326-LM ) |
| The City of Nashua, et al.,          Defendants | ) ) ) ) ) |

PLAINTIFF'S MOTION FOR LEAVE TO FILE A BRIEF MEMORANDUM OF LAW IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 17, 2025 ORDER

    In accordance with Rule 7.1(e)(2) of the Local Rules of United States District Court for the District of New Hampshire, the plaintiff, Laurie Ortolano, hereby seeks permission to file a brief memorandum of law in reply to the defendants' Opposition to her motion for reconsideration of the Court's June 17, 2025 Order. As grounds therefor, Ortolano states the defendant's Opposition incorrectly states that this Court has disposed of Ortolano's substantive claims surrounding defendant Bolton's July 22, 2022 attempt to have her arrested in a public hallway at City Hall three times: (1) on a motion for a judgment on the pleadings; (2) on a subsequent motion for summary judgment; and (3) on a subsequent motion in limine.[1] Ortolano

---

[1] Of course, a claim already dismissed on a motion for judgment on the pleadings would not need to be reargued later on summary judgment. Although now asserting that Ortolano's claim regarding Bolton's attempt to have her arrested on July 22, 2022 was dismissed at the judgment on the pleadings stage, defendants Bolton and Leonard devoted about four pages of the seven page "Argument" section of their summary judgment memorandum in an attempt to get that supposedly already dismissed claim dismissed. Defendant Bolton's and Leonard's Memorandum of Law in Support of Motion for Summary Judgment (Doc. 71-1), at 13-17.

should be given the ability to refute these incorrect statements; this Court has never applied the Rule 12 and Rule 56 standards of review to dismiss from consideration at trial her substantive claim that defendant Bolton's July 22, 2022 attempt to have her arrested in a public hallway at City Hall constituted a violation of her First Amendment free speech rights.

Ortolano's proposed Memorandum is filed herewith.

Dated: July 22, 2025                                              Respectfully Submitted by,


                                                                  */s/ William Aivalikles*
                                                                  William Aivalikles, Esq.


## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: July 22, 2025
                                                                  */s/ William Aivalikles*
                                                                  William Aivalikles, Esq.