UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano,<br>    Plaintiff<br><br>V.<br><br>The City of Nashua, et al.,<br>    Defendants | )<br>)<br>)<br>)<br>) Civil Action No. 22-cv-00326-LM<br>)<br>)<br>)<br>)<br>) |

PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
OF THE COURT'S JUNE 17, 2025 ORDER

I. ARGUMENT.

1. The Defendants Are Incorrect in Asserting that the Court Properly Dismissed Ortolano's Claims Regarding Bolton's Attempt to Have Her Arrested on July 22, 2022 in its September 26, 2023 Order on Defendants' Motion for a Judgment on the Pleadings.

As the Court properly noted in its Order on defendants Bolton and Leonard's motion for a judgment on the pleadings, a "[j]udgment on the pleadings is proper 'only if the . . . *properly considered facts* conclusively establish the movant's entitlement to a favorable judgment.'" Court's Order Dated September 26, 2023 (Doc. 60), at 2 (citations omitted)(emphasis added). More specifically, the Court must "'*determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim* upon which relief may be granted.' A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.*

1

(citations omitted)(emphasis added). But as Ortolano demonstrated in her Memorandum of Law in Support of Plaintiff's Motion for Reconsideration of the Court's June 17, 2025 Order, while the Court did address the obstacles defendants Bolton and Leonard imposed to make it harder for Ortolano to obtain public documents via "right-to-know" requests, and did address the role of defendants Bolton and Leonard in Ortolano's actual arrest for the January 22, 2021 incident, it never specifically subjected the facts surrounding defendant Bolton's subsequent attempt to have Ortolano arrested on July 22, 2022 to these legal standards, as it would have to in order to satisfy the legal requirements of dismissal under a motion for judgment on the pleadings. Ortolano's Memorandum, at 2-5. The defendants' statement to the contrary in their opposition to Ortolano's motion for reconsideration of the June 17th Order are therefore incorrect and Ortolano's substantive claims regarding the July 22, 2022 incident should be allowed to proceed to trial.

2. The Defendants Are Incorrect in Asserting that the Court Properly Dismissed Ortolano's Claims Regarding Bolton's Attempt to Have Her Arrested on July 22, 2022 in its February 14, 2025 Order on Defendants' Motion for Summary Judgment.

As the Court properly noted in its Order on defendants Bolton and Leonard's motion for summary judgment,

> "'[a] movant is entitled to summary judgment where she "shows that there is no genuine *dispute as to any material fact* and [that she] is entitled to judgment as a matter of law.' In reviewing the record, the court *construes all facts and reasonable inferences* in the light most favorable to the nonmovant."

2

*Ortolano v. City of Nashua*, 766 F. Supp. 3d 328, 330 (D. N.H. 2025)(citations omitted)(emphasis added). Once again, although the Court properly submitted the facts regarding Ortolano's right-to-know requests and those surrounding Ortolano's February 18, 2021 actual arrest to the summary judgment standard, it failed to do so regarding Bolton's subsequent attempt on July 22, 2022 to have Ortolano arrested, apparently mistakenly believing that it had already dismissed all claims but those regarding the February 18, 2021 actual arrest. *Ortolano v. City of Nashua*, 766 F. Supp. 3d, at 330.

Never having properly and specifically submitted the facts regarding Bolton's attempt to have Ortolano arrested for being in a public hallway on July 22, 2022 to the legal standards attending a motion for a judgment on the pleadings and a motion for summary judgment, this Court never properly dismissed that claim. The portions of the defendants' opposition to Ortolano's Motion for Reconsideration stating otherwise are therefore incorrect and Ortolano's substantive claims regarding the July 22, 2022 incident should be allowed to proceed to trial.

   3. A Court Cannot Properly Issue Rule 12 Dismissals and Dismissals on Summary Judgment Via a Ruling on a Motion in Limine That Does Not Properly Apply the Rule 12 and Rule 56 Legal Standards.

Of course, a motion in limine is neither a motion for a judgment on the pleadings nor a motion for summary judgment, and cannot be used as such, at least not without a properly review of the claim at issue under the full rigor of the standards imposed by Rules 12 and/or 56. A motion in limine is merely "[a] pretrial request that certain inadmissible evidence not be mentioned at trial." *United States v.*

*Agosto Vega*, 731 F.3d 62, 65 (1st Cir. 2013), which is often used to exclude evidence on the basis of relevance. Although the Court ruled on Bolton and Leonard's Motion in Limine that evidence of Bolton's attempt to have Ortolano arrested on July 22, 2022 was not relevant to Bolton's actions in actually having Ortolano arrested on February 18, 2021, it did not dismiss that claim as an independent set of facts supporting Ortolano's claim of retaliation for the exercise of her free speech rights. This Court has never applied the Rule 12 or Rule 56 standards to dismiss the claims asserted in Paragraphs 130-137 of Ortolano's complaint. Ortolano has demonstrated in her Memorandum in Support of its Motion for Reconsideration that Bolton's attempt to have her arrested for walking in a public hallway in City Hall remains a legally viable claim and, respectfully, the Order on the Motion in Limine cannot now support a dismissal of that claim. Bolton's having already caused Ortolano to be arrested for trespass at City Hall after the police had initially found no grounds therefor, his subsequent attempt to have her arrested for walking through a public hallway in City Hall "would deter persons of 'ordinary firmness' from exercising their constitutional [free speech] rights [in the public hearings auditorium the hallway led to] in the future." *Starr v. Dube*, 334 Fed. Appx. 341, 342 (1st Cir. 2009). Bolton's July 22, 2022 actions constituted an attempt to make it clear to Ortolano that he would try to have her arrested whenever she was present at City Hall.

II. CONCLUSION.

For the foregoing reasons, the plaintiff, Laurie Ortolano, respectfully submits that the Court should reconsider its Order of June 17, 2025 and permit Ortolano to submit evidence at trial demonstrating that her separate claim that defendant Steven Bolton attempted to have her arrested on July 22, 2022 constituted unlawful retaliation in violation of her free speech rights under the First Amendment of the Constitution of the United States.

Dated: July 22, 2025                                                            Respectfully Submitted by,


                                                */s/ William Aivalikles*
                                                William Aivalikles, Esq.


**CERTIFICATE OF SERVICE**

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:      July 22, 2025

                                              */s/ William Aivalikles*
                                              William Aivalikles, Esq.