UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Laurie Ortolano

    v.                                                           Civil No. 22-cv-326-LM

Steven Bolton and
Celia Leonard

**O R D E R**

Plaintiff Laurie Ortolano brings this First Amendment action against defendants Steven Bolton and Celia Leonard, who are, respectively, Corporation Counsel and Deputy Corporation Counsel for the City of Nashua. Presently before the court is Ortolano's motion to reconsider (doc. no. 192) this court's endorsed order dated June 17, 2025, which itself reiterated a prior ruling that evidence of a July 2022 encounter between Ortolano and Attorney Bolton "is inadmissible to prove the only claim Ortolano brings against Bolton – retaliatory arrest stemming from [a] January 2021 trespassing incident." Endorsed Order of June 17, 2025. Ortolano contends that Attorney Bolton's conduct during the July 2022 encounter itself constitutes actionable retaliation, that she has brought a freestanding claim of retaliation against Attorney Bolton for that conduct, and that this retaliation claim based upon the July 2022 encounter remains live for trial. For the following reasons, Ortolano's motion (doc. no. 192) is denied.[1]

---

[1] In denying this motion, the court considered Ortolano's recently-filed reply (doc. no. 195-1) attached to the plaintiff's motion for leave (doc. no. 195).

## STANDARD OF REVIEW

Local Rule 7.2(d) provides that a party seeking reconsideration must show "that the order was based on a manifest error of fact or law." LR 7.2(d). Reconsideration is an extraordinary remedy that should be applied sparingly, and is usually limited to situations in which there is "newly discovered evidence" or "an intervening change in the law." Fujifilm N. Am. Corp. v. M&R Printing Equip., Inc., Civ. No. 20-cv-492, 2022 WL 18998942, at *1 (D.N.H. Dec. 16, 2022). A motion to reconsider will be denied "when the motion merely rehashes already presented arguments or introduces new evidence or arguments that could have been presented before the court's ruling." Id.

## BACKGROUND

In January 2021, Ortolano was involved in a trespassing incident at the Legal Department of Nashua City Hall. In February 2021, she was arrested for that incident. In July 2022, Ortolano and Attorney Bolton encountered each other at Nashua City Hall. Although the police were called as a result of this encounter, Ortolano was not arrested. Ortolano subsequently instituted this lawsuit.

On September 26, 2023, the court issued an order granting in part and denying in part defendants' motion for judgment on the pleadings. Doc. no. 60. The court dismissed all of Ortolano's claims against defendants with the exception of her claim of retaliatory arrest stemming from the January 2021 trespassing incident. Specifically, the court ruled "that Ortolano's claim that her arrest resulted from Bolton and Leonard's retaliation for her protected activity survives defendants' motion." Id. at 15. Other than that individual "claim of retaliation," the court

2

granted defendants' motion and dismissed all other First Amendment claims against them. Id. at 26. Ortolano never sought reconsideration or clarification of this order to argue that she had also pled a separate claim of retaliation stemming from the July 2022 incident or that such a claim should not have been dismissed.

Subsequently, on February 14, 2025, the court issued an order denying defendants' motion for summary judgment. Doc. no. 125. In that order, the court reiterated that, "[f]ollowing the court's order on [defendants'] Rule 12 motion, the only claim remaining against them is that they violated Ortolano's First Amendment rights by causing her to be arrested in retaliation for exercising her rights to free speech and to petition the government." Id. at 1. Ortolano did not seek clarification or reconsideration of this order on the ground that she had also pled a retaliation claim stemming from the July 2022 incident that had survived the court's order on defendants' Rule 12 motion.

On March 20, 2025, defendants filed a motion in limine "to exclude evidence, testimony, or argument regarding the July 2022 encounter between Attorney Bolton and the plaintiff." Doc. no. 136 at 1. In that motion, defendants argued that evidence of the July 2022 encounter was inadmissible to prove "[t]he only remaining claim in this case[,] [which] is an alleged retaliatory arrest for trespass in the City's Legal Department on January 22, 2021." Id. In Ortolano's objection, she argued that evidence of the July 2022 encounter was "highly relevant to the surviving count against Defendant Bolton"—i.e., Ortolano's claim that Attorney Bolton subjected her to a retaliatory arrest on the basis of the January 2021 incident. Doc. no. 155 at 2 (emphasis omitted). Ortolano did not argue, in the alternative or otherwise, that

3

evidence of the July 2022 encounter was admissible to prove a freestanding, surviving claim that the July 2022 encounter itself gave rise to an actionable claim for retaliation.

On April 4, 2025, the court issued an order memorializing an oral ruling from the day prior granting defendants' motion in limine. Doc. no. 166. The written order noted the court's finding that evidence of the July 2022 encounter "has limited relevance to the issues before the jury, as it occurred more than a year after the alleged retaliatory arrest." Id. at 2. Ortolano subsequently filed what she captioned as a "motion for clarification" arguing that evidence of the July 2022 encounter was admissible for several permissible purposes, including to prove Attorney Bolton's state of mind regarding her trespassing arrest in early 2021. Doc. no. 172. Ortolano did not argue that evidence of the July 2022 encounter was admissible to prove a freestanding claim that the July 2022 encounter itself constituted actionable retaliation and that a retaliation claim based upon that encounter remained live for trial.

On April 22, 2025, the court issued a written order memorializing an oral ruling on Ortolano's motion for clarification. Doc. no. 182. In that order, "the court reiterated that it had granted defendants' motion to exclude evidence of the July 22, 2022 incident . . . because that incident is not relevant to the issues at trial concerning a January 2021 criminal trespass." Id. at 2.

