EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Laurie Ortolano

    v.                      Civil No. 22-cv-326-LM

Steven Bolton and
Celia Leonard

**O R D E R**

On April 15, 2025, the court held a status conference to resolve pretrial matters. It heard arguments and issued oral rulings as to: (1) the parties' pending motions in limine (doc. nos. 169 & 170); (2) plaintiff's motion to clarify (doc. no. 172), (3) defendants' objection to plaintiff's witness list (doc no.179), and (4) the parties' objections to exhibit lists (doc. nos. 174 & 175). The court will briefly summarize its rulings as to these disputes below. The court reconsiders, however, its ruling on document number 170 and narrows the scope of its ruling with respect to the admissibility of certain categories of plaintiff's exhibits. To the extent any portion of the court's oral rulings at the April 15 hearing conflicts with this written summary, this summary controls.

In making its rulings with respect to witnesses and exhibits, the court aimed to help the parties cull their lists of witnesses and exhibits. The court did not look at specific evidence. As the court explained to counsel that it is difficult to rule on the admissibility of evidence outside the specific context of trial. Thus, any rulings are provisional and provided to assist counsel in narrowing the evidence for trial. The

parties—as explained repeatedly by the court—should be prepared to renew any of their arguments at trial, particularly if the evidence comes in differently than described at the hearing or in a motion.

**Pending Motions in Limine**

- Plaintiff's Motion to Preclude Defendant Attorneys From Testifying They Were "Victims" of Trespass (doc. no. 169).

  Denied for the reasons stated during the hearing. The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice to the plaintiff. Plaintiff's argument that criminal trespass does not allow for people to claim victimization is unpersuasive. Moreover, defendants' characterizations of themselves as "victims" has some potential relevance to plaintiff's theory of retaliatory animus.

- Plaintiff's Motion to Preclude Defendant Attorneys From Introducing Any Evidence That Plaintiff Used the Word "Cunt" (doc. no. 170)

  The court declined to rule on this motion outside the context of trial. **However, upon reviewing the record more closely, the court revisits this motion.** Defendant Leonard intends to introduce this evidence on damages, as it tends to show that plaintiff was not subjectively chilled by Leonard's actions toward her. These are plaintiff's own words, and there appears to be little alternative evidence—as to Attorney Leonard—of the subjective chilling effect on plaintiff following her arrest. Assuming the evidence comes in as described, the court is likely to permit Leonard to introduce this evidence on plaintiff's damages claim.

- Plaintiff's Motion for Clarification Regarding the Court's Allowance of Defendants' Motion in Limine to Exclude Evidence of the July 22, 2022 Incident (doc. no. 172).

  The court granted plaintiff's request to clarify its prior ruling. To that end, the court reiterated that it had granted defendants' motion to exclude evidence of the July 22, 2022 incident (between Defendant Bolton and plaintiff) because that incident is not relevant to the issues at trial concerning a January 2021 criminal trespass. Further, any probative value would be substantially outweighed by a risk of confusing the issues and creating a trial within a trial. However, the court reiterated that it may be

2

hypothetically possible for defendants to "open the door" to some of the evidence related to this July 2022 incident.

**Defendants' Objection to Plaintiff's Designated Witnesses (doc. no. 179)**

- <u>Mayor Donchess</u>. Objection sustained. Mayor Donchess was not present for the January 2021 trespass incident and did not play a role in the Nashua PD's criminal trespass investigation. The limited probative value of Mayor Donchess's testimony is substantially outweighed by a danger of confusing the issues.

- <u>Kimberly Kleiner</u>. The court declined ruling on this objection. Ms. Kleiner's testimony may provide some context and background evidence, however, its relevance will depend on the testimony of other witnesses.

- <u>Officers Earnshaw and Gilbert</u>. Objection sustained. These witnesses responded only to the July 2022 incident. They were not involved in plaintiff's January 2021 trespass at City Hall. For the same reasons the court granted defendants' motion to exclude evidence of the July 2022 incident, the court rules that the testimony of these witnesses is not admissible.

