UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

|   |   |
|---|---|
| **Laurie Ortolano,** </br>     **Plaintiff** </br> </br> V. </br> </br> **Steven Bolton and Celia Leonard** </br>     **Defendants** | ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 22-cv-00326-LM </br> ) </br> ) </br> ) </br> ) </br> ) |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED
JURY INSTRUCTION NO. 4**
(First Amendment Retaliatory Arrest – Probable Cause)

NOW COMES the Plaintiff and respectfully OBJECTS to Defendants' Proposed Jury Instruction #4 insofar as it instructs the jury that it may consider evidence of prior similar trespass incidents involving other individuals only if Plaintiff proves that the Defendant Attorneys were involved in or aware of those incidents. This instruction misstates governing Supreme Court law, conflicts directly with *Gonzalez v. Trevino*, 602 U.S. 653 (2024), improperly heightens Plaintiff's burden of proof, and would exclude relevant objective evidence that the Supreme Court has expressly held is admissible to satisfy the *Nieves* exception.

1. ***Gonzalez v. Trevino* Squarely Rejects the Defendants' Awareness Requirement**

In *Gonzalez*, the Supreme Court clarified and corrected lower courts' misapplication of *Nieves v. Bartlett*, 587 U.S. 391 (2019). The Court held that to invoke the *Nieves* exception, a plaintiff need show "circumstances where officers have probable cause to make arrests, but typically exercise their discretion to do so." 602 U.S. at 658.

1

Critically, the Court emphasized that:

> "The only express limit we placed on the sort of evidence a plaintiff may present for that purpose is that **it must be objective**."

*Id.* at 658 (emphasis added).

The Court expressly rejected restrictive evidentiary requirements – such as demanding specific, identifiable comparators or proof of defendants' subjective knowledge – that would "take an overly cramped view of *Nieves*." *Id.* at 658.

Nothing in *Gonzalez* suggests – let alone requires – that a plaintiff must prove the defendants were aware of prior similar incidents before the jury may consider such evidence. To the contrary, the Court explained that negative or statistical evidence (i.e., evidence that arrests typically do not occur for certain conduct) is permissible precisely because it allows an objective inference of differential treatment. *Id.* at 659–660.

### 2. Comparator Evidence Serves an Objective, Circumstantial Function

Under *Gonzalez* and *Nieves*, comparator evidence is not offered to prove defendants' subjective state of mind directly. Instead, it serves to show that the arrest occurred in circumstances where officers typically exercise discretion not to arrest, thereby permitting an inference that retaliation is the more likely explanation.

As the Supreme Court explained, the *Nieves* exception exists to avoid reliance on subjective intent and instead permits proof through objective indicia of differential enforcement. 602 U.S. at 659; *Nieves*, 587 U.S. at 407.

Conditioning the jury's consideration of such evidence on defendants' awareness improperly collapses this objective inquiry into a subjective intent requirement that the Supreme Court has expressly sought to avoid.

### 3. The Proposed Instruction Conflicts with the Federal Rules of Evidence

Comparator evidence is relevant under Rules 401 and 402 because it tends to make it more probable that Plaintiff's arrest was retaliatory rather than a neutral exercise of law enforcement discretion. Relevance does not depend on whether the defendants knew of each comparator incident.

By instructing the jury to disregard otherwise relevant objective evidence unless Plaintiff proves defendant awareness, the proposed instruction invents a relevance limitation unsupported by the Federal Rules and foreclosed by *Gonzalez*.

### 4. The Error Is Prejudicial and Undermines the *Nieves* Exception

If given, the instruction would effectively nullify the *Nieves* exception by requiring proof that is rarely available and expressly unnecessary under Supreme Court precedent. As *Gonzalez* makes clear, the exception would be meaningless if courts imposed evidentiary hurdles beyond objectivity. 602 U.S. at 658-660.

### 5. Requested Relief

Plaintiff respectfully requests that the Court strike or modify the final paragraph of Defendants' Proposed Instruction No. 4 to remove any requirement that Plaintiff prove the Defendant Attorneys were involved in or aware of prior similar incidents before the jury may consider such evidence.

**Dated: January 19, 2026**                                   Respectfully Submitted,

                                                              Plaintiff Laurie Ortolano.
                                                              By her Attorney,

/s/William Aivalikles
William Aivalikles, Esq.
NH Bar #308
Law Office of William Aivalikles
253 Main Street
Nashua, NH 03060
(603)880-0303
william@nhtriallaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: January 19, 2026                    /s/William Aivalikles
                                           William Aivalikles, Esq.

4