UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>The City of Nashua, *et al.*, )<br>Defendants. )<br> ) | Civil Action No. 1:22-cv-00326-LM |

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS**

NOW COMES the Plaintiff, in the above-entitled matter, and respectfully objects to certain of the Defendants' proposed exhibits as follows:

**I.    Overview of Defendants' Exhibit List**

Defendants have listed **forty-nine (49)** proposed exhibits, which may be categorized as follows:

- **Two (2)** exhibits dated prior to the trespass/arrest; and

- **Forty-seven (47)** exhibits dated from the time of the trespass forward.

Within the forty-seven post-incident exhibits, Defendants include:

- **Twelve (12)** emails spanning January 21, 2022 through March 4, 2024;

- **One (1)** Union Leader article dated January 23, 2022;

- **Twenty-two (22)** Facebook posts, blog posts, or digital newspaper articles authored by Plaintiff between February 22, 2021 and August 27, 2022; and

- **Seven (7)** sets of public meeting minutes or excerpts, dated April 26, 2021 through July 20, 2022.

1

## II.   Defendants' Improper Focus on Plaintiff's Post-Arrest Speech

Defendants' exhibit list focuses heavily on Plaintiff's speech, with nearly half of the proposed exhibits consisting of Plaintiff's writing or speech occurring outside of City Hall and well after the arrest.

This evidentiary focus is inconsistent with the governing legal standard. As the Court stated in its February 12, 2025 Order (pp. 12–13):

> *The Attorney Defendants contend that this court's previous court did not hold that a plaintiff pursuing a retaliatory arrest claim must show a subjective chilling effect. Indeed, the court found that Ortolano's allegations stated a claim of retaliatory arrest despite the lack of facts plausibly suggesting she had been subjectively chilled from exercising her First Amendment rights. Ortolano v. City of Nashua, 694 F. Supp. 3d 167, 179 (D.N.H. 2023). The court therefore rejects the Attorney Defendants' argument that Ortolano is required to demonstrate she was subjectively chilled from exercising her First Amendment rights following her arrest.*

Accordingly, evidence offered solely to suggest that Plaintiff continued to speak or write after the arrest is not legally necessary to prove – or disprove – a First Amendment retaliatory arrest claim.

## III.   Plaintiff's Limited Acceptance of Defendants' Exhibits

Plaintiff has accepted **three (3) of the twelve (12)** email exhibits, as they relate directly to the abatement applications at issue or to a 2019 email concerning communications with the legal office. Of the **twenty-two (22)** Facebook posts, blog posts, or digital newspaper articles, Plaintiff has accepted **twelve (12)** posts spanning up to approximately one year after the arrest. Even these accepted exhibits are not required to establish a retaliatory arrest claim, but Plaintiff does not object to their limited inclusion.

The remaining post-arrest writings are cumulative, redundant, and risk unfair prejudice, as they invite the jury to improperly equate continued speech with the absence of retaliation – an argument the Court has expressly rejected.

## IV. Objections to Defendants' Use of Public Meeting Minutes

Plaintiff has accepted **three (3) of the seven (7)** sets of public meeting minutes or excerpts proposed by Defendants, specifically those dated **April 26, 2021; August 4, 2021; and August 23, 2021**. All of these minutes post-date the trespass and arrest and are offered by Defendants to argue that Plaintiff's speech was not chilled. However, as the Court has made clear, **retaliatory arrest is actionable because of what the government did, not because of whether it succeeded in silencing the Plaintiff**. Continued speech does not negate retaliation. Plaintiff's damages are not based on her subjective chilling of speech. Evidence and testimony that Plaintiff's speech was subjectively chilled risks confusing the issues, allows the submission of irrelevant and cumulative evidence, and

## V. Disparate Treatment of Plaintiff's Exhibits

Plaintiff further notes that she submitted **six (6)** sets of meeting minutes, of which Defendants accepted only **two (2)**.

Among the rejected Plaintiff exhibits were **Exhibits 9 and 11**, which consist of meeting minutes relating to assessment issues and Plaintiff's speech **prior to the arrest** – including minutes reflecting the animus that developed between Plaintiff, the Mayor, Defendant Bolton, and the City of Nashua. Also contains Plaintiff's statements to the Board of Aldermen regarding her state of mind during arrest.

