UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| **Laurie Ortolano,** ) | |
| **Plaintiff** ) | |
| ) | |
| V. ) | Civil Action No. 22-cv-00326-LM |
| ) | |
| **Steven Bolton and Celia Leonard** ) | |
| **Defendants** ) | |

**PLAINTIFF'S OBJECTION REGARDING NOMINAL DAMAGES INSTRUCTION**

NOW COMES the Plaintiff and hereby requests that the jury instructions on nominal damages be withheld from consideration by the jury until and unless the jury finds that the Plaintiff suffered no actual damages. In support of this request, Plaintiff says:

**I.	Plaintiff Objects to a Nominal Damages Jury Instruction**

Plaintiff respectfully objects to the inclusion of a jury instruction on nominal damages. This case has not been tried as a "no-damages" case. Plaintiff has presented evidence of compensatory damages, such as the incurrence of criminal defense costs, Attorneys fees.

Under First Circuit law, a nominal damages instruction is not mandatory and is appropriate only where a plaintiff has failed to prove, or affirmatively disclaims, actual damages. Where, as here, the plaintiff seeks compensatory damages and has presented evidence in support of those damages, a nominal damages instruction risks confusing the jury and improperly signaling that the Court views the case as involving no actual injury.

**II.	Plaintiff May Elect Not to Submit Nominal Damages to the Jury**

The First Circuit has expressly recognized that a plaintiff may choose not to submit the issue of nominal damages to the jury as a strategic matter.

1

In *Azimi v. Jordan's Meats, Inc.*, the First Circuit noted without criticism that the plaintiff "chose not to submit the question of nominal damages to the jury," and held only that the plaintiff forfeited nominal damages by failing to make a timely request thereafter. *See Azimi v. Jordan's Meats, Inc.*, 456 F.3d 228, 231. The court did not hold that a nominal damages instruction was required in the first instance.

That framework is consistent with *Carey v. Piphus*, which establishes that nominal damages are available only in the absence of proof of actual injury, not that they must be charged to the jury in every § 1983 case. *See Carey v. Piphus*, 435 U.S. 247, 266 (1978).

Accordingly, Plaintiff's objection to a nominal damages instruction is fully consistent with governing law.

### III. <u>Plaintiff Expressly Reserves the Right to Seek Nominal Damages After the Verdict</u>

To avoid any possible waiver, Plaintiff expressly reserves the right to request nominal damages from the Court at the time the verdict is rendered, should the jury find a constitutional violation but decline to award compensatory damages.

This reservation is made in accordance with First Circuit precedent recognizing that:

1. Nominal damages are available where a constitutional violation is found but no actual damages are proven (*Carey*); and

2. A plaintiff who elects not to submit nominal damages to the jury must make a timely request to the Court in order to preserve that remedy (*Azimi*).

Plaintiff's objection to a nominal damages instruction is therefore not a waiver of nominal damages, but a strategic election consistent with First Circuit law, coupled with an express reservation of rights.

### IV.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that:

1. No nominal damages instruction be given to the jury; and

2. The record reflect Plaintiff's express reservation of the right to seek nominal damages post-verdict, in accordance with First Circuit law.

**Dated: January 21, 2026**                        Respectfully Submitted,

                                                                           Plaintiff Laurie Ortolano.
                                                                           By her Attorney,


                                                                           */s/William Aivalikles*
                                                                           William Aivalikles, Esq.
                                                                           NH Bar #308
                                                                           Law Office of William Aivalikles
                                                                           253 Main Street
                                                                           Nashua, NH 03060
                                                                           (603) 880-0303
                                                                           william@nhtriallaw.com


### CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:  January 21, 2026                                      */s/William Aivalikles*
                                                                           William Aivalikles, Esq.