## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,** | ) |
| **Plaintiff** | ) |
| | ) |
| **V.** | )   **Civil Action No. 22-cv-00326-LM** |
| | ) |
| | ) |
| **Steven Bolton and Celia Leonard** | ) |
| **Defendants** | ) |
| | ) |

## PLAINTIFF'S OBJECTION TO DEFENDANTS
## QUALIFIED IMMUNITY JURY INSTRUCTION

Plaintiff respectfully objects to Defendants' Proposed Jury Instruction No. 10 on qualified immunity. As drafted, the instruction misstates controlling Supreme Court and First Circuit law, improperly assigns questions of law to the jury, conflates objective and subjective standards, and risks substantial juror confusion.

1. **Qualified Immunity Is a Question of Law Reserved to the Court**

It is well settled that qualified immunity is a question of law for the Court, not the jury. While a jury may resolve disputed historical facts relevant to the immunity analysis, the ultimate determination of whether qualified immunity applies – including whether the right at issue was clearly established – is reserved to the Court.

Supreme Court and First Circuit precedent are unequivocal on this point. See, e.g., *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial" [emphasis in original]); *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) ("Immunity ordinarily should be decided by the court long before trial"); *Pearson v. Callahan*,

555 U.S. 223, 231-32 (2009); *St. Hilaire v. City of Laconia*, 71 F.3d 20, 24 (1st Cir. 1995)[1]; *Iacobucci v. Boulter*, 193 F.3d 14, 23 (1st Cir. 1999).

Instruction No. 10 improperly asks the jury to decide whether Defendants are "entitled to qualified immunity" and directs the jury to return a verdict for Defendants if it so finds. That formulation assigns the jury a pure legal determination, contrary to binding authority.

2. **The Instruction Improperly Asks the Jury to Determine Whether the Law Was "Clearly Established"**

Instruction No. 10 instructs the jury to determine whether Defendants "knew or should have known" that their conduct violated federal law and whether a "competent public official could not have been expected" to know the conduct was unlawful.

This framing improperly requires the jury to decide whether the law was clearly established, which is a legal inquiry requiring analysis of precedent, not a factual question. Jurors are not equipped – or permitted – to determine the state of constitutional law at the time of the conduct.

The Supreme Court has repeatedly emphasized that the qualified-immunity inquiry is objective and turns on legal clarity, not on a defendant's subjective understanding. See *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

3. **The Instruction Improperly Conflates Objective Legal Standards With Subjective Knowledge**

Qualified immunity does not turn on whether a defendant actually knew the law or acted in subjective good faith. Yet Instruction No. 10 repeatedly emphasizes what Defendants "knew or

---

[1] "The ultimate question of whether a reasonable police officer, on the basis of information known to him, could have believed his actions were in accord with constitutional rights is a question of law, subject to resolution by the judge not the jury. **But if there is a factual dispute, that factual dispute must be resolved by a fact finder**. *St. Hilaire v. City of Laconia*, 71 F.3d 20, 24 n.1 (1st Cir. 1995) (internal quotations omitted, emphasis supplied).

should have known," inviting the jury to decide immunity based on perceived culpability rather than objective legal standards.

This conflation is legally incorrect and risks transforming qualified immunity into a subjective intent inquiry, which the Supreme Court has expressly rejected.

**4.    The Instruction Is Especially Improper Given the Nature of the Claim**

This case involves a First Amendment retaliatory arrest claim, where the relevant clearly established law derives from Supreme Court precedent governing retaliation, causation, and the *Nieves/Gonzalez* framework. Whether that law was clearly established at the relevant time is a legal question that cannot be delegated to the jury without risking inconsistent verdicts and undermining the very purpose of qualified immunity.

**5.    Defendants' Reliance on Swain v. Spinney Is Misplaced**

Defendants cite *Swain v. Spinney*, 117 F.3d 1 (1st Cir. 1997), but that case does not authorize submitting qualified immunity wholesale to the jury. *Swain* permits juries to resolve predicate factual disputes through special interrogatories, after which the Court determines immunity as a matter of law. It does not support a general verdict instruction asking the jury to decide immunity itself.

**6.    Requested Relief**

Plaintiff respectfully requests that the Court:

1.  Decline to give Instruction No. 10 as drafted; and

2.  If the Court determines that factual disputes relevant to qualified immunity remain, submit those disputes to the jury only through carefully framed special interrogatories, with the ultimate qualified-immunity determination reserved to the Court.

**Dated: January 21, 2026**                    Respectfully Submitted,

                                               Plaintiff Laurie Ortolano.
                                               By her Attorney,

                                               */s/William Aivalikles*
                                               William Aivalikles, Esq.
                                               NH Bar #308
                                               Law Office of William Aivalikles
                                               253 Main Street
                                               Nashua, NH 03060
                                               (603) 880-0303
                                               william@nhtriallaw.com

## **CERTIFICATE OF SERVICE**

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

**Dated:** **January 21, 2026**                    */s/William Aivalikles*
                                               William Aivalikles, Esq.