UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-00326-LM |
| ) | |
| **The City of Nashua,** *et al.*, ) | |
| **Defendants.** ) | |
| ) | |

### DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4

Defendants Steven A. Bolton and Celia K. Leonard respectfully submit this reply to Plaintiff's objection to Defendants' Proposed Jury Instruction No. 4, as follows:

1. As an initial matter, Defendants note that Defendants' proposed jury instructions were filed on March 20, 2025. Plaintiff submitted her objections to such proposed instructions on April 7, 2025.

2. In Plaintiff's most recent objection to Defendants' proposed jury instruction No. 4, Plaintiff claims that Defendants' proposed instruction "improperly heightens Plaintiff's burden of proof, and would exclude relevant objective evidence that the Supreme Court has expressly held is admissible to satisfy the *Nieves* exception."

3. In support of her position, Plaintiff cites *Gonzalez v. Trevino*, 602 U.S. 653 (2024), the facts of which are distinguishable from the present case.

4. In *Gonzalez*, the question of whether the individuals who initiated the arrest knew about the comparator conduct was not at issue. A look at the background information provided in the Petition for a Writ of Certiorari in *Gonzalez* is helpful to understand the context of the claims

there, which appear to revolve largely around the actual investigation conducted by the arresting authority. For example:

> The 'investigation' of a briefly misplaced document lasted almost two months. *Id*. at 112a, 118a. At first, it was a rank-and-file police officer who was tasked by the mayor and police chief (respondent Siemens) to investigate Gonzalez. *Id*. at 113a. Three weeks into the unfruitful investigation, the police chief deputized an attorney and his friend (respondent Wright) to take over as a "special detective." *Ibid*.

Petition for Writ of Certiorari at 7, *Gonazalez v. Trevino*, 602 U.S. 653 (2024) (No. 22-1025), available here:
https://www.supremecourt.gov/DocketPDF/22/22-1025/264005/20230420105239077_Petition%20for%20a%20Writ%20of%20Certiorari.pdf

5. In the present case, there are no members of the Nashua Police Department that remain as defendants. There are no allegations that the investigation by the Nashua Police Department after the Plaintiff's conduct was reported to the police was retaliatory. Rather, Plaintiff alleges that Defendants caused her alleged retaliatory arrest by the Nashua Police Department.

6. The only defendants remaining in the present case are the individuals who reported the crime, and asked that it be investigated. The Defendants are neither the arresting body nor the investigating body – they are the reporters of the incident. Indeed, this Court seemed to recognize as much in granting the City's Motion for Summary Judgment, observing that:

> there is no evidence [Attorney Bolton] has final policymaking authority with respect to the manner in which the City exercises arresting or prosecutorial discretion. And there is no evidence that Attorney Leonard has final policymaking authority with respect to any segment of the City's activities.

*See* Order, March 14, 2025 (docket Order).

7. In contrast, in *Gonzalez*, the investigation itself is alleged to be retaliatory, and the plaintiff there named the Police Chief (who would have known what others had been arrested for in the past) as one of the defendants.

8.      This point is made plain in Justice Alito's concurrence in *Gonzalez,* where he explains that "the *Nieves* exception is most easily satisfied by strong affirmative evidence that the *defendant* let other individuals off the hook for comparable behavior." *Gonzales*, 602 U.S. at 668 (Alito, J., concurring) (emphasis added). This echoes the language of *Nieves*: which recognized the "narrow exception" to the probable cause requirement to avert the "risk that some police officers may exploit the arrest power as a means of suppressing speech." *Nieves v. Bartlett*, 587 U.S. 391, 406 (2019) (quoiting *Lozman v. Riviera Beach*, 585 U.S. 57, 99 (2018)).

9.      Defendants have never, and completely lack the authority to, "let other individuals off the hook" for instances of criminal trespass in Nashua, as this Court has (at least) implicitly recognized. Defendants do not investigate instances of criminal trespass in Nashua, nor do they make discretionary decisions of when to arrest, or to not arrest, individuals for criminal trespass.

10.     Defendants continue to deny that their conduct impacted the Nashua Police Department's decision to arrest the Plaintiff for criminal trespass, as Defendants have no authority over the Nashua Police Department. However, if the jury determines otherwise, then Defendants' lack of knowledge of the comparator evidence necessarily bars liability under *Nieves*, because Defendants had no knowledge of whether the Nashua Police Department let others "off the hook" for comparable conduct.[1]

11.     The Defendants cannot be liable for the Nashua Police Department's discretionary decision to arrest Plaintiff for criminal trespass because Defendants have no knowledge of the Nashua Police Department's past practice with respect to criminal trespass incidents. The Defendants' report of Plaintiff's conduct to the police and their request to have it investigated

---

[1] Importantly, Defendants reiterate their position that the so-called comparator evidence submitted by Plaintiff is not actually comparable to the facts that resulted in Plaintiff's arrest.

does not equate to the actual decision by the Nashua Police Department (who is the body who would know whether Nashua typically arrests people for criminal trespass in certain situations) to arrest Plaintiff.

12.     Accordingly, the jury should be instructed that, if they find that Defendants influenced the Nashua Police Department's decision to arrest Plaintiff, they should only apply the *Nieves* exception if Attorneys Bolton and Leonard – the only remaining Defendants in this case – had knowledge of prior comparable criminal trespass instances and Nashua's general practice of responding to those instances, and that they treated Plaintiff differently despite that knowledge as a result of Plaintiff's First Amendment activities.

Respectfully submitted,

**Steven A. Bolton,**

By his Counsel,

**UPTON & HATFIELD, LLP,**

Date:  January 26, 2026

/s/ Russell F. Hilliard
Russell F. Hilliard; NHBA #1159
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

Brooke Lovett Shilo; NHBA #20794
Madeline K. Matulis; NHBA #276135
10 Centre Street; PO Box 1090
Concord, NH 03302-1090
(603) 224-7791
bshilo@uptonhatfield.com
mmatulis@uptonhatfield.com

and

|  |  |
|---|---|
|  | **Celia K. Leonard** |
|  | By her attorneys |
|  | **CULLEN COLLIMORE SHIRLEY, PLLC,** |
| Dated: January 26, 2026 | /s/ Brian J.S. Cullen |
|  | Brian J.S. Cullen (Bar No. 11265) |
|  | 37 Technology Way, Suite 3W2 |
|  | Nashua, NH  03060 |
|  | (603) 881-5500 |
|  | bcullen@cullencollimore.com |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was forwarded on this day to all counsel of record through the Court's E-filing system.

/s/ Russell F. Hilliard
Russell F. Hilliard