UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,** ) | |
| Plaintiff ) | |
| ) | |
| V. ) | Civil Action No. 22-cv-00326-LM |
| ) | |
| **Steven Bolton and Celia Leonard** ) | |
| Defendants ) | |
| ) | |

**PLAINTIFF'S MOTION TO PRECLUDE DEFENDANTS FROM CONTESTING "COLOR OF LAW" BASED ON JUDICIAL ESTOPPEL AND THE PLEADINGS**

NOW COMES the Plaintiff and hereby MOVES for this Court to preclude the Defendants from contesting whether they acted under "color of law," or whether they were state actors, when engaged in the conduct alleged by the Plaintiff. Plaintiff respectfully requests that this Court judicially estop the Defendants from claiming they did not act under "color of law" or as state actors. Plaintiff further requests that the jury instructions be tailored accordingly. As grounds for this Motion, Plaintiff states:

I. **INTRODUCTION**

Defendants Steven Bolton and Celia Leonard now contend – on the eve of trial – that Plaintiff must prove they acted "under color of law." That contention is foreclosed by Defendants' sworn pleadings, the undisputed record, and binding precedent. Because Defendants have consistently admitted and litigated this case on the premise that they were acting as attorneys for the City of Nashua, they are judicially estopped from asserting the contrary position now.

1

II. **ARGUMENT**

A. **Governing Standard: Judicial Estoppel**

Judicial estoppel is an equitable doctrine invoked at the Court's discretion to protect the integrity of the judicial process by prohibiting parties from asserting inconsistent positions in the same or related litigation. Courts in both the First Circuit and New Hampshire apply judicial estoppel when three factors are satisfied:

1. The party's later position is clearly inconsistent with its earlier position;
2. The party succeeded in persuading a court to accept the earlier position; and,
3. The party would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*See Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 33–34 (1st Cir. 2004); *Alward v. Johnston*, 171 N.H. 574, 579–80 (2018). There is "no mechanical test for determining its applicability", but the above factors help guide the Court's equitable discretion, with the overarching purpose of preventing abuse of the judicial process and protecting the integrity of the courts. *Alternative Sys. Concepts*, 374 F.3d at 33. The doctrine is not intended to punish inadvertent error or evolving legal theories, but to prevent parties from "playing fast and loose with the courts" by deliberately changing positions to suit the exigencies of the moment. *Id*.

Each of these factors are satisfied here. Defendants affirmatively represented – both in sworn pleadings and throughout motion practice – that they were acting in their official capacities as counsel for the City of Nashua. Having litigated this case to the brink of trial on that basis, they may not now reverse course and deny action under color of law.

B. **Fairness Requires that Defendants be Judicially Estopped from Denying They Acted Under Color of Law**

Defendants expressly admitted in their Answer that, at all relevant times, they were Corporation Counsel and Deputy Corporation Counsel for the City of Nashua. *See* ¶¶ 7-8 of Defendants' Answer to Complaint. The City of Nashua – the employer of both Defendants – likewise admitted that Defendants acted in those official capacities. *See* ¶¶ 7-8 of City of Nashua's Answer to Complaint. Defendants litigated the entirety of this matter, including motions to dismiss and summary judgment, without ever disputing state action. Having succeeded in persuading the Court to adjudicate the case on that basis, Defendants may not now reverse course. See *Alternative Sys. Concepts*, 374 F.3d at 33–34; *Alward*, 171 N.H. at 584.

Permitting this reversal would work an unfair prejudice on Plaintiff and undermine the integrity of the judicial process.

C. **The Undisputed Record Independently Establishes Color of Law as a Matter of Law**

Even absent estoppel, the record conclusively establishes state action:

a. Police incident logs state that the investigation was reopened at the request of City Hall through the Legal Department;

b. Officers documented communications with Attorney Leonard acting in her official capacity;

c. Union Leader story contemporaneous with the incident identifies Defendant Leonard as Deputy Corporation Counsel speaking on behalf of the City and stating "**My office** will be speaking with police further" (emphasis added);

d. Former Chief Carignan stated in his deposition that the City contacted him requesting "a meeting **with the legal department and Mr. Bolton**" (emphasis added). Former Chief Carignan further testified that Defendant Bolton was present at the meeting; did

3

most, if not all of the speaking for the legal department at the meeting; and expressed "concern for his staff, meaning other attorneys and the paralegals in the department." At this meeting, Chief Carignan had the impression that Defendant Bolton "asked me to – I guess he told me to arrest her."

Under *West v. Atkins*, Defendants' conduct constitutes action under color of law as state actors as a matter of law. 487 U.S. at 49–50.

### D. The Jury Should Not Be Instructed on "Color of Law" and State Actor as a Disputed Element

Because color of law is either judicially admitted or conclusively established, submitting it to the jury would invite confusion and reversible error. The Court should either:

a. Remove "color of law" and state actors from the jury instructions entirely; or

b. Instruct the jury that Defendants acted under color of law as state actors as a matter of law.

### III. CONCLUSION

Plaintiff respectfully requests that the Court:

1. Preclude Defendants from contesting that they acted under color of law as state actors;

2. Deem the color-of-law element established as a matter of law; and

3. Tailor the jury instructions accordingly.

**Dated: January 27, 2026**                                    Respectfully Submitted,

Plaintiff Laurie Ortolano.
By her Attorney,

*/s/William Aivalikles*
William Aivalikles, Esq.
NH Bar #308
Law Office of William Aivalikles

4

                                               253 Main Street
                                               Nashua, NH 03060
                                               (603) 880-0303
                                               william@nhtriallaw.com

## **CERTIFICATE OF SERVICE**

      I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

**Dated: January 27, 2026**                                    */s/William Aivalikles*
                                                                           William Aivalikles, Esq.