## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW HAMPSHIRE

—————————————————————————

| | |
|---|---|
| Laurie Ortolano, | ) |
| **Plaintiff** | ) |
| | ) |
| V. | ) **Civil Action No. 22-cv-00326-LM** |
| | ) |
| Steven Bolton and Celia Leonard | ) |
| **Defendants** | ) |

—————————————————————————

### PLAINTIFF'S MOTION FOR RECONSIDERATION
(Re: Order Denying Motion to Preclude Defendants from Contesting Action Under Color of Law)

Plaintiff respectfully moves for reconsideration of the Court's order denying her motion to preclude Defendants from contesting that they acted under color of law. Reconsideration is warranted because the Court's order addressed only the doctrine of judicial estoppel and did not consider the independent and controlling doctrine of judicial admissions, nor did it address binding admissions in the pleadings by both the City of Nashua and the individual Defendants that conclusively establish the "color of law" element as a matter of law.

This motion does not seek to relitigate judicial estoppel. Rather, it asks the Court to consider overlooked controlling law and material facts already in the record. Where a fact has been judicially admitted in pleadings, it is conclusively established, withdrawn from dispute, and may not be contradicted at trial. Requiring a jury to decide an admitted fact constitutes legal error and risks reversible confusion.

### I.   STANDARD FOR RECONSIDERATION

Reconsideration is appropriate where the Court has overlooked controlling law or material facts, or where reconsideration is necessary to prevent manifest injustice. This motion is properly grounded in that standard. Plaintiff does not advance a new theory; she asks the Court

1

to apply settled First Circuit law governing judicial admissions to facts expressly relied upon in the original motion.

Although Plaintiff's original motion was styled in part as invoking judicial estoppel, it expressly relied on the admissions in the pleadings. Plaintiff cited Defendants' admissions regarding their official roles and the City's admissions regarding Defendants' status and conduct, and argued that "color of law is either judicially admitted or conclusively established" and should not be submitted to the jury.

The doctrine of judicial admissions is analytically distinct from judicial estoppel, but it was fairly presented to the Court through the pleadings-based arguments advanced. This motion therefore seeks clarification and correction, not to introduce a new issue.

## II.    <u>ARGUMENT</u>

### A.   <u>Judicial Admissions Are Binding and Distinct From Judicial Estoppel</u>

It is black-letter First Circuit law that: "A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." *Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co.*, 976 F.2d 58, 61 (1st Cir. 1992). Judicial admissions are conclusive, not merely evidentiary. They remove facts from dispute and may not be contradicted at trial unless formally withdrawn or amended. *Id.*; *Meschino v. N. Am. Drager, Inc.*, 841 F.2d 429, 434–36 (1st Cir. 1988).

Critically, judicial admissions: a) do not require proof of reliance; b) do not require unfair advantage; c) do not turn on equitable considerations; and, d) apply regardless of whether judicial estoppel is available.

Accordingly, even where judicial estoppel does not apply, judicial admissions independently control.

**B.** **The City Of Nashua Has Judicially Admitted That Defendants Acted Under Color of Law**

The City of Nashua, the employer of Attorneys Bolton and Leonard, made an unequivocal judicial admission that directly resolves the element at issue. In its Answer, responding to Count One, the City stated: "Defendant admits that the individual Defendants were state actors and acting under the color of state law at all relevant times." *See* Answer of Defendant City of Nashua ¶ 142. Defendants Bolton and Leonard refused to answer the allegations in para. 142 of the Complaint, stating "Paragraph 142 is a statement of law to which no response is required."

This admission is unqualified, categorical, and directed precisely to the "color of law" element. Under *Schott Motorcycle* and *Meschino*, this admission conclusively establishes the fact as a matter of law and removes it from jury consideration. The Court's order denying Plaintiff's motion did not address this admission or the doctrine governing its effect. Reconsideration is therefore warranted to prevent the jury from being asked to decide a fact already conceded by the municipal defendant itself.

**C.** **Defendants Themselves Have Admitted They Acted in Their Official Capacities**

Independently and consistently, Defendants Leonard and Bolton admitted in their own Answer that, at all relevant times, they were acting as Corporation Counsel and Deputy Corporation Counsel for the City of Nashua. *See* Defendants' Answer ¶¶ 7–8.

These are factual admissions, not legal conclusions. They align squarely with the City's admission in paragraph 142 and further confirm that Defendants' conduct occurred in their official capacities. Under First Circuit law, Defendants are bound by these admissions throughout the litigation.

