# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-00326-LM |
| ) | |
| **Steven A. Bolton, et. al.** ) | |
| **Defendants.** ) | |
| ) | |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO RECONSIDER ORDER DENYING PLAINTIFF'S MOTON TO PRECLUDE DEFENDANTS FROM CONTESTING "COLOR OF LAW"

Defendants Steven A. Bolton and Celia K. Leonard respectfully submit this Objection to Plaintiff's Motion to Reconsider this Court's Order denying her late-filed "Motion to Preclude Defendants from Contesting 'Color of Law' Based on Judicial Estoppel and the Pleadings." [Doc. Nos. 221, Order of Jan. 30, 2026, and Doc. No 224]. As set forth in more detail below, Plaintiff's underlying Motion was little more than an untimely motion for partial summary judgment. As such, the Court had no obligation to address the Motion. In any event, the Court accurately concluded that the late-filed motion lacked either a factual or legal foundation and should be denied.

**I.    PLAINTIFF'S MOTION WAS UNTIMELY.**

Without citation to any rule, Plaintiff asks the Court to preclude evidence of a central element of her claim. Had Plaintiff wanted the Court to enter judgment in her favor on an element of her claim she could – and should – have done so through a Motion for Summary Judgment. *See* Fed. R. Civ. P. 56 (a) (party may move for summary judgment on each claim or defense "**or part of each claim or defense**") (emphasis added). Had she done so, of course, she would have had to supply the Court with a factual basis – supported by admissible evidence – for her claim, and Defendants would have had thirty days – not three – to respond in kind. The time for such a motion

has long since passed and the Court was not required to allow Plaintiff to circumvent the summary judgment rules or deadlines by dressing the motion up as an (also late-filed) motion in limine.

## II.     PLAINTIFF'S MOTION WAS UNFOUNDED.

Having reviewed the Motion, the Court correctly denied it.

### A. <u>Defendants are not Estopped from Holding Plaintiff to her Burden of Proof</u>

Plaintiff initially claims surprise at having to establish that Defendants acted "under color of law," characterizing it as an "eve of trial" announcement. This claim is unfounded. Plaintiff at all times has had the burden of proof on all elements of her claim, which includes that she must establish that Defendants acted "under the color of law." *See Rodriguez-Cirilo v. Garcia*, 115 F.3d 50, 52 (1st Cir. 1997) ("The essential elements of a claim under section 1983 are: first, that the defendants acted under color of state law; and second, that the defendants' conduct worked a denial of rights secured by the Constitution or by federal law."). While the color of law element is frequently conceded, it is not always so, nor are Defendants compelled to do so. *See, e.g.*, *Martinez v. Colon*, 54 F.3d 980, 986 (1st Cir.1995) (addressing challenge to color of law with respect to police action).

While Plaintiff baldly asserted that Defendants "affirmatively represented . . . that they were acting in their official capacities as counsel for the City of Nashua," Motion at p.2, Plaintiff provided no citation for her claim. On the Motion to Reconsider, she cites the <u>City's</u> Answer to the Complaint, conflating (again) the parties in the case. Defendants made no such statement *See* Complaint ¶142 and compare Defendants' Answer (contesting assertion) with Answer of Frank Lombardi [Doc No 24] (affirmatively stating he acted under color of law). Moreover, Plaintiff's new claim in the Motion to Reconsider – that Defendants admitted that "at all relevant times, they were acting as Corporation Counsel and Deputy Corporation Counsel," Motion at p.3 (citing Complaint ¶¶7-8), is simply incorrect. Defendants admitted that they held those positions. The

2

allegations at ¶¶7-8 of the Complaint did not assert that they <u>acted</u> in that capacity at all relevant times.

Plaintiff never sought a stipulation or admission on whether Defendants acted under color of law. That Plaintiff apparently only recognized that the issue was contested when the Court, *sue sponte*, asked the parties at the most recent "Final" Pretrial Conference (January 20, 2026) whether the Defendants were contesting the issue is not a basis of judicial estoppel.

