UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Laurie Ortolano, )<br>                   **Plaintiff** )<br>)<br>V.                              )<br>)<br>)<br>Steven Bolton and Celia Leonard )<br>                  **Defendants** )<br>) | Civil Action No. 22-cv-00326-LM |

**PROPOSED JURY INSTRUCTION ON ACTION "UNDER COLOR OF LAW"**

1. To prevail on her claim under 42 U.S.C. § 1983, the Plaintiff must prove that the Defendant acted under color of state law.

2. A person acts under color of state law when he or she uses, misuses, or invokes power or influence that he or she possesses because of his or her position with a state or local government.

3. Action under color of law includes the misuse or abuse of authority granted by a governmental position. Conduct may be under color of state law even if it was unauthorized, improper, or violated official policy.

4. A government official acts under color of state law when acting in their official capacity or when their conduct is related in any meaningful way to their governmental responsibilities.

5. A defendant cannot avoid acting under color of state law simply by stating that he or she acted as a private citizen. The jury must look to the reality of the situation and determine whether the defendant's conduct was made possible by their governmental position.

6. A person also acts under color of state law if he or she is a willful participant in joint action with police or other state officials. Joint action may include directing, requesting, encouraging, or influencing official action when that involvement is connected to or made possible by the defendant's governmental role.

7. In deciding whether the Defendant acted under color of state law, you may consider whether:

    - the Defendant's position gave him or her access or influence not available to ordinary citizens,

    - police or other officials treated him or her as a government official,

    - his involvement arose from his or her governmental role, or

    - his governmental position gave weight or credibility to his or her statements.

8. If the Defendant used authority, access, or influence that flowed from their governmental position, you may find he or she acted under color of state law even if he or she also had personal motives.

9. A person does not act under color of state law when acting as a purely private individual and not invoking or relying on governmental authority.

10. The Plaintiff must prove this element by a preponderance of the evidence.

**Dated: February 03, 2026**               Respectfully Submitted,

                                           Plaintiff Laurie Ortolano.
                                           By her Attorney,

                                           */s/ William Aivalikles*
                                           William Aivalikles, Esq.
                                           NH Bar #308
                                           Law Office of William Aivalikles
                                           253 Main Street
                                           Nashua, NH 03060

(603)880-0303<br>
william@nhtriallaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via electronic filing upon counsel of record.

**Dated:** 02/03/2026                                                                 */s/William Aivalikles*
                                                                                                   William Aivalikles, Esq.