UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Laurie Ortolano,** ) | |
| Plaintiff ) | |
| ) | |
| V. ) | Civil Action No. 22-cv-00326-LM |
| ) | |
| ) | |
| **Steven Bolton and Celia Leonard** ) | |
| Defendants ) | |
| ) | |

### PLAINTIFF'S PROPOSED REVISIONS TO COURT'S MODEL JURY INSTRUCTIONS

NOW COMES the Plaintiff and submits her proposed revisions to the model jury instructions provided by this court. Only revised jury instructions are reproduced below, and added / changed language is indicated by ***bold and italicized text***.

1. **Multiple Defendants:**

Ms. Ortolano has brought one claim against Attorney Bolton, and one claim against Attorney Leonard. I will explain Ms. Ortolano's claims in a moment. Before I do so, however, it is important to remember that the claims against each defendant are separate. If you find that Ms. Ortolano has proven her claim against one of the defendants, it does not automatically mean that she has proven her separate claim against the other defendant. ***Likewise, if you find that Ms. Ortolano has not proven her claim against one defendant, that does not automatically mean she has failed to prove her claim against the other.*** Each defendant must be considered separately based on the evidence applicable to that defendant.

2. **First Element - Conduct Protected by the First Amendment:**

With respect to the first element, you are instructed that the following activities are protected by the First Amendment: expressing public criticism of government officials or employees; requesting access to public records; and bringing lawsuits against the government for access to public records.

*The parties do not dispute, and you must accept as established, that Ms. Ortolano engaged in activity protected by the First Amendment.*

3. **Second Element – Causation:**

To satisfy the second component, Ms. Ortolano must prove by a preponderance of the evidence that her arrest was a reasonably foreseeable consequence of the defendant's actions. *A defendant causes an arrest if the defendant's actions set in motion events that the defendant knew or reasonably should have known would lead to the arrest.*[1] Causation has two components. Ms. Ortolano must prove both components by a preponderance of the evidence. I will explain each of them to you separately.

4. **Fourth Element-Arrested in Circumstances Where Others Would Not Be Arrested:**

Ms. Ortolano must show that she is similarly situated to individuals who were not arrested for trespass. However, she need not show that other individuals who were not arrested trespassed in the exact same manner that she did. *Exact identity between Ms. Ortolano and the comparison individuals is not required.* She only needs to show that other people in similar

---

[1] We have explained that the causal connection alluded to by the statute "can be established not only by some kind of [] personal participation in the deprivation, **but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.**" *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 50 (1st Cir. 2009) (emphasis added).

circumstances were not arrested. It is up to you to determine whether Ms. Ortolano has proven she is similarly situated to persons who trespassed but were not arrested.

5. **Fifth Element – Under Color of State Law:**

The fifth element that Ms. Ortolano must prove by a preponderance of the evidence is that the defendant acted under color of state law. A government official or employee acts under color of state law when he or she acts or purports to act in furtherance of their official duties. *An official also acts under color of law when misusing authority or influence derived from their official position.* By contrast, when a government official or employee takes an action that has nothing to do with their position or official responsibilities, the official or employee has not acted under color of state law. The action must be of such a nature, and committed under such circumstances, that the person would not have acted if he or she was not a government official or employee.

**Dated: February 06, 2026**　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　Plaintiff Laurie Ortolano.
　　　　　　　　　　　　　　　　　　　　　　By her Attorney,

　　　　　　　　　　　　　　　　　　　　　　*/s/ William Aivalikles*
　　　　　　　　　　　　　　　　　　　　　　William Aivalikles, Esq.
　　　　　　　　　　　　　　　　　　　　　　NH Bar #308
　　　　　　　　　　　　　　　　　　　　　　Law Office of William Aivalikles
　　　　　　　　　　　　　　　　　　　　　　253 Main Street
　　　　　　　　　　　　　　　　　　　　　　Nashua, NH 03060
　　　　　　　　　　　　　　　　　　　　　　(603)880-0303
　　　　　　　　　　　　　　　　　　　　　　william@nhtriallaw.com

**CERTIFICATE OF SERVICE**

I certify that a copy of this filing was served via electronic filing / PACER upon counsel of record.

**Dated: 02/06/2026**　　　　　　　　　　　　*/s/William Aivalikles*
　　　　　　　　　　　　　　　　　　　　　　William Aivalikles, Esq