## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

Laurie Ortolano

    v.                                                    Civil No. 22-cv-326-LM

Steven Bolton and
Celia Leonard

## JURY INSTRUCTIONS

## INTRODUCTION

You have now heard all of the evidence in this case, and argument by the lawyers. It is my duty at this point in the trial to instruct you on the law that you must apply in reaching your verdict. It is your duty to follow and apply the law as I give it to you. But, you alone are the judges of the facts. Please do not consider any statement that I have made in the course of trial, or make in these instructions, as any indication that I have any opinion about the facts of this case, or what the verdict should be. The verdict in this case is your responsibility and yours alone.

## JURY SOLE JUDGES OF FACT

You are the sole and exclusive judges of the facts. You must weigh the evidence that has been presented impartially, without bias, without prejudice, and without sympathy. You must make a determination as to what the facts are and what the truth is based upon the evidence presented in this case. You must then

decide the case by applying the law to the facts as you find them to be from the evidence. I will give you the law in these instructions.

The mere fact that an individual has brought a lawsuit is not in and of itself a reason to render a verdict for that individual. Bringing a lawsuit is merely the formal means of introducing the matter of controversy into court. Your verdict must be based solely on the evidence and the law.

## APPLYING THE LAW

You must apply the law regardless of any opinion you may have as to what the law ought to be. It would be a violation of your sworn duty if you were to base your verdict upon any view of the law other than that reflected in these instructions, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence presented in this case.

## WHAT IS EVIDENCE

Your findings of fact must be based exclusively on the evidence. There are two types of evidence that you may properly consider in deciding this case: direct and circumstantial.

Direct evidence is the testimony given by a witness about what that witness has seen, heard, or observed, or what that witness knows based on personal knowledge. Finally, direct evidence also includes any exhibits that have been marked.

Evidence may also be used to prove a fact by implication, and such evidence is often called circumstantial evidence: The circumstances suggest that a certain fact is true. You may give circumstantial evidence the same weight as direct evidence.

The evidence in this case consists of the sworn testimony of the witnesses (regardless of who may have called them), and all the exhibits received in evidence (regardless of who may have produced them).

## WHAT IS NOT EVIDENCE

Certain things are not evidence and you cannot consider them as evidence:

a.  Arguments, statements, and questions by the lawyers are not evidence. What they have said in their opening statements, closing arguments, questions to the witnesses, and at other times during the trial is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from what the lawyers have said about those facts, your memory controls.

b.  Objections raised by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper under the rules of evidence. I must rule on objections, and I have not intended to indicate in any way by my rulings what the verdict should be in this case. You should not be influenced by the lawyers' objections or by my rulings on those objections.

c.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

## CREDIBILITY OF WITNESSES

In determining what the facts are and what the truth is, you must necessarily assess the credibility of each witness and determine what weight you will give to each witness's testimony. By credibility I mean the believability or the truthfulness of a witness.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief or not worthy of belief. For example:

- Consider each witness's intelligence, motive, state of mind, demeanor and manner while testifying.

- Consider the witness's ability to observe or to know the matters about which that witness has testified and whether the witness impresses you as having an accurate recollection of those matters.

- Consider whether the witness had any reason for telling the truth or not telling the truth, whether the witness had an interest in the outcome of the case, whether the witness had anything to gain or lose as a result of his or her testimony, whether the witness had any friendship, relationship, or animosity towards other individuals involved in the case, whether the witness's testimony was consistent or inconsistent with itself or with the testimony of other witnesses.

- Consider the extent, if any, to which the testimony of each witness is either supported or contradicted by other evidence in the case.

The testimony of a witness may be discredited or, as we sometimes say, "impeached," by showing that the witness previously made statements that are different than, or inconsistent with, his or her testimony here in court.

Inconsistent or contradictory statements that are made by a witness outside of court may be considered only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier out of court statements.

You must decide what weight, if any, should be given the testimony of a witness who has made prior inconsistent or contradictory statements. In making this determination you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with only a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

You should give the testimony of each witness, both on direct and cross-examination, the weight you think it deserves. You are not required to believe the testimony of any witness simply because that witness was under oath. You may believe or disbelieve all or part of the testimony of any witness. It is within your province to determine what testimony is worthy of belief and what testimony may not be worthy of belief.

## **WEIGHT TO BE GIVEN TESTIMONY**

After assessing the credibility of each witness you will assign as much weight to his or her testimony as you deem proper. You are not required to believe the testimony of any witness simply because that witness was under oath. You may believe or disbelieve all or part of the testimony of any witness. You determine what testimony is worthy of belief and what testimony may not be worthy of belief. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence, you believe that single witness.

