UNITED STATES DISTRICT COURT
CONCORD, NEW HAMPSHIRE
CASE NO. **22-CV-00326-LM**

---

**LAURIE ORTOLANO**,
                    Plaintiff
        vs.                                    **February 6, 2026**

**STEVEN BOLTON AND CELIA LEONARD**
                    Defendants.

---

**TRIAL DAY 4 - MORNING SESSION**

BEFORE THE HONORABLE **LANDYA B. McCAFFERTY**,

UNITED STATES DISTRICT COURT JUDGE

---

**A P P E A R A N C E S**

FOR THE PLAINTIFF:        **WILLIAM E. AIVALIKLES**, ESQ
LAURIE ORTOLANO          Aivalikles Law Office

FOR THE DEFENDANT:        **RUSSELL F. HILLIARD**, ESQ
STEVEN BOLTON            **MADELINE K. MATULIS**, **ESQ**
                        Upton & Hatfield LLP

FOR THE DEFENDANT:        **BRIAN J.S. CULLEN**, ESQ
CELIA LEONARD            Cullen Collimore Shirley PLLC


REPORTED BY:              **GIZELLA BAAN-PROULX**, FCRR
                        Official Court Reporter
                        United States District Court
                        55 Pleasant Street
                        Concord, NH 03301
                        (603) 225-1454
                        Trialreporters@hush.com

1          That's on the next page, I'm sorry.  Can you go to the
2   next page?  Do you see that?
3   A.   **I do.**
4   Q.   She wanted to talk to this individual, Doug, and that's
5   Doug Dame?
6   A.   **Correct.  Ms. Ortolano was asking Ms. Kleiner to speak with**
7   **Doug.**
8   Q.   And that's a very simple request; it's not complex, is it?
9   A.   **That particular one?**
10  Q.   Yes.
11  A.   **Yeah, no.**
12  Q.   It wouldn't require a lot of time or investigation or
13  anything like that, correct?
14  A.   **I don't know.  It depends how long she wants to speak with**
15  **him.**
16  Q.   Well, in other words, she would have to schedule an
17  appointment to meet with him?
18  A.   **I don't know.  He didn't report to me.**
19  Q.   And now if you can go back to 18, on the second page,
20  request three.
21          You say your request to meet with Mr. Dame regarding
22  this topic is denied; is that correct?
23  A.   **Yes.**
24  Q.   Did you suggest that -- strike that.
25          You were advised that Mrs. Ortolano was petitioning

1  the Court for an annulment which would have meant her

2  conviction would have been removed from the public records; is

3  that correct?

4  A.  **At some point I became aware of it.  I don't think I was**

5  **fully advised, if that makes sense, yeah.**

6  Q.  And you were opposed to that, correct?

7  A.  **Yes.**

8  Q.  And you felt that she had not been rehabilitated and shown

9  sufficient remorse for what she did?

10  A.  **I don't recall that.  I just think that she did it, she**

11  **pled guilty.  I don't see why it shouldn't be kept in the**

12  **public record and be there for everybody to see.**

13  Q.  You never attended the sentencing, did you?

14  A.  **No, I didn't know when it was.  I wasn't told.**

15  Q.  I think -- do you recall when you were asked that question,

16  you said you wanted to make sure you didn't spend anymore time

17  that you needed to, and that's why you didn't appear?

18        **MR. HILLIARD:**  Excuse me, Your Honor.  This is

19  impeachment.  We should have page and line of the deposition.

20        **THE COURT:**  Yeah.  Ultimately, can you rephrase the

21  question in terms of cross-examination?

22        **MR. AIVALIKLES:**  Yes.

23  **BY MR. AIVALIKLES:**

24  Q.  Did you not appear at the sentencing because you didn't

25  want to waste anymore time than you needed to?

1            **C E R T I F I C A T E**

2

3      I hereby certify that the foregoing is an accurate

4 transcription of the proceedings in the above-entitled matter.

5

7   02/18/2026      _____

8 DATE COMPLETED      GIZELLA BAAN-PROULX, FCRR

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25