*NO COPY OF THIS TRANSCRIPT MAY BE MADE PRIOR TO JUNE 8, 2026

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                           \*

LAURIE ORTOLANO,             \*
                           \*
          Plaintiff,     \*
                           \*   1:22-cv-326-LM
          v.            \*   February 9, 2026
                           \*   8:58 a.m.
STEVEN BOLTON and CELIA LEONARD,   \*
                           \*
          Defendants.    \*
                           \*
                           \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

EXCERPT TRANSCRIPT
JURY TRIAL DAY 5
DISCUSSION RE: JURY INSTRUCTIONS
JURY QUESTION #2
BEFORE THE HONORABLE LANDYA B. MCCAFFERTY

Appearances:

For the Plaintiff:        William E. Aivalikles, Esq.
                       Aivalikles Law Office

For the Defendant,       Russell F. Hilliard, Esq.
Steven Bolton:           Madeline Kate Matulis, Esq.
                       Upton & Hatfield LLP

For the Defendant,       Brian J.S. Cullen, Esq.
Celia Leonard:           Cullen Collimore Shirley PLLC

Court Reporter:          Liza W. Dubois, RMR, CRR
                       Official Court Reporter
                       U.S. District Court
                       55 Pleasant Street
                       Concord, New Hampshire 03301
                       (603) 225-1442

2

I N D E X

                                                                    Page

Excerpt #1 - Discussion Regarding Jury Instructions        3

Excerpt #2 - Jury Question #2                              5

P R O C E E D I N G S

(Excerpt #1.)

THE COURT:  We're still waiting for a juror, so I'm just going to touch base with everybody.

THE CLERK:  Please be seated.

This court is in session and has for consideration a charging conference in 22-cv-326-LM, Laurie Ortolano vs. Steven Bolton, et al.

THE COURT:  All right.  We are finalizing the jury instructions.  I just wanted to give you a last opportunity to put anything on the record that you would like to put on the record before I actually give those instructions, which will be after your closings.

Any -- anything else?

MR. AIVALIKLES:  No, your Honor.

MR. CULLEN:  No, your Honor.

Will you want us to preserve our objections one more time after you give the instructions or can we --

THE COURT:  Consider --

MR. CULLEN:  -- consider them --

THE COURT:  -- all your objections --

MR. CULLEN:  -- preserved --

THE COURT:  -- preserved at this point, but feel free to also at the end, if you would like, just renew those objections.

MR. CULLEN:  Okay.  If there's anything new, I certainly would, but thank you.

THE COURT:  Understood.

MR. HILLIARD:  All set, your Honor.

THE COURT:  Okay.  Excellent.

THE CLERK:  Still waiting.

THE COURT:  All right.  And I'm taking the Rule 50 under advisement.

THE CLERK:  Judge, they're all here now.

THE COURT:  Let me just tell you I saw some stylistic things that I edited, but nothing substantive.

MR. CULLEN:  Thank you, your Honor.

THE COURT:  All right?  Okay.  We will get started shortly.

And, Attorney Hilliard, are you going to be first?

MR. HILLIARD:  (Nods head.)

THE COURT:  Are all the exhibits set?  Everybody agree on the exhibits?

THE CLERK:  Yes.  I went through all the exhibits with counsel this morning.

THE COURT:  All right.  We are ready.

THE CLERK:  All set?

(Conclusion of Excerpt #1.)

5

(Proceedings resumed at 1:52 p.m.)

(Excerpt #2.)

THE CLERK:  Please be seated.  This hearing is in session.

THE COURT:  All right.  Question number 2 is not a question about a dry erase marker.  It is as follows:

Your Honor, for the second claim, are we looking at it trying to prove an illegal approach towards getting an arrest or just that they called and asked for an investigation?  We need some clarity on this claim.

Jury, 1:20 p.m.

Okay.  I'm going to propose an answer to it and I want you to listen to this answer and tell me if you agree with the answer, tell me how you disagree with it.  But this is what I propose.

I understand from your question that you are asking about the second element of Mrs. Ortolano's retaliatory arrest claim: causation.  In deciding this element, causation, Mrs. Ortolano is not required to prove that the defendants' actions that she alleges to have caused her arrest were themselves illegal.  Rather, Mrs. Ortolano must prove by a preponderance of the evidence that the defendants' actions caused her arrest.  Please refer to the instructions regarding this element, causation, on pages 10 and 11 of the instructions.  If I have misunderstood your question, please

send me a follow-up question.

Attorney Aivalikles, do you have any --

MR. AIVALIKLES:  The only thing I would do, your Honor, is we had filed our own jury instruction concerning causation and I believe we put in there a defendant causes an arrest if the defendants' actions set in motion events that the defendant knew or reasonably should have known would lead to the arrest.  And that is cited in Pereira vs. Castillo (sic), 590 F.3d 7150.  It was a First Circuit opinion in 2009.

THE COURT:  Right.  And I have essentially included that on pages 10 and 11.

MR. AIVALIKLES:  Oh.

THE COURT:  Not in those exact words, but I described that but for the defendants' actions --

MR. AIVALIKLES:  Okay.

THE COURT:  -- Mrs. Ortolano would not have been arrested and then I explained the other way to find the first component of causation.

MR. AIVALIKLES:  Sure.

THE COURT:  And then there's the reasonable foreseeability component as well.

Attorney Hilliard.

MR. HILLIARD:  Thank you, your Honor.

My concern, if I got down the proposed response correctly and completely, is that it would imply that the

answer to their second question within the question is, yes, causation is proved by just that they called and asked.

And I think that's misleading because that's not the entire application of the construction -- of the -- excuse me -- causation instruction in your charge.

THE COURT: Right. I'm not -- I am not trying to allude to specific facts like a call or an investigation. I'm just trying to restate the element of causation and there's no illegality requirement in element number two in causation. That's the only thing I'm trying to answer.

But I think you're correct that if I were just going to answer were just that they called and asked for an investigation, ultimately, the theory of the case is that it was not necessarily a call, but it was the urging of your client and Attorney Cullen's client to continue the investigation.

MR. HILLIARD: Could -- could you bear with me and read the proposed answer one more time?

THE COURT: Yeah, sure.

I understand from your question that you are asking about the second element of Mrs. Ortolano's retaliatory arrest claim: causation. In deciding this element (causation), Mrs. Ortolano is not required to prove that the defendants' actions that she alleges to have caused her arrest were themselves illegal. Rather, Mrs. Ortolano must prove by a

preponderance of the evidence that the defendants' actions caused her arrest.  Please refer to the instructions regarding this element (causation) on pages 10 and 11 of the instructions.

And then:  If I have misunderstood your question, please send me a follow-up question.

MR. HILLIARD:  You say 10 and 11.  It was all on 10 in our form, but maybe your pagination changes.

THE COURT:  Nope, you are correct.  I was actually looking at my old copy.  So you are correct.  It is just page 10.

MR. HILLIARD:  All right.

THE COURT:  So I will remove that.

MR. CULLEN:  Your Honor, I -- you know I was never a big fan of the but-for causation, but, in fairness, I also didn't propose an alternative.

I think your instruction is -- your answer is fine except that I would ask that you narrow it down even more clearly that what it appears that they're asking about is the second element and, in particular, part A.  Nothing in this question seems to go to part B of that --

THE COURT:  When you say part A, you're talking about what we've called the first component?

MR. CULLEN:  Correct.

THE COURT:  Okay.

9

MR. CULLEN:  Listed as, A, first component, and then B, second component.

It appears to me that that's what they're focused on and I want to make sure that they understand that's where the answer is directed.

THE COURT:  The second element of causation -- and then I'm going to further say, specifically, you are asking about the first component --

MR. CULLEN:  Yes.

THE COURT:  -- of causation.

MR. CULLEN:  Thank you.  That would be my request.

THE COURT:  Okay.  Do you have any problem with that?

MR. AIVALIKLES:  No, because I think that's accurate.

THE COURT:  Okay.

Okay.  Now, let me reread this whole thing to you. Okay?  I'm going to reread the whole thing.

I wonder if there's a way -- I know it's typed up. Is there a way to edit this and give counsel a copy?  I would like the jury also to have a -- a nicely typed answer to this question as opposed to my handwritten scribbles.

Let me just read it aloud.

THE CLERK:  Either way -- either Gail can retype it or she can send it to me and I can change it right here.

THE COURT:  Gail is probably watching via the little screen that she has, so my guess is she can take care of this probably fastest.

All right.  Here we go.

I understand from your question that you are asking about the second element of Mrs. Ortolano's retaliatory arrest claim: causation.  Specifically, I understand that you are asking about the first component -- and I have that in quotes, capitalized -- of causation, explained on page 10 of my instructions.

In deciding this element (causation), Mrs. Ortolano is not required to prove that the defendants' actions -- that she alleges to have caused her arrest -- were themselves illegal.  I have em dashes separating that, where I paused. I'll read it again.

In deciding this element, causation, Mrs. Ortolano is not required to prove that the defendants' actions -- that she alleges to have caused her arrest -- were themselves illegal.  Rather, Mrs. Ortolano must prove by a preponderance of the evidence that the defendants' actions caused her arrest. Please refer to the instructions regarding this element (causation), on page 10 of the instructions.

If I have misunderstood your question, please send me a follow-up question.

MR. AIVALIKLES:  That's fine, your Honor.

MR. HILLIARD:  (Nods head.)

THE COURT:  That's okay?

MR. CULLEN:  Yes.

THE COURT:  All right.  Can we print that down here?

THE CLERK:  Yes.

THE COURT:  Okay.

MR. CULLEN:  I think -- just from the defendants, your Honor, I think it might make sense to just at the very end of that just make sure you refer back again to that first component so that it's clear.  Because now you're instructing at the very end on causation as a general matter, which sort of --

THE COURT:  A-ha.

MR. CULLEN:  -- negates a little bit of what you did at the beginning.

THE COURT:  I think that's right.

Please refer to the instructions regarding the first component of this element, causation, on page 10.

Okay.  Go ahead.

MR. HILLIARD:  I'm sorry.  May I have the last sentence as it now stands, not the last one, but in deciding this element.

THE COURT:  Oh, the one that has the em dash --

MR. HILLIARD:  Yeah.

THE COURT:  -- dashes?  All right.

12

In deciding this element, causation, Mrs. Ortolano is not required to prove that the defendants' actions that she alleges to have caused her arrest were themselves illegal. Rather, Mrs. Ortolano must prove by a preponderance of the evidence that the defendants' actions caused her arrest. Please refer to the instructions regarding the first component of this element, causation, on page 10 of the instructions.

MR. HILLIARD:  So my question is instead of saying in deciding causation, should you be saying in deciding the first element --

THE COURT:  First element?

MR. HILLIARD:  -- the first component --

THE COURT:  The first component?

MR. HILLIARD:  Yeah.  Just so --

THE COURT:  I see what you're saying.

MR. HILLIARD:  -- it's all the first component. Thank you.

THE COURT:  Yup.  Okay.  I agree.  All right.

Ms. Ortolano must prove by a preponderance of the evidence -- would you like me to read the whole thing again or are you good?

MR. AIVALIKLES:  I'm fine, your Honor.

MR. HILLIARD:  (Shakes head.)

THE COURT:  All right.  I added the first component of this element.

13

All right.  And we're just going to send that in to the jury, the typed answer --

MR. AIVALIKLES:  Perfect.

THE COURT:  -- and it'll be in the record.

Do you want us to print one for each of you or are you okay with me just sending it back in?

MR. HILLIARD:  (Nods head.)

THE COURT:  I can have an extra one printed for you once I finalize it.

MR. HILLIARD:  Thank you.

MR. AIVALIKLES:  Yeah, that would be fine.

THE COURT:  You would like that?  Okay.

All right.  So now I'll just hand out to you what I'm going to give to the jury.

THE CLERK:  All set to give this to them, Judge?

THE COURT:  Yes.

MR. AIVALIKLES:  Thanks, Jen.

THE COURT:  All right, thank you, counsel.

THE CLERK:  All rise.

(Recess taken at 2:10 p.m.)

(Conclusion of Excerpt #2.)

C E R T I F I C A T E


        I, Liza W. Dubois, do hereby certify that

the foregoing transcript is a true and accurate transcription

of the within proceedings, to the best of my knowledge, skill,

ability and belief.


Submitted: 3/10/26          */s/  Liza W. Dubois*
                            LIZA W. DUBOIS, RMR, CRR