**EXHIBIT A**

UNITED STATES DISTRICT COURT
CONCORD, NEW HAMPSHIRE
CASE NO. **22-CV-00326-LM**

---

**LAURIE ORTOLANO**,
                    Plaintiff
            vs.                                    **February 6, 2026**

**STEVEN BOLTON AND CELIA LEONARD**
                    Defendants.

---

**TRIAL DAY 4 - MORNING SESSION**

BEFORE THE HONORABLE **LANDYA B. McCAFFERTY**,

UNITED STATES DISTRICT COURT JUDGE

---

**A P P E A R A N C E S**

FOR THE PLAINTIFF:        **WILLIAM E. AIVALIKLES**, ESQ
LAURIE ORTOLANO          Aivalikles Law Office

FOR THE DEFENDANT:        **RUSSELL F. HILLIARD**, ESQ
STEVEN BOLTON            **MADELINE K. MATULIS**, **ESQ**
                         Upton & Hatfield LLP

FOR THE DEFENDANT:        **BRIAN J.S. CULLEN**, ESQ
CELIA LEONARD            Cullen Collimore Shirley PLLC


REPORTED BY:             **GIZELLA BAAN-PROULX**, FCRR
                         Official Court Reporter
                         United States District Court
                         55 Pleasant Street
                         Concord, NH 03301
                         (603) 225-1454
                         Trialreporters@hush.com

MR. AIVALIKLES:  Yes.

THE COURT:  All right.

MR. CULLEN:  Your Honor, just before we move off page 10, if you don't mind.

THE COURT:  Sure.

MR. CULLEN:  I just want to continue my concern about the first component of causation.  I'm still concerned that the but-for language is, you know, along the lines of but-for the fact that I got up this morning, I wouldn't have gotten shot. It still seems very attenuated to me.  I know I raised that concern; I'm not sure that I have a great solution to it.

But I'm also, on the second sentence, where it says the other way to show by a preponderance of the evidence -- where we have the and on line 16, I'd suggest that maybe we add and also just to make to a little more clear.  It looks as though this is along the lines of sort of a joint feasor type of thing.  And I just want to make it crystal clear to the jury that, you know, the and doesn't -- it's not an and/or.  And I think the also maybe would just help emphasize that.

THE COURT:  All right.  I'll add also.  Do you see any reason to object?

MR. AIVALIKLES:  No, I don't have an objection to that.  I think the Court should keep the but-for.  That's an easy concept for a lay person to understand, as opposed to proximate cause, you know, those tort principles.

THE COURT:  All right.  What do you suggest instead of but-for?

MR. CULLEN:  I don't.  I haven't preserved any objection that would be sufficient.  It's just a concern of mine.

THE COURT:  All right.

MR. CULLEN:  But I'm satisfied that the Court has done what they can with this instruction.

THE COURT:  Okay.  And you're okay with dividing the first component, the second component?  And the only reason I'm doing it is because there really is an either or in that first component, and I think separating them makes it analytically easier, but it could be just all one section, obviously, under causation.

MR. AIVALIKLES:  I'm happy with the way the Court has it, Your Honor.

THE COURT:  Are you okay with the way it is now?

MR. CULLEN:  That's fine, Your Honor.  It seems to be consistent with prior instructions.

THE COURT:  Okay.  What is our next edit or issue?  Anything else?

THE LAW CLERK:  Page 11, line 14.

THE COURT:  I did overlook that.  Yes, I made substantial consistent as requested, I think, by Attorney Cullen.

to argue in closing that the police can't arrest people because they curse at them.

MR. AIVALIKLES:  Very well, Your Honor.

THE COURT:  Okay.  And then -- I think -- did I cover everything in your document -- my docket number is not on mine.

MR. AIVALIKLES:  Yeah.  I believe we had two.

THE COURT:  When did you file this?

MR. AIVALIKLES:  Last night.

THE COURT:  Proposed revisions to Court's model jury instructions -- yeah, my instructions were not model instructions; they were just my instructions.

MR. AIVALIKLES:  Okay, Your Honor.  Well, maybe they are a model, Your Honor.  No.  I think we addressed the reciprocity issue that the Court included, and the other was the offensive language that we just addressed.  So I think that's it.  We did submit a jury verdict form.

THE COURT:  All right.  So I'm going to look at your verdict form, and I am inclined to give a general verdict form, and I am not inclined to break this down into elements.  That's the whole purpose of jury instructions.  So I'm going to keep the verdict form.  Did you have a chance to look at the verdict form?

MR. AIVALIKLES:  No, I haven't, Your Honor.  I guess I missed it.

THE COURT:  We'll go over that.  I'm going to go ahead

**C E R T I F I C A T E**


I hereby certify that the foregoing is an accurate

transcription of the proceedings in the above-entitled matter.


02/18/2026

DATE COMPLETED          GIZELLA BAAN-PROULX, FCRR