```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE


* * * * * * * * * * * * * * * * * * * *
                                      *
LAURIE ORTOLANO,                      *
                                      *
               Plaintiff,             *
                                      *   1:22-cv-326-LM
          v.                          *   February 9, 2026
                                      *   8:58 a.m.
STEVEN BOLTON and CELIA LEONARD,      *
                                      *
               Defendants.            *
                                      *
                                      *
* * * * * * * * * * * * * * * * * * * *


                 EXCERPT TRANSCRIPT
                 JURY TRIAL DAY 5
          DISCUSSION RE: JURY INSTRUCTIONS
                 JURY QUESTION #2
      BEFORE THE HONORABLE LANDYA B. MCCAFFERTY
```

Appearances:


For the Plaintiff:          William E. Aivalikles, Esq.
                            Aivalikles Law Office


For the Defendant,          Russell F. Hilliard, Esq.
Steven Bolton:              Madeline Kate Matulis, Esq.
                            Upton & Hatfield LLP


For the Defendant,          Brian J.S. Cullen, Esq.
Celia Leonard:              Cullen Collimore Shirley PLLC



Court Reporter:             Liza W. Dubois, RMR, CRR
                            Official Court Reporter
                            U.S. District Court
                            55 Pleasant Street
                            Concord, New Hampshire 03301
                            (603) 225-1442

3

PROCEEDINGS

(Excerpt #1.)

THE COURT:  We're still waiting for a juror, so I'm just going to touch base with everybody.

THE CLERK:  Please be seated.

This court is in session and has for consideration a charging conference in 22-cv-326-LM, Laurie Ortolano vs. Steven Bolton, et al.

THE COURT:  All right.  We are finalizing the jury instructions.  I just wanted to give you a last opportunity to put anything on the record that you would like to put on the record before I actually give those instructions, which will be after your closings.

Any -- anything else?

MR. AIVALIKLES:  No, your Honor.

MR. CULLEN:  No, your Honor.

Will you want us to preserve our objections one more time after you give the instructions or can we --

THE COURT:  Consider --

MR. CULLEN:  -- consider them --

THE COURT:  -- all your objections --

MR. CULLEN:  -- preserved --

THE COURT:  -- preserved at this point, but feel free to also at the end, if you would like, just renew those objections.

send me a follow-up question.

Attorney Aivalikles, do you have any --

MR. AIVALIKLES:  The only thing I would do, your Honor, is we had filed our own jury instruction concerning causation and I believe we put in there a defendant causes an arrest if the defendants' actions set in motion events that the defendant knew or reasonably should have known would lead to the arrest.  And that is cited in Pereira vs. Castillo (sic), 590 F.3d 7150.  It was a First Circuit opinion in 2009.

THE COURT:  Right.  And I have essentially included that on pages 10 and 11.

MR. AIVALIKLES:  Oh.

THE COURT:  Not in those exact words, but I described that but for the defendants' actions --

MR. AIVALIKLES:  Okay.

THE COURT:  -- Mrs. Ortolano would not have been arrested and then I explained the other way to find the first component of causation.

MR. AIVALIKLES:  Sure.

THE COURT:  And then there's the reasonable foreseeability component as well.

Attorney Hilliard.

MR. HILLIARD:  Thank you, your Honor.

My concern, if I got down the proposed response correctly and completely, is that it would imply that the

THE COURT:  Gail is probably watching via the little screen that she has, so my guess is she can take care of this probably fastest.

All right.  Here we go.

I understand from your question that you are asking about the second element of Mrs. Ortolano's retaliatory arrest claim: causation.  Specifically, I understand that you are asking about the first component -- and I have that in quotes, capitalized -- of causation, explained on page 10 of my instructions.

In deciding this element (causation), Mrs. Ortolano is not required to prove that the defendants' actions -- that she alleges to have caused her arrest -- were themselves illegal.  I have em dashes separating that, where I paused. I'll read it again.

In deciding this element, causation, Mrs. Ortolano is not required to prove that the defendants' actions -- that she alleges to have caused her arrest -- were themselves illegal.  Rather, Mrs. Ortolano must prove by a preponderance of the evidence that the defendants' actions caused her arrest. Please refer to the instructions regarding this element (causation), on page 10 of the instructions.

If I have misunderstood your question, please send me a follow-up question.

MR. AIVALIKLES:  That's fine, your Honor.

In deciding this element, causation, Mrs. Ortolano is not required to prove that the defendants' actions that she alleges to have caused her arrest were themselves illegal. Rather, Mrs. Ortolano must prove by a preponderance of the evidence that the defendants' actions caused her arrest. Please refer to the instructions regarding the first component of this element, causation, on page 10 of the instructions.

MR. HILLIARD: So my question is instead of saying in deciding causation, should you be saying in deciding the first element --

THE COURT: First element?

MR. HILLIARD: -- the first component --

THE COURT: The first component?

MR. HILLIARD: Yeah. Just so --

THE COURT: I see what you're saying.

MR. HILLIARD: -- it's all the first component. Thank you.

THE COURT: Yup. Okay. I agree. All right.

Ms. Ortolano must prove by a preponderance of the evidence -- would you like me to read the whole thing again or are you good?

MR. AIVALIKLES: I'm fine, your Honor.

MR. HILLIARD: (Shakes head.)

THE COURT: All right. I added the first component of this element.

All right.  And we're just going to send that in to the jury, the typed answer --

MR. AIVALIKLES:  Perfect.

THE COURT:  -- and it'll be in the record.

Do you want us to print one for each of you or are you okay with me just sending it back in?

MR. HILLIARD:  (Nods head.)

THE COURT:  I can have an extra one printed for you once I finalize it.

MR. HILLIARD:  Thank you.

MR. AIVALIKLES:  Yeah, that would be fine.

THE COURT:  You would like that?  Okay.

All right.  So now I'll just hand out to you what I'm going to give to the jury.

THE CLERK:  All set to give this to them, Judge?

THE COURT:  Yes.

MR. AIVALIKLES:  Thanks, Jen.

THE COURT:  All right, thank you, counsel.

THE CLERK:  All rise.

(Recess taken at 2:10 p.m.)

(Conclusion of Excerpt #2.)

**EXHIBIT B**

C E R T I F I C A T E


        I, Liza W. Dubois, do hereby certify that

the foregoing transcript is a true and accurate transcription

of the within proceedings, to the best of my knowledge, skill,

ability and belief.


Submitted: 3/10/26          */s/  Liza W. Dubois*
                            LIZA W. DUBOIS, RMR, CRR