UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| Laurie Ortolano | : |
|  | : |
| v. | :   Civil Action No. 22-cv-00326-LM |
|  | : |
| The City of Nashua, et al. | : |

**DEFENDANT LEONARD'S OBJECTION TO
PLAINTIFF'S MOTION FOR NEW TRIAL**

NOW COMES the Defendant, Ceila K. Leonard, through her attorneys, Cullen Collimore Shirley PLLC, and hereby objects to Plaintiff's Motion for New Trial [Doc. No. 245], which Motion is unfounded and should be denied.  In support hereof, Defendant joins and incorporates the Objection filed this day by Defendant Bolton, and further states as follows:

**I.    THE COURT'S CAUSATION INSTRUCTIONS WERE AGREED UPON AND ACCURATELY CONVEYED THE LAW.**

Defendant disputes Plaintiff's contention that the case turned on causation, which was but one of the elements contested at trial.  Defendants also contested that they acted out of retaliatory animus – which Attorney Leonard vehemently denied, under color of law, or that Plaintiff was arrested when other similarly situated persons would not be. On the latter, Defendants pointed out that none of other people triggering trespass calls to the police were in private, locked areas of City Hall, none had forced their way in, none had clearly refused to leave when asked to by City employees, and none had promised to return despite the no trespass order.

1

As to the causation instruction, as set out at length by Defendant Bolton, and expressly adopted herein, Plaintiff neither preserved any objection to the causation instruction as given nor to the response to jury question on same.  To the contrary, it was Plaintiff who advocated most heavily for a two-part instruction on causation as ultimately delivered by the Court.  The Court's agreed upon response to the jury question accurately informed the jury that Plaintiff did not have to prove that Defendants' actions were illegal but merely that they caused her arrest. The jury did not respond with any further questions so was presumably satisfied.

## II.    PLAINTIFF'S STATEMENT OF "UNDISPUTED FACTS" IS BOTH INACCURATE AND INCOMPLETE.

Defendant will not attempt to rehash the five-day jury trial in response to Plaintiff's Motion, trusting that the Court – assisted as needed by available transcripts – remembers it well.  Defendant does look to highlight the following:

While Officer Roach agreed that: (a) he had probable cause to arrest Plaintiff on the day of the incident (although he could not have done so without a warrant; and (b) he did not intend to make an arrest when he left City Hall that morning, it is inaccurate to say that he testified that "but for Attorney Leonard's request to pursue criminal charges, the matter would have remained closed."  Motion at p.4. Rather, he testified that he was asked by supervisors to open an investigation, which he did at their request.  His investigation included interviewing several witnesses, including Defendant, Jesse Neumann, and Mindy Lloyd, all of whom informed him that Plaintiff had been asked to leave but did not. He made an independent decision, after offering Plaintiff an opportunity to present her version of events, that there was probable cause to move forward and sought and obtained a warrant for her arrest.

2

In addition, as Plaintiff concedes, Chief Carignan (by any pronunciation) testified that the police decision to reopen the investigation came internally and was <u>not</u> based on any actions of Defendants.  That testimony was uncontradicted.

The notion that Attorney Leonard's credibility was undermined by either her recollection of the sequence of rulings on an appeal in an unrelated matter or by her opposition to Plaintiff's annulment is without merit.  She initially (without any records before her) testified that by her memory, the Superior Court had ruled in the City's favor and the Supreme Court reversed.  "It went to the Supreme Court, and the Supreme Court ordered us to do it.  They overturned the Superior Court is my memory."  Trial Transcript Feb. 6, 2026 (Morning Session) at p.45.  Later, by this counsel's memory, Attorney Leonard was provided records showing that in fact the Superior Court had ordered the production and the Supreme Court affirmed it, contrary to her memory.  The jury fully understood that the witness has agreed from the start that the Supreme Court ruled that certain records had to be produced by the City, which was the only significance of the testimony (if indeed there was any).  Attorney Leonard's recollection of how that came to pass could not have been more peripheral to the case and certainly was not something that diminished her credibility.  As to the annulment, Attorney Leonard's position – long after the trespass and investigation – had no bearing on her state of mind when she spoke with police on the day of or weeks following the incident.

## III.    THE VERDICT WAS CERTAINLY NOT AGAINST THE WEIGHT OF THE EVIDENCE.

Plaintiff had to prove five elements to win her claim.  *See* Jury Instructions [Doc. No 232] at p.9.  Only the first – that she had  before her trespass exercised First Amendment rights – was not contested.  At the close of Plaintiff's case, the defense presented a well-

founded argument that Plaintiff had not established any of the other elements. In particular, without exhausting the record testimony and exhibits, Chief Carignan testified that the police investigated and charged Plaintiff independently of any communications or request from Defendants.  Attorney Leonard testified that Plaintiff's First Amendment activity had no bearing on her position on charges – she felt that Plaintiff violated her workspace and traumatized the staff, something that Mindy Lloyd clearly demonstrated on the stand.  As previously noted, none of the "similarly situated persons" identified in Exhibit 56 were in fact similarly situated.  Most were under the influence and/or unhoused, and none were in private offices of City Hall.  Finally, Attorney Leonard testified that she believed that she acted in a personal and not official capacity in reporting Plaintiff's misconduct.

**IV.    THE JULY 2022 INCIDENT HAS NO BEARING ON THE VERDICT AS TO ATTORNEY LEONARD.**

Defendant believes the Court properly excluded evidence of an incident involving Plaintiff and Attorney Bolton well over a year after the incident at issue, and incorporates and adopts Attorney Bolton's argument on same.  The incident, however, would have had no bearing on the claim against Attorney Leonard other than that its admission might well have prejudiced the case as a whole against her.

**V.    PLAINTIFF'S POST-ARREST SPEECH WAS PROPERLY ADMITTED.**

Plaintiff sought damages based on the emotional distress that she said she suffered as a result of Defendants' actions, claiming that she was embarrassed and afraid to leave her house.  Defendant rightfully was permitted to introduce the most glaring evidence refuting that claim at trial.  Plaintiff was not being punished for her incivility, the defense was undercutting her clearly false claim regarding her post-arrest level of distress.  It was properly admitted.  Counsel's decision not to make Plaintiff repeat the word before the jury

does not make its admission improper and did not improperly highlight it.  Finally, although regretfully, the speech in today's climate where people fly flags with the F-word on the back of their vehicles is hardly so offensive as to prejudice the jury.

## CONCLUSION

Plaintiff bears a heavy burden to establish a right to a new trial.  She has not met it. Her motion should be denied.

Respectfully submitted,

**CEILA K. LEONARD**

By her attorneys

CULLEN COLLIMORE SHIRLEY PLLC

Dated:  March 13, 2026              By: /s/ Brian J.S. Cullen
                                    Brian J.S. Cullen (Bar No. 11265)
                                    37 Technology Way, Suite 3W2
                                    Nashua, NH  03060
                                    (603) 881-5500
                                    bcullen@cullencollimore.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:  March 13, 2026              By: /s/ Brian J.S. Cullen
                                    Brian J.S. Cullen