This case was previously slated for jury selection and trial beginning on June 17, 2025. Jury selection took place as scheduled, but the trial was thereafter continued without objection for medical reasons. At the conclusion of jury selection

4

on June 17 (and prior to the continuance), Ortolano raised for the first time an argument that she had actually brought a separate claim for retaliation based upon the July 2022 incident and that this claim remained live for trial.

In an endorsed order issued that same day, the court explained that (1) the court's prior order on defendants' Rule 12 motion "dismissed all of Ortolano's First Amendment claims except to the extent she brought a claim of retaliation arising from her 2021 arrest"; (2) the court's summary judgment order "reiterated that the only claims remaining against the defendants were for retaliatory arrest"; and (3) Ortolano's objection to defendants' motion in limine concerning the July 2022 encounter "failed to argue that evidence of the July 2022 encounter was admissible [on the ground that] the July 2022 encounter itself gives rise an actionable retaliation claim." Endorsed Order of June 17, 2025. The court expressed concern that Ortolano waited until the day of jury selection to raise this issue, and ultimately stated that it "adhere[d] to its ruling" in doc. no. 166 granting defendants' motion in limine that "[e]vidence of the July 2022 encounter is inadmissible to prove the only claim Ortolano brings against Bolton – retaliatory arrest stemming from the January 2021 trespassing incident." Id.

## DISCUSSION

Ortolano seeks reconsideration of this court's June 17 order on the grounds that (1) neither the court's order on defendants' motion for judgment on the pleadings nor its order on their motion for summary judgment dismissed a retaliation claim premised upon the July 2022 incident, and (2) now that trial has been continued, the court's concern over Ortolano's lack of timeliness in raising this

5

issue no longer constitutes grounds for deeming evidence of the July 2022 encounter inadmissible.

Ortolano fails to show that the court's June 17 order is based upon a manifest error of fact or law. The court's order granting in part and denying in part defendants' motion for judgment on the pleadings dismissed all First Amendment claims except for "Ortolano's claim that her arrest resulted from Bolton and Leonard's retaliation for her protected activity." Doc. no. 60 at 15. That claim was the only one that "survive[d] defendants' motion." Id. Thus, the court denied the defendants' motion as to that "claim of retaliation," but otherwise granted the motion and dismissed all other claims brought against these defendants. Id. at 26. Therefore, to the extent Ortolano's complaint brought a claim against Bolton based upon the July 2022 encounter, that claim was dismissed in the order granting in part and denying in part defendants' motion for judgment on the pleadings.

Although Ortolano argues that she cannot be faulted for lack of timeliness in raising her argument now that trial has been continued, the court concludes that Ortolano's argument is untimely despite the continuance. Local Rule 7.2(d) requires that motions to reconsider be filed within fourteen days from the date of the order for which reconsideration was sought. Here, the court issued its order on the defendants' Rule 12 motion on September 26, 2023, and Ortolano never moved for reconsideration or clarification of that order. In February 2025, the court issued its order denying the defendants' motion for summary judgment. That order expressly stated that, "[f]ollowing the court's order on [defendants'] Rule 12 motion, the only claim remaining against them is that they violated Ortolano's First Amendment

6

rights by causing her to be arrested in retaliation for exercising her rights to free speech and to petition the government." Doc. no. 125 at 1. Ortolano did not seek reconsideration or clarification of that order either. Then, in the court's April 2025 order granting the defendants' motion in limine to exclude evidence of the July 2022 encounter, the court once more reiterated that the only claim that would be before the jury was a retaliatory arrest claim based upon the January 2021 trespassing incident. Although Ortolano did seek clarification of this order, her motion for clarification did not assert that evidence of the July 2022 encounter was admissible to prove a freestanding retaliation claim based upon that encounter or that such a claim remained live for trial.

    To the extent Ortolano believes that she has pled an independent retaliation claim based upon the July 2022 encounter that remains live for trial, it was incumbent on her to raise that contention well before June 2025. At the latest, she should have raised this argument within fourteen days of the court's summary judgment order, which clearly stated that the only claim against the defendants that remained following the court's Rule 12 order was a claim for retaliatory arrest based upon the January 2021 incident.

    What is more, the instant motion is effectively a _third_ motion to reconsider the court's ruling that evidence of the July 2022 encounter is inadmissible. Ortolano sought to revisit that ruling in her motion for clarification (doc. no. 172) regarding the court's order granting the defendants' motion in limine (doc. no. 166). She did so again at the hearing following jury selection on June 17, 2025. Now, in her motion to reconsider the court's endorsed order issued that same day, she seeks a third bite

7

at the apple in attempting to persuade the court that evidence of the July 2022 encounter ought to be admissible at trial. The court understands that Ortolano disagrees with its ruling. However, "[r]ight or wrong, the . . . court has made its decision; unless it has committed an error of law so obvious that it must be corrected or the movant has discovered a new fact that compels a different result, the parties must accept the court's ruling, adjust their arguments accordingly, and seek vindication on appeal." Nw. Bypass Grp. v. U.S. Army Corps of Eng'rs, 552 F. Supp. 2d 137, 144 (D.N.H. 2008). The court is sure that Ortolano will take this admonishment to heart and that—absent meaningful changes—there will be no need to further litigate the admissibility of this evidence in this court.

## CONCLUSION

Ortolano's motion to reconsider (doc. no. 192) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 24, 2025

cc:    Counsel of Record