- <u>Dr. Laura Chan</u>. Any objection is moot. Plaintiff stated she no longer intends to call this witness.

- <u>Eliese Moore</u>. This witness is not listed in document number 179. Defense counsel raised the name at the April 15 hearing and plaintiff's counsel responded. The oral objection is sustained. Ms. Moore is one of the citizens for whom plaintiff sought date stamps on the day of the January 2021 trespass incident. Her testimony has limited relevance to the issues before the jury, and any probative value would be outweighed by the dangers of jury confusion. The plaintiff may testify herself to the reasons she visited City Hall on the day of the January 2021 trespass incident. To be clear, however, should the defendants challenge plaintiff's credibility on why she came to City Hall on the relevant date, Ms. Moore's testimony could corroborate plaintiff's version of events and thereby become more relevant. This will obviously depend on the evidence at trial.

- <u>Karen Bill</u>. Like Ms. Moore, this witness was not included in document number 179. The oral objection is sustained in part. Ms. Bill spoke at a Board of Alderman hearing about plaintiff's treatment following the arrest. Her testimony as to her own opinion about what happened to the plaintiff has

3

limited relevance to the issues before the jury, and any probative value would be outweighed by the dangers of jury confusion. However, the court noted that it may be hypothetically possible for Ms. Bill to offer testimony in a different context.

- Officer Jamie Abrams and police employee Linnea French were listed in document number 179 but not mentioned by either counsel at the April 15 hearing.

**Defendants' Objections to "Categories" of Plaintiff's Exhibits**

The court permitted counsel to summarize categories of exhibits on plaintiff's list and make arguments regarding admissibility. Plaintiff's proposed exhibits are voluminous. At this hearing, counsel used the categories as outlined by defendants in document number 174 to structure their proffers. Based on the proffers and arguments of counsel, and for the reasons explained during the hearing, the court deems inadmissible a large swath of plaintiff's proposed exhibits.

By way of summary, the court is concerned that — while certain exhibits may be probative (to the extent they corroborate some of plaintiff's testimony) — any probative value would be substantially outweighed by the dangers of jury confusion, cumulative evidence, delay, and waste of time.

- **However, the court clarifies its provisional ruling on the categories of exhibits as explained in this paragraph.** To the extent plaintiff intends to introduce a small number of these exhibits to corroborate a particular aspect of plaintiff's testimony, plaintiff may seek to admit such exhibit(s) at trial. These categories of exhibits are: (a) Board of Aldermen meeting minutes and video recordings; (b) exhibits relating to plaintiff's "Right-to-Know" requests; (c) exhibits related to plaintiff's investigation of the Assessing Department; (e) records from plaintiff's tax abatement cases; (f) Board of Assessors meeting minutes; (g) documents pertaining to a Budget Committee meeting; and (h) miscellaneous audio-visual recordings.

4

- Any evidence of Mayor Donchess's Property Record Card is inadmissible under Rules 401-403.

- The court denies defendants' request to exclude the following categories of exhibits: (a) newspaper articles; (b) plaintiff's publications on various social media platforms; and (c) records pertaining to plaintiff's arrest.

- There was also a category of "miscellaneous" exhibits that counsel agreed to discuss at a "meet and confer" in advance of trial.

Plaintiff's counsel agreed that — in light of the court's provisional rulings on the issues raised at the April 15 hearing — he could address his concerns with respect to defendants' exhibit list in the context of a meet and confer. Accordingly, the court denies plaintiff's objections (doc. nos. 146, 175) to defendants' exhibits as moot. Counsel can raise any remaining objections in the context of trial.

**SO ORDERED.**

_____
Landya McCafferty
United States District Judge

April 22, 2025

cc:   Counsel of Record

Case 1:22-cv-00326-LM   Document 208   Filed 04/22/25   Page 5 of 5