This selective acceptance underscores Defendants' effort to frame the evidentiary record around Plaintiff's post-arrest speech rather than the government conduct giving rise to the retaliatory arrest claim.

| Trial Ex. | ID | Date | Description | Objection |
|---|---|---|---|---|
| A | | 9/11/19 | Plaintiff email to Leonard "Clarification of the Legal Office Function" (K) | |
| B | | 6/25/20 | Classic Signs, Inc. invoice for "By Appointment Only" sign (S) | |
| C | ID | 2021 | Timeline (W) | Narrative created by Defendants; Overbroad compilation (1/17/21 to 8/26/22); Not relevant to issues for Trial; Risk of jury confusion; improper character evidence by volume.<br><br>Documents are referenced in timeline that are not marked as exhibits. |
| D | | 1/21-1/22/21 | Email from Plaintiff to Vincent, et al. re "Totally Unfair Abatement Process" (X) | Threaded email consisting of 5 emails – See Plf. Exhibit 40-a through 40-e to avoid jury confusion |
| E | ID | 1/22/21 | Email from Plaintiff to Vincent re: "Here are the abatements signed" (Y) | Same as Plf. Exhibit 40-f. |
| F | | 1/23/21 | Union Leader Article re: Nashua woman escorted out of Nashua City Hall by police (AA) | |
| G | | 2/22/21 | Ortolano Facebook post: Good Governments Don't Do This (JJ) | |
| H | | 3/26/21 | Granite Grok article by Ortolano re: Nashua's Right Not-to-Know (QQ) | |
| I | | 4/18/21 | Ortolano Facebook Post on Nashua Scoop re: Kleiner emails (ss) | |
| J | | 4/26/21 | Excerpts from Budget Review Committee Meeting (TT) | |

| | | | | |
|---|---|---|---|---|
| K | ID | 4/26/21 | Email from Ortolano to Bolton, et al. re: Comments in nonpublic session made about Spitting (UU) | Irrelevant to arrest. 2-14-25 Court Order does not depend on a plaintiff's ability or inability to participate in government afterward. |
| L | ID | 4/26/21 | Granite Grok post re: Update on Right to Know Lawsuit against Nashua City Hall (VV) | Duplicative to K |
| M | ID | 4/27/21 | Email from Ortolano to Bolton, et al. re: Bolton has no ethics (WW) | 2-14-25 Court Order does not depend on a plaintiff's ability or inability to participate in government afterward. (Retaliatory Arrest based on what gov't did, not whether speech was chilled.) |
| N | | 4/28/21 | Ortolano post on goodgov.org re: A Story About a Crooked Mayor (XX) | |
| O | | 4/29/21 | Ortolano Facebook posts with comments about Attorney Leonard and Ortolano's trespass (YY) | |
| P | ID | 4/30/21 | Ortolano post on Granite Grok re: Is Nashua City Right to Know Coordinate Jesse Neumann Just Playing word Salad in his RTK Responses? (ZZ) | 2-14-25 Court Order does not depend on a plaintiff's ability or inability to participate in government afterward. (Retaliatory Arrest based on what gov't did, not whether speech was chilled.) |
| Q | ID | 4/30/21 | Email from C. Linder to Nashua Legal Department re: Eliminate the RTK position in the legal office (AAA) | 2-14-25 Court Order does not depend on a plaintiff's ability or inability to participate in government afterward. (Retaliatory Arrest based on what gov't did, not whether speech was chilled.) |
| R | ID | 5/3/21 | Email from Ortolano to Jesse Neumann, et al. re Your recent RTK request dated April 26, 2021 (CCC) | 2-14-25 Court Order does not depend on a plaintiff's ability or inability to participate in government afterward. (Retaliatory Arrest based on what gov't did, not whether speech was chilled.) |

| S | ID | 5/10/21 | Ortolano post re: Right to Know Demand Made for Selected Nashua City Emails (DDD) | 2-14-25 Court Order does not depend on a plaintiff's ability or inability to participate in government afterward. (Retaliatory Arrest based on what gov't did, not whether speech was chilled.) |
|---|---|---|---|---|
| T |  | 5/11/21 | Ortolano post on goodgov.org re: Attorney Bolton Continues to Obstruct Public Information (EEE) |  |
| U | ID | 6/1/21 | Ortolano post on Granite Grok re: Harassment Warning Requested Against Nashua's Mayor Donchess, Director Kim Kleiner, and Attorney Bolton (LLL) | Irrelevant – addresses warning w threat of arrest issued to Plf 9/2019. 2-14-25 Court Order does not depend on a plaintiff's ability or inability to participate in government afterward. (Retaliatory Arrest based on what gov't did, not whether speech was chilled.) |
| V | ID | 6/23/21 | Email from Ortolano to Board of Alderman, et al. re: Last Night's shocking Board of Alderman Meeting (TTT) | Irrelevant – Bolton's conduct toward a seated Alderwoman is not relevant to retaliatory arrest claim. 2-14-25 Court Order does not depend on a plaintiff's ability or inability to participate in government afterward. (Retaliatory Arrest based on what gov't did, not whether speech was chilled.) |
| W | ID | 6/24/21 | Ortolano post on Granite Grok re: Nashua Should be Ashamed of its Attorney Bolton (UUU) | Irrelevant – Bolton's conduct – same as Exhibit V and not relevant to arrest. |

| X |  | 7/3/21 | Ortolano post on goodgov.org re: The Broken Nashua Court System (ZZZ) |  |
|---|---|---|---|---|
| Y |  | 7/19/21 | Ortolano Facebook post on The Nashua Scoop re: tension between Attorney Bolton and Alderwoman Lu (CCCC) |  |
| Z |  | 7/22/21 | Ortolano post on goodgov.org re: Deputy Attorney Leonard's Misrepresentations (DDDD) |  |

| AA | ID | 7/22/21 | Ortolano Facebook post on The Nashua Scoop re: Attorney Leonard's misrepresentation (EEEE) | Same content as Exhibit Z but provided in another forum. Cumulative. |
|---|---|---|---|---|
| BB | ID | 7/22/21 | Email from Ortolano to D. Graham, et al. re: My Arrest in City Hall (FFFF) | |
| CC | ID | 7/23/21 | Ortolano post to Granite Grok re: It's a Bad Look to Arrest Citizens in City Hall (GGGG) | Cumulative – Duplication of BB Ads not redacted. |
| DD | | 8/3/21 | Ortolano post to goodgov.org re: Bolton ignores Court order to drive-up Legal Fees (KKKK) | |
| EE | | 8/4/21 | Excerpt of Report of the Finance Committee meeting minutes (LLLL) | |
| FF | | 8/23/21 | Excerpt of Budget Review Committee meeting minutes (QQQQ) | |
| GG | ID | 8/26/21 | Excerpt of Public Minutes of Board of Assessors Meeting minutes – Ortolano public comment (TTTT) | C word minutes -Irrelevant to arrest and damages. 2-14-25 Court Order does not depend on a plaintiff's ability or inability to participate in government afterward. (Retaliatory Arrest based on what gov't did, not whether speech was chilled.) |
| HH | ID | 8/26/21 | Board of Assessors Meeting – video of Ortolano public comment (UUUU) | C-word in video format (GG Minutes) Irrelevant to arrest and damages. 2-14-25 Court Order does not depend on a plaintiff's ability or inability to participate in government afterward. (Retaliatory Arrest based on what gov't did, not whether speech was chilled.) |
| II | ID | 8/30/21 | Email from Ortolano to Board of Aldermen, et al. re: The Mayor's sanctioned abuses of the Nashua Legal Office (VVVV) | Irrelevant to arrest and conditions for Trial 2-14-25 Court Order does not depend on a plaintiff's ability or inability to participate in government afterward. (Retaliatory Arrest based on what gov't did, not whether speech was chilled.) |

| JJ | ID | 8/31/21 | Ortolano post to goodgov.org re: Mayor Donchess' Sanctioned Abuses of the Nashua Legal Office (WWWW) | Cumulative – same as II – Irrelevant to arrest and conditions for Trial |
|---|---|---|---|---|
| KK | ID | 8/31/21 | Ortolano post to Granite Grok re: Our Board of Aldermen Have Become the Mayor's Posse (XXXX) | Ads not redacted. Irrelevant to arrest. 2-14-25 Court Order does not depend on a plaintiff's ability or inability to participate in government afterward. (Retaliatory Arrest based on what gov't did, not whether speech was chilled.) |
| LL | | 12/15/21 | Ortolano post Granite Grok re: Nashua's Thug Leadership (HHHHH) | |
| MM | | 01/16/22 | Ortolano post to Granite Grok re: Nashua City Attorney Steve Bolton is Unfit for Duty (IIIII) | |
| NN | ID | 1/22/21-4/1/22 | Chart of Right-to-Know Requests Filed by Ortolano (Q) | Cumulative, prejudicial only partial record, omit data from fall 2018 to 2021 which set the backdrop for the arrest. Chart covers RTK requests from 1/22/21 to 4/2022, post arrest |
| OO | ID | 7/18/22 | Plaintiff comments at Nashua Board of Alderman meeting (E) | Irrelevant to arrest – addresses new city clerk and records management. 2-14-25 Court Order does not depend on a plaintiff's ability or inability to participate in government afterward. (Retaliatory Arrest based on what gov't did, not whether speech was chilled.) |
| PP | ID | 7/20/22 | Plaintiff comments at Nashua Finance Committee meeting (F) | Irrelevant – Mayor initiated the C-word discussion from Plf comments in August 26, 2021. Cumulative and inflammatory. |
| QQ | ID | 8/27/22 | Plaintiff blog post "The Colossal Stupidity of the Nashua Legal Office" (B) | Irrelevant – Processing problems with RTK requests. Cumulative. 2-14-25 Court Order does not depend on a plaintiff's ability or inability to participate in government afterward. (Retaliatory Arrest based on what |

| | | | | gov't did, not whether speech was chilled.) |
|---|---|---|---|---|
| RR | | 11/28/22 | Plaintiff email to Nashua city officials (D) | |
| SS | ID | 3/4/24 | Plaintiff email to Nashua city officials titled "The Notable Moronic Response from the Nashua's Premier Attorney – Leonard" (J) | Irrelevant – 3 years past the arrest. 2-14-25 Court Order does not depend on a plaintiff's ability or inability to participate in government afterward. (Retaliatory Arrest based on what gov't did, not whether speech was chilled.) |
| TT | | 5/8/24 | Nashua police department photos (M) | |
| UU | | | Photos of City Hall (Photos 1-5 only) (P) | All pictures except #2 fail to depict physical conditions of property at time of arrest on January 22, 2021. |
| VV | ID | | Sketch of Legal Department (V) | Not an accurate representation of Legal office, no dimensions, author of drawing unknown. |
| WW | ID | | Megan Caron Compilation of Plaintiff's Board Attendance (LLLLL) | Cumulative – records cover 2018-2024 including attempted arrest. Covers 424 pages of materials. |

## Relevance / Temporal Scope

- **Irrelevant – post-incident conduct**
- **Outside relevant time frame**
- **Events occurring after arrest**
- **Lacks nexus to Jan. 22 / Feb. 18, 2021**
- **Post-arrest conduct not probative**

## Rule 401 / 402 (Relevance)

- **Not relevant to issues at trial**
- **No tendency to prove disputed fact**
- **Collateral to arrest incident**

## Rule 403 (Unfair Prejudice / Confusion)

- **Unfair prejudice outweighs probative value**
- **Risk of jury confusion**
- **Improper character evidence by volume**
- **Cumulative and inflammatory**

**Improper Summary / Compilation**

- **Improper demonstrative summary**
- **Advocacy exhibit, not evidence**
- **Selective and argumentative compilation**
- **Narrative created by defendants**

**Lack of Foundation / Support**

- **No foundation**
- **Underlying records not admitted**
- **Unsupported assertions**
- **Incomplete source documentation**

**Scope / Overbreadth**

- **Overbroad compilation**
- **Includes unrelated matters**
- **Sweeping timeline beyond pleadings**
- **Expands issues beyond claims**

Dated: January 19, 2026                                    Respectfully Submitted,

                                                            Plaintiff Laurie Ortolano.
                                                            By her Attorney,

                                                            */s/William Aivalikles*
                                                            William Aivalikles, Esq.
                                                            NH Bar #308
                                                            Law Office of William Aivalikles
                                                            253 Main Street
                                                            Nashua, NH 03060
                                                            (603)880-0303
                                                            william@nhtriallaw.com

**CERTIFICATE OF SERVICE**

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: January 19, 2026                                    */s/William Aivalikles*
                                                            William Aivalikles, Esq.-