**D.  The Defendants Should be Precluded from Contesting Admitted Facts**

The Court's order stated that it perceived no unfairness in requiring Plaintiff to prove a necessary element of her case. Respectfully, that principle does not apply where the element has been judicially admitted.

As the First Circuit has explained, it is error to submit an admitted fact to the jury. *Meschino*, 841 F.2d at 435–36. Judicial admissions are not evidence to be weighed; they are conclusive concessions that withdraw the fact from dispute. Accordingly, Plaintiff is not asking to be relieved of her burden of proof. She is asking the Court to give binding effect to admissions already made in the pleadings.

**E.  Defendants' Assertion of Qualified Immunity Precludes Them from Denying Action Under Color of Law**

Defendants have affirmatively asserted qualified immunity as an affirmative defense. That assertion is legally significant. Qualified immunity is a doctrine available only to government officials performing discretionary functions under color of state law. It has no application to purely private conduct.

The First Circuit has repeatedly described qualified immunity as a protection afforded to government or public officials acting in an official capacity. See, e.g., *Stamps v. Town of Framingham*, 813 F.3d 27, 33 (1st Cir. 2016) ("The doctrine of qualified immunity shields officials from civil liability.") *Camilo-Robles v. Zapata*, 175 F.3d 41, 43 (1st Cir. 1999) (qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law").

Consistent with this framework, the threshold inquiry in any § 1983 case is whether the defendant acted under color of law. Immunity doctrines are analytically downstream of that inquiry and presuppose state action. As the Fifth Circuit explained in *Blankenship v. Buenger*, §

4

1983 "provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law," and "mere private conduct, no matter how wrongful, is excluded from § 1983's reach." 653 F. App'x 330, 334–35 (5th Cir. 2016). While *Blankenship* correctly recognizes that state action is ultimately a legal determination for the Court, it also underscores that immunity doctrines apply only once state action exists.

Accordingly, Defendants may not coherently maintain that they were private actors not acting under color of law, while simultaneously invoking qualified immunity reserved exclusively for government officials. A defendant who was not acting under color of law would have no entitlement to assert qualified immunity in the first place.

This argument does not require the Court to treat Defendants' assertion of qualified immunity as a conclusive judicial admission on the ultimate legal question of state action. Rather, it reflects the fundamental principle – recognized by the First Circuit – that parties may not advance internally inconsistent positions that would mislead the jury or distort the governing legal framework. At a minimum, Defendants' invocation of qualified immunity constitutes a representation that they were performing governmental functions in an official capacity, and they should therefore be precluded from arguing to the jury that they were merely private actors.

For these additional reasons, reconsideration is warranted to prevent Defendants from contesting the "color of law" element at trial, or, at minimum, to preclude Defendants from advancing inconsistent theories before the jury.

### F. Municipal Indemnification Further Confirms Action Under Color of Law

In addition, upon information and belief, the City of Nashua is funding Defendants' legal defense. As of approximately February 2024, the City has paid approximately $133,000 in Defendants' attorneys' fees.

While indemnification alone may not always be dispositive, it is powerful corroborative evidence that Defendants were acting within the scope of their official duties. It is fundamentally inconsistent for Defendants to accept a publicly funded defense as municipal officials while simultaneously arguing that they acted as private citizens outside color of law.

## III.   <u>CONCLUSION</u>

This motion does not ask the Court to expand judicial estoppel or revisit equitable considerations already decided. It asks only that the Court apply settled First Circuit law to binding admissions already in the record. Requiring a jury to decide an admitted fact would risk confusion and reversible error. Reconsideration is therefore warranted.

## IV.   <u>RELIEF REQUESTED</u>

Plaintiff respectfully requests that the Court:

1.  Reconsider its prior order in light of the controlling doctrine of judicial admissions;

2.  Hold that, based on the pleadings, Defendants acted under color of law as a matter of law;

3.  Preclude Defendants from arguing otherwise at trial; and

4.  Tailor the jury instructions accordingly to remove "color of law" as a disputed element.

In the alternative, Plaintiff requests clarification that the "color of law" element is established as a matter of law based on the admissions in the pleadings.

**Dated: January 30, 2026**                     Respectfully Submitted,

                                                Plaintiff Laurie Ortolano.
                                                By her Attorney,

                                                */s/William Aivalikles*
                                                William Aivalikles, Esq.
                                                NH Bar #308
                                                Law Office of William Aivalikles
                                                253 Main Street

Nashua, NH 03060
(603) 880-0303
william@nhtriallaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system to all counsel

of record on the date indicated below.

**Dated: January 30, 2026**                    */s/William Aivalikles*
                                               William Aivalikles, Esq.