**B. The Facts do not Support a Finding on that Defendants Acted Under Color of Law.**

Plaintiff alternatively asserted that "the records conclusively establish state action." Motion at p.3. Again, Plaintiff provided the Court with sparse facts and no legal support for this argument, citing primarily third-party comments that identify Defendants as legal counsel. Defendants do not deny that at all times they held governmental positions as legal counsel to the City. Their employment, however, is not determinative of whether they acted "under color of law." Rather, whether a defendant – even a governmental employee – is acting under color of law "turns on the nature and circumstances of the [defendant's] conduct and the relationship of that conduct to the performance of his official duties." *Martinez*, 54 F.3d at 986. "Such an evaluation requires an assessment of the totality of the surrounding circumstances." *Pike v. Budd*, 133 F.4th 74 (1st Cir. 2025) (citing *Martinez*, 54 F.3d at 987).

Here, it is undisputed that Defendants had no supervisory control over the Police Department. In approaching the police to seek an investigation, Attorney Bolton was simply advocating for his staff – who considered themselves <u>victims</u> of Plaintiff's office invasion. Indeed, the parties addressed that position nearly a year ago, with Plaintiff seeking (unsuccessfully) to preclude Defendants from so labeling themselves. *See* Doc. No 169 (Motion) and Doc. No. 182 (omnibus Order addressing same). *Martinez* itself is instructive. There, the court concluded that

an officer was not acting under color of law when he shot the plaintiff, despite being on duty at the time. Thus, it is apparent that merely being a governmental employee – even if "on the clock" – does not convert all a person's actions into state action.

Rather, Plaintiff must show that Defendants "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Here, the facts are that Defendants neither had nor exercised any such power. They – at most – simply petitioned the local police to open an investigation just as any citizen may do. Indeed, it will not be lost on the Court that Plaintiff herself did the very same thing, successfully petitioning the Nashua Police to open an investigation into the City's Assessing Department and its employees. *See* Complaint ¶¶60-65. At minimum, however, the jury must be permitted to hear evidence and determine whether, on the "totality of the surrounding circumstances," Defendants were acting under the color of law and should be instructed accordingly.

Finally, Plaintiff in her Motion to Reconsider raises for the first time that Defendants have raised a Qualified Immunity defense. While Defendants contest that they were acting under the color of law, should the jury so find then Defendants would be entitled to assert the defense. Raising an affirmative defense is not a judicial admission. In any case, having not raised this (or the indemnification issue – equally unfounded) in the underlying Motion, Plaintiff cannot now claim it as an error of the Court.

## **CONCLUSION**

Defendants do not, of course, dispute that they held positions as employees of the City. That, however, is not dispositive of the question of whether they acted under the color of law when

4

the police were requested to investigate Plaintiff's actions.  As such. Plaintiff's Motion should be denied.

        Respectfully submitted,

        **Steven A. Bolton,**

         By his Counsel,

        **UPTON & HATFIELD, LLP,**

Date:  January 31, 2026        /s/ Russell F. Hilliard
        Russell F. Hilliard; NHBA #1159
        159 Middle Street
        Portsmouth, NH 03801
        (603) 436-7046
        rhilliard@uptonhatfield.com

        Brooke Lovett Shilo; NHBA #20794
        Madeline K. Matulis; NHBA #276135
        10 Centre Street; PO Box 1090
        Concord, NH 03302-1090
        (603) 224-7791
        bshilo@uptonhatfield.com
        mmatulis@uptonhatfield.com

        and

        **Celia K. Leonard**

        By her attorneys

        **CULLEN COLLIMORE SHIRLEY, PLLC,**

Dated:  January 31, 2026        /s/ Brian J.S. Cullen
        Brian J.S. Cullen (Bar No. 11265)
        37 Technology Way, Suite 3W2
        Nashua, NH  03060
        (603) 881-5500
        bcullen@cullencollimore.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was forwarded on this day to all counsel of record through the Court's E-filing system.


Dated:  January 31, 2026                /s/ Brian J.S. Cullen
                                                 Brian J.S. Cullen (Bar No. 11265)