## **WEIGHT OF THE EVIDENCE**

The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of belief. In reviewing the evidence, you should consider the quality of the evidence and not the quantity. It is not the number of witnesses or the quantity of testimony that is important but the quality of the evidence that has been produced that is important. You must consider all of the evidence no matter which side produced or elicited it.

**BURDEN OF PROOF**

At certain points in these instructions, I will tell you that one of the parties has the burden of proving something to you by "a preponderance of the evidence." A preponderance of the evidence simply means that quantity and quality of evidence necessary to persuade you that a party's claim is more likely true than not true. So, if Ms. Ortolano has the burden of proving X by a preponderance of the evidence, that simply means that Ms. Ortolano must produce sufficient evidence to persuade you that X is more likely true than not true.

What does it mean for Ms. Ortolano to prove that something is more likely true than not true? Think of a set of scales. At the beginning of the trial they are perfectly balanced and even. At the end of the trial, if they have been tilted by the evidence ever so slightly toward the plaintiff, then Ms. Ortolano has met her burden. If, on the other hand, the scales remain even, or if they tilt ever so slightly in the defendants' favor, then Ms. Ortolano has not met her burden.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In this case, Ms. Ortolano has the burden of proving certain things to you by a preponderance of the evidence, and the defendants have the burden of proving other things to you by a preponderance of the evidence. I will explain these matters to you shortly.

If the party with the burden of proving a fact establishes that fact by a preponderance of the evidence, you should find in favor of the party with the burden of proof.

If, on the other hand, you find that the party with the burden of proving a fact has <u>not</u> proven that fact by a preponderance of the evidence, you should find in favor of the other party.

## **<u>MULTIPLE DEFENDANTS</u>**

Ms. Ortolano has brought one claim against Attorney Bolton, and one claim against Attorney Leonard. I will explain Ms. Ortolano's claims in a moment. Before I do so, however, it is important to remember that the claims against each defendant are separate. If you find that Ms. Ortolano has proven her claim against one of the defendants, it does not automatically mean that she has proven her separate claim against the other defendant. Likewise, if you find that Ms. Ortolano has not proven her claim against one defendant, it does not automatically mean that she has failed to prove her claim against the other defendant. The parties are entitled to fair, separate, and individual consideration of the evidence. The instructions I am about to give you apply to Ms. Ortolano's claim against each defendant.

I will now explain Ms. Ortolano's claims in greater detail.

## THE CLAIMS

Ms. Ortolano has brought one claim for retaliatory arrest against Attorney Bolton, and one claim for retaliatory arrest against Attorney Leonard. To prove a claim of retaliatory arrest, Ms. Ortolano must prove each of the following things by a preponderance of the evidence:

**First,** that Ms. Ortolano engaged in conduct protected by the First Amendment;

**Second,** that the defendant's actions caused Ms. Ortolano's arrest;

**Third,** that Ms. Ortolano's constitutionally protected conduct was a substantial or motivating factor behind the defendant's actions;

**Fourth,** that Ms. Ortolano was arrested in circumstances where other, similarly situated people who had not engaged in the same sort of constitutionally protected conduct would not be arrested; and

**Fifth**, that the defendant acted under color of state law.

I will now explain each element in greater detail.

## 1.      First Element – Conduct Protected by the First Amendment

With respect to the first element, you are instructed that the following activities are protected by the First Amendment: expressing public criticism of government officials or employees; requesting access to public records; and bringing lawsuits against the government for access to public records. The defendants do not dispute that Ms. Ortolano engaged in these activities.

**2.**     **Second Element – Causation**

To satisfy the second element, Ms. Ortolano must prove by a preponderance of the evidence that the defendant's actions caused her arrest. Causation has two components. Ms. Ortolano must prove both components by a preponderance of the evidence. I will explain each of them to you separately.

**A.**     **First Component**

There are two ways to establish the first component of causation. One way is to show by a preponderance of the evidence that, but for the defendant's actions, Ms. Ortolano would not have been arrested. The other way is to show by a preponderance of the evidence that the arrest was brought about by the defendant's actions and also by another person's unrelated actions, each of which would have been sufficient by itself to cause the arrest. If Ms. Ortolano makes either showing by a preponderance of the evidence, she has satisfied the first component of causation.

**B.**     **Second Component**

To satisfy the second component of causation, Ms. Ortolano must prove by a preponderance of the evidence that her arrest was a reasonably foreseeable consequence of the defendant's actions. However, Ms. Ortolano's arrest was not a reasonably foreseeable consequence of the defendant's actions if the arrest was brought about by an intervening cause. An intervening cause is an independent event, not reasonably foreseeable, that breaks the connection between the defendant's conduct and the plaintiff's injury.

3.    <u>**Third Element – Substantial or Motivating Factor**</u>

The third element Ms. Ortolano must prove by a preponderance of the evidence is that her constitutionally protected conduct was a substantial or motivating factor behind the defendant's actions. To do so, she must prove by a preponderance of the evidence that, in causing her arrest, the defendant was motivated by an intent to retaliate against Ms. Ortolano for engaging in constitutionally protected conduct. However, Ms. Ortolano is not required to prove that an intent to retaliate was the sole motivation or even the primary motivation behind the defendant's actions. Ms. Ortolano only needs to prove that an intent to retaliate played a substantial or motivating part in the defendant's decision, even though other factors may have also motivated the defendant.

4.    <u>**Fourth Element – Arrested in Circumstances Where Others Would Not Be Arrested**</u>

The fourth element Ms. Ortolano must prove by a preponderance of the evidence is that she was arrested in circumstances where other, similarly situated people who had not engaged in constitutionally protected conduct would not be arrested.

Here is an example to illustrate what I mean. Jaywalking is common at many intersections. Suppose an individual who has been vocally complaining about police conduct is arrested for jaywalking at an intersection where jaywalking is common but arrests are rare. If the individual who was arrested can show that those other

jaywalkers who were not arrested had not engaged in the same sort of public criticism, she will have proven this element of a retaliatory arrest claim.

Ms. Ortolano must show that she is similarly situated to individuals who were not arrested for trespass. However, she need not show that other individuals who were not arrested trespassed in the exact same manner that she did. She only needs to show that other people in similar circumstances were not arrested. It is up to you to determine whether Ms. Ortolano has proven she is similarly situated to persons who trespassed but were not arrested.

5.    **Fifth Element – Under Color of State Law**

The fifth element that Ms. Ortolano must prove by a preponderance of the evidence is that the defendant acted under color of state law. A government official or employee acts under color of state law when he or she acts or purports to act in furtherance of their official duties. By contrast, when a government official or employee takes an action that has nothing to do with their position or official responsibilities, the official or employee has not acted under color of state law. The action must be of such a nature, and committed under such circumstances, that the person would not have acted if he or she was not a government official or employee.

## AFFIRMATIVE DEFENSE

If you find that Ms. Ortolano failed to prove one or more of these elements by a preponderance of the evidence with respect to a particular defendant, then your verdict must be for that defendant.

However, if you find that Ms. Ortolano has proven all five of these elements as to a particular defendant, the burden of proof shifts to that defendant to prove by a preponderance of the evidence that he or she would have taken the same action even in the absence of any motive to retaliate against Ms. Ortolano for engaging in protected conduct. In other words, if the defendant proves that he or she would have treated Ms. Ortolano the same regardless of any intent to retaliate against her for her constitutionally protected conduct, then your verdict must be for the defendant. If the defendant fails to make that showing, your verdict must be for Ms. Ortolano.

## ORDER OF DELIBERATIONS

You should consider all of the evidence that has been presented to you and determine whether one or more defendant is liable to Ms. Ortolano on a retaliatory arrest claim.

In order for a defendant to be liable to Ms. Ortolano, you must make two findings. First, you must find that Ms. Ortolano proved by a preponderance of the evidence all five of the elements of her retaliatory arrest claim against that defendant. Second, you must find that the defendant failed to prove by a preponderance of the evidence that his or her affirmative defense applies.

If you find that one or more defendants is liable to Ms. Ortolano, you will go on to consider the proper measure of damages for those claims on which you have found a defendant liable. If, on the other hand, you find that neither defendant is liable to Ms. Ortolano, then you will conclude your deliberations and return a verdict for the defendants.

## DAMAGES

I will now instruct you on the law regarding damages. You should not consider the fact that I am instructing you on the law of damages as indicating in any way that the plaintiff is entitled to damages.

The principal or paramount rule in awarding damages is that every person unjustly deprived of his or her rights is fully and fairly compensated for the injuries sustained. The general object of damages is to compensate the person injured for the actual loss that person sustained. The law requires that the compensation be equivalent to the injury.

If you find that Ms. Ortolano is entitled to damages in accordance with these instructions, then you should award her that sum of money that will fairly, justly, and reasonably compensate her for all the damage suffered as a direct result of the defendant's wrongful conduct. A plaintiff is entitled to full, fair, and adequate compensation for the injuries and the results of the injuries she has sustained—no more and no less.

## **PLAINTIFF'S BURDEN OF PROOF ON COMPENSATORY DAMAGES**

Ms. Ortolano has the burden of proving that it is more probable than not that the damages for which she seeks compensation were caused as a direct result of the conduct of the defendant. Additionally, a person seeking damages must show the nature, extent, and amount of those damages.

So, the burden is on Ms. Ortolano to prove by a preponderance of the evidence each item of damage she says she suffered, and to prove that each item was caused by the wrongful conduct of the defendant from whom she seeks damages. Ms. Ortolano is not required to prove the exact amount of her damages, but she must introduce sufficient evidence to permit you to make a reasonable estimate of each item. If Ms. Ortolano fails to do so, then she cannot recover for that item.

## **CATEGORIES OF DAMAGES**

If you return a verdict for Ms. Ortolano on either of her claims, you must first determine whether she has proved that she is entitled to compensatory damages. Regardless of whether you find that Ms. Ortolano is entitled to compensatory damages, you may then consider whether Ms. Ortolano has proved that she is entitled to an award of punitive damages.

I will instruct you on each of these categories of damages separately.

15

1.    **<u>Compensatory Damages</u>**

The general purpose of awarding compensatory damages to a plaintiff is to give a sum of money which, as nearly as possible, will restore the plaintiff to the position she would be in if the wrong had not been committed. A plaintiff who seeks compensatory damages has the burden of proving it is more probable than not that the damages were caused by the defendant's wrongful conduct. Additionally, a plaintiff seeking damages must show the nature, extent, and amount of those damages.

To demonstrate that the damages were caused by the defendant's wrongful conduct, Ms. Ortolano must prove by a preponderance of the evidence that the damages:

(1)    would not have occurred but for the defendant's wrongful conduct; and

(2)    were a reasonably foreseeable consequence of the defendant's wrongful conduct.

If you decide that Ms. Ortolano has proven that it is more probable than not that the defendants caused the damages she claims, you must then decide the amount to award as compensation.

In determining the amount of damages, if any, to allow Ms. Ortolano, you may draw such inferences from the evidence concerning the nature of the injuries and the results thereof as are justified by your common experiences. Damages are not to be awarded on the basis of guesswork or speculation, or on the basis of passion, prejudice, or sympathy. Nor may compensatory damages be awarded as a

punishment, and they may not be imposed or increased to penalize a defendant. Instead, they must be awarded, if at all, based upon your assessment of what full and fair compensation should be. The law does not require mathematical certainty in computing damages. However, your computation of the damage award must be supported by the evidence; it cannot be based on speculation.

You may award compensatory damages against a defendant only for injuries that the plaintiff has proved were caused by that defendant's wrongful conduct. Nor should you award compensatory damages for speculative injuries; they may be awarded only for those injuries that the plaintiff has actually suffered or that she is reasonably likely to suffer in the future as a consequence of a defendant's unlawful conduct.

As an element of compensatory damages, you may award reasonable compensation for pain, suffering, and mental anguish which you find from a preponderance of the evidence was caused by a defendant and which the plaintiff has experienced to date, and any such pain, suffering, and mental anguish which you find from a preponderance of the evidence she will probably experience in the future. There is no standard prescribed by law by which to fix reasonable compensation for pain, suffering, and mental anguish. In making an award for this element, you should exercise your reasonable judgment and determine damages that are full, fair, and adequate in light of the evidence. Plaintiff may not recover for any pain, suffering, or mental anguish which she suffered as a result of factors other than a defendant's allegedly unlawful contact with her.

As I have told you, compensatory damages may be awarded for each of Ms. Ortolano's claims. Importantly, however, she may only recover once for injuries she may have sustained. So, if you decide to award the plaintiff compensatory damages, the total amount of damages you award to her regardless of whether they are assessed against Attorney Bolton, Attorney Leonard, or both, must provide full and fair compensation for her injuries, but no more than that.

2.  **<u>Punitive Damages</u>**

Regardless of whether you award Ms. Ortolano compensatory damages, you may, but are not required to, award punitive damages.

The purpose of punitive damages is to punish a defendant for his or her outrageous conduct and to deter others from similar conduct in the future. Ms. Ortolano has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and the amount, if any, that should be awarded. You may award punitive damages if Ms. Ortolano proved by a preponderance of the evidence that the defendant's conduct was motivated by evil motive or intent, or involved reckless or callous indifference to constitutional rights. A retaliatory arrest is in reckless or callous disregard of a plaintiff's rights if, under the circumstances, the defendant's conduct is outrageous and in obvious violation of the plaintiff's First Amendment rights.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to

fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may be awarded even if you award the plaintiff no compensatory damages.

## **<u>CONCLUSION</u>**

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits admitted into evidence.

You will be able to view the documentary exhibits in this case through an electronic system called "JERS." "J-E-R-S" stands for "Jury Evidence Recording System." In your deliberation room is a large television screen. You will be able to view the exhibits from that screen using a mouse. The courtroom deputy will show you a brief tutorial.

You should understand that you will also have all documentary exhibits in paper copy to examine as well. The JERS system is simply another way for you to view the exhibits. The advantage is that you can all see the exhibit on the screen and discuss that exhibit while seeing it displayed on the screen. You may consider any and all exhibits in the JERS system. You can also use the JERS system to zoom into an exhibit so that all jurors can see an exhibit up close.

It is easy to use, especially after you see the tutorial.  But, if you have a question about JERS, as with any other question you might have, YOU MUST PUT IT IN WRITING.  Even if you need some sort of technical assistance with JERS, you will need to put your request in writing so that the Court Security Officer can present it to me.  Before resolving any of your questions, I show your written question to the lawyers.

The principles of law set forth in these instructions are intended to guide you in reaching a fair and just result in this case, which is important to all the parties. You are to exercise your judgment and common sense without prejudice and without sympathy, but with honesty and understanding.  You should be conscientious in your deliberations and seek to reach a just result in this case because that is your highest duty as judges of the facts and as officers of this court.

### A.  Selection of a Foreperson

When you retire, you should elect one member of the jury as your foreperson. That individual will act very much like the chairperson of a committee, seeing to it that the deliberations are conducted in an orderly fashion and that each juror has a full and fair opportunity to express his or her views, positions, and arguments on the evidence and on the law.

### B.  Unanimous Verdict

The verdict on each claim must represent the considered judgment of each juror.  In order to return a verdict, each juror must agree to it.  That is to say, your

verdict, regardless of whether it is in favor of the plaintiff or one or more of the defendants, must be unanimous.

## C.  Deliberations

Throughout your deliberations, you may discuss with each other the evidence and the law that has been presented in this case, but you must not communicate with anyone else by any means about the case. You also cannot learn from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, or any social media apps (such as Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat) to research or communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom. For this reason, I expect you to inform me at the earliest

opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with the other jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. But, do not surrender your honest conviction as to the weight or effect of the evidence solely based on the opinion of the other jurors or merely for the purpose of returning a verdict. Remember at all times that you are not partisans, you are judges — judges of the facts. Your only interest is to seek the truth from the evidence in the case.

If during your deliberations it becomes necessary to communicate with me, please give a written message to the Court Security Officer, who will bring it to me. I will then respond as promptly as possible, either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

You must never disclose to anyone, including the court, how the jury stands, numerically or otherwise, on the matters you are deciding, until after you have reached a unanimous verdict or have been discharged. In other words, if the jury is split, say 5 to 3, on some issue, the existence of that split or the number on one side or the other must not be disclosed to anyone, including me.

If we recess during your deliberations, you must follow all of the instructions I have given you concerning your conduct during the trial. In particular, do not discuss the case with anyone other than your fellow jurors in the jury room, when everyone is present.

You were permitted to take notes during this trial, and I want to remind you of the instructions I gave you about your notes. Do not use your notes as authority to persuade other jurors. Your notes should be used only as aids to your own memory and must not be used as authority to persuade the other jurors of what the evidence was during the trial. In the end, each juror must rely on his or her own recollection or impression as to what the evidence was.

You are each going to have a paper copy of my jury instructions to take with you into the jury room. Attached to your individual copy of the jury instructions is a copy of the verdict form. The verdict form is self-explanatory and contains all the questions you need to answer as well as step-by-step instructions. Read that verdict form carefully and follow the instructions on it. The verdict form is consistent with the instructions I have given to you. Feel free to consult the paper copy of the jury instructions as you deliberate. After you have reached your unanimous verdict, your foreperson must complete, sign, and date the official verdict form. The official verdict form will be given to you with an envelope and will be marked with the word ORIGINAL at the top of the form. After you have reached a verdict, you are not required to talk to anyone about the case unless I direct you to do so.

At the risk of being repetitive, let me once again tell you that nothing said in these instructions is intended to suggest in any way what your verdict should be. The verdict is the exclusive responsibility of the jury, not the judge.

When you have arrived at a verdict, notify the Court Security Officer and you will be brought back into the courtroom.

The courtroom deputy will now swear-in the Court